# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TEXAS, and STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br> v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>    Defendants. | Case No. 22-cv-828<br><br>**RESPONSE OF DEFENDANTS SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, AND SYNGENTA CROP PROTECTION, LLC TO THE FTC'S MOTION TO FILE PORTIONS OF THE COMPLAINT TEMPORARILY UNDER SEAL** |

   Pursuant to LR 5.4(c)(3), Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta") submit this Response to the FTC's Motion to File Portions of the Complaint Temporarily Under Seal and, for the reasons below and in the accompanying Declaration of Vern Hawkins, request that the Court continue to redact certain portions of the publicly available Complaint that contain confidential and commercially sensitive information, and keep the unredacted Complaint filed under seal.[1]

---

[1] The confidential information that Syngenta seeks to seal resides with Syngenta Crop Protection, LLC. However, Defendants Syngenta Crop Protection AG and Syngenta Corporation also have an interest in this information being

# BACKGROUND

1. On September 29, 2022, Plaintiff Federal Trade Commission (the "FTC") filed a complaint (the "Complaint") (ECF No. 1), naming Syngenta among the defendants.

2. On September 29, 2022, the FTC also filed a Motion to File Portions of the Complaint Temporarily Under Seal ("Motion") (ECF No. 2). The Motion proposes to keep under seal for a period of 14 days certain confidential information that the FTC obtained from Syngenta, Corteva, Inc., and certain non-parties in the FTC's pre-Complaint investigation.

3. Certain information in the Complaint reflects confidential and commercially sensitive information belonging to and/or about Syngenta. Syngenta provided this confidential information to the FTC during the FTC's pre-Complaint investigation and requested that the FTC maintain the information as confidential. *See* Exhibit A, Declaration of Vern Hawkins in Support of Syngenta's Response to the FTC's Motion to File Portions of the Complaint Temporarily Under Seal (the "Hawkins Declaration") ¶ 9. This information consists of (i) the terms of Syngenta's business agreements with third parties or details of the negotiations of these agreements; (ii) internal Syngenta documents that describe or analyze Syngenta's competitive strategies for sales and marketing; and (iii) confidential business and financial information, including analyses of pricing and sales data. (*Id.* ¶¶ 6-8.) This information is commercially or competitively sensitive, and Syngenta maintains the confidentiality of this information. (*Id.* ¶ 9.)

---

kept confidential and under seal by virtue of their corporate relationship with Syngenta Crop Protection, LLC and therefore join in this Response. By joining in this Response, Syngenta Crop Protection AG and Syngenta Corporation, do not concede they are proper defendants in this action and expressly reserve, and do not waive, all rights, including with respect to personal jurisdiction.

4. The information that Syngenta seeks to keep under seal is reflected in the redacted version of the Complaint attached hereto as Exhibit B.[2] The information is further reflected in the highlighted version of the Complaint attached hereto as Exhibit C.[3]

5. Because this case is in its earliest stages, as of the time of this Response, a Local Rule 5.5 Order has not been entered. However, the Parties have conducted a conference pursuant to Local Rule 5.4(b)(1)(b) and have filed a Joint Local Rule 5.5 Report. (ECF No. 19.) The Parties anticipate filing an updated Local Rule 5.5 Report within ten days of their Rule 26(f) conference. For the purposes of this Motion, Syngenta is following the default procedures set out in Local Rule 5.4(c).

## STANDARD OF REVIEW

6. A motion to seal will be granted upon "a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why a less drastic alternative will not afford adequate protection." LR 5.4(c)(3). In considering motions to seal, courts in this Circuit balance the potential harm to the party seeking to seal information against the public's presumed right of access to the information. *See, e.g.*, *In re P.T.C. Prod. & Trading Co., AG*, 2020 WL 7319530 (W.D.N.C. Dec. 11, 2020). The presumption of access "may be overcome if competing interests outweigh the interest in access, such as where a need exists to prevent court files from becoming sources of business information that might harm a litigant's competitive standing." *Kinetic*

---

[2] Because the Complaint also contains information of Defendant Corteva that Syngenta understands Corteva will seek to keep under seal, Syngenta is filing under seal this version of the Complaint that redacts *only* Syngenta's information. Counsel for Syngenta and Corteva has conferred and will seek to work together in an effort to create a version of the Complaint that redacts *both* the confidential Syngenta information and the confidential Corteva information, and will endeavor to provide this redacted version to the Court along with the Defendants' respective sealing checklists.

