# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TEXAS, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., <br><br> Defendants. | Case No. 22-cv-828 <br><br> **DECLARATION OF VERN HAWKINS IN SUPPORT OF SYNGENTA'S RESPONSE TO THE FTC'S MOTION TO FILE PORTIONS OF THE COMPLAINT TEMPORARILY UNDER SEAL** |

I, Vern Hawkins, declare as follows:

1. I am the President of Defendant Syngenta Crop Protection, LLC ("Syngenta") and the Regional Director of Syngenta's North American Crop Protection business. In my role at Syngenta, I oversee Syngenta's sales and marketing operations in the United States with respect to its crop protection products.

2. I have personal knowledge of the facts stated in this declaration or have become aware of such facts through my role at Syngenta. If called upon to testify, I could and would competently testify thereto.

3. I understand that Plaintiff Federal Trade Commission (the "FTC") filed a Complaint (ECF No. 1) ("Complaint") on September 29, 2022, redacting from the publicly filed Complaint certain confidential information that it received during its pre-Complaint investigation from Syngenta, Corteva, Inc., and certain non-parties.

4. I further understand that the FTC filed a Motion to File Portions of the Complaint Temporarily Under Seal (ECF No. 2) ("Motion to Seal") on September 29, 2022, for a period of 14 days.

5. I understand that Syngenta is submitting a Response to the Motion to Seal to request that the Court continue to keep under seal certain confidential information in the Complaint that is commercially or competitively sensitive for Syngenta's business. The confidential information that Syngenta proposes redacting falls into three categories.

6. First, Syngenta proposes to redact certain allegations in the Complaint that disclose the terms of Syngenta's business agreements with third parties or details of the negotiations of these agreements. The terms of these agreements and their negotiations are competitively and commercially sensitive business information and are confidential.

7. Second, Syngenta proposes to redact certain allegations in the Complaint concerning internal Syngenta documents that describe or analyze Syngenta's competitive strategies concerning sales and marketing. These sales and marketing strategies are confidential and commercially sensitive information, and revealing such information would pose a risk of competitive harm to Syngenta's business.

8. Third, Syngenta proposes to redact certain allegations in the Complaint concerning confidential business and financial information, including analyses of pricing and sales data. This information is commercially sensitive because it relates to Syngenta's internal

views on and strategies for competing in the crop protection industry, and its disclosure would competitively disadvantage Syngenta.

9. The foregoing information is commercially and competitively sensitive. It is also not publicly known, and Syngenta has maintained its confidentiality. When Syngenta provided this information to the FTC in connection with the FTC's pre-Complaint investigation, Syngenta required that the FTC maintain its confidentiality. Public disclosure of this information—which would make the information available to Syngenta's business competitors and contractual counter-parties—poses a risk of harm to competition and/or risks placing Syngenta at a competitive and commercial disadvantage.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 13, 2022

_____
Vern Hawkins