# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TEXAS, and STATE OF WISCONSIN, | Case No. 1:22-cv-00828-TDS-JEP |
|        Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT** |
|   v. | **AND** |
| SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., | **REQUEST FOR INITIAL PRETRIAL CONFERENCE** |
|       Defendants. | |

# TABLE OF CONTENTS

I. BACKGROUND ................................................................................................. 2

    A. Government Plaintiffs' Efforts to Move this Case Forward .............................. 2

    B. Private Plaintiff Cases ...................................................................................... 4

II. ARGUMENT ................................................................................................... 6

    A. The Court Should Deny Defendants' Motion to Indefinitely Stay
       All Proceedings in this Case. ............................................................................. 6

        1. Delay Would Prejudice Government Plaintiffs and the
           Public Interest. ......................................................................................... 7

        2. Moving this Case Forward Promptly Serves the Interests of
           Judicial Economy. ................................................................................... 10

        3. Moving this Case Forward Will Not Unfairly Prejudice
           Defendants. ............................................................................................. 11

    B. The Court Should Set an Initial Pretrial Conference for the
       Earliest Available Date. ................................................................................... 12

III. CONCLUSION ............................................................................................... 14

i

# TABLE OF AUTHORITIES

**Cases**

*Campbell Sales Grp., Inc. v. Marx*, No. 1:10CV55, 2012 WL 12893030
(M.D.N.C. Sept. 28, 2012) ..................................................................................... 7

*Drapkin v. Mjalli*, No. 1:19-CV-00175-LCB-JLW, 2019 WL 9662885 (M.D.N.C.
Aug. 26, 2019) ..................................................................................................... 13

*FTC v. Qualcomm Inc.*, No. 5:17-cv-00220-LHK (N.D. Cal., filed Jan. 17, 2017) ..... 9, 11

*FTC v. Surescripts, LLC*, No. 1:19-cv-01080-JDB (D.D.C., filed Apr. 17, 2019) ....... 9, 11

*FTC v. Vyera Pharms., LLC*, No. 20-cv-00706 (DLC), 2021 WL 76336 (S.D.N.Y.
Jan. 8, 2021) ..................................................................................................... 1, 9

*In re Am. Express Anti-Steering Rules Antitrust Litig.*, No. 10-CV-0449 (NGG)
(RER), 2014 WL 558759 (E.D.N.Y. Feb. 11, 2014) ......................................... 9, 10

*In re Mut. Fund Sales Antitrust Litig.*, 361 F. Supp. 638 (J.P.M.L. 1973) ...................... 5

*Jenkins v. Corteva, Inc.*, No. 1:22-cv-1976 (S.D. Ind. Nov. 29, 2022) ............................. 2

*Kron Med. Corp. v. Growth*, 119 F.R.D. 636 (M.D.N.C. 1988) ...................................... 13

*Maryland v. Universal Elections, Inc.*, 729 F.3d 370 (4th Cir. 2013) ............................... 7

*Mickalis Pawn Shop, LLC v. Bloomberg*, 465 F. Supp. 2d 543 (D.S.C. 2006) ................. 9

*Minn. Min. & Mfg. Co. v. N.J. Wood Finishing Co.*, 381 U.S. 311 (1965) ....................... 8

*United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140 (D. Del. 1999) ..................... 1, 8, 10

*Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124 (4th Cir. 1983) ................... 7, 12

*Wilmington Trust, N.A. v. Nat'l Gen. Ins. Co.*, No. 1:21-cv-207, 2021 WL
2531063 (M.D.N.C. June 21, 2021) ................................................................. 7, 12

*Yadkin Riverkeeper, Inc. v. Duke Energy Carolinas, LLC*, 141 F. Supp. 3d 428
(M.D.N.C. 2015) ........................................................................................... 7, 9, 11

Case 1:22-cv-00828-TDS-JEP   Document 59   Filed 12/02/22   Page 3 of 26

**Statutes**

28 U.S.C. § 1407 ................................................................................................ 5, 8

**Rules**

Fed. R. Civ. P. 16(b)(2) ......................................................................................... 13

Fed. R. Civ. P. 6(b)(1) ............................................................................................. 7

L.R. 16.1(b) ............................................................................................................ 12

L.R. 26.1 ................................................................................................................. 13

iii

Plaintiffs Federal Trade Commission and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Texas, and Wisconsin ("Government Plaintiffs") respectfully request that the Court deny Defendants' Motion for Extension of Time to Respond to Plaintiffs' Complaint (Doc. 56) ("Defs. Mot.").

