# Exhibit D

```
                  IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - x
FEDERAL TRADE COMMISSION,              CV No. 1:19-cv-01080-JDB

              Plaintiff,               Washington, DC
v.                                     Thursday, February 27, 2020
                                       2:15 p.m.
SURESCRIPTS, LLC,

              Defendant.
- - - - - - - - - - - - - - - - - x
_____
                    TRANSCRIPT OF STATUS HEARING
             HELD BEFORE THE HONORABLE JOHN D. BATES
                   UNITED STATES DISTRICT JUDGE
_____
```

**APPEARANCES:**

For the Plaintiff:     David B. Schwartz, Esq.
                       Markus H. Meier, Esq.
                       Bradley Albert, Esq.
                       Tanya T. O'Neil, Esq.
                       Joseph P. Mathias, Esq.
                       FEDERAL TRADE COMMISSION
                       Bureau of Competition
                       400 7th Street, SW
                       Washington, DC 20024
                       (202) 326-3748

For the Defendant:     Alfred C. Pfeiffer, Jr., Esq.
                       Allyson M. Maltas, Esq.
                       LATHAM & WATKINS LLP
                       505 Montgomery Street
                       Suite 2000
                       San Francisco, CA 94111
                       (415) 391-0600

Court Reporter:        Timothy R. Miller, RPR, CRR, NJ-CCR
                       Official Court Reporter
                       U.S. Courthouse, Room 6722
                       333 Constitution Avenue, NW
                       Washington, DC 20001
                       (202) 354-3111


Proceedings recorded by machine shorthand; transcript
produced by computer-aided transcription.

unknown, inadvertent disclosure that has led courts to impose the competitive decision-making standard that we advocate.

MR. PFEIFFER: Do I get a second word on that or not, Your Honor?

THE COURT: Oh, you get a second 17 words.

MR. PFEIFFER: All right.

We are working to choose people who will not be across the table. In fact, we've talked to people and said, This may restrict what you can do in the future within this company. I don't know if that was fewer than 17.

THE COURT: You know I wasn't going to hold you to that because I can't count that high myself.

All right. So I think the -- take good notes because I may be asking you to submit a scheduling order -- a revised scheduling order based on what happens today. On the other hand, I may decide we'll just do it ourselves, but I'm going to reserve that until the end of this afternoon.

But on the four issues that have been identified, the first one being timing of discovery, the FTC obviously wants discovery to start promptly, beginning next week, and Surescripts is asking for some delay based on the pending motions to dismiss in the MDL in Northern District of Illinois, and the proposal is that some discovery will start but not discovery from other parties.

1  My assessment on this ultimately is that the
2  better course is to go ahead and begin discovery now.  It
3  may be that that case, the motion to dismiss will be decided
4  soon -- motions to dismiss will be decided soon.  It may be
5  that it will be six or eight months until they're decided.
6  I don't know.  So the fact that it could take considerable
7  time and thereby cause a considerable delay is of concern to
8  me.  I think the public interest in the timely resolution of
9  this case is enough to weigh in favor of moving forward with
10 discovery, but it's also true that the cases that are cited
11 on Surescripts's side of this issue really are cases dealing
12 with concern within a particular case.  It's not delaying
13 waiting for some result in another case.  It's waiting for
14 the resolution of motions in that same case.  So it's not --
15 it doesn't turn on parallel proceedings.  And whatever the
16 ruling is here in the Northern District of Illinois, this
17 discovery in this case is going to go forward in roughly the
18 same way, the same quantity and focus of discovery.
19         Now, I'm conscious -- indeed, very mindful -- of
20 the possibility of some redundancy, particularly in
21 depositions, and I would ask the parties to bear that in
22 mind and be in communication, including in communication
23 with the litigants in the multidistrict litigation
24 proceeding, but let's move forward with discovery beginning
25 next week and, certainly, document production will be the

Case 1:22-cv-00828-TDS-JEP   Document 59-5   Filed 12/02/22   Page 4 of 9

start of that. It may be that if the cases -- the motions to dismiss are decided promptly, there may not be much of a difference. If those get decided in April or May, my guess is that not many depositions will have taken place by then anyway. So we'll go forward with discovery now.

Second issue, number of depositions. A judge is never in a perfect position to resolve this. I've got one side saying 35 which is guesswork on their part; the other side saying 20 which is guesswork on their part; and then I have to exercise some guesswork on my part. I find that that's an imperfect process. Often, dividing the baby is the way to do it. And here, I think that, maybe, something less than 35 is a respectable figure to start at. Assuming that that's enough, then we won't have any problems. Assuming that one or the other side -- probably the FTC -- believes that more depositions are needed, they can come to me and I'm certainly going to be open to that, but I think 20 is too low a figure. I could say 27 or 28 to be right down the middle, but I'm going to say 30. I think 30 depositions should be sufficient for each side here. It may be that it's not, and if it's not I'll hear further from you at the appropriate time. Try to make it early enough so that we don't extend the discovery period any longer than necessary.

