UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, et al., <br><br> Defendants. | CASE NO. 1:22-CV-828-TDS-JEP |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR
JOINT MOTION FOR EXTENSION OF TIME**

Defendants Syngenta Crop Protection AG, Syngenta Corporation and Syngenta Crop Protection, LLC (together, "Syngenta") and Corteva, Inc. ("Corteva") (collectively, "Defendants") respectfully submit this reply brief in further support of their joint motion to extend time to respond to the Complaint (ECF No. 56).[1]

## ARGUMENT

1. Plaintiffs do not dispute that this case is one of 11 related cases involving Corteva's and Syngenta's crop protection loyalty programs that have been filed in two different courts before four different district court judges and six different magistrate judges. Plaintiffs also appear to agree that it makes sense for these related cases to be

---

[1] In moving for an extension of time, Defendants expressly reserve, and do not waive, all rights and defenses, including with respect to personal jurisdiction.

coordinated in the same court under a unified schedule. In fact, Plaintiffs now state that they "would not object to a limited, date-certain extension of Defendants' time to answer or otherwise respond to the Complaint". (ECF No. 59 at 2.)

2. Plaintiffs' only apparent disagreement with Defendants' Motion arises from Plaintiffs' portrayal of Defendants' Motion as seeking an "indefinite" delay that would somehow prejudice Plaintiffs. (*Id*. at 1, 6-7.) But that portrayal is wrong. Defendants simply seek a brief extension of time within which to respond to the Complaint to allow the 11 different pending cases to be placed on similar, coordinated tracks so that the principles of Rule 1 may be observed. Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

3. Defendants' Motion shows that ample good cause exists for the requested relief because it will (i) allow time for the pending cases to be coordinated and/or consolidated; (ii) avoid the submission of duplicative or uncoordinated answers and/or motions to dismiss; (iii) conserve party and judicial resources; and (iv) prevent any party from being advantaged or disadvantaged while the parties (and the courts) develop a plan to manage the cases. *See Webb v. Kline*, No. 1:22-CV-00008-JMC, 2022 WL 1556098, at *3 (D. Md. May 17, 2022) (granting an extension of time to respond to a complaint to "streamline the proceedings in the interest of judicial efficiency" and noting the extension was "especially reasonable given the early posture of this case").

2

Case 1:22-cv-00828-TDS-JEP   Document 60   Filed 12/05/22   Page 2 of 10

4. Defendants also filed a similar motion in *Anderson v. Syngenta Crop Protection AG*, No. 22-cv-858-TDS-JEP, and *Croscut v. Syngenta Crop Protection AG*, No. 22-cv-899-TDS-JEP, which concern the same factual issues as alleged in this action and which this Court recently consolidated. That motion—to which plaintiffs in those consolidated actions have consented—seeks a comparable extension of time to allow for appropriate coordination of all of these cases.

5. There is no reason to have 11 substantially similar cases proceeding on different tracks, in different courts, with the possibility of inconsistent judgments and the certainty of inconvenience and expense to many of the parties involved.

6. Indeed, despite plaintiff's opposition to a similar extension request in *Jenkins v. Corteva, Inc.*, No. 22-cv-1976-RLY-DLP, in the Southern District of Indiana ("S.D. Ind."), Magistrate Judge Doris L. Pryor *granted in part* Defendants' motion for an extension of time to respond to the complaint due to the pending motion to transfer. Judge Pryor extended the deadline to respond to the complaint from December 16, 2022, to January 20, 2023, and continued the initial pretrial conference in that matter from December 6, 2022, to January 25, 2023. (Segall Decl. Ex. A.) This was the second extension granted by Judge Pryor in *Jenkins*. (Segall Decl. Ex. B.)

7. In the time since Defendants filed this motion, on November 22, 2022, plaintiffs in the seven other actions in S.D. Ind. (the "*Bradley Day* Plaintiffs") have filed a motion before the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") seeking to transfer

*Anderson* to S.D. Ind. for coordinated or consolidated pretrial proceedings. (Segall Decl. Ex. C.) Responses to that motion are due by December 19, 2022, and replies are due by December 27, 2022. In response to that motion, Defendants intend to request the J.P.M.L. transfer all related cases *to this District* for coordination. The *Bradley Day* Plaintiffs also moved on December 2, 2022, to consolidate their cases with *Jenkins*. (Segall Decl. Ex. D.)

8.  Contrary to Plaintiffs' assertions, and as shown by Plaintiffs' own exhibits, Defendants have worked diligently with Plaintiffs to keep the case moving since the filing of this action (which followed a nearly three-year investigation by the FTC). (*See* Weingarten Decl. Ex. A, B, C.) This is Defendants' first request for an extension of time in this case. Defendants are prepared to proceed expeditiously as soon as it is determined in which court(s) the 11 pending cases will be heard and such cases can be coordinated, so that neither the parties nor the courts are required to engage in unnecessary and duplicative litigation. While Defendants did not propose a specific date for responding to Plaintiffs' complaint and holding an initial pretrial conference, which would be premature, Defendants are not seeking an "indefinite" stay pending "anticipated developments". Rather, Defendants have requested an extension pending resolution of *actual* developments, that is, "up to and including a date after disposition of Defendants' motion to transfer". And Defendants are hopeful that will be resolved in short order by the S.D. Ind. court. (Segall Decl. Ex. E.) The private plaintiffs in North Carolina—who have just

4

as much incentive as these Plaintiffs to proceed promptly—agreed to the same extension of time Defendants propose here.

