UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TEXAS, and STATE OF WISCONSIN, Plaintiffs, v. SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., Defendants. | C.A. No. 22-CV-828 |

**SYNGENTA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Defendants Syngenta Crop Protection, LLC, Syngenta Crop Protection AG, and Syngenta Corporation (collectively, "Syngenta"), hereby move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all claims against them in this action.

In support of this Motion, the Syngenta Defendants state as follows:

1. On September 29, 2022, the Federal Trade Commission and ten states (collectively, "Plaintiffs") filed a Complaint in this action. (ECF No. 1).

2. The Complaint asserts fourteen separate counts against Syngenta: violations of Section 5 of the FTC Act (Count I), Section 3 of the Clayton Act (Count II), Sections 1 and 2 of the Sherman Act (Counts III and IV), and state antitrust or consumer protection laws of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Texas, and Wisconsin (Counts V-XIV).

3. There are several grounds supporting dismissal of Plaintiffs' federal claims under the FTC Act, Clayton Act, and Sherman Act (Counts I-IV). First, the Complaint fails to state a claim because under well-developed federal antitrust law, above-cost market share rebate programs that lack coercive non-price features, such as Syngenta's rebate program as alleged, are pro-competitive and lawful. Second, the Complaint fails to state a claim because it does not allege facts showing the requisite harm to competition. Finally, the Complaint fails to state a claim because it pleads an implausibly narrow product market.

4. Plaintiffs' state law claims also fail in their entirety. Plaintiffs' state antitrust law claims (Counts V-XIV) fail for the same reasons as Plaintiffs' federal claims because the state antitrust statutes at issue are interpreted consistently with federal antitrust law. Plaintiffs' claims under Indiana's consumer protection law (Count VIII) and Iowa's consumer protection law (Count IX) fail for reasons specific to those statutes. Alternatively, if the Court dismisses the federal claims, it can decline jurisdiction over the state claims.

5. Finally, Plaintiffs' group pleading approach fails to state a claim against Syngenta Crop Protection AG or Syngenta Corporation because neither entity is specifically alleged to have participated in the challenged conduct.

For the reasons stated herein and in Syngenta's brief in support of this Motion,[1] Syngenta respectfully request that all claims against them be dismissed in their entirety and with prejudice.

Date: December 12, 2022

        FOX ROTHSCHILD LLP

        */s/Patrick M. Kane*
        Patrick M. Kane
        N.C. Bar No. 36861
        pkane@foxrothschild.com
        230 N. Elm Street, Suite 1200
        PO Box 21927 (27420)
        Greensboro, NC 27401
        Telephone: (336) 378-5200
        Facsimile: (336) 378-5400

        Paul S. Mishkin\*
        paul.mishkin@davispolk.com
        DAVIS POLK & WARDWELL LLP
        450 Lexington Avenue
        New York, NY 10017
        Telephone: (212) 450-4292
        Facsimile: (212) 701-5292

        \*Specially appearing under L.R. 83.1(d)

        *Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

---

[1] Because Syngenta's proposed memorandum in support of this Motion exceeds the Court's default word limit for principal briefs, Syngenta has filed it as Exhibit A to Syngenta's Motion to Extend the Word Limit being filed contemporaneously herewith. Syngenta will re-file its memorandum in support of this Motion to Dismiss separately on the docket upon the Court's adjudication of the Motion to Exceed Word Limit and as directed by the Court.