# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br> STATE OF CALIFORNIA, <br> STATE OF COLORADO, <br> STATE OF ILLINOIS, <br> STATE OF INDIANA, <br> STATE OF IOWA, <br> STATE OF MINNESOTA, <br> STATE OF NEBRASKA, <br> STATE OF OREGON, <br> STATE OF TEXAS, <br> and <br> STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, <br> SYNGENTA CORPORATION, <br> SYNGENTA CROP PROTECTION, LLC, <br> and <br> CORTEVA, INC., <br><br> Defendants. | Civil Action No. 22-CV-828 |

**MEMORANDUM OF LAW IN SUPPORT OF SYNGENTA'S MOTION TO EXTEND THE WORD LIMIT FOR THE MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

**INTRODUCTION & NATURE OF THE MATTER**

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta") seek an increase in the word limit that would otherwise apply to the memorandum in support of their Motion to Dismiss under Local Rule 7.6(d)(1).

The Complaint in this action is 91 pages long and asserts 14 separate causes of action against Syngenta. In order to fully inform the Court of the deficiencies of Plaintiffs' allegations and the numerous well-founded bases for dismissal under well-established precedent, Syngenta asks that the Court grant leave to allow the memorandum in support of Syngenta's Motion to Dismiss to exceed the 6,250-word limit under Local Rule 7.3(d). The proposed memorandum filed along with this Motion contains 7,726 words, as calculated pursuant to Local Rule 7.3(d).

## BACKGROUND

On September 29, 2022, the Federal Trade Commission and ten states (collectively, "Plaintiffs") filed a Complaint in this action. (ECF No. 1). Plaintiffs assert claims under Section 5 of the FTC Act, Section 3 of the Clayton Act, Sections 1 and 2 of the Sherman Act, and numerous state antitrust and consumer protection laws of ten states.

Simultaneously with the filing of this Motion, Syngenta is moving to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

Plaintiffs assert 14 separate causes of action against Syngenta in a Complaint containing 242 numbered allegations spanning 91 pages. In response, Syngenta's Motion to Dismiss identifies numerous well-founded bases for dismissal. While the grounds for dismissing the Complaint are straightforward, an extension of the 6,250 word limit is appropriate to facilitate a clear and complete explanation of each basis for dismissal,

including to permit Syngenta to fully inform the Court of the established antitrust law underpinning each of the numerous grounds for dismissal.

Rule 7.3(d)'s recognition that the Court can order an increase in the word limit reflects this Court's inherent power to do so. *See, e.g.*, *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); *U.S. ex rel. Lindsey v. Trend Cmty. Mental Health Servs.*, 88 F. Supp. 2d 475, 477 (W.D.N.C. 1999). Thus, judges in this district have granted leave to file briefs in excess of the word limits when appropriate. *See, e.g.*, *Rochelle v. United States*, No. 1:12CV1121, 2016 WL 1241329, at *17 (M.D.N.C. Mar. 28, 2016); *Estate of Sipes v. United States*, 2016 WL 109970, at *8 (M.D.N.C. Jan. 8, 2016).

The circumstances here render a word-limit increase appropriate. Syngenta's Motion to Dismiss the lengthy Complaint demonstrates that there are several principal grounds for dismissal, including:

1. The Complaint fails to state a claim under the FTC, Clayton, or Sherman Acts because under well-developed federal antitrust law, above-cost market share rebate programs that lack coercive non-price features, such as Syngenta's rebate program as alleged, are pro-competitive and lawful.

2. The Complaint fails to state a claim under the FTC, Clayton, or Sherman Acts because it does not allege facts showing the requisite harm to competition.

3. The Complaint fails to state a claim under the FTC, Clayton, or Sherman Acts because the Complaint pleads implausibly narrow product markets.

4. Plaintiffs' claims under state antitrust law fail for the same reasons as their federal claims.

5. The Complaint fails to state a claim under the asserted state consumer protection statutes for reasons specific to each statute.

6. The Complaint's impermissible group pleading fails to state a claim against Syngenta Crop Protection AG or Syngenta Corporation.

3

The issues presented by Plaintiffs' claims have been subject to thorough judicial consideration under well-established precedent. While having worked diligently to be concise in presenting its arguments to the Court, clearly organizing and explicating that abundant law mandating dismissal of Plaintiffs' unprecedented enforcement theories has required Syngenta to exceed the 6,250-word limit.

## CONCLUSION

For these reasons, Syngenta respectfully request that the Court increase the word limit for the memorandum in support of their Motion to Dismiss Plaintiffs' Complaint, and that the Court allow and direct the filing of Syngenta's proposed memorandum—containing 7,726 words—which is attached as Exhibit A to Syngenta's Motion to Extend the Word Limit.

Date: December 12, 2022

FOX ROTHSCHILD LLP

*/s/ Patrick M. Kane*
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

\*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document contains fewer than 6,250 words, excluding those portions exempted by Local Rule 7.3(d).

*/s/ Patrick M. Kane*
Patrick M. Kane