UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF CALIFORNIA,<br>STATE OF COLORADO,<br>STATE OF ILLINOIS,<br>STATE OF INDIANA,<br>STATE OF IOWA,<br>STATE OF MINNESOTA,<br>STATE OF NEBRASKA,<br>STATE OF OREGON,<br>STATE OF TEXAS,<br>    and<br>STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG,<br>SYNGENTA CORPORATION,<br>SYNGENTA CROP PROTECTION, LLC,<br>    and<br>CORTEVA, INC.,<br><br>    Defendants. | Civil Action No. 22-CV-828 |

## SYNGENTA'S MOTION TO FILE PORTIONS OF THE [PROPOSED] MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS UNDER SEAL

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta"), by and through their undersigned attorneys and pursuant to Local Rule 5.4, respectfully submit this motion to file limited portions of the proposed memorandum in support of their Motion to Dismiss under

permanent seal, consistent with the agreement of all Parties to redact certain confidential information in the amended public Complaint.[1]

Because this case is in its earliest stages, as of the time of this Motion, a Local Rule 5.5 Order has not been entered. However, the Parties have conducted a conference pursuant to Local Rule 5.4(b)(1)(b) and have filed a Joint Local Rule 5.5 Report. (ECF No. 19.) The Parties anticipate filing an updated Local Rule 5.5 Report within ten days of their Rule 26(f) conference. For the purposes of this Motion, Syngenta is following the default procedures set out in Local Rule 5.4(c).

In Support of this Motion, Syngenta states as follows:

1. On September 29, 2022, Plaintiffs filed a complaint (the "Complaint") against Syngenta and co-defendant Corteva, Inc. ("Corteva"). (ECF No. 1).

2. On that same date, Plaintiff FTC filed a Motion to File Portions of the Complaint Temporarily Under Seal (the "Complaint Sealing Motion") (ECF No. 2). The Complaint Sealing Motion proposed to keep under seal for a period of 14 days certain confidential information that the FTC obtained from Syngenta, Corteva, and certain non-parties in the FTC's pre-Complaint investigation.

3. On October 13, 2022, Syngenta filed a response in support of the Complaint Sealing Motion ("Syngenta's Complaint Sealing Response"), which requested

---

[1] The confidential information that Syngenta seeks to seal resides with Syngenta Crop Protection, LLC. However, Defendants Syngenta Crop Protection AG and Syngenta Corporation also have an interest in this information being kept confidential and under seal by virtue of their corporate relationship with Syngenta Crop Protection, LLC and therefore join in this Motion. By joining in this Motion, Syngenta Crop Protection AG and Syngenta Corporation, do not concede they are proper defendants in this action and expressly reserve, and do not waive, all rights.

2

that the Court continue to redact certain portions of the publicly available Complaint that contain confidential and commercially sensitive information, and keep the unredacted Complaint filed under seal. (ECF No. 22).

4. On October 27, 2022, Syngenta filed a notice of withdrawal in part of Syngenta's Complaint Sealing Response ("Syngenta's Notice of Withdrawal in Part"), by which Syngenta informed the Court that, in an effort to reach a compromise and relieve the Court of the need to address any dispute, Syngenta had withdrawn their sealing request as to certain portions of the Complaint, and that Plaintiffs do not object to Syngenta's request to keep the remaining redactions under seal. (ECF. No. 49).

5. The Complaint Sealing Motion remains pending before the Court.

6. Contemporaneously with the filing of this Motion, Syngenta is moving to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Syngenta's proposed memorandum in support of the Motion to Dismiss contains certain limited references to portions of the Complaint that Syngenta seeks to remain under seal.

7. No new confidential information is being introduced in Syngenta's Motion to Dismiss or the proposed accompanying memorandum. Syngenta seeks only to redact portions of the proposed memorandum to the extent necessary to maintain the confidentiality of the information already proposed to be sealed in the Complaint by agreement of all Parties.

8. Syngenta provided this confidential information to the FTC during the FTC's pre-Complaint investigation and requested that the FTC maintain the information

as confidential. *See* Declaration of Vern Hawkins in Support of Syngenta's Complaint Sealing Response ¶ 9 (ECF No. 22-1). This information includes the terms of Syngenta's business agreements with third parties or details of the negotiations of these agreements; (ii) internal Syngenta documents that describe or analyze Syngenta's competitive strategies for sales and marketing; and (iii) confidential business and financial information, including analyses of pricing and sales data. *Id.* ¶¶ 6-8. This information is commercially or competitively sensitive, and Syngenta maintains the confidentiality of this information. *Id.* ¶ 9.

9. Such information is confidential, competitively and commercially sensitive information of the type that courts in this Circuit regularly permit to be filed under seal. *See, e.g., Mr. Dee's Inc. v. Inmar, Inc.*, 2021 WL 294775, at *6 (M.D.N.C. Jan. 28, 2021) ("[T]his Court . . . previously has granted motions to seal confidential marketing and sales information, the disclosure of which would have harmed the competitive and financial interests of the parties." (cleaned up)); *Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 291-92 (W.D.N.C. 2019) (maintaining confidentiality of portions of deposition testimony that discussed corporate business strategies and financial data); *Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 117 F. Supp. 3d 732, 746 (M.D.N.C. 2015) (granting motion to seal documents containing proprietary financial figures where the public release would negatively impact the party's business); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining under seal "confidential financial and business information which, if made public, could harm the parties' business interests"); *Bayer Cropscience Inc. v. Syngenta Crop Prot.*, LLC, 979 F.

Supp. 2d 653, 656–57 (M.D.N.C. 2013) (holding that "certain marketing [and] sales" information should be sealed because it was "not ordinarily public" and would cause "harm[ ] by public disclosure").

10. A more detailed explanation of the bases for redaction of this material is set forth in Syngenta's Complaint Sealing Response, the Hawkins Declaration, and Syngenta's Notice of Withdrawal in Part, each of which are fully incorporated by reference herein. (ECF Nos. 22, 22-1, and 49).

11. For the foregoing reasons, Syngenta respectfully requests that the Court permanently maintain under seal the confidential information in the proposed memorandum in support of their Motion to Dismiss, which confidential information is identified in the highlighted version of such memorandum being filed contemporaneously under seal pursuant to L.R. 5.5(c)(8).

12. A proposed Order is submitted herewith.

Date: December 12, 2022

FOX ROTHSCHILD LLP

/s/ Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
DAVIS POLK & WARDWELL LLP

450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*