UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION., et al.<br><br>Defendants. | CASE NO. 1:22-CV-828<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL PORTIONS OF CORTEVA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** |

# Table of Contents

                                                            **Page**

Table of Authorities ....................................................................................................ii

Argument .................................................................................................................. 2

    A.     Legal Standard................................................................................................ 2

    B.     Corteva's Interest in Maintaining Confidentiality is Strong ......................... 4

    C.     The Public Interest in Securing Access to this Information is Weak ........... 6

    D.     Corteva's Sealing Requests Are Narrowly Tailored to Protect Corteva's Interests, and There is No Less Drastic Alternative Available .......................................................................................................... 8

Conclusion ................................................................................................................ 9

# Table of Authorities

                                                      **Page(s)**

**Cases**

*Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*,
   979 F. Supp. 2d 653 (M.D.N.C. 2013) ............................................................... 4

*Courthouse News Serv. v. Schaefer*,
   2 F.4th 318 (4th Cir. 2021) .................................................................................. 8

*Fortson v. Garrison Prop. and Cas. Ins. Co.*,
   No. 1:19-CV-294, 2022 WL 824802 (M.D.N.C. Mar. 18, 2022) ................... 3, 8

*Glob. Bioprotect LLC v. Viaclean Techs., LLC*,
   No. 1:20CV553, 2021 WL 848710 (M.D.N.C. Mar. 5, 2021) ............................ 6

*Guhne v. Ceridian HCM, Inc.*,
   No. 1:20-CV-925, 2021 WL 1165328 (M.D.N.C. Mar. 26, 2021) ..................... 5

*In re Knight Publ'g Co.*,
   743 F.2d 231 (4th Cir. 1984) ............................................................................... 2

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) ........................................................................................ 3, 4

*Press-Enter. Co. v. Superior Ct.*,
   464 U.S. 501 (1984) ............................................................................................ 3

*Robinson v. Bowser*,
   No. 1:12CV301, 2013 WL 3791770 (M.D.N.C. July 19, 2013) ........................ 7

*Rushford v. New Yorker Mag., Inc.*,
   846 F.2d 249, 252 (4th Cir. 1988) ...................................................................... 2

*Scott v. City of Durham*,
   No. 1:20-CV-558, 2022 WL 767557 (M.D.N.C. Mar. 14, 2022) ....................... 3

*Silicon Knights, Inc. v. Epic Games, Inc.*,
   No. 07-CV-275, 2011 WL 901958 (E.D.N.C. Mar. 15, 2011) ....................... 3, 9

*SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*,
   No. 1:20-CV-000834, 2022 WL 4933117 (M.D.N.C. Sept. 26, 2022) ............... 8

*Syngenta Crop Prot., LLC v. Willowood, LLC*,
   No. 1:15CV274, 2016 WL 6783691 (M.D.N.C. Oct. 6, 2016) .......................... 6

*Tolliver v. Tandium Corp.*,
    No. CV ELH-21-1441, 2021 WL 5827886 (D. Md. Dec. 8, 2021) ................... 5

*Ultra-Mek, Inc. v. United Furniture Indus., Inc.*,
    No. 1:18CV281, 2021 WL 8533815 (M.D.N.C. Mar. 22, 2021) ........................ 4

*Va. Dept. of State Police v. Washington Post*,
    386 F.3d 567 (4th Cir. 2004) ........................................................................ 2, 3

**Statutes & Rules**

Fed. R. Civ. P. 5.2 ............................................................................................... 1

Local Rule 5.4 ..................................................................................................... 1

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Rule 5.4 of the Local Rules of Practice and Procedure, Defendant Corteva, Inc. ("Corteva") submits this brief in support of the Motion to File Under Seal Portions of Corteva's Memorandum in Support of Motion to Dismiss (the "Memorandum"). Corteva respectfully requests that this Court preserve the narrow redactions in the proposed public version of the Memorandum filed by Corteva.

