| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF CALIFORNIA,<br>STATE OF COLORADO,<br>STATE OF ILLINOIS,<br>STATE OF INDIANA,<br>STATE OF IOWA,<br>STATE OF MINNESOTA,<br>STATE OF NEBRASKA,<br>STATE OF OREGON,<br>STATE OF TENNESSEE,<br>STATE OF TEXAS,<br>STATE OF WASHINGTON,<br>and<br>STATE OF WISCONSIN,<br><br>      Plaintiffs,<br><br>   v.<br><br>SYNGENTA CROP PROTECTION AG,<br>SYNGENTA CORPORATION,<br>SYNGENTA CROP PROTECTION, LLC,<br>and<br>CORTEVA, INC.,<br><br>      Defendants. | Case No. 22-cv-828<br><br>**RESPONSE OF DEFENDANTS SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, AND SYNGENTA CROP PROTECTION, LLC TO THE FTC'S MOTION TO FILE PORTIONS OF THE AMENDED COMPLAINT TEMPORARILY UNDER SEAL** |

Pursuant to LR 5.4(c)(3), Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta") submit this Response to the FTC's Motion to File Portions of the Amended Complaint Temporarily Under Seal and, for the reasons below and in the accompanying Declaration of Vern Hawkins, request that the Court continue to redact certain portions of the publicly available Amended Complaint that contain

confidential and commercially sensitive information, and keep the unredacted Amended Complaint filed under seal.[1]

## BACKGROUND

1. On September 29, 2022, Plaintiff Federal Trade Commission (the "FTC") filed a complaint (the "Complaint") (ECF No. 1), naming Syngenta among the defendants.

2. On September 29, 2022, the FTC also filed a Motion to File Portions of the Complaint Temporarily Under Seal (ECF No. 2).

3. On October 13, 2022, Syngenta filed a response (ECF No. 22) in support of the FTC's motion. After subsequent meet-and-confers with the Plaintiffs, on October 27, 2022, Syngenta filed a notice of withdrawal in part (ECF No. 49) of its response and submitted an amended proposed public redacted Complaint. In doing so, Syngenta noted that its position in support of the FTC's motion remained unchanged in all other respects.

4. On December 23, 2022, the FTC filed an amended complaint (the "Amended Complaint") (ECF No. 79).

5. On December 23, 2022, the FTC also filed a Motion to File Portions of the Amended Complaint Temporarily Under Seal (the "Motion") (ECF No. 80). The Motion proposes

---

[1] The confidential information that Syngenta seeks to seal resides with Syngenta Crop Protection, LLC. However, Defendants Syngenta Crop Protection AG and Syngenta Corporation also have an interest in this information being kept confidential and under seal by virtue of their corporate relationship with Syngenta Crop Protection, LLC and therefore join in this Response. By joining in this Response, Syngenta Crop Protection AG and Syngenta Corporation, do not concede they are proper defendants in this action and expressly reserve, and do not waive, all rights, including with respect to personal jurisdiction.

to keep under seal for a period of 14 days certain confidential information that the FTC obtained from Syngenta, Corteva, Inc., and certain non-parties in the FTC's pre-Complaint investigation.

6. Certain information in the Amended Complaint reflects confidential and commercially sensitive information belonging to and/or about Syngenta. Syngenta provided this confidential information to the FTC during the FTC's pre-Complaint investigation and requested that the FTC maintain the information as confidential. *See* Exhibit A, Declaration of Vern Hawkins in Support of Syngenta's Response to the FTC's Motion to File Portions of the Amended Complaint Temporarily Under Seal (the "Hawkins Declaration") ¶ 9. This information in the Amended Complaint consists of (i) the terms of Syngenta's business agreements with third parties or details of the negotiations of these agreements; (ii) internal Syngenta documents that describe or analyze Syngenta's competitive strategies for sales and marketing; and (iii) confidential business and financial information, including analyses of pricing and sales data and customer-specific information. (*Id.* ¶¶ 6-8.) This information is commercially or competitively sensitive, and Syngenta maintains the confidentiality of this information. (*Id.* ¶ 9.)

7. The information that Syngenta seeks to keep under seal is reflected in the redacted version of the Amended Complaint attached hereto as Exhibit B.[2] The information is further reflected in the highlighted version of the Amended Complaint attached hereto as Exhibit C.[3]

8. As of the time of this Response, a Local Rule 5.5 Order has not been entered. However, in connection with the Motions to Seal the original Complaint, the Parties conducted a conference pursuant to Local Rule 5.4(b)(1)(b) and have filed a Joint Local Rule 5.5 Report. (ECF No. 19.) Plaintiffs have since suggested that they will propose an alternative to the default sealing procedures in this Court's Local Rules, but have not yet done so. Syngenta will consider any alternative to sealing that Plaintiffs may propose and will confer with Plaintiffs accordingly. Should the Parties come to agreement on any alternative proposal for dealing with confidential information, the Parties will file an updated Local Rule 5.5 Report. As it stands now, however, the Parties anticipate filing an updated Local Rule 5.5 Report within ten days of their Rule 26(f) conference. For the purposes of this Motion, Syngenta continues to follow the default procedures set out in Local Rule 5.4(c), as it has with the other motions to seal filed in this matter.

---

[2] Because the Amended Complaint also contains information of Defendant Corteva that Syngenta understands Corteva will seek to keep under seal, Syngenta is filing under seal this version of the Amended Complaint that redacts *only* Syngenta's information. The proposed redactions in the attached Exhibit B encompass both redactions to allegations in the Complaint (as described in Syngenta's October 27, 2022 notice of withdrawal in part (ECF No. 49)) and Syngenta's proposed redactions to the new allegations in the Amended Complaint. Syngenta's Counsel and Corteva's Counsel have conferred and will seek to work together in an effort to create a version of the Amended Complaint that redacts *both* the confidential Syngenta information and the confidential Corteva information, and will endeavor to provide this redacted version to the Court along with the Defendants' respective sealing checklists.

