# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION et al., <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG et al., <br><br> Defendants. | CASE NO. 1:22-CV-828-TDS-JEP <br><br> **RESPONSE OF DEFENDANT CORTEVA, INC. TO THE FTC'S MOTION TO FILE PORTIONS OF THE AMENDED COMPLAINT TEMPORARILY UNDER SEAL** |

# Table of Contents

                                                                                                                   **Page**

Table of Authorities ...................................................................................................... ii

Argument ...................................................................................................................... 2

    A.       Legal Standard ........................................................................................ 2

    B.       Corteva Has a Significant Interest in Preserving the Confidentiality of its Sensitive Business Information ............................................................... 4

    C.       The Public Has a Minimal Interest in Access to Corteva's Confidential Sensitive Business Information ............................................................... 7

    D.       Corteva's Proposed Redactions are Narrowly Tailored and There is No Less Drastic Alternative Available ......................................................... 9

Conclusion ................................................................................................................. 10

# Table of Authorities

                                                            Page(s)

**Cases**

*Courthouse News Serv. v. Schaefer*,
   2 F.4th 318 (4th Cir. 2021).............................................................................3, 9

*Doe v. Pub. Citizen*,
   749 F.3d 246 (4th Cir. 2014) ...............................................................................2

*Fortson v. Garrison Prop. and Cas. Ins. Co.*,
   No. 1:19-CV-294, 2022 WL 824802 (M.D.N.C. Mar. 18, 2022) ....................3, 9

*Glob. Bioprotect LLC v. Viaclean Techs., LLC*,
   No. 1:20CV553, 2021 WL 848710 (M.D.N.C. Mar. 5, 2021).............................6

*Guhne v. Ceridian HCM, Inc.*,
   No. 1:20-CV-925, 2021 WL 1165328 (M.D.N.C. Mar. 26, 2021) ......................5

*In re Knight Publ'g Co.*,
   743 F.2d 231 (4th Cir. 1984) ...............................................................................2

*Precision Fabrics Grp., Inc. v. TieTex Int'l, Ltd.*,
   No. 1:13-CV-645, 2016 WL 6810931 (M.D.N.C. Sept. 30, 2016)......................6

*Robinson v. Bowser*,
   No. 1:12CV301, 2013 WL 3791770 (M.D.N.C. July 19, 2013).........................8

*Scott v. City of Durham*,
   No. 1:20-CV-558, 2022 WL 767557 (M.D.N.C. Mar. 14, 2022) ........................3

*Silicon Knights, Inc. v. Epic Games, Inc.*,
   No. 07-CV-275, 2011 WL 901958 (E.D.N.C. Mar. 15, 2011) ..................3, 8, 10

*SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*,
   No. 1:20-CV-000834, 2022 WL 4933117 (M.D.N.C. Sept. 26, 2022)................8

*Syngenta Crop Prot., LLC v. Willowood, LLC*,
   No. 1:15CV274, 2016 WL 6783691 (M.D.N.C. Oct. 6, 2016).......................6, 7

*Tolliver v. Tandium Corp.*,
   No. CV ELH-21-1441, 2021 WL 5827886 (D. Md. Dec. 8, 2021) .....................6

*Ultra-Mek, Inc. v. United Furniture Indus., Inc.*,
  No. 1:18CV281, 2021 WL 8533815 (M.D.N.C. Mar. 22, 2021) ....................3, 6

*Va. Dept. of State Police v. Washington Post*,
  386 F.3d 567 (4th Cir. 2004) ...............................................................................2

*Warner v. Midland Funding, LLC*,
  No. 1:18CV727, 2021 WL 3432556 (M.D.N.C. Aug. 5, 2021)...........................4

**Statutes & Rules**

Fed. R. Civ. P. 5.2 .................................................................................................1

Local Rule 5.4 .......................................................................................................1

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Rule 5.4 of the Local Rules of Practice and Procedure, Defendant Corteva, Inc. ("Corteva") submits this brief in support of the FTC's Motion to File Portions of the Amended Complaint Temporarily Under Seal. Doc. 80. Corteva respectfully requests that this Court preserve the narrow redactions in the proposed public version of the Amended Complaint filed by Corteva.

