# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF CALIFORNIA,<br>STATE OF COLORADO,<br>STATE OF ILLINOIS,<br>STATE OF INDIANA,<br>STATE OF IOWA,<br>STATE OF MINNESOTA,<br>STATE OF NEBRASKA,<br>STATE OF OREGON,<br>STATE OF TENNESSEE,<br>STATE OF TEXAS,<br>STATE OF WASHINGTON,<br>and<br>STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG,<br>SYNGENTA CORPORATION,<br>SYNGENTA CROP PROTECTION, LLC,<br>and<br>CORTEVA, INC.,<br><br>    Defendants. | Civil Action No. 22-CV-828 |

**SYNGENTA'S MOTION TO FILE PORTIONS OF THE MEMORANDUM IN SUPPORT OF SYNGENTA'S MOTION TO DISMISS THE AMENDED COMPLAINT UNDER SEAL**

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta"), by and through their undersigned attorneys and pursuant to Local Rule 5.4, respectfully submit this motion to file limited portions of the memorandum in support of their Motion to Dismiss the Amended

Complaint under permanent seal, consistent with the agreement of all parties to redact certain confidential information in the public Amended Complaint.[1]

As of the time of this Motion, a Local Rule 5.5 Order has not been entered. However, the Parties have conducted a conference pursuant to Local Rule 5.4(b)(1)(b) and have filed a Joint Local Rule 5.5 Report. (ECF No. 19.) Plaintiffs have also recently proposed alternative sealing procedures and Defendants are reviewing and expect to meet and confer further with Plaintiffs. The Parties anticipate filing an updated Local Rule 5.5 Report after further discussions among the Parties regarding alternative sealing procedure, and in any event within ten days of their Rule 26(f) conference. For the purposes of this Motion, Syngenta is following the default procedures set out in Local Rule 5.4(c).

In Support of this Motion, Syngenta states as follows:

1. On September 29, 2022, Plaintiffs filed a complaint (the "Complaint") against Syngenta and co-defendant Corteva, Inc. ("Corteva"). (ECF No. 1).

2. On that same date, Plaintiff FTC filed a Motion to File Portions of the Complaint Temporarily Under Seal (the "Complaint Sealing Motion"). (ECF No. 2).

3. On October 13, 2022, Syngenta filed a response (ECF No. 22) in support of the Complaint Sealing Motion. On October 27, 2022, Syngenta filed a notice of

---

[1] The confidential information that Syngenta seeks to seal resides with Syngenta Crop Protection, LLC. However, Defendants Syngenta Crop Protection AG and Syngenta Corporation also have an interest in this information being kept confidential and under seal by virtue of their corporate relationship with Syngenta Crop Protection, LLC and therefore join in this Motion. By joining in this Motion, Syngenta Crop Protection AG and Syngenta Corporation, do not concede they are proper defendants in this action and expressly reserve, and do not waive, all rights.

withdrawal in part (ECF No. 49) of its response, by which Syngenta informed the Court that, in an effort to reach a compromise and relieve the Court of the need to address any dispute, Syngenta had withdrawn their sealing request as to certain portions of the Complaint, and that Plaintiffs did not object to Syngenta's request to keep the remaining redactions under seal.

4. On December 12, 2022, Syngenta moved to dismiss the Complaint. (ECF No. 69). Contemporaneously, Syngenta filed a motion to seal portions of their memorandum of law in support of their motion to dismiss. (ECF No. 68). The Court has not ruled on that motion.

5. On December 23, 2022, Plaintiffs filed an amended complaint (the "Amended Complaint"). (ECF No. 79).

6. On that same date, Plaintiff FTC filed a Motion to File Portions of the Amended Complaint Temporarily Under Seal (the "Amended Complaint Sealing Motion"). (ECF No. 80). The Amended Complaint Sealing Motion proposed to keep under seal for a period of 14 days certain confidential information that the FTC obtained from Syngenta and Corteva in the FTC's pre-Complaint investigation.

7. On January 6, 2023, Syngenta filed a response (the "Amended Complaint Sealing Response") in support of the Amended Complaint Sealing Motion. (ECF No. 86). Plaintiff FTC has stated that it does not oppose Syngenta's proposed redactions to the Amended Complaint.

8. The Amended Complaint Sealing Motion remains pending before the Court.

9. Contemporaneously with the filing of this Motion, Syngenta is moving to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Syngenta's memorandum in support of the Motion to Dismiss the Amended Complaint contains certain limited references to portions of the Amended Complaint that Syngenta seeks to remain under seal.

