UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, et al., <br><br> Defendants. | CASE NO. 1:22-CV-828-TDS-JEP |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SET INITIAL PRETRIAL CONFERENCE**

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (together, "Syngenta") and Corteva, Inc. ("Corteva") (collectively, "Defendants"), by and through their undersigned attorneys, submit this response to Plaintiffs' Motion to set an initial pretrial conference. Because of the Defendants' just-filed motions to dismiss, as well as the continually evolving procedural postures of the numerous related actions pending both in this District and in federal district courts around the country, Plaintiffs' proposed course of action is premature and inefficient. Plaintiffs' Motion should be denied, and an initial pretrial conference in this case should be set by this Court in the ordinary course.

1

## **PROCEDURAL HISTORY**

Following a three-year civil investigation by the FTC targeting Corteva's and Syngenta's crop protection loyalty programs, Plaintiffs initiated this antitrust action (the "Action") by the filing of a Complaint on September 29, 2022. Shortly thereafter, ten other cases against Syngenta and Corteva (and in some cases also naming other companies with crop protection loyalty programs) were filed in two different courts—the Middle District of North Carolina and the Southern District of Indiana.

To ensure that these related cases would proceed before the same court in a coordinated and judicially efficient process, Defendants moved to transfer the first-filed case in the Southern District of Indiana, *Jenkins v. Corteva, Inc.*, to this Court (the "*Jenkins* Transfer Motion"). No. 1:22-CV-1976, ECF No. 28 (S.D. Ind. Nov. 22, 2022). Meanwhile, this Court consolidated the two related private actions (*Anderson v. Syngenta Crop Protection AG*, No. 1:22-CV-858, and *Croscut v. Syngenta Crop Protection AG*, No. 1:22-CV-899) that were filed in this District on the heels of Plaintiffs' original Complaint. *Anderson*, No. 1:22-CV-858, ECF No. 25 (M.D.N.C. Nov. 21, 2022).

Defendants also sought an extension of time to respond to Plaintiffs' Complaint in both this matter and the consolidated *Anderson/Croscut* matters given the practicalities of having these related cases all on similar schedules. (ECF No. 56); Joint Motion for Extension of Time, *Anderson*, No. 1:22-CV-858,

2

Case 1:22-cv-00828-TDS-JEP   Document 103   Filed 01/13/23   Page 2 of 12

ECF No. 26 (M.D.N.C. Nov. 21, 2022). Plaintiffs opposed Defendants' request for an extension of time in this Action. (ECF No. 59). Within that opposition, Plaintiffs asked the Court to set an initial pretrial conference, contending that discovery issues should be addressed immediately. (*Id.*).

The Court did not rule on Defendants' extension motion, and Defendants filed motions to dismiss the Complaint on December 12, 2022. (ECF Nos. 64, 65).

In lieu of responding to Defendants' motions to dismiss, Plaintiffs filed an Amended Complaint on December 23, 2022. (ECF No. 79). Plaintiffs simultaneously filed the instant Motion, again asking for the setting of an initial pretrial conference. (ECF No. 82). The amended allegations in the Amended Complaint do not save Plaintiffs' claims from dismissal, and Defendants have, contemporaneous with this response, filed motions to dismiss the Amended Complaint.

As all of the above was transpiring, additional related civil actions continued to be filed in this District and the Southern District of Indiana, and related actions were also filed in both the Southern District of Mississippi and the Eastern District of Arkansas. In total as of the date of this filing, there have been at least 24 related cases filed across the four districts.[1]

---

[1] *Anderson v. Syngenta Crop Protection AG et al.*, No. 22-cv-858, ECF No. 1 (M.D.N.C. Oct. 7, 2022); *Croscut v. Syngenta Crop Protection AG et al.*, No. 22-cv-899, ECF No. 1 (M.D.N.C. Oct. 20, 2022); *R & D Adams Dairy Farm, LLC v. Syngenta Crop Protection AG et al.*, No. 22-cv-1050, ECF No. 1 (M.D.N.C. Dec. 6, 2022); *Sayler*

In an effort to consolidate and coordinate all related private actions, a motion was filed with the Judicial Panel on Multidistrict Litigation (the "JPML") under 28 U.S.C. § 1407 (the "MDL Motion"). *In re: Crop Protection Prods. Loyalty Program Antitrust Litig.*, MDL No. 3062, ECF No. 1 (JPML Nov. 22, 2022). The MDL Motion has resulted in numerous submissions to the JPML representing competing positions on consolidating the cases in this District or in the Southern District of Indiana. (*Id.*, ECF Nos. 54, 57, 60, 63, 71, 75). A hearing before the JPML is scheduled for January 26, 2023. (*Id.*, ECF No. 47).

