# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP <br><br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SET INITIAL PRETRIAL CONFERENCE** |

Plaintiffs' Motion to Set Initial Pretrial Conference (Doc. 82) established that an extended and indefinite delay in this case is inconsistent with the case's just and efficient resolution and with the dictates of public policy. Defendants' Opposition (Doc. 103) makes no argument to the contrary.

Defendants seek to "defer[ ] discovery-related efforts" and "attendant discovery-related events" at least until the Court has ruled on Defendants' pending motions to dismiss. Defs. Opp. (Doc. 103) at 7, 9. And even then, they propose that this case further await some unspecified progress in the numerous private follow-on actions against

1

Defendants. *Id.* at 10.[1] Defendants do not dispute that, under the Federal Rules of Civil

Procedure and this Court's Local Rules, an initial pretrial conference would have been set

by December 9, 2022. *See* Pl. Mot. at 2. But they invoke an unwritten, non-binding,

"general practice" of this Court to defer such conferences. Any such informal practice,

even if appropriate in some other cases, is ill-suited to a government antitrust

enforcement action. Defendants do not even attempt to square their bid to stall the

progress of this case with the overriding principle that should govern this motion: the

"clear public policy," embodied in federal law, "prioritizing [the] prompt resolution of

Government antitrust claims to provide expeditious relief to the public." *United States v.*

*Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999). And in any event, an initial

pretrial conference would provide all parties with a forum to articulate their respective

concerns about how this case should proceed and for the Court to determine the best

course of action.

The Court should grant Plaintiffs' motion and set an initial pretrial conference for

the earliest available date.

## I.      The Court Should Set an Initial Pretrial Conference for the Earliest Available Date.

Defendants oppose Plaintiffs' motion to move forward on the infirm grounds that

"[s]etting an initial pretrial conference at this time would run counter to this District's

general practice," and that "[i]t would also be both impractical and inefficient given the

---

[1] It is not clear whether Defendants are referring to something other than the motion to transfer pending before the Judicial Panel on Multidistrict Litigation.

2

procedural posture of this case and the many related cases." Defs. Opp. at 5. Neither argument holds water. As explained below, the public interest in expediting government antitrust enforcement actions, recognized by Congress and other courts, overrides any such practice. Neither Defendants' motions to dismiss nor the follow-on private actions against Defendants warrants delaying an initial pretrial conference and the beginning of discovery.

A.     **Public Policy Favors the Expeditious Resolution of Plaintiffs' Claims.**

As set forth in Plaintiffs' opening brief, public policy strongly favors moving this case forward. Pl. Mot. at 3-4. Government antitrust enforcement actions are the only cases expressly carved out from the multidistrict litigation statute. *See* 28 U.S.C. § 1407(g). As the *Dentsply* court explained, that exemption for government antitrust cases reflects "congressional recognition of the primacy of antitrust enforcement actions brought by the United States, and that such actions are of special urgency and serve a different purpose than private damages suits because they seek to enjoin ongoing anticompetitive conduct." *Dentsply*, 190 F.R.D. at 145; *see Minn. Min. & Mfg. Co. v. N.J. Wood Finishing Co.*, 381 U.S. 311, 313-14, 321-22 (1965) (FTC antitrust enforcement action was "instituted by the United States"); Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, § 301, 136 Stat. 4459, 5970 (2022) (expanding carve-out to include actions brought by states). The *Dentsply* court also reasoned that because a "finding in favor of the United States in an antitrust enforcement action is prima facie evidence of a violation for injured competitors or customers bringing a subsequent private suit," *see* 15

3

U.S.C. § 16(a), allowing government cases to proceed without delays "permits more expeditious relief to the public for conduct adjudged illegal" and "promotes judicial efficiency by fostering settlement" in private cases. *Dentsply*, 190 F.R.D. at 145.

Other courts have similarly recognized and prioritized the public interest in the expeditious resolution of government antitrust suits. *See, e.g.*, *FTC v. Vyera Pharms., LLC*, No. 20-cv-0706 (DLC), 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021) ("The parties and the public have a significant interest in resolving the issues raised by the [government] plaintiffs' claims with due expedition."); *In re Am. Express Anti-Steering Rules Antitrust Litig.*, No. 11-MD-02221 (NGG) (RER), 2014 WL 558759, at *2 (E.D.N.Y. Feb. 11, 2014) (finding "compelling public policy reasons" not to consolidate government and private antitrust cases in order to give the "Government full control of its enforcement action," and to "avoid[ ] prolonging and confusing the Government's case with collateral side issues").

