# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

M.P.T. RACING, INC. d/b/a MPT
INDUSTRIES,

*Plaintiff*,

v.

BROTHERS RESEARCH CORPORATION
and ADVANCE AUTO PARTS, INC.,

*Defendants*.

1:22-CV-334

SCHEDULING ORDER

This matter came before the Court on June 23, 2022, for an Initial Pretrial Conference on the parties' Individual Rule 26(f) Reports. The Court now enters this Order to memorialize the pretrial schedule adopted at the hearing.

As a preliminary matter, the Court notes that Defendant Brothers Research Corporation has filed a Motion to Dismiss for Lack of Standing [Doc. #43] and a Motion to Stay Discovery [Doc. #48], which remain pending with the District Judge. However, the District Judge denied the Motion to Stay to the extent that the Motion sought a delay of the initial pretrial conference. (See Text Order dated June 7, 2022.) Therefore, at the hearing, the Court adopted the following dates and deadlines to allow discovery to continue without limitation (other than the general limitation in Federal Rule of Civil Procedure 26(b)(1)), but

the dates and deadlines set forth below remain subject to the District Judge's future determination on both the pending Motion to Dismiss and the pending Motion to Stay.[1]

By agreement of the Parties, the case is placed on the Complex track for discovery, as set forth in Local Rule 26.1(a)(2), except as otherwise set out herein. The date for the close of all discovery will be March 17, 2023. With respect to the date for the commencement of discovery, discovery in this action has already commenced based on the prior proceedings in the District of New Jersey as well as the District Judge's Text Order dated May 16, 2022 directing the Parties to make initial disclosures by June 10, 2022. To the extent that any other matters require a commencement of discovery date, that date will be the date of the initial pretrial conference, June 23, 2022.

The deadline for completion of fact depositions is January 20, 2023, but that deadline may be extended by agreement of the parties as long as all depositions are completed by March 17, 2023. The deadline for the completion of expert depositions is March 17, 2023. All discovery must be completed by March 17, 2023, and that deadline may not be extended absent an order of the Court.

---

[1] In Defendants' Individual Rule 26(f) Report, Defendants sought to limit the first 2 months of the discovery period to matters pertaining to Plaintiff's ownership of the disputed marks and copyright. Similarly, in the Motion to Stay, Defendants sought to stay all other discovery unrelated to standing, pending resolution of Defendants' Motion to Dismiss. As noted by Plaintiff at the Initial Pretrial Conference, bifurcating discovery often results in inefficiencies, including having to depose the same individuals more than once and having to resolve ongoing disputes regarding whether certain discovery is or is not within the scope of the limitation. Notably, at the hearing, Defendants did not address those issues because Defendants now contend that <u>no</u> discovery regarding standing is needed, and that <u>all</u> discovery should be stayed until the Motion to Dismiss is resolved, as also reflected in a footnote in Defendants' Reply [Doc. #61]. As discussed during the hearing and as noted above, the Court will not stay or limit discovery, since those are issues to be addressed by the District Judge on the pending Motion to Stay. Therefore, the Court adopted the deadlines set out above so that a discovery plan is in place and so that discovery can proceed, subject of course to any determination by the District Judge on the Motion to Stay or Motion to Dismiss.

Expert summaries, reports, and disclosures under Federal Rule of Civil Procedure 26(a)(2)(B) and (a)(2)(C) are due on February 3, 2023 for Plaintiff (or any Counterclaim Plaintiff), and on March 3, 2023 for Defendants (or any Counterclaim Defendant). Any supplementations must be made as provided by Federal Rule of Civil Procedure 26(e), and must be made by the close of discovery absent some later determination that the supplementation is required after the close of discovery and with a showing that the supplementation could not have been provided before the close of discovery.

The deadline for motions to amend pleadings or add parties is July 22, 2022. After that date, the Court will consider, *inter alia*, whether any such request would delay trial.

The Parties agree that the mediation deadline will be <u>midway</u> through the discovery period. The deadline for the Parties to select a mediator is July 14, 2022. If the Parties do not report their selection of a mediator by July 14, 2022, the clerk will select a mediator from the Court's panel of mediators.

Dispositive motions will be due 30 days after the March 17, 2023 close of discovery. The trial in this matter will be set based on the close of discovery, not the resolution of dispositive motions.

The Parties have submitted a Joint Local Rule 5.5 Report [Doc. #58]. The Court has reviewed the Report and adopts the Report as submitted.

IT IS THEREFORE ORDERED that the Court adopts the discovery deadlines and parameters set out above, with a deadline for the completion of all discovery of March 17, 2023, and with no bifurcation or limitation on the scope of discovery other than the general

3

limitation in Federal Rule of Civil Procedure 26(b)(1), but subject to any future determination on the pending Motion to Dismiss and the pending Motion to Stay.

IT IS FURTHER ORDERED that the Parties' Joint Local Rule 5.5 Report [Doc. #58] is approved and adopted.

This, the 24th day of June, 2022.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge