# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| M.P.T. RACING, INC., d/b/a MPT INDUSTRIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:22-CV-334 |
| BROTHERS RESEARCH CORPORATION and ADVANCE AUTO PARTS, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

The defendants, Brothers Research Corporation and Advance Auto Parts, have moved to dismiss the complaint for lack of subject matter jurisdiction, contending that the plaintiff, MPT Racing, Inc., lacks standing. The defendants also move to stay discovery pending adjudication of the dispositive motion, or alternatively to limit discovery to the jurisdictional issue. The motion to stay non-jurisdictional discovery will be denied.

Federal Rule of Civil Procedure 26(c) permits a court, on motion by "[a] party or any person from whom discovery is sought[,] . . . [to], for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" "A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. 2004). The movant must show good cause and reasonableness. *See*

*Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). "Such motions are not favored because when discovery is delayed or prolonged it can create case management problems[,] which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* (citing *Kron Med. Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C. 1988)).

"Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 07-CV-94, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (citing *Tilley*, 270 F. Supp. 2d at 735; *Simpson*, 121 F.R.D. at 263). As this Court has previously explained:

> In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

*Simpson*, 121 F.R.D. at 263.

Considering those factors as applied to this case, and having conducted a preliminary review of the motions to dismiss, the Court does not think it likely that the defendants' motions to dismiss will be granted. The Court expects to rule on the motions to dismiss this summer, so even if the motions are granted after further review,

Case 1:22-cv-00828-LCB-JEP Document 108-3 Filed 06/30/25 Page 3 of 4

preliminary discovery costs will be small. The motion to stay will be denied and the parties shall proceed with discovery without delay.

It is **ORDERED** that the defendant's motion to stay non-jurisdictional discovery, Doc. 48, is **DENIED**. The motions to dismiss remain under advisement.

This the 30th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE