UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF CALIFORNIA,<br>STATE OF COLORADO,<br>STATE OF ILLINOIS,<br>STATE OF INDIANA,<br>STATE OF IOWA,<br>STATE OF MINNESOTA,<br>STATE OF NEBRASKA,<br>STATE OF OREGON,<br>STATE OF TENNESSEE,<br>STATE OF TEXAS,<br>STATE OF WASHINGTON, and<br>STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG,<br>SYNGENTA CORPORATION,<br>SYNGENTA CROP PROTECTION, LLC, and<br>CORTEVA, INC.,<br><br>    Defendants. | Civil Action No. 22-CV-828 |

**SYNGENTA'S MOTION TO FILE PORTIONS OF THE [PROPOSED] REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT UNDER SEAL**

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta"), by and through their undersigned attorneys and pursuant to Local Rule 5.4, respectfully submit this motion to file limited portions of the proposed reply brief in further support of Syngenta's Motion to Dismiss

the Amended Complaint under permanent seal, consistent with the agreement of all parties to redact certain confidential information in the public Amended Complaint.[1]

As of the time of this Motion, a Local Rule 5.5 Order has not been entered. However, the Parties have conducted a conference pursuant to Local Rule 5.4(b)(1)(b) and have filed a Joint Local Rule 5.5 Report. (ECF No. 19.) The Parties anticipate filing an updated Local Rule 5.5 Report after further discussions among the Parties regarding alternative sealing procedures, and in any event within ten days of their Rule 26(f) conference. For the purposes of this Motion, Syngenta is following the default procedures set out in Local Rule 5.4(c).

In Support of this Motion, Syngenta states as follows:

1. On September 29, 2022, Plaintiffs filed a complaint (the "Complaint") against Syngenta and co-defendant Corteva, Inc. ("Corteva"). (ECF No. 1).

2. On that same date, Plaintiff FTC filed a Motion to File Portions of the Complaint Temporarily Under Seal (the "Complaint Sealing Motion"). (ECF No. 2).

3. On October 13, 2022, Syngenta filed a response (ECF No. 22) in support of the Complaint Sealing Motion. On October 27, 2022, Syngenta filed a notice of withdrawal in part (ECF No. 49) of its response, by which Syngenta informed the Court that, in an effort to reach a compromise and relieve the Court of the need to address any

---

[1] The confidential information that Syngenta seeks to seal resides with Syngenta Crop Protection, LLC. However, Defendants Syngenta Crop Protection AG and Syngenta Corporation also have an interest in this information being kept confidential and under seal by virtue of their corporate relationship with Syngenta Crop Protection, LLC and therefore join in this Motion. By joining in this Motion, Syngenta Crop Protection AG and Syngenta Corporation, do not concede they are proper defendants in this action and expressly reserve, and do not waive, all rights.

dispute, Syngenta had withdrawn its sealing request as to certain portions of the Complaint, and that Plaintiffs did not object to Syngenta's request to keep the remaining redactions under seal.

4. On December 12, 2022, Syngenta moved to dismiss the Complaint. (ECF No. 69). Contemporaneously, Syngenta filed a motion to seal portions of its memorandum of law in support of the motion to dismiss. (ECF No. 68). The Court has not ruled on that motion.

5. On December 23, 2022, Plaintiffs filed an amended complaint (the "Amended Complaint"). (ECF No. 79).

6. On that same date, Plaintiff FTC filed a Motion to File Portions of the Amended Complaint Temporarily Under Seal (the "Amended Complaint Sealing Motion"). (ECF No. 80). The Amended Complaint Sealing Motion proposed to keep under seal for a period of 14 days certain confidential information that the FTC obtained from Syngenta and Corteva in the FTC's pre-Complaint investigation.

7. On January 6, 2023, Syngenta filed a response (the "Amended Complaint Sealing Response") in support of the Amended Complaint Sealing Motion. (ECF No. 86). Plaintiff FTC has stated that it does not oppose Syngenta's proposed redactions to the Amended Complaint.

8. The Amended Complaint Sealing Motion remains pending before the Court.

9. On January 13, 2023, Syngenta filed its Motion to Dismiss the Amended Complaint (ECF No. 99) and memorandum in support thereof (ECF No. 102).

