```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 1:22CV828 |
| SYNGENTA CROP PROTECTION AG, SYGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC and CORTEVA, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This case concerns an allegedly anticompetitive loyalty rebate program for crop-protection products that was brought by the United States Federal Trade Commission ("FTC") and twelve states. Before the court is a motion to seal portions of the amended complaint (Doc. 80) and multiple motions to seal portions of briefing on motion to dismiss (Docs. 68, 71, 96, 101, 111, 124, 127, 131, 134). For the reasons set forth below, the court will grant the motions.

I.  BACKGROUND

In the lead-up to this lawsuit, the FTC conducted a three-year investigation during which it received information and documents from Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC (collectively, "Syngenta") and Corteva, Inc. that Defendants designated as confidential. Federal

regulations require that the FTC afford persons who submit confidential information "an opportunity to seek an appropriate protective order" prior to disclosing such information, including through a complaint. 15 U.S.C. § 57b-2; 16 C.F.R. § 4.10(g).

On September 29, 2022, the FTC and a number of states filed this action against Defendants. (Doc. 1.) Plaintiffs simultaneously moved to temporarily seal portions of the complaint. (Doc. 2.) On October 13, 2022, Defendants responded, supporting the request to seal "confidential and commercially sensitive information" pertaining to them. (Doc. 22 at 1; Doc. 24.) After conferring with Plaintiffs, Defendants withdrew their requests to seal some portions of the complaint but maintained their requests in all other respects. (Doc. 47; Doc. 49.) Plaintiffs do not object to these requests. (See id.)

On December 12, 2022, Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 64; Doc. 65.) Contemporaneously, Defendants also moved to seal portions of their memoranda in support of the motions to dismiss. (Doc. 68; Doc. 71.)

On December 23, 2022, Plaintiffs filed an amended complaint (Doc. 79)[1] and a motion to file portions of the amended complaint

---

[1] The motion to seal the original complaint was granted on April 24, 2023, on the ground that the amended complaint (Doc. 79) had become the operative pleading. (Doc. 140.) The court noted "concerns regarding confidential pricing, revenue, and sales data and competitive business

2

temporarily under seal. (Doc. 80.) Defendants timely responded with their respective justifications for permanently sealing portions of Plaintiffs' proposed redactions. (Doc. 86; Doc. 88.) Thereafter, Plaintiffs and Defendants filed briefing on the motions to dismiss, each with corresponding motions to seal. (See Docs. 96, 101, 111, 124, 127, 131, 134.) There is no new information in any of the briefs that the parties seek to seal that extends beyond Defendants' requests regarding the amended complaint. As a result, the court's ruling on the motion to seal the amended complaint will necessarily govern the motions to seal portions of the briefing.

The court first considers Plaintiffs' motion to seal the amended complaint, followed by the motions to seal the briefing.

## II.  ANALYSIS

### A.  Motion to Seal Amended Complaint

Plaintiffs noted they are not the parties claiming confidentiality with respect to the information that is subject to their motion to seal. (Doc. 80 at 1.) As required by Local Rule 5.4(c)(3), Defendants timely responded with their justifications for sealing, supported with declarations from executives from each company. (Doc. 86; Doc. 88.) Defendants also filed their own

---

strategies and plans" in the original complaint. (Id. at 2 n.1.) The court added that the absence of judicial review or action on the original complaint along with the above-mentioned concerns justified sealing. (Id.) In any event, the motion to seal the amended complaint will be reviewed anew.

3

versions of the amended complaint that highlighted the portions they seek to seal. (Doc. 87-1; Doc. 89.) Though the highlighted proposed redactions by each Defendant differ, certain portions that Plaintiffs moved to seal were not highlighted by either party, thus demonstrating a lack of claim to seal them from either Defendant. In the absence of any such claim, the court will therefore unseal those limited portions that are not highlighted by Defendants.

As to the rest, Syngenta represents that the amended complaint contains:

> (i) the terms of Syngenta's business agreements with third parties or details of the negotiations of these agreements; (ii) internal Syngenta documents that describe or analyze Syngenta's competitive strategies for sales and marketing; and (iii) confidential business and financial information, including analyses of pricing and sales data and customer specific information.

(Doc. 86 ¶ 6.) According to Syngenta, the FTC does not oppose Syngenta's proposed redactions to the amended complaint. (Id. ¶ 13.)

Corteva represents that the amended complaint contains:

> Specific, confidential terms of Corteva's agreements with non-party distributors and its co-defendant, Syngenta; information identifying the non-party distributors who are counterparties to Corteva's agreements; the dollar value of the rebates provided by Corteva to non-party distributors pursuant to Corteva's discount programs; Corteva's internal sales forecasts and strategies, and statistics calculated using Corteva's confidential sales data.

(Doc. 88 at 8 (citations omitted).) Corteva contends that all of

4

the information that it seeks to seal is non-public, that its release would harm its competitive standing and non-parties to the suit, and that, at least at this stage, the public interest in this information does not outweigh that of Corteva.  (Id. at 9-12.)

