## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al. <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP-PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP-PROTECTION, LLC, <br><br> and <br><br> CORTEVA, INC., <br><br> Defendants. | CASE NO. 1:22-cv-00828-TDS-JEP |

## CORTEVA'S ANSWER TO AMENDED COMPLAINT

Defendant Corteva, Inc. ("Corteva") respectfully submits this Answer to the Amended Complaint (Dkt. 149 (the "Complaint")) filed by the Federal Trade Commission ("FTC"), State of California, State of Colorado, State of Illinois, State of Indiana, State of Iowa, State of Minnesota, State of Nebraska, State of Oregon, State of Tennessee, State of Texas, State of Washington and State of Wisconsin (together with the FTC, "Plaintiffs") against Syngenta Crop-Protection AG, Syngenta Corporation, Syngenta Crop-Protection, LLC, (collectively, "Syngenta") and Corteva.

## PRELIMINARY STATEMENT

The Complaint challenges Corteva's loyalty discounts on three active ingredients ("AIs") used in crop-protection products: acetochlor, rimsulfuron, and oxamyl

(the "Relevant AIs"). Although these loyalty discounts are ubiquitous throughout all industries, the Complaint deems these run-of-the-mill discounts "exclusion payments" in an effort to elide that these discounts are both lawful and procompetitive. Corteva's loyalty programs for the Relevant AIs offer numerous procompetitive benefits. Among other benefits, the programs incentivize customers to invest in best-in-class services, stewardship, and support for Corteva's products, ensure consistent purchases by customers over time, reduce free riding by customers and competitors, and allow distributors to lower prices, thereby reducing costs to growers. Corteva therefore denies the Complaint's repeated attempts to mischaracterize these programs as "exclusion payments".

The Complaint also falters in its effort to define a cognizable product market—a prerequisite for maintaining any antitrust suit. Specifically, the Complaint alleges that each of the Relevant AIs is a market unto itself. This self-serving single-AI market definition ignores the many other products that treat the same pests, on the same crops, at the same stage of the growing cycle as Corteva's products. It also underscores the narrow scope of the Complaint's averments. Despite the fact that Corteva has offered many loyalty programs for many different AIs over the course of many years, Plaintiffs challenge only the programs relating to the three Relevant AIs. Accordingly, though the Complaint broadly refers to Corteva's "loyalty programs," Corteva's answers are limited to the products and programs at issue and should be construed with that limitation in mind.

The Complaint also challenges Syngenta's loyalty programs relating to three separate AIs—azoxystrobin, mesotrione, and metolachlor (the "Syngenta AIs")—and a substantial portion of the averments in the Complaint relate only to Syngenta's conduct

2

with respect to the Syngenta AIs. While the Complaint's averments with respect to Syngenta's conduct likely fail for the same reasons stated above, Corteva is not Syngenta, and Corteva lacks personal knowledge concerning the details of Syngenta's business, decision-making and conduct. Accordingly and unless otherwise stated, as to all averments in the Complaint concerning Syngenta, Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of such averments. As for allegations directed to "Defendants" or that otherwise group Corteva and Syngenta together, Corteva responds only as to itself.

In sum, Corteva's loyalty discount programs are a procompetitive form of price competition. Corteva therefore denies any and all allegations of wrongdoing by Corteva in the Complaint and states that Plaintiffs are not entitled to any of the requested remedies.

## RESPONSES TO THE SPECIFIC ALLEGATIONS OF THE COMPLAINT

Except to the extent specifically stated herein, Corteva denies each and every allegation contained in the Complaint, including all allegations contained in headings or otherwise not contained in one of the Complaint's numbered paragraphs. Corteva responds to the numbered paragraphs of the Complaint as follows:

1. Corteva states that the averments in paragraph 1 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Corteva denies the averments in paragraph 1, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

3

2.     Corteva states that the averments in paragraph 2 of the Complaint purport to describe this action and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 2.

## I.     NATURE OF THE CASE

3.     Corteva states that the averments in paragraph 3 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 3, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers, that U.S. farmers have purchased many millions of dollars of crop-protection products, and that crop-protection products are crucial farm inputs that improve crop yields and food security.

4.     Corteva states that the averments in paragraph 4 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 4, except admits that Corteva is a basic research-based manufacturer of crop-protection products, that Corteva has developed, patented and registered active ingredients within crop-protection products, that generic competition has led to price reduction, and that the Federal Insecticide, Fungicide and Rodenticide Act, or FIFRA (7 U.S.C. § 136 et seq.) allows generic manufacturers to pursue an expedited label registration process using the human health and environmental data submitted by a prior registrant, and refers to the referenced statute for its complete contents.

4

5.     Corteva denies the averments in paragraph 5 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

6.     Corteva denies the averments in paragraph 6 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers and that these loyalty programs permit distributors to receive rebates upon achieving the loyalty levels set forth in Corteva's loyalty agreements, and refers to the applicable loyalty agreements for their complete contents.

7.     Corteva denies the averments in paragraph 7 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 7 as they concern distributors, and admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

8.     Corteva denies the averments in paragraph 8 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers and that a number of national distributors have been responsible for a significant portion of U.S. crop-protection sales and have participated in Corteva's loyalty programs.

9.     Corteva denies the averments in paragraph 9 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

10.     Corteva denies the averments in paragraph 10 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

11.     Corteva denies the averments in paragraph 11 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

## II.     JURISDICTION

12.     Corteva states that the averments in paragraph 12 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva does not challenge whether the Court has jurisdiction under 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. § 26, or whether the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), and Corteva refers to the referenced statutes for their complete contents.

13.     Corteva states that the averments in paragraph 13 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 13, except admits that Corteva conducts business in North Carolina and refers to the referenced statutes for their complete contents.

