# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FEDERAL TRADE COMMISSION, )
STATE OF CALIFORNIA, )
STATE OF COLORADO, )
STATE OF ILLINOIS, )
STATE OF INDIANA, )
STATE OF IOWA, )
STATE OF MINNESOTA, )
STATE OF NEBRASKA, )
STATE OF OREGON, )
STATE OF TENNESSEE )
STATE OF TEXAS, )
STATE OF WASHINGTON )
   and )  Civil Action No. 22-CV-828
STATE OF WISCONSIN, )
 )  **[PUBLIC REDACTED**
     Plaintiffs, )  **VERSION]**
 )
    v. )
 )
SYNGENTA CROP PROTECTION AG, )
SYNGENTA CORPORATION, )
SYNGENTA CROP PROTECTION, )
LLC, )
   and )
CORTEVA, INC., )
 )
     Defendants. )

## SYNGENTA'S AMENDED ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(a), Defendants Syngenta Crop Protection, LLC, Syngenta Crop Protection AG, and Syngenta Corporation (collectively, "Syngenta"), by and through their undersigned counsel, submit their Answer and Defenses to Plaintiffs' Amended Complaint (the "Amended Complaint") in the above-captioned action as follows:

## ANSWER[1]

Each paragraph below corresponds to the same-numbered paragraph in the Amended Complaint. All allegations not expressly admitted are denied. Syngenta does not interpret the headings in the Amended Complaint as well-pleaded allegations to which any response is required. To the extent a response is required to the headings, Syngenta denies all such allegations in the headings. Unless otherwise defined, capitalized terms refer to the capitalized terms defined in the Amended Complaint, but any such use is not an acknowledgment or admission of any characterization Plaintiffs may ascribe to the terms.

1. To the extent paragraph 1 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta states that

---

[1] In response to allegations directed at "Defendants" or "Each Defendant," the Syngenta Defendants are answering as to themselves and are not answering as to Corteva. The Syngenta Defendants generally deny knowledge and information sufficient to form a belief about the truth of the allegations to the extent that they are directed at Corteva.

Case 1:22-cv-00828-TDS-JEP   Document 172   Filed 03/01/24   Page 2 of 60

Syngenta Crop Protection, LLC makes available rebates to distributors and retailers who meet announced share thresholds with respect to certain of its crop-protection products, and otherwise denies the allegations of paragraph 1.

2. The allegations of paragraph 2 contain a description of the claims Plaintiffs are asserting and the relief Plaintiffs are seeking, to which no response is required, except Syngenta denies that it violated any of the enumerated statutes and laws or otherwise engaged in unlawful conduct.

3. To the extent the allegations of paragraph 3 contain a description of this litigation, no response is required. To the extent any response is required, Syngenta admits that its crop-protection products improve crop yields and food security, and that crop-protection products are a multibillion industry, and otherwise denies the allegations of paragraph 3.

4. To the extent paragraph 4 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta states that Syngenta innovates crop-protection products; that Syngenta, patents and registers the active ingredients therein; that Syngenta has patents on processes for formulating AIs and for mixtures; that Syngenta lawfully obtains these exclusive rights for a period of years; that Syngenta uses other proprietary ingredients in its crop protection products; that generic products can compete with Syngenta's products, including on quality-adjusted prices;

3

and that the Federal Insecticide, Fungicide and Rodenticide Act, or FIFRA (7 U.S.C. § 136 *et seq*.) provides a regulatory regime for the crop-protection industry, and respectfully refers the Court to the referenced statutes for a full statement of their contents. Syngenta otherwise denies the allegations of paragraph 4.

5. Syngenta denies the allegations of paragraph 5.

6. Syngenta states that it makes available incentive rebates, which also are referred to as "loyalty" rebates, under its annual marketing agreements to distributors who purchase certain percentage thresholds (which are subject to variation by AI, by distributor and over time) of crop-protection products containing a certain Syngenta AI during a given year, and that Syngenta generally pays rebates to distributors no less frequently than yearly. Syngenta otherwise denies the allegations of paragraph 6.

7. Syngenta states that it makes available to distributors rebates for meeting annually negotiated share thresholds for AIs. Syngenta lacks knowledge or information sufficient to form a belief about the truth of the allegations as to whether distributors profit more from accepting Syngenta's rebates than they would from distributing generic products in substantial volumes, or the consequences of foregoing the rebates. Syngenta otherwise denies the allegations of paragraph 7.

4

8.      Syngenta states that, on information and belief, several large distributors account for the majority of crop-protection product sales in the United States, and that these distributors have earned rebates pursuant to Syngenta's marketing agreements.  Syngenta otherwise denies the allegations of paragraph 8.

9.      Syngenta denies the allegations of paragraph 9.

10.     Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations about unidentified generic manufacturers, and denies that Syngenta engaged in any scheme to maintain high prices and dominant market positions.  Syngenta otherwise denies the allegations of paragraph 10.

11.     Syngenta denies that it engaged in unlawful conduct; denies knowledge or information sufficient to form a belief about the truth of the allegations about the hypothetical "but for" world "[a]bsent" the conduct Plaintiffs label as "unlawful"; and otherwise denies the allegations of paragraph 11.

