# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>    Defendants. | Case No. 1:22-cv-00828-TDS-JEP<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE AS UNTIMELY DEFENDANT CORTEVA'S DEMAND FOR TRIAL BY JURY** |

On March 15, 2024, Defendant Corteva, Inc. filed a demand for a jury trial "for all the issues so triable in Plaintiffs' Complaint." (Doc. 176). In making this demand, Corteva invoked Rule 38 of the Federal Rules of Civil Procedure, which permits a party to demand a jury trial "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1).[1] Corteva's demand does not comply with the requirements of Rule 38 because it was filed 35 days after Corteva filed its Answer to Plaintiffs' Complaint. (Doc. 166). Plaintiffs respectfully request that the Court strike Corteva's demand as untimely.

### I. The Court Should Strike Corteva's Jury Demand as Untimely.

"The right to jury trial is not automatic. If not timely demanded, the right is waived." *Gen. Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195 (4th Cir. 1964); *see also* Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed."). Under Rule 38, Corteva was required to make any jury demand no later than 14 days after its Answer, which it filed on February 9, 2024. Accordingly, Corteva had until February 23, 2024, to make a jury demand—almost 17 months after this case began. Corteva did not do so. Corteva waived its right to a jury, and its demand should be stricken as untimely. *See Gen. Tire & Rubber*, 331 F.2d at 193–95 (affirming the district

---

[1] Corteva has not made a motion for a jury trial under Rule 39. *See* Fed. R. Civ. P. 39(b) ("Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."). Should Corteva so move, Plaintiffs will review and respond to its arguments. Plaintiffs expect to oppose any such motion on the ground, among others, that the issues in this case are more appropriate for determination by a court than by a jury.

2

court's decision to strike the defendant's jury demand as untimely and rejecting a Seventh Amendment challenge)[2]; *see also Macsherry v. Sparrows Point, LLC*, 973 F.3d 212, 228 (4th Cir. 2020) (holding that a party failing to demand a jury trial within the time specified by Rule 38(b) waives a jury trial as a matter of right).

## II. Corteva's Amended Answer Does Not Make Its Jury Demand Timely.

Corteva may contend that it is permitted to serve the jury demand within 14 days of Corteva's March 1, 2024, Amended Answer. But that would be wrong. Fourth Circuit law is clear that an amendment or supplemental pleading revives a party's waived right to a jury trial only when that pleading raises significant, new issues, and only for those new issues. *See, e.g.*, *U.S. ex rel. Automation Syst. Integrators v. BCE, Inc.*, No. 1:12–CV–250, 2013 WL 6628130, at *3 (W.D.N.C. Dec. 16, 2013) (striking defendant's Rule 38(b) jury demand as "ineffective" when it was filed with an amended answer that "did not present any significant alteration or modification to what needed to be decided at trial"); *see also Gen. Tire & Rubber*, 331 F.2d at 196 n.5 (finding that amended filing that did not raise new issues on patent infringement and validity did not give rise to a renewed jury right on those issues). "The clarification of claims or defenses, or further explication of the same, is not tantamount to raising new issues and therefore does not confer anew the right to a jury trial." *Automation Syst. Integrators*, 2013 WL 6628130, at *3. And to

---

[2] Given the complexity of the issues present in that lawsuit, the Fourth Circuit also upheld the lower court's decision to deny the defendant's motion for a jury trial under Rule 39(b), emphasizing that there can be "no doubt that the waiver provisions of Rule 38 are constitutional." *Id*. at 197–98.

3

renew the right to demand a jury, "new issues" raised in an amended pleading must present new and material issues of fact, and not merely new legal theories. *See Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 356 (2d Cir. 2007) (striking jury demand in the defendant's amended answer because "an amended answer that asserts new defense theories based on the same facts does not reestablish the defendant's right to demand a jury trial"); *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir. 1979) (same); 8 Moore's Federal Practice - Civil § 38.50[8](d) (2024).

Corteva's Amended Answer corrects two typos and adds the following single affirmative defense: "Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations, as the claims challenge programs that have been in place since before the applicable limitations period." Doc. 174 at p. 48. This affirmative defense does not add any new factual issues to the litigation that resuscitate Corteva's waived right to a jury. By its own terms, the affirmative defense turns on when the loyalty programs challenged in this litigation were first put in place—facts that have been present in the case since Plaintiffs' original Complaint, filed September 29, 2022, and facts that Corteva admitted in its original Answer on February 9. Doc. 1 at ¶¶ 120 (describing when rimsulfuron was added to Corteva's loyalty program), 130 (oxamyl), 139 (acetochlor). These facts do not appear to be in dispute. Corteva Answer, Doc. 166 at ¶¶ 127 (admitting that "Corteva placed rimsulfuron in its loyalty program beginning in the 2017-2018 market year"); 146 (admitting that "Corteva added acetochlor to its loyalty program in or about the 2016-2017 market year").

4

***

Plaintiffs in this case did not demand a jury trial for any of the claims that they bring against Corteva or its co-defendant Syngenta. For the limited number of claims in this matter that even may be tried to a jury as of right,[3] Corteva waived that right by not making its demand prior to the deadline set by Rule 38. Therefore, Plaintiffs respectfully request that the Court strike Corteva's demand for a trial by jury.

---

[3] While not directly at issue in this motion, a number of the claims in this litigation do not create a right to a jury trial. *See, e.g.*, *FTC v. Think All Publ'g, L.L.C.*, 564 F. Supp. 2d 663, 665 (E.D. Tx. 2008) ("Cases have unanimously held that the Seventh Amendment does not provide a right to a trial by jury in actions brought [by the FTC] under Section 13(b)."); *see also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) (claims for equitable relief, including injunctive relief, do not give rise to a Seventh Amendment right to a jury trial).

5

Dated: April 5, 2024	Respectfully submitted,

  /s/ James H. Weingarten
JAMES H. WEINGARTEN (DC Bar No. 985070)
Chief Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3570
Email: jweingarten@ftc.gov

JOSEPH R. BAKER
WESLEY G. CARSON
ELIZABETH A. GILLEN
ALLYSON MALTAS
MICHAEL TURNER

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Conor J. May
JAN M. ZAVISLAN
Senior Counsel
CONOR J. MAY
Assistant Attorney General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Jan.Zavislan@coag.gov
      Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*

/s/ Matthew Michaloski
MATTHEW MICHALOSKI
CHRISTI FOUST
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-1479
Email: matthew.michaloski@atg.in.gov
      christi.foust@atg.in.gov
      scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
      jason.pleggenkuhle@ag.state.mn.us
      elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Colin P. Snider
COLIN P. SNIDER
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-3840
Email: Colin.Snider@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
TATE BALL
Assistant Attorney General
Office of the Attorney General of Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
Tate.Ball@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
JAMES LLOYD
Chief, Antitrust Division
TREVOR YOUNG
Deputy Chief, Antitrust Division
WILLIAM SHIEBER
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

# CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words as reported by word processing software.

Dated: April 5, 2024

/s/ James H. Weingarten
JAMES H. WEINGARTEN
Chief Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3570
Email: jweingarten@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*