# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION <br><br> This document relates to: ALL ACTIONS | Case No: 1:23-md-3062-TDS-JEP |

**DEFENDANTS' RULE 26(F) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.1(b), Defendants in *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, Civil Action No. 22-cv-828-TDS-JEP (the "FTC Action"),[1] and in *In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP (the "Private Action," and together with the FTC Action, the "Actions"),[2] hereby submit this Rule 26(f) Report in both Actions. As described below, Defendants have engaged both Plaintiffs groups towards a goal of coordinated fact discovery across the Actions. Accordingly, notwithstanding that an initial pretrial conference has not yet been scheduled in the Private Action, Defendants are filing this Rule 26(f) Report in both Actions to reflect their intentions regarding coordination and to provide an opportunity for Private Plaintiffs to submit their viewpoint to the Court, if they so desire, to the extent that the Private Plaintiffs do not have filing capabilities in the FTC Action.

Over the past several weeks, Defendants have engaged in negotiations with Government Plaintiffs and Private Plaintiffs regarding a schedule and a plan for coordination among the related actions.[3] A key focus of those discussions, consistent

---

[1] Plaintiffs in the FTC Action are the Federal Trade Commission ("FTC") and states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin, acting by and through their respective Attorneys General (together, the "Government Plaintiffs").

[2] Plaintiffs in the Private Action are Clint Meadows, Michael Shows, Matt Taylor, John W. Jenkins, Clifton Kirven, Janie Yeargin, Ronald Yeargin, Donald F. Deline, Peter F. Bonin, Robert Ott, Bernard "B" Jones IV, and Martin Wait (together, "Private Plaintiffs," and together with the Government Plaintiffs, "Plaintiffs")

[3] The State of Arkansas—plaintiff in the related case *State of Arkansas, ex rel. Tim Griffin, Attorney General v. Syngenta Crop Protection AG, et al.*, Civil Action No. 4:22-cv-1287-BSM (E.D. Ark.) (the "Arkansas Action")—has also joined certain discussions with the Plaintiffs and Defendants, and Defendants have separately engaged with the Arkansas Action plaintiff concerning these same issues.

with the Court's guidance, has been the coordination of fact discovery between the two matters so as to avoid unnecessary duplication of effort and the increased time, cost and inefficiencies that would result from things such as having witnesses sit for depositions more than once, uncoordinated document discovery and uncoordinated and duplicative interrogatories and Requests for Admission. While the Government Plaintiffs and Private Plaintiffs have expressed agreement with attempting to coordinate where possible, the parties have been unable to reach an agreement on fact discovery deadlines, something Defendants believe is a necessary cornerstone to effective coordination. Following the parties' discussions, Defendants and the Government Plaintiffs have aligned on a schedule for the FTC Action, and Defendants remain open to certain minimal adjustments to that schedule to align the fact discovery schedule in the two matters to best allow for the possibility of meaningful coordination. There remain a few material points of departure between the Defendants and the Government Plaintiffs.

First, Defendants believe that deposition limits with respect to Defendants' party witnesses and to non-party witnesses should be shared jointly between Government Plaintiffs and Private Plaintiffs, and that duplicated depositions of any witness should be prohibited unless otherwise ordered by the Court. In the alternative, to the extent that the Court elects not to define a joint deposition limit, Defendants propose (i) that cross-notices of depositions by either Government Plaintiffs or Private Plaintiffs be deemed to count against those parties' respective limits, and (ii) so that no witness may be subjected to more than one deposition, Private Plaintiffs shall be deemed to have waived their

3

ability to depose any witness noticed for deposition by Government Plaintiffs—and vice versa—by failing to cross-notice and participate in such deposition, unless otherwise ordered by the Court. Defendants understand that Plaintiffs do not agree with either approach.

