# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

FEDERAL TRADE COMMISSION,
STATE OF CALIFORNIA, STATE OF
COLORADO, STATE OF ILLINOIS,
STATE OF INDIANA, STATE OF IOWA,
STATE OF MINNESOTA, STATE OF
NEBRASKA, STATE OF OREGON,
STATE OF TENNESSEE, STATE OF
TEXAS, STATE OF WASHINGTON, and
STATE OF WISCONSIN,

       Plaintiffs,

   v.

SYNGENTA CROP PROTECTION AG,
SYNGENTA CORPORATION,
SYNGENTA CROP PROTECTION, LLC,
and CORTEVA, INC.,

       Defendants.

Case No. 1:22-cv-00828-TDS-JEP

**SUPPLEMENTAL JOINT LOCAL RULE 5.5 REPORT**

Plaintiffs the Federal Trade Commission ("FTC") and states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin; and Defendants Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC (collectively, "Syngenta") and Corteva, Inc. (together with the FTC and Syngenta, the "Parties") have met and conferred pursuant to Local Rule 5.4(b)(1)(b) and the October 11, 2022 Joint Local Rule 5.5 Report (Doc. 19). The Parties hereby submit this Supplemental Joint Local Rule 5.5 Report.

**Alternative Proposal for Cases with Many Confidential Documents.**

The parties jointly propose the alternative procedures for managing motions to seal attached hereto as Exhibit A.

The parties incorporate by reference the other provisions of the October 11, 2022 Joint Local Rule 5.5 Report (Doc. 19).

Dated:  April 15, 2024         Respectfully submitted,

                             /s/ Allyson M. Maltas
                         ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

KARNA ADAM
JOSEPH R. BAKER
WESLEY G. CARSON
ELIZABETH A. GILLEN
PHILIP J. KEHL
MICHAEL J. TURNER
JAMES H. WEINGARTEN

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Conor J. May
JAN M. ZAVISLAN
Senior Counsel
CONOR J. MAY
Assistant Attorney General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Jan.Zavislan@coag.gov
          Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*

/s/ Matthew Michaloski
MATTHEW MICHALOSKI
CHRISTI FOUST
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer
Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-1479
Email: matthew.michaloski@atg.in.gov
          christi.foust@atg.in.gov
          scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*


/s/ Colin P. Snider
COLIN P. SNIDER
Office of the Attorney General of
Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-3840
Email: Colin.Snider@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
TATE BALL
Assistant Attorney General
Office of the Attorney General of
Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
        Tate.Ball@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
        jason.pleggenkuhle@ag.state.mn.us
        elizabeth.odette@ag.state.mn.us


*Attorneys for Plaintiff State of Minnesota*


/s/ Timothy D. Smith
TIMOTHY D. SMITH
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us


*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
JAMES LLOYD
Chief, Antitrust Division
TREVOR YOUNG
Deputy Chief, Antitrust Division
WILLIAM SHIEBER
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

4

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State
of Washington*

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

5

/s/ Patrick M. Kane

Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC  27401
Telephone:  336.378.5200
Facsimile:  336.378.5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
David B. Toscano*
david.toscano@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop
Protection AG, Syngenta Corporation, and
Syngenta Crop Protection, LLC*

/s/ Mark E. Anderson

Mark E. Anderson
N.C. Bar No. 15764
manderson@mcguirewoods.com
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Telephone:  919.755.6600
Facsimile:  919.755.6699

David R. Marriott**
dmarriott@cravath.com
Margaret T. Segall**
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

** Specially appearing under L.R. 83.1(d)

*Attorneys for Defendant Corteva, Inc.*

6

## Exhibit A

### Alternative Proposal

1. **Applicability.** These procedures will apply in lieu of the Default Procedures for Motions to Seal provided by LR 5.4(c).

2. **Temporary Filing of Sealed Documents.** For each filing containing information designated as confidential by a party or nonparty, the filing party will file two complete sets of documents: one under seal and, within 3 days of the sealed version being filed, one public version with placeholders or redactions for each item designated as confidential. The version filed under seal must be a complete set, including all exhibits. The version filed under seal will remain under seal. Once the Court has ruled on the sealing motion, the party seeking sealing will file a new version on the public docket that reflects the Court's rulings as specified in ¶ 8.

3. **Meet and Confer Required.** The parties will meet and confer within 7 days after the conclusion of all briefing for the filing (including response and reply briefing, as applicable) to discuss the sealing of exhibits and/or portions of the briefing.

4. **Motion Required.** Within 14 days after the conclusion of all briefing for the filing (including response and reply briefing, as applicable), each party claiming confidentiality will file with the Court a motion to seal the unredacted brief(s) and unredacted exhibits, including a non-confidential description of what is to be sealed, and the supporting materials specified by LR 5.4(c)(3). Only one motion to seal per party is required for each round of briefing, and a separate brief to support a motion to seal is not

7

required. A party filing a motion to seal must file under seal any briefs or exhibits sought to be sealed as attachments to its motion, and the information sought to be sealed must be highlighted.  To the extent the entirety of an exhibit or document is sought to be sealed, that document or exhibit need not be filed again as an attachment to the motion to seal.

5.       **Claims by Nonparties.** If a party's filing contains information that a nonparty has designated or claimed as confidential, the filing party must provide the nonparty a public copy of its filing, along with a transcription of the nonparty's information that has been redacted by page or paragraph number, on the day that the public version of the filing is filed. Any nonparty claiming confidentiality will file with the Court a motion to seal the unredacted brief(s) and unredacted exhibits, including a non-confidential description of what is to be sealed, and the supporting materials specified by LR 5.4(c)(3) within 14 days after the conclusion of all briefing for the motion (including response and reply briefing, as applicable). The response should also include any contention that the items to be sealed are irrelevant or should be stricken rather than unsealed.

6.       **LR 5.4 Checklist and Summary Chart.**  Any party filing a motion to seal must submit to the assigned district and magistrate judges' ECF mailboxes the LR 5.4 Checklist and Summary Chart within 5 days of filing any motions to seal.

7.       **Objections.**  Any party that opposes sealing must file such objection to sealing in the form of a response in opposition to the motion to seal within 7 days of the filing of the motion to seal.

8.      **Withdrawal of Documents:**  When the party filing a motion to seal is also the party claiming confidentiality, that party may elect to withdraw the documents for which sealing is sought, if the motion to seal is denied and no other party has relied upon the documents, in which case the documents will not be considered by the Court.  Any such election must be included in the motion to seal, and if the motion to seal does not include such an election, the documents will be unsealed if the motion to seal is denied. If a motion to seal is partially denied and the party filing the motion has not elected to withdraw the sealed documents, that party shall re-file the sealed documents with corrected redactions consistent with the Court's ruling within 7 days of the ruling.  If the Court grants all sealing requests in a motion, it will not be necessary to file a new version of the document.