# Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF MICHIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN, a Michigan nonprofit healthcare corporation,<br><br>Defendant. | Civil Action No. 10-cv-14155-DPH-MKM<br>Judge Denise Page Hood<br>Magistrate Judge Mona K. Majzoub |

**CASE-MANAGEMENT ORDER**

Upon plaintiffs' motion [No. 135], and in accordance with Fed. R. Civ. P. 16(b), the Court hereby GRANTS the motion and ORDERS as follows:

1. <u>Depositions of Fact Witnesses</u>.

    a. <u>Number of Depositions</u>.

    Plaintiffs may take 170 depositions of fact witnesses. Defendant may take 170 depositions of fact witnesses.

    b. <u>Duration of Depositions.</u>

    (1) Non-party Depositions. Absent a Court order extending the time or consent of the witness, non-party depositions shall be limited to one day of seven hours, during which the noticing party shall have at least five hours (including for redirect) and the adverse party shall have at least two hours. If private plaintiffs in parallel litigation before this Court wish to participate in the deposition, with the consent of the witness, the private plaintiffs may use whatever portion of

1

plaintiffs' time that the plaintiffs do not use, and the non-party may agree to extend the deposition beyond seven hours to allow the private plaintiffs to question the deponent. If government and private plaintiffs, or defendant, use less than their allotted time, the other side may continue until a total of seven hours is reached. To the extent the non-noticing party believes it needs more than two hours to question a non-party witness, that party may cross-notice the deposition, in which event plaintiffs and defendant shall divide time equally.

(2) Party Depositions. Absent a Court order extending the time or agreement of counsel, party depositions shall be limited to one day of seven hours, during which the noticing party shall have at least seven hours (including for redirect). If private plaintiffs in parallel litigation before this Court wish to participate in a deposition of defendant, the private plaintiffs may use whatever portion of the seven-hour time period that plaintiffs do not use, and the defendant may agree to extend the deposition beyond seven hours to allow the private plaintiffs to question the deponent.

2. Expert Depositions. Expert depositions may extend to two consecutive days of up to seven hours each day for each expert witness. Unless the parties agree otherwise concerning a particular deposition, 14 days shall constitute reasonable notice of an expert deposition to the other side.

3. Service of Pleadings and Discovery on Other Parties. In accordance with LR 5.1, the parties shall serve all pleadings and other court filings on the opposing side using the Court's electronic filing system. Service of all discovery demands and responses, including notice of subpoenas to non-parties, shall be made by electronic mail to the persons designated below by

the respective parties. Service of hard copies to the opposing side is not required. All documents are deemed served such that three days are added to the response period pursuant to Fed. R. Civ. P.6(d). The parties designate the following individuals to receive service of all discovery demands and responses:

    a. For Plaintiff United States:

| | | |
|---|---|---|
| Amy R. Fitzpatrick | (202) 532-4558 | amy.fitzpatrick@usdoj.gov |
| Barry J. Joyce | (202) 353-4209 | barry.joyce@usdoj.gov |
| Steven Kramer | (202) 307-0997 | steven.kramer@usdoj.gov |
| David Gringer | (202) 532-4537 | david.gringer@usdoj.gov |

    b. For Plaintiff State of Michigan:

| | | |
|---|---|---|
| M. Elizabeth Lippitt | (517) 373-1160 | LippittE@michigan.gov |
| Thomas Marks | (517) 373-1160 | tmarks@michigan.gov |

    c. For Defendant Blue Cross Blue Shield of Michigan:

| | | |
|---|---|---|
| Todd M. Stenerson | (202) 419-2184 | Tstenerson@hunton.com |
| D. Bruce Hoffman | (202) 955-1619 | Bhoffman@hunton.com |
| Ashley Cummings | (404) 888-4223 | Acummings@hunton.com |
| Jonathan Lasken | (202) 955-1983 | Jlasken@hunton.com |

The parties shall also provide copies of all discovery demands to attorneys for parties in related cases, by electronic mail.

    4.    <u>Federal Rule of Civil Procedure 45 Subpoenas</u>.

        a.    A party serving a subpoena on a non-party for the production of documents, including electronically stored information, need not provide advance notice of the subpoena to the other parties.

      b.    If a party serves on a non-party a subpoena for the production of documents, including electronically stored information ("document subpoena"), and a subpoena commanding attendance at a deposition, the scheduled deposition date must be at least 14 days after the return date for the document subpoena. If extending the date of compliance for the document subpoena results in there being fewer than 14 days between the extended compliance date and the date scheduled for that non-party's deposition, the scheduled date for deposition must be postponed to be at least 14 days following the extended compliance date, unless the opposing party consents to there being fewer than 14 days.

      c.    All modifications to the scope or date of compliance of a non-party document subpoena, agreed to by the party that served the subpoena, must be reduced to writing and emailed to all other parties within one week after agreement to the modifications with the subpoenaed non-party.

      d.    Whenever a party receives documents or electronically stored information in response to a non-party document subpoena, the receiving party must provide a complete copy of all materials, including documents, including electronically stored information that it received to all other parties within seven calendar days following receipt. If technical problems with the non-party production prevent meeting this deadline, the receiving party shall promptly notify the other parties and provide copies as soon as practical. If a non-party produces documents that are not Bates stamped, the party receiving the documents will Bates stamp them before producing a copy to the other parties.

5

5. <u>Service of Trial Subpoenas</u>.  In view of the fact that potential witnesses in this action are located outside this judicial district and beyond 100 miles from this Court, the parties have shown the requisite good cause to permit the parties, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal judicial district requiring witnesses to attend this Court.  The parties and third parties will attempt to present these witnesses at trial by video deposition.  A witness seeking relief from this portion of the order may file the appropriate motion if the parties are unable to resolve the issue prior to trial.

6. <u>Modification of Scheduling and Case Management Order</u>.  Any party may move the Court to amend or modify any of the provisions of either the Scheduling Order or Case-Management Order for good cause shown and/or to set a status conference to address case-management issues.

**SO ORDERED:**

Dated at Detroit, Michigan, this 29th day of May, 2012.

        BY THE COURT:


        s/Denise Page Hood
        UNITED STATES DISTRICT JUDGE