| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>SYNGENTA CROP PROTECTION AG; SYNGENTA CORPORATION; SYNGENTA CROP PROTECTION, LLC;<br><br>    and<br><br>CORTEVA, INC.,<br><br>    Defendants. | CASE NO. 1:22-cv-00828-TDS-JEP |

**DEFENDANT CORTEVA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND IN SUPPORT OF CORTEVA'S CROSS-MOTION IN THE ALTERNATIVE FOR A JURY TRIAL UNDER FED. R. CIV. P. 39(B)**

## TABLE OF CONTENTS

|  | Page |
|---|---:|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | **Error! Bookmark not defined.** |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
| I. PLAINTIFFS' MOTION TO STRIKE CORTEVA'S JURY DEMAND SHOULD BE DENIED | 2 |
| II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT CORTEVA'S CROSS-MOTION FOR A JURY TRIAL UNDER RULE 39(b). | 5 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                      Page(s)

*Aetna Ins. Co. v. Kennedy*,
    301 U.S. 389 (1937) ......................................................................................................... 4

*Brunwasser v. Suave*,
    400 F.2d 600 (4th Cir. 1968) ............................................................................................ 4

*Clary v. Lewis*,
    2015 WL 5684752 (E.D.N.C. Sept. 25, 2015) ................................................................. 4

*Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*,
    462 Fed. Appx. 266 (4th Cir. 2012) .................................................................................. 6

*DeWitt v. Hutchins*,
    309 F. Supp. 2d 743 (M.D.N.C. 2004) ......................................................................... 6, 7

*Dimick v. Schiedt*,
    293 U.S. 474 (1935) ......................................................................................................... 5

*General Tire & Rubber Company v. Watkins*,
    331 F.2d 192 (4th Cir. 1964) ............................................................................................ 3

*Gibson v. Branch Banking & Tr. Co.*,
    No. 3:13-CV-311, 2013 WL 7394635 (W.D.N.C. Aug. 30, 2013), *report and
    recommendation adopted*, 2014 WL 695306 (W.D.N.C. Feb. 24, 2014) .................................. 2

*Hohman v. Dunning*,
    991 F.2d 789, 1993 WL 127955 (4th Cir. 1993) ............................................................. 4

*In re Crop Protection Products Loyalty Program Antitrust Litigation*,
    Civil Action No. 23-md-3062-TDS-JEP .......................................................................... 6

*In re Pukke*,
    790 Fed. Appx. 513 (4th Cir. 2020) .................................................................................. 6

*Lawrence v. Hanson*,
    197 F. Supp. 2d 533 (W.D. Va. 2002) .......................................................................... 5, 7

*Macsherry v. Sparrows Point, LLC*,
    973 F.3d 212 (4th Cir. 2020) ........................................................................................ 3, 4

*Malbon v. Pennsylvania Millers Mut. Ins. Co.*,
    636 F.2d 936 (4th Cir. 1980) ............................................................................................ 6

*Smith v. United States*,
    337 U.S. 137 (1949)............................................................................................................5

*Tull v. United States*,
    481 U.S. 412 (1987)............................................................................................................6

*U.S. ex rel. Automation System Integrators, Inc. v. BCE, Inc.*,
    No. 1:12-CV-250, 2013 WL 6628130 (W.D.N.C. Dec. 16, 2013)..........................................3

*U.S. ex rel. Drakeford v. Tuomey Healthcare Sys.*,
    675 F.3d 394 (4th Cir. 2012) ...............................................................................................6

*U.S. v. Brewbaker*,
    87 F.4th 563 (4th Cir. 2023) ................................................................................................6

*U.S. v. Foley*,
    598 F.2d 1323 (4th Cir. 1979) .............................................................................................6

*U.S. v. Portsmouth Paving Corp.*,
    694 F.2d 312 (4th Cir. 1982) ...............................................................................................6

**Statutes & Rules**

35 U.S.C. § 282...........................................................................................................................3

Fed R. Civ. P. 38(b) ................................................................................................................3, 4

Fed. R. Civ. P. 39(b) ...........................................................................................................1, 2, 5

LR 16.2, 16.3 ..............................................................................................................................4

Rule 38 ............................................................................................................................. passim

Rule 39 ....................................................................................................................................5, 7

Rule 81(C)(3) .............................................................................................................................3

Sherman Act................................................................................................................................6

**Other Authorities**

Seventh Amendment .......................................................................................................1, 2, 5, 6

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and
    Procedure § 1476 (2d ed. 1990)..........................................................................................2

Defendant Corteva, Inc. ("Corteva") respectfully submits this memorandum in opposition to Plaintiffs' Motion to Strike and in support of Corteva's Cross-Motion in the Alternative for a Jury Trial under Federal Rule of Civil Procedure 39(b).

