IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FEDERAL TRADE COMMISSION, STATE
OF CALIFORNIA, STATE OF
COLORADO, STATE OF ILLINOIS,
STATE OF INDIANA, STATE OF IOWA,
STATE OF MINNESOTA, STATE OF
NEBRASKA, STATE OF OREGON,
STATE OF TENNESSEE, STATE OF
TEXAS, STATE OF WASHINGTON, and
STATE OF WISCONSIN,
        Plaintiffs,
   v.
SYNGENTA CROP PROTECTION AG,
SYNGENTA CORPORATION,
SYNGENTA CROP PROTECTION, LLC,
and CORTEVA, INC.,
        Defendants.

Case No. 1:22-cv-00828

## SCHEDULING ORDER

Following an Initial Pretrial Conference held on April 18, 2024, the Court orders as follows:

    1.    **Discovery Plan**.

          a.    <u>Case Management Track</u>. The case management track (as modified below) is that designated in LR 26.1(a) as Exceptional, with further extended discovery limitations in certain instances as reflected below and in the attached case schedule (found at Attachment A).

i. <u>Depositions.</u>

A. Plaintiffs may take up to 30 depositions of third-party witnesses, not including former employees of Defendants Corteva, Inc. ("Corteva"), Syngenta Crop Protection AG, Syngenta Corp., or Syngenta Crop Protection, LLC (together, "Syngenta").

B. Defendants may take up to 30 depositions of third-party witnesses.

C. Plaintiffs may take up to 15 depositions of Syngenta and up to 15 depositions of Corteva.

D. The Parties may further depose witnesses whose testimony was taken in investigational hearings during the FTC's pre-complaint investigation, with any such depositions to count against the number of depositions described above.

E. Depositions of the Parties' designated expert witnesses do not count against the above deposition limits.

ii. <u>Interrogatories.</u> Syngenta and Corteva may each serve up to 30 interrogatories, including discrete subparts, to the Plaintiffs collectively. Correspondingly, Plaintiffs collectively may serve up to 30 interrogatories, including discrete subparts, to each of Syngenta and Corteva.

        iii.        <u>Requests for Admission.</u> Syngenta and Corteva may each serve up to 30 requests for admission to the Plaintiffs collectively. Correspondingly, Plaintiffs collectively may serve up to 30 requests for admission to each of Syngenta and Corteva.

        iv.        <u>Schedule.</u> The Court orders the schedule set out in Attachment A.

        v.        <u>Rule 26 Disclosures</u>. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) (as modified herein) shall be due during the discovery period as set forth in Attachment A. Supplementations shall be as provided in Rule 26(e) or as otherwise ordered by the Court.

2.    **Mediation**. The Parties shall engage in mediation to be concluded by October 2, 2025. If the Parties are unable to agree on a mediator, the Court will appoint one.

3.    **Preliminary Deposition Schedule**. The Parties shall meet and confer regarding a schedule for depositions to be conducted during the discovery period. No individual shall be required to be deposed more than once.

4.    **Other Items**

    a.    <u>Protective Order</u>. The Parties shall submit a proposed Protective Order on or before April 30, 2024.

b. <u>Stipulations</u>. The Parties shall submit a proposed Stipulated Order regarding the Discovery of Electronically Stored Information on or before April 30, 2024. The Parties may file other stipulated orders relating to remote depositions and expert discovery as needed.

c. <u>Deadline for Amendment of Pleadings</u>. Pursuant to Fed. R. Civ. P. 15, the Parties may request leave to amend pleadings or add additional parties until July 19, 2024. Nothing in this Scheduling Order shall preclude the Parties from seeking leave of court to amend pleadings after that date pursuant to Fed. R. Civ. P. 15.

d. <u>Consent to Magistrate and Appointment of Special Master</u>. The Parties have not agreed to refer either Action to magistrate judge civil trial jurisdiction under 28 U.S.C. § 636(c).

e. <u>Confidential and sealed documents</u>. The Court accepts and orders the Alternative Proposal for motions to seal proposed by the parties in their April 15, 2024 Supplemental Joint Local Rule 5.5 Report.

