# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>        Plaintiffs,<br><br>   v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>        Defendants. | Case No. 1:22-cv-00828-TDS-JEP<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO CORTEVA'S CROSS-MOTION FOR JURY TRIAL**<br><br>**AND**<br><br>**PLAINTIFFS' REPLY TO CORTEVA'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CORTEVA'S DEMAND FOR TRIAL BY JURY AS UNTIMELY** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................ii

PRELIMINARY STATEMENT ........................................................................ 1

PLAINTIFFS' RESPONSE IN OPPOSITION TO CORTEVA'S CROSS-
MOTION FOR JURY TRIAL UNDER RULE 39 ............................................. 1

    I.     Granting Corteva's Motion Would Result in Two Separate Trials
         with Overlapping Claims ................................................................. 3

    II.    Plaintiffs and the Public Would Be Prejudiced if Corteva's
         Motion Were Granted ..................................................................... 5

    III.   The Court Is Well-Positioned To Decide the Issues in This Case...................... 6

    IV.   Corteva Offers No Justification for Its Failure to Issue a Timely
         Jury Demand ................................................................................ 10

PLAINTIFFS' REPLY TO CORTEVA'S OPPOSITION TO
PLAINTIFFS' MOTION TO STRIKE UNDER RULE 38............................... 12

    I.     Corteva Waived Its Right To Demand a Jury Trial ......................... 12

    II.    Corteva's Amended Answer Does Not Revive Its Right To
         Demand a Jury Trial....................................................................... 13

    III.   Corteva's Waiver Is Not Otherwise Excused .................................. 16

CONCLUSION ............................................................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Arnold v. Eastern Air Lines, Inc.*,
    681 F.2d 186 (4th Cir. 1982) ............................................................................. 5

*Brunwasser v. Suave*,
    400 F.2d 600 (4th Cir. 1968) ........................................................................... 17

*Campbell v. Boston Scientific Corp.*,
    882 F.3d 70 (4th Cir. 2018) ............................................................................... 4

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
    494 U.S. 558 (1990) .......................................................................................... 8

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
    526 U.S. 687 (1999) .......................................................................................... 8

*Clary v. Lewis*,
    5:12-CT-3204-D, 2015 WL 5684752 (E.D.N.C. Sept. 25, 2015) ............... 2, 11, 17

*CZ Servs. v. Express Scripts Holding Co.*,
    2020 WL 4368212 (N.D. Cal. July 30, 2020) ........................................................ 7

*Frankl Miller Webb & Moyers, LLP v. Crest Ultrasonics Corp.*,
    No. 7:19CV143-HEH, 2019 WL 5566546 (W.D. Va. Oct. 28, 2019) ................... 11

*FTC v. Think All Publ'g, L.L.C.*,
    564 F. Supp. 2d 663 (E.D. Tx. 2008) ................................................................. 8

*FTC v. Vyera Pharms., LLC*,
    No. 20-cv-00706 (DLC), 2021 WL 76336 (S.D.N.Y. Jan. 8, 2021) ...................... 5

*Gamboa v. Med. Coll. Of Hampton Rds.*,
    160 F.R.D. 540 (E.D. Va. 1995) .................................................................... 13, 14

*Gelardi v. Transamerica Occidental Life Ins. Co.*,
    163 F.R.D. 495 (E.D. Va. 1995) ....................................................................... 11

*General Tire & Rubber Co. v. Watkins*,
    331 F.2d 192 (4th Cir. 1964) ................................................................. 6, 12, 15, 17

Case 1:22-cv-00828-TDS-JEP   Document 203   Filed 05/08/24   Page 3 of 27

*Gibson v. Branch Banking & Trust Co.*,
　　No. 3:13-CV-311, 2013 WL 7394635 (W.D.N.C. Aug. 30, 2013)........................ 15

*Hohman v. Dunning*,
　　991 F.2d 789 (Table), 1993 WL 127955 (4th Cir. Apr. 15, 1993)......................... 16

*Kelly v. Sentara*,
　　2:11CV672, 2012 WL 4340849 (E.D. Va. Sept. 20, 2012) .................................. 11

*Macsherry v. Sparrows Point, LLC*,
　　973 F.3d 212 (4th Cir. 2020) ..................................................................... 15, 16, 17

*Malbon v. Pennsylvania Millers Mut. Ins. Co.*,
　　636 F.2d 936 (4th Cir. 1980) ............................................................................... 6

*Moyler v. Fannin*,
　　No. 7:20-CV-00028, 2022 WL 1307094 (W.D. Va. May 2, 2022) ........... 6, 8, 9, 13

*Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*,
　　462 P.3d 461 (Cal. 2020)..................................................................................... 7

*Notestein v. Bittrex, Inc.*,
　　No. 7:20-CV-00342, 2022 WL 17253651 (W.D. Va. Nov. 28, 2022)................. 6, 9

*Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*,
　　28 F. Supp. 3d 465 (D. Md. 2014) .......................................................... 9, 10, 11

*State by Humphrey v. Alpine Air Prods., Inc.*,
　　490 N.W.2d 888 (Minn. App. 1992), .................................................................. 7

*State of Minnesota v. Meldahl & S.J.M. Props.*,
　　Court File No. 27-CV-19-16424, Order for Bench Trial (Minn. D. Ct. Apr.
　　22, 2021)............................................................................................................. 7

*Tull v. United States*,
　　481 U.S. 412 (1987) .......................................................................................... 7, 8

*United States ex rel. Automation System Integrators, Inc. v. BCE, Inc.*,
　　No. 1:12-CV-250, 2013 WL 6628130 (W.D.N.C. Dec. 16, 2013) ................. 14, 15

*United States v. Dentsply Int'l, Inc.*,
　　190 F.R.D. 140 (D. Del. 1999) ............................................................................ 5

iii

*Walton v. Eaton Corp.*,
 563 F.2d 66 (3d Cir. 1977) ...................................................................................... 13

**Other Authorities**

8 Moore's Federal Practice - Civil § 38.50[8](d) (2024) ........................................... 13, 14

**Rules**

Fed. R. Civ. P. 38 ........................................................................................ *passim*

Fed. R. Civ. P. 39 ........................................................................................ *passim*

## PRELIMINARY STATEMENT

The Federal Rules of Civil Procedure provide two ways for a party to request a jury trial. Rule 38 permits a party to demand a jury for "any issue triable of right by a jury" within 14 days of the last pleading in the case. When the parties fail to properly demand a jury under Rule 38, Rule 39(b) provides that the relevant issues "are to be tried by the court," but allows a party to move the court to order a jury trial "on any issue for which a jury might have been demanded." Corteva's attempts to request a jury trial do not meet the requirements of either of these Rules. The Court should grant Plaintiffs' Motion to Strike and deny Corteva's alternative Cross-Motion for Jury Trial.[1]

## PLAINTIFFS' RESPONSE IN OPPOSITION TO CORTEVA'S CROSS-MOTION FOR JURY TRIAL UNDER RULE 39

As described more fully in the second part of this filing, Corteva unambiguously waived its jury trial right under Rule 38 by failing to demand a jury trial within the prescribed time. Recognizing the weakness of its arguments under Rule 38, Corteva has moved the Court to exercise its discretion and order a jury trial under Rule 39(b). Def. Corteva, Inc.'s Mem. in Opp'n to Plaintiffs' Mot. To Strike and in Supp. of Corteva's Cross-Mot. in the Alternative for a Jury Trial Under Fed. R. Civ. P. 39(b), Doc. 190 [hereinafter "Opp."] at 5. These arguments are unpersuasive. As law enforcement

---

[1] Corteva opposed Plaintiffs' Motion to Strike and cross-moved for a jury trial under Rule 39 in the same filing. Def. Corteva, Inc.'s Mem. in Opp'n to Plaintiffs' Mot. To Strike and in Supp. of Corteva's Cross-Mot. in the Alternative for a Jury Trial Under Fed. R. Civ. P. 39(b), Doc. 190. Therefore, for the convenience of the Court, Plaintiffs also include their responses to Corteva's brief in this combined brief.

1

agencies, Plaintiffs firmly believe that juries play an indispensable role in our system of justice and are well equipped to decide civil antitrust cases. But on balance, the case-specific factors that Corteva cites actually weigh *against* granting its motion. Most significantly: (1) Syngenta has opted *not* to request a jury trial, and thus the split proceedings necessitated by granting Corteva's motion would interrupt the orderly administration of justice, creating burden and inefficiency for the Court, the Plaintiffs, and third parties; (2) the additional burdens and delay of multiple proceedings would prejudice Plaintiffs and the public interest by delaying justice for farmers and other market participants who are harmed by Defendants' anticompetitive practices; and (3) although juries are well equipped to hear cases involving antitrust claims, *this* case will be dominated by equitable issues that cannot as a matter of law be tried to a jury.

