# Exhibit A

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION | Case No. 1:23-md-3062-TDS-JEP |

**[PROPOSED] DISCOVERY COORDINATION ORDER**

WHEREAS the Parties in the above-referenced cases desire to coordinate discovery in order to promote the efficient litigation of the actions and minimize the burden and expense of duplicative discovery across cases; and

WHEREAS the Parties agree that discovery in the above-captioned actions should

be coordinated as provided herein;

THE PARTIES THEREFORE AGREE AS FOLLOWS:

1. For purposes of this Order:

   a. "Contact Attorneys" refers to counsel designated by each Party and identified on Schedule A.

   b. "Defendants" refers collectively to Corteva, Inc. and its subsidiary Corteva Agriscience LLC ("Corteva"); and Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC ("Syngenta").

   c. "Expert Discovery" means expert reports in a Pending Case, backup materials and other information disclosed in connection with expert reports in a Pending Case, and expert testimony (including expert deposition testimony) in a Pending Case.

   d. "FTC" refers to the Federal Trade Commission.

   e. "Government Action" refers to *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, Civil Action No. 22-cv-828-TDS-JEP.

   f. "Government Plaintiffs" refers to the FTC and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin, acting by and through their respective Attorneys General.

   g. "MDL Action" refers to *In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP, including

all consolidated member cases (both current and any that may be transferred and consolidated in the future).

h. "MDL Plaintiffs" refers collectively to the plaintiffs named in any consolidated or member case in the MDL Action, including in any consolidated complaint that is filed in the MDL Action.

i. "Non-Party" refers to a person or entity not a Party to any Pending Case.

j. "Parties" refers collectively to the Government Plaintiffs, MDL Plaintiffs, and Defendants.

k. "Party" refers to any Government Plaintiff, MDL Plaintiff, or Defendant.

l. "Pending Cases" refers collectively to the Government Action and MDL Action, with each action a "Pending Case."

m. "Plaintiffs" refers to the Government Plaintiffs and the MDL Plaintiffs.

n. "Protective Orders" refers to the Protective Order in the Government Action (Doc. 202) and the Protective Order in the MDL Action (Doc. ___),[1] in each case as may be supplemented and amended from time to time.

---

[1] The Parties agree that this Coordination Order should only be entered following entry of a Protective Order in the MDL Action. To the extent not already completed, the Parties shall continue to work together in good faith to ensure the Protective Orders in each relevant action reflect and allow for the coordination of these actions.

2. Counsel for the Parties in each Pending Case shall be bound by this Order.

**COORDINATION OF WRITTEN DISCOVERY**

3. Any Party that serves or has served a written discovery request under Rule 31, 33, 34, or 36 on another Party in any of the Pending Cases shall provide a copy of the request to the Contact Attorneys in each Pending Case.

4. Any Party that responds or has responded to a written discovery request in any of the Pending Cases shall serve its response and produce any responsive materials to the Contact Attorneys in each Pending Case.

5. A Party (the "Issuing Party") that serves, after issuance of this Order, a subpoena or other request (including any request for international judicial assistance) for the production of documents or other materials on a Non-Party shall promptly (a) provide a copy of the subpoena or other request to all Contact Attorneys; (b) provide a copy of this Order and the Protective Orders in effect in each of the Pending Cases to the Non-Party; (c) notify the Non-Party that, pursuant to this Order, materials produced in response to such subpoena or other request will be produced in each Pending Case; and (d) request that the Non-Party simultaneously produce materials to the Contact Attorneys in each Pending Case. If, notwithstanding such request, the Non-Party does not produce the materials to the Contact Attorneys in each Pending Case, the issuing Party shall provide a copy of all materials produced pursuant to the subpoena or other request to the Contact Attorneys in each of the Pending Cases within five (5) calendar days after receipt of the materials from the Non-Party. If a Party has served a Non-Party subpoena or other

document request prior to the issuance of this Order, the Issuing Party will advise the Non-Party that the request and any responsive materials are to be shared across the Pending Cases and provide an opportunity of 10 (ten) calendar days to object to that production and request that the Non-Party simultaneously produce materials to the Contact Attorneys in each Pending Case. If, notwithstanding such request, the Non-Party does not produce the materials to the Contact Attorneys in each Pending case, the Issuing Party shall then provide a copy of all materials produced pursuant to the subpoena or other request to the Contact Attorneys in each of the Pending Cases within five (5) calendar days after the later of (1) expiration of such above-referenced ten (10) calendar day period, or (2) the Party's receipt of materials from the Non-Party.[2]

6. A Party that serves an expert report in one Pending Case shall simultaneously produce that expert report, including backup materials, to the Contact Attorneys in the other Pending Case. Such production shall not operate as an effective disclosure of the expert report under Federal Rule of Civil Procedure 26(a)(2) in the other Pending Case unless the production is so designated by the producing party and made prior to the deadline for such a disclosure in the other Pending Case.

