UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>        Plaintiffs,<br><br>        v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>        Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION | Case No. 1:23-md-3062-TDS-JEP |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF PLAINTIFFS' PROPOSED COORDINATION ORDER**

Plaintiffs Federal Trade Commission and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin, acting by and through their respective Attorneys General ("Government Plaintiffs"), and the plaintiffs named in any consolidated or member case in *In re Crop*

*Protection Products Loyalty Program Antitrust Litigation*, 1:23-md-3062-TDS-JEP (the "MDL Plaintiffs") (together, "Plaintiffs") hereby move the Court to enter the attached Proposed Order regarding coordination of discovery in two related actions pending before this court, *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, Civil Action No. 22-cv-828-TDS-JEP (the "Government Action") and *In re Crop Protection Products Loyalty Program Antitrust Litigation*, 1:23-md-3062-TDS-JEP (the "MDL Action" and together with the Government Action, the "Pending Cases").

Consistent with the guidance provided by the Court at the Government Action status conference on April 18, 2024, the Parties in both actions have been instructed to "address any issues regarding the potential coordination of discovery efforts" and "submit joint or competing proposals by May 20, 2024." *See* May 2, 2024, Text Order. The Parties have met and conferred to discuss coordination, but Plaintiffs and Defendants have not reached agreement on the terms of a proposed Coordination Order and will be filing separate proposed orders. Plaintiffs' Proposed Coordination Order is attached as Exhibit A. A redline comparing Plaintiffs' Proposed Coordination Order with Defendants' Proposed Coordination Order is attached as Exhibit B.

The Court has already held that the Government Action and the MDL Action are not and should not be consolidated, and should proceed separately. *See* Transcript of MDL Action Apr. 6, 2023, Status Conference at 27:3–7 ("And there will need to be some necessary coordination action between the cases, but they are separate cases. I intend to treat them separately. So the government's case will proceed on its own schedule, at least

that's my intention."). As government enforcers of the federal and state antitrust laws, the Government Plaintiffs have repeatedly stated to the Court and to Defendants that the Government Plaintiffs do not oppose appropriate coordination of discovery between the two actions, so long as such coordination does not unreasonably impede the progress of the government enforcement action. *See* Government Plaintiffs' Rule 26(f) Report (Government Action Doc. 183) at 3–4; *see also* Non-Party Government Plaintiffs' Notice Regarding Coordination of Discovery (MDL Action Doc. 19) at 2–3. Plaintiffs' proposed Coordination Order embodies these principles, while also seeking to reduce the degree to which Defendant and Non-Party witnesses will face duplicative discovery requests from Plaintiffs.

Plaintiffs reject Defendants' position that a legitimate function of the Coordination Order is to confine or limit non-duplicative discovery or to confine or limit the use at trial of relevant evidence.

Plaintiffs and Defendants disagree on the following issues:

**Disputed Issue No. 1: Sharing of Discovery and Materials Across Actions**

The Parties' primary dispute relates to the sharing of fact discovery materials, expert reports, and unredacted filings across the two actions. Plaintiffs include provisions for such sharing, which is common in Coordination Orders and necessary for the efficient coordination of the Actions here. In contrast, Defendants' proposal injects unnecessary complexity and starkly limits the ability of Plaintiffs (but tellingly not Defendants) to access and use discovery across the two cases.

First, Plaintiffs' Joint Proposed Coordination Order provides that written discovery materials and deposition transcripts should be made available and shared among all parties to the Pending Actions. *See* Exhibit A ¶¶ 3, 4, 7. Plaintiffs' Order further expressly provides that the Parties may use written discovery responses and deposition testimony given in any Pending Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Defendants disagree.

Plaintiffs' proposal creates an efficient mechanism for the sharing of fact (non-expert) materials across the Pending Cases. It does not create any additional rights or obligations beyond those in the Federal Rules. Plaintiffs could obtain such materials through formal requests issued to Defendants (or to each other), but in this proposal seek to create a more efficient process. In contrast, Defendants' proposal seeks to actually *restrict* Plaintiffs' use of these materials even when they are entitled to seek them in discovery and use them as permitted by the Rules of Civil Procedure and Evidence. For example, Defendants propose that Government Plaintiffs may only introduce as evidence interrogatory responses submitted by the Defendants in the MDL case if the Government Plaintiffs "elect" to use an interrogatory on those responses. (Defendants' Proposed Order ¶ 6). But that is not required by the Rules. These interrogatory responses are non-hearsay statements of a party opponent and fully admissible under Federal Rule of Evidence 801(d)(2).

4

Similarly, Defendants propose that the Parties not share deposition transcripts and that Plaintiffs in one Pending Case cannot introduce deposition testimony from Defendants taken in the other Pending Case unless they have cross noticed the deposition or otherwise "elected" to use it. (Defendants' Proposed Order ¶ 14). Again, this an impermissible restriction of the Federal Rules and an unnecessary inefficiency.

