UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION | Case No: 1:23-md-3062-TDS-JEP |

**[DEFENDANTS' PROPOSED] FACT DISCOVERY COORDINATION ORDER**

WHEREAS the Parties in the above-referenced cases are directed to coordinate fact discovery in order to promote the efficient litigation of the actions and minimize the burden and expense of duplicative discovery across cases; and

WHEREAS fact discovery in the above-captioned actions shall be coordinated as provided herein;

THE COURT THEREFORE ORDERS AS FOLLOWS:

1. For purposes of this Order:

    a. "Contact Attorneys" refers to counsel designated by each Party and identified on Schedule A.

    b. "Defendants" refers collectively to Corteva, Inc. and its subsidiary Corteva Agriscience LLC ("Corteva"); and Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC ("Syngenta").

    c. "FTC" refers to the Federal Trade Commission.

    d. "Government Action" refers to *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, Civil Action No. 22-cv-828-TDS-JEP.

    e. "Government Plaintiffs" refers to the FTC and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin, acting by and through their respective Attorneys General.

    f. "MDL Action" refers to *In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP, including all consolidated member cases (both current and any that may be transferred and consolidated in the future).

g. "MDL Plaintiffs" refers collectively to the plaintiffs named in any consolidated or member case in the MDL Action, including in any consolidated complaint that is filed in the MDL Action.

h. "Non-Party" refers to a person or entity not a Party to any Pending Case.

i. "Parties" refers collectively to the Government Plaintiffs, MDL Plaintiffs, and Defendants.

j. "Party" refers to any Government Plaintiff, MDL Plaintiff, or Defendant.

k. "Pending Cases" refers collectively to the Government Action and MDL Action, with each action a "Pending Case."

l. "Plaintiffs" refers to the Government Plaintiffs and the MDL Plaintiffs.

m. "Protective Orders" refers to the Protective Order in the Government Action (Doc. 202) and the Protective Order in the MDL Action (Doc. ___),[1] in each case as may be supplemented and amended from time to time.

2. Counsel for the Parties in each Pending Case shall be bound by this Order.

---

[1] The Parties agree that a Coordination Order should only be entered following entry of a Protective Order in the MDL Action. To the extent not already completed, the Parties shall continue to work together in good faith to ensure the Protective Orders in each relevant action reflect and allow for the coordination of these actions.

## COORDINATION OF WRITTEN DISCOVERY

3. Any Party that serves or has served a written discovery request under Rule 31, 33, 34, or 36 on another Party in any of the Pending Cases shall provide a copy of the request to the Contact Attorneys in each Pending Case.

4. Any Party that responds or has responded to a written discovery request in any of the Pending Cases shall serve its response and produce any responsive materials to the Contact Attorneys in each Pending Case.

5. A Party (the "Issuing Party") that serves, after issuance of this Order, a subpoena or other request (including any request for international judicial assistance) for the production of documents or other materials on a Non-Party shall promptly (a) provide a copy of the subpoena or other request to all Contact Attorneys; (b) provide a copy of this Order and the Protective Orders in effect in each of the Pending Cases to the Non-Party; (c) notify the Non-Party that, pursuant to this Order, materials produced in response to such subpoena or other request will be produced in each Pending Case; and (d) request that the Non-Party simultaneously produce materials to the Contact Attorneys in each Pending Case. If, notwithstanding such request, the Non-Party does not produce the materials to the Contact Attorneys in each Pending Case, the issuing Party shall, provide a copy of all materials produced pursuant to the subpoena or other request to the Contact Attorneys in each of the Pending Cases within five (5) calendar days after receipt of the materials from the Non-Party. If a Party has served a Non-Party subpoena or other document request prior to the issuance of this Order, the Issuing Party will advise the

Non-Party that the request and any responsive materials are to be shared across the Pending Cases and provide an opportunity of 10 (ten) calendar days to object to that production and request that the Non-Party simultaneously produce materials to the Contact Attorneys in each Pending Case. If, notwithstanding such request, the Non-Party does not produce the materials to the Contact Attorneys in each Pending Case, the Issuing Party shall then provide a copy of all materials produced pursuant to the subpoena or other request to the Contact Attorneys in each of the Pending Cases within five (5) calendar days after the later of (1) expiration of such above-referenced ten (10) calendar day period, or (2) the Party's receipt of materials from the Non-Party.[2]

