UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | Case No: 1:23-md-3062-TDS-JEP |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR ENTRY OF PROPOSED
<u>STIPULATED FACT DISCOVERY COORDINATION ORDER</u>**

Defendants Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC (collectively, "Syngenta"), and Corteva, Inc. ("Corteva" and, together with Syngenta, "Defendants") respectfully submit that the Court should enter Defendants' Proposed Stipulated Fact Discovery Coordination Order and deny Plaintiffs' cross-motion for entry of Plaintiffs' Proposed Stipulated Discovery Coordination Order.

## BACKGROUND

The instant motion concerns an order governing coordination of discovery between *Federal Trade Commission, et al., v. Syngenta, et al.*, No. 1:22-cv-00828-TDS-JEP (the "FTC Action") and *In re Crop Protection Products Loyalty Program Antitrust Litigation*, No: 1:23-md-3062-TDS-JEP (the "MDL Action" and together with the FTC Action, the "Actions"). On May 2, 2024, the Court issued a text order stating that "[t]o the extent possible, the Parties should submit joint or competing proposals [for discovery coordination] by May 20, 2024." On May 15, 2024, Plaintiff Federal Trade Commission ("FTC") circulated a draft proposed coordination order. On May 16, 2024, the parties met and conferred to discuss the proposed order. Also on May 16, 2024, Defendants committed to Private Plaintiffs that Defendants will produce the FTC investigation materials that were produced to the FTC by Defendants upon entry of a protective order without delay, and would

2

produce third party materials in the FTC investigation file once Defendants had those materials from the FTC and following compliance with appropriate notice provisions for third parties. On May 17, 2024, Defendants circulated a counterproposal to Plaintiffs' proposed coordination order. The parties again conferred on May 20, 2024, following which the parties remain in disagreement on certain issues as set forth more below.

## ARGUMENT

Defendants have proposed a coordination order that ensures reasonable coordination between the Actions. By contrast, Plaintiffs' proposed coordination order would provide Plaintiffs with the benefits of discovery in two separate cases without realizing the efficiencies of coordination across the Actions.

First, Plaintiffs' propose that all discovery will be made available in all proceedings, without providing sufficient clarity as to when there will in fact be any coordination that would benefit all parties. Defendants' proposal, by contrast, incentivizes Plaintiffs to coordinate discovery in a way that creates efficiencies for all parties by enabling any Plaintiff group in one Action to fully use the depositions and written discovery responses from the other Action as if produced in that Plaintiff group's action only to the extent that the Plaintiff group chooses to (a) have such discovery treated as if taken in

3

that Plaintiff group's Action and (b) have such discovery count against that Plaintiff group's discovery limits.

Second, Plaintiffs' proposal fails to realize the efficiencies of depositions of common witnesses by (a) proposing 13 hours (1 hour fewer than would obtain over the course of two depositions in separate cases) for cross-noticed depositions of Defendants' witnesses and (b) imposing a burden-shifting framework whereby Private Plaintiffs can take a second deposition of a witness deposed in the Government Action without having to show good cause, so long as the deposition is noticed before December 9, 2024. As explained in the Defendants' Proposed 26(f) Report, filed on May 20, 2024, that proposal is unjustifiable and unworkable.

Third, Plaintiffs proposal obligates Defendants to produce expert reports and unredacted filings from one Action to the Plaintiffs in another, which does nothing to further the efficient coordination of discovery and benefits only Plaintiffs.

## CONCLUSION

For the foregoing reasons, Defendants' respectfully submit that the Court should enter Defendants' Proposed Stipulated Fact Discovery Coordination Order and deny Plaintiffs' cross-motion for entry of Plaintiffs' Proposed Stipulated Discovery Coordination Order.

Date: May 21, 2024

| *Patrick M. Kane* | *Mark E. Anderson* |
|---|---|
| Patrick M. Kane | Mark E. Anderson |
| N.C. Bar No. 36861 | N.C. Bar No. 15764 |
| pkane@foxrothschild.com | manderson@mcguirewoods.com |
| FOX ROTHSCHILD LLP | MCGUIREWOODS LLP |
| 230 N. Elm Street, Suite 1200 | 501 Fayetteville Street, Suite 500 |
| PO Box 21927 (27420) | Raleigh, NC 27601 |
| Greensboro, NC 27401 | Telephone: 919.755.6600 |
| Telephone: 336.378.5200 | Facsimile: 919.755.6699 |
| Facsimile: 336.378.5400 | |
| | |
| Paul S. Mishkin* | David R. Marriot** |
| paul.mishkin@davispolk.com | dmarriott@cravath.com |
| David B. Toscano* | Margaret T. Segall** |
| david.toscano@davispolk.com | msegall@cravath.com |
| DAVIS POLK & WARDWELL LLP | CRAVATH, SWAINE & MOORE LLP |
| 450 Lexington Avenue | 375 Ninth Avenue |
| New York, NY 10017 | New York, NY 10001 |
| Telephone: (212) 450-4292 | Telephone: (212) 474-1000 |
| Facsimile: (212) 701-5292 | Facsimile: (212) 474-3700 |
| | |
| * Specially appearing under L.R. 83.1(d) | ** Specially appearing under L.R. 83.1(d) |
| | |
| *Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC* | *Attorneys for Defendant Corteva, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Mark E. Anderson*

Mark E. Anderson