UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SYNGENTA CROP PROTECTION AG; SYNGENTA CORPORATION; SYNGENTA CROP PROTECTION, LLC; <br><br> and <br><br> CORTEVA, INC., <br><br> Defendants. | CASE NO. 1:22-cv-00828-TDS-JEP |

**REPLY IN SUPPORT OF CORTEVA'S CROSS-MOTION FOR A JURY TRIAL UNDER FED. R. CIV. P. 39(B)**

**TABLE OF CONTENTS**

|     |     | Page |
| --- | --- | --- |
| I.  | CORTEVA'S JURY DEMAND WAS TIMELY UNDER RULE 38. | 1 |
| II. | CORTEVA'S RIGHT TO A JURY TRIAL UNDER RULE 39 IS NOT AFFECTED BY SYNGENTA. | 2 |
| III. | CORTEVA'S JURY TRIAL WILL NOT CAUSE PREJUDICE. | 4 |
| IV. | CORTEVA FACES CLAIMS TRIABLE BY A JURY. | 6 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                           Page(s)

*A Helping Hand, LLC v. Baltimore Cnty., Md.*,
   295 F. Supp. 2d 585 (D. Md. 2003) ................................................................................. 5

*Aetna Ins. Co. v. Kennedy*,
   301 U.S. 389 (1937) ................................................................................................. 2, 3, 7

*Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*,
   462 Fed. Appx. 266 (4th Cir. 2012) ................................................................................. 7

*FTC v. Vyera Pharmaceuticals, LLC*,
   2021 WL 76336, at *1 (S.D.N.Y. Jan . 8, 2021) ............................................................... 4

*General Tire & Rubber Co. v. Watkins*,
   331 F.2d 192,197-98 (4th Cir. 1964) ........................................................................... 6, 7

*Gilbarco, Inc. v. Tokheim Corp.*,
   1997 WL 608950 (M.D.N.C. Feb. 3, 1997) ..................................................................... 5

*Harvey v. Adams Cnty. Sheriff's Off.*,
   2008 WL 2323875 (D. Colo. June 4, 2008) ..................................................................... 3

*Kelly v. Sentara*,
   2012 WL 4340849 (E.D. Va. Sept. 20, 2012) .................................................................. 5

*Macsherry v. Sparrow Point, LLC*,
   973 F.3d 212 (4th Cir. 2020) ............................................................................................ 3

*Malbon v. Pennsylvania Millers Mut. Ins. Co.*,
   636 F.2d 936 (4th Cir. 1980) ............................................................................................ 6

*O'Brien Oil Pollution Service, Inc. v. Kapoor*,
   2008 WL 2625352 (D.N.J. 2008) ..................................................................................... 6

*Ritter v. Mount St. Mary's College*,
   814 F.2d 986 (4th Cir. 1987) ............................................................................................ 7

*Rutledge v. Electric Hose & Rubber Co.*,
   511 F.2d 668 (9th Cir. 1975) ............................................................................................ 6

*Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*,
  28 F. Supp. 3d 465 (D. Md. 2014), aff'd, 885 F.3d 271 (4th Cir. 2018) ...................... 5

*U.S. ex rel. Drakeford v. Tuomey Healthcare Sys.*,
  675 F.3d 394 (4th Cir. 2012) ................................................................................ 7

*United States v. Dentsply International, Inc.*,
  190 F.R.D. 140 (D. Del. 1999) ............................................................................. 4

**Statutes & Rules**

15 U.S.C. § 53(b) .................................................................................................... 6

§ 13(b) of the FTC Act ........................................................................................... 6

Federal Rule of Civil Procedure 26 ....................................................................... 3

Federal Rule of Civil Procedure 38 .................................................................. 1, 2

Federal Rule of Civil Procedure 39 ............................................................... 1, 2, 6

# INTRODUCTION

Defendant Corteva, Inc. ("Corteva") unambiguously made its jury demand within the time allotted under Federal Rule of Civil Procedure 38. Though it was not necessary, as a safeguard and in response to Plaintiffs' argument that Corteva's jury demand was untimely, Corteva moved in the alternative for the Court to grant a jury trial under Rule 39. Plaintiffs continue to oppose a jury trial on the grounds that it would be burdensome, prejudicial and against the public interest, and unjustified on the issues presented.

