UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION <br><br> This document relates to: ALL ACTIONS | Case No. 1:23-md-3062-TDS-JEP |

**[JOINT PROPOSED] DISCOVERY COORDINATION ORDER**

WHEREAS the Parties in the above-referenced cases are directed to coordinate discovery in order to promote the efficient litigation of the actions and minimize the burden and expense of duplicative discovery across cases; and

WHEREAS discovery in the above-captioned actions shall be coordinated as provided herein;

THE COURT THEREFORE ORDERS AS FOLLOWS:

1. For purposes of this Order:

    a. "Contact Attorneys" refers to counsel designated by each Party and identified on Schedule A.

    b. "Defendants" refers collectively to Corteva, Inc. and its subsidiary Corteva Agriscience LLC ("Corteva"); and Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC ("Syngenta").

    c. "FTC" refers to the Federal Trade Commission.

    d. "Government Action" refers to *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, Civil Action No. 22-cv-828-TDS-JEP.

    e. "Government Plaintiffs" refers to the FTC and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin, acting by and through their respective Attorneys General.

    f. "MDL Action" refers to *In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP, including all consolidated member cases (both current and any that may be transferred and consolidated in the future).

g. "MDL Plaintiffs" refers collectively to the plaintiffs named in any consolidated or member case in the MDL Action, including in any consolidated complaint that is filed in the MDL Action.

h. "Non-Party" refers to a person or entity not a Party to any Pending Case.

i. "Parties" refers collectively to the Government Plaintiffs, MDL Plaintiffs, and Defendants.

j. "Party" refers to any Government Plaintiff, MDL Plaintiff, or Defendant.

k. "Pending Cases" refers collectively to the Government Action and MDL Action, with each action a "Pending Case."

l. "Plaintiffs" refers to the Government Plaintiffs and the MDL Plaintiffs.

m. "Protective Orders" refers to the Protective Order in the Government Action (Doc. 202) and the Interim Protective Order in the MDL Action (Doc. 126-1),[1] in each case as may be supplemented and amended from time to time.

2. Counsel for the Parties in each Pending Case shall be bound by this Order

---

[1] To the extent not already completed, the Parties shall continue to work together in good faith to ensure the Protective Orders in each relevant action reflect and allow for the coordination of these actions.

## COORDINATION OF WRITTEN DISCOVERY

3.  A Party (the "Issuing Party") that serves, after issuance of this Order, a subpoena or other request (including any request for international judicial assistance) for the production of documents or other materials on a Non-Party shall promptly (a) provide a copy of the subpoena or other request to all Contact Attorneys; (b) provide a copy of this Order and the Protective Orders in effect in each of the Pending Cases to the Non-Party; (c) notify the Non-Party that, pursuant to this Order, materials produced in response to such subpoena or other request will be produced in each Pending Case; and (d) request that the Non-Party simultaneously produce materials to the Contact Attorneys in each Pending Case. If, notwithstanding such request, the Non-Party does not produce the materials to the Contact Attorneys in each Pending Case, the issuing Party shall provide a copy of all materials produced pursuant to the subpoena or other request to the Contact Attorneys in each of the Pending Cases within five (5) calendar days after receipt of the materials from the Non-Party, absent objection from the Non-Party. If a Party has served a Non-Party subpoena or other document request prior to the issuance of this Order, the Issuing Party will advise the Non-Party that the request and any responsive materials are to be shared across the Pending Cases and provide an opportunity of 10 (ten) calendar days to object to that production and request that the Non-Party simultaneously produce materials to the Contact Attorneys in each Pending Case. If, notwithstanding such request, the Non-Party does not produce the materials to the Contact Attorneys in each Pending Case, the Issuing Party shall then provide a copy of all

materials produced pursuant to the subpoena or other request to the Contact Attorneys in each of the Pending Cases, absent objection by the Non-Party, within five (5) calendar days after the later of (1) expiration of such above-referenced ten (10) calendar day period, or (2) the Party's receipt of materials from the Non-Party.[2]

4. All productions of documents provided in response to document requests and subpoenas in any Pending Case shall be treated as having been obtained through discovery in each Pending Case. The Parties shall use a consistent Bates Number prefix across the Pending Cases and sequential (wherever possible), non-duplicative numbering.

5. All written discovery requests or subpoenas served or received under Rule 31, 33, 34, 36 or 45 in one Pending Case shall be made available to all Parties, upon service and receipt in the other Pending Case of a request for production or subpoena seeking production of such written discovery requests or subpoenas.

6. All responses, including responsive materials, produced in response to a written discovery request or subpoena provided in one Pending Case shall be made available to all Parties upon service and receipt in the other Pending Case of a request for production or subpoena seeking production of such responses.