[3] The allegations highlighted in yellow in Exhibit C are those that Syngenta seeks to keep under seal. The allegations highlighted in gray in both Exhibits B and C are those that are redacted in the version of the Complaint that Plaintiffs filed publicly. (ECF No. 1).

*Concepts, Inc. v. Convatec Inc.*, 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010) (cleaned up). Courts in this Circuit frequently seal such sensitive business information. *See, e.g., Woven Elecs. Corp. v. Advance Grp., Inc.,* 1991 WL 54118, at *6 (4th Cir. Apr. 15, 1991) (ruling that the public may be denied access to judicial records if they contain "business information that might harm a litigant's competitive standing"); *Garey v. James S. Farrin, P.C.*, 2020 WL 5211851, at *6 (M.D.N.C. Sept. 1, 2020) ("[U]nder both Rule 26(c) and the common-law sealing analysis, courts frequently limit disclosure of sensitive financial information.").

## ARGUMENT

7. The information that Syngenta seeks to redact from the publicly filed Complaint is confidential, competitively and commercially sensitive information of the type that courts in this Circuit regularly permit to be filed under seal.

8. Specifically, Syngenta seeks to keep under seal three categories of confidential information: (i) the terms of Syngenta's business agreements with third parties or details of the negotiations of the agreements; (ii) internal Syngenta documents that describe or analyze Syngenta's competitive strategies concerning sales and marketing; and (iii) confidential business and financial information, including analyses of pricing and sales data. (Hawkins Decl. ¶¶ 6-8.) Courts in this District and other courts in this Circuit frequently seal similar confidential information. *See, e.g., Mr. Dee's Inc. v. Inmar, Inc.*, 2021 WL 294775, at *6 (M.D.N.C. Jan. 28, 2021) ("[T]his Court . . . previously has granted motions to seal confidential marketing and sales information, the disclosure of which would have harmed the competitive and financial interests of the parties." (cleaned up)); *Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 291-92 (W.D.N.C. 2019) (maintaining confidentiality of portions of deposition testimony that discussed corporate business strategies and financial data); *Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 117 F.

4

Supp. 3d 732, 746 (M.D.N.C. 2015) (granting motion to seal documents containing proprietary financial figures where the public release would negatively impact the party's business); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining under seal "confidential financial and business information which, if made public, could harm the parties' business interests"); *Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (holding that "certain marketing [and] sales" information should be sealed because it was "not ordinarily public" and would cause "harm[ ] by public disclosure").[4]

9. The information in the Complaint Syngenta seeks to keep under seal is commercially or competitively sensitive, and Syngenta has maintained its confidentiality. (Hawkins Decl. ¶ 9.) If such information were to become publicly known, Syngenta would be placed at a competitive and commercial disadvantage. (*Id.*) There is no alternative to sealing the information that will protect Syngenta's interests in its confidential information.

10. Counsel for Syngenta sought the FTC's position regarding this Response and the information that Syngenta seeks to have remain under seal. The FTC stated it would be willing to meet and confer only after the Response is filed.

---

[4] *See also Garey*, 2020 WL 5211851, at *6 ("[U]nder both Rule 26(c) and the common-law sealing analysis, courts frequently limit disclosure of sensitive financial information."); *Mars, Inc. v. J. M. Smucker Co.*, 2017 WL 11499735, at *1 (E.D. Va. Aug. 9, 2017) (granting motion to seal summary judgment briefing and exhibits containing confidential marketing and sales information); *SMD Software, Inc.*, 2013 WL 1091054, at *2 (allowing in part motion to seal confidential pricing, market strategies, expense information, and revenue and revenue growth information and directing copies with only redacted information be filed); *Silicon Knights, Inc. v. Epic Games, Inc.*, 2008 WL 4933967, at *2 (E.D.N.C. Nov. 14, 2008) (granting motions to seal where parties demonstrated "that the documents and the transcript in question contain confidential and proprietary commercial information, including trade secrets and other information relating to the parties' networks and software, information which is of utmost importance to the parties but not generally available to the public.").

5

# CONCLUSION

11. For the foregoing reasons, Syngenta respectfully requests that the Court permanently maintain under seal the confidential information in the Complaint, which confidential information is identified in the highlighted version of the Complaint attached hereto as Exhibit C.[5]

Date: October 13, 2022

/s/ Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

---

[5] If the Court grants Syngenta's request to maintain the information under seal, Syngenta will submit to the Court a proposed final redacted version of the Complaint reflecting the Court's rulings on Syngenta's and any other party's or non-party's request to redact confidential information in the Complaint.

# CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words as reported by word processing software. This the 13th day of October 2022.

>  /s/Patrick M. Kane
>  Patrick M. Kane