Defendants seek an indefinite stay of this government antitrust enforcement action pending anticipated developments in follow-on private actions. Defendants' request should be rejected. An indefinite stay would be contrary to well-established policy and precedent favoring the expeditious prosecution of government antitrust suits; would impede the orderly, efficient, and fair management of this case; and has not been justified by Defendants.

Federal government suits to enforce the antitrust laws "are of special urgency and serve a different purpose than private damages suits because they seek to enjoin ongoing anticompetitive conduct." *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999). "The parties and the public have a significant interest in resolving the issues raised by the [government] plaintiffs' claims with due expedition." *FTC v. Vyera Pharms., LLC*, No. 20-cv-00706 (DLC), 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021). Yet Defendants seek an *indefinite* delay of this case and offer no authority to support their extraordinary motion.

The District Court for the Southern District of Indiana has rejected a substantively identical motion by Defendants in a private follow-on suit, because "[g]ranting this request would effectively put in place a stay of proceedings pending resolution" of

1

Defendants' motion to transfer that case to this District, and "a stay of proceedings is unnecessary at this time." Order (Doc. 39), *Jenkins v. Corteva, Inc.*, No. 1:22-cv-1976 (S.D. Ind. Nov. 29, 2022) (hereinafter "*Jenkins*"). The court instead extended Defendants' deadline to respond to the complaint to January 20, 2023, and rescheduled an initial pretrial conference for January 25, 2023. *Id.*

Government Plaintiffs would not object to a limited, date-certain extension of Defendants' time to answer or otherwise respond to the Complaint. However, an indefinite delay will unfairly prejudice Government Plaintiffs and the public's interest in the swift enforcement of the antitrust laws. In contrast, moving this case forward promptly is in the interests of judicial economy and will not unfairly prejudice Defendants. The Court should deny Defendants' motion.

Government Plaintiffs further respectfully request that this Court set a Rule 16 initial pretrial conference for the earliest available date so that this case can advance without delay.

## I.    BACKGROUND

### A.  Government Plaintiffs' Efforts to Move this Case Forward

Government Plaintiffs filed their Complaint on September 29, 2022. (Doc. 1 ("Compl.")). Government Plaintiffs allege that Defendants Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, and Corteva, Inc. are unlawfully restraining competition in pesticide markets through exclusive dealing arrangements that condition sizeable payoffs to pesticide distributors on those distributors substantially

2

limiting or eliminating business with Defendants' lower-cost generic competitors. Compl. ¶¶ 3-11. These exclusive arrangements result in anticompetitive harm, including suppressed innovation and competition from generic competitors and increased pesticide prices for American farmers. *Id*. ¶¶ 157-196. Defendants' unlawful practices are ongoing. *Id*. ¶ 161.

In an effort to efficiently advance this case, on November 3, Government Plaintiffs asked Defendants to meet and confer pursuant to Rule 26(f) to discuss a discovery plan and other case management issues. Weingarten Decl. ¶ 3 & Ex. A at 7. Defendants responded that they were willing to talk, but only "[o]n the understanding that this would not be a Rule 26(f) conference." Ex. A at 5. When the parties conferred on November 15, Defendants reiterated their position that a Rule 26(f) conference would be premature. Weingarten Decl. ¶ 5. Government Plaintiffs sought to discuss Defendants' responses to the Complaint and any related motions practice, but Defendants declined to discuss any specific scheduling proposals at that time. *Id.* On November 17, Government Plaintiffs informed Defendants of their intent to request that the Court set an initial pretrial conference and asked if Defendants would join that request. Weingarten Decl. ¶ 4 & Ex. B at 2. On November 18, Defendants responded that they would not do so. Ex. B at 1.