In-house counsel access. The FTC is asking that

1    only in-house counsel allowed to access confidential and
2    highly confidential material from non-parties be the counsel
3    not involved in competitive decision-making and Surescripts
4    has argued that the limitation should be to those counsel --
5    and I'll quote -- who do not have an operational role or
6    operational decision-making authority.  I don't find
7    Surescripts's position to be irresponsible or without some
8    basis, but nonetheless I have already decided to go with the
9    competitive decision-making standard in another case, the
10   Aetna case, and I think that standard has much more, if not
11   all of, the case law to support it and to flesh it out while
12   I would have more questions with respect to the application
13   of the standard that Surescripts proposes and, therefore, I
14   will go with the more settled competitive decision-making
15   standard in this instance.
16          And the last issue is the privilege log issue.
17   The proposals, for those who are not in the -- who are in
18   the courtroom and are not aware of it, is that the FTC is
19   proposing that Surescripts need not log documents that have
20   been created after the start of the litigation that were
21   sent solely between Surescripts's outside counsel or with
22   in-house counsel exclusively regarding the litigation, where
23   Surescripts is asking for a slightly different approach and
24   that is to just have a cutoff of the date that the case was
25   -- this case was filed and that the parties need not log on

1    the privilege logs any documents sent or received after that
2    date.
3            Excluding everything after mid-April 2019 -- which
4    was when this case was filed -- seems, to me, to be
5    potentially problematic.  It may exclude some relevant
6    material.  I'm not interested in extending this case in
7    terms of its temporal horizon indefinitely.  And I am
8    concerned a little bit about the parties having to log --
9    and it will be mainly Surescripts, I think, in this
10   instance -- communications sent or received all the way up
11   until the first day of trial.  So maybe, we need to bear in
12   mind that there will be a cutoff date here, but I'm not
13   prepared to make April 17th, 2019, the cutoff date.
14           So I will -- I do conclude that except for the
15   communications between in-house counsel and outside counsel
16   exclusively concerning the litigation, other communications
17   should continue to be included on the privilege log and we
18   will revisit this at a later point to see if we need to have
19   a cutoff date for that, but for now they need to be
20   continued -- they need to continue to be included on
21   privilege logs.  I can just -- I can imagine -- it's not
22   hard for me to imagine some communications that would
23   arguably not be privileged and might be relevant to the
24   underlying claims in this case and I don't want to exclude
25   those, and then I can also imagine communications that would

```
 1    be relevant but would be privileged and, therefore, would
 2    probably go on a privilege log.
 3              So with that, let's talk about everything else
 4    that we have to resolve for scheduling purposes.  And I
 5    think what we'll do is just run through all the various
 6    parts of your proposed scheduling order and the Rule 16.3
 7    framework and just tell me when you need to say anything
 8    with respect to an issue.
 9              I don't think there's anything that needs to be
10    discussed with respect to dispositive motions.  There's no
11    real disagreement there.  And I can come up with the
12    language pretty easily, adopting your language.
13              With respect to joinder of parties, amendment of
14    the pleadings, narrowing of the issues, you've indicated
15    that you don't anticipate that anything will be needed there
16    but you want to reserve the right to amend the pleadings
17    under Rule 15, but normally in a case we'll have some cutoff
18    for doing so, for amending or adding additional parties, and
19    I'd like to include a cutoff.  It's not a cutoff that can't
20    be changed if someone comes in with a motion to amend after
21    that cutoff and has good cause for it, but I'd like to have
22    a cutoff date for when we can expect that any additional
23    parties, if there are any -- which I don't think there are
24    likely to be -- but any amendment of pleadings or -- really,
25    that would be the other part of this -- would have to be
```

```
 1    made.
 2              So what say you, FTC, in terms of a date that we
 3    can employ for that cutoff?
 4              MR. SCHWARTZ:  Can you hear me, Your Honor?
 5              THE COURT:  You've got to turn it on.
 6              MR. SCHWARTZ:  I see.  Thank you.
 7              THE COURT:  The important thing is that I hear
 8    you, but equally important is that he hears you.
 9              MR. SCHWARTZ:  He -- okay.
10              Mr. Miller, can you hear me?
11              THE COURT REPORTER:  Yes.
12              MR. SCHWARTZ:  I think everyone -- okay.
13              We don't -- I think a date perhaps two months from
14    now is something that could work for us.  We don't
15    anticipate amending the pleadings or adding additional
16    parties at this time.
17              THE COURT:  What do you think, Mr. Pfeiffer?
18              MR. PFEIFFER:  Your Honor, two months sounds fine
19    to us.
20              THE COURT:  All right.  I'll make it either two or
21    three months.  Let's make it three months just to be safe.
22              All right.  I don't think there's any discussion
23    necessary on agreement to assign to a magistrate judge.
24    I've decided not to have a special master to assist in
25    conducting the pretrial proceedings.  I think that in this
```