9. The requested extension serves the interests of judicial economy. There are currently 11 related cases pending in two districts before various judges and magistrates, filed between September 29 and November 11, 2022. Motions seeking to coordinate the related cases are pending on several dockets. Some private plaintiffs have coordinated with Plaintiffs in this action; others have not. It is in the interest of efficiency and judicial economy to grant the limited requested extension until after disposition of Defendants' motion to transfer. This will facilitate the further coordination or consolidation of these cases and avoid burdensome, duplicative and inconsistent proceedings, schedules and discovery orders.

10. The limited delay requested here would not unduly prejudice Plaintiffs or the public interest. Plaintiffs now state that they do "not object to a limited, date-certain extension". (ECF No. 59 at 2.) This willingness alone shows that the brief delay requested by Defendants would not result in undue prejudice and harm.

11. Plaintiffs' citation to *Yadkin Riverkeeper, Inc. v. Duke Energy Carolinas, LLC*, 141 F. Supp. 3d 428 (M.D.N.C. 2015), does not support the argument that a brief delay *here* would be contrary to public policy. There, in considering the delay's effect on the public interest, the court focused on the nature of the allegations against the defendant: the "discharge of pollutants into [rivers] and their tributaries" that "are harmful to human

health and the environment". *Id*. at 452. Those allegations are materially different from those in the present Complaint, which focus on alleged conduct that purportedly resulted in "artificially inflated prices that U.S. farmers pay". (Compl. ¶ 1.) Unlike the situation in *Yadkin*, the limited relief requested here presents no risk of potentially irreversible harm to human health or the environment.

12. Plaintiffs' other case citations are equally inapposite. *See, e.g.*, *Mickalis Pawn Shop, LLC v. Bloomberg*, 465 F. Supp. 2d 543, 546 (D.S.C. 2006) (denying an extension of time, in part, because of plaintiff's alleged "injury to his reputation"); *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127-28 (4th Cir. 1983) (denying a request to *stay trial* pending the resolution of bankruptcy proceedings, "which very well could be pending for a long period of time", where "a plaintiff [was] in declining health").

13. Conversely, while Plaintiffs will not be unduly prejudiced by a brief extension of time, the lack of an extension *will* prejudice Defendants. An appropriate extension will allow Defendants—and plaintiffs other than those in the instant action—to understand where they will be litigating numerous substantially related cases and for these cases to be coordinated, reducing the heavy burden on Defendants (and plaintiffs) involved with preparing multiple, uncoordinated responses in different courts and in front of different judges. Defendants risk not only the burden of inconsistent scheduling and discovery orders, but also inconsistent rulings on shared factual and legal issues that cannot be avoided by the doctrines of res judicata or collateral estoppel.

6

Case 1:22-cv-00828-TDS-JEP   Document 60   Filed 12/05/22   Page 6 of 10

14. Separately, Plaintiffs now ask this Court to set an initial pretrial conference "at the earliest available date". (ECF No. 59 at 12.) Defendants oppose Plaintiffs' request for substantially the same reasons that Defendants contend an extension is warranted. Prematurely holding the initial pretrial conference will not serve the interests of judicial economy or efficiency. Given the pending motions to transfer and consolidate, it is almost certain that any case management deadlines set now will need to be adjusted in short order.

15. Defendants have shown good cause for this Court to grant their motion for an extension of time to a date following the disposition of Defendants' motion to transfer and to defer the scheduling of the initial pretrial conference until that motion's disposition.

16. Nevertheless, as noted above, after the present motion was filed, the *Jenkins* court ordered an extension of Defendants' deadline to respond to the complaint to January 20, 2023, and adjourned the initial pretrial conference to January 25, 2023. Defendants are hopeful that the court will have resolved the pending motion to transfer by that time and that the private plaintiffs will have resolved to work together to file a consolidated amended complaint.

17. In view of this development, and in view of Plaintiffs' statement that they do "not object to a limited, date-certain extension of Defendants' time to answer or otherwise respond to the Complaint", which Plaintiffs did not offer when parties conferred on this motion, Defendants respectfully request, in the alternative, that this Court extend Defendants' time to respond to the Complaint to January 20, 2023, the same date as ordered

7

Case 1:22-cv-00828-TDS-JEP    Document 60    Filed 12/05/22    Page 7 of 10

by the S.D. Ind. court. Defendants also request, consistent with this Court's standard practice for the timing of the initial pretrial conference (after the pleadings have closed), that the Court defer scheduling an initial pretrial conference until at least that time.

Respectfully submitted this 5th day of December, 2022.

>MCGUIREWOODS LLP
>
>/s/ Mark E. Anderson
>Mark E. Anderson (Bar No. 15764)
>manderson@mcguirewoods.com
>501 Fayetteville Street, Suite 500
>Raleigh, North Carolina 27601
>Phone: 919.755.6600
>Fax: 919.755.6699
>
>Katherine B. Forrest*
>kforrest@cravath.com
>David R. Marriott*
>dmarriott@cravath.com
>Margaret T. Segall*
>msegall@cravath.com
>CRAVATH, SWAINE & MOORE LLP
>825 Eighth Avenue
>New York, New York 10019
>Telephone: (212) 474-1000
>Facsimile: (212) 474-3700
>
>*Specially appearing under L.R. 83.1(d)
>
>*Attorneys for Defendant Corteva, Inc.*

FOX ROTHSCHILD LLP

/s/ Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

10