On September 29, 2022, the Federal Trade Commission (the "FTC") and ten state attorneys general (collectively, the "Plaintiffs") filed a complaint, Doc. 1 (the "Complaint"), that contains Corteva's non-public, confidential, and competitively sensitive business information, the disclosure of which would significantly harm Corteva. Corteva moved to keep portions of the Complaint under seal, (Doc. 24.), and filed a declaration in support of its motion to seal, (Doc. 25-3, the "Kaehler Decl."). Corteva met and conferred with Plaintiffs, and Plaintiffs did not oppose Corteva's motion. Corteva now cites these portions of the Complaint in its Memorandum, and respectfully requests that it remain sealed.

Corteva produced this information to the FTC in a non-public investigation that preceded the filing of the complaint, and it designated all information produced pursuant to that investigation as confidential. (Kaehler Decl. ¶ 6.) Corteva takes reasonable steps to maintain the confidentiality of this information, and it is of limited public interest. Therefore, Corteva respectfully requests that the Court permanently seal Corteva's confidential information and order a redacted version of the Memorandum be publicly filed.

# Argument

A.  Legal Standard

The public's right to view the information included in filings made in federal court is not absolute. *See Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). A district court "may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Fourth Circuit has set forth mandatory rules for a district court to follow when balancing these interests. *See Washington Post*, 386 F.3d at 575–76. *First*, the court must determine whether the public's right of access to the judicial documents in question arises under the First Amendment or the common law. *See Washington Post*, 386 F.3d at 576. *Second*, the court must "weigh the appropriate competing interests under the following procedure:" (1) "it must give the public notice of the request to seal and a reasonable opportunity to challenge the request"; (2) "it must consider less drastic alternatives to sealing"; and (3) "if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.*

The standard that applies, either the First Amendment or the common law right of access, depends on the nature of the filing. *Id.* at 575. The First Amendment right of access applies to information and documents cited in or attached to a motion to dismiss. *See Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (applying the First Amendment standard to information

"made part of a dispositive motion"). "When a First Amendment right of access applies, the proponent of sealing must show a compelling governmental interest or other higher value to justify sealing and the limitation on public access must be narrowly tailored to serve that interest." *Scott v. City of Durham*, No. 1:20-CV-558, 2022 WL 767557 (M.D.N.C. Mar. 14, 2022) (citing *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984)). The movant must also present specific reasons to support its position—conclusory assertions will not do. *See Washington Post*, 386 F.3d at 575. The Fourth Circuit held that the following factors are relevant when balancing the litigant's interest in secrecy and the public's First Amendment right to access: "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Knight Publ'g*, 743 F.2d at 235 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–608 (1978))

"[A]n interest in confidential and proprietary business information" is a higher value that "can override the public's First Amendment right of access to court records." *Fortson v. Garrison Prop. and Cas. Ins. Co.*, No. 1:19-CV-294, 2022 WL 824802, at *3 (M.D.N.C. Mar. 18, 2022); *see also Silicon Knights, Inc. v. Epic Games, Inc.*, No. 07-CV-275, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (collecting cases). Indeed, courts in this district find that "sensitive business information that is not publicly available and, if disclosed to the public, would

3

damage the parties" is "significant and outweigh[s] the presumption of public access[.]" *Ultra-Mek, Inc. v. United Furniture Indus., Inc.*, No. 1:18CV281, 2021 WL 8533815, at *5 (M.D.N.C. Mar. 22, 2021); *see also Nixon*, 435 U.S. at 598 (noting that courts may seal "sources of business information that might harm a litigant's competitive standing").

B.     Corteva's Interest in Maintaining Confidentiality is Strong

Corteva's requests for sealing are appropriate under the First Amendment right of public access, as Corteva has a higher value in preserving the confidentiality of its sensitive business information in order to prevent competitive harm. Corteva seeks to keep under seal the following highly sensitive confidential business information:

- Specific, confidential terms of Corteva's agreements with non-party distributors. (Kaehler Decl. ¶¶ 9, 12, 14.)

- Information identifying the non-party distributors who are counterparties to Corteva's agreements. (Kaehler Decl. ¶ 10.)