[3] The allegations highlighted in yellow in Exhibit C are those that Syngenta seeks to keep under seal, and correspond to the proposed redactions in Exhibit B as described above. *Supra* n.2. The allegations highlighted in gray in both Exhibits B and C are those that are redacted in the version of the Amended Complaint that Plaintiffs filed publicly. (ECF No. 79).

4

## STANDARD OF REVIEW

9. A motion to seal will be granted upon "a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why a less drastic alternative will not afford adequate protection." LR 5.4(c)(3). In considering motions to seal, courts in this Circuit balance the potential harm to the party seeking to seal information against the public's presumed right of access to the information. *See, e.g.*, *In re P.T.C. Prod. & Trading Co., AG*, 2020 WL 7319530 (W.D.N.C. Dec. 11, 2020). The presumption of access "may be overcome if competing interests outweigh the interest in access, such as where a need exists to prevent court files from becoming sources of business information that might harm a litigant's competitive standing." *Kinetic Concepts, Inc. v. Convatec Inc.*, 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010) (cleaned up). Courts in this Circuit frequently seal such sensitive business information. *See, e.g., Woven Elecs. Corp. v. Advance Grp., Inc.,* 1991 WL 54118, at *6 (4th Cir. Apr. 15, 1991) (ruling that the public may be denied access to judicial records if they contain "business information that might harm a litigant's competitive standing"); *Garey v. James S. Farrin, P.C.*, 2020 WL 5211851, at *6 (M.D.N.C. Sept. 1, 2020) ("[U]nder both Rule 26(c) and the common-law sealing analysis, courts frequently limit disclosure of sensitive financial information.").

## ARGUMENT

10. The information that Syngenta seeks to redact from the publicly filed Amended Complaint is confidential, competitively and commercially sensitive information of the type that courts in this Circuit regularly permit to be filed under seal.

11. Specifically, Syngenta seeks to keep under seal three categories of confidential information: (i) the terms of Syngenta's business agreements with third parties or details of the negotiations of the agreements; (ii) internal Syngenta documents that describe or analyze

5

Syngenta's competitive strategies concerning sales and marketing; and (iii) confidential business and financial information, including analyses of pricing and sales data and customer-specific information. (Hawkins Decl. ¶¶ 6-8.) Courts in this District and other courts in this Circuit frequently seal similar confidential information. *See, e.g., Mr. Dee's Inc. v. Inmar, Inc.*, 2021 WL 294775, at *6 (M.D.N.C. Jan. 28, 2021) ("[T]his Court . . . previously has granted motions to seal confidential marketing and sales information, the disclosure of which would have harmed the competitive and financial interests of the parties." (cleaned up)); *Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 291-92 (W.D.N.C. 2019) (maintaining confidentiality of portions of deposition testimony that discussed corporate business strategies and financial data); *Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 117 F. Supp. 3d 732, 746 (M.D.N.C. 2015) (granting motion to seal documents containing proprietary financial figures where the public release would negatively impact the party's business); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining under seal "confidential financial and business information which, if made public, could harm the parties' business interests"); *Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (holding that "certain marketing [and] sales" information should be sealed because it was "not ordinarily public" and would cause "harm[ ] by public disclosure").[4]

---

[4] *See also Garey*, 2020 WL 5211851, at *6 ("[U]nder both Rule 26(c) and the common-law sealing analysis, courts frequently limit disclosure of sensitive financial information."); *Mars, Inc. v. J. M. Smucker Co.*, 2017 WL 11499735, at *1 (E.D. Va. Aug. 9, 2017) (granting motion to seal summary judgment briefing and exhibits containing confidential marketing and sales information); *SMD Software, Inc.*, 2013 WL 1091054, at *2 (allowing in part motion to seal confidential pricing, market strategies, expense information, and revenue and revenue growth information and directing copies with only redacted information be filed); *Silicon Knights, Inc. v. Epic Games, Inc.*, 2008 WL 4933967, at *2 (E.D.N.C. Nov. 14, 2008) (granting motions to seal where parties demonstrated "that the documents and the transcript in question contain confidential and proprietary commercial information, including trade secrets and other

12. The information in the Amended Complaint Syngenta seeks to keep under seal is commercially or competitively sensitive, and Syngenta has maintained its confidentiality. (Hawkins Decl. ¶ 9.) If such information were to become publicly known, Syngenta would be placed at a competitive and commercial disadvantage. (*Id.*) There is no alternative to sealing the information that will protect Syngenta's interests in its confidential information.

13. Counsel for Syngenta sought the FTC's position regarding this Response and the information that Syngenta seeks to have remain under seal. The FTC has stated that it does not oppose Syngenta's proposed redactions to the Amended Complaint.

## CONCLUSION

14. For the foregoing reasons, Syngenta respectfully requests that the Court permanently maintain under seal the confidential information in the Amended Complaint, which confidential information is identified in the highlighted version of the Amended Complaint attached hereto as Exhibit C.[5]

---

information relating to the parties' networks and software, information which is of utmost importance to the parties but not generally available to the public.").

[5] If the Court grants Syngenta's request to maintain the information under seal, Syngenta will submit to the Court a proposed final redacted version of the Amended Complaint reflecting the Court's rulings on Syngenta's and any other party's or non-party's request to redact confidential information in the Amended Complaint.

Date: January 6, 2023

*/s/ Patrick M. Kane*
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*