On December 23, 2022, the FTC and twelve state attorneys general (collectively, the "Plaintiffs") filed an amended complaint, Doc. 79 (the "Amended Complaint"), that contains Corteva's non-public, confidential and competitively sensitive business information, the disclosure of which would significantly harm Corteva. Corteva produced this information to the FTC in a non-public investigation that preceded the filing of the Amended Complaint, and it designated all information produced pursuant to that investigation as confidential. *See* Declaration of Ben Kaehler ("Kaehler Decl.") ¶ 6. Corteva takes reasonable steps to maintain the confidentiality of this information, and it is of limited public interest. *Id.* ¶¶ 3, 4. Therefore, Corteva respectfully requests that the Court permanently seal Corteva's confidential information and order a redacted version of the Amended Complaint be publicly filed.[1]

---

[1] Because the Amended Complaint also contains information of Defendant Syngenta that Corteva understands Syngenta seeks to keep under seal, Corteva is filing under seal this version of the Amended Complaint that proposed redactions for *only* Corteva's sensitive information. Counsel for Corteva and Syngenta have conferred and plan to create a version of the Amended Complaint that identifies *both* the

## Argument

A. <u>Legal Standard</u>

The public's right to view the information included in filings made in federal court is not absolute. *See Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). A district court "may, in its discretion, seal documents if the public's right of access is outweighed by competing interests". *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." *Va. Dept. of State Police*, 386 F.3d at 576. Procedurally, the court (1) "must give the public notice of the request to seal and a reasonable opportunity to challenge the request"; (2) "must consider less drastic alternatives to sealing"; and (3) "if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing". *Id.*

As to the substance, the court must determine whether the public's right of access to the judicial documents in question arises under the common law or the First Amendment. *See id.* at 576. "The First Amendment right of access extends only to particular judicial records whereas the common law right of access extends to all judicial records." *See, e.g., Doe v. Pub. Citizen*, 749 F.3d 246, 265-66 (4th

---

confidential Corteva information and the confidential Syngenta information, and will endeavor to provide this joint redacted version to the Court along with the Defendants' respective LR 5.4 sealing checklists.

Cir. 2014). The Fourth Circuit has held that the First Amendment provides a right of access to civil complaints. *See Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 327-28 (4th Cir. 2021). "When a First Amendment right of access applies, the proponent of sealing must show a compelling governmental interest or other higher value to justify sealing and the limitation on public access must be narrowly tailored to serve that interest." *Scott v. City of Durham*, No. 1:20-CV-558, 2022 WL 767557, at *2 (M.D.N.C. Mar. 14, 2022) (citing *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984)).

Courts have routinely held that "an interest in confidential and proprietary business information can override the public's First Amendment right of access to court records". *Fortson v. Garrison Prop. and Cas. Ins. Co.*, No. 1:19-CV-294, 2022 WL 824802, at *3 (M.D.N.C. Mar. 18, 2022); *see also Silicon Knights, Inc. v. Epic Games, Inc.*, No. 07-CV-275, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (collecting cases); *Ultra-Mek, Inc. v. United Furniture Indus., Inc.*, No. 1:18CV281, 2021 WL 8533815, at *5 (M.D.N.C. Mar. 22, 2021) (sealing "sensitive business information that is not publicly available and, if disclosed to the public, would damage the parties" is "significant and outweigh[s] the presumption of public access"). In order to determine whether confidential business information should be sealed, courts consider (1) "whether the party has shown that the information sought to be sealed is confidential"; (2) "whether disclosure would harm the party's competitive standing or otherwise harm its

3

business interests"; (3) "whether the motion is narrowly tailored"; and (4) "whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information". *Warner v. Midland Funding, LLC*, No. 1:18CV727, 2021 WL 3432556, at *7 (M.D.N.C. Aug. 5, 2021) (quoting *Sims v. BB&T Corp.*, No. 1:15-CV-732, 2018 WL 3466945, at *2 (M.D.N.C. July 18, 2018)).

B. <u>Corteva Has a Significant Interest in Preserving the Confidentiality of its Sensitive Business Information</u>

Corteva's requests for sealing are appropriate under the First Amendment right of public access, as Corteva has a significant interest in preserving the confidentiality of its sensitive business information in order to prevent competitive harm. Corteva seeks to keep under seal the following highly sensitive confidential business information:

- Specific, confidential terms of Corteva's agreements with non-party distributors and its co-defendant, Syngenta. (Kaehler Decl. ¶¶ 9, 11, 12, 13, 14, 16, 17, 18.)

- Information identifying the non-party distributors who are counterparties to Corteva's agreements. (Kaehler Decl. ¶¶ 8, 10, 22.)

- The dollar value of the rebates provided by Corteva to non-party distributors pursuant to Corteva's discount programs. (Kaehler Decl. ¶ 15.)