10. No new confidential information is being introduced in Syngenta's Motion to Dismiss the Amended Complaint. Syngenta seeks only to redact portions of the memorandum to the extent necessary to maintain the confidentiality of the information already proposed to be sealed in the Amended Complaint by agreement of all parties.

11. Syngenta provided this confidential information to the FTC during the FTC's pre-Complaint investigation and requested that the FTC maintain the information as confidential. *See* Declaration of Vern Hawkins in Support of Syngenta's Amended Complaint Sealing Response ¶ 9 ("Hawkins Declaration"). (ECF No. 86-1). This information includes (i) the terms of Syngenta's business agreements with third parties or details of the negotiations of these agreements; (ii) internal Syngenta documents that describe or analyze Syngenta's competitive strategies for sales and marketing; and (iii) confidential business and financial information, including analyses of pricing and sales data and customer-specific information. *Id.* ¶¶ 6-8. This information is commercially or competitively sensitive, and Syngenta maintains the confidentiality of this information. *Id.* ¶ 9.

12. Such information is confidential, competitively and commercially sensitive information of the type that courts in this Circuit regularly permit to be filed under seal.

4

*See, e.g., Mr. Dee's Inc. v. Inmar, Inc.*, 2021 WL 294775, at *6 (M.D.N.C. Jan. 28, 2021) ("[T]his Court . . . previously has granted motions to seal confidential marketing and sales information, the disclosure of which would have harmed the competitive and financial interests of the parties." (cleaned up)); *Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 291-92 (W.D.N.C. 2019) (maintaining confidentiality of portions of deposition testimony that discussed corporate business strategies and financial data); *Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 117 F. Supp. 3d 732, 746 (M.D.N.C. 2015) (granting motion to seal documents containing proprietary financial figures where the public release would negatively impact the party's business); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining under seal "confidential financial and business information which, if made public, could harm the parties' business interests"); *Bayer Cropscience Inc. v. Syngenta Crop Prot.*, LLC, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (holding that "certain marketing [and] sales" information should be sealed because it was "not ordinarily public" and would cause "harm[ ] by public disclosure").

13. A more detailed explanation of the bases for redaction of this material is set forth in Syngenta's Amended Complaint Sealing Response and the Hawkins Declaration, each of which is incorporated by reference herein.

14. For the foregoing reasons, Syngenta respectfully requests that the Court permanently maintain under seal the confidential information in the proposed memorandum in support of their Motion to Dismiss the Amended Complaint, which

confidential information is identified in the highlighted version of such memorandum filed herewith under seal.

15. A proposed Order is submitted herewith.

Date: January 13, 2023

                                                                   FOX ROTHSCHILD LLP

                                                                   /s/ *Patrick M. Kane*
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
David B. Toscano*
david.toscano@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br> STATE OF CALIFORNIA, <br> STATE OF COLORADO, <br> STATE OF ILLINOIS, <br> STATE OF INDIANA, <br> STATE OF IOWA, <br> STATE OF MINNESOTA, <br> STATE OF NEBRASKA, <br> STATE OF OREGON, <br> STATE OF TENNESSEE, <br> STATE OF TEXAS, <br> STATE OF WASHINGTON, <br> and <br> STATE OF WISCONSIN, <br><br>  Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, <br> SYNGENTA CORPORATION, <br> SYNGENTA CROP PROTECTION, LLC, <br> and <br> CORTEVA, INC., <br><br>  Defendants. | Civil Action No. 22-CV-828 |

**[PROPOSED] ORDER GRANTING SYNGENTA'S MOTION TO FILE PORTIONS OF THE MEMORANDUM IN SUPPORT OF SYNGENTA'S MOTION TO DISMISS THE AMENDED COMPLAINT UNDER SEAL**

THIS MATTER having come before the Court on the Syngenta's Motion to File Portions of the Memorandum In Support of Syngenta's Motion to Dismiss the Amended Complaint Under Seal; the Court having reviewed the same and found good cause for the relief requested;

NOW, THEREFORE, IT IS ORDERED that Syngenta's Motion is GRANTED. The material that has been redacted in the publicly-filed version of Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC's memorandum in support of Syngenta's Motion to Dismiss the Amended Complaint shall remain permanently under seal.

This ___ day of January, 2023.

                                                                                                                     _____

                                                                                                                                 JUDGE