On January 13, the Southern District of Indiana in *Jenkins*—which now encompasses eight consolidated cases—vacated that case's current schedule (including an initial pretrial conference scheduled for the end of this month),

---

*Farms, LLC v. Syngenta Crop Protection AG et al.*, No. 22-cv-1055, ECF No. 1 (M.D.N.C. Dec. 7, 2022); *Deline v. Syngenta Crop Protection AG et al.*, No. 22-cv-1056, ECF No. 1 (M.D.N.C. Dec. 7, 2022); *Slovak v. Syngenta Crop Protection AG et al.*, No. 22-cv-1059, ECF No. 1 (M.D.N.C. Dec. 8, 2022); *King v. Syngenta Crop Protection AG et al.*, No. 22-cv-1117, ECF No. 1 (M.D.N.C. Dec. 21, 2022); *R N D Hillside Farms Co. v. Syngenta Crop Protection AG et al.*, No. 22-cv-1127, ECF No. 1 (M.D.N.C. Dec. 23, 2022); *Meadows et al. v. Syngenta Crop Protection AG et al.*, No. 22-cv-1128, ECF No. 1 (M.D.N.C. Dec. 26, 2022); *Jenkins v. Corteva, Inc. et al.*, No. 22-cv-1976, ECF No. 1 (S.D. Ind. Oct. 7, 2022); *Bradley Day Farms v. Syngenta Crop Protection AG et al.*, No. 22-cv-2223, ECF No. 1 (S.D. Ind. Nov. 17, 2022); *Shelby Farms LLC et al. v. Syngenta Crop Protection AG et al.*, No. 22-cv-2226, ECF No. 1 (S.D. Ind. Nov. 17, 2022); *M and M Farms P'ship et al. v. Syngenta Crop Protection AG et al.*, No. 22-cv-2227, ECF No. 1 (S.D. Ind. Nov. 17, 2022); *HYS Farms LLC v. Syngenta Crop Protection AG et al.*, No. 22-cv-2229, ECF No. 1 (S.D. Ind. Nov. 17, 2022); *Danny Day, Jr. Farms et al. v. Syngenta Crop Protection AG et al.*, No. 22-cv-2225, ECF No. 1 (S.D. Ind. Nov. 17, 2022); *Chuck Day Farms P'ship v. Syngenta Crop Protection AG et al.*, No. 22-cv-2222, ECF No. 1 (S.D. Ind. Nov. 17, 2022); *Scott Day Farms v. Syngenta Crop Protection AG et al.*, No. 22-cv-2230, ECF No. 1 (S.D. Ind. Nov. 17, 2022); *Turner v. Corteva, Inc. et al.*, No. 22-cv-2411, ECF No. 1 (S.D. Ind. Dec. 15, 2022); *Milam v. Syngenta Crop Protection AG et al.*, No. 22-cv-2410, ECF No. 2 (S.D. Ind. Dec. 15, 2022); *KM Farms, Inc. v. Corteva, Inc. et al.*, No. 22-cv-2420, ECF No. 1 (S.D. Ind. Dec. 18, 2022); *Psencik et al. v. Corteva, Inc. et al.*, No. 22-cv-2423, ECF No. 1 (S.D. Ind. Dec. 19, 2022); *Bohrer Farms, Inc. v. Syngenta Crop Protection AG et al.*, No. 22-cv-2447, ECF No. 1 (S.D. Ind. Dec. 21, 2022); *Goodman Planting Co., LLC, et al. v. Syngenta Crop Protection AG et al.,* No. 22-cv-735, ECF No. 1 (S.D. Miss. Dec. 20, 2022); *Rutledge v. Syngenta Crop Protection AG et al.*, 22-cv-1287, ECF No. 1 (E.D. Ark. Dec. 30, 2022).

along with all case deadlines (including those relating to discovery, case management, and defendants' responses to the *Jenkins* complaints), pending resolution of the MDL Motion. *Jenkins*, No. 22-CV-1976, ECF No. 94 (S.D. Ind. Jan. 13, 2023). The court also denied the *Jenkins* Transfer Motion in light of the pending MDL Motion, granting the parties leave to refile a motion to transfer following the JPML's decision. *Id.*

## ARGUMENT

Setting an initial pretrial conference at this time would run counter to this District's general practice. It would also be both impractical and inefficient given the procedural posture of this case and the many related cases. Plaintiffs' Motion therefore should be denied.