Any "general practice" against setting an initial pretrial conference during the pendency of motions to dismiss should not be applied here, given the strong public policy favoring the speedy prosecution of government antitrust enforcement actions. The three cases Defendants offer as examples of a general practice in this District are readily distinguished. This is a law enforcement action brought by the Federal Trade Commission and twelve States to end ongoing and unlawful monopolization tactics in the pesticide industry that result in exorbitant prices for American farmers. The cases Defendants cite, on the other hand, were all brought by *pro se* litigants. *See* Defs. Opp. at

5-6; *Vient v. Herald*, No. 19-cv-0002, 2020 WL 616578, at *1, 4 (M.D.N.C. Feb. 10, 2020) (*pro se* case alleging copyright infringement); *Johnson v. City of Durham*, No. 1:09-cv-954, 2011 WL 4625730, at *1 (*pro se* case related to the enforcement of building codes); *Gregory v. Bruce*, No. 1:15-cv-996, 2016 WL 4491723, at *8 (*pro se* case alleging conspiracy to interfere with civil rights, deceptive trade practices, and malicious prosecution). *Pro se* suits, unlike this case, are exempt from the "timing-and-sequence-of-discovery provisions" of Rule 26(d), the obligation to hold a Rule 26(f) conference "as soon as practicable," and the requirement that "within the time set by [Rule] 16(b), the clerk shall schedule an initial pretrial conference." L.R. 16.1(a), (b). The Court has scheduled initial pretrial conferences before the resolution of potentially dispositive motions in other matters, and should do so here. *See, e.g.*, Takashima Decl. Ex. A (Scheduling Order, *M.P.T. Racing, Inc. v. Bros. Rsch. Corp.* (Doc. 63), No. 1:22-cv-00334-CCE-JEP (M.D.N.C. June 24, 2022)) (setting schedule and allowing discovery while motions to dismiss were pending).

### B. Defendants Have Not Shown Good Cause to Delay Discovery.

Defendants concede that their primary objective is to ward off the beginning of discovery in this case. *See* Defs. Opp. at 6-10. But neither the Federal Rules of Civil Procedure nor the Local Rules provides for an automatic stay of discovery simply because Defendants have filed motions to dismiss. *See Reinerio v. Bank of N.Y. Mellon*, No. 15-cv-161-FJG, 2015 WL 4425856, at *6 (W.D. Mo. July 20, 2015) (it "is black letter law that the mere filing of a motion to dismiss the complaint does not constitute

5

'good cause' for the issuance of a discovery stay"). Motions to stay discovery are disfavored "because when discovery is delayed or prolonged it can create case management problems[,] which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Drapkin v. Mjalli*, No. 1:19-CV-00175-LCB-JLW, 2019 WL 9662885, at *1 (M.D.N.C. Aug. 26, 2019) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). A party seeking to stay discovery "must come forward with a specific factual showing that the interests of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of a stay outweigh the costs of delay." *Kron Med. Corp. v. Growth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988) (denying motion to stay discovery and stay time to file answer pending resolution of motion to transfer); *see also Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (the party seeking a stay must "justify it by clear and convincing circumstances outweighing potential harm" to the opposing party); *accord* Fed. R. Civ. P. 26(f) advisory committee's note (1993) (explaining that Rule 26(f) was intended "[t]o assure . . . that the commencement of discovery is not delayed unduly").

Defendants have not made and cannot make any such showing, particularly in light of the strong public policy favoring the prompt resolution of government antitrust enforcement actions. Defendants have not shown that their motions are likely to be granted, and motions to dismiss antitrust cases at the pleading stage are generally limited to "glaring deficiencies." *See Williams v. Estates LLC*, No. 1:19-cv-1076, 2020 WL

6

887997, at \*9 (M.D.N.C. Feb. 24, 2020) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 444 (4th Cir. 2011)); *see also* Takashima Decl. Ex. B (Order, *M.P.T. Racing, Inc. v. Bros. Rsch. Corp.* (Doc. 68), No. 1:22-cv-00334-CCE-JEP (M.D.N.C. June 30, 2022)) (denying motion to stay discovery based on "preliminary review" of motions to dismiss). The prejudice to the public interest that will result if Plaintiffs' case is delayed outweighs any potential burden to Defendants in the unlikely event Defendants' motions are granted, particularly because discovery will be in the early stages. In short, Defendants' motions to dismiss cannot justify delaying discovery. *See, e.g.*, Carson Decl. (Doc. 82-1) Ex. B (Hrg. Tr. at 12:19-13:18, *FTC v. Surescripts, LLC*, No. 1:19-cv-01080-JDB (D.D.C. Feb. 27, 2020)) (denying defendant's request for partial stay of discovery pending motions to dismiss in private cases); Carson Decl. Ex. C (Order at 1, *FTC v. Qualcomm Inc.*, No. 5:17-cv-00220-LHK (N.D. Cal. Apr. 13, 2017)) (denying defendant's request to defer discovery pending ruling on Rule 12(b)(6) motion).