Contemporaneously, Syngenta filed its Motion to File Portions of the Memorandum in Support of Syngenta's Motion to Dismiss the Amended Complaint Under Seal (ECF No. 101), seeking to file limited portions of the memorandum under permanent seal, consistent with the agreement of all parties to redact certain confidential information in the public Amended Complaint.

10. On February 10, 2023, the FTC filed Plaintiffs' Memorandum in Opposition to Defendants' Motions to Dismiss (ECF No. 110). Contemporaneously, the FTC filed a Motion to File Portions of Plaintiffs' Memorandum in Opposition to Defendants' Motions to Dismiss Temporarily Under Seal (the "Opposition Brief Sealing Motion") (ECF No. 111).

11. On February 24, 2023, Syngenta filed a response in support of the Opposition Brief Sealing Motion (ECF No. 117).

12. Contemporaneously with the filing of this Motion, Syngenta is filing its [Proposed] Reply Brief in Further Support of its Motion to Dismiss the Amended Complaint (the "Reply"),[2] which contains certain limited references to portions of the Amended Complaint that Syngenta seeks to remain under seal.

13. No new confidential information is being introduced in the Reply. Syngenta seeks only to redact portions of the Reply to the extent necessary to maintain

---

[2] At the time of filing, Defendants have pending a joint consent motion to extend the word limit for their respective reply briefs to 4,000 words. (ECF No. 121). Because that consent motion has not yet been ruled on, Syngenta filed on the public docket a Notice of Filing and attached a proposed redacted reply brief as Exhibit A.

the confidentiality of the information already proposed to be sealed in the Amended Complaint by agreement of all parties.

14. Syngenta provided this confidential information to the FTC during the FTC's pre-Complaint investigation and requested that the FTC maintain the information as confidential. *See* Declaration of Vern Hawkins in Support of Syngenta's Amended Complaint Sealing Response ¶ 9 ("Hawkins Declaration"). (ECF No. 86-1). This information includes (i) the terms of Syngenta's business agreements with third parties or details of the negotiations of these agreements; (ii) internal Syngenta documents that describe or analyze Syngenta's competitive strategies for sales and marketing; and (iii) confidential business and financial information, including analyses of pricing and sales data and customer-specific information. *Id.* ¶¶ 6-8. This information is commercially or competitively sensitive, and Syngenta maintains the confidentiality of this information. *Id.* ¶ 9.

15. Such information is confidential, competitively and commercially sensitive information of the type that courts in this Circuit regularly permit to be filed under seal. *See, e.g., Mr. Dee's Inc. v. Inmar, Inc.*, 2021 WL 294775, at *6 (M.D.N.C. Jan. 28, 2021) ("[T]his Court . . . previously has granted motions to seal confidential marketing and sales information, the disclosure of which would have harmed the competitive and financial interests of the parties." (cleaned up)); *Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 291-92 (W.D.N.C. 2019) (maintaining confidentiality of portions of deposition testimony that discussed corporate business strategies and financial data); *Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 117 F. Supp. 3d 732, 746 (M.D.N.C. 2015) (granting

motion to seal documents containing proprietary financial figures where the public release would negatively impact the party's business); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining under seal "confidential financial and business information which, if made public, could harm the parties' business interests"); *Bayer Cropscience Inc. v. Syngenta Crop Prot.*, LLC, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (holding that "certain marketing [and] sales" information should be sealed because it was "not ordinarily public" and would cause "harm[ ] by public disclosure").

16. A more detailed explanation of the bases for redaction of this material is set forth in Syngenta's Amended Complaint Sealing Response and the Hawkins Declaration, each of which is incorporated by reference herein.

17. For the foregoing reasons, Syngenta respectfully requests that the Court permanently maintain under seal the confidential information in the Reply, which confidential information is identified in the highlighted version of such memorandum attached hereto.

18. A proposed Order is submitted herewith.

Date: March 3, 2023

                                                FOX ROTHSCHILD LLP

                                                /s/ *Patrick M. Kane*
                                                Patrick M. Kane
                                                N.C. Bar No. 36861
                                                pkane@foxrothschild.com
                                                230 N. Elm Street, Suite 1200
                                                PO Box 21927 (27420)
                                                Greensboro, NC 27401