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  "The operations of the courts and the judicial conduct of judges are matters of utmost public concern," Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978), "and the public's business is best done in public," Cochran v. Volvo Grp. N. Am., LLC, 931 F. Supp. 2d 725, 727 (M.D.N.C. 2013).  "When parties call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." Doe v. Pub. Citizen, 749 F.3d 246, 271 (4th Cir. 2014) (internal quotation marks omitted).

The right of public access derives from both the common law and the First Amendment. See Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004).  "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178,

5

180 (4th Cir. 1988) (citation omitted). Accordingly, in any given case, some documents will "fall within the common law presumption of access," others will be "subject to the greater right of access provided by the First Amendment," and some "may not qualify as 'judicial records' at all." United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003) (unpublished) (citing United States v. Amodeo, 44 F.3d 141, 145-46 (2d Cir. 1995)).[2] The Fourth Circuit has held that the First Amendment provides a right of access to civil complaints. See Courthouse News Serv. v. Schaefer, 2 F.4th 318, 327-28 (4th Cir. 2021). "Because [civil complaints] allow the public to understand the parties involved in a case, the facts alleged, the issues for trial, and the relief sought, access to complaints . . . is crucial to 'not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary.'" Id. at 327 (quoting Doe, 749 F.3d at 266).

When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." Washington Post, 386 F.3d at 576. Procedurally, the court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it

---

[2] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

6

decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. Id. "As to the substance, the district court first 'must determine the source of the right of access with respect to each document,' because [o]nly then can it accurately weigh the competing interests at stake." Id. (citing Stone, 855 F.3d at 181). "Generally, the public interest in disclosure heightens as the underlying motions are directed more to the merits and as the case proceeds toward trial." SmartSky Networks, LLC v. Wireless Sys. Sols., LLC, 630 F. Supp. 3d 718, 732 (M.D.N.C. 2022). Under this court's Local Rules, "[n]o motion to seal will be granted without a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why less drastic alternatives will not afford adequate protection, with evidentiary support." M.D.N.C. L.R. 5.4(c)(3).

Sealing confidential business information may be appropriate absent an improper purpose and countervailing interests. See Nixon, 435 U.S. at 598; Adjabeng v. GlaxoSmithKline, LLC, No. 1:12CV568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014). In order to determine whether confidential business information should be sealed, courts consider (1) "whether the party has shown that the information sought to be sealed is confidential"; (2) "whether disclosure would harm the party's competitive standing or otherwise harm its business interests"; (3) "whether the motion is narrowly tailored"; and (4) "whether the interests in non-

7

disclosure are compelling and heavily outweigh the public's interest in access to the information." Sims v. BB&T Corp., No. 1:15-CV-732, 2018 WL 3466945, at *2 (M.D.N.C. July 18, 2018). Furthermore, "personal information of third parties is often subject to protection, given the privacy interests at stake for individuals who are not part of the suit." Stevens v. Cabarrus Cnty. Bd. Ed., 1:20-CV-335, 2022 WL 4620906, at *15 (M.D.N.C. Sept. 20, 2022). However, it is not enough to assert generally that exhibits contain "sensitive and confidential business information" without supplying "specific underlying reasons for the district court to understand how [the party's interest] reasonably could be affected by the release of such information." Trs. of Purdue Univ. v. Wolfspeed, Inc., No. 1:21-CV-840, 2023 WL 2776193, at *2 (M.D.N.C. Feb. 28, 2023) (quoting Washington Post, 386 F.3d at 579).

Upon review of the parties' proposed redactions, responses, and declarations, the court finds that sealing the requested information in the amended complaint is warranted. The motions have been pending for several months, and no opposition has been filed. Review of the highlighted portions of the amended complaint that Defendants filed demonstrates that the information they seek to seal pertains only to sensitive and confidential business information. More specifically, the parties seek to seal information regarding the identity of non-parties with whom they

8

do business and the contents of their non-public agreements; proprietary details regarding the functioning of the loyalty program; sensitive business communications regarding the loyalty program; internal forecasts and assessments regarding the parties' market shares based on internal analyses; and the contents of negotiations between Defendants.

Defendants contend that release of this information would give a windfall to competitors because it would enable pursuit of the same or similar agreements with third parties, that counterparties to future negotiations would gain an advantage to seek more favorable terms with both Defendants and non-parties, and that competitors could modify their business strategies to Defendants' disadvantage. (Doc. 86 at 5-7 (citing 86-1 (Decl. of Vern Hawkins); Doc. 88 at 9-11 (citing 88-1 (Decl. of Ben Kaehler).) The specificity of the parties' redactions and claims of potential injury — supported by declarations from Defendants' executives — demonstrates that Defendants' justifications are adequate to overcome the public's important First Amendment interests at stake. See Adjabeng, 2014 WL 459851, at *3 (requiring more than bare assertions by counsel in briefs because such statements are "not evidence").