14.     Corteva states that the averments in paragraph 14 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 14, except refers to the referenced statutes for their complete contents.

6

15.     Corteva states that the averments in paragraph 15 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 15, except admits that Corteva is a corporation and refers to the referenced statute for its complete contents.

### III.     VENUE

16.     Corteva states that the averments in paragraph 16 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva does not challenge whether venue is proper under 15 U.S.C. § 22; Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); or 28 U.S.C. §§ 1391(b), (c) and (d) and refers to the referenced statutes for their complete contents.

### IV.     THE PARTIES

17.     Corteva states that the averments in paragraph 17 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 17, except admits that the FTC is a United States administrative agency and refers to the referenced statutes for their complete contents.

18.     Corteva states that the averments in paragraph 18 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 18, except admits that California is a state and that Rob Bonta is the Attorney General of California, and Corteva states that it otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 18.

19.    Corteva states that the averments in paragraph 19 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 19, except admits that Colorado is a state and that Philip J. Weiser is the Attorney General of Colorado, and Corteva states that it otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 19.

20.    Corteva states that the averments in paragraph 20 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 20, except admits that Illinois is a state and that Kwame Raoul is the Attorney General of Illinois, and Corteva states that it otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 20.

21.    Corteva states that the averments in paragraph 21 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 21, except admits that Indiana is a state and that Theodore E. Rokita is the Attorney General of Indiana, and Corteva states that it otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 21.

22.    Corteva states that the averments in paragraph 22 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 22, except admits that Iowa is a state

and states that Corteva otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 22.

23.    Corteva states that the averments in paragraph 23 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 23, except admits that Minnesota is a state and that Keith Ellison is the Attorney General of Minnesota, and Corteva states that it otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 23.

24.    Corteva states that the averments in paragraph 24 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 24, except admits that Nebraska is a state and states that Corteva otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 24.

25.    Corteva states that the averments in paragraph 25 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 25, except admits that Oregon is a state and that Ellen F. Rosenblum is the Attorney General of Oregon, and Corteva states that it otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 25.

26.    Corteva states that the averments in paragraph 26 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 26, except admits that Tennessee is a

9

state and that Jonathan Skrmetti is the Attorney General of Tennessee, and Corteva states that it otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 26.

27.     Corteva states that the averments in paragraph 27 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 27, except admits that Texas is a state and that Ken Paxton is the Attorney General of Texas, and Corteva states that it otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 27.

28.     Corteva states that the averments in paragraph 28 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 28, except admits that Washington is a state and that Robert W. Ferguson is the Attorney General of Washington, and Corteva states that it otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 28.

29.     Corteva states that the averments in paragraph 29 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 29, except admits that Wisconsin is a state and that Joshua L. Kaul is the Attorney General of Wisconsin, and Corteva states that it otherwise lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 29.

30.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 30 of the Complaint.

31.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 31 of the Complaint.

32.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 32 of the Complaint.

33.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 33 of the Complaint.

34.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 34 of the Complaint.

35.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 35 of the Complaint.

36.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 36 of the Complaint.

37.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 37 of the Complaint.

38.     Corteva admits the averments in paragraph 38 of the Complaint.

39.     Corteva admits the averments in paragraph 39 of the Complaint.

## V.     INDUSTRY BACKGROUND

### A.     *Crop-Protection Products*

40.     Corteva denies the averments in paragraph 40 of the Complaint, except admits that pesticides are used to kill or control pests, which can include diseases, weeds,

11

insects and other unwanted organisms, and that pesticides sold in the United States are generally used for crop-protection.

41.     Corteva denies the averments in paragraph 41, except admits that farmers (or growers) use pesticides to control pests, that the Complaint refers to pesticides used for crop-protection as crop-protection products, and that pesticides are important inputs for farmers that can increase crop yields and quality and contribute to a stable food supply.

42.     Corteva admits the averments in paragraph 42 of the Complaint.

43.     Corteva denies the averments in paragraph 43 of the Complaint, except admits that crop-protection products contain at least one active ingredient, which is the chemical substance that kills or controls the targeted pest; that active ingredients can be combined with inert components such as water, adjuvants, surfactants, and in some cases other active ingredients, to formulate finished crop-protection products; that crop-protection products containing only one active ingredient can be referred to as "straight goods," and that products containing two or more active ingredients can be called "mixtures."

44.     Corteva admits the averments in paragraph 44 of the Complaint.

45.     Corteva denies the averments in paragraph 45 of the Complaint, except admits that active ingredients can be distinguished by the pest(s) targeted by an active ingredient; the effectiveness of an active ingredient at controlling the targeted pest, which can be measured in terms of crop yield improvements; the crops upon which an active ingredient is suited and registered to be used, which may correlate with geography; the stage of the growing cycle at which an active ingredient may be used; and the performance

12

of an active ingredient under prevailing climate and weather conditions, among other criteria.

46. Corteva denies the averments in paragraph 46, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 46 as they concern persons other than Corteva, and admits that each active ingredient has a mode of action and that active ingredients that share a common mode of action tend to have similar use cases.

**B.    *Crop-Protection Product Manufacturers***

47. Corteva denies the averments in paragraph 47 of the Complaint, except admits that crop-protection product manufacturers generally create, market and sell crop-protection products and may synthesize the active ingredients for their formulated products in their own facilities or may purchase the active ingredients from other manufacturers.

48. Corteva denies the averments in paragraph 48 of the Complaint, except admits that crop-protection product manufacturers that research, develop and patent new active ingredients can be referred to as a "basic" manufacturers, that Corteva researches, develops, and patents new active ingredients and that Corteva and Syngenta have been among the largest crop-protection product manufacturers in the United States and globally.

49. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 49 of the Complaint, except admits that more than a dozen generic manufacturers sell crop-protection products in the United States and that generic manufacturers sell crop-protection products containing active ingredients

initially developed by others and as to which some patent and regulatory exclusive-use periods have expired.

**C.      *The Regulatory Process for Crop-Protection Products***

50.      Corteva states that the averments in paragraph 50 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 50, except refers to the referenced statutes for their contents.

51.      Corteva states that the averments in paragraph 51 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 51, except refers to the referenced statutes for their contents.

52.      Corteva states that the averments in paragraph 52 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 52, except refers to the referenced statutes for their contents.

53.      Corteva states that the averments in paragraph 53 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 53, except refers to the referenced statutes for their contents.

54.      Corteva states that the averments in paragraph 54 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is

required, Corteva denies the averments in paragraph 54, except refers to the referenced statutes for their contents.

### D.     *The Traditional Distribution Channel*

55.     Corteva denies the averments in paragraph 55 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 55 as they relate to persons other than Corteva, and admits that crop-protection product manufacturers generally sell to distributors that in turn sell to (and in some cases are integrated with) retailers and that this can be referred to as the traditional distribution channel or the "channel."

56.     Corteva denies the averments in paragraph 56 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 56 as they relate to persons other than Corteva, and admits that distributors can support manufacturers, retailers and growers by providing logistical assistance, inventory management, credit risk management, and other support.

### E. *Life Cycle Management of Crop-Protection Products*

57.     Corteva denies the averments in paragraph 57 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 57 as they relate to persons other than Corteva, and admits that generic products compete with branded products and that generic crop-protection products are often sold at lower (nominal) prices than competing branded crop-protection products.

58.     Corteva denies the averments in paragraph 58 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer

15

procompetitive benefits to customers and that Corteva has strategies to compete against generic products, which are sometimes referred to as "generic defense" strategies.

## VI.  DEFENDANTS' ALLEGED UNLAWFUL CONDUCT

59.     Corteva denies the averments in paragraph 59 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

60.     Corteva denies the averments in paragraph 60 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers, that these loyalty programs permit distributors to receive rebates upon achieving loyalty levels forth in Corteva's loyalty agreements, and refers to the applicable loyalty agreements for their complete contents.

61.     Corteva denies the averments in paragraph 61 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers, that these loyalty programs permit distributors to receive rebates upon achieving loyalty levels forth in Corteva's loyalty agreements, that the difference between a specified loyalty level and 100% can be referred to as "open space" or "head space", and refers to the applicable loyalty agreements for their complete contents.

62.     Corteva denies the averments in paragraph 62 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

63. Corteva denies the averments in paragraph 63 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

## A. Syngenta's Loyalty Program

64. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 64 of the Complaint.

65. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 65 of the Complaint.

66. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 66 of the Complaint.

67. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 67 of the Complaint.

68. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 68 of the Complaint.

69. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 69 of the Complaint.

70. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 70 of the Complaint.

71. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 71 of the Complaint.

72. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 72 of the Complaint.

17

## B.     Corteva's Loyalty Program

73.     Corteva denies the averments in paragraph 73 of the Complaint, except states that paragraph 73 purports to summarize the terms of Corteva's loyalty agreements with its distributors, and refers to the applicable loyalty agreements for their complete contents, and admits that it offers programs called the "Crops, Range & Pasture and Industrial Vegetation Management Loyalty Program" ("CRPIVM") and the "Corporate Distributor Offer" program ("CDO"), that the CRPIVM is implemented through written agreements with participating distributors and that the CDO is implemented through written offers that participating distributors accept by complying with the terms of the offers.

74.     Corteva denies the averments in paragraph 74, except states that paragraph 74 appears to quote from a document produced by Corteva and/or the transcript of investigational hearing testimony, and refers to the referenced email and/or transcript for their complete contents, and admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

75.     Corteva denies the averments in paragraph 75 of the Complaint, except states that paragraph 75 purports to summarize the terms of Corteva's loyalty agreements with its distributors, and refers to the applicable loyalty agreements for their complete contents.

76.     Corteva denies the averments in paragraph 76 of the Complaint, except states that paragraph 76 purports to summarize the terms of Corteva's loyalty agreements with its distributors, and refers to the applicable loyalty agreements for their complete contents, and admits that Corteva calculates the distributor's achieved loyalty level by measuring the distributor's purchased volume of the active ingredient that count "for" loyalty as a

18

percentage of the distributor's total purchased volume of the active ingredient (*i.e.*, the sum of the volume counting "for" and the volume counting "against") and that, in some cases, Corteva will treat a product as "neutral" and exclude purchases of that product from Corteva's loyalty level calculation.

77. Corteva denies the averments in paragraph 77 of the Complaint, except states that paragraph 77 purports to summarize the terms of Corteva's loyalty agreements with its distributors, and refers to the applicable loyalty agreements for their complete contents.

78. Corteva denies the averments in paragraph 78 of the Complaint, except states that paragraph 78 purports to summarize the terms of Corteva's loyalty agreements with its distributors, and refers to the applicable loyalty agreements for their complete contents.

79. Corteva denies the averments in paragraph 79 of the Complaint, except states that paragraph 79 purports to summarize the terms of Corteva's loyalty agreements with its distributors, and refers to the applicable loyalty agreements for their complete contents.

## C.    *Operation of and Adherence to Loyalty Programs*

80. Corteva denies the averments in paragraph 80 of the Complaint, except admits that over the years it has had various loyalty-program agreements with distributors that collectively are responsible for significant sales of crop-protection products.