12.     Paragraph 12 asserts legal conclusions to which no response is required.

13.     Paragraph 13 asserts legal conclusions to which no response is required.

14.     Paragraph 14 asserts legal conclusions to which no response is required.

15.     Paragraph 15 asserts legal conclusions to which no response is required.

16.     To the extent paragraph 16 asserts legal conclusions, no response is required.  To the extent any response is required, Syngenta admits that Syngenta Crop Protection, LLC is headquartered in Greensboro, North Carolina.  Syngenta otherwise denies the allegations of paragraph 16.

17.     Paragraph 17 asserts legal conclusions to which no response is required.

18.     To the extent paragraph 18 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

19.     To the extent paragraph 19 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

20.     To the extent paragraph 20 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies

6

knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

21.     To the extent paragraph 21 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

22.     To the extent paragraph 22 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

23.     To the extent paragraph 23 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

24.     To the extent paragraph 24 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

25.     To the extent paragraph 25 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies

knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

26.     To the extent paragraph 26 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

27.     To the extent paragraph 27 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

28.     To the extent paragraph 28 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

29.     To the extent paragraph 29 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to itself.

30.     Syngenta admits that Syngenta Group is headquartered in Switzerland and has employees in more than 90 countries, and otherwise denies the allegations of paragraph 30.

31.     Syngenta states that Syngenta Crop Protection AG is a for-profit company headquartered in Basel, Switzerland and is organized and existing under the laws of Switzerland, and that, since in or about May 2021, Syngenta Crop Protection AG has been an indirect subsidiary of Sinochem Holdings Corporation Ltd., a global chemical company based in Beijing, China.  Syngenta otherwise denies the allegations of paragraph 31.

32.     Syngenta admits the allegations of the first and third sentences of paragraph 32.  Syngenta states that Syngenta Corporation is the Syngenta Group's top-level legal entity incorporated in the United States, and otherwise denies the allegations of the second sentence of paragraph 32.

33.     Syngenta admits the allegations of paragraph 33.

34.     Syngenta admits that the Syngenta Group is one of the world's leading agriculture innovation companies, comprising four business units, including Syngenta Crop Protection AG, headquartered in  Switzerland; admits that Syngenta AG is a world leading agribusiness operating in the Crop Protection and Seeds business; and states that Syngenta AG issues publicly available financial statements that reflect the financial condition of its subsidiaries, including Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.  To the extent the allegations of paragraph 34 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or

9

descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents. Syngenta otherwise denies the allegations of paragraph 34.

35.     To the extent the allegations of paragraph 35 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents. Syngenta otherwise denies the allegations of paragraph 35.

36.     To the extent the allegations of paragraph 36 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents. Syngenta otherwise denies the allegations of paragraph 36.

37.     To the extent paragraph 37 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta states that Syngenta Crop Protection, LLC is engaged in the development, manufacture, and sale of crop-protection products, and otherwise denies the allegations of paragraph 37.

38.     Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 38.

39.     Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39.

40.     Syngenta admits the allegations in the first sentence of paragraph 40.  Syngenta admits, upon information and belief, the allegations in the second sentence of paragraph 40.

41.     No response is required to the second sentence of paragraph 41 because it contains no allegations.  Syngenta admits the allegations of paragraph 41.

42.     Syngenta admits the allegations of paragraph 42.

43.     Syngenta admits the allegations of the first two sentences of paragraph 43.  Syngenta states that crop-protection products containing only one active ingredient can be referred to as "straight goods," and products containing two or more active ingredients can be called "mixtures," and otherwise denies the allegations of paragraph 43.

44.     Syngenta admits the allegations of paragraph 44.

45.     Syngenta states that distinctions can be drawn among AIs used in crop protection products, including based on performance characteristics under different conditions.  Syngenta otherwise denies the allegations of paragraph 45.

46.     Syngenta admits that different AIs that share a common mode of action tend to have similar use cases.  Syngenta denies knowledge or

11

information sufficient to form a belief about the truth of the alleged generalizations regarding the reasons for farmers' preferences. Syngenta otherwise denies the allegations of paragraph 46.

47. As to itself, Syngenta admits that it creates, markets, and sells its crop-protection products. Syngenta denies, on information and belief, that the allegations of paragraph 47 apply to all other crop protection manufacturers.

48. Syngenta admits that it is a "basic" manufacturer, also known as an "innovator," that researches, develops, and patents new AIs, and admits, upon information and belief, that in 2020, it was among the largest crop-protection product manufacturers in the United States and globally by revenue. Syngenta admits, on information and belief, the allegations regarding Corteva, and otherwise denies the allegations of paragraph 48.

49. Syngenta admits, on information and belief, that generic manufacturers of crop-protection products sell crop-protection products containing AIs developed by other manufacturers, and that more than a dozen generic manufacturers sell crop-protection products in the United States. Syngenta otherwise denies the allegations of paragraph 49.

50. To the extent paragraph 50 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta respectfully

refs the Court to the referenced statutes for a full statement of their contents, and otherwise denies the allegations of paragraph 50.