Second, Defendants believe that an allocation to Plaintiffs of 10 depositions of each of Syngenta's and Corteva's party witnesses is appropriate in light of the substantial testimonial record already available to Government Plaintiffs—and soon to be available to Private Plaintiffs—resulting from the FTC's extensive pre-complaint investigation of Defendants. Defendants understand that Government Plaintiffs intend to seek up to 20 depositions of each of Syngenta's and Corteva's party witnesses—which alone *quadruples* the total presumptive limit that would otherwise be imposed by this Court's Exceptional discovery track, without articulating a compelling basis for doing so, in addition to requesting additional expert depositions and 30 third-party depositions (which when combined with the Government Plaintiffs' requested party depositions is more than seven-fold the presumptive limit).

1. **Rule 26(f) Meetings**. Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.1(b), an initial telephonic Rule 26(f) conference was held between counsel for Defendants and Government Plaintiffs on February 21, 2024. Counsel for the FTC Action Parties subsequently met to discuss further on March 12, 2024, April 4, 2024, April 11, and April 12 2024. Defendants have attempted to promote coordination between the Actions during this process. In particular, counsel for Private Plaintiffs were

4

invited to, and did so join, the telephonic meetings on April 4 and April 11.[4] Counsel for Defendants also participated in a telephonic meeting with counsel for Private Plaintiffs separately on April 3, 2024.[5] During these several conferences, the Government Plaintiffs and Defendants were able to come to agreement on several key issues in the 26(f) reports, but, as described in more detail below, there are several significant areas of disagreement between the FTC Action Parties, in particular related to deposition burdens and coordinated discovery between the Actions.

  2. **<u>Discovery Plan</u>**. Defendants propose to the Court the following discovery plan that is coordinated between the Actions.

    a. <u>Discovery Commencement</u>. The FTC Action Parties agree that discovery will commence in the FTC Action on the date of the Court's entry of an initial scheduling order. Defendants propose that discovery will commence in the Private Action on the same date.

    b. <u>Document Preservation and Retention</u>. The FTC Action Parties have discussed issues relating to document preservation and retention. Defendants are available to discuss such issues with the Private Plaintiffs at Private Plaintiffs' convenience.

---

[4] Defendants have also shared drafts of their 26(f) submission with counsel for Private Plaintiffs, invited them to join or otherwise weigh in on Defendants' proposals, and encouraged them to join the Initial Pretrial Conference in the FTC Action to represent their position on these issues.

[5] In the interest of coordination across all related actions, Defendants also invited plaintiff in the Arkansas Action to participate in the Parties' discovery planning discussions, and the counsel for the State of Arkansas did join and participate in the April 4 meeting.

5

c. <u>Initial Disclosures</u>. The FTC Action Parties agree to exchange Initial Disclosures pursuant to Rule 26(a) on April 19, 2024. Defendants propose that Private Action Parties shall exchange Initial Disclosures on the same date.

d. <u>Topics on Which Discovery is Needed</u>. Defendants anticipate the subjects of discovery will include factual, expert and third-party discovery regarding the Parties' respective claims and defenses in the Actions, including on the topics of: (1) customer and user demand for Defendants' products and services (including as compared to demand for generic and other third-party products); (2) competition from generic suppliers and other third parties for the sale of Defendants' relevant products and services; (3) the implementation of Defendants' voluntary rebate programs, including the reasons that customers choose to earn rebates; (4) Defendants' marketing and competitive strategies, including innovation, differentiation, price rebates, and added services; (5) Defendants' sales in/share of sales in appropriately defined relevant market(s); (6) Defendants' supply agreements with third parties and with one another; (7) the FTC's investigation of Defendants, including the FTC's investigative file and coordination with State Attorneys General; and (8) the State Attorneys' General investigation of Defendants, including any investigative file(s) and coordination with the FTC.

e. <u>Case Management Track</u>. The FTC Action Parties agree that the appropriate track for the FTC Action is that designated in LR 26.1(a) as Exceptional. Defendants propose that the Private Action be designated as Exceptional as well. Defendants propose to modify the protocol envisioned by the Exceptional track,

including in order to accommodate coordinated efforts between Government Plaintiffs and Private Plaintiffs on account of the shared interests and overlapping issues amongst Plaintiffs. Defendants' proposal in this regard is reflected below and in the attached proposed schedule (found at Exhibit A), which Defendants believe should apply to both the FTC Action and the Private Action.

      i.    <u>Depositions.</u> Defendants propose the following deposition limits.