**PRELIMINARY STATEMENT**

Plaintiffs seek to strip Corteva of its Seventh Amendment right to a jury trial, claiming that it made the request too late in the day. There is no basis for that.

Contrary to Plaintiffs' contention, Corteva timely requested a trial by jury. Corteva requested a jury trial within fourteen days of its last pleading, as Rule 38 of the Federal Rules of Civil Procedure requires. In arguing that Corteva should have requested a jury trial within fourteen days of filing its original answer, Plaintiffs ignore the plain language of the rule.

Even if Corteva's request were untimely (and it is not), there is no basis for a finding of waiver and the demand should be permitted under Rule 39(b). The issues presented are appropriate for determination by a jury. Affording Corteva its Seventh Amendment right could not possibly cause any prejudice to Plaintiffs. Corteva requested a trial by jury very early in the case (within fourteen days of its amended answer and before entry of an initial scheduling order). Discovery has not yet started in this matter. Depositions have not been noticed or scheduled. Expert reports have not been prepared or exchanged. Any prospect of trial, even under Plaintiffs' own proposed schedule, is likely two years away. And allowing Corteva to have the claims against it tried by a jury could not credibly have an adverse effect on the Court's docket or the orderly administration of justice. As is discussed below, Corteva's request for a jury trial should stand.

# ARGUMENT

## I. PLAINTIFFS' MOTION TO STRIKE CORTEVA'S JURY DEMAND SHOULD BE DENIED.

Plaintiffs cannot be allowed to end-run Corteva's Seventh Amendment right to a jury trial based on a purely technical interpretation of Rule 38(b) inconsistent with the rule's plain language. Under Rule 38, a party is permitted to demand a jury trial "no later than 14 days after the **last pleading** directed to the issue is served". *See* Fed. R. Civ. P. 38(b)(1) (emphasis added). Corteva's demand for a jury trial was filed within 14 days of the filing of its Amended Answer (March 15, 2024, Dkt. 176), which was Corteva's last pleading.

A plain reading of the term "last pleading" is just that—the *last pleading*. The "last pleading" is the latest filed, operative pleading. *See Gibson v. Branch Banking & Tr. Co.*, No. 3:13-CV-311, 2013 WL 7394635, at *1 (W.D.N.C. Aug. 30, 2013), *report and recommendation adopted*, 2014 WL 695306 (W.D.N.C. Feb. 24, 2014) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot."); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Corteva's Answer to Plaintiffs' Complaint is no longer an operative pleading, let alone the last pleading. And it no longer performs any function in the case.

Even so, Plaintiffs insist that Corteva's initial Answer, filed on February 9, 2024 (Dkt. 166), was the last pleading for Rule 38 purposes, not Corteva's Amended Answer. Dkt. 176. Yet Plaintiffs' cited Fourth Circuit authority is inapposite and does not compel that Corteva's jury demand be struck. In *General Tire & Rubber Company v. Watkins*, the Fourth Circuit considered whether a notice requirement under 35 U.S.C. § 282 referenced by an amended complaint in a patent infringement suit could itself constitute a "last pleading" for purposes of Fed R. Civ. P. 38(b) and held that the statutorily-required notice was not a pleading. 331 F.2d 192, 195-96 (4th Cir. 1964). *Macsherry v. Sparrows Point, LLC*, involved an action "arising under removal jurisdiction through Rule 81(C)(3)", where plaintiff's request under Rule 38(b) consisted of *ad damnum* paragraphs that did not "actually demand a jury trial". 973 F.3d 212, 227-28 (4th Cir. 2020). And in *U.S. ex rel. Automation System Integrators, Inc. v. BCE, Inc.*, the court declined to disturb a *stipulation* to conduct a bench trial in favor of a party's tardy jury demand, opining that the stipulated waiver continued to be operative in the absence of new significant issues. No. 1:12-CV-250, 2013 WL 6628130, at *1-3 (W.D.N.C. Dec. 16, 2013).[1] Each of these cases is far removed from the facts present here. In fact, Fourth Circuit precedent counsels in favor of granting Corteva's jury demand.