f. <u>Service By Email</u>. Service of any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by email to all attorneys for the receiving party then appearing on the ECF docket, at the email addresses listed thereon. In the event the volume of served materials is too large for email, the serving party may accomplish service using electronic data transfer by file transfer protocol or a similar technology. For purposes of calculating response times under the

Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

   g. <u>Document Subpoenas to Non-Parties.</u> Any Party that serves a Rule 45 subpoena shall request that the recipient of the subpoena produce materials responsive to the subpoena to all Parties. In the event that the non-party does not produce responsive material to all Parties, the party that served a Rule 45 subpoena shall produce a copy of all materials that the non-party produces in response to that Rule 45 subpoena to all other Parties within five (5) business days after receipt of the materials from the non-party.

   h. <u>Privilege Logs</u>. Privilege logs shall be produced in accordance with the schedule at Attachment A.

  IT IS THEREFORE ORDERED that with respect to the Parties' Reports [Doc. #181, #182, #183], and Consent Motion [Doc. #191], the Consent Motion is GRANTED, the Local Rule 5.5 Report is adopted, and the Court adopts the Scheduling Order as set out herein and in Attachment A. Given the exceptionally long discovery period, the Court does not anticipate extensions of these dates and the Parties should plan accordingly.

  IT IS FURTHER ORDERED that this case is set for a discovery status conference on Thursday, October 24, 2024 at 9:30 a.m. to ensure that discovery remains on track.

  This, the 25th day of April, 2025.

                /s/ Joi Elizabeth Peake
                United States Magistrate Judge

# ATTACHMENT A
## Case Schedule

| Event | Date |
|---|---|
| Discovery Begins | April 18, 2024 |
| Rule 26(a)(1) Initial Disclosures | April 19, 2024 |
| Deadline for all Parties to agree, or else for parties to move, on proposed protective order and ESI protocol | April 30, 2024 |
| Deadline for Plaintiffs to produce investigative file(s) to Defendants | 14 days after entry of protective order |
| Deadline for Parties to propound Requests for Production[1] | 45 days after the Plaintiffs' production of the investigative file(s) |
| Deadline for Parties to propose custodians and search or TAR protocols | 30 days after service of Requests for Production |
| Deadline for Amendment of Pleadings | July 19, 2024 |
| Deadline for Parties to agree or to move to compel on custodians and search or TAR protocols | 60 days after service of Requests for Production |

---

[1] The Parties shall endeavor to serve comprehensive Requests for Production by this date, but this deadline shall not apply to, nor is it intended to preclude, discrete, additional requests served at a reasonable later date within the fact discovery period. The requesting Party shall articulate its good faith basis for making any such supplemental request(s) at the time of service. The Parties shall produce documents responsive to Requests for Production on a rolling basis.

This deadline shall not apply to non-party subpoenas under Fed. R. Civ. P. 45.

Case 1:22-cv-00828-TDS-JEP    Document 195    Filed 04/25/24    Page 6 of 7

| Event | Date |
|---|---|
| Deadline for all Parties to substantially complete the production of data and documents in response to all Requests for Production received by the deadline to propound Requests for Production (45 days after Plaintiffs' production of the investigative file(s)) | January 22, 2025 |
| Deadline for all Parties to provide privilege logs | February 21, 2025 |
| Deadline for all Parties to notice fact depositions | February 21, 2025 |
| Close of Fact Discovery | April 22, 2025 |
| Expert Reports on Plaintiff's Claims and on Counterclaims and Affirmative Defenses as to which Defendants Bear the Burden of Proof | June 6, 2025 |
| Plaintiffs' and Defendants' Rebuttal Expert Reports | August 5, 2025 |
| Plaintiffs' and Defendants' Reply Expert Reports | September 4, 2025 |
| Close of Expert Discovery | October 2, 2025 |
| Parties to Conclude Mediation | October 2, 2025 |
| Last day to file Summary Judgment and *Daubert* Motions | November 18, 2025 |
| Summary Judgment and *Daubert* Oppositions | January 23, 2026 |
| Summary Judgment and *Daubert* Replies | February 20, 2026 |