Finally, Corteva omits mention of another factor that courts in the Fourth Circuit consider when analyzing Rule 39 jury trial motions, and which weighs strongly against granting its motion: the justification for the moving party's delay in requesting a jury. *See, e.g.*, *Clary v. Lewis*, 5:12-CT-3204-D, 2015 WL 5684752, at *2 (E.D.N.C. Sept. 25, 2015) (considering "the justifiability" of the moving party's delay). A lack of justification for the delay, as here, or even an inadvertent delay by a party moving for a jury trial, weighs against granting such a motion. *See, e.g.*, *id*. Corteva offers no explanation for why it did not request a jury trial over the 17-month period between the Complaint and the Rule 38 deadline.

2

Had Corteva made a timely jury demand, a jury doubtless would have fully tried the relevant issues. But Corteva has waived its right to a jury trial, and the circumstances do not warrant the Court exercising its discretion to grant Corteva's motion.

## I. GRANTING CORTEVA'S MOTION WOULD RESULT IN TWO SEPARATE TRIALS WITH OVERLAPPING CLAIMS

First, although Corteva has moved for a jury trial, co-defendant Syngenta has opted *not* to seek a jury trial—and so the case against Syngenta will proceed as a bench trial by default. Introducing a jury to decide only some of the claims against one of the Defendants will thus require two separate trials and eliminate any efficiency that could be gained by trying the overlapping and substantially similar claims against Syngenta and Corteva in a single trial. Requiring two trials will delay relief for the millions of American farmers and other market participants who have been harmed by these unlawful programs, and will unnecessarily burden the Court, the parties, and third-party witnesses.

This action is filed as a single case challenging Syngenta's and Corteva's exclusionary loyalty programs and supply agreements precisely because the two Defendants utilize similar unlawful programs and have contracts with each other that harm competition. The cases against the two Defendants will require many of the same witnesses, including pesticide distributors, generic manufacturers, other third parties, and experts. A single trial (whether bench or jury) would conserve judicial resources and prevent the burden and duplication of hearing from the same witnesses on the same issues

3

multiple times, and minimize the risk of inconsistent outcomes.[2] Granting Corteva a jury trial, on the other hand, would require separate trials for Corteva and Syngenta (which has not chosen to seek a jury trial). This fragmented process would disrupt the orderly administration of justice for the multiple law enforcement agencies that are seeking recourse against these two Defendants and create substantial burdens for the Court, its personnel, and third-party witnesses.

Courts routinely find these types of concerns persuasive in the context of severance and consolidation motions when considering how to reduce burden and inefficiency and allow for speedy and orderly trials. In *Campbell v. Boston Scientific Corp.*, the district court consolidated multiple cases for trial after "identif[ying] the many common questions of law and fact across the trials" in addition to "shared expert witnesses and . . . much of the same evidence[.]" 882 F.3d 70, 74 (4th Cir. 2018). The Fourth Circuit affirmed, recognizing that "[b]oth plaintiffs and defendants benefit from lessened litigation costs and the reduced need for expert testimony" and that "[w]itnesses benefit from reduced demands on their time by limiting the need for them to provide repetitive testimony[.]" *Id.* at 76. Similarly, in *Arnold v. Eastern Air Lines, Inc.*, the Fourth Circuit affirmed the denial of a motion to sever because of "the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time

---

[2] Syngenta and Corteva indicated in their Rule 26(f) report that they intend to move for separate trials. Defendants' Rule 26(f) Report, Doc. 181 at 14. For these same reasons, Plaintiffs would oppose any such motion(s).

4

required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." 681 F.2d 186, 193 (4th Cir. 1982). Likewise here, the burdens, inefficiencies, and delay caused by proceeding with two trials strongly weigh against granting Corteva's request for a jury trial.

## II. PLAINTIFFS AND THE PUBLIC WOULD BE PREJUDICED IF CORTEVA'S MOTION WERE GRANTED

Corteva claims that Plaintiffs would suffer no prejudice from allowing a jury trial here because Corteva made this demand "early in the case," (Opp. at 1), but that is wrong. Plaintiffs would suffer prejudice if Corteva's motion is granted, including, as just noted, from the additional burden and resources required to resolve its claims through multiple trials and proceedings. Further, multiple proceedings would almost certainly delay resolution of Plaintiffs' claims, which would allow Defendants' anticompetitive conduct to continue even further into the future. The delay caused by granting Corteva's request would therefore harm farmers, generic manufacturers, and the public at large and runs counter to the strong public policy in favor of speedy resolution of government antitrust enforcement actions. *See United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) ("[C]lear public policy" favors the "prompt resolution of Government antitrust claims to provide expeditious relief to the public[.]"); *FTC v. Vyera Pharms., LLC*, No. 20-cv-00706 (DLC), 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021) ("The

parties and the public have a significant interest in resolving the issues raised by the [government] plaintiffs' claims with due expedition.").[3]

## III. THE COURT IS WELL-POSITIONED TO DECIDE THE ISSUES IN THIS CASE

When determining whether to grant a discretionary motion for a jury trial, courts consider whether the claims are "factual versus legal, legal versus equitable, [and] simple versus complex." *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 n.11 (4th Cir. 1980); *see also General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 197–98 (4th Cir. 1964) (upholding lower court denial of motion for jury trial under Rule 39). Here, the Court is well-positioned to resolve Plaintiffs' claims against Corteva because the claims that seek equitable relief will predominate in these proceedings, and the Court is already familiar with the factual and legal issues in this complex case.