## COORDINATION OF DEPOSITIONS

7. All transcripts of depositions taken in any Pending Case shall be made available to all Parties.

---

[2] Any Non-Party objection to production across the Pending Cases shall not excuse production of materials to the Issuing Party in the first instance.

8. A Party issuing a deposition notice or subpoena or seeking a request for international judicial assistance in obtaining testimony (the "Subpoenaing Party") shall, within two (2) calendar days of issuing the notice, subpoena, or request, provide notice to Contact Attorneys in each Pending Case. Other Parties shall be entitled to join the Subpoenaing Party's notice, subpoena, or request or cross-notice the deposition by notice to Contact Attorneys in each Pending Case within ten (10) calendar days of receiving notice. The other Parties also will be entitled to add topics to any 30(b)(6) or similar subpoena or notice by issuing their own Rule 30(b)(6) notice.[3]

9. The noticing Party shall use its best efforts to coordinate the scheduling of the deposition with the other Parties and with any Non-Party witness, provided, however, that no Party may unreasonably delay a deposition. For Party depositions, if the Party whose witness's deposition is sought objects to the noticed date, the objecting Party such shall provide at least one alternative deposition date within three (3) business days of receiving the notice. The Party whose deposition or whose witness's deposition is sought shall retain its right to formally object (by motion for protective order or otherwise) to the taking of a particular deposition or to the timing or scope of such deposition.

10. Counsel in any of the Pending Cases shall be entitled to attend depositions noticed in each Pending Case, so long as they are bound by the Protective Order entered

---

[3] If a Party subpoenas or cross-notices a deposition in another Pending Case the deposition shall count against that Party's deposition limits as set forth in the scheduling order applicable to that Party in such other Pending Case.

in one of the Pending Cases. Where one or more Plaintiffs have noticed a given Non-Party deposition and Defendants have not noticed the deposition, Defendants shall be entitled to one (1) hour of questioning time taken from the total allotted time of the deposition. Where one or more Defendants have noticed a given Non-Party deposition and Plaintiffs have not noticed the deposition, Plaintiffs shall be entitled to one (1) hour of questioning time taken from the total allotted time of the deposition. Non-noticing counsel may raise objections at depositions to the extent allowed under the Federal Rules of Civil Procedure. Any Party may avail itself of any objection to the form of a question made by any other Party properly in attendance at a deposition without the need to be in attendance or express its joinder in the objection.

11. The time limits on depositions established by Fed. R. Civ. P. 30(d)(2) shall apply to all depositions, except as follows:

12. In the event that a deposition of a Non-Party is noticed by multiple Parties, the Parties agree that, absent good cause, they will not oppose an extension of the time limit for that deposition to up to fourteen (14) hours.

13. For any deposition of a Defendant or a current or former Defendant employee noticed in his or her individual capacity pursuant to Fed. R. Civ. P. 30(b)(1) by both the Government Plaintiffs and the MDL Plaintiffs, the Government Plaintiffs and the MDL Plaintiffs, collectively, shall be entitled to thirteen (13) hours of questioning time, except that the parties may modify this limit by agreement or leave of the Court.

14. If the Government Plaintiffs and MDL Plaintiffs both notice the deposition

of a Defendant or a current or former Defendant employee, Government Plaintiffs and MDL Plaintiffs will use best efforts to agree on an allocation of deposition time.

15. If the deposition of a Non-Party is noticed by at least one Plaintiff and at least one Defendant, unless otherwise agreed to or ordered by the Court, the Government Plaintiffs and MDL Plaintiffs, collectively, shall be allotted fifty (50) percent of the total deposition time, and the Defendants, collectively, shall be allotted fifty (50) percent of the total deposition time.