Plaintiffs' proposed provisions are also necessary to ensure fairness to Plaintiffs. Defendants are parties in both Pending Cases and will necessarily have access to written discovery materials and deposition transcripts from both actions. There is no valid basis for refusing to produce these materials to Plaintiffs. Defendants cannot use a Coordination Order to stop Plaintiffs from accessing information to which they are fully entitled, and from admitting that evidence when it is fully admissible.

Second, Plaintiffs' Joint Proposed Coordination Order also includes provisions requiring the Parties in one Pending Case to share unredacted filings and expert reports (including backup materials) with the Parties in the other Pending Case. *See* Exhibit A ¶¶ 6, 19. Defendants' Proposed Coordination Order does not include such provisions. These provisions are necessary for fairness because the positions that Defendants take and the representations that Defendants make in expert reports and filings in one Pending Case are highly relevant to the other Pending Case. Government and MDL Plaintiffs are each entitled to know the evidence and arguments that Defendants present in the other Pending Case, and Defendants have no basis to seek to hide that information from Plaintiffs.

5

While Government Plaintiffs and MDL Plaintiffs could each engage in discovery battles with Defendants to procure this information, it would be more efficient for this Court simply to order this process in the Coordination Order. Nor could such sharing intrude on any reasonable confidentiality concerns, given all Parties expect there to be appropriate protective orders entered in each case.

Finally, Defendants refuse to agree that the cross production and cross sharing of written discovery materials and deposition transcripts should continue after fact discovery or other deadlines have passed in a Pending Case, which demonstrates a clear intent to game the discovery deadlines to deny Government Plaintiffs discovery to which they are entitled. Plaintiffs' proposed provision (Exhibit A ¶ 17) should be adopted in order to ensure that the Government Plaintiffs can receive all discovery to which they are entitled from the MDL Action.

**Disputed Issue No. 2: Non-Party Deposition Hours**

Plaintiffs' Joint Proposed Coordination Order provides that when one side in a Pending Case (either one of the Plaintiffs or Defendants) notices a deposition of a Non-Party and the other side chooses not to cross-notice that deposition, the Non-Noticing side will nevertheless receive 1 hour of questioning time from the total amount of questioning time (in this situation, most likely 7 hours). *See* Exhibit A ¶ 10. This is a common procedure because it is an efficient use of time for the Parties and the Non-Party deponent. Allowing the Non-Noticing Party one hour of questioning eliminates the need for each Party to cross-notice the deposition (and thus split the time equally) in order to

6

have any opportunity to question the witness. This provides more time for the original Noticing Party while providing a limited opportunity for additional questioning from the other Party.

**Disputed Issue No. 3: Hourly Deposition Limits for Party Witnesses**

Plaintiffs' Joint Proposed Coordination Order provides that where deposition of any employee of a Defendant is noticed by both the Government Plaintiffs and the MDL Plaintiffs, the Plaintiffs collectively shall be entitled to thirteen (13) hours of questioning time and will agree amongst themselves as to how to allocate the time. *See* Exhibit A ¶ 13. Defendants propose that depositions of their employee witnesses be limited to nine (9) hours.

Plaintiffs' proposal promotes efficiency and is fair to both Plaintiffs and Defendants. Absent this Coordination Order, MDL Plaintiffs and Government Plaintiffs would each be entitled to a 7-hour deposition of each Defendant witness that they chose to depose. In the interest of coordination, Plaintiffs are willingly giving up an hour of deposition time guaranteed to them. This proposal further confers a benefit on Defendant witnesses by ensuring that any particular Defendant witness will only be deposed on one occasion, even if stretching beyond a single day. Defendants will therefore only have to prepare the witness once, and the witness will not be required to answer similar questions during two separate proceedings. Corteva and Syngenta's proposal seeks to restrict Plaintiffs from taking depositions to which they are otherwise entitled, forcing Plaintiffs

7

to share 9 hours—a 5-hour reduction from the time provided by the Federal Rules. This limitation on discovery (made in the guise of "coordination") is not reasonable.

Plaintiffs' proposal is consistent with the procedure ordered in other government antitrust cases involving a related MDL proceeding. *See* Maltas Apr. 15, 2024 Decl. Ex. 2, Government Action Doc. 183-3 (Order Regarding Coordination of Discovery at 7–10, *United States v. Google LLC*, No. 23-cv-00108 (E.D. Va. June 5, 2023)) ¶ 4 (allowing government plaintiffs 7 hours on the record and MDL plaintiffs 6 hours on the record to depose defendant witnesses); Maltas Apr. 15, 2024 Decl. Ex. 1, Government Action Doc. 183-2 (Discovery Coordination Order at 3–5, *FTC v. Qualcomm Inc.*, No. 17-cv-00220 (N.D. Cal. Sept. 22, 2017)) (hereinafter "Qualcomm Coordination Order") ¶ 11 (allowing government and MDL plaintiffs eleven (11) hours of questioning time for depositions of Defendant or current or former Defendant employees).