6. All documentary materials provided in response to document requests and subpoenas in any Pending Case shall be treated as having been obtained through discovery in each Pending Case. Any written response to a discovery request or subpoena provided in any Pending Case shall be treated as having been obtained through discovery in the other Pending Case only to the extent a Party in such other Pending Case elects to treat such responses as having been obtained through discovery in such other Pending Case, in which case the written responses shall count against that Party's discovery limits as set forth in the scheduling order applicable to that Party in such other Pending Case.[3]

---

[2] Any Non-Party objection to production across the Pending Cases shall not excuse production of materials to the Issuing Party in the first instance.

[3] For the avoidance of doubt, a Party thus may not choose to treat a written discovery response provided in another Pending Action as having been obtained from discovery in that Party's Pending Action where doing so would result in exceeding that Party's discovery limits as set forth in the scheduling order applicable to that Party in such other Pending Case.

That Party must provide written notice of its election to Contact Attorneys in each Pending Case within ten (10) days of receiving the written discovery requests which that Party seeks to treat as having been obtained through discovery in such other Pending Case.

## COORDINATION OF DEPOSITIONS

7. A Party issuing a deposition notice or subpoena or seeking a request for international judicial assistance in obtaining testimony (the "Subpoenaing Party") shall, within two (2) calendar days of issuing the notice, subpoena, or request, provide notice to Contact Attorneys in each Pending Case. Other Parties shall be entitled to join the Subpoenaing Party's notice, subpoena, or request or cross-notice the deposition by notice to Contact Attorneys in each Pending Case within ten (10) calendar days of receiving notice. The other Parties also will be entitled to add topics to any 30(b)(6) or similar subpoena or notice by issuing their own Rule 30(b)(6) notice. The noticing Party shall use its best efforts to schedule the deposition on a proposed deposition date that is mutually agreeable to all Parties and with any Non-Party witness, provided, however, that no Party may unreasonably delay a deposition. The Party whose deposition or whose witness's deposition is sought shall retain its right to formally object (by motion for protective order or otherwise) to the taking of a particular deposition or to the timing or scope of such deposition.

8. Counsel in any of the Pending Cases shall be entitled to attend depositions noticed in each Pending Case, so long as they are bound by the Protective Order entered

in one of the Pending Cases. Non-noticing counsel may raise objections at depositions to the extent allowed under the Federal Rules of Civil Procedure. Any Party may avail itself of any objection to the form of a question made by any other Party properly in attendance at a deposition without the need to be in attendance or express its joinder in the objection.

9. The time limits on depositions established by Fed. R. Civ. P. 30(d)(2) shall apply to all depositions, except as follows:

10. In the event that a deposition of a Non-Party is noticed by multiple Parties, the Parties agree that, absent good cause, they will not oppose an extension of the time limit for that deposition to up to nine (9) hours.

11. For any deposition of a Defendant or a current or former Defendant employee noticed in his or her individual capacity pursuant to Fed. R. Civ. P. 30(b)(1) by both the Government Plaintiffs and the MDL Plaintiffs, the Government Plaintiffs and the MDL Plaintiffs, collectively, shall be entitled to nine (9) hours of questioning time, except that the parties may modify this limit by agreement or leave of the Court.

12. If the Government Plaintiffs and MDL Plaintiffs both notice the deposition of a Defendant or a current or former Defendant employee, Government Plaintiffs and MDL Plaintiffs will use best efforts to agree on an allocation of deposition time.

13. If the deposition of a Non-Party is noticed by at least one Plaintiff and at least one Defendant, unless otherwise agreed to or ordered by the Court, the Government Plaintiffs and MDL Plaintiffs, collectively, shall be allotted fifty (50) percent of the total

deposition time, and the Defendants, collectively, shall be allotted fifty (50) percent of the total deposition time.