Plaintiffs' arguments are not well founded. Corteva made a timely jury demand before the start of discovery. The Scheduling Order contemplates well over a year of pretrial proceedings, ensuring no prospect of surprise or prejudice, and providing ample time for the parties and Court to mitigate any perceived burden. The legal and factual issues presented are routinely heard by juries. And, despite Plaintiffs' protestation, Corteva has a compelling interest in exercising its Seventh Amendment Right—one that trumps the imagined efficiencies of a joint trial that is destined for severance. Corteva's request for a jury trial should stand.

# ARGUMENT

## I. CORTEVA'S JURY DEMAND WAS TIMELY UNDER RULE 38.

In opposing Corteva's Rule 39 cross-motion, Plaintiffs accuse Corteva of intentionally omitting a relevant factor some courts have considered: justifiability of the movant's delay in demanding a jury under Rule 38. Dkt. 201 at 10-11. But Corteva rejects the premise: Corteva's jury demand was timely and not unduly delayed.

Plaintiffs pretend the Court is not aware of Corteva's position, set out time and again its briefing—Corteva timely requested a jury trial under Rule 38 but made a Rule 39 motion in the alternative to safeguard against Plaintiffs' charge of untimeliness. Accordingly, Plaintiffs' accusation is baseless.

Because Plaintiffs make much of this point, Corteva explicates once more the justification for the timing of its jury demand: the plain language interpretation of Rule 38. The jury demand was made within fourteen days of its last pleading, as the plain language of Rule 38 of the Federal Rules of Civil Procedure requires. And, as Plaintiffs write, if "Corteva made a timely jury demand, a jury doubtless" will have to adjudicate "the relevant issues." Dkt. 203 at 8.

## II. CORTEVA'S RIGHT TO A JURY TRIAL UNDER RULE 39 IS NOT AFFECTED BY SYNGENTA.

Plaintiffs inappropriately anchor Corteva's entitlement to a jury trial under Rule 39 to the decision of Syngenta, a different defendant, to proceed with a bench trial. However, neither Syngenta's decision to proceed with a bench trial nor the fact that "[t]his action [wa]s filed as a single case," curtails Corteva's right to trial by jury, as that would allow third parties to veto or limit Corteva's constitutional right to a jury trial. Dkt. 203 at 3. Indeed, "the right of jury trial is fundamental, [and] courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937). The fact that Corteva's jury demand necessitates a separate proceeding on the jury triable claims does not "interrupt the orderly administration of justice," it *is* the orderly administration of justice. Dkt. 203 at 2.

2

To support their argument, Plaintiffs present authority on a completely different question—"the context of severance and consolidation motions." Dkt. 203 at 4. But this is nonsensical because there is no motion to sever before the Court. Plaintiffs' arguments put the cart before the horse, as questions of trial consolidation are only pertinent if Corteva and Syngenta both proceed with the same fact finder at trial. It is backwards to elevate consolidation efficiencies above a defendant's access to a jury trial, and none of Plaintiffs authorities advise such an outcome. Moreover, Corteva's demand for a jury trial was filed prior to the Rule 26 report which itself indicates that Syngenta and Corteva intend to seek separate trials. On balance, the possibility of severance mitigates against any lost efficiency argument by Plaintiffs.

Plaintiffs offer no authority, because there is none, to support the proposition that Syngenta's election not to seek a jury trial should affect Corteva. As one court aptly stated: "The right to a jury trial in a federal court is a basic and fundamental feature of our system of justice, and the waiver of that right should not be readily found." *Harvey v. Adams Cnty. Sheriff's Off.*, 2008 WL 2323875, at *2 (D. Colo. June 4, 2008). This Court has "broad discretion" to preserve this fundamental right by granting Corteva's jury demand. *Macsherry v. Sparrow Point, LLC*, 973 F.3d 212, 229-230 (4th Cir. 2020). This reasoned holding accords with the binding and longstanding directive that "courts indulge every reasonable presumption against waiver" of the right to a jury trial. *Aetna Ins. Co.*, 301 U.S. at 393 (1937).