---

[2] Any Non-Party objection to production across the Pending Cases shall not excuse production of materials to the Issuing Party in the first instance.

5

Case 1:22-cv-00828-TDS-JEP   Document 216-1   Filed 06/14/24   Page 5 of 14

7. Counsel in each Pending Case shall not seek to circumvent or expand upon the discovery limits applicable in each Pending Case by collaborating on any written discovery requests with counsel in the other Pending Case.[3]

8. A Party in any Pending Case may use discovery provided in the other Pending case to the extent allowed under the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

## COORDINATION OF DEPOSITIONS

9. All transcripts and exhibits from depositions taken in one Pending Case shall be made available to all Parties, upon service and receipt in the other Pending Case of a request for production or subpoena seeking production of such transcripts and exhibits.

10. A Party issuing a deposition notice or subpoena or seeking a request for international judicial assistance in obtaining testimony (the "Subpoenaing Party") shall, within two (2) calendar days of issuing the notice, subpoena, or request, provide notice to Contact Attorneys in each Pending Case. Other Parties shall be entitled to join the Subpoenaing Party's notice, subpoena, or request or cross-notice the deposition by notice to Contact Attorneys in each Pending Case within ten (10) calendar days of receiving notice. The other Parties also will be entitled to add topics to any 30(b)(6) or similar subpoena or notice by issuing their own Rule 30(b)(6) notice.

---

[3] For the avoidance of doubt, this provision does not prohibit any Party from requesting from the Court a modification of applicable discovery limits.

11.     The noticing Party shall use its best efforts to schedule the deposition of any Party or Non-Party witness at a mutually agreeable time, provided, however, that no Party may unreasonably delay a deposition. For Party depositions, if the Party whose witness's deposition is sought objects to the noticed date, the objecting Party shall provide at least one alternative deposition date within seven (7) calendar days of receiving the notice, and if feasible, shall endeavor to provide two or more alternative dates. The Party whose deposition or whose witness's deposition is sought shall retain its right to formally object (by motion for protective order or otherwise) to the taking of a particular deposition or to the timing or scope of such deposition.

12.     Counsel for a Party in one of the Pending Cases shall be entitled to attend a deposition noticed in the other Pending Case, so long as that party has cross-noticed that deposition and is bound by the Protective Order entered in one of the Pending Cases. Any cross-noticed deposition will count against the deposition limits as set forth in the scheduling order applicable to the cross-noticing Party in the Pending Case from which the cross-notice is issued.[4] Any Party may avail itself of any objection to the form of a question made by any other Party properly in attendance at a deposition without the need to be in attendance or express its joinder in the objection. Nothing in this provision shall

---

[4] For the avoidance of doubt, a Party may not subpoena or cross-notice a deposition noticed in the other Pending Case, and thus may not treat such deposition as having been obtained from discovery in that Party's Pending Case, where doing so would result in exceeding that Party's applicable discovery limits.

restrict counsel for a Party from attending all depositions noticed in the Pending Case where they are a Party without cross-noticing that deposition.

13. The time limits on depositions established by Fed. R. Civ. P. 30(d)(2) shall apply to all depositions, except as follows:

14. Any deposition of a Defendant or a current or former Defendant employee noticed in his or her individual capacity pursuant to Fed. R. Civ. P. 30(b)(1) that is noticed or cross-noticed by multiple Parties shall be limited to eleven (11) hours of questioning time, except that the parties may modify this limit by agreement or leave of the Court. The noticing and cross-noticing Parties for any such deposition of a Defendant or current or former Defendant employee will use best efforts to agree on an allocation of deposition time. One (1) hour of the total allotted time for any deposition of a Defendant or a current or former Defendant employee shall be reserved for questioning by the deponent's counsel.

15. In the event that a deposition of a Non-Party is noticed or cross-noticed by multiple Parties, the Parties agree that, absent good cause, they will not oppose an extension of the time limit for that deposition to up to eleven (11) hours. The Parties, along with the Non-Party at issue, may modify this limit by agreement or leave of the Court.

16. If any of Government Plaintiffs, MDL Plaintiffs, Syngenta, or Corteva is properly present at a Non-Party deposition in that Party's Pending Case, consistent with the limitations set forth in Paragraph 12, but any such Party has not noticed the

8

deposition, the non-noticing side shall be entitled to no less than one (1) hour of questioning time taken from the total allotted time of the deposition.[5]

17. If the deposition of a Non-Party is noticed by at least one Plaintiff and at least one Defendant, unless otherwise agreed to or ordered by the Court, the Government Plaintiffs and MDL Plaintiffs, collectively, shall be allotted fifty (50) percent of the total deposition time, and the Defendants, collectively, shall be allotted fifty (50) percent of the total deposition time.