On November 21, during a conference that Government Plaintiffs had requested for the purpose of again attempting to discuss motion practice and scheduling, Defendants informed Government Plaintiffs of their intent to move for an indefinite delay of Defendants' deadlines to respond to the Complaint. Weingarten Decl. ¶ 6; *see* Ex. A at

3

3. Later that day, Government Plaintiffs informed Defendants that they would oppose Defendants' motion. Weingarten Decl. ¶ 7 & Ex. C at 1.

## B. Private Plaintiff Cases

After Government Plaintiffs filed this case, private plaintiffs filed a series of putative class actions challenging Defendants' exclusive dealing arrangements.

Two private cases were filed in this District and are before this Court.[1] This Court consolidated those two cases for all purposes. Order (Doc. 25), *Anderson* (Nov. 21, 2022).

One private case was filed in the United States District Court for the Southern District of Indiana on October 7.[2] The court initially set a pretrial conference for December 6. Order (Doc. 20), *Jenkins*. Defendants have moved to transfer the case to this District. Defs. Jt. Mot. to Transfer (Doc. 27), *Jenkins* (Nov. 22, 2022). Jenkins opposes that motion. Defs. Mem. In Support of Jt. Mot. to Transfer at 2 (Doc. 28), *Jenkins* (Nov. 22, 2022). No hearing date has been set for Defendants' transfer motion. Defendants also moved to defer their deadline to respond to the *Jenkins* complaint and to adjourn the pretrial conference until after the resolution of their motion to transfer. Defs. Jt. Mot. for Extension (Doc. 25), *Jenkins* (Nov. 22, 2022). The court denied Defendants' motion for an indefinite delay, but extended Defendants' deadline to respond to the complaint to

---

[1] *Anderson v. Syngenta Crop Protection AG*, No. 1:22-cv-858 (M.D.N.C., filed Oct. 7, 2022) (hereinafter "*Anderson*"); *Croscut v. Syngenta Crop Protection AG*, No. 1:22-cv-899 (M.D.N.C., filed Oct. 20, 2022).

[2] *Jenkins v. Corteva, Inc.*, No. 1:22-cv-1976 (S.D. Ind., filed Oct. 7, 2022).

4

January 20 and reset the pretrial conference for January 25. Order (Doc. 39), *Jenkins* (Nov. 29, 2022).

Seven additional cases were filed in the Southern District of Indiana on November 17.[3] Defendants have stated here that they intend to file motions to transfer those cases to this District, "if necessary." Defs. Mot. at 7. On November 22, plaintiffs in all of the later-filed Southern District of Indiana cases filed a transfer motion with the Judicial Panel on Multidistrict Litigation ("JPML") seeking to centralize all private cases in the Southern District of Indiana.[4] Mot. to Transfer (Doc. 1), *In re Crop Protection Prods. Loyalty Program Antitrust Litig.*, MDL No. 3062 (J.P.M.L. Nov. 22, 2022). Several parties who are defendants in the later Indiana cases but who are not defendants in this case have not indicated their position on any transfer, and no hearing date has been set for plaintiffs' MDL petition.

---

[3] *Chuck Day Farms P'ship v. Syngenta Crop Protection AG*, No. 1:22-cv-2222 (S.D. Ind., filed Nov. 17, 2022); *Bradley Day Farms v. Syngenta Crop Protection AG*, No. 1:22-cv-2223 (S.D. Ind., filed Nov. 17, 2022); *Danny Day, Jr. Farms v. Syngenta Crop Protection AG*, No. 1:22-cv-2225 (S.D. Ind., filed Nov. 17, 2022); *Shelby Farms, LLC v. Syngenta Crop Protection AG*, No. 1:22-cv-2226 (S.D. Ind., filed Nov. 17, 2022); *M and M Farms P'ship v. Syngenta Crop Protection AG*, No. 1:22-cv-2227 (S.D. Ind., filed Nov. 17, 2022); *Hys Farms, LLC v. Syngenta Crop Protection AG*, No. 1:22-cv-2229 (S.D. Ind., filed Nov. 17, 2022); *Scott Day Farms*, No. 1:22-cv-2230 (S.D. Ind., filed Nov. 17, 2022).