Courts in this district recognize the higher value of protecting sensitive business information, and accordingly seal such information to prevent competitive harm. *See Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013) (sealing, under the First Amendment standard, "confidential marketing and sales information," the disclosure of which would have harmed "[t]he competitive and financial interest[s] of the parties").

*First*, all of the information that Corteva seeks to seal is non-public information and has not been disclosed to the public. Kaehler Decl. ¶ 3, 4, 6.

4

Corteva makes reasonable efforts to maintain the confidentiality of the information it seeks to seal. *Id.* For example, Corteva includes confidentiality provisions in its agreements with third-parties and does not disclose its counterparties' identities. *See* Kaehler Decl. ¶ 14. Due to Corteva's efforts to maintain the confidentiality of its information, the information that Corteva seeks to seal remains non-public.

*Second*, Corteva has a higher value in maintaining the confidentiality of its sensitive business information because Corteva would be significantly harmed if this information were revealed to the public. Kaehler Decl. ¶ 5. If the confidential terms of Corteva's agreements with third-parties were disclosed in the Complaint, then Corteva's competitors and potential counterparties would reap a windfall. *See Guhne v. Ceridian HCM, Inc.*, No. 1:20-CV-925, 2021 WL 1165328, at *14 (M.D.N.C. Mar. 26, 2021) (sealing, under the First Amendment standard, "confidential internal information that would provide a significant advantage to [the defendant's] competitors"). Corteva's competitors could gain a competitive advantage over Corteva by pursuing agreements with non-party distributors containing the same or similar terms. *See* Kaehler Decl. ¶ 5. Potential counterparties could gain an advantage in negotiations with Corteva by using the information disclosed in the Complaint to seek more favorable terms in their agreements with Corteva. *See id.* Protecting Corteva's bargaining power with potential counterparties and preserving Corteva's position relative to its competitors are quintessential examples of higher values that justify the sealing of Corteva's confidential information. *See, e.g.*, *Tolliver v. Tandium Corp.*, No. 21-

5

CV-1441, 2021 WL 5827886, at *3 (D. Md. Dec. 8, 2021) (finding, under the First Amendment standard, that harm to future contract negotiations warranted redacting provisions of an existing contract); *Glob. Bioprotect LLC v. Viaclean Techs., LLC*, No. 1:20-CV-553, 2021 WL 848710, at *7 (M.D.N.C. Mar. 5, 2021) (sealing, under the First Amendment standard, confidential business information because its disclosure would "cause [the defendant] competitive harm and give its competitors an unfair advantage" (internal quotation marks omitted)).

*Third*, much of the information that Corteva seeks to seal consists of the terms of confidential agreements with non-parties to this litigation—the loyalty agreements and Corporate Distributor Offers. *See* Kaehler Decl. ¶¶ 9, 12. This Court has previously recognized the importance of maintaining the confidentiality of agreements with non-parties to a litigation. *See Willowood, LLC*, 2016 WL 6783691, at *2 (sealing in its entirety "a supply agreement between Willowood and its manufacturer of azoxystrobin"). Moreover, these agreements include confidentiality provisions that apply to both Corteva and the non-party distributors who signed the agreements. *See* Kaehler Decl. ¶ 14. Independent of the harm to Corteva, disclosure of the terms of these agreements could harm distributors by, for example, allowing Corteva's competitors to gain leverage over distributors in negotiations concerning agreements similar to Corteva's loyalty agreements.

C.   The Public Interest in Securing Access to this Information is Weak

In contrast to the significant harm to Corteva if its information is disclosed, the public interest in accessing this information is minimal. Corteva has proposed

6

narrow redactions to the Complaint to protect Corteva's confidential business information and it seeks to seal this same information in its Memorandum. This information includes Corteva's confidential business agreements and the identities of the counterparties to those agreements. This material could provide Corteva's competitors with an unfair business advantage. *See* Decl. ¶ 6. The material is not accessible to the public, nor has it knowingly been disclosed to the public. *See* Decl. ¶ 3, 4, 6. And its disclosure would do nothing to further the public's understanding of, for example, an "important historical event". *Washington Post*, 386 F.3d at 575. Based on these factors, the public interest in disclosure of these contractual terms and identities of counterparties is minimal. Indeed, the members of the public who would be most interested in acquiring this information are Corteva's competitors and potential counterparties to its agreements.