- Corteva's internal sales forecasts and strategies, and statistics calculated using Corteva's confidential sales data. (Kaehler Decl. ¶¶ 19, 20, 21.)

As an initial matter, all of the information that Corteva seeks to seal is non-public information and has not been disclosed to the public. Kaehler Decl. ¶¶ 3, 4, 6. Corteva makes reasonable efforts to maintain the confidentiality of the information it seeks to seal. *Id.* ¶¶ 3, 4. For example, Corteva includes confidentiality provisions in its agreements with third-parties and ensures that internal forecasts and data remain confidential. *See id.* ¶¶ 9, 19, 20, 21. Due to Corteva's efforts to maintain the confidentiality of its information, the information that Corteva seeks to seal remains non-public.

Additionally, Corteva has a significant interest in maintaining the confidentiality of its sensitive business information because Corteva would be significantly harmed if this information were revealed to the public. *Id.* ¶ 5. If the confidential terms of Corteva's agreements with third-parties were disclosed in the Amended Complaint, then Corteva's competitors and potential counterparties would reap a windfall. *See Guhne v. Ceridian HCM, Inc.*, No. 1:20-CV-925, 2021 WL 1165328, at *14 (M.D.N.C. Mar. 26, 2021) (sealing, under the First Amendment standard, "confidential internal information that would provide a significant advantage to [the defendant's] competitors"). Corteva's competitors could gain a competitive advantage over Corteva by pursuing agreements with non-party distributors containing the same or similar terms. *See* Kaehler Decl. ¶ 9. Potential counterparties could gain an advantage in negotiations with Corteva by using the information disclosed in the Amended Complaint to seek more favorable

5

Case 1:22-cv-00828-TDS-JEP    Document 88    Filed 01/06/23    Page 9 of 17

terms in their agreements with Corteva. *See id.* And Corteva's competitors could use the data and statistics divulged in the Amended Complaint to modify their business strategies to Corteva's disadvantage. *See id*. ¶ 19, 20, 21.

Protecting Corteva's bargaining power with potential counterparties and preserving Corteva's position relative to its competitors are quintessential examples of interests that justify the sealing of Corteva's confidential information. *See, e.g.*, *Tolliver v. Tandium Corp.*, No. 21-CV-1441, 2021 WL 5827886, at *3 (D. Md. Dec. 8, 2021) (finding, under the First Amendment standard, that harm to future contract negotiations warranted redacting provisions of an existing contract); *Glob. Bioprotect LLC v. Viaclean Techs., LLC*, No. 1:20-CV-553, 2021 WL 848710, at *7 (M.D.N.C. Mar. 5, 2021) (sealing, under the First Amendment standard, confidential business information because its disclosure would "cause [the defendant] competitive harm and give its competitors an unfair advantage" (internal quotation marks omitted)). Indeed, courts in this district routinely seal the type of information Corteva seeks to seal—proprietary sales data and statistics generated from proprietary sales data, as well as details of business relationships with third parties and confidential business agreements. *See, e.g.*, *Ultra-Mek, Inc.*, 2021 WL 8533815, at *3-4; *Precision Fabrics Grp., Inc. v. TieTex Int'l, Ltd.*, No. 1:13-CV-645, 2016 WL 6810931, at *2 (M.D.N.C. Sept. 30, 2016); *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15CV274, 2016 WL 6783691, at *2

6

(M.D.N.C. Oct. 6, 2016) (sealing information pertaining to crop protection product supply arrangements).

Further, much of the information that Corteva seeks to seal consists of the terms of confidential agreements with non-parties to this litigation—the loyalty agreements and Corporate Distributor Offers. *See* Kaehler Decl. ¶¶ 9, 11. This Court has previously recognized the importance of maintaining the confidentiality of agreements with non-parties to a litigation. *See Willowood*, 2016 WL 6783691, at *2 (sealing in its entirety "a supply agreement between Willowood and its manufacturer of azoxystrobin"). Moreover, these agreements include confidentiality provisions that apply to both Corteva and the non-party distributors who signed the agreements. *See* Kaehler Decl. ¶¶ 9, 11. Independent of the harm to Corteva, disclosure of the terms of these agreements could harm distributors by, for example, allowing Corteva's competitors to gain leverage over distributors in negotiations concerning agreements similar to Corteva's loyalty agreements.