It is the practice of the Middle District of North Carolina not to set an initial pretrial conference (or commence discovery or discovery-related events) while fully dispositive motions are pending. *See, e.g.*, *Vient v. Herald*, 2020 WL 616578, at *4 (M.D.N.C. Feb. 10, 2020) ("This Court has not yet held an initial scheduling conference because of the pending motions to dismiss."), *report and recommendation adopted*, 2020 WL 1077491 (M.D.N.C. Mar. 6, 2020); *Johnson v. City of Durham*, 2011 WL 4625730, at *8 (M.D.N.C. Sept. 30, 2011) ("[G]iven that Defendants moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), the Court . . . has [not] set a scheduling conference . . . ."); *Gregory v. Bruce*, 2016 WL 4491723, at *11 (M.D.N.C. Aug. 25, 2016)

5

("The pretrial conference will be set once the court disposes of the motions to dismiss."), *report and recommendation adopted in part and rejected in part on other grounds*, 2017 WL 1032265 (M.D.N.C. Mar. 16, 2017). The Local Civil Rules recognize the efficacy of this practice, explaining that "when a party has filed a dispositive motion, particularly when filed in lieu of an answer, which could dispose of the entire case . . . , there may be a good reason to delay the start of discovery." LR 26.1(a) n.1. And discovery may only commence in this District as directed by a Rule 16(b) "initial pretrial order once entered by the Court." LR 26.1(a); *see also* Fed. R. Civ. P. 26(d)(1).

This practice of the Middle District of North Carolina makes sense. Holding an initial pretrial conference while fully dispositive motions to dismiss are pending would be an inefficient use of the parties' and the court's time and resources. The parameters and limits on discovery to be discussed would be subject to change based on the court's disposition of the motions. Resolution of the dispositive motions, however, provides clarity for the parties and the court as to whether the case will even proceed, and if so, the scope of discovery that might be necessary. Engaging in a Rule 26(f) conference and subsequent initial pretrial conference with the court with dispositive motions pending provides no clarity, and could ultimately prove to have been completely unnecessary.

Here, all Defendants have filed fully dispositive motions. For that reason alone, an initial pretrial conference should not be set at this time.

6

But even beyond the pending dispositive motions, the uncertain status of the multitude of pending related actions make the setting of an initial pretrial conference (and the attendant discovery-related events)[2] particularly impractical and inefficient in this case. The facts here further demonstrate the logic behind this District's general practice: discovery activities should be deferred until a case has coalesced enough that discovery efforts will be efficient under the circumstances. This has not happened here; if any action would benefit from this District's general practice of a measured and logical approach to discovery, it is this one.

At last count, there is a total of 16 related actions, representing 24 total complaints, pending in four districts, assigned to five different judges.[3] The MDL Motion is still pending before the JPML, and seeks consolidation of the related cases within an MDL proceeding. *In re: Crop Protection Prods. Loyalty Program Antitrust Litig.*, MDL No. 3062, ECF No. 1 (JPML Nov. 22, 2022).

---

[2] The Court's case scheduling order presumptively issues after the Court receives the parties' Rule 26(f) report. Fed. R. Civ. P. 16(b)(1). However, the parties must first engage in a Rule 26(f) conference before they may submit a Rule 26(f) report. Fed. R. Civ. P. 26(f)(1), (2). And this Court's Local Civil Rules mandate that the parties hold their Rule 26(f) meeting 14 days before the initial pretrial conference. LR 16.1(b). An initial pretrial conference is typically scheduled by the Clerk of Court and generally not until after pleadings have closed and/or any pending motions to dismiss have been resolved.

[3] *Anderson*, No. 22-cv-858 (M.D.N.C. Oct. 7, 2022) (representing two consolidated actions); *R & D Adams Dairy Farm, LLC*, No. 22-cv-1050 (M.D.N.C. Dec. 6, 2022); *Sayler Farms, LLC*, No. 22-cv-1055 (M.D.N.C. Dec. 7, 2022); *Deline*, No. 22-cv-1056 (M.D.N.C. Dec. 7, 2022); *Slovak*, No. 22-cv-1059 (M.D.N.C. Dec. 8, 2022); *King*, No. 22-cv-1117 (M.D.N.C. Dec. 21, 2022); *R N D Hillside Farms Co.*, No. 22-cv-1127 (M.D.N.C. Dec. 23, 2022); *Meadows*, No. 22-cv-1128 (M.D.N.C. Dec. 26, 2022); *Jenkins*, No. 22-cv-1976 (S.D. Ind. Oct. 7, 2022) (representing eight consolidated actions); *Turner*, No. 22-cv-2411 (S.D. Ind. Dec. 15, 2022); *Milam*, No. 22-cv-2410 (S.D. Ind. Dec. 15, 2022); *KM Farms, Inc.*, No. 22-cv-2420 (S.D. Ind. Dec. 18, 2022); *Psencik*, No. 22-cv-2423 (S.D. Ind. Dec. 19, 2022); *Bohrer Farms, Inc.*, No. 22-cv-2447 (S.D. Ind. Dec. 21, 2022); *Goodman Planting Co., LLC,* No. 22-cv-735 (S.D. Miss. Dec. 20, 2022); *Rutledge*, No. 22-cv-1287 (E.D. Ark. Dec. 30, 2022).