The numerous private follow-on actions against Defendants likewise do not warrant any delay in commencing discovery. As one of the private plaintiffs has noted, "private antitrust plaintiffs must address a variety of complex legal and factual issues that do not apply to the government," such as antitrust standing and class certification, which "almost always result in separate scheduling tracks for the government and private actions," and "[p]rivate antitrust suits generally take far longer to reach resolution than government actions." *First-Filer Group's Brief* at 10 (Doc. 63), *In re Crop Protection Products Loyalty Program Antitrust Litig.*, No. 3062 (J.P.M.L. Dec. 21, 2022). The

multidistrict litigation statute's exemption for government antitrust cases like this one recognizes these differences and so prevents private follow-on cases from slowing government antitrust cases. *See supra* at 3-4. Delaying the start of this case to wait on private follow-on suits would turn that policy upside down.

At minimum, Defendants should be required to promptly engage in a Rule 26(f) meet and confer with Plaintiffs and an initial pretrial conference. Under Local Rule 26.1(a), a party who "advocates for delay in discovery" must nonetheless set out its "position on the scope and length of discovery needed absent or following any delay," and "address the appropriate [discovery] track for the case at whatever point discovery may proceed in the matter," so that the Court and the other parties can set a discovery plan and a case schedule. L.R. 26.1; *see* L.R. 16.1(b) (requiring parties to meet and confer a schedule and discovery track, among other issues).

## II.    Conclusion

For the reasons above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and set a Rule 16 initial pretrial conference for the earliest available date.

Dated: January 25, 2023

Respectfully submitted,

/s/ James H. Weingarten
JAMES H. WEINGARTEN (DC Bar No. 985070)
Deputy Chief Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3570
Email: jweingarten@ftc.gov

JOSEPH R. BAKER
WESLEY G. CARSON
ELIZABETH A. GILLEN
EDWARD H. TAKASHIMA

*Attorneys for Plaintiff Federal Trade Commission*

9

/s/ Nicole S. Gordon
NICOLE S. GORDON
California Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Carla J. Baumel
JAN M. ZAVISLAN
Senior Counsel
CARLA J. BAUMEL
CONOR J. MAY
Assistant Attorneys General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Jan.Zavislan@coag.gov
         Carla.Baumel@coag.gov
         Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, IL 60601
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*

/s/ Matthew Michaloski
MATTHEW MICHALOSKI
Deputy Attorney General
SCOTT BARNHART
Chief Counsel and Director of Consumer
Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-1479
Email: matthew.michaloski@atg.in.gov
         scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

10

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
        jason.pleggenkuhle@ag.state.mn.us
        elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Joseph M. Conrad
JOSEPH M. CONRAD
COLIN P. SNIDER
Office of the Attorney General of
Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-3840
Email: Joseph.Conrad@nebraska.gov
        Colin.Snider@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorney for Plaintiff State of Oregon*

11

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
TATE BALL
Assistant Attorney General
Office of the Attorney General of
Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
          Tate.Ball@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Margaret Sharp
BRENT WEBSTER
First Assistant Attorney General
GRANT DORFMAN
Deputy First Assistant Attorney General
SHAWN E. COWLES
Deputy Attorney General for Civil Litigation
JAMES LLOYD
Chief, Antitrust Division
TREVOR YOUNG
Deputy Chief, Antitrust Division
MARGARET SHARP
WILLIAM SHIEBER
Assistant Attorneys General
Office of the Attorney General, State of
Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: Margaret.Sharp@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Luminita Nodit
LUMINITA NODIT
Lumi.Nodit@atg.wa.gov
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Tel: (206) 254-0568

*Attorney for Plaintiff State
of Washington*

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

12

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it

contains fewer than 3,125 words as reported by word processing software.


Dated:   January 25, 2023

/s/ James H. Weingarten
James H. Weingarten
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
Phone: (202) 326-3570
jweingarten@ftc.gov

*Attorney for Plaintiff Federal Trade
Commission*