Further, the parties do not seek to seal a wide swath of information, as care was taken to limit disclosure to even less

9

information than that redacted by Plaintiffs.³  See Fortson v. Garrison Prop. & Cas. Ins. Co., No. 1:19-CV-294, 2022 WL 824802, at *5 (M.D.N.C. Mar. 18, 2022) (crediting targeted redactions as justification for granting seal).  And unlike in Courthouse News, where the plaintiffs complained of delayed access to the entire complaint, there is no question here that the public can "understand the parties involved in a case, the facts alleged, the issues for trial, and the relief sought" with the limited proposed redactions.  Courthouse News, 2 F.4th at 327 (noting the role that public access to complaints plays in, among other things, public confidence in the judicial power).  At the pre-discovery stage of this litigation, the public interest in this limited information does not outweigh the need to protect Defendants' confidential and proprietary business interests.  Consequently, Plaintiffs' motion to seal will be granted to the extent of the portions Defendants support sealing.

---

³ While the FTC collected information and redacted it pursuant to confidentiality rules, see 15 U.S.C. § 57b-2; 16 C.F.R. § 4.10, whatever confidentiality claims made by the parties pursuant to these rules hold no sway over the court.  See 15 U.S.C. § 57b-2(d)(1)(C) ("[The classification of confidentiality by the person supplying the information] shall not be construed to prohibit . . . the disclosure of relevant and material information . . . in judicial proceedings to which the [FTC] is a party."); Fed. Trade Comm'n v. Match Grp., Inc., 1:22-mc-54, 2023 WL 3181351, at *12 (D.D.C. May 1, 2023) (rejecting the confidentiality of the investigation as a basis to seal).  Indeed, "[t]he interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation."  Doe, 749 F.3d at 271.

10

**B.   Motions to Seal Portions of Briefing on Motions to Dismiss**

The parties have filed numerous motions to seal portions of their motion to dismiss briefing.  First, the court considers the motions to seal Defendants' briefing filed after the amended complaint.  (Docs. 96, 101, 124, 127, 131, 134.)  These motions do not seek to seal any new information that is not already sealed, as noted above, in the amended complaint.  (See, e.g., Doc. 98 at 15 (redacting information that Corteva seeks to seal in its proposed redactions to the amended complaint at Doc. 89).)  As a consequence, the motions to seal will be granted.

Second, the court considers Defendants' two motions to seal briefing filed before the amended complaint was filed.  (Docs. 68, 71.)  These motions seek to seal portions of Defendants' motion to dismiss briefing that reference Plaintiffs' original complaint (Doc. 1).  The court previously granted Plaintiffs' motion to seal the original complaint, in part, on the ground that it was no longer the operative pleading and was never subject to judicial review or action.  (Doc. 140); see also In re United States, 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights"); Adjabeng, 2014 WL 459851, at *1 ("[T]o the extent the documents are not relevant to the adjudicative process, no right of access applies.").  Similarly

11

here, Defendants have filed updated briefing on the pending motion to dismiss such that these memoranda are no longer operative. Even so, upon review of Defendants' requests, the scope of the information Defendants seek to seal is entirely inclusive of what they seek to seal in their motions to dismiss the amended complaint. Because either reason would be sufficient, these motions to seal will be granted.

Finally, the court considers Plaintiffs' motion to seal the memorandum in opposition to Defendants' motion to dismiss. (Doc. 111.) Paralleling the process for Plaintiffs' amended complaint, Plaintiffs filed their memorandum in opposition and moved to seal it, noting that Defendants claim confidentiality. Defendants timely responded. (Doc. 117; Doc. 119.) Defendants also filed versions of Plaintiffs' memorandum in which each Defendant highlighted in yellow the portions that they request be sealed. (Doc. 118-1; Doc. 120.) Plaintiffs' memorandum in opposition contains no new information Defendants request to seal that is not already sealed in the amended complaint. As a result, Plaintiffs' motion to seal will be granted to the extent of the portions Defendants support sealing.

## III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that the parties' respective motions to seal (Docs. 68, 71, 80, 96, 101, 111, 124, 127, 131, 134) are GRANTED,

12

and docket entries 69, 72, 81, 98, 102, 112, 125, 128, 132, and 135 shall be SEALED;

IT IS FURTHER ORDERED that the parties shall file a redacted version of the amended complaint that combines only the redactions Defendants request as reflected in yellow highlighting in docket entries 87-1 and 89 within 10 days of the entry of this Order;

IT IS FURTHER ORDERED that the parties shall file a redacted version of Plaintiffs' memorandum in opposition to Defendants' motion to dismiss that combines only the redactions Defendants request as reflected in yellow highlighting in docket entries 118-1 and 120 within 10 days of the entry of this Order.

/s/   Thomas D. Schroeder
United States District Judge

September 28, 2023