81. Corteva denies the averments in paragraph 81 of the Complaint, except admits that Corteva has made rebate payments to participating distributors under its loyalty programs and refers to the referenced agreements for their complete contents.

82. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 82 of the Complaint.

19

83.     Corteva denies the averments in paragraph 83 of the Complaint, except states that paragraph 83 purports to quote from Corteva documents describing its rebates as "rewards" and refers to the referenced document(s) for their complete contents, and admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.  Corteva further states that, to the extent the averments in paragraph 83 concern Syngenta, Corteva lacks knowledge and information sufficient to form a belief as to the truth of those averments.

84.     Corteva denies the averments in paragraph 84 of the Complaint, except states that paragraph 84 appears to quote from a document produced by Corteva and refers to that document for its complete contents, states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 84 as they concern persons other than Corteva, and admits that Corteva enters loyalty agreements with leading distributors to better compete in the marketplace and offer procompetitive benefits to customers.

85.     Corteva denies the averments in paragraph 85 of the Complaint, except states that paragraph 85 purports to summarize the terms of Corteva's loyalty agreements with its distributors and appears to quote from a document produced by Corteva, and Corteva refers to that document and the applicable agreements for their complete contents.  Corteva further states that, to the extent the averments in paragraph 85 concern persons other than Corteva, Corteva lacks knowledge and information sufficient to form a belief as to the truth of those averments.

86.     Corteva denies the averments in paragraph 86, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments concerning persons other than Corteva.

87.     Corteva denies the averments in paragraph 87 of the Complaint, except admits that Corteva has exercised the contractual right to audit distributors and routinely grants exceptions to distributors who do not meet the loyalty thresholds.

88.     Corteva denies the averments in paragraph 88 of the Complaint, except states that paragraph 88 appears to quote from documents produced by Corteva and refers to those documents for their complete contents.   Corteva further states that, to the extent the averments in paragraph 88 concern Syngenta, Corteva lacks knowledge and information sufficient to form a belief as to the truth of those averments.

**D.      *Relevant Syngenta Active Ingredients***

89.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 89 of the Complaint.

90.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 90 of the Complaint, except admits that azoxystrobin is a fungicide.

91.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 91 of the Complaint.

92.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 92 of the Complaint.

93.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 93 of the Complaint.

94.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 94 of the Complaint.

95.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 95 of the Complaint.

96.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 96 of the Complaint.

97.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 97 of the Complaint.

98.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 98 of the Complaint.

99.     Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 99 of the Complaint, except admits that mesotrione is a widely used corn herbicide.

100.    Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 100 of the Complaint.

101.    Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 101 of the Complaint.

102.    Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 102 of the Complaint.

22

103.   Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 103 of the Complaint.

104.   Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 104 of the Complaint.

105.   Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 105 of the Complaint.

106.   Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 106 of the Complaint.

107.   Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in Paragraph 107 of the Complaint, except admits that a Corteva predecessor company developed a product containing mesotrione and two other active ingredients.

108.   Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 108 of the Complaint, except admits that Corteva and Syngenta entered into a mesotrione supply agreement and refers to that agreement for its complete contents.

109.   Corteva denies the averments in paragraph 109 of the Complaint, except states that paragraph 109 purports to quote from a conversation and refers to the referenced conversation for its complete contents, and admits that the referenced supply agreement was negotiated and refers to the referenced supply agreement for its complete contents.

110. Corteva denies the averments in paragraph 110 of the Complaint, except states that paragraph 110 appears to quote from documents produced by Corteva and refers to the referenced documents for their complete contents.

111. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 111 of the Complaint, except refers to the referenced supply agreement for its complete contents, and admits that a Syngenta employee responsible for third-party relations was directly involved in the negotiation of the supply agreement, that Syngenta's President of Global Crop-Protection participated in the negotiation of the supply agreement, and that the Chief Executive Officer of the Syngenta Group may have participated in the negotiation of the supply agreement.

112. Corteva denies the averments in paragraph 112 of the Complaint.

113. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 113 of the Complaint, except admits that metolachlor is used as a preemergence residual herbicide in corn, cotton, soybean and a variety of other crops for the control of grasses and small-seeded broadleaves.

114. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 114 of the Complaint.

115. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 115 of the Complaint.

116. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 116 of the Complaint.

24

117. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 117 of the Complaint.

118. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 118 of the Complaint.

119. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 119 of the Complaint.

120. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 120 of the Complaint.

121. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 121 of the Complaint.

122. Corteva denies the averments in paragraph 122 of the Complaint, except refers to the referenced supply agreement for its complete contents.

E.    *Relevant Corteva Active Ingredients*

123. Corteva denies the averments in paragraph 123 of the Complaint, except admits that it offers loyalty programs concerning rimsulfuron, oxamyl and acetochlor, and that Corteva's products face competition in the marketplace, including generic competition.

124. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 124 of the Complaint, except admits that rimsulfuron is an herbicide that can be used on crops such as fruit, tree nuts, potatoes, corn, soybeans, peanuts, and tomatoes.

25

125. Corteva states that the averments in paragraph 125 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Corteva denies the averments in paragraph 125, except admits that rimsulfuron was originally developed, patented, and registered with the EPA by a Corteva predecessor company (DuPont), that certain patent protection for rimsulfuron expired in or about 2006 and that the exclusive-use period under FIFRA expired no later than 2007.

126. Corteva denies the averments in paragraph 126 of the Complaint.

127. Corteva denies the averments in paragraph 127 of the Complaint, except admits that its rimsulfuron products faced competition from multiple products (branded and generic) and that Corteva placed rimsulfuron in its loyalty program beginning in the 2017-2018 market year.