51.     To the extent paragraph 51 asserts legal conclusions, no response is required.  To the extent any response is required, Syngenta respectfully refers the Court to the referenced statutes for a full statement of their contents, and otherwise denies the allegations of paragraph 51.

52.     To the extent paragraph 52 asserts legal conclusions, no response is required.  To the extent any response is required, Syngenta respectfully refers the Court to the referenced statutes for a full statement of their contents, and otherwise denies the allegations of paragraph 52.

53.     To the extent paragraph 53 asserts legal conclusions, no response is required.  To the extent any a response is required, Syngenta respectfully refers the Court to the referenced statutes for a full statement of their contents, and otherwise denies the allegations of paragraph 53.

54.     To the extent paragraph 54 asserts legal conclusions, no response is required.  To the extent any response is required, Syngenta respectfully refers the Court to the referenced statutes for a full statement of their contents, and otherwise denies the allegations of paragraph 54.

55.     Syngenta states that it sells crop protection products to distributors through what is known as the traditional distribution channel or

"channel," and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 55.

56.     Syngenta states that distributors' typical functions include warehousing, transportation, and marketing, and otherwise denies the allegations of paragraph 56.

57.     Syngenta states that quality-adjusted prices are among the factors on which crop-protection products can compete, and that competition, among other influences, can affect the prices and volume sold of competing products, whether branded or generic.  Syngenta otherwise denies the allegations of paragraph 57.

58.     Syngenta states that it has strategies to compete against other manufacturers' products that enter the marketplace after the expiration of data and patent exclusivity for a Syngenta product, which sometimes are referred to as "post-patent" strategies.  Syngenta otherwise denies the allegations of paragraph 58.

59.     Syngenta denies the allegations of paragraph 59.

60.     Syngenta denies the allegations of paragraph 60.

61.     Syngenta denies the allegations of paragraph 61.

62.     Syngenta denies the allegations of paragraph 62.

63.     The third sentence of paragraph 63 asserts legal conclusions to which no response is required; to the extent any response is required,

14

Syngenta denies the allegations. Syngenta otherwise denies the allegations of paragraph 63.

64. Syngenta states that its rebate program is referred to as the "Key AI" program and that distributors and retailers participate in the program, which differs in some respects for distributors and retailers. Syngenta otherwise denies the allegations of paragraph 64.

65. To the extent the allegations of paragraph 65 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents. Syngenta otherwise denies the allegations of paragraph 65.

66. Syngenta states that Syngenta Crop Protection, LLC enters into written marketing agreements with U.S. distributors, and otherwise denies the allegations of paragraph 66.

67. Syngenta denies the allegations in paragraph 67.

68. Syngenta states that it calculates thresholds achieved by distributors under its marketing agreements by looking at the ratio of total "counts towards" and "counts towards but not payable" products compared to all "counts towards," "counts towards but not payable," and "counts against" products, with Syngenta branded products considered as "counts towards and payable," products formulated using technical AI purchased from an entity

15

other than Syngenta considered as "counts against," and products formulated using a Syngenta-sourced AI as "count towards but not payable" or "neutral." Syngenta otherwise denies the allegations of paragraph 68.

69.     Syngenta states that the amounts it offers in rebates to distributors who meet the thresholds under the marketing agreements differ by year, by AI and by distributor based on arms-length negotiations; and that it generally pays rebates to distributors and retailers no less frequently than yearly.  Syngenta otherwise denies the allegations of paragraph 69.

70.     Syngenta states that the terms of distributor marketing agreement concerning the AIs subject to rebates and the associated share thresholds can vary by year and by distributor based on arms-length negotiations, and otherwise denies the allegations of paragraph 70.

71.     Syngenta states that it offers rebates to retailers who meet announced thresholds under its Key AI program.  To the extent the allegations of paragraph 71 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents.  Syngenta otherwise denies the allegations of paragraph 71.

16

72. Syngenta states that the Key AI program offers retailers rebates for meeting announced share thresholds for AIs, and otherwise denies the allegations of paragraph 72.

73. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 73.

74. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 74.

75. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 75.

76. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 76.

77. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 77.

78. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 78.

79. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 79.

80. Syngenta states that it has renegotiated and entered into annual marketing agreements with several distributors over a number of years. Syngenta further states, on information and belief, that these distributors

Case 1:22-cv-00828-TDS-JEP   Document 172   Filed 03/01/24   Page 17 of 60

account, in aggregate, for the majority of crop-protection product sales in the United States.  Syngenta otherwise denies the allegations of paragraph 80.

81.    Syngenta denies the allegations of paragraph 81.

82.    Syngenta states that several retailers with multiple retail locations have earned rebates pursuant to Syngenta's Key AI program, and otherwise denies the allegations of paragraph 82.

83.    To the extent the allegations of paragraph 83 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents.  Syngenta otherwise denies the allegations of paragraph 83.

84.    Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Corteva or about distributors' alleged state of mind, and otherwise denies the allegations of paragraph 84.

85.    Syngenta states that it generally pays rebates to distributors no less frequently than once a year; denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Corteva or about distributors' pricing decisions; and otherwise denies the allegations of paragraph 85.