      1.    Defendants propose that Plaintiffs collectively may take (i) up to 10 depositions of Corteva party witnesses, including former employees, (ii) up to 10 depositions of Syngenta party witnesses, including former employees,[6] and (iii) up to 30 depositions of third-party witnesses, not including former employees of Defendants.[7]

In light of the overlap of issues between the Actions, there is likely to be overwhelming if not complete overlap between the two Plaintiffs groups with respect to the topics and personnel of interest for party and non-party depositions. Accounting for this fact, Defendants propose that a joint deposition limit be shared amongst the Plaintiffs with respect to both deposition categories. To allow otherwise would be to require multiple witnesses to be deposed multiple times within a relatively short time period on

---

[6] In the alternative, to the extent that the Court elects not to define a joint deposition limit, Defendants propose (i) that cross-notices of depositions by either Government Plaintiffs or Private Plaintiffs be deemed to count against those parties' respective limits, and (ii) so that no witness may be subjected to more than one deposition, Private Plaintiffs shall be deemed to have waived their ability to depose any witness noticed for deposition by Government Plaintiffs—and vice versa—by failing to cross-notice and participate in such deposition, unless otherwise ordered by the Court. These proposals are intended to promote coordination between the Actions (even without joint deposition limits) and to prevent witnesses from being deposed multiple times.

[7] To the extent that the Court elects not to define a joint deposition limit, Defendants' position is that the sum of the FTC Action and the Private Plaintiffs' deposition limits for third-party deposition should total no more than 30.

completely or predominantly overlapping issues and topics.

Defendants understand that Plaintiffs oppose this proposal. However, this proposal would not conceivably prejudice Plaintiffs. The absence of prejudice is underscored by Plaintiffs' ability—which Defendants do not intend to curtail—to seek consent from Defendants or leave from the Court to pursue additional party or non-party depositions of unilateral interest to the extent Private Plaintiffs or Government Plaintiffs identify an area where the issues in the Actions diverge in a manner that would require a unique additional deposition.

Defendants further understand that Government Plaintiffs intend to seek considerably more depositions of both Corteva party witnesses and Syngenta party witnesses (which, in Government Plaintiffs' view, would be in addition to some number of additional depositions allocated to Private Plaintiffs). Defendants' proposed limits on party witness depositions—which already double the presumptive maximum number of *total* (party, third-party, and expert) depositions to which Government Plaintiffs would be entitled under the Exceptional track—reasonably accounts for the fact that the FTC conducted ten investigational depositions of senior Syngenta employees and 9 investigational depositions of senior Corteva employees, resulting in extensive testimonial transcripts that will be made available to all Parties.

2. Defendants propose that Defendants collectively may take up to 10 depositions of Government Plaintiff party witnesses. Defendants understand that Government Plaintiffs oppose this proposal. As a party to the FTC Action, the

8

Government Plaintiffs are likely to possess non-privileged, discoverable information related to the FTC Action allegations. To the extent that Government Plaintiffs assert that Defendants have not identified the specific topics on which deposition testimony is sought, Defendants respond that there are non-privileged, discoverable topics in the Government Plaintiffs' possession about which Defendants may seek discovery and depositions. Rather than preemptively limiting Defendants to zero depositions before discovery has even begun, the Government Plaintiffs should address their concerns when an allegedly objectionable deposition is noticed by seeking a protective order from the Court.

      3.      Defendants propose that Defendants collectively may take (i) one deposition of each named Private Plaintiff, and (ii) up to 30 depositions of third-party witnesses.[8]

      4.      Defendants propose that the Parties may further depose witnesses whose testimony was taken in investigational hearings during the FTC's pre-Complaint investigation. Any such depositions in the Actions would count against the deposition number limits described above.