---

[1] Plaintiffs misstate the facts of *Automation System Integrators*, incorrectly asserting that the court struck "defendant's Rule 38(b) jury demand . . . when it was filed with an amended answer that 'did not present any significant alteration or modification to what needed to be decided at trial". (Mot. at 3.) In fact, it was the **plaintiff**, Automated System Integrators (or "ASI"), who filed a jury demand alongside a motion for consolidation more than three months after a defendant sought leave to amend its answer and nearly six months after the parties had stipulated to a bench trial. 2013 WL 6628130, at *1-2. Thus, the jury demand was neither made by the defendant nor included in an amended answer.

Contrary to Plaintiffs' contention, the Fourth Circuit is loath to find waiver of the right to a jury trial. *See Brunwasser v. Suave*, 400 F.2d 600, 602 (4th Cir. 1968) (noting "reluctan[ce] to rest our decision upon such a rigid application of a period of limitation" under Rule 38); *Macsherry*, 973 F.3d at 227 (acknowledging that "technical compliance with Rule 38(b) is not necessarily required", but concluding that "even non-technical compliance requires that a party *actually* demand a jury trial"); *Hohman v. Dunning*, 991 F.2d 789 (Table), 1993 WL 127955, at *2 (4th Cir. 1993) ("Although Hohman's many jury demands were not made in exact compliance with Rule 38, technical perfection of jury demands is not necessarily required."); *Clary v. Lewis*, 2015 WL 5684752, at *2 (E.D.N.C. Sept. 25, 2015) ("Nevertheless, because the right to a jury trial is fundamental, 'courts indulge every reasonable presumption against waiver.'") (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)). Under the circumstances here, where Corteva's jury demand was timely filed after an answer amended as of right and before discovery has even begun, the Fourth Circuit would not find waiver based solely on Plaintiffs' asserted interpretation of "last pleading". Indeed, this Court's own local rules contemplate that the parties' 26(f) reports will clarify whether a jury trial has been demanded. *See* LR 16.2, 16.3 (requiring both individual and joint 26(f) reports to note whether "[a] jury trial [has][has not] been demanded."). Given that the Parties' 26(f) reports were filed on April 15, 2024, in advance of an initial pretrial conference to be held on April 18, 2024 (Dkt. 171), Plaintiffs rightfully make no argument that Corteva's jury demand would result in delay, inconvenience or burden—much less prejudice. Plaintiffs' argument is devoid of

4

any substantive rationale and advocates a rigid, highly technical approach to jury demands inconsistent with Fourth Circuit precedent.

In sum, Plaintiffs ask this Court to turn Rule 38 into a cudgel by finding that Corteva waived its fundamental right via an alleged untimely jury demand. But Plaintiffs identify no authority dictating such an unjustified result in circumstances similar to those here. *See Smith v. United States,* 337 U.S. 137, 150 (1949) ("Waiver of constitutional rights, however, is not to be lightly inferred."); *see also Dimick v. Schiedt*, 293 U.S. 474, 486 (1935) (stating that the Seventh Amendment right to jury trial "is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."). Plaintiffs' Motion should be denied.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT CORTEVA'S CROSS-MOTION FOR A JURY TRIAL UNDER RULE 39(b).

In the event it finds Corteva's jury demand untimely, the Court should grant Corteva a jury trial under Rule 39. Fed. R. Civ. P. 39(b) ("[T]he court may, on motion, order a jury trial on any issue for which a jury might have been demanded."); *see also Lawrence v. Hanson*, 197 F. Supp. 2d 533, 536–37 (W.D. Va. 2002) ("Even if a motion for jury trial is, as it was in this case, made pursuant to Rule 38 unsuccessfully, a court may treat the motion as made under Rule 39(b)."). Courts "will consider the following factors in determining whether to excuse [an alleged] waiver: (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing

5

party; (3) the timing of the motion (early or late in the proceedings); (4) and any effect a jury trial would have on the court's docket and the orderly administration of justice". *DeWitt v. Hutchins*, 309 F. Supp. 2d 743, 754–55 (M.D.N.C. 2004) (citing *Malbon v. Pennsylvania Millers Mut. Ins. Co.,* 636 F.2d 936, 940 n. 11 (4th Cir. 1980)).