First, the prevalence of the Plaintiffs' equitable claims weighs in favor of a bench trial. All Plaintiffs seek nationwide relief to enjoin Corteva's anticompetitive conduct for all of its crop protection products, to prevent a recurrence of this unlawful conduct, and to restore competition. *Cf.* Am. Compl., Doc. 81 ¶ 159 (alleging nationwide antitrust

---

[3] Further, Corteva was on notice for over 17 months before it failed to timely request a jury trial. *See Moyler v. Fannin*, No. 7:20-CV-00028, 2022 WL 1307094, at *1 (W.D. Va. May 2, 2022) (denying motion for jury trial even though "Defendants do not contend that they would be prejudiced by the conduct of a jury trial or that a jury trial would adversely affect the court's docket" but jury request was "made months after the original complaint was docketed in this action"). Although discovery has only recently begun, this one fact does not dictate that Corteva's motion be granted. *See Notestein*, 2022 WL 17253651, at *2 (denying motion for a jury trial under Fed. R. Civ. P. 39(b), despite the case being pre-discovery, based in part on the fact that the plaintiff waited 22 months after their original complaint was filed to request a jury trial).

6

markets); Section IX. Prayer for Relief (requesting that "each Defendant is permanently enjoined from engaging in similar and related conduct in the future as to all crop-protection products and active ingredients."). Even if all of Plaintiffs' civil penalty claims were triable to a jury,[4] the only claims that would be uniquely legal would be the civil penalty claims from eleven states and damages claims from two states. Am. Compl., Doc.

---

[4] It is not settled law that all of the civil penalty claims in this case give rise to a jury trial right. *See Tull v. United States*, 481 U.S. 412, 422–23 (1987) (holding that only civil penalties not "calculated solely on the basis of equitable determinations, such as the profits gained from violations of the statute," are considered a legal remedy such that seeking such penalties creates a right to a jury trial in federal court); *see also, e.g.*, *Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*, 462 P.3d 461, 464 (Cal. 2020) (finding "it is clear that the Legislature intended that a cause of action under the UCL — including an action brought by the government that seeks both injunctive relief and civil penalties — is to be tried by the court rather than by a jury"); *CZ Servs. v. Express Scripts Holding Co.*, 2020 WL 4368212, at *8 (N.D. Cal. July 30, 2020) (clarifying federal courts follow *Nationwide Biweekly* and confirming "UCL claims are equitable in nature and tried to the Court, not a jury"); *State of Minnesota v. Meldahl & S.J.M. Props.*, Court File No. 27-CV-19-16424, Order for Bench Trial, Slip. Op. at 2–3, ¶¶ 6–12 (Minn. D. Ct. Apr. 22, 2021) (rejecting the argument that the analysis in *Tull* is persuasive that there is a right to a jury trial in Minnesota state court seeking civil penalties pursuant to Minnesota Statutes section 8.31) (Maltas Decl. Ex. A); *State by Humphrey v. Alpine Air Prods., Inc.*, 490 N.W.2d 888, 896-97 (Minn. App. 1992), *aff'd*, 500 N.W.2d 788 (Minn. 1993) (setting forth the factors the court must evaluate to determine the amount of a civil penalty for antitrust violations under Minnesota Statutes section 8.31, which are equitable determinations).

7

81, Section IX. Prayer for Relief.[5] Indeed, all of the FTC's claims, as well as all State Plaintiffs' claims seeking equitable relief, such as injunctive relief and disgorgement, are not triable by a jury. *See FTC v. Think All Publ'g, L.L.C.*, 564 F. Supp. 2d 663, 665 (E.D. Tx. 2008) ("Cases have unanimously held that the Seventh Amendment does not provide a right to a trial by jury in actions brought [by the FTC] under Section 13(b)."); *see also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) (claims for equitable relief, including injunctive relief, do not give rise to a Seventh Amendment right to a jury trial); Opp. at 6, n.2 ("Courts have found no constitutional right to a jury trial for cases tried in equity.").