16. Any witness appearing at a deposition noticed in the Government Action can be deposed in a second deposition by MDL Plaintiffs in the MDL Action. However, Defendants retain the right to argue that a second deposition of the same witness is duplicative. For depositions noticed by the Government Plaintiffs on or before December 6, 2024, Defendants have the burden of demonstrating that later attempt by the MDL Plaintiffs to take the deposition of the same person would be unreasonably cumulative or duplicative. For depositions noticed by the Government Plaintiffs after December 6, 2024, MDL Plaintiffs would bear the burden of demonstrating good cause to re-depose the witness.

**CROSS-PRODUCTION AND SHARING OF DISCOVERY MATERIALS**

17. The cross-production and cross-sharing of written discovery materials and deposition transcripts as set out in Paragraphs 3, 4, and 7 *supra*, shall continue regardless of whether the fact discovery or other deadlines have passed in a Pending Case.

18. For the sake of clarity, the Parties may use written discovery responses and

deposition testimony provided in the other Pending Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

## PLEADINGS AND MOTIONS

19. Any Party that serves or has served a pleading or motion on another Party in any Pending case shall serve an unredacted copy of the pleading or motion on the Contact Attorneys in each Pending Case, subject if necessary to the Protective Orders in that case.

## PROTECTION OF CONFIDENTIAL INFORMATION

20. The Protective Order in effect in each Pending Case is hereby modified to permit the disclosure and production of Protected Material (as defined therein) to each Party, and the use of such material by each Party, as if they were a Party to the Protective Order in each Pending Case.

21. The Protective Order in effect in each Pending Case shall govern the handling by the Parties to such Pending Case of protected material produced hereunder, and, unless modified by the designating party, confidentiality designations applied in one Pending Case shall apply in all Pending Cases.

**IT IS SO ORDERED.**

Dated: _____  _____
United States District Judge

# SCHEDULE A
# CONTACT ATTORNEYS[4]

*Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, **Civil Action No. 22-cv-828-TDS-JEP**

Government Plaintiffs

Allyson M. Maltas, amaltas@ftc.gov
Joseph R. Baker, jbaker1@ftc.gov
Wesley G. Carson, wcarson@ftc.gov
Elizabeth A. Gillen, egillen@ftc.gov
Michael J. Turner, mturner@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC

Patrick M. Kane, pkane@foxrothschild.com
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401

Paul S. Mishkin, paul.mishkin@davispolk.com
David B. Toscano, david.toscano@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

Defendant Corteva, Inc.

Mark E. Anderson, manderson@mcguirewoods.com
McGuire Woods LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601

David R. Marriott, dmarriott@cravath.com
Margaret T. Segall, msegall@cravath.com
Cravath, Swaine & Moore LLP

---

[4] The Parties may amend or modify this list by notifying the Contact Attorneys listed in this Schedule A.

Two Manhattan West
375 Ninth Avenue
New York, NY 10001

***In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP**

MDL Plaintiffs

Dan Brockett, danbrockett@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601

Jeremy Andersen, jeremyandersen@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Yifan (Kate) Lv, KLv@koreintillery.com
Korein Tillery P.C.
707 Broadway, Suite 1410
San Diego, CA 92101

Labeat Rrahmani, LRrahmani@koreintillery.com
Korein Tillery LLC
205 N Michigan Avenue, Suite 1950
Chicago, IL 60601

Michael Eisenkraft, meisenkraft@cohenmilstein.com
Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, New York 10005

Nina Jaffe-Geffner, njaffegeffner@cohenmilstein.com
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, 5th Floor
Washington, DC 20005

Vincent Briganti, vbriganti@lowey.com
Margaret MacLean, mmaclean@lowey.com
Lowey Dannenberg, PC
44 South Broadway, Suite 1100
White Plains, New York 10601

Lyn K. Broom, lbroom@pckb-law.com
Pinto Coates Kyre & Bowers, PLLC
3203 Brassfield Road
Greensboro, NC 27410

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC

Patrick M. Kane, pkane@foxrothschild.com
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401

Paul S. Mishkin, paul.mishkin@davispolk.com
David B. Toscano, david.toscano@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

Defendant Corteva, Inc.

Mark E. Anderson, manderson@mcguirewoods.com
McGuire Woods LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601

David R. Marriott, dmarriott@cravath.com
Margaret T. Segall, msegall@cravath.com
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001