**Disputed Issue No. 4: Hourly Deposition Limits for Non-Party Witnesses**

Plaintiffs' Joint Proposed Coordination Order provides that, if a deposition of a Non-Party is noticed by multiple Parties, no Party should oppose an extension of the time limit for that deposition to up to fourteen (14) hours. *See* Exhibit A ¶ 12. Defendants' position is that Non-Party depositions should be limited to nine (9) hours. The Government Action and MDL Action, collectively, involve two sets of Plaintiffs and two different Defendants. In the event that each of the Government Plaintiffs, the MDL Plaintiffs, Corteva, and Syngenta notice the deposition of a given Non-Party, each party is entitled to its own questioning of the witness. Divided equally among sides, a

deposition of 9 hours would only allow each Party just over two hours of questioning. This is simply not enough time for certain of the key Non-Party witnesses. To be clear, Plaintiffs' proposal does not *require* the Parties to set every Non-Party deposition for 14 hours. Instead, it recognizes that some Non-Party depositions may not require as much time and provides flexibility to set the deposition for a shorter period of time as needed; 14 hours is simply the maximum. Nor does the proposed Coordination Order diminish a Non-Party's right to resist an overlength deposition. Rather, it simply reduces the incentive of one Party to engage in a discovery dispute to deprive another Party of needed deposition time. The time allocated for each deposition will be negotiated with the specific Non-Party and will depend on a variety of circumstances.

Again, Plaintiffs' proposal is consistent with that ordered in other government antitrust cases involving a related MDL proceeding. *See* Qualcomm Coordination Order ¶ 11 (Parties agreed not to oppose an extension of the time limit for third party deposition to up to fourteen hours).

**Disputed Issue No. 5: Deposition Scheduling**

Plaintiffs' Joint Proposed Coordination Order provides that the Parties shall make good faith efforts to coordinate the scheduling of depositions with each other and with any Non-Party witness. *See* Exhibit A ¶ 9. Defendants instead suggest that the Parties should strive to agree on a proposed deposition date that is mutually agreeable to all Parties. Plaintiffs should not be obligated to confer with all parties and to find a mutually agreeable deposition date in advance of issuing a deposition notice. For Defendant

9

depositions, to the extent the date Plaintiffs select is not available for a particular Defendant witness, Plaintiffs propose that counsel for the Defendant identify an alternative deposition date within three business days of receiving the notice. *See* Exhibit A ¶ 9. Based on the Government Plaintiffs' experience, this protocol will help facilitate the efficient scheduling of numerous depositions all likely occurring during the same timeframe by ensuring that Defendants cannot simply reject noticed deposition dates and offer no alternative, slowing down the scheduling process. *See* Qualcomm Coordination Order ¶ 9 (requiring Defendant to provide three possible deposition dates within a set time of receiving request).

**Disputed Issue No. 6: Second Depositions of Witnesses**

Plaintiffs propose that any witness appearing at a deposition noticed in the Government Action can be deposed in a second deposition by MDL Plaintiffs, but that Defendants retain the right to argue that a second deposition of the same witness is duplicative. *See* Exhibit A ¶ 16. In light of the different fact discovery schedules in the Government Action and the MDL Action, MDL Plaintiffs maintain it would be unfair to expect them to take depositions before the scope of the case is set, or before MDL Plaintiffs have had a chance to assess the documentary record.

Plaintiffs' proposal is consistent with the Federal Rules, which allow parties to take their own depositions "without leave of court" unless the deponent was already deposed in the exact same case. Fed. R. Civ. P. 30. Having provided testimony in a related action is not a sufficient basis to refuse a deposition or require leave of court to

10

take another deposition of the witness. *See, e.g.*, *Bey v. City of N.Y.*, No. 99 Civ. 3873, 2007 WL 1893723, at *4 (S.D.N.Y. June 28, 2007) ("The fact that Caruso was deposed . . . in a related case is not a basis for denying the deposition in the instant case."). This ensures fairness because no two cases are the same, regardless of "[w]hatever degree of identity exists between the parties and claims." *Seah Chee Wei v. Rocky Point Int'l*, No. 16-CV-1282, 2017 WL 7053821, at *1 (E.D. Wis. June 13, 2017). Plaintiffs' proposal also includes compromise language that provides a mechanism for reducing duplicative depositions: MDL Plaintiffs would be subject to a burden of showing "good cause" for Defendants' witnesses deposed in the Government Action after December 6, 2024, and in return, it should be incumbent on Defendants to move to quash a subpoena for witnesses deposed prior to December 6, 2024, by showing it to be "unreasonably cumulative or duplicative" under Rules 26(b)(2)(C)(i) and 45(d)(3).