14. Depositions subpoenaed, noticed, and/or taken in any Pending Case shall be treated as if they were obtained through discovery in the other Pending Case only to the extent a Party in such other Pending Case (a) subpoenas or cross-notices the deposition in such other Pending Case or (b) elects to treat such deposition as if it were obtained through discovery in such other Pending Case, and in either case the deposition shall count against that Party's deposition limits as set forth in the scheduling order applicable to that Party in such other Pending Case.[4] That Party must provide notice of its election to Contact Attorneys in each Pending Case within ten (10) calendar days of receiving notice of the deposition which that Party seeks to treat as having been obtained through discovery in such other Pending Case.

15. A Party that was provided prior notice of a deposition in any Pending Case may not, absent leave of the Court for good cause shown, notice a second deposition of the same witness in a Pending Case.

## PROTECTION OF CONFIDENTIAL INFORMATION

16. The Protective Order in effect in each Pending Case is hereby modified to permit the disclosure and production of Protected Material (as defined therein) to each

---

[4] For the avoidance of doubt, a Party thus may not choose to treat a deposition taken in another Pending Action as having been obtained from discovery in that Party's Pending Action where doing so would result in exceeding that Party's discovery limits as set forth in the scheduling order applicable to that Party in such other Pending Case.

Party, and the use of such material by each Party, as if they were a Party to the Protective Order in each Pending Case.

17. The Protective Order in effect in each Pending Case shall govern the handling by the Parties to such Pending Case of protected material produced hereunder, and, unless modified by the designating party, confidentiality designations applied in one Pending Case shall apply in all Pending Cases.

**IT IS SO ORDERED.**

Dated: _____  _____
United States District Judge

# SCHEDULE A

# CONTACT ATTORNEYS[5]

***Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, Civil Action No. 22-cv-828-TDS-JEP**

<u>Government Plaintiffs</u>

Allyson M. Maltas, amaltas@ftc.gov
Joseph R. Baker, jbaker1@ftc.gov
Wesley G. Carson, wcarson@ftc.gov
Elizabeth A. Gillen, egillen@ftc.gov
Michael J. Turner, mturner@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

<u>Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC</u>

Patrick M. Kane, pkane@foxrothschild.com
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401

Paul S. Mishkin, paul.mishkin@davispolk.com
David B. Toscano, david.toscano@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

<u>Defendant Corteva, Inc.</u>

Mark E. Anderson, manderson@mcguirewoods.com
McGuire Woods LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601

David R. Marriott, dmarriott@cravath.com
Margaret T. Segall, msegall@cravath.com

---

[5] The Parties may amend or modify this list by notifying the Contact Attorneys listed in this Schedule A.

Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

*In re Crop Protection Products Loyalty Program Antitrust Litigation*, **Civil Action No. 23-md-3062-TDS-JEP**

MDL Plaintiffs

Dan Brockett, danbrockett@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601

Jeremy Andersen, jeremyandersen@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Yifan (Kate) Lv, KLv@koreintillery.com
Korein Tillery P.C.
707 Broadway, Suite 1410
San Diego, CA 92101

Labeat Rrahmani, LRrahmani@koreintillery.com
Korein Tillery LLC
205 N Michigan Avenue, Suite 1950
Chicago, IL 60601

Michael Eisenkraft, meisenkraft@cohenmilstein.com
Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, New York 10005

Nina Jaffe-Geffner, njaffegeffner@cohenmilstein.com
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, 5th Floor
Washington, DC 20005

Vincent Briganti, vbriganti@lowey.com
Margaret MacLean, mmaclean@lowey.com
Lowey Dannenberg, PC
44 South Broadway, Suite 1100
White Plains, New York 10601

Lyn K. Broom, lbroom@pckb-law.com
Pinto Coates Kyre & Bowers, PLLC
3203 Brassfield Road
Greensboro, NC 27410

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and
Syngenta Crop Protection, LLC

Patrick M. Kane, pkane@foxrothschild.com
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401

Paul S. Mishkin, paul.mishkin@davispolk.com
David B. Toscano, david.toscano@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

Defendant Corteva, Inc.

Mark E. Anderson, manderson@mcguirewoods.com
McGuire Woods LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601

David R. Marriott, dmarriott@cravath.com
Margaret T. Segall, msegall@cravath.com
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001