3

### III. CORTEVA'S JURY TRIAL WILL NOT CAUSE PREJUDICE.

Plaintiffs argue that the ordinary logistical circumstances attending a jury trial would prejudice Plaintiffs and the public. Dkt. 203 at 5. However, there is nothing unusual (or unmanageable) about the externalities which flow from Corteva having a jury trial. In fact, Plaintiffs concede that "a jury doubtless would have fully tried the relevant issues" if Corteva had made a jury demand that Plaintiffs deemed timely. Dkt. 203 at 8. If an earlier jury demand would have been acceptable to Plaintiffs, there is no reason why Corteva's jury demand should cause any greater concern now.

Corteva's jury trial can still be pursued and resolved promptly. The authority offered by Plaintiffs does not hold otherwise. Plaintiffs suggest that the court in *United States v. Dentsply International, Inc.*, opined that "clear public policy" favors the "prompt resolution of Government antitrust claims to provide expeditious relief to the public[.]" 190 F.R.D. 140, 145 (D. Del. 1999) But *Dentsply* was discussing the coordination of a government and private action—it did not address multiple defendants in a government action. *Id.* at 144-45. And *FTC v. Vyera Pharmaceuticals, LLC*, in which the court denied Martin Shkreli's request to stay litigation or discovery until his release from prison, has no clear application here. 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021).

Plaintiffs make a failed attempt to rescue their argument by again leaning on the narrative that Corteva's jury demand was untimely, but every authority cited is distinguishable. In *Moyler v. Fannin* the court directed the parties to brief whether the plaintiffs request for a jury trial was timely, and after the time for briefing expired without a response from the plaintiff, the court denied the request. 2022 WL 1307094, at *1 (W.D.

4

Va. May 2, 2022). And in *Notestein v. Bittrex, Inc.*, nearly two years after filing their original complaint, a plaintiff who was granted leave to file an amended complaint submitted an amended pleading which "unlike the proposed amended complaint attached to the motion for leave, . . . included a jury demand." 2022 WL 17253651, at *1 (W.D. Va. Nov. 28, 2022). Corteva is not a plaintiff; it did not neglect to brief its jury demand after Plaintiffs submitted a motion to strike; and it certainly did not try to end run a jury demand by including it in the as-filed version of a pleading after omitting it from the version approved for filing by the court. Corteva is a defendant with a right to a jury trial, and the Court should grant Corteva's jury demand on all issues so triable.

The early timing of Corteva's jury demand allays any concerns of prejudice to Plaintiffs' ability to prepare their case. Where there is "plenty of time remaining in discovery[,]" courts have "discounted the claimed prejudice" of an opponent to a motion for jury trial. *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 476 (D. Md. 2014), aff'd, 885 F.3d 271 (4th Cir. 2018); *see also Kelly v. Sentara*, 2012 WL 4340849, at *2 (E.D. Va. Sept. 20, 2012) (finding that change from a bench trial to a jury trial over three months before the close of discovery caused no significant prejudice as defendant had ample time to propound supplemental discovery); *A Helping Hand, LLC v. Baltimore Cnty., Md.*, 295 F. Supp. 2d 585, 589 (D. Md. 2003) (claiming that a jury request made at the beginning of discovery gave nonmovant ample time to prepare for trial); *Gilbarco, Inc. v. Tokheim Corp.*, 1997 WL 608950, at *3 (M.D.N.C. Feb. 3, 1997) (explaining that though the jury request came more than a year after the action was filed, the request was early in the trial preparation process as there was still time to take

5

discovery); *O'Brien Oil Pollution Service, Inc. v. Kapoor*, 2008 WL 2625352, at *1-2 (D.N.J. 2008) (concluding that, given all the facts, a delay in making a demand of even two years did not defeat jury trial right). Corteva made its jury demand before the beginning of discovery. That fact alone undercuts Plaintiffs' claims of prejudice, and Corteva should be granted a jury trial.