18. No witness shall be deposed twice absent agreement by the Parties or an order from the Court upon a showing of good cause. A Party in any Pending Case may use deposition testimony taken in the other Pending case to the extent allowed under the applicable Federal Rules of Civil Procedure or Federal Rules of Evidence.

## PROTECTION OF CONFIDENTIAL INFORMATION

19. The Protective Order currently in effect in each Pending Case, as well as any future Protective Orders entered in each Pending Case, are hereby modified to permit the disclosure and production of Protected Material (as defined therein) to each Party, and the use of such material by each Party, as if they were a Party to the Protective Order in each Pending Case.

---

[5] For the avoidance of doubt, the Government Plaintiffs and MDL Plaintiffs shall collectively be entitled to one hour of questioning time for a Non-Party deposition noticed by one or more Defendants, and Corteva and Syngenta shall collectively be entitled to one hour of questioning time for a Non-Party deposition noticed one or more Plaintiffs.

20. The Protective Order in effect in each Pending Case shall govern the handling by the Parties to such Pending Case of protected material produced hereunder, and, unless modified by the designating party, confidentiality designations applied in one Pending Case shall apply in all Pending Cases.

**IT IS SO ORDERED.**

Dated: _____   _____
United States District Judge

# SCHEDULE A

# CONTACT ATTORNEYS[6]

*Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, **Civil Action No. 22-cv-828-TDS-JEP**

Government Plaintiffs

Allyson M. Maltas, amaltas@ftc.gov
Joseph R. Baker, jbaker1@ftc.gov
Wesley G. Carson, wcarson@ftc.gov
Elizabeth A. Gillen, egillen@ftc.gov
Michael J. Turner, mturner@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Paul J. Harper, Paul.Harper@ilag.gov
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC

Patrick M. Kane, pkane@foxrothschild.com
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401

Paul S. Mishkin, paul.mishkin@davispolk.com
James I. McClammy, james.mcclammy@davispolk.com
Benjamin M. Miller, benjamin.miller@davispolk.com
Daniel J. Thomson, daniel.thomson@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

---

[6] The Parties may amend or modify this list by notifying the Contact Attorneys listed in this Schedule A.

Defendant Corteva, Inc.

Mark E. Anderson, manderson@mcguirewoods.com
Armina A. Manning, aamanning@mcguirewoods.com
McGuire Woods LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601

David R. Marriott, dmarriott@cravath.com
Margaret T. Segall, msegall@cravath.com
Jesse M. Weiss, jweiss@cravath.com
Benjamin J. Bauer, bbauer@cravath.com
Maximilian J. Auerbach, mauerbac@cravath.com
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

***In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP**

MDL Plaintiffs

Dan Brockett, danbrockett@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601

Jeremy Andersen, jeremyandersen@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Yifan (Kate) Lv, KLv@koreintillery.com
Korein Tillery P.C.
707 Broadway, Suite 1410
San Diego, CA 92101

Labeat Rrahmani, LRrahmani@koreintillery.com
Korein Tillery LLC
205 N Michigan Avenue, Suite 1950
Chicago, IL 60601

Michael Eisenkraft, meisenkraft@cohenmilstein.com

Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, New York 10005

Nina Jaffe-Geffner, njaffegeffner@cohenmilstein.com
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, 5th Floor
Washington, DC 20005

Vincent Briganti, vbriganti@lowey.com
Margaret MacLean, mmaclean@lowey.com
Lowey Dannenberg, PC
44 South Broadway, Suite 1100
White Plains, New York 10601

Lyn K. Broom, lbroom@pckb-law.com
Pinto Coates Kyre & Bowers, PLLC
3203 Brassfield Road
Greensboro, NC 27410

<u>Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC</u>

Patrick M. Kane, pkane@foxrothschild.com
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401

Paul S. Mishkin, paul.mishkin@davispolk.com
James I. McClammy, james.mcclammy@davispolk.com
Benjamin M. Miller, benjamin.miller@davispolk.com
Daniel J. Thomson, daniel.thomson@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

<u>Defendant Corteva, Inc.</u>

Mark E. Anderson, manderson@mcguirewoods.com
Armina A. Manning, aamanning@mcguirewoods.com
McGuire Woods LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601

3

Case 1:22-cv-00828-TDS-JEP   Document 216-1   Filed 06/14/24   Page 13 of 14

David R. Marriott, dmarriott@cravath.com
Margaret T. Segall, msegall@cravath.com
Jesse M. Weiss, jweiss@cravath.com
Benjamin J. Bauer, bbauer@cravath.com
Maximilian J. Auerbach, mauerbac@cravath.com
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001