[4] Federal antitrust enforcement actions are not subject to transfer under the MDL statute. 28 U.S.C. § 1407(g) (exception for "any action in which the United States is a complainant under the antitrust laws," including actions under the FTC Act, 15 U.S.C. § 56); *see also In re Mut. Fund. Sales Antitrust Litig.*, 361 F. Supp. 638, 640 (J.P.M.L. 1973). The pending MDL petition accordingly does not seek to transfer this case. *See In re Crop Protection Prods. Loyalty Program Antitrust Litig.* (Doc. 2) at 2 n.2 (J.P.M.L. Nov. 23, 2022).

## II. ARGUMENT

### A. The Court Should Deny Defendants' Motion to Indefinitely Stay All Proceedings in this Case.

Taken together with the fact that they have declined to meet and confer under Rule 26(f), Defendants' motion seeks to stay all proceedings in this case until an indefinite point in the future. The motion seeks to defer all deadlines until an undetermined date after (1) the District Court for the Southern District of Indiana rules on Defendants' November 22 motion to transfer the *Jenkins* case; (2) the District Court for Southern District of Indiana rules on any motions to transfer Defendants may file in the later-filed Indiana cases; and (3) the potential filing of an amended consolidated class action complaint. Defs. Mot. at 1. The recently-initiated MDL proceedings may ultimately determine the pre-trial venue for follow-on class actions, or the JPML may deny a request for centralization in light of the pending and anticipated transfer motions in the Southern District of Indiana. Briefing on the MDL petition and Defendants' pending transfer motion is not yet complete, and neither the MDL petition nor the transfer motion has been set for a hearing. Any consolidated class action complaint would be filed at an uncertain distant date. The delay that Defendants ask for is unbounded, lacks any legal support, and should be denied.

A request to stay proceedings "calls for an exercise of the district court's judgement 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Maryland v. Universal*

6

*Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (per curiam)). When considering a stay, courts evaluate "the interests of judicial economy, the hardship and inequity to the moving party in the absence of a stay, and the potential prejudice to the non-moving party in the event of a stay." *Yadkin Riverkeeper, Inc. v. Duke Energy Carolinas, LLC*, 141 F. Supp. 3d 428, 452 (M.D.N.C. 2015). The party seeking a stay must "justify it by clear and convincing circumstances outweighing potential harm" to the opposing party. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983); *see Wilmington Trust, N.A. v. Nat'l Gen. Ins. Co.*, No. 1:21-cv-207, 2021 WL 2531063, at *11-12 (M.D.N.C. June 21, 2021). Similarly, although the Court may extend a party's time to act "for good cause," Fed. R. Civ. P. 6(b)(1), applications for an extension of time may be denied upon a showing of prejudice to the adverse party. *Campbell Sales Grp., Inc. v. Marx*, No. 1:10CV55, 2012 WL 12893030, at *2 (M.D.N.C. Sept. 28, 2012). Here, none of the relevant factors weighs in favor of a stay or an indefinite extension of time to respond to Government Plaintiffs' Complaint. Accordingly, the Court should deny Defendants' motion.

### 1. Delay Would Prejudice Government Plaintiffs and the Public Interest.

In this suit, Government Plaintiffs seek to enforce federal and state antitrust laws and to end Defendants' ongoing and unlawful restraint of competition in pesticide markets, which results in higher prices for farmers and consumers. Courts have

7

repeatedly recognized that strong public-policy interests favor resolving such government antitrust cases promptly and in advance of private litigation.

In *United States v. Dentsply*, the court denied the defendant's motion to consolidate the government's antitrust case with related private cases, because the risk that consolidation might delay the government's suit outweighed "the standard factors under Rule 42(a)." 190 F.R.D. at 143-46. The court reasoned that the exemption for government antitrust cases in the multidistrict litigation statute, 28 U.S.C. § 1407, reflected "congressional recognition of the primacy of antitrust enforcement actions brought by the United States, and that such actions are of special urgency and serve a different purpose than private damages suits because they seek to enjoin ongoing anticompetitive conduct." *Dentsply*, 190 F.R.D. at 145; *see also Minn. Min. & Mfg. Co. v. N.J. Wood Finishing Co.*, 381 U.S. 311, 313-314, 321-22 (1965) (FTC antitrust enforcement action was "instituted by the United States"). The *Dentsply* court also noted that under 15 U.S.C. § 16(a), a "finding in favor of the United States in an antitrust enforcement action is prima facie evidence of a violation for injured competitors or customers bringing a subsequent private suit." *Dentsply*, 190 F.R.D. at 145. As a result, the court concluded that "[p]ermitting federal suits to go forward without being burdened by delays that consolidation may cause" both "permits more expeditious relief to the public for conduct adjudged illegal," and "promotes judicial efficiency by fostering settlement" in private cases. *Id.*