Likewise, there is minimal public interest in the disclosure of non-party distributors' confidential information. Courts recognize the importance of protecting the privacy interests of non-parties whose confidential information may be disclosed in court filings. *See Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770, at *12 (M.D.N.C. July 19, 2013) (noting that "the privacy interest in protecting [the sensitive information of nonparties] outweighs the public's First Amendment right of access"). Thus, the public interest in accessing both Corteva and its distributors' information is minimal.

Finally, Corteva notes that this case is in its infancy. "Generally, the public interest in disclosure heightens as the underlying motions are directed more to the

7

merits and as the case proceeds toward trial." *SmartSky Networks, LLC v. Wireless Sys. Sols.*, LLC, No. 1:20-CV-000834, 2022 WL 4933117, at *8 (M.D.N.C. Sept. 26, 2022)). So far, the only substantive filing in this case is the Complaint, and trial remains a distant prospect that may be avoided if Corteva's Motion to Dismiss is granted. Without access to the narrow portions of the Memorandum that Corteva seeks to seal, the public can still "understand the parties involved in [this] case, the facts alleged, the issues for trial, and the relief sought." *See Courthouse News Serv.*, 2 F.4th at 327 (4th Cir. 2021). Thus, the redacted Complaint fulfills the First Amendment right of access.

D.  Corteva's Sealing Requests Are Narrowly Tailored to Protect Corteva's Interests, and There is No Less Drastic Alternative Available

Corteva's sealing requests are narrowly tailored to include only sensitive business information. Throughout the Memorandum, Corteva primarily proposes redacting only individual numbers, words, or clauses, and Corteva proposes sealing no complete sentences. Here, Corteva "has not asked to seal broad swaths of non-confidential information; rather, it has proposed targeted redactions that are not overbroad and only concern confidential information." *Fortson*, 2022 WL 824802, at *5.

No less drastic alternative to these limited redactions is available to the Court and would keep this information from becoming public to Corteva's detriment. This information represents sensitive "business information belonging to the parties as well as third-parties, information which is of utmost importance to

8

them but not generally available to the public or bearing importance to any public matters." *Silicon Knights*, 2011 WL 901958, at *2. Thus, the limited redaction of this information is the least drastic option available to this Court.

## Conclusion

For the reasons stated above, Corteva respectfully requests that this Court grant the Motion to File Under Seal, and order that the unredacted Complaint be filed under seal and a public version of the Complaint be filed with Corteva's redactions.

Respectfully submitted this 12 day of December, 2022.

                              MCGUIREWOODS LLP

                              /s/ Mark E. Anderson
Mark E. Anderson (Bar No. 15764)
manderson@mcguirewoods.com
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone: 919.755.6600
Fax: 919.755.6699

Katherine B. Forrest*
kforrest@cravath.com
David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendant Corteva, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2022, I caused the foregoing MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P 12(b)(6), and all attachments thereto, to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF System.

This the 12th day of December, 2022.

                                          MCGUIREWOODS LLP

                                          /s/ Mark E. Anderson
                                          Mark E. Anderson (Bar No. 15764)
                                          manderson@mcguirewoods.com
                                          501 Fayetteville Street, Suite 500
                                          Raleigh, North Carolina 27601
                                          Phone: 919.755.6600
                                          Fax: 919.755.6699

**CERTIFICATE OF WORD COUNT**

The undersigned certifies that this Brief is in compliance with Rule 7.3(d)(1) of the Local Rules for the Middle District of North Carolina because it contains fewer than 6,250 words.

This the 12th day of December, 2022.

                                              MCGUIREWOODS LLP

                                              /s/ Mark E. Anderson
                                              Mark E. Anderson (Bar No. 15764)
                                              manderson@mcguirewoods.com
                                              501 Fayetteville Street, Suite 500
                                              Raleigh, North Carolina 27601
                                              Phone:  919.755.6600
                                              Fax:  919.755.6699