C.  The Public Has a Minimal Interest in Access to Corteva's Confidential Sensitive Business Information

In contrast to the significant harm to Corteva if its information is disclosed, the public interest in accessing this information is minimal. Corteva proposes narrow redactions to the Amended Complaint that concern only Corteva's confidential business information, including Corteva's confidential business agreements, the identities of the counterparties to those agreements and Corteva's sales data and forecasts. This information is not generally available to the public

7

and there is minimal public interest in the disclosure of these contractual terms, statistics and identities of counterparties. *See Silicon Knights,* 2011 WL 901958, at *2 (sealing sensitive financial and business information "which is of utmost importance to [the parties] but not generally available to the public or bearing importance to any public matters").

Likewise, there is minimal public interest in the disclosure of non-party distributors' confidential information. Courts recognize the importance of protecting the privacy interests of non-parties whose confidential information may be disclosed in court filings. *See Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770, at *12 (M.D.N.C. July 19, 2013) (noting that "the privacy interest in protecting [the sensitive information of nonparties] outweighs the public's First Amendment right of access"). Thus, the public interest in accessing both Corteva and its distributors' information is minimal.

Finally, Corteva notes that this case remains is in its infancy. "Generally, the public interest in disclosure heightens as the underlying motions are directed more to the merits and as the case proceeds toward trial." *SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*, No. 1:20-CV-000834, 2022 WL 4933117, at *8 (M.D.N.C. Sept. 26, 2022)). So far, this case remains at the pleading stage, and trial remains a distant prospect. Without access to the narrow portions of the Amended Complaint that Corteva seeks to seal, the public can still "understand the parties involved in [this] case, the facts alleged, the issues for trial, and the relief

sought." *See Courthouse News Serv.*, 2 F.4th at 327 (4th Cir. 2021). Thus, the redacted Amended Complaint fulfills the First Amendment right of access.

D. <u>Corteva's Proposed Redactions are Narrowly Tailored and There is No Less Drastic Alternative Available</u>

Corteva's sealing requests are narrowly tailored to include only sensitive business information. Corteva's proposed redactions are no more extensive than necessary to protect Corteva's sensitive confidential business information. Throughout the Amended Complaint, Corteva primarily proposes redacting only individual numbers, words or clauses. In only six paragraphs—all of which refer to confidential Corteva agreements or internal Corteva forecasts and plans—does Corteva propose redacting complete sentences. The Amended Complaint is 108 pages long and contains approximately 21,000 words in 276 paragraphs. Out of the entire Amended Complaint, Corteva proposes redacting only approximately 600 words in 24 paragraphs. Thus, Corteva "has not asked to seal broad swaths of non-confidential information; rather, it has proposed targeted redactions that are not overbroad and only concern confidential information". *Fortson*, 2022 WL 824802, at *5.

No less drastic alternative to these limited redactions is available to the Court and would keep this information from becoming public to Corteva's detriment. *See id.* (finding that "[r]edaction is also the least drastic alternative to sealing, as it will protect CCC's business and proprietary interests while maintaining a significant degree of transparency in the proceedings"). This

9

information represents "highly sensitive financial and business information belonging to the parties as well as third-parties, information which is of utmost importance to them but not generally available to the public or bearing importance to any public matters". *Silicon Knights*, 2011 WL 901958, at *2. Thus, the limited redaction of this information is the least drastic option available to this Court.

## Conclusion

For the reasons stated above, Corteva respectfully requests that this Court grant the Motion to File Under Seal, and order that the unredacted Amended Complaint be permanently filed under seal and a public version of the Amended Complaint be filed with Corteva's redactions.

This is 6th day of January 2023.

MCGUIREWOODS LLP

/s/ *Mark E. Anderson*
Mark E. Anderson (Bar No. 15764)
manderson@mcguirewoods.com
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone: 919.755.6600
Fax: 919.755.6699

Katherine B. Forrest*
kforrest@cravath.com
David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue

10

New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Specially appearing under L.R. 83.1(d).

*Attorneys for Defendant Corteva, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(1), I certify that the foregoing brief is 2,234 words, excluding the caption, table of contents, table of authorities, signature lines, certificate of compliance, and certificate of service.

This the 6th day of January, 2023.

/s/ *Mark E. Anderson*
Mark E. Anderson (Bar No. 15764)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of January 2023, I filed the foregoing RESPONSE OF DEFENDANT CORTEVA, INC. TO THE FTC'S MOTION TO FILE PORTIONS OF THE AMENDED COMPLAINT TEMPORARILY UNDER SEAL with the Court using the CM/ECF system which will automatically serve all attorneys of record via the Court's CM/ECF System.

/s/ *Mark E. Anderson*
Mark E. Anderson (Bar No. 15764)