7

Defendants have urged the JPML to establish the MDL in this District, as the only forum in which all related cases—including this one (which cannot be transferred by the JPML)—can proceed together. *Id.*, ECF No. 57 (JPML Dec. 19, 2022). The hearing on that motion is scheduled for January 26, 2023. *Id.*, ECF No. 47 (JPML Dec. 16, 2022). A decision is likely within two weeks of that date. *See* Hon. John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 TUL. L. REV. 2225, 2242 n.88 (2008) ("Usually within two weeks of oral argument, the Chair [of the JPML] has finalized and approved each written opinion pertaining to that session."). Earlier on the date of the filing of this response, the court in *Jenkins* entered an order granting Defendants' motion for extension and continuance in that consolidated action, and provisionally denied without prejudice the *Jenkins* Transfer Motion, in each case pending the forthcoming resolution of the MDL Motion. *Jenkins*, No. 22-CV-1976, ECF No. 94 (S.D. Ind. Jan. 13, 2013).

All of the numerous related cases involve overlapping issues regarding Syngenta's and Corteva's crop protection loyalty programs, and Syngenta and Corteva are defendants in all of these cases. Thus, if discovery ultimately does proceed in this Action and in the related cases, judicial efficiency will require that discovery be coordinated. But many issues must be resolved before such coordination can occur, including resolution of the pending MDL Motion. If an initial pretrial conference proceeds in this case before those issues are resolved,

8

the efficiencies otherwise afforded by coordinated discovery will be lost, resulting in potentially significant waste and duplication of efforts that can easily be avoided. Plaintiffs' Motion therefore should be denied; an initial pretrial conference would be premature and should not be set at this time.

Plaintiffs' Motion portrays Defendants as obstructionists, asserting that Defendants have "effectively imposed a unilateral and unwarranted stay of discovery." (ECF No. 82 at 3). Not so. Defendants have been anything but obstructionist in this litigation, regularly meeting and conferring with Plaintiffs on issues such as sealing of confidential information, motion practice scheduling, and other non-discovery related items. Defendants intend to continue to work constructively with Plaintiffs on these issues. But on this particular issue (as Defendants have repeatedly informed Plaintiffs in the aforementioned meet and confers), Defendants are simply adhering to this Court's general practice. And that practice defers discovery-related efforts while fully dispositive motions to dismiss are pending and also accounts for the practical complexities presented when, like here, there are a substantial number of related cases deserving of coordinated discovery. *See also* Fed. R. Civ. P. 16 advisory committee's note to 2015 amendment (recognizing that "[l]itigation involving complex issues, multiple parties, and large organizations, public or private, may be more likely to need extra time" beyond that explicitly described in Rule 16(b)).

9

## CONCLUSION

For these reasons, an initial pretrial conference in this case would be premature and inefficient. Defendants thus respectfully request that the Court deny Plaintiffs' Motion and defer scheduling an initial pretrial conference while Defendants' motions to dismiss are pending and uncertainty continues to exist about how and where the numerous related actions will proceed. If and when discovery in this case and the related cases becomes necessary, Defendants will be prepared to proceed as warranted with a logical and efficient discovery process.

Respectfully submitted this 13th day of January, 2023.

FOX ROTHSCHILD LLP

/s/Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
David B. Toscano*
David.toscano@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292

Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)
*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

MCGUIREWOODS LLP

/s/Mark E. Anderson
Mark E. Anderson (Bar No. 15764)
manderson@mcguirewoods.com
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone: 919.755.6600
Fax: 919.755.6699

David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Specially appearing under L.R. 83.1(d)
*Attorneys for Defendant Corteva, Inc.*

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words as reported by word processing software.

This the 13th day of January, 2023.

/s/ Patrick M. Kane
Patrick M. Kane

12

Case 1:22-cv-00828-TDS-JEP   Document 103   Filed 01/13/23   Page 12 of 12