128. Corteva denies the averments in paragraph 128, except states that paragraph 128 purports to summarize the terms of Corteva's loyalty agreements with its distributors regarding rimsulfuron, and refers to the applicable loyalty agreements for their complete contents.

129. Corteva denies the averments in paragraph 129 of the Complaint.

130. Corteva denies the averments in paragraph 130 of the Complaint, except admits that generic manufacturers have registered rimsulfuron products in the United States.

131. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 131 of the Complaint as they concern

26

persons other than Corteva, except admits that distributors have met Corteva's rimsulfuron loyalty thresholds and that generic and other competitors have long sold rival products.

132. Corteva denies the averments in paragraph 132 of the Complaint, except states that paragraph 132 appears to quote from a document produced by Corteva and refers to that document for its complete contents, states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 132 as they concern persons other than Corteva, and admits that Corteva's loyalty programs have been beneficial to customers and helped Corteva to stay competitive.

133. Corteva denies the averments in paragraph 133 of the Complaint, except states that paragraph 133 appears to quote from a document produced by Corteva and refers to that document for its complete contents, and admits that the presence of generic products in the market has caused Corteva to reduce prices of its rimsulfuron products.

134. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 134 of the Complaint, except admits that oxamyl is an insecticide and nematicide used primarily on cotton and potatoes, in addition to onions, apples, citrus fruits, pears, carrots, peppers, tomatoes, and tobacco.

135. Corteva states that the averments in paragraph 135 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Corteva denies the averments in paragraph 135, except admits that oxamyl was initially developed, patented, and registered with the EPA by a Corteva predecessor company (DuPont), that certain patent protection for oxamyl expired in or about 1988 and that the exclusive-use period under FIFRA expired no later than 1987.

27

136.    Corteva denies the averments in paragraph 136 of the Complaint, except admits that a Corteva plant outage occurred between 2014 and 2017 that interrupted the supply of oxamyl products from Corteva and that generic manufacturers registered oxamyl products between 2017 and 2018.

137.    Corteva denies the averments in paragraph 137 of the Complaint, except states that paragraph 137 appears to quote from a document produced by Corteva and purports to summarize the terms of Corteva's loyalty agreements with its distributors regarding oxamyl, and refers to that document and to the applicable loyalty agreements for their complete contents, and admits that Corteva has made rebate payments to distributors for achieving oxamyl loyalty levels.

138.    Corteva denies the averments in paragraph 138 of the Complaint, except states that paragraph 138 appears to quote from documents produced by Corteva and refers to those documents for their complete contents.

139.    Corteva denies the averments in paragraph 139 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 139 as they concern persons other than Corteva, and admits that some distributors have met Corteva's oxamyl loyalty thresholds.

140.    Corteva denies the averments in paragraph 140 of the Complaint, except admits that the presence of generic products in the market has caused Corteva to reduce prices of its oxamyl products.

141.    Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 141 of the Complaint, except admits

that acetochlor is an herbicide that is used predominantly on corn, but also is used on cotton, soybeans, sunflowers, peanuts, potatoes, and sugarcane.

142. Corteva admits the averments in paragraph 142 of the Complaint.

143. Corteva states that the averments in paragraph 143 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Corteva denies the averments in paragraph 143, except admits that certain patent protection for acetochlor expired in or about 2000 and that the exclusive-use period under FIFRA expired no later than 2007.

144. Corteva denies the averments in paragraph 144 of the Complaint, except states that paragraph 144 appears to summarize a document produced by Corteva and refers to that document for its complete contents, and admits that in or about 2017, there was rumored to be a new entrant in the acetochlor market.

145. Corteva denies the averments in paragraph 145 of the Complaint, except refers to the referenced strategy documents for their complete contents.

146. Corteva denies the averments in paragraph 146, except states that paragraph 146 purports to summarize the terms of Corteva's loyalty agreements with its distributors regarding acetochlor, and refers to the applicable loyalty agreements for their complete contents, and admits that Corteva has made rebate payments to distributors for achieving acetochlor loyalty levels and that Corteva added acetochlor to its loyalty program in or about the 2016-2017 market year.

147. Corteva denies the averments in paragraph 147 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of

the averments in paragraph 147 as they concern persons other than Corteva, and admits that distributors have met Corteva's acetochlor loyalty thresholds.

148.    Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 148 of the Complaint, except states that the market that includes acetochlor is highly competitive.

149.    Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 149 of the Complaint, except states that the market that includes acetochlor is highly competitive.

150.    Corteva denies the averments in paragraph 150 of the Complaint, except admits that the presence of generic products in the market has constrained Corteva's pricing of its acetochlor products.

## VII.    DEFENDANTS' ALLEGED MARKET AND MONOPOLY POWER

151.    Corteva states that the averments in paragraph 151 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 151.

152.    Corteva states that the averments in paragraph 152 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 152.

153.    Corteva states that the averments in paragraph 153 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 153.

154.    Corteva states that the averments in paragraph 154 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 154.

155.    Corteva states that the averments in paragraph 155 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 155 and states that Plaintiffs fail properly to define the relevant markets.

156.    Corteva states that the averments in paragraph 156 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 156 and states that Plaintiffs fail properly to define the relevant markets.

157.    Corteva denies the averments in paragraph 157 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 157 concerning persons other than Corteva and products not sold by Corteva; admits that different AIs necessarily have some differentiating characteristics; and states that all of the AIs sold by Corteva compete with other AIs in a highly competitive marketplace.

158.    Corteva denies the averments in paragraph 158 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 158 concerning persons other than Corteva and products not sold by Corteva, admits that different AIs necessarily have some differentiating

characteristics, and states that all of the AIs sold by Corteva compete with other AIs in a highly competitive marketplace.

159.    Corteva denies the averments in paragraph 159 of the Complaint, except admits that crop-protection products are sold and regulated in the United States and refers to the referenced regulations for their complete contents.