86.    Syngenta denies the allegations of paragraph 86.

87.     Syngenta states that it has the contractual right to conduct

limited ▉▉▉▉▉▉▉▉▉▉▉[2] to ensure that claims for rebates are genuine,

and respectfully refers the Court to the terms of its marketing agreements

with distributors for its scope.  Syngenta states that it grants exceptions from

conditions under the marketing agreements, including the percentage

threshold, for various reasons, and has paid rebates to customers who did not

satisfy the conditions.  Syngenta otherwise denies the allegations of

paragraph 87.

88.     To the extent the allegations of paragraph 88 purport to quote

from or describe particular documents or testimony, Syngenta denies that the

selected quotations or descriptions fully and fairly reflect the content of the

source and respectfully refers the Court to the source for a full statement of

its contents.  Syngenta denies knowledge or information sufficient to form a

belief about the truth of the allegations concerning Corteva.  Syngenta

otherwise denies the allegations of paragraph 88.

89.     Syngenta admits that its rebate program covers certain AIs,

including azoxystrobin, mesotrione, and metolachlor, which usually are

---

[2] Confidential material filed under seal pursuant to the Court's
September 28, 2023 Order (Doc. No. 148).

added prior to expected offerings of products with the same AI from other manufacturers, and otherwise denies the allegations of paragraph 89.

90.     Syngenta admits that azoxystrobin is a broad-spectrum fungicide used to protect a wide variety of crops from fungal diseases and that it has described azoxystrobin as the largest fungicide in the world.  Syngenta admits, upon information and belief, that in 2020, sales of crop-protection products containing azoxystrobin totaled over $285 million in the United States and over $1 billion globally.

91.     Syngenta admits the allegations of the first sentence of paragraph 91.  Syngenta states that its exclusive-use period under FIFRA expired no later than 2010, and certain patent protection for azoxystrobin expired in or about 2014, and otherwise denies the allegations of the second sentence of paragraph 91.

92.     To the extent the allegations of paragraph 92 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents.  Syngenta otherwise denies the allegations of paragraph 92.

93.     Syngenta states that it made available rebates to distributors and retailers who meet announced share thresholds for azoxystrobin beginning in or about the 2013-2014 growing season, with a default share

threshold of 98%; that the default share threshold for azoxystrobin is currently 92%; and that the default share threshold is subject to negotiation over a lower threshold with individual distributors. Syngenta otherwise denies the allegations of paragraph 93.

94. The first sentence of paragraph 94 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies that allegation. Syngenta states that after its patent and data exclusivity for azoxystrobin expired, other manufacturers sold azoxystrobin products in the United States. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning generics manufacturers' dealings with distributors. Syngenta otherwise denies the allegations of paragraph 94.

95. Syngenta states that the rebates offered under its marketing agreements provide distributors a price incentive to meet negotiated share thresholds, and that certain distributors repeatedly have met these thresholds. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning distributors' sales practices and concerning generic manufacturers' dealings with distributors. Syngenta otherwise denies the allegations of paragraph 95.

96. To the extent the allegations of paragraph 96 purport to quote from or describe particular documents or testimony, Syngenta denies that the

21

selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents. Syngenta denies knowledge or information sufficient to form a belief about the allegations concerning generic manufacturers. Syngenta otherwise denies the allegations of paragraph 96.

97. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 97.

98. Syngenta states that it has reduced prices of azoxystrobin products, including through rebates, to compete against other manufacturers' products, including products containing azoxystrobin or other AIs. Syngenta otherwise denies the allegations of paragraph 98.

99. Syngenta admits that mesotrione is used as a corn herbicide and, on information and belief, admits the second sentence of paragraph 99.

100. Syngenta admits the allegations of the first sentence of paragraph 100. Syngenta states that certain patent protection for mesotrione expired in or about 2008, and its exclusive-use period under FIFRA expired no later than 2014, and otherwise denies the allegations of the second sentence of paragraph 100.

101. To the extent the allegations of paragraph 101 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the

source and respectfully refers the Court to the source for a full statement of its contents. Syngenta otherwise denies the allegations of paragraph 101.

102. Syngenta states that it made available rebates to distributors and retailers who meet announced share thresholds for mesotrione in or about the 2014-2015 growing season, with a default share threshold of 99%; that the default share threshold for mesotrione was 92% for the 2020-2021 growing season and is currently 92%; and that the default share threshold is subject to negotiation over a lower threshold with individual distributors. Syngenta otherwise denies the allegations of paragraph 102.

103. The first sentence of paragraph 103 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations. Syngenta admits, on information and belief, that a generic manufacturer first introduced a mesotrione product in or about 2016. To the extent the allegations of the third sentence of paragraph 103 purport to describe quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents. Syngenta otherwise denies the allegations of paragraph 103.

104. Syngenta states that rebates offered under its marketing agreements provide distributors a price incentive to meet negotiated share

thresholds, and that certain distributors repeatedly have met these thresholds. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning distributors' sales practices and concerning generic manufacturers' dealings with distributors. Syngenta otherwise denies the allegations of paragraph 104.

105. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning generic manufacturers. Syngenta otherwise denies the allegations of paragraph 105.