      5.      Defendants propose, and understand that Government Plaintiffs agree, that the Parties shall negotiate a deposition protocol that will govern further

---

[8] Defendants understand that Government Plaintiffs agree that Defendants may collectively take up to 30 depositions of third-party witnesses. Private Plaintiffs have not stated to Defendants whether they agree to this 30 third-party deposition limit, and also have not stated to Defendants whether they agree that Defendants may take one deposition of each named Private Plaintiff.

deposition logistics and coordination, including deposition time limits and allocations of time and other logistics for depositions of the same individual noticed by multiple parties. Defendants propose that such protocol shall include that no individual will be deposed more than one time in connection with the Actions and no individual will be required to sit for longer than a total of 10 hours, unless otherwise ordered by the Court, among other matters. Defendants understand that the Government Plaintiffs do not currently agree to this sort of coordination, in particular that deposition limits should be shared between Actions such that a witness may be deposed no more than one time in the Actions.

      6.     The FTC Action Parties agree that depositions of the Parties' designated expert witnesses do not count against the above deposition limits.

      ii.     <u>Interrogatories.</u> Defendants propose that the Government Plaintiffs and the Private Plaintiffs, collectively, may serve up to 30 interrogatories (including subparts) to each of Syngenta and Corteva. Syngenta and Corteva may each serve up to 30 interrogatories (including subparts) to each of the Government Plaintiffs, collectively, and Private Plaintiffs, collectively.

      iii.     <u>Requests for Admission.</u> Defendants propose that the Government Plaintiffs and the Private Plaintiffs, collectively, may serve up to 30 requests for admission to each of Syngenta and Corteva. Syngenta and Corteva may each serve up to 30 requests for admission to each of the Government Plaintiffs, collectively, and Private Plaintiffs, collectively.

      iv.     <u>Proposed Schedule.</u> Defendants' proposal with respect to the timing

of discovery is set forth in Exhibit A. As detailed in Exhibit A, Defendants intend that both the FTC Action and the Private Action will follow the same fact discovery schedule. Following the close of fact discovery, in the interest of promoting judicial efficiency, Defendants intend that the FTC Action and Private Action will assume different schedules.

      f.      <u>Rule 26 Disclosures</u>. Defendants propose, and understand that Government Plaintiffs agree, that reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) (as modified herein) are due during the discovery period, as set forth in Exhibit A. Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the court.

3.      **<u>Mediation</u>**. Pursuant to LR 83.9b(a), "cases wherein the United States is a party . . . are not included within this automatic selection for mediation." Government Plaintiffs have informed Defendants that Government Plaintiffs remain open to exploring settlement possibilities. The FTC Action Parties agree, however, that mediation is unlikely to be productive at this time.

4.      **<u>Preliminary Deposition Schedule</u>**. Defendants propose that the Parties will meet and confer regarding a schedule for depositions to be conducted during the discovery period. No individual will be required to be deposed more than once in connection with the Actions, unless otherwise ordered by the Court.

**5.**      **<u>Other Items</u>**

      a.      <u>Coordination of Discovery</u>. Consistent with the Court's guidance,

Defendants intend that there will be discovery coordination between the Actions; in particular, that the Actions will follow the same discovery procedures and proceed along the same fact discovery schedule in order to avoid duplicated efforts and wasted resources, which is reflected in the attached proposed schedule.

    b.  <u>Protective Order</u>. Defendants propose that the Parties will submit a proposed Protective Order to govern both Actions. Plaintiffs have indicated willingness to work towards a joint Protective Order among the Actions.

    c.  <u>Stipulations</u>. Defendants propose that the Parties will submit a proposed Stipulated Order regarding the Discovery of Electronically Stored Information ("ESI Stipulation") to govern both Actions. Plaintiffs have indicated willingness to work towards a joint ESI Stipulation among the Actions. The FTC Action Parties anticipate filing other stipulated orders relating to remote depositions and expert discovery as needed.

    d.  <u>Deadline for Amendment of Pleadings</u>. Defendants propose that the Parties may request leave to amend pleadings or add additional parties until July 19, 2024. The Parties may seek to amend the pleadings by motion pursuant to Fed. R. Civ. P. 15.

    e.  <u>Consent to Magistrate and Appointment of Special Master</u>. The FTC Action Parties have discussed special procedures for managing the Action, including reference of either case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§ 636(c), or appointment of a master. The FTC Action Parties do not agree to refer

either Action to magistrate judge civil trial jurisdiction under 28 U.S.C. § 636(c).