Each of these factors weighs in favor of excusing the alleged inadvertent waiver by Corteva. First, this case does not present any complex issues beyond the ken of a juror. Sherman Act antitrust cases are routinely heard by juries within the Fourth Circuit.[2] *See U.S. v. Brewbaker*, 87 F.4th 563 (4th Cir. 2023) (jury trial involving Section 1 bid-rigging allegations); *U.S. v. Portsmouth Paving Corp.*, 694 F.2d 312 (4th Cir. 1982) (jury trial involving Section 1 bid-rigging allegations); *U.S. v. Foley*, 598 F.2d 1323 (4th Cir. 1979) (jury trial involving Section 1 price-fixing allegations). Indeed, the Private Plaintiffs in the related action of *In re Crop Protection Products Loyalty Program Antitrust Litigation*,

---

[2] Courts have found no constitutional right to a jury trial for cases tried in equity. *See, e.g.*, *In re Pukke*, 790 Fed. Appx. 513, 514-15 (4th Cir. 2020). But Supreme Court precedent firmly establishes the Seventh Amendment will provide a jury trial where, as here, civil penalties assessed would be legal—not equitable—in nature. E.g., *Tull v. United States*, 481 U.S. 412, 424-25 (1987). In fact, courts have recognized that the right to a jury trial, and the jury's fact-finding role, remain even when the same facts inform both the legal and the equitable claims in a complaint. *See U.S. ex rel. Drakeford v. Tuomey Healthcare Sys.*, 675 F.3d 394, 404 (4th Cir. 2012); *Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 462 Fed. Appx. 266, 276 (4th Cir. 2012). Here, Plaintiff States of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Texas, Washington, and Wisconsin seek civil penalties; Plaintiff States Illinois and Nebraska seek monetary damages; and Plaintiff State of Washington seeks damages for its state agencies. Dkt. 89, § IX.21. These legal claims entitle Corteva to a jury trial under the Seventh Amendment. The existence of separate equitable claims from the FTC and State Plaintiffs presents no barrier to Corteva's constitutional right.

Civil Action No. 23-md-3062-TDS-JEP have requested a jury trial in a case involving the very same operative facts as here. *See* MDL Dkt. 78.

Second, Plaintiffs do not allege—and cannot allege credibly—any prejudice from the grant of a jury trial. Plaintiffs' weightiest accusation is that Corteva's jury demand was filed a mere 21 days after Plaintiffs believe it was due. Mot. at 2 ("[The demand] was filed 35 days after Corteva filed its Answer to Plaintiffs' Complaint."). Considering that a trial date has not yet been set and will likely occur over two years from now pursuant to Plaintiffs' own proposed schedule, Plaintiffs will have ample time to prepare for a jury trial. *See Dewitt*, 309 F. Supp. 2d at 755 (awarding a jury trial under Rule 39 to be held approximately seven months from the date of decision); *see also Lawrence*, 197 F. Supp. 2d at 537 ("[B]ecause the plaintiff's request for a jury trial in this case was made well before the trial date, it is difficult for the defendants to argue that they are prejudiced by such a request.").

Third, Corteva's Rule 39 request comes at the very start of trial-related proceedings—even before the initial pretrial conference and start of discovery. No initial scheduling order has yet been entered. No discovery has commenced nor have documents been produced. No depositions have taken place or even been scheduled. No expert reports have been furnished. Accordingly, the parties and Court can plan and prepare for a jury trial throughout discovery and the remaining pretrial stages.

Finally, the ample lead time before trial, combined with the routine nature of trying antitrust cases before juries in this Circuit, suggest that any effect on the Court's docket and the orderly administration of justice would be minimal. *Dewitt*, 309 F. Supp. 2d at 755

7

(opining a patent infringement jury trial is "not . . . substantially more burdensome than a bench trial").

## CONCLUSION

For the foregoing reasons, Corteva respectfully requests that the Court deny Plaintiffs' motion to strike Corteva's jury demand or, in the alternative, grant Corteva's Cross-Motion for a Jury Trial and thus preserve Corteva's right to a trial by jury for all issues so triable.

This the 17th day of April, 2024.

Respectfully submitted,

/s/ *Mark E. Anderson*
Mark E. Anderson
N.C. State Bar No. 15764
manderson@mcguirewoods.com
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone: 919.755.6600

David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Specially appearing (L.R. 83.1(d)).
*Attorneys for Defendant Corteva, Inc.*

8

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2024, I caused the foregoing **DEFENDANT CORTEVA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND IN SUPPORT OF CORTEVA'S CROSS-MOTION IN THE ALTERNATIVE FOR A JURY TRIAL UNDER FED. R. CIV. P. 39(B)** to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF System.

MCGUIREWOODS LLP

/s/ *Mark E. Anderson*
Mark E. Anderson
N.C. State Bar No. 15764
manderson@mcguirewoods.com
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone: 919.755.6600