The predominance and importance of Plaintiffs' equitable claims weigh in favor of resolution by the Court. *See Moyler v. Fannin,* No. 7:20-CV-00028, 2022 WL 1307094, at *1 (W.D. Va. May 2, 2022) (denying motion for jury trial in part because the relief sought in the case "includes equitable . . . relief, which can only be issued by the court"); *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 474 (D. Md.

---

[5] In contrast to the civil penalty claims, it *is* black letter law that the States' claims for monetary relief via disgorgement of defendants' profits are equitable remedies that *do not* give rise to a jury trial right. *See, e.g.*, *Tull*, 421 U.S. at 424 (explaining that, to determine whether a civil action involves legal as opposed to equitable rights, such that there is a right to a jury trial, courts must examine the nature of the issues involved and whether the remedy sought is legal or equitable and that "an action for disgorgement of improper profits" is "traditionally considered an equitable remedy"); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990) (stating that the Supreme Court "ha[s] characterized damages as equitable where they are restitutionary, such as in 'action[s] for disgorgement of improper profits.'" (quoting *Tull*, 421 U.S. at 424)).

8

2014), *aff'd*, 885 F.3d 271 (4th Cir. 2018) (denying motion for jury trial in part because "Plaintiff is seeking equitable relief, which counsels against a jury trial").

Second, because of the predominance of the legal and equitable issues in this case, the Court will necessarily be immersed in the facts of the case in resolving those issues and is, accordingly, well-position to decide all of the issues. And as the Court well knows from the significant time it has already invested in considering and denying Defendants' motions to dismiss, Plaintiffs' claims against Corteva will require resolution of significant, case-specific legal questions, including the differing legal standards and proof requirements under four distinct federal statutes and the laws of twelve states. Memo. Op. and Order, Doc. 160, at 16, 67 n.10, 81–88. The Court has already evaluated many of the complex facts of this case, and will continue to learn about these facts through any subsequent summary judgement and *Daubert* briefing. The Court has also already analyzed the varying state and federal statutes in its motion to dismiss decisions. *See, e.g.*, Memo. Op. and Order, Doc. 160, at 59 ("Section 1 and 2 of the Sherman Act and Section 3 of the Clayton Act require different degrees of substantiality."), 60 ("As between Sections 1 and 2 of the Sherman Act, Section 2 may require less foreclosure to be substantial than Section 1."). These case-specific issues weigh in favor of a bench trial in this case. S*ee, e.g.*, *Notestein v. Bittrex, Inc*., No. 7:20-CV-00342, 2022 WL 17253651, at *2 (W.D. Va. Nov. 28, 2022); *Moyler,* 2022 WL 1307094, at *1.

Finally, Corteva argues that because juries have decided other antitrust cases in the Fourth Circuit, they should do so here. Opp. at 6. Again, Corteva clouds the issue. The

9

question is not whether a jury can decide antitrust claims when timely jury demands are made—they can, they have, and they undoubtedly will in the future. Moreover, as law enforcers, Plaintiffs are fully supportive of juries and their important role in our democratic system of justice. But here, the question—now that Corteva has waived its right to demand a jury trial—is whether the Court is well suited to decide *this* case. *See Sky Angel*, 28 F. Supp. 3d at 475 n.4 (denying motion for jury trial). For several reasons, including the predominance of Plaintiffs' equitable claims and the implications of this predominance for the Court's familiarity with the facts and legal questions presented, it is.

## IV.    CORTEVA OFFERS NO JUSTIFICATION FOR ITS FAILURE TO ISSUE A TIMELY JURY DEMAND

Finally, the Court should deny Corteva's motion under Rule 39 because Corteva did not provide any justification for its delay in demanding a jury trial.

Courts in the Fourth Circuit have repeatedly denied requests for jury trials under Rule 39 when the requesting party fails to justify delay in demanding a jury trial under Rule 38. In *Frankl Miller Webb & Moyers, LLP v. Crest Ultrasonics Corp.*, for example, the court denied a jury trial motion when the defendant failed to demand a jury within the allowed timeframe. No. 7:19CV143-HEH, 2019 WL 5566546, at *1 (W.D. Va. Oct. 28,