\* \* \*

Plaintiffs respectfully request that, to the extent the Court seeks to provide for coordinated discovery protocols, the Court enter Plaintiffs' proposed Coordination Order.

Dated: May 20, 2024                    Respectfully submitted,

                                        /s/ Allyson M. Maltas
                                        ALLYSON M. MALTAS
                                        Senior Trial Counsel
                                        Federal Trade Commission
                                        Bureau of Competition
                                        600 Pennsylvania Avenue, NW
                                        Washington, DC 20580
                                        Telephone: (202) 326-3646
                                        Email: amaltas@ftc.gov

                                        KARNA ADAM
                                        JOSEPH R. BAKER
                                        WESLEY G. CARSON
                                        ROBERT Y. CHEN
                                        ELIZABETH A. GILLEN
                                        PHILIP J. KEHL
                                        MICHAEL J. TURNER

                                        *Attorneys for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Conor J. May
JAN M. ZAVISLAN
Senior Counsel
CONOR J. MAY
Assistant Attorney General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Jan.Zavislan@coag.gov
          Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*

/s/ Matthew Michaloski
MATTHEW MICHALOSKI
CHRISTI FOUST
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-1479
Email: matthew.michaloski@atg.in.gov
          christi.foust@atg.in.gov
          scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

13

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Colin P. Snider
COLIN P. SNIDER
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-3840
Email: Colin.Snider@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
TATE BALL
Assistant Attorney General
Office of the Attorney General of Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
         Tate.Ball@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
         jason.pleggenkuhle@ag.state.mn.us
         elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
JAMES LLOYD
Chief, Antitrust Division
TREVOR YOUNG
Deputy Chief, Antitrust Division
WILLIAM SHIEBER
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

14

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

*/s/ Daniel L. Brockett*
Daniel L. Brockett (pro hac vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel. (212) 849-7345
Facsimile (212) 849-7100
danbrockett@quinnemanuel.com
*Interim Class Counsel*


Steig D. Olson (pro hac vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue
New York, New York 10010
Phone (212) 849-7231
Fax (212) 849-7100
steigolson@quinnemanuel.com
*Interim Class Counsel*

*/s/ Jay J. Chaudhuri*
Jay J. Chaudhuri
N.C. State Bar No. 27747
COHEN MILSTEIN SELLERS & TOLL
PLLC
50 Fayetteville St., Suite 980
Raleigh, NC 27601
Telephone (919) 890-0560
Facsimile (919) 890-0567
jchaudhuri@cohenmilstein.com
*Interim Class Counsel*


Michael B. Eisenkraft (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL
PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Telephone (212) 838-7797
Facsimile (212) 838-7745
meisenkraft@cohenmilstein.com
*Interim Class Counsel*

15

Sami H. Rashid (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel. (212) 849-7237
Facsimile (212) 849-7100
samirashid@quinnemanuel.com
*Interim Class Counsel*

Jeremy Andersen (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel. (213) 443-3685
Facsimile (213) 443-3100
jeremyandersen@quinnemanuel.com
*Interim Class Counsel*

/s/ Vincent Briganti
LOWEY DANNENBERG, PC
Vincent Briganti (pro hac vice)
Christian Levis (pro hac vice)
Margaret MacLean (pro hac vice)
Roland R. St. Louis, III (pro hac vice)
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel. (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
rstlouis@lowey.com
*Interim Class Counsel*

Nina Jaffe-Geffner (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, Suite 500, NW
Washington D.C. 20005
Tel: (202) 408-4600
Njaffegeffner@cohenmilstein.com
*Interim Class Counsel*

/s/ Christopher M. Burke
Christopher M. Burke
Walter Noss
Yifan (Kate) Lv
KOREIN TILLERY PC
707 Broadway, Suite 1410
San Diego, CA 92101
Tel: (619) 625-5621
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com
*Interim Class Counsel*

/s/ Lyn K. Broom
Richard L. Pinto N.C. State Bar No. 9412
Kenneth Kyre, Jr. N.C. State Bar No. 7848
Lyn K. Broom N.C. State Bar No. 17674
PINTO COATES KYRE & BOWERS, PLLC
3202 Brassfield Road
Greensboro, NC 27410
Tel: (336) 282-8848
Facsimile: (336) 282-8409
rpinto@pckb-law.com
kkyre@pckb-law.com
lbroom@pckb-law.com
*Liaison Counsel*

17

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words as reported by word processing software.

Dated: May 20, 2024

/s/ Allyson M. Maltas
ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*