## IV. CORTEVA FACES CLAIMS TRIABLE BY A JURY.

Corteva seeks trial by jury *only* on the issues so triable. Plaintiffs' proffer that FTC actions under § 13(b) of the FTC Act and other claims tried in equity do not give rise to a Seventh Amendment right to a jury trial are beside the point. 15 U.S.C. § 53(b); Dkt. 203 at 8-9. Even though Plaintiffs are aware that Corteva faces numerous state claims triable by jury, they insist that Corteva should be permitted only a bench trial due to the presence of equitable claims not triable by a jury. This is incorrect. Whether the issues in a case are "factual versus legal, legal versus equitable, [and] simple versus complex," is not the only consideration courts weigh when deciding Rule 39 motions, and it is not dispositive. *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 n.11 (4th Cir. 1980).

Even in *Rutledge v. Electric Hose & Rubber Co.*, which Plaintiffs cited in their brief, the Ninth Circuit did not affirm the lower court's denial of a jury demand based solely or even substantially on the presence of complex equitable claims. 511 F.2d 668, 675 (9th Cir. 1975). Instead, the Court of Appeals recognized that "the District Court was . . . faced with many other important factors" and it weighed "the nature and totality of all circumstances of the case." *Id.* And in *General Tire & Rubber Co. v. Watkins*, the court declined to exercise its discretion to allow a jury trial in a patent case based in large part

6

on the court's expectation that, unlike a jury, it would be allowed to take significant time after the close of trial to study the record and present its verdict without haste. 331 F.2d 192, 197–98 (4th Cir. 1964) (disfavoring that "the jury would be required to make up its mind very promptly"). This is at odds with Plaintiffs' own goal of prompt resolution. Dkt. 203 at 5. Notably, the court in *General Tire & Rubber Co.* recognized that "[i]f this were a matter of jury trial of right, of course, all these considerations, even if they are sound, would be immaterial." *General Tire*, 331 F.2d at 197. That wisdom applies here, as Corteva's original jury demand was timely.

Plaintiffs concede "juries are well equipped to hear cases involving antitrust claims," and courts have recognized that the right to a jury trial, and the jury's fact-finding role, remain even when the same facts inform both legal and the equitable claims in a complaint. Dkt. 203 at 2; *See U.S. ex rel. Drakeford v. Tuomey Healthcare Sys.*, 675 F.3d 394, 404 (4th Cir. 2012) (holding that "[t]he Seventh Amendment demands that facts common to legal and equitable claims be adjudicated by a jury"); *Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 462 Fed. Appx. 266, 276 (4th Cir. 2012) (stating that "'where legal and equitable claims are contained in the same set of facts, the right to a jury trial, which the legal claims permit, should predominate.'" (quoting *Ritter v. Mount St. Mary's College*, 814 F.2d 986, 990 (4th Cir. 1987)). Considering the Supreme Court's instruction that "courts indulge every reasonable presumption against waiver" to protect the fundamental "right of jury trial[,]" it is only appropriate to allow Corteva to proceed with a jury trial here. *Aetna Ins. Co.*, 301 U.S. at 393.

7

## CONCLUSION

For the foregoing reasons, Corteva respectfully requests that the Court grant Corteva's Cross-Motion for a Jury Trial and thus preserve Corteva's right to a trial by jury for all issues so triable.

This the 22nd day of May, 2024.

Respectfully submitted,

/s/ *Mark E. Anderson*
Mark E. Anderson
N.C. State Bar No. 15764
manderson@mcguirewoods.com
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone: 919.755.6600

David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Specially appearing (L.R. 83.1(d)).
*Attorneys for Defendant Corteva, Inc.*

9

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document contains 2,078 words, excluding those portions exempted by Local Rule 7.3(d).

/s/ *Mark E. Anderson*
Mark E. Anderson

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2024, I caused the foregoing **REPLY IN SUPPORT OF CORTEVA'S CROSS-MOTION FOR A JURY TRIAL UNDER FED. R. CIV. P. 39(B)** to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF System.

    MCGUIREWOODS LLP

    /s/ *Mark E. Anderson*
    Mark E. Anderson
    N.C. State Bar No. 15764
    manderson@mcguirewoods.com
    MCGUIREWOODS LLP
    501 Fayetteville Street, Suite 500
    Raleigh, North Carolina 27601
    Phone: 919.755.6600