Other courts have likewise recognized the public interest in the speedy resolution of government antitrust enforcement actions. *See* Weingarten Decl. Ex. D (Hrg. Tr. at 12:19-13:18, *FTC v. Surescripts, LLC*, No. 1:19-cv-01080-JDB (D.D.C. Feb. 27, 2020) (hereinafter "*Surescripts* Hearing") (denying defendant's request for partial stay of discovery pending motions to dismiss in private MDL cases)); Weingarten Decl. Ex. E (Order (Doc. 72) at 1, *FTC v. Qualcomm Inc.*, No. 5:17-cv-00220-LHK (N.D. Cal. Apr. 13, 2017) (hereinafter "*Qualcomm* Order") (denying defendant's request to defer discovery pending ruling on Rule 12(b)(6) motion)); *FTC v. Vyera Pharms., LLC*, No. 20-cv-00706 (DLC), 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021) (denying motion to stay discovery pending defendant's release from prison); *In re Am. Express Anti-Steering Rules Antitrust Litig.*, No. 10-CV-0449 (NGG) (RER), 2014 WL 558759, at *2 (E.D.N.Y. Feb. 11, 2014) (finding "compelling public policy reasons" to not consolidate government and private antitrust cases in order to give the "Government full control of its enforcement action," and to "avoid[ ] prolonging and confusing the Government's case with collateral side issues"). An indefinite delay in this case would undercut this important public policy and would result in continued harm to American farmers and consumers. *See, e.g.*, *Yadkin Riverkeeper*, 141 F. Supp. 3d at 452 (denying stay in part because it would allow defendant's "alleged violations to persist," resulting in continued harm); *Mickalis Pawn Shop, LLC v. Bloomberg*, 465 F. Supp. 2d 543, 546 (D.S.C. 2006) (denying motion to defer response to complaint pending a motion to stay in another

district, because plaintiffs would suffer prejudice from "allowing [their] alleged injury to remain unaddressed for an indefinite period of time").

### 2. Moving this Case Forward Promptly Serves the Interests of Judicial Economy.

Allowing Government Plaintiffs' case to proceed will promote the efficient resolution of the private cases and will serve the interests of judicial economy.

Defendants' claim that an indefinite delay is warranted to "avoid the submission of duplicative or uncoordinated answers and/or motions to dismiss" is unfounded. Defs. Mot. at 7. If Defendants move to dismiss the Complaint, prompt briefing and a ruling from this Court will inform proceedings in the private cases, whether those cases proceed before this Court or elsewhere. If the private cases proceed here, an order from the Court on Government Plaintiffs' Complaint will focus the issues that need to be briefed and decided in the private cases; if the private cases proceed elsewhere, a decision from this Court will still be valuable persuasive authority. There is no reason to delay briefing and deciding Defendants' anticipated motions. Similarly, if Defendants plan to answer the Complaint, there is no reason to wait on any developments in the private cases.

Defendants' claim that a delay is necessary to "allow for the pending cases to be coordinated and/or consolidated" is similarly meritless. Defs. Mot. at 7. Consolidation of Government Plaintiffs' case with the private cases is contrary to public policy, which seeks to avoid the very type of delay Defendants seek here. *See supra* at 8-9 (quoting *Dentsply*, 190 F.R.D. at 144; *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 2014

10

WL 558759, at *2). To the extent cooperation or coordination between this case and the private cases is appropriate, that can be managed without delaying Government Plaintiffs' case. *See, e.g.*, Weingarten Decl. Ex. F (Scheduling Order (Doc. 54) at 3, *FTC v. Surescripts, LLC*, No. 1:19-cv-01080-JDB (D.D.C. Feb. 28, 2020) (directing parties to "use reasonable best efforts to cooperate with each other and other parties" in follow-on private cases proceeding in another district)); Weingarten Decl. Ex. G (Joint Stip. & Discovery Coordination Order (Doc. 513), *Qualcomm* (order regarding cross-district discovery between FTC action and related private litigation)).