160.    Corteva denies the averments in paragraph 160 and states that Plaintiffs fail properly to define the relevant markets.

161.    Corteva denies the averments in paragraph 161 and states that Plaintiffs fail properly to define the relevant markets.

162.    Corteva denies the averments in paragraph 162 of the Complaint and states that Plaintiffs fail properly to define the relevant markets.

163.    Corteva denies the averments in paragraph 163 of the Complaint and states that Plaintiffs fail properly to define the relevant markets.

## VIII.  ALLEGED HARM TO COMPETITION AND CONSUMERS

164.    Corteva denies the averments in paragraph 164 of the Complaint, except admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

165.    Corteva denies the averments in paragraph 165 of the Complaint.

166.    Corteva denies the averments in paragraph 166 of the Complaint.

167.    Corteva denies the averments in paragraph 167 of the Complaint.

168.    Corteva denies the averments in paragraph 168 of the Complaint, except admits that Corteva continues to operate its loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers.

## A.    Alleged Foreclosure

169.    Corteva states that the averments in paragraph 169 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 169.

170.    Corteva denies the averments in paragraph 170.

171.    Corteva denies the averments in paragraph 171.

172.    Corteva states that the averments in paragraph 172 of the Complaint purport to state abstract principles of law and economics not applicable here and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 172, except admits that Corteva's loyalty programs with respect to the relevant AIs have been in place since at least 2017 and sometimes longer.

173.    Corteva denies the averments in paragraph 173, except states that paragraph 173 purports to summarize the terms of Corteva's loyalty agreements with its distributors and refers to those loyalty agreements for their complete contents, and states that Corteva lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 173 as they concern persons other than Corteva.

174.    Corteva states that the averments in paragraph 174 of the Complaint purport to state abstract principles of law and economics not applicable here and do not require a response.   To the extent a response is required, Corteva denies the averments in

paragraph 174, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 174 as they concern persons other than Corteva.

175.    Corteva denies the averments in paragraph 175 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 175 as they concern distributors' state of mind.

176.    Corteva states that the averments in paragraph 176 of the Complaint purport to state abstract principles of law and economics not applicable here and do not require a response.  To the extent a response is required, Corteva denies the averments in paragraph 176.

177.    Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 177 of the Complaint.

178.    Corteva denies the averments in paragraph 178, except states that paragraph 178 purports to summarize the views of one generic manufacturer and states that Corteva lacks knowledge and information sufficient to form a belief as to the truth of that averment.

179.    Corteva denies the averments in paragraph 179 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva.

180.    Corteva denies the averments in paragraph 180 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva.

181.    Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 181 of the Complaint.

**B.    *Alleged Entry and Expansion***

182.    Corteva denies the averments in paragraph 182 of the Complaint.

183.    Corteva denies the averments in paragraph 183 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva.

184.    Corteva denies the averments in paragraph 184 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva.

185.    Corteva denies the averments in paragraph 185 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva.

**C.    *Alleged Impact on Innovation***

186.    Corteva denies the averments in paragraph 186 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva.

187.    Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 187 of the Complaint, except admits that generic manufacturers can create new active-ingredient mixtures and innovate on the non-active ingredient components of crop-protection products.

35

188. Corteva denies the averments in paragraph 188 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva.

189. Corteva denies the averments in paragraph 189 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva.

### D. *Alleged Supracompetitive Prices*

190. Corteva denies the averments in paragraph 190 of the Complaint.

191. Corteva denies the averments in paragraph 191 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva and admits that generic crop-protection products are often sold at lower (nominal) prices than competing branded crop-protection products.

192. Corteva denies the averments in paragraph 192 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva.

193. Corteva denies the averments in paragraph 193 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva.

194. Corteva denies the averments in paragraph 194 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of

the averments as they concern persons other than Corteva, and admits that Corteva forecasts the pricing of its products.

195. Corteva denies the averments in paragraph 195 of the Complaint, except states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments as they concern persons other than Corteva, and admits that Corteva makes backward-looking assessments of its loyalty programs.

196. Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 196 of the Complaint.

197. Corteva denies the averments in paragraph 197 of the Complaint, except states that paragraph 197 purports to summarize Corteva's mesotrione supply agreement with Syngenta and a document produced by Corteva, and refers to those documents for their complete contents. Corteva further states that, to the extent the averments in paragraph 197 concern Syngenta, Corteva lacks knowledge and information sufficient to form a belief as to the truth of those averments.

198. Corteva denies the averments in paragraph 198 of the Complaint, except admits that the treatment of Corteva's mesotrione products under Syngenta's loyalty program was a subject of the contract renegotiation and refers to the final agreement for its complete contents. Corteva further states that, to the extent the averments in paragraph 198 only concern Syngenta, Corteva lacks knowledge and information sufficient to form a belief as to the truth of those averments.

199.    Corteva denies the averments in paragraph 199 of the Complaint, except states that paragraph 199 of the Complaint appears to quote from a document produced by Corteva and refers to that document for its complete contents.

200.    Corteva denies the averments in paragraph 200 of the Complaint, except states that paragraph 200 appears to quote from a document produced by Corteva and refers to that document for its complete contents, and admits that Corteva offers loyalty programs to better compete in the marketplace and offer procompetitive benefits to customers. Corteva further states that, to the extent the averments in paragraph 200 concern Syngenta, Corteva lacks knowledge and information sufficient to form a belief as to the truth of those averments.

201.    Corteva states that it lacks knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 201 of the Complaint.

202.    Corteva denies the averments in paragraph 202 and states that Plaintiffs fail properly to define the relevant markets.