106. Syngenta states that it has reduced prices of mesotrione products, including through rebates, to compete against other manufacturers' products, including products containing mesotrione or other AIs, and otherwise denies the allegations of the first sentence of paragraph 106. The second and third sentences of paragraph 106 assert legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations.

107. Syngenta states that after the expiration of patent and regulatory exclusivity governing mesotrione, other manufacturers could legally sell mesotrione in the United States. Syngenta admits, on information and belief, the allegations of the second sentence of paragraph 107. To the extent the remaining allegations of paragraph 107 purport to quote from or describe particular documents or testimony, Syngenta denies

24

that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents. Syngenta otherwise denies the allegations of paragraph 107.

108.   Syngenta denies the allegations of paragraph 108.

109.   To the extent the allegations of paragraph 109 purport to describe the Syngenta-Corteva supply agreement for mesotrione, Syngenta denies that the descriptions fully and fairly reflect the content of the agreement and respectfully refers the Court to the agreement for its full and complete terms and conditions. Syngenta otherwise denies the allegations of paragraph 109.

110.   Syngenta denies knowledge and information sufficient to form a belief about the truth of the allegations concerning internal Corteva communications, and otherwise denies the allegations of paragraph 110.

111.   Syngenta denies the allegations of the last sentence of paragraph 111, and otherwise admits the allegations of paragraph 111.

112.   To the extent paragraph 112 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 112.

113.    Syngenta admits the allegations of the first sentence of paragraph 113, and admits, upon information and belief, the allegations of the second sentence of paragraph 113.

114.    Syngenta admits the allegations of the first, second, and fourth sentences of paragraph 114.  Syngenta states that certain patent protection for s-metolachlor expired in or about 2008, and the FIFRA exclusive-use period for s-metolachlor expired no later than 2010, and otherwise denies the allegations of paragraph 114.

115.    Syngenta states that it made available rebates to distributors and retailers who meet announced share thresholds for metolachor in or about the early 2000s, with a default share threshold at or above 90%; that the default share threshold for metolachor is currently 90%; that the default share threshold is subject to negotiation over a lower threshold with individual distributors; and that it groups metolachlor and s-metolachlor together under the rebate program.  Syngenta otherwise denies the allegations of paragraph 115.

116.    Syngenta states that it makes available rebates to distributors and retailers who meet announced share thresholds with respect to metolachlor, and otherwise denies the allegations of paragraph 116.

117.    Syngenta states that rebates offered under its marketing agreements provide distributors a price incentive to meet negotiated share

thresholds, and that certain distributors repeatedly have met these thresholds. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning distributors' sales practices and concerning generic manufacturers' dealings with distributors. Syngenta otherwise denies the allegations of paragraph 117.

118. Syngenta denies knowledge or information to form a belief about the truth of the allegations concerning generic manufacturers. Syngenta otherwise denies the allegations of paragraph 118.

119. To the extent the allegations of paragraph 119 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents. Syngenta otherwise denies the allegations of paragraph 119.

120. Syngenta denies knowledge or information to form a belief about the truth of the allegations concerning generic manufacturers. Syngenta otherwise denies the allegations of paragraph 120.

121. Syngenta states that it has reduced prices of metolachlor products, including through rebates, to compete against other manufacturers' products, including products containing metolachlor or other AIs, and otherwise denies the allegations of the first sentence of paragraph 121. The second and third sentences of paragraph 121 assert legal conclusions to

27

which no response is required; to the extent any response is required, Syngenta denies the allegations.

122.   To the extent the allegations of paragraph 122 purport to quote describe Syngenta's supply agreement with Corteva, Syngenta denies that the selected descriptions fully and fairly reflect the agreement and respectfully refers the Court to the agreement for a full statement of its contents.  To the extent the fourth sentence of paragraph 122 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta denies the allegations.  Syngenta otherwise denies the allegations of paragraph 122.

123.   Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 123.

124.   Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 124.

125.   Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 125.

126.   Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 126.

127.   Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 127.

128.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 128.

129.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 129.

130.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 130.

131.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 131.

132.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 132.

133.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences of paragraph 133.  The second sentence of paragraph 133 asserts legal conclusions to which no response is required.

134.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 134.

135.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 135.

136.  Syngenta denies knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 136.

137. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 137.

138. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 138.

139. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 139.

140. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Corteva.

141. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 141.

142. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 142.

143. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 143.

144. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 144.

145. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 145.

146. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 146.

147.   The first sentence of paragraph 147 asserts legal conclusions to which no response is required.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 147.

148.   Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 148.

149.   Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 149.

150.   Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Corteva.  Syngenta otherwise denies the allegations of paragraph 150.  The second and third sentences of paragraph 150 asserts legal conclusions to which no response is required.

151.   Paragraph 151 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 151.

152.   Paragraph 152 asserts legal conclusions to which no response is required.

153.   Paragraph 153 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 153.

31

154.   Paragraph 154 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 154.

155.   To the extent paragraph 155 asserts legal conclusions or contains a description of this litigation, no response is required.  To the extent any response is required, Syngenta denies the allegations of paragraph 155.  No response is required to the last sentence of paragraph 155 because it contains no allegations.