    f.  <u>Confidential and sealed documents</u>. The Actions will likely involve confidential or sealed documents, and the FTC Action Parties have separately filed a LR 5.5 Report.

    g.  <u>Service By Email</u>. Defendants propose that service of any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by email to all attorneys for the receiving party then appearing on the ECF docket, at the email addresses listed thereon. In the event the volume of served materials is too large for email, the serving party may accomplish service using electronic data transfer by file transfer protocol or a similar technology. For purposes of calculating response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

    h.  <u>Document Subpoenas to Non-Parties.</u> In the interest of coordination, Defendants propose as follows with respect to non-parties producing materials in response to Rule 45 subpoenas in this action. The party who served a Rule 45 subpoena shall request that the recipient of the subpoena produce materials responsive to the subpoena to all Parties. In the event that the non-party does not produce responsive material to all Parties, the party who served a Rule 45 subpoena shall produce a copy of all materials that a non-party produces in response to that Rule 45 subpoena within five (5) business days after receipt of the materials from the non-party.

i. <u>Privilege Logs</u>. Defendants' proposed deadline for privilege log production is detailed in the schedule at Exhibit A.

j. <u>Length of Trial</u>. The FTC Action Parties have met and conferred and agree that determining a precise trial length in either Action would be premature at this time.

k. <u>Jury Trial</u>. A jury trial has been demanded by Corteva in the FTC Action.[9] Private Plaintiffs have demanded a jury trial in the Private Action.

l. <u>Separate Trials</u>: Corteva seeks a trial on the claims asserted against it separate from the trial of the claims asserted against Syngenta, and Syngenta seeks a trial on the claims asserted against it separate from the trial of the claims asserted against Corteva.

---

[9] The FTC has moved to strike Corteva's jury demand. Corteva intends to oppose the FTC's motion.

Dated: April 15, 2024

| | |
|---|---|
| */s/ Patrick M. Kane* | */s/ Mark E. Anderson* |
| Patrick M. Kane | Mark E. Anderson |
| N.C. Bar No. 36861 | N.C. Bar No. 15764 |
| pkane@foxrothschild.com | manderson@mcguirewoods.com |
| FOX ROTHSCHILD LLP | MCGUIREWOODS LLP |
| 230 N. Elm Street, Suite 1200 | 501 Fayetteville Street, Suite 500 |
| PO Box 21927 (27420) | Raleigh, NC 27601 |
| Greensboro, NC 27401 | Telephone: 919.755.6600 |
| Telephone: 336.378.5200 | Facsimile: 919.755.6699 |
| Facsimile: 336.378.5400 | |
| | David R. Marriott** |
| Paul S. Mishkin* | dmarriott@cravath.com |
| paul.mishkin@davispolk.com | Margaret T. Segall** |
| David B. Toscano* | msegall@cravath.com |
| david.toscano@davispolk.com | CRAVATH, SWAINE & MOORE LLP |
| DAVIS POLK & WARDWELL LLP | 825 Eighth Avenue |
| 450 Lexington Avenue | New York, NY 10019 |
| New York, NY 10017 | Telephone: (212) 474-1000 |
| Telephone: (212) 450-4292 | Facsimile: (212) 474-3700 |
| Facsimile: (212) 701-5292 | |
| | ** Specially appearing under L.R. 83.1(d) |
| *Specially appearing under L.R. 83.1(d) | |
| | *Attorneys for Defendant Corteva, Inc.* |
| *Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC* | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Mark E. Anderson*
Mark E. Anderson

# EXHIBIT A

## Proposed Schedule[10]

| Event | Defendants' Position |
|---|---|
| Initial Pretrial Conference | The Court's April 18, 2024 Initial Pretrial Conference will cover scheduling for both Actions |
| Rule 26(a)(1) Initial Disclosures, for both Actions | April 19, 2024 |
| Deadline for all Parties to agree, or else for parties to move, on proposed protective order and ESI protocol, and potential alternative sealing procedure under LR 5.4 and 5.5, to govern both Actions | April 30, 2024 |
| Deadline for Government Plaintiffs to produce investigative file(s) to Defendants and Private Plaintiffs, and for Defendants to identify to Private Plaintiffs custodians and search protocol used for investigation discovery | 14 days after entry of protective order |
| Deadline for Government Plaintiffs to propound Requests for Production and Defendants to propound Requests for Production in FTC Action[11] | 45 days after the Government Plaintiffs' production of the investigative file(s) |