2019).[6] In denying the motion, the court observed that "[c]onspicuously absent from Defendant's Motion is any justification for its delay" and that a failure to justify a delay in demanding a jury trial has "repeatedly been found undeserving of relief." *Id*. at *2; *see also Kelly v. Sentara*, 2:11CV672, 2012 WL 4340849, at *3 (E.D. Va. Sept. 20, 2012) (denying motion for jury trial in part due to "the complete absence of any justification for the plaintiff's delay in requesting jury trial"). To the extent that Corteva simply failed to realize, over the 17-month period between the Complaint and the Rule 38 deadline, that it could demand a jury trial, or changed its mind after the deadline lapsed, that is not a sufficient justification under Rule 39. *See Clary*, 2015 WL 5684752, at *2 (denying motion for a jury trial and holding that inadvertence is "not a sufficient basis to grant relief from an untimely jury demand") (citations omitted); *Sky Angel*, 28 F. Supp. 3d 465 at 477 (denying motion for jury trial and holding that inadvertent delay in demanding jury trial "points against" granting motion); *Gelardi v. Transamerica Occidental Life Ins. Co*., 163 F.R.D. 495, 496 (E.D. Va. 1995) (denying motion for jury trial and holding that "inadvertence" or "change of mind" is insufficient grounds to justify relief). Corteva is well-resourced with highly sophisticated counsel, further belying any suggestion that this delay is excusable.

---

[6] The parties in *Frankl Miller* disagreed as to when the defendant's answer was deemed filed (making defendant's jury demand either a few days or few months late), but the court held that the demand was late regarding because it was filed "beyond the fourteen-day deadline for a timely jury demand of either filing date." 2019 WL 5566546, at *1.

As in these cases, Corteva did not offer any justification for its untimely jury demand. This factor weighs strongly against granting Corteva's motion.

## PLAINTIFFS' REPLY TO CORTEVA'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE UNDER RULE 38

Federal Rule of Civil Procedure 38(b) prescribes a strict deadline for filing a jury demand, and Corteva missed it. Corteva filed its demand weeks after the deadline passed, even though it had over 17 months to decide whether it wanted a jury. Corteva thus waived its Seventh Amendment right to a trial by jury.

Corteva argues that its Amended Answer resets its Rule 38(b) deadline to demand a jury trial, but it does not. In the Fourth Circuit, a reset occurs only when the amendment raises new issues of fact, and then *only* as to those new issues. Corteva does not even try to argue that its Amended Answer raised new factual issues. Thus, Corteva's argument fails.

## I. CORTEVA WAIVED ITS RIGHT TO DEMAND A JURY TRIAL

Corteva admits that it first demanded a jury trial 35 days after it filed its original answer. Opp. at 2–3 (Corteva's original answer was filed February 9, 2024, Doc. 166, and its demand for a jury trial was filed on March 15, 2024, Doc. 176). That admission is dispositive: Corteva missed the 14-day deadline and waived its Seventh Amendment right to demand a jury trial. *See* Fed. R. Civ. P. 38(b) (requiring that a jury trial be demanded "no later than 14 days after the last pleading directed to the issue is served"); *see also Gen. Tire & Rubber*, 331 F.2d at 195 ("The right to jury trial is not automatic. If

12

not timely demanded, the right is waived."); Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed.").

## II. CORTEVA'S AMENDED ANSWER DOES NOT REVIVE ITS RIGHT TO DEMAND A JURY TRIAL

Corteva insists that it did not waive its right to demand a jury trial because its demand was served within 14 days of submitting its Amended Answer. Opp. at 2. That is wrong. As explained in Plaintiffs' opening brief, court after court in the Fourth Circuit and across the country has held that an amended pleading (including an amended answer) does not reset the Rule 38(b) deadline unless that amended pleading introduces substantive, new factual issues to the case. *See* Pls' Mem. of Law in Supp. of Their Mot. To Strike as Untimely Def. Corteva's Demand for Trial by Jury, Doc. 180 [hereinafter "Mot."] at 3–4 (citing cases); *see also Moyler*, 2022 WL 1307094, at *1 (striking untimely jury demand filed with amended pleading because new pleading did not introduce new issues to the case); *Gamboa v. Med. Coll. Of Hampton Rds*., 160 F.R.D. 540, 542 (E.D. Va. 1995) (striking jury demand and holding that "'[i]t is well established that if the original pleadings in an action effectively waive trial by jury under FED. R. CIV. P. 38(b) and (d), the right to trial by jury of all matters contained in those pleadings cannot be revived by amending the original pleadings'") (quoting *Walton v. Eaton Corp*., 563 F.2d 66, 71 (3d Cir. 1977)); 8 Moore's Federal Practice - Civil § 38.50[8](d) (2024) ("[A]n amended answer that asserts new defense theories based on the same facts does not reestablish the defendant's right to demand a jury trial.").

13

Corteva appears to concede that its Amended Answer does not introduce new, significant factual issues into the litigation by offering no argument to the contrary. The sole new affirmative defense in the Amended Answer turns on uncontested facts about the dates that Corteva's own loyalty programs were put in place—facts that Corteva surely knew when it filed its initial answer and that were placed in issue by Plaintiffs' original complaint. *See* Mot. at 4.[7] Corteva's Amended Answer thus cannot revive its waived right to a jury.