All of Defendants' arguments in favor of delay implicitly assume that the Indiana cases will be transferred to this District. If this Court were to grant Defendants' motion and those cases were not transferred, then the result will be a delay of all progress in this case without any benefit. On the other hand, if the Court allows this case to move forward, then progress in this case will benefit the private cases—wherever they proceed—after transfer issues have been resolved.

### 3. Moving this Case Forward Will Not Unfairly Prejudice Defendants.

Defendants have failed to identify any unfair prejudice that they will suffer if this case proceeds on schedule under the Federal Rules. *See Yadkin Riverkeeper*, 141 F. Supp. 3d at 452 (denying motion to stay in part because defendant's "briefing is silent on the issue of the hardship or inequity it would suffer if required to move forward with litigation"). Defendants have not explained how they would be unfairly prejudiced if they

11

are required to answer or move to dismiss the Complaint, which was filed more than two months ago, nor have they shown that there are "clear and convincing circumstances" warranting a stay that outweigh the potential harm to Government Plaintiffs and the public interest. *See Williford*, 715 F.2d at 127; *Wilmington Trust, N.A.*, 2021 WL 2531063, at *12 (holding that burden of similar litigation in different fora did not warrant a stay).

* * *

Granting Defendants' motion would unfairly prejudice Government Plaintiffs and the public interest, and Defendants have not shown that there is good cause to indefinitely extend their current deadlines or stay proceedings in this case. Accordingly, Defendants' motion should be denied.

### B. The Court Should Set an Initial Pretrial Conference for the Earliest Available Date.

Government Plaintiffs respectfully request that the Court set a Rule 16 initial pretrial conference for the earliest available date so that the parties and the Court can begin moving this case forward without delay.

Rule 26(f)(1) requires the parties to "confer as soon as practicable" regarding discovery and other case management issues. The Local Rules further provide that the parties must meet and confer at least fourteen days before the initial pretrial conference, which shall be scheduled "within the time set by . . . Rule 16(b)." L.R. 16.1(b). In this case, a scheduling order is due under Rule 16(b) by December 9, because counsel for

Syngenta first appeared on October 10. (Doc. 16); *see* Fed. R. Civ. P. 16(b)(2).

Defendants, however, refuse to meet and confer until their Rule 12 motions are resolved

or the Court sets an initial pretrial conference. *See* Ex. A at 3-5. As a result, Defendants

have imposed a unilateral stay of discovery, which they now seek to extend indefinitely.

Stays of discovery are disfavored "because when discovery is delayed or

prolonged it can create case management problems[,] which impede the Court's

responsibility to expedite discovery and cause unnecessary litigation expenses and

problems." *Drapkin v. Mjalli*, No. 1:19-CV-00175-LCB-JLW, 2019 WL 9662885, at *1

(M.D.N.C. Aug. 26, 2019) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D.

261, 263 (M.D.N.C. 1988)). A party seeking to stay discovery "must come forward with

a specific factual showing that the interests of justice and considerations of prejudice and

undue burden to the parties require a protective order and that the benefits of a stay

outweigh the costs of delay." *Kron Med. Corp. v. Growth*, 119 F.R.D. 636, 638

(M.D.N.C. 1988) (denying motion to stay discovery and stay time to file answer pending

resolution of motion to transfer). Defendants have not made and cannot make any such

showing, particularly in light of the strong public policy favoring the prompt resolution of

government antitrust enforcement actions. *See supra* at 8-9.

The Court should not permit Defendants to stay discovery, especially not without

even filing an appropriate motion to stay discovery or otherwise raising the issue for a

decision by the Court. *See* L.R. 26.1 ("In submitting their reports under L.R. 26.1, the

parties shall address whether there is a reason to delay the commencement of discovery

13

or to place limits on the scope of discovery for a period of time."). Accordingly, Government Plaintiffs respectfully ask the Court to set a Rule 16 conference for the earliest available date.