## COUNT I
## ALLEGED UNFAIR METHODS OF COMPETITION IN VIOLATION OF SECTION 5 OF THE FTC ACT (15 U.S.C. § 45(a))

203.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

204.    Corteva denies the averments in paragraph 204 of the Complaint.

38

## COUNT II
## ALLEGED UNLAWFUL CONDITIONING OF PAYMENTS IN VIOLATION OF SECTION 3 OF THE CLAYTON ACT (15 U.S.C. § 14)

205.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

206.    Corteva denies the averments in paragraph 206 of the Complaint.

## COUNT III
## ALLEGED UNREASONABLE RESTRAINTS OF TRADE IN VIOLATION OF SECTION 1 OF THE SHERMAN ACT (15 U.S.C. § 1)

207.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

208.    Corteva denies the averments in paragraph 208 of the Complaint.

## COUNT IV
## ALLEGED UNLAWFUL MONOPOLIZATION IN VIOLATION OF SECTION 2 OF THE SHERMAN ACT (15 U.S.C. § 2)

209.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

210.    Corteva denies the averments in paragraph 210 of the Complaint.

211.    Corteva denies the averments in paragraph 211 of the Complaint.

## COUNT V
## ALLEGED VIOLATIONS OF CALIFORNIA STATE LAW

212.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

213.    Corteva denies the averments in paragraph 213 of the Complaint, except admits that farmers in California have purchased Corteva's crop-protection products containing applicable Relevant AIs.

39

214. Corteva denies the averments in paragraph 214 of the Complaint.

215. Corteva denies the averments in paragraph 215 of the Complaint.

216. Corteva denies that the State of California is entitled to any relief.

## COUNT VI
## ALLEGED VIOLATIONS OF THE COLORADO ANTITRUST ACT
## (C.R.S. § 6-4-104-105)

**A**      ***ALLEGED ILLEGAL RESTRAINT OF TRADE (C.R.S. § 6-4-104)***

217. Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

218. Corteva denies the averments in paragraph 218 of the Complaint.

219. Corteva denies the averments in paragraph 219 of the Complaint, except admits that farmers in Colorado have purchased Corteva's crop-protection products containing the applicable Relevant AIs.

220. Corteva denies that the State of Colorado is entitled to any relief.

221. Corteva states that the averments in paragraph 221 of the Complaint purport to describe this action and do not require a response.

**B.**      ***ALLEGED UNLAWFUL MONOPOLY MAINTENANCE (C.R.S. § 6-4-105)***

222. Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

223. Corteva denies the averments in paragraph 223 of the Complaint.

224. Corteva denies the averments in paragraph 224 of the Complaint, except admits that farmers in Colorado have purchased Corteva's crop-protection products containing applicable Relevant AIs.

40

225.    Corteva denies that the State of Colorado is entitled to any relief.

226.    Corteva states that the averments in paragraph 226 of the Complaint purport to describe this action and do not require a response.  To the extent a response is required, Corteva denies that the State of Colorado is entitled to any relief.

## COUNT VII
## ALLEGED VIOLATIONS OF THE ILLINOIS ANTITRUST ACT

227.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.  Corteva denies the averments in paragraph 227 of the Complaint and denies that the State of Illinois is entitled to any relief, except admits that farmers in Illinois have purchased Corteva's crop-protection products containing applicable Relevant AIs.

## COUNT VIII
## ALLEGED VIOLATIONS OF INDIANA STATE LAW

228.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.  Corteva denies the averments in paragraph 228 of the Complaint and denies that the State of Indiana is entitled to any relief, except admits that farmers in Indiana have purchased Corteva's crop-protection products containing applicable Relevant AIs.

## COUNT IX
## ALLEGED VIOLATIONS OF IOWA STATE LAW

229.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

230.    Corteva denies the averments in paragraph 230 of the Complaint.

41

231. Corteva denies the averments in paragraph 231 of the Complaint, except admits that farmers in Iowa have purchased Corteva's crop-protection products containing applicable Relevant AIs.

232. Corteva denies that the State of Iowa is entitled to any relief.

233. Corteva denies the averments in paragraph 233 of the Complaint.

234. Corteva denies that the State of Iowa is entitled to any relief.

## COUNT X
## ALLEGED VIOLATIONS OF MINNESOTA STATE LAW

### A. *ALLEGED UNREASONABLE RESTRAINT OF TRADE IN VIOLATION OF MINNESOTA STATUTES SECTION 325D.51*

235. Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

236. Corteva denies the averments in paragraph 236 of the Complaint.

237. Corteva denies the averments in paragraph 237 of the Complaint, except admits that Corteva has entered into loyalty agreements with at least one distributor of crop-protection products that is headquartered in Minnesota.

238. Corteva denies the averments in paragraph 238 of the Complaint, except admits that farmers in Minnesota have purchased Corteva's crop-protection products containing applicable Relevant AIs.

### B. *ALLEGED UNLAWFUL MONOPOLY MAINTENANCE AND USE OF MONOPOLY POWER IN VIOLATION OF MINNESOTA STATUTES SECTION 325D.52*

239. Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

42

240.    Corteva denies the averments in paragraph 240 of the Complaint.

241.    Corteva denies the averments in paragraph 241 of the Complaint.

242.    Corteva denies the averments in paragraph 242 of the Complaint, except admits that farmers in Minnesota have purchased Corteva's crop-protection products containing applicable Relevant AIs.

**C.    ALLEGED PROHIBITED CONTRACT, COMBINATION, OR CONSPIRACY IN VIOLATION OF MINNESOTA STATUTES SECTION 325D.53**

243.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

244.    Corteva denies the averments in paragraph 244 of the Complaint.

245.    Corteva denies the averments in paragraph 245 of the Complaint, except admits that Corteva has entered into loyalty agreements with at least one distributor of crop-protection products that is headquartered in Minnesota.