156.   The first sentence of paragraph 156 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of the first sentence of paragraph 156. Syngenta states that it provides rebates in response to competition from other manufacturers, and otherwise denies the allegations of paragraph 156.

157.   Syngenta states that none of the Syngenta AIs described as "Relevant AIs" is identical to other AIs, and that the Syngenta "Relevant AIs" have characteristics and uses in common with other AIs.  Syngenta denies knowledge and information sufficient to form a belief about the truth of the other allegations concerning AIs described as "Relevant AIs."  Syngenta otherwise denies the allegations of the first sentence of paragraph 157. Syngenta admits the allegations of paragraph 157(a)–(c).  Syngenta denies

knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 157(d)–(f).

158. Syngenta denies the allegations of paragraph 158.

159. The first sentence of paragraph 159 asserts legal conclusions to which no response is required; to the extent that any response is required, Syngenta denies the allegations. Syngenta denies that farmers in the United States may not lawfully use crop-protection products manufactured outside the United States, and otherwise admits the allegations of the second and third sentences of paragraph 159.

160. Syngenta denies the allegations of paragraph 160.

161. Syngenta denies the allegations of paragraph 161.

162. Syngenta denies the allegations of paragraph 162.

163. Syngenta denies the allegations of paragraph 163.

164. Paragraph 164 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 164.

165. Paragraph 165 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 165.

166. Paragraph 166 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 166.

167. Paragraph 167 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 167.

168. To the extent paragraph 168 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta states that it continues to make available rebates to distributors and to retailers who meet announced share thresholds with respect to certain of its crop-protection products, and otherwise denies the allegations of paragraph 168.

169. Paragraph 169 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 169.

170. Paragraph 170 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 170.

171. Paragraph 171 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 171.

172. To the extent paragraph 172 asserts legal conclusions, no response is required. To the extent any response is required, Syngenta states that each of azoxystrobin, mesotrione, and metolachlor has been included under its Key AI program since at least 2017, and otherwise denies the allegations of paragraph 172.

173. The first sentence of paragraph 173 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of the first sentence of paragraph 173. To the extent the tenth sentence of paragraph 173 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of the tenth sentence of paragraph 173. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations in the fourth and ninth sentences of paragraph 173. Syngenta otherwise denies the allegations of paragraph 173.

174. Syngenta denies the allegations of the first and third sentences of paragraph 174. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of the second sentence of paragraph 174.

175. Syngenta denies the allegations of paragraph 175.

176. Paragraph 176 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 176.

177. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning the reasons for distributors' business decisions, and otherwise denies the allegations of paragraph 177.

178. Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning the reasons for distributors' decisions and concerning generic manufacturers, and otherwise denies the allegations of paragraph 178.

179. Paragraph 179 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 179.

180. Paragraph 180 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 180.

181. Paragraph 181 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 181.

182.  Paragraph 182 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 182.

183.  Syngenta denies the allegations of paragraph 183.

184.  Syngenta denies the allegations of paragraph 184.

185.  Paragraph 185 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 185.

186.  Paragraph 186 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 186.

187.  Syngenta denies the allegations of paragraph 187.

188.  To the extent paragraph 188 asserts legal conclusions, no response is required.  To the extent any response is required, Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 188.

189.  Paragraph 189 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 189.

190.   Paragraph 190 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 190.

191.   Syngenta denies knowledge and information sufficient to form a belief about the truth of the generalized allegation regarding farmers' purchasing decisions, and otherwise denies the allegations of paragraph 191.

192.   Syngenta states that competition, including between generic crop-protection products and lower-end branded products, can place downward pressure on prices for the lower-end branded products.  Syngenta otherwise denies the allegations of paragraph 192.

193.   Syngenta denies the allegations of paragraph 193.

194.   To the extent the allegations of paragraph 194 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents.  Syngenta otherwise denies the allegations of paragraph 194.

195.   To the extent the allegations of paragraph 195 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents.  Syngenta otherwise denies the allegations of paragraph 195.

38

196.    To the extent the allegations of paragraph 196 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents.  Syngenta otherwise denies the allegations of paragraph 196.

197.    To the extent the allegations of paragraph 197 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Corteva or Corteva's internal documents.  Syngenta otherwise denies the allegations of paragraph 197.

198.    To the extent the allegations of paragraph 198 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents.  Syngenta states that ████████████████████████

████████████████████████████████████

██████████,[3] and otherwise denies the allegations of paragraph 198.

199.   Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 199.

200.   Syngenta states that it considers multiple factors, including competition with other branded and generic products, in determining whether to make available rebates with respect to its AIs.  To the extent the allegations of the second sentence of paragraph 200 purport to quote from or describe particular documents or testimony, Syngenta denies that the selected quotations or descriptions fully and fairly reflect the content of the source and respectfully refers the Court to the source for a full statement of its contents.  Syngenta otherwise denies the allegations of the second sentence of paragraph 200.  Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Corteva.  Syngenta otherwise denies the allegations of paragraph 200.

201.   Syngenta denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 201.

---

[3] Confidential material filed under seal pursuant to the Court's September 28, 2023 Order (Doc. No. 148).