---

[10] The FTC Action Parties are agreed on the proposed schedule to the extent it applies to the FTC Action. Defendants intend that the opening, close, and certain interim fact discovery deadlines will apply to both the FTC Action and the Private Action so that fact discovery may be efficiently coordinated between the Actions.

[11] The Parties in the FTC Action agree that they will endeavor to serve comprehensive Requests for Production by this date, but this deadline shall not apply to, nor is it intended to preclude, discrete, additional requests served at a reasonable later date within the fact discovery period. The requesting Party shall articulate its good faith basis for making any such supplemental request(s) at the time of service. The Parties further agree to produce documents responsive to Requests for Production on a rolling basis.

This deadline shall not apply to non-party subpoenas under Fed. R. Civ. P. 45.

Case 1:22-cv-00828-TDS-JEP   Document 181   Filed 04/15/24   Page 17 of 19

| Event | Defendants' Position |
|---|---|
| Deadline for Government Plaintiffs and Defendants to propose custodians and search or TAR protocols for the FTC Action | 30 days after service of Requests for Production |
| Deadline for Government Plaintiffs and Defendants to agree or for parties to move to compel on custodians and search or TAR protocols for the FTC Action | 60 days after service of Requests for Production |
| Deadline for all Parties to substantially complete the production of data and documents in response to all Requests for Production received by the deadline for Government Plaintiffs to propound Requests for Production (45 days after the Government Plaintiffs' production of the investigative file(s)) | January 22, 2025 [3 months prior to close of fact discovery] |
| Deadline for all Parties to provide privilege logs, for both Actions | February 21, 2025 [30 days after substantial completion deadline and 2 months prior to fact discovery deadline] |
| Deadline for all Parties to notice fact depositions, for both Actions[12] | February 21, 2025 [30 days after substantial completion deadline and 2 months prior to fact discovery deadline] |
| Close of Fact Discovery for both Actions | April 22, 2025 |

---

[12] Defendants understand that the Private Plaintiffs object to this date and propose that they be permitted additional time to notice fact depositions, and that Government Plaintiffs object to setting this date any later. Defendants are amenable to setting this date at Feb. 21, 2025 or any reasonable period of time thereafter. To the extent this date is extended beyond Feb. 21, 2025, Defendants propose that the subsequent dates on this schedule be extended accordingly.

Deadlines concerning deposition notices shall not apply to non-party subpoenas under Fed. R. Civ. P. 45.

| Event | Defendants' Position |
|---|---|
| <u>FTC Action:</u> Expert Reports on Plaintiff's Claims and on Counterclaims and Affirmative Defenses as to which Defendants Bear the Burden of Proof | June 6, 2025 [45 days after the close of fact discovery] |
| <u>FTC Action:</u> Plaintiffs' and Defendants' Rebuttal Expert Reports | August 5, 2025 [60 days after opening reports] |
| <u>FTC Action:</u> Plaintiffs' and Defendants' Reply Expert Reports | September 4, 2025 [30 days after rebuttals] |
| <u>FTC Action:</u> Close of Expert Discovery | October 2, 2025 [28 days after replies] |
| <u>FTC Action:</u> Last day to file Summary Judgment and *Daubert* Motions | November 18, 2025 [47 days after close of expert discovery] |
| <u>FTC Action:</u> Summary Judgment and *Daubert* Oppositions | January 23, 2026 [66 days after motions] |
| <u>FTC Action:</u> Summary Judgment and *Daubert* Replies | February 20, 2026 [28 days after oppositions] |
| Hearings on Summary Judgment and *Daubert* Motions | [TBD by the Court] |
| Pretrial Conferences | [TBD by the Court] |
| Trials | [TBD by the Court] |