Corteva further does not cite any case that actually supports its argument, and it fails to distinguish the clear case law that bars its jury trial demand. For example, Corteva wrongly claims that *United States ex rel. Automation System Integrators, Inc. v. BCE, Inc.*, No. 1:12-CV-250, 2013 WL 6628130 (W.D.N.C. Dec. 16, 2013), does not apply here because that decision turned on the existence of a stipulation by the parties for a bench trial. Opp. at 3. That is not the court's holding; the court separately analyzed whether the plaintiff waived its jury trial right under Rule 38(b) after "putting aside" the potential jury trial waiver by stipulation. 2013 WL 6628130, at *3. The court struck the plaintiff's jury demand because that demand was untimely and held that an amended

---

[7] Even if Corteva's Amended Answer had raised new, substantial factual issues, it would only be entitled to a renewed jury demand right as to those new issues. 8 Moore's Federal Practice - Civil § 38.50[8][d] (2024) ("Assertion of the right to jury trial with regard to new issues raised in an amended pleading does not affect the waiver with respect to the issues raised in the original pleading."); *see also Gamboa*, 160 F.R.D. at 542 ("Jury trial may be demanded for any 'new issues' raised by the amended pleadings 'but the amendment does not revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings.'").

14

answer did not revive the parties' rights to demand a jury trial because the answer "merely clarified issues that were already before the Court and did not present any significant alteration or modification to what needed to be decided at trial." *Id*.[8]

Corteva cites *Gibson v. Branch Banking & Trust Co*. for the proposition that the "last pleading" under Rule 38 is the "latest filed, operative pleading." Opp. at 2 (citing *Gibson*, No. 3:13-CV-311, 2013 WL 7394635 (W.D.N.C. Aug. 30, 2013), *R. & R. adopted*, 2014 WL 695306 (W.D.N.C. Feb. 24, 2014)). But *Gibson* nowhere addresses the definition of "last pleading" under Rule 38 and does not analyze whether a jury demand was timely. The sole holding of the opinion is a denial of a motion to dismiss an original complaint as moot due to the stipulated filing of an amended complaint. *Gibson*, 2013 WL 7394635, at *1–2. Indeed, Corteva's argument that amended pleadings always reset the jury demand deadline would render meaningless the timing prescribed by Rule 38, as every minor amendment to any pleading—even late in the case—would reset a parties' constitutional right to demand a jury trial on every jury-triable issue in the case.

---

[8] Corteva's attempts (Opp. at 3) to distinguish *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192 (4th Cir. 1964) and *Macsherry v. Sparrows Point, LLC*, 973 F.3d 212 (4th Cir. 2020), are equally unpersuasive. In *General Tire*, the Fourth Circuit found that because a notice filed in the case did not constitute the "last pleading" addressing patent and validity claims under Rule 38, a jury demand was untimely (as here) and should be stricken. 331 F.2d at 195–97. In *Macsherry*, the Fourth Circuit similarly held that because a party failed to properly demand a jury trial within the timeframe established by Rule 38 (as here), it waived a jury trial as of right. 973 F.3d at 227–28.

15

## III. CORTEVA'S WAIVER IS NOT OTHERWISE EXCUSED

Corteva also suggests that it should be excused from any failure to comply with the timing requirements of Rule 38 because "technical compliance" with the Rule is not required. Opp. at 4. But the Fourth Circuit does not view tardiness as a mere "technical" noncompliance, and the cases that Corteva cites do not support its argument. In *Hohman v. Dunning*, the court excused technical deficiencies in the *form* of the jury demand (failure to include a certificate of service), not its timing, and critically explained that the "defendants were *timely* served with the jury demand[.]" 991 F.2d 789 (Table), 1993 WL 127955, at *2 (4th Cir. Apr. 15, 1993) (emphasis added).[9]

Corteva's other cases also hurt its cause. In each, the court struck an untimely demand for jury trial under Rule 38. In *Macsherry v. Sparrows Point, LLC*, the Fourth Circuit overruled the district court's decision to grant a jury trial as of right under Rule 38, finding that no party made a timely jury demand, and distinguishing cases (like *Hohman*) where courts accepted timely jury demands even though the form of the demand was slightly deficient (for instance, not served with a certificate of a service or

---

[9] In finding that the technical form of the plaintiff's jury demands were sufficient, the *Hohman* court also emphasized the plaintiff's *pro se* status. *Id*. As noted, Corteva is represented by sophisticated national and local counsel.