## III.    CONCLUSION

Government Plaintiffs respectfully request that the Court deny Defendants' motion and set a Rule 16 scheduling conference for the earliest available date on the Court's calendar.

Dated: December 2, 2022                    Respectfully submitted,

/s/ James H. Weingarten
JAMES H. WEINGARTEN (DC Bar No. 985070)
Deputy Chief Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3570
Email: jweingarten@ftc.gov

JOSEPH R. BAKER
WESLEY G. CARSON
ELIZABETH A. GILLEN
EDWARD H. TAKASHIMA

*Attorneys for Plaintiff Federal Trade Commission*

14

FOR PLAINTIFF STATE OF CALIFORNIA

ROB BONTA
Attorney General

KATHLEEN E. FOOTE
Senior Assistant Attorney General

NATALIE MANZO
Supervising Deputy Attorney General

<u>/s/ Nicole S. Gordon</u>
NICOLE S. GORDON
California Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorneys for Plaintiff State of California*

15

FOR PLAINTIFF STATE OF COLORADO

PHILIP J. WEISER
Attorney General

/s/ Carla J. Baumel_____
JAN M. ZAVISLAN
Senior Counsel
CARLA J. BAUMEL
CONOR J. MAY
Assistant Attorneys General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Jan.Zavislan@coag.gov
         Carla.Baumel@coag.gov
         Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*


FOR PLAINTIFF STATE OF ILLINOIS

KWAME RAOUL
Attorney General

/s/ Paul J. Harper_____
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, IL 60601
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorneys for Plaintiff State of Illinois*

16

FOR PLAINTIFF STATE OF INDIANA

THEODORE E. ROKITA
Attorney General

/s/ Matthew Michaloski
MATTHEW MICHALOSKI
Deputy Attorney General
SCOTT BARNHART
Chief Counsel and Director of Consumer
Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-1479
Email: matthew.michaloski@atg.in.gov
        scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*


FOR PLAINTIFF STATE OF IOWA

TOM MILLER
Attorney General

/s/ Noah Goerlitz
NOAH GOERLITZ
BRYCE PASHLER
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov
        bryce.pashler@ag.iowa.gov

*Attorneys for Plaintiff State of Iowa*

17

FOR PLAINTIFF STATE OF MINNESOTA

KEITH ELLISON
Attorney General

JAMES W. CANADAY
Deputy Attorney General

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: james.canaday@ag.state.mn.us
         katherine.moerke@ag.state.mn.us
         jason.pleggenkuhle@ag.state.mn.us
         elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEBRASKA

DOUGLAS J. PETERSON
Attorney General

/s/ Joseph M. Conrad
JOSEPH M. CONRAD
COLIN P. SNIDER
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-3840
Email: Joseph.conrad@nebraska.gov
Colin.Snider@nebraska.gov

Attorneys for Plaintiff State of Nebraska

18

FOR PLAINTIFF STATE OF OREGON

ELLEN F. ROSENBLUM
ATTORNEY GENERAL

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorneys for Plaintiff State of Oregon*

19

FOR PLAINTIFF STATE OF TEXAS

KEN PAXTON
Attorney General

/s/ Margaret Sharp
BRENT WEBSTER
First Assistant Attorney General
GRANT DORFMAN
Deputy First Assistant Attorney General
SHAWN E. COWLES
Deputy Attorney General for Civil Litigation
JAMES LLOYD
Chief, Antitrust Division
TREVOR YOUNG
Deputy Chief, Antitrust Division
MARGARET SHARP
WILLIAM SHIEBER
Assistant Attorneys General
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: Margaret.Sharp@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

FOR PLAINTIFF STATE OF WISCONSIN

JOSHUA L. KAUL
Attorney General

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorneys for Plaintiff State of Wisconsin*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words as reported by word processing software.

Dated:     December 2, 2022     /s/ James H. Weingarten
     James H. Weingarten
     FEDERAL TRADE COMMISSION
     600 Pennsylvania Avenue, NW
     Washington, DC 20580
     Phone: (202) 326-3570
     jweingarten@ftc.gov

     *Attorney for Plaintiff Federal Trade Commission*