246.    Corteva denies the averments in paragraph 246 of the Complaint, except admits that farmers in Minnesota have purchased Corteva's crop-protection products containing applicable Relevant AIs.

**D.    REQUEST FOR RELIEF**

247.    Corteva denies that the State of Minnesota is entitled to any relief.

**COUNT XI**
**ALLEGED VIOLATIONS OF NEBRASKA STATE LAW**

248.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.   Corteva denies the averments in paragraph 248 of the Complaint and denies that the State of Nebraska is entitled to any relief, except admits that

43

farmers in Nebraska have purchased Corteva's crop-protection products containing applicable Relevant AIs.

## COUNT XII
## ALLEGED VIOLATIONS OF OREGON STATE LAW

249.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

250.    Corteva denies the averments in paragraph 250 of the Complaint.

251.    Corteva denies the averments in paragraph 251 of the Complaint, except admits that farmers in Oregon have purchased Corteva's crop-protection products containing applicable relevant AIs.

252.    Corteva denies that the State of Oregon is entitled to any relief.

## COUNT XIII
## ALLEGED VIOLATIONS OF TENNESSEE STATE LAW

253.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

254.    Corteva denies the averments in paragraph 254 of the Complaint, except admits that Corteva's crop-protection products have been sold to Tennessee consumers.

255.    Corteva denies the averments in paragraph 255 of the Complaint.

256.    Corteva denies the averments in paragraph 256 of the Complaint.

257.    Corteva denies the averments in paragraph 257 of the Complaint.

258.    Corteva denies the averments in paragraph 258 of the Complaint, except admits that farmers in Tennessee have purchased Corteva's crop-protection products containing applicable Relevant AIs.

44

259. Corteva denies the averments in paragraph 259 of the Complaint.

260. Corteva denies that the State of Tennessee is entitled to any relief.

## COUNT XIV
## ALLEGED VIOLATIONS OF TEXAS STATE LAW

261. Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

262. Corteva denies the averments in paragraph 262 of the Complaint.

263. Corteva denies the averments in paragraph 263 of the Complaint, except admits that farmers in Texas have purchased Corteva's crop-protection products containing applicable Relevant AIs.

264. Corteva denies that the State of Texas is entitled to any relief.

## COUNT XV
## ALLEGED VIOLATIONS OF WASHINGTON STATE LAW

265. Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

266. Corteva denies the averments in paragraph 266 of the Complaint.

267. Corteva denies the averments in paragraph 267 of the Complaint.

268. Corteva denies the averments in paragraph 268 of the Complaint.

269. Corteva denies the averments in paragraph 269 of the Complaint, except admits that farmers in Washington have purchased Corteva's crop-protection products containing applicable Relevant AIs.

270. Corteva denies that the State of Washington is entitled to any relief.

271. Corteva denies that the State of Washington is entitled to any relief.

45

## COUNT XVI
## ALLEGED VIOLATIONS OF WISCONSIN STATE LAW

272.    Corteva hereby incorporates its responses to each and every allegation above and denies any wrongdoing.

273.    Corteva denies the averments in paragraph 273 of the Complaint.

274.    Corteva denies the averments in paragraph 274 of the Complaint.

275.    Corteva denies the averments in paragraph 275 of the Complaint, except admits that farmers in Wisconsin have purchased Corteva's crop-protection products containing applicable Relevant AIs.

276.    Corteva denies that the State of Wisconsin is entitled to any relief.

## IX.
## PRAYER FOR RELIEF

Corteva denies each and every averment set forth in Plaintiffs' Prayer for Relief and each and every averment contained in the Complaint which is not specifically admitted herein. Corteva further denies that Plaintiffs are entitled to the relief requested, or to any other relief.

46

## AFFIRMATIVE DEFENSES

Corteva asserts the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.

### First Defense

The Complaint fails to state a claim on which relief can be granted.

### Second Defense

Plaintiffs have failed to define any appropriate relevant market or markets and have failed to establish that Corteva exercises market power with respect to any relevant market.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing to prosecute the claims.

### Fourth Defense

Plaintiffs' claims are barred in whole or in part by failure to show any plausible harm to consumers or consumer welfare or any plausible anticompetitive conduct.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiff has not suffered actual, cognizable injury under the antitrust laws.

### Sixth Defense

The relief sought by Plaintiff is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

47

## Seventh Defense

The FTC lacks the constitutional authority to bring the claims. Specifically, by seeking injunctive relief in federal court, the FTC purports to wield a quintessentially executive power while its members are shielded from removal by the President, which violates Article II of the Constitution.

## Eighth Defense

Plaintiffs' claims are barred by the doctrines of waiver, laches and estoppel.

## Defenses Adopted

Corteva adopts any and all defenses asserted by Syngenta, including in its answer or at any subsequent point in this matter, concerning conduct for which Plaintiffs seek to hold Corteva liable.

## Defenses Reserved

Corteva reserves the right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate. Corteva also reserves the right to amend or to seek to amend its answer or defenses. Corteva hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during discovery or any other factual investigation in this case.

Respectfully submitted this 9th day of February, 2024.

/s/ David R. Marriott
David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Specially appearing under L.R. 83.1(d)

/s/ Mark E. Anderson
Mark E. Anderson (Bar No. 15764)
McGuireWoods LLP
manderson@mcguirewoods.com
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone:  919.755.6600
Fax:  919.755.6699

*Attorneys for Defendant Corteva, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2024, I caused the foregoing ANSWER TO AMENDED COMPLAINT, and all attachments thereto, to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF System.

/s/ *David R. Marriott*
David R. Marriott