202. To the extent paragraph 202 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 202.

203. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

204. Paragraph 204 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 204.

205. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

206. Syngenta denies the allegations of the first sentence of paragraph 206. The second sentence of paragraph 206 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of the second sentence of paragraph 206.

207. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

208. Paragraph 208 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 208.

209. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

210. Paragraph 210 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 210.

211. Paragraph 211 asserts legal conclusions to which no response is required.

212. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

213. To the extent paragraph 213 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states that farmers in California have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 213.

214. Paragraph 214 asserts legal conclusions to which no response is required.

215. Paragraph 215 asserts legal conclusions to which no response is required.

216. Paragraph 216 asserts legal conclusions to which no response is required.

217.   Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

218.   Paragraph 218 asserts legal conclusions to which no response is required.

219.   To the extent paragraph 219 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states that farmers in Colorado have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 219.

220.   The allegations of paragraph 220 contain a description of the relief Plaintiff State of Colorado is seeking, to which no response is required.

221.   The allegations of paragraph 221 contain a description of the relief Plaintiff State of Colorado is not seeking, to which no response is required.

222.   Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

223.   Paragraph 223 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 223.

224.   To the extent paragraph 224 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states

43

that farmers in Colorado have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 224.

225. The allegations of paragraph 225 contain a description of the relief Plaintiff State of Colorado is seeking, to which no response is required.

226. The allegations of paragraph 226 contain a description of the relief Plaintiff State of Colorado is not seeking, to which no response is required.

227. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein. To the extent paragraph 227 asserts legal conclusions or allege descriptions of the relief Plaintiff State of Illinois is seeking, no response is required; to the extent any response is required, Syngenta states that farmers in Illinois have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 227.

228. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein. To the extent paragraph 228 asserts legal conclusions or allege descriptions of the relief Plaintiff State of Indiana is seeking, no response is required; to the extent any response is required, Syngenta states that farmers in Indiana

have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of subparagraphs 228(a)–(c).

229. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

230. Paragraph 230 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 230.

231. To the extent paragraph 231 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states that farmers in Iowa have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 231.

232. The allegations of paragraph 232 contain a description of the relief Plaintiff State of Iowa is seeking, to which no response is required.

233. Paragraph 233 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 233.

234. The allegations of paragraph 234 contain a description of the relief Plaintiff State of Iowa is seeking, to which no response is required.

235. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

236. Paragraph 236 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 236.

237. Syngenta states that it has ████████████████ ███████████████████████████████████████████████ ███████,[4] and otherwise denies the allegations of paragraph 237.

238. To the extent paragraph 238 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states that farmers in Minnesota have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 238.

239. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

240. Paragraph 240 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 240.

---

[4] Confidential material filed under seal pursuant to the Court's September 28, 2023 Order (Doc. No. 148).

241. Paragraph 241 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 241.

242. To the extent paragraph 242 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states that farmers in Minnesota have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 242.

243. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

244. Paragraph 244 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 244.

245. Syngenta states that it has ███████████████, [5] and otherwise denies the allegations of paragraph 245.

246. To the extent paragraph 246 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states

---

[5] Confidential material filed under seal pursuant to the Court's September 28, 2023 Order (Doc. No. 148).

that farmers in Minnesota have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 246.

247.   Paragraph 247 asserts legal conclusions and contains a description of the relief Plaintiff State of Minnesota is seeking, to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 247.

248.   Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.  To the extent paragraph 248 asserts legal conclusions or allege descriptions of the relief Plaintiff State of Nebraska is seeking, no response is required; to the extent any response is required, Syngenta states that farmers in Nebraska have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 248.

249.   Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

250.   Paragraph 250 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 250.

251.   To the extent paragraph 251 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states

48

that farmers in Oregon have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 251.

252. Paragraph 252 asserts legal conclusions and contains a description of the relief Plaintiff State of Oregon is seeking, to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 252.

253. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

254. Syngenta states that its crop-protection products containing the Relevant AIs were sold in Tennessee, and otherwise denies the allegations of paragraph 254.

255. Syngenta denies the allegations in paragraph 255.

256. Paragraph 256 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 256.

257. Paragraph 257 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 257.

258. To the extent paragraph 258 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states

49

that farmers in Tennessee have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 258.

259. Paragraph 259 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 259.

260. The allegations of paragraph 260 contain a description of the relief Plaintiff State of Tennessee is seeking, to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 260.

261. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

262. Paragraph 262 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 262.

263. To the extent paragraph 263 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states that farmers in Texas have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 263.

264. Paragraph 264 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 264.

265. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

266. Paragraph 266 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 266.

267. Paragraph 267 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 267.

268. Paragraph 268 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 268.

269. To the extent paragraph 269 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states that farmers in Washington have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 269.

270. The allegations of paragraph 270 contain a description of the relief Plaintiff State of Washington is seeking, to which no response is required.

271. The allegations of paragraph 271 contain a description of the relief Plaintiff State of Washington is seeking, to which no response is required.

272. Syngenta repeats and incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

273. Paragraph 273 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 273.

274. Syngenta denies the allegations in the first sentence of paragraph 274. The remaining sentences in paragraph 274 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 274.