16

not made in the "preferred style"). 973 F.3d 212, 227 (4th Cir. 2020).[10] In *Brunwasser v. Suave*, the Fourth Circuit held that a party's right to demand a jury trial was waived when that party did not file a demand until 90 days after the opposing party's opening filing, when under the Federal Rules of Civil Procedure the opening filing did not require a written "pleading" in response. 400 F.2d 600, 602 (4th Cir. 1968). While there was some question as to whether the opening filing or a later "notice" in response was the "last pleading," the court ultimately concluded that the jury demand was untimely and accordingly struck the demand. *Id*. at 602–03; *see also Clary*, 2015 WL 5684752, at *2 (denying a *pro se* plaintiff's Rule 38(b) demand for a jury trial because neither party made a jury demand within the prescribed time limits).

Where there are jury-triable claims, a party has a fundamental right to demand a jury trial. But that right must be timely asserted, and if it is not, it is waived. *Gen. Tire & Rubber*, 331 F.2d at 195; *see also id*. at 197–98 (holding that there can be "no doubt that the waiver provisions of Rule 38 are constitutional"); Fed. R. Civ. P. 38(d). Corteva's jury demand under Rule 38 was untimely and should be stricken.[11]

---

[10] The Fourth Circuit upheld the district court's decision to grant a jury trial under Rule 39, noting the discretion afforded to trial courts in resolving such motions and stating that "the court would have also been within its discretion to deny Macsherry's belated request for a jury trial." *Id*. at 230. Contrary to the circumstance here, the court emphasized the lack of any prejudice to the non-moving party and lack of disruption to the court's docket. *Id*.

[11] Corteva argues that Plaintiffs do not assert that granting Corteva's late jury demand would result in delay, inconvenience, or burden. It would. But because these factors are more properly considered in the context of Corteva's cross-motion under Rule 39, these arguments are addressed in Plaintiffs' Response to that motion above.

17

## CONCLUSION

Corteva had been on notice of Plaintiffs' claims for over 17 months before its right to demand a jury lapsed. When Corteva allowed this deadline to pass, it waived its right to a jury trial. Nothing in Corteva's cross-motion suggests that the Court should reverse Rule 39's default rule that issues on which a jury trial is not properly demanded are to be tried by the Court, particularly given Corteva's lack of any justification for its delay. For the foregoing reasons, Plaintiffs respectfully request that the Court strike Corteva's Rule 38 jury demand and deny Corteva's Rule 39 cross-motion for trial by jury.

Dated:  May 8, 2024                 Respectfully submitted,

                                      /s/ Allyson M. Maltas
                                      ALLYSON M. MALTAS
                                      Senior Trial Counsel
                                      Federal Trade Commission
                                      Bureau of Competition
                                      600 Pennsylvania Avenue, NW
                                      Washington, DC 20580
                                      Telephone: (202) 326-3646
                                      Email: amaltas@ftc.gov

                                      KARNA ADAM
                                      JOSEPH R. BAKER
                                      WESLEY G. CARSON
                                      ROBERT Y. CHEN
                                      ELIZABETH A. GILLEN
                                      PHILIP J. KEHL
                                      MICHAEL J. TURNER

                                      *Attorneys for Plaintiff Federal Trade Commission*

s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*


/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*


/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*


/s/ Conor J. May
JAN M. ZAVISLAN
Senior Counsel
CONOR J. MAY
Assistant Attorney General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Jan.Zavislan@coag.gov
        Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*


/s/ Matthew Michaloski
MATTHEW MICHALOSKI
CHRISTI FOUST
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer
Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-1479
Email: matthew.michaloski@atg.in.gov
        christi.foust@atg.in.gov
        scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

19

/s/ Colin P. Snider
COLIN P. SNIDER
Office of the Attorney General of
Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-3840
Email: Colin.Snider@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
        jason.pleggenkuhle@ag.state.mn.us
        elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
TATE BALL
Assistant Attorney General
Office of the Attorney General of
Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
        Tate.Ball@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
JAMES LLOYD
Chief, Antitrust Division
TREVOR YOUNG
Deputy Chief, Antitrust Division
WILLIAM SHIEBER
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

20

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State
of Washington*

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d). The portion comprising Plaintiffs' Response in Opposition to Corteva's Cross-Motion for Jury Trial contains fewer than 6,250 words and the portion comprising Plaintiffs' Reply to Corteva's Opposition to Plaintiffs' Motion to Strike Corteva's Demand for Trial by Jury as Untimely contains fewer than 3,125 words, as reported by word processing software.

Dated: May 8, 2024

        /s/ Allyson M. Maltas
ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

22