275. To the extent paragraph 275 asserts legal conclusions, no response is required; to the extent any response is required, Syngenta states that farmers in Wisconsin have purchased Syngenta's crop-protection products containing the Relevant AIs, and otherwise denies the allegations of paragraph 275.

52

276.   Paragraph 276 asserts legal conclusions to which no response is required; to the extent any response is required, Syngenta denies the allegations of paragraph 276.

Plaintiffs' request for relief purports to state a prayer for relief to which no response is required.  To the extent a response is required, Syngenta denies the allegations and requests for relief of this Paragraph and denies that Plaintiffs have stated a claim for relief or is entitled to any relief.

## DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Syngenta reasserts, without limitation, all defenses raised in its Motion To Dismiss and other filings, whether or not separately re-pleaded herein. Syngenta also asserts the following defenses.  In listing the defenses below, Syngenta does not knowingly or intentionally waive any defenses, including arguments about which issues fall within Plaintiffs' burden of proof.  Syngenta also reserves the right to rely on any other defense or claim that may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses or claims.

## FIRST DEFENSE

The Amended Complaint fails to state a claim on which relief can be granted.

53

### SECOND DEFENSE

Plaintiffs have failed to properly define any relevant market, let alone properly define any relevant market in which Syngenta exercises market power.

### THIRD DEFENSE

Plaintiffs' claims fail, in whole or in part, to the extent the claims— including the claims asserted by the States in their *parens patriae* capacity— seek relief on behalf of, for the benefit of, or based on alleged injuries to persons who would lack standing to seek relief if they had sued themselves.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the absence of any anticompetitive conduct or any harm to consumer welfare.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not established the requisite standard for injury under the applicable statutes.

### SIXTH DEFENSE

Plaintiffs' antitrust claims fail, in whole or in part, for lack of antitrust injury proximately caused by the challenged conduct.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to show that Syngenta's conduct caused any injury or harm to Plaintiffs or to consumer welfare.

## EIGHTH DEFENSE

Plaintiffs' alleged injuries and damages, if any, were caused in whole or in part by the acts of others over whom Syngenta had no authority or control and/or for whom Syngenta may not be held accountable.

## NINTH DEFENSE

Plaintiffs' claims are barred because Syngenta is not liable for the acts of any other person, including any other defendant.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Syngenta's conduct was lawful.

## ELEVENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Syngenta's incentive rebates lack any coercive non-price feature and constitute price-based competition.

## TWELFTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because offering market-share based incentive rebates is a normal competitive tool whose use by

manufacturers of crop-protection products is a widespread means of competing.

## THIRTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Syngenta's incentive rebates are single-product rebates and Syngenta's post-rebate prices were above cost.

## FOURTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Syngenta's challenged conduct is procompetitive and does not harm competition.

## FIFTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because the procompetitive benefits of Syngenta's challenged conduct substantially outweigh any purportedly anticompetitive effects.

## SIXTEENTH DEFENSE

Plaintiffs are not entitled to the relief they seek because Syngenta has always faced competition in any properly defined market.

## SEVENTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Syngenta has legitimate business justifications for its challenged conduct.

## EIGHTEENTH DEFENSE

Plaintiffs' alleged damages are too speculative to permit recovery.

## NINETEENTH DEFENSE

The FTC cannot prosecute its claims because it purports to exercise executive authority in violation of Article II of the United States Constitution.

## TWENTIETH DEFENSE

The FTC cannot obtain relief under Section 5 of the FTC Act for conduct challenged as an "unfair method of competition" that is not anticompetitive under the federal antitrust laws, including Section 1 or 2 of the Sherman Act and Section 3 of the Clayton Act.

## TWENTY-FIRST DEFENSE

The relief sought by the FTC is inequitable and contrary to the public interest under 15 U.S.C. § 45.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, acquiescence, and/or other applicable equitable defenses.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against each of the Syngenta Defendants fails because they do not provide each, or any, of the Syngenta Defendants with the requisite notice of what specifically each, or any, of them allegedly did wrong.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims against Syngenta Crop Protection AG and Syngenta Corporation fail because neither entity culpably participated in the challenged conduct.

## TWENTY-FIFTH DEFENSE

Plaintiffs have failed to join indispensable parties needed under Rule 19 of the Federal Rules of Civil Procedure.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation and/or statutes of repose.

## OTHER DEFENSES

Syngenta adopts and incorporates by reference any and all other defenses asserted, or to be asserted, by Corteva to the extent that Syngenta may share in such defense. Syngenta hereby gives notice that it intends to rely upon such other and further defenses as may become available at any time and hereby reserve all rights to amend and/or supplement the defenses set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Syngenta respectfully requests that the Court enter judgment:

1. Denying Plaintiffs' requested relief;

58

2. Dismissing the Amended Complaint in its entirety, with prejudice;

3. Awarding Syngenta the costs it has incurred in defending this action and expenses; and

4. Awarding such other and further relief to Syngenta as the Court may deem just and proper.

Dated: March 1, 2024                    Respectfully submitted,

FOX ROTHSCHILD LLP

/s/ *Patrick M. Kane*
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
David B. Toscano*
david.toscano@davispolk.com
Chui-Lai Cheung*
chui-lai.cheung@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

59

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*