# Exhibit B

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, | Case No. 1:22-cv-00828-TDS-JEP |
| Plaintiffs, | |
| v. | **RESPONSES AND OBJECTIONS OF DEFENDANTS SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, AND SYNGENTA CROP PROTECTION, LLC TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (together, "Syngenta"), by and through counsel, submit the following Responses and Objections to the First Set of Requests for Production of Documents (the "Requests," and each a "Request") from Plaintiffs Federal Trade Commission and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin ("Plaintiffs"), dated April 19, 2024, in the above-captioned action (the "Action").

These Responses and Objections shall not be deemed an admission as to any fact, a concession as to the relevancy, materiality, or admissibility of any of the information sought, or a

waiver of any rights or defenses that Syngenta has or may assert with respect to any claim. Syngenta expressly reserves all rights and defenses, including with respect to personal jurisdiction. Subject to and without waiving any of the following objections, counsel for Syngenta is available to meet and confer in good faith with Plaintiffs concerning the Requests and these Responses and Objections.[1]

## GENERAL OBJECTIONS

The following general objections ("General Objections") apply to, and are incorporated by reference into, each response to each Request, without further reference, as set forth below. Nothing in these Responses and Objections should be construed as a waiver of these General Objections. Not listing an objection herein does not constitute a waiver of that objection or otherwise preclude Syngenta from raising that objection later. Syngenta's failure to object to a Request, or any future agreement to produce responsive documents, is not a representation that any such documents exist or are within Syngenta's possession, custody, or control. Any future production pursuant to the Requests or otherwise is not to be construed as an admission that any Request is proper. Syngenta reserves the right to supplement or amend these Responses and Objections as discovery and fact development progress. Subject to and without waiving any of the following objections, counsel for Syngenta is available to meet and confer in good faith with Plaintiffs concerning the Requests and these Responses and Objections.

1. Syngenta objects to the use of any information or documents produced in response to the Requests for any use other than in this Action. Any information and documents produced in response to the Requests, at an appropriate time once discovery has commenced, will be provided solely for use in this Action and for no other purpose.

---

[1] Enclosed as Appendix A are Syngenta's proposed custodians and search terms for these RFPs.

2

2.     Syngenta objects to the Requests to the extent they seek to impose obligations beyond the requirements of the Federal Rules of Civil Procedure, the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, or other applicable rules, laws, case law, or court orders (collectively, the "Applicable Rules"). Syngenta will respond to each Request in accordance with its obligations under the Applicable Rules.

3.     Syngenta objects to the Requests to the extent they would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. To the extent that Syngenta agrees to provide such information or documents, it is subject to Syngenta's compliance with any notice and/or other obligations in advance of the disclosure.

4.     Syngenta objects to the Requests to the extent they seek the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Any disclosure of such privileged or protected material is inadvertent and not intended to waive those privileges.

5.     Syngenta objects to the Requests to the extent they purport to require preservation, search, and/or production of electronically stored information ("ESI") that is not stored on active systems, but is stored on, for example, disaster recovery systems, or on systems, backup tapes, or other media that are no longer part of normal business operations. Such ESI is not reasonably accessible, would be unduly burdensome and costly to recover, and is likely duplicative of information available from other more readily accessible sources.

6.     Syngenta objects to the Requests to the extent they purport to require preservation,

3

search, and/or production of ESI that is not stored within the United States. Such ESI would be unduly burdensome and costly to search and produce, imposing burdens and expenses that outweigh any likely benefit and are not proportional to the needs of the case.

7. Syngenta objects to the Requests to the extent they seek information or documents that are not relevant to any party's claim or defense, or the subject matter of the Action.

8. Syngenta objects to the Requests to the extent they are not proportional to the needs of the case, are not reasonably calculated to lead to the discovery of admissible evidence, impose burdens and expenses that outweigh their likely benefit, or are otherwise outside the proper scope of discovery.

9. Syngenta objects to the Requests to the extent they are vague, ambiguous, or capable of multiple interpretations; fail to describe each item or category of item to be produced or inspected with reasonable particularity; and/or lack sufficient precision to allow Syngenta to formulate an appropriate response. Where possible, Syngenta has made reasonable assumptions as to Plaintiffs' intended meaning and has responded accordingly, but Syngenta preserves its objections as to vagueness and ambiguity.

10. Syngenta objects to the Requests to the extent they are overbroad, unduly burdensome, duplicative, premature, or oppressive; and/or with which compliance would be unreasonably difficult and prohibitively expensive or time-consuming.

11. Syngenta objects to the Requests to the extent they call for documents that are not in the possession, custody, or control of Syngenta; to the extent they purport to require Syngenta to create, generate, compile, or develop documents not already in existence or otherwise in Syngenta's possession, custody, or control; or to the extent they purport to impose an obligation on Syngenta to conduct anything beyond a reasonable search of readily accessible files where

4

responsive documents reasonably would be expected to be found.

12. Syngenta objects to the Requests to the extent they seek production of, or ask Syngenta to identify, documents that are already in the possession, custody, or control of Plaintiffs; are cumulative or duplicative, in whole or in part, of documents that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC's investigation of Syngenta (among others) that preceded and informed the filing of the complaint in this Action (the "FTC Investigation"), or are otherwise obtainable from another source that is more convenient, less burdensome, or less expensive.

13. Syngenta objects to the Requests to the extent they are argumentative or contain inaccurate descriptions, lack foundation, assume the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen, or incorporate allegations and assertions that are disputed or erroneous. In responding and objecting to the Requests, Syngenta does not admit or otherwise concede the correctness or truth of any such assertions. Syngenta's Responses and Objections, and any production of documents or provision of information in response to the Requests, are not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission as to any fact in dispute or a waiver of any rights or defenses Syngenta has asserted or may assert with respect to any claim. Syngenta reserves all objections as to the admissibility at any trial, arbitration, or other proceeding of any document provided pursuant to the Requests, including, without limitation, all objections on the grounds that the information contained therein is not relevant or material.

## OBJECTIONS TO INSTRUCTIONS

Subject to and without waiver of the General Objections, which are incorporated by reference into each of the Specific Responses and Objections set forth below, Syngenta responds to the Instructions as follows:

1.      Syngenta objects to the Instructions to the extent they seek to impose burdens or obligations on Syngenta beyond those imposed by the Applicable Rules.  Syngenta will construe the Instructions in accordance with the Applicable Rules.

2.      Syngenta objects to Instruction No. 1 to the extent it calls for documents not in the possession, custody, or control of Syngenta.  Syngenta further objects to Instruction No. 1 as overbroad, unduly burdensome, and not limited to the subject matter of the Action to the extent it calls for "[d]ocuments generated, prepared, created, sent, or received during the period from twenty-four (24) months prior to the AI first being included in a Loyalty Program to the present," including insofar as this period exceeds the statute of limitations for the claims in this Action. Syngenta is willing to meet and confer with counsel for Plaintiffs regarding the relevant time period.

3.       Syngenta objects to Instruction No. 2 to the extent it calls for documents not in the possession, custody, or control of Syngenta, and to the extent it purports to impose upon Syngenta obligations greater than those set forth by the Applicable Rules.

4.      Syngenta objects to Instruction No. 5 to the extent it purports to impose upon Syngenta obligations greater than those set forth by the Applicable Rules.

5.      Syngenta objects to Instruction No. 6 to the extent it purports to impose upon Syngenta obligations greater than those set forth by the Applicable Rules.

6. Syngenta objects to Instruction No. 7(d) to the extent it purports to impose upon Syngenta obligations greater than those set forth by the Applicable Rules.

7. Syngenta objects to Instruction No. 10 to the extent it purports to impose upon Syngenta obligations greater than those set forth by the Applicable Rules.

8. Syngenta incorporates all of the foregoing General Objections, Objections to Definitions, and Objections to Instructions and Relevant Time Period into each Specific Response and Objection as if presented therein.

## OBJECTIONS TO DEFINITIONS

Subject to and without waiver of the General Objections, which are incorporated by reference into each of the Specific Responses and Objections set forth below, Syngenta responds to the Definitions as follows:

1. Syngenta objects to Plaintiffs' definitions of "Company," "the Company," and "Syngenta," and to any Definition, Instruction, or Request incorporating such definitions, as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the terms to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.

2. Syngenta objects to Plaintiffs' definition of "Active Ingredient," and to any Definition, Instruction, or Request incorporating that definition, as overbroad, unduly burdensome, and not limited to the subject matter of the Action with respect to Syngenta, including because it is not limited to the active ingredients at issue with respect to Syngenta in the Action, namely azoxystrobin, mesotrione, and metolachlor.

3. Syngenta objects to Plaintiffs' definitions of "Communications," "Documents,"

7

and "Data Set," and to any Definition, Instruction, or Request incorporating those definitions, as overbroad and unduly burdensome to the extent they purport to seek information that is not within Syngenta's possession, custody, or control, and purport to impose upon Syngenta obligations greater than those set forth by the Applicable Rules. Syngenta shall construe those terms as limited in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

4.    Syngenta objects to Plaintiffs' definitions of "Crop Protection Products," "Manufacturing-Use Crop Protection Product," and "End-Use Crop Protection Product," and to any Definition, Instruction, or Request incorporating those definitions, as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because they are not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor.

5.    Syngenta objects to Plaintiffs' definition of "Exclusivity Condition," and to any Definition, Instruction, or Request incorporating that definition, to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the program at issue with respect to Syngenta in the Action, namely Key AI.

6.    Syngenta objects to Plaintiffs' definition of "Loyalty Program(s)," and to any Definition, Instruction, or Request incorporating that definition, to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further

8

objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the program at issue with respect to Syngenta in the Action, namely Key AI.

7.     Syngenta objects to Plaintiffs' definition of "Loyalty Products" and to any Definition, Instruction, or Request incorporating that definition, to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen.  Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** Unless previously produced, for each of the following Specifications contained in the Subpoena Duces Tecum issued to the Company on May 26, 2020 and the Civil Investigative Demand issued to the Company on December 4, 2021, provide all Documents responsive to the listed Specifications for the time periods requested by Instruction 1:

    (a)    For the Subpoena Duces Tecum issued on May 26, 2020, Specifications 1, 3, 12, 13, and 21;

    (b)    For the Civil Investigative Demand issued on December 4, 2021, Specifications 3, 5, 6, and 7.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy.  Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work

product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 2:** Unless previously produced, for each of the following Specifications contained in the Subpoena Duces Tecum issued to the Company on May 26, 2020, provide all Documents responsive to the listed Specifications, replacing the phrase "Relevant Product" for "Loyalty Product" (as defined in these Requests) for the time periods requested by Instruction 1: Specifications 5, 6, 7, 8, 11, 16, 19, and 20.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work

product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to the use of the defined term "Loyalty Product" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 3:** Unless previously produced, for each of the following Specifications contained in the Subpoena Duces Tecum issued to the Company on May 26, 2020, provide all Documents responsive to the listed Specifications, replacing the phrase "Relevant Product" for "Covered Crop Protection Product" (as defined in these Requests) for the time periods requested by Instruction 1: Specifications 4, 9, 10, 15, and 17.

11

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the use of the defined term "Covered Crop Protection Product" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to

12

this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 4:** All Documents and Communications received by or exchanged between the Company and any non-party (whether informally or pursuant to a subpoena duces tecum or other formal process), in, regarding, or pursuant to this litigation or in any other litigation relating to any Exclusivity Condition, including *In re: Crop Protection Products Loyalty Program Antitrust Litigation*, Case No. 1:23-md-3062-TDS-JEP (W.D.N.C.) and *State of Arkansas v. Syngenta Crop Protection AG*, Case No. 4:22-cv- 01287-BSM (E.D. Ark.).

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the use of the defined term "Exclusivity Condition" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because Plaintiffs' definition of "Exclusivity Condition" is not limited to the program at issue with respect to Syngenta in the

13

Action, namely Key AI. Syngenta further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the Action, and seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks "[a]ll Documents and Communications . . . pursuant to this litigation or in any other litigation relating to any Exclusivity Condition" without limitation or tailoring to the claims or defenses at issue in this Action. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 5:** All Documents produced by the Company, transcripts of depositions and hearings, discovery requests and responses served and documents filed in any other litigation relating to any Exclusivity Condition, including: *In re: Crop Protection Products Loyalty Program Antitrust Litigation*, Case No. 1:23-md-3062-TDS-JEP (W.D.N.C.) and *State of Arkansas v. Syngenta Crop Protection AG*, Case No. 4:22-cv-01287-BSM (E.D. Ark.).

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection,

14

LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the use of the defined term "Exclusivity Condition" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because Plaintiffs' definition of "Exclusivity Condition" is not limited to the program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to this Request as vague and ambiguous as to the term "hearings" which is susceptible to multiple meanings and not defined. Syngenta further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the Action, and seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks "[a]ll Documents produced by the Company, transcripts of depositions and hearings, discovery requests and responses served and documents filed in any other litigation relating to any Exclusivity Condition" without limitation or tailoring to the claims or defenses at issue in this Action. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta is willing to meet and confer with counsel for Plaintiffs regarding this Request.

**REQUEST NO. 6:** All Documents concerning and/or discussing the Federal Trade Commission's investigation of the Company, FTC File No. 191-0031, and/or this Litigation, including the Company's compliance with any civil investigative demand or subpoena issued to the Company in the course of that investigation or this Litigation.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta is willing to meet and confer with counsel for Plaintiffs regarding this Request.

**REQUEST NO. 7:** All Documents that the Company intends to rely upon or use at trial and/or relies upon to answer interrogatories.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which

Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the Action, and seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks information related to "[a]ll Documents that the Company intends to rely upon or use" without limitation or tailoring to the trial or interrogatories in this Action. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to this Request to the extent it purports to impose obligations on Syngenta greater than the Applicable Rules.

**REQUEST NO. 8:** Documents sufficient to show, for each Loyalty Product or Crop Protection Product that the Company considered adding to a Loyalty Program developed, manufactured, offered for sale, or sold by the Company, such product's (a) identity and description, (b) chemical composition, (c) market segment (as defined by the Company), and (d) closest substitutes (as identified by the Company).

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the

disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the phrase "chemical composition," which is susceptible to multiple meanings and not defined. Syngenta further objects to the use of the defined terms "Loyalty Product" and "Crop Protection Product" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of this Request beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 9:** All Documents relating to the services, capabilities, and other benefits provided by Persons (other than basic or generic manufacturers) involved in the distribution or sale of Crop-Protection Products, including assessments, analyses, or comparisons of the benefits provided by such Persons compared with any other method of distribution or sale of Crop-Protection Products.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the terms "assessments, analyses, or comparisons" and "services, capabilities, and other benefits" which, in the context of this Request, are susceptible to multiple meanings and not defined. Syngenta further objects to the use of the defined term "Crop Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because they are not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

19

**REQUEST NO. 10:** All Documents relating to assessments or analyses of the pricing or profits of any Persons (other than basic or generic manufacturers) involved in the distribution or sale of Crop-Protection Products, and the effect of any Benefits received from Loyalty Programs on the pricing or profits of any such Persons, including analyses, calculations, or estimates of the actual or intended pass-through of loyalty Benefits by any such Person.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the phrases "assessments or analyses" and "calculations, or estimates of the actual or intended pass-through" which, in the context of this Request, are susceptible to multiple meanings and not defined. Syngenta further objects to the use of the defined term "Crop Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because they are not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Loyalty Program(s)" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to this Request because it

20

seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 11:** All Communications between the Company and Persons (other than basic or generic manufacturers) involved in the distribution or sale of Crop-Protection Products relating to: (1) the price or terms on which Crop-Protection Products are distributed or sold; (2) the distribution or sale of Crop-Protection Products by any other Person; and (3) Loyalty Programs.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the use of the defined term "Crop Protection

21

Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because they are not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Loyalty Program(s)" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 12:** All Documents relating to the allocation of Crop-Protection Products to any Person (other than basic or generic manufacturers) involved in the distribution or sale of Crop-Protection Products.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to

22

personal data and privacy.  Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the Action, and seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks information regarding "[a]ll Documents relating to the allocation of Crop-Protection Products to any Person" without limitation or tailoring to the claims or defenses at issue in this Action.  Syngenta further objects to the use of the defined term "Crop-Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop-protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor.  Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 13:** All Documents, including assessments, analyses and strategic plans, related to any consideration of terminating any Loyalty Program, including any analysis of any possible effect such termination may have on the Company's business, competition, sales, pricing and/or profitability.

23

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the terms "assessments, analyses and strategic plans" which, in the context of this Request, are susceptible to multiple meanings and not defined. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the use of the defined term "Loyalty Program(s)" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from

24

productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 14:** All Documents relating to any scientific data required to be submitted when registering a Crop-Protection Product or compensation owed to the original registration of a Crop-Protection Product under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 et seq. (1996).

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the terms "scientific data" which, in the context of this Request, is susceptible to multiple meanings and not defined. Syngenta further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the Action, and seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks information regarding "any scientific data required to be submitted when registering a Crop-Protection Product" without limitation or tailoring to the claims or defenses at issue in this Action. Syngenta further objects to the use of the defined term "Crop-

25

Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop-protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of Request No. 15, as well as documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta is willing to meet and confer with counsel for Plaintiffs regarding this Request.

**REQUEST NO. 15:** All Documents relating to data compensation owed to the Company for any Loyalty Product under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C.§ 136 et seq. (1996).

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the terms "data compensation" which, in the context of this Request, is susceptible to multiple meanings and not defined. Syngenta further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the Action, and seeking information not relevant to the claims or defenses in this Action. Syngenta further objects to the use of the defined term "Company" as

26

overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the use of the defined term "Loyalty Product" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop-protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 16:** All Documents relating to the effects of any Loyalty Program on the Company's research and development of any Crop-Protection Product.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to

personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the term "effects" which is susceptible to multiple meanings and not defined. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the use of the defined term "Crop-Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop-protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Loyalty Program(s)" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

28

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 17:** For January 1, 2002 to the present, copies of all Loyalty Programs and all actual or contemplated Exclusivity Conditions for any Crop-Protection Product, and all Documents relating to:

(a)     the terms of any Loyalty Program or Exclusivity Condition;

(b)     Plans and the implementation of any Plans relating to the Company's use of any Loyalty Program or Exclusivity Condition, including: (1) the Company's decision to initiate, maintain, or discontinue Exclusivity for any Crop-Protection Product or Active Ingredient, (2) the Company's decision to set or change the terms of an Exclusivity Condition, and (3) the Company's decision to make the terms of Loyalty Programs public or nonpublic;

(c)     the actual, expected, contemplated, or potential effects of any such Loyalty Program or Exclusivity Condition, whether implemented by the Company or any other Basic Manufacturer, on competition for, prices of (including prices to distributors, retailers, and growers), performance of, output of, revenues for, and costs of any Crop-Protection Product;

(d)     assessments of the sales or profitability of Crop-Protection Products in geographies or time periods with Loyalty Programs or Exclusivity Conditions, including Loyalty Programs or Exclusivity Conditions implemented by the Company or any other Basic Manufacturer, in comparison to the sales or profitability of Crop-Protection Products in geographies or time periods without Loyalty Programs or Exclusivity Conditions;

(e)     the origin or purpose of any Loyalty Program;

(f)     the actual or expected value of any Loyalty Programs or Exclusivity Condition to the Basic Manufacturer implementing such Loyalty Program or Exclusivity Condition or to any other Person sourcing an Active Ingredient from such Basic Manufacturer; or

(g)     assessments of the sales or profitability of Crop-Protection Products that are subject to Loyalty Programs or Exclusivity Conditions, whether implemented by the Company or any other Basic Manufacturer, in comparison to the sales or profitability of Crop-Protection Products that are not subject to Loyalty Programs or Exclusivity Conditions.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by

29

the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the phrase "expected, contemplated, or potential effects" which, in the context of this Request, is susceptible to multiple meanings and not defined. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the use of the defined term "Crop Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Active Ingredients" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the active ingredients at issue with respect to Syngenta in the Action, namely azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Loyalty Program(s)" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the

30

program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to the scope of this Request ("from January 2002 to the present") as overbroad, unduly burdensome, and not limited to the subject matter of the Action. The burden and expense of searching for and producing the granular information requested over a period spanning nearly twenty-two years far outweighs any likely benefit that may be obtained from such information. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 18:** From January 1, 2002 to the present, all documents relating to determining eligibility for or financial accounting of, any Benefit accrued or paid under any Loyalty Program, including all documents relating to any strategies, methods, or tools used to determine or track any Person's eligibility for any Loyalty Program or for Benefits under a Loyalty Program, including audits of purchases.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work

product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to the use of the defined term "Loyalty Program(s)" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to the scope of this Request ("from January 2002 to the present") as overbroad, unduly burdensome, and not limited to the subject matter of the Action. The burden and expense of searching for and producing the granular information requested over a period spanning nearly twenty-two years far outweighs any likely benefit that may be obtained from such information. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 19:** All Communications with Persons relating to Exclusivity Provisions and/or Loyalty Programs, including but not limited to, negotiations or discussions of the terms of those Exclusivity Provisions and/or Loyalty Programs, requirements to achieve any Benefit, determining eligibility for any Benefit, audits of purchases to determine eligibility to achieve any Benefit, and complaints about Exclusivity Provisions and/or Loyalty Programs.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to the use of the defined term "Loyalty Program(s)" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to the use of the defined term "Exclusivity Condition" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen. Syngenta further objects to this definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because Plaintiffs' definition of "Exclusivity Condition" is not limited to the program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the Action, and seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks "[a]ll Communications with Persons relating to Exclusivity Provisions and/or Loyalty Programs" and is

33

expressly "not limited to" the "negotiations or discussions of the terms of those Exclusivity Provisions," nor otherwise tailored to the claims or defenses in this Action. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 20:** All Documents relating to allegations that the Company has engaged in anticompetitive or unfair conduct in the manufacture or sale of Crop-Protection Products, including complaints from actual or potential Customers or other Persons; threatened, pending, or completed lawsuits; and federal and state investigations.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the term "threatened" which, in the context of this Request, is susceptible to multiple meanings and not defined. Syngenta further objects to this Request as overbroad, unduly burdensome, not

34

proportional to the needs of the Action, and seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks "[a]ll Documents relating to allegations that the Company has engaged in anticompetitive or unfair conduct in the manufacture or sale of Crop-Protection Products" without limitation to the claims or defenses in this Action. Syngenta further objects to the use of the defined term "Crop Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 21:** All Documents relating to any actual, threatened, or anticipated instance of the Company failing or refusing to meet a current or former Customer's request or order for any Crop-Protection Product (whether any existing Product or a new Product, without limitation), including any allocation of Crop-Protection Products or termination of any supply, distributor, or retailer agreement related in any way to an actual or perceived failure by the

35

Customer to agree to or meet the requirements of any Exclusivity Provision, whether or not related to that Crop-Protection Product.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the terms "threatened" and "anticipated" which, in the context of this Request, are susceptible to multiple meanings and not defined. Syngenta further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the Action, and seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks "[a]ll Documents relating to any actual, threatened, or anticipated instance of the Company failing or refusing to meet a current or former Customer's request or order for any Crop-Protection Product" without limitation or tailoring to the claims or defenses in this Action. Syngenta further objects to the use of the defined term "Exclusivity" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because Plaintiffs' definition of "Exclusivity" is not limited to the program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop

36

Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 22:** All actual or potential Agreements or proposals between the Company and any Person relating to the sale of Crop Protection Products, including Documents relating to any actual or potential Agreement or proposal for:

    (a)    the Company's supply or purchase of any Crop-Protection Product, including sales by the Company of Crop-Protection Products for use as (or to be formulated into) a Customer's private label products, or

    (b)    the inbound or outbound "third-party" or "industrial" sale or purchase of a Crop-Protection Product to or from a Competitor.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as vague and ambiguous as to the terms "private label products" and "inbound or outbound 'third-party' or 'industrial' sale or purchase" which, in

the context of this Request, are susceptible to multiple meanings and not defined. Syngenta further objects to the use of the defined term "Crop Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 23:** All Documents relating to actual or potential Agreements or proposals between the Company and any Basic Manufacturer relating to the sale of Crop Protection Products, including the April 27, 2015 mesotrione supply agreement between Syngenta Crop Protection LLC and Dow Agrosciences and any predecessor or successor agreements.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by

38

the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to the use of the defined term "Crop Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 24:** All Documents related to Syngenta_FTC_00604960 (entitled "Post-patent Strategy: Product Handbook"), any prior or subsequent versions of such document or similar document, or any document referred to as a "White Book," including all drafts of, Communications about, analyses of, and data or other materials referenced to create any such documents.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to

this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Syngenta further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the Action, and seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks "all drafts of, Communications about, analyses of, and data or other materials referenced to create any such documents" without limitation or tailoring to the claims or defenses in this Action. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action, based on agreement to search terms and custodians, a proposal for which is identified in Appendix A.

**REQUEST NO. 25:** A current copy of the Company's Information Systems Diagram, or if the Company does not maintain an Information Systems Diagram, documents sufficient to show the information contained in an Information Systems Diagram, including:

(a)    documents sufficient to show the location, identity, and folder structure of any internal or third-party data storage systems or databases that may contain documents or data relating to Crop-Protection Products; and

(b)    documents sufficient to show all methods of communication used by any Company employee in the conduct of business involving Crop-Protection Products, including

Case 1:22-cv-00828-TDS-JEP   Document 219-3   Filed 06/28/24   Page 41 of 71

Messaging Applications, electronic email, internal or third-party chat programs, and text messages.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to the use of the defined term "Crop Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic documents responsive to this Request pursuant to the ESI protocol and protective order entered in this Action.

**REQUEST NO. 26:** All Documents Relating to Crop Protection Product sales data, import data, manufacturing data, market surveys, or other market data, research, or reports compiled, generated, prepared, created, sent, or distributed by any person other than the Company during the period from January 1, 2002 to the present, including any data or reports generated by the Company based on such materials, and including:

    (a)        Kynetec AgroTrak data and reports, including FIPS county-level data;
    (b)        Kynetec EZTrak data and reports, separately on a national and regional basis;
    (c)        Kynetec RetailTrak data and reports;
    (d)        Kynetec FarmTrak data and reports;
    (e)        Panjiva, Fanwood, or other import data and reports;

(g)     AgData data and reports;

(h)     Electronic Data Interchange data and reports, including expanded data corresponding to all fields included in Syngenta's prior, investigation-stage productions in Data Sets SYT-DATA-00000029 through SYT-DATA-00000031;

(i)     Stratus data and reports;

(j)     Kline and CropLife data and reports; and

(k)     Third-party indirect sales data.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including to the extent that it seeks information that Syngenta does not maintain in the ordinary course of business and purports to require Syngenta to create, generate, compile, or develop information not currently in Syngenta's possession, custody, or control. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to the use of the defined term "Crop Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the scope of this Request ("from January 2002 to the present") as overbroad, unduly burdensome, and not limited

42

to the subject matter of the Action. The burden and expense of searching for and producing the granular information requested over a period spanning nearly twenty-two years far outweighs any likely benefit that may be obtained from such information. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic data responsive to this Request pursuant to the ESI protocol and protective order entered in this Action. Syngenta will not produce any documents other than data in response to this Request.

**REQUEST NO. 27:** Data Sets sufficient to show, from January 2002 to present, transactional sales data for each of the Company's Crop Protection Products sold in, or for use in, the United States, broken down by State in which Crop Protection Products were sold, including:

(a) expanded data corresponding to all fields included in Syngenta's prior, investigation-stage productions in Data Set SYT-DATA-00000001, SYTDATA-00000002, and SYT-DATA-00000003 including but not limited to the product name, material number, price, net sales, and units;

(b) the EPA registration number;

(c) product classification indicating whether the product is a Manufacturing-Use Crop Protection Product or End-Use Crop Protection Product;

(d) product identification and classification variables used by the Company for the relevant Crop Protection Product, such as category, subcategory, segment, fighting brand, private label, or value-added product;

(e) the identity, Customer number(s), and classifications of the Customer to which the product was sold (e.g., manufacturer, distributor, independent retailer, cooperative, farmer, broker, size, location, and/or other (specify));

(f) the product name on packaging and any other names of the relevant End-Use Crop Protection Product sold by the Customer that incorporates such Crop Protection Product; and

(g) conversion factor to determine approximate acres treated per unit of the Crop Protection Product.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to

43

this Request as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including to the extent that it seeks information that Syngenta does not maintain in the ordinary course of business and purports to require Syngenta to create, generate, compile, or develop information not currently in Syngenta's possession, custody, or control. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to the use of the defined terms "Crop Protection Products," "Manufacturing-Use Crop Protection Product," and "End-Use Crop Protection Product" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because they are not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the scope of this Request ("from January 2002 to the present") as overbroad, unduly burdensome, and not limited to the subject matter of the Action. The burden and expense of searching for and producing the granular information requested over a period spanning nearly twenty-two years far outweighs any likely benefit that may be obtained from such information. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already

44

obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic data responsive to this Request pursuant to the ESI protocol and protective order entered in this Action.

**REQUEST NO. 28:** Data Sets sufficient to show, from January 2002 to present, monthly quantity, use, transfer, and pricing data for each of the Company's Manufacturing-Use Crop Protection Products, broken down by State if kept by State, including:

(a)      name of the Active Ingredient contained within the Manufacturing-Use Crop Protection Product;

(b)      pounds of the Manufacturing-Use Crop Protection Product manufactured by the Company;

(c)      for Manufacturing-Use Crop Protection Products acquired from a manufacturer other than the Company, pounds and costs in dollars of the Manufacturing-Use Crop Protection Product acquired (listing imports and US production separately);

(d)      units and costs in dollars of End-Use Crop Protection Products acquired from a manufacturer other than the Company (listing imports and US production separately), and a conversion factor to determine pounds of Manufacturing-Use Crop Protection Product per unit of the End-Use Crop Protection Product;

(e)      pounds of Manufacturing-Use Crop Protection Product used to make End-Use Crop Protection Products internally, including:

         i.      the internal transfer price;

         ii.      ii. the list of End-Use Crop Protection Products created with the Manufacturing-Use Crop Protection Product;

         iii.      iii. conversion factor to determine pounds of Manufacturing-Use Crop Protection Product per unit of the End-Use Crop Protection Product;

(f)      volume of each End-Use Crop Protection Product created with the Manufacturing-Use Crop Protection Product (listing U.S. market and international market volumes separately);

(g)      the net revenue and pounds of the Manufacturing-Use Crop Protection Product sold externally, broken down by State in which Crop Protection Products were sold, including

         i.      the net price;

         ii.      the list of End-Use Crop Protection Products created with the Manufacturing-Use Crop Protection Product;

         iii.      conversion factor to determine pounds of Manufacturing-Use Crop Protection Product per unit of the End-Use Crop Protection Product;

         iv.      volume of each End-Use Crop Protection Product created with the Manufacturing-Use Crop Protection Product (listing U.S. market and international market volumes separately).

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including to the extent that it seeks information that Syngenta does not maintain in the ordinary course of business and purports to require Syngenta to create, generate, compile, or develop information not currently in Syngenta's possession, custody, or control. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to this Request as vague and ambiguous as to the terms "use" and "transfer" which, in the context of this Request, are susceptible to multiple meanings and not defined. Syngenta further objects to the use of the defined terms "Crop Protection Products," "Manufacturing-Use Crop Protection Product," and "End-Use Crop Protection Product" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because they are not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Active Ingredients" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the active ingredients at issue with respect to Syngenta in the Action, namely azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to

46

mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the scope of this Request ("from January 2002 to the present") as overbroad, unduly burdensome, and not limited to the subject matter of the Action. The burden and expense of searching for and producing the granular information requested over a period spanning nearly twenty-two years far outweighs any likely benefit that may be obtained from such information. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic data responsive to this Request pursuant to the ESI protocol and protective order entered in this Action.

**REQUEST NO. 29:** Data Sets sufficient to show, from January 2002 to present, on an annual basis and by product, the Company's costs and margins with respect to the manufacture, transportation, promotion, and sale of Crop Protection Products, broken down by State in which Crop Protection Products were sold, including:

(h)     each component of cost of goods sold, including: (i) Active Ingredient; (ii) other ingredients; (iii) freight or shipping charges; (iv) storage; (v) direct labor; (vi) plant overhead; (vii) depreciation; and (viii) any other component of cost of goods sold tracked in the ordinary course of business, stated separately in dollars and indicating method of allocation, if any;

(i)     gross margins in dollars, indicating method of calculation;

(j)     each category of other expenses, including: (i) promotional expenses; (ii) marketing expenses; (iii) detailing expenses; (iv) advertising expenses; (v) research and development expenses, and (vi) any other significant expenses related to or allocated to each Crop Protection Product tracked in the ordinary course of business, stated separately in dollars;

(k)     net margins in dollars; and

(l)     expanded data sets corresponding to all fields included in Syngenta's prior, investigation-stage productions in Data Sets SYT-DATA-00000007 through SYT-DATA-00000021.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including to the extent that it seeks information that Syngenta does not maintain in the ordinary course of business and purports to require Syngenta to create, generate, compile, or develop information not currently in Syngenta's possession, custody, or control. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to the use of the defined term "Crop Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the scope of this Request ("from January 2002 to the present") as overbroad, unduly burdensome, and not limited to the subject matter of the Action. The burden and expense of searching for and producing the granular information requested over a period spanning nearly twenty-two years far outweighs any likely benefit that may be obtained from such information. Syngenta further objects to this Request because it seeks documents or information that are

48

cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can

obtain, will obtain, or have already obtained from other sources, including from productions

made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC

Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will

perform a reasonable search for and produce non-privileged, nonpublic data responsive to this

Request pursuant to the ESI protocol and protective order entered in this Action.

**REQUEST NO. 30:** Data Sets sufficient to show, from January 2002 to present, annual sales, pricing, cost, and margin data for each Covered Crop Protection Product sold by the Company worldwide from January 2002 to present, including:

    (a)      country and region;

    (b)      product name on packaging;

    (c)      any other product names used for marketing or other purposes;

    (d)      all product identification and classification variables used by the Company, such as category, subcategory, segment, fighting brand, private label, or value-added product;

    (e)      the SKU or other product number or identifier used by the Company;

    (f)      the formulation, including the concentration of each Active Ingredient(s);

    (g)      any applicable regulatory registration number;

    (h)      gross sales in US dollars;

    (i)      each component of any difference between gross sales and net sales, including any discounts, rebates, or other associated payments or credits to the Customer with respect to the sales, stated separately in dollars;

    (j)      net sales in US dollars;

    (k)      currency conversion used to transform local currency into dollars;

    (l)      units sold;

    (m)    average per-unit price net of discounts, rebates, and other associated payments and credits;

    (n)    each component of cost of goods sold, including: (i) Active Ingredient; (ii) other ingredients; (iii) freight or shipping charges; (iv) storage; (v) direct labor; (vi) plant overhead; (vii) depreciation; and (viii) any other component of cost of goods sold tracked in the ordinary course of business, stated separately in dollars and indicating method of allocation, if any;

    (o)      gross margins in dollars, indicating method of calculation;

    (p)      each category of other expenses, including: (i) promotional expenses; (ii) marketing expenses; (iii) detailing expenses; (iv) advertising expenses; (v) research and development expenses, and (vi) any other significant expenses related to or allocated to each Covered Crop Protection Product tracked in the ordinary course of business, stated separately in dollars; and

(q)     net margins in dollars.

(r)     conversion factor to determine pounds of each Active Ingredient per unit;

(s)     pounds of Active Ingredient sold;

(t)     conversion factor to determine approximate acres treated per unit; and

(u)     estimated acres treated.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including to the extent that it seeks "worldwide" data, or seeks information that Syngenta does not maintain in the ordinary course of business and purports to require Syngenta to create, generate, compile, or develop information not currently in Syngenta's possession, custody, or control. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to the use of the defined term "Crop Protection Product" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Active Ingredient" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the active ingredients at issue with respect to Syngenta in the Action, namely azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop

50

Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the scope of this Request ("from January 2002 to the present") as overbroad, unduly burdensome, and not limited to the subject matter of the Action. The burden and expense of searching for and producing the granular information requested over a period spanning nearly twenty-two years far outweighs any likely benefit that may be obtained from such information. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic data responsive to this Request pursuant to the ESI protocol and protective order entered in this Action.

**REQUEST NO. 31:** From 2002 to the present, all data, documents, and calculations related to Customer qualification with respect to Active-Ingredient-based Exclusivity Conditions offered by the Company, including:

(a)     Customer name;

(b)     names of the program, Agreement, and offer containing the Exclusivity Condition;

(c)     Active Ingredient subject to the Exclusivity Condition;

(d)     share threshold(s) required to satisfy the Exclusivity Condition in whole or in part;

(e)     whether each share threshold was satisfied;

(f)     total qualifying sales/purchases of Company Crop Protection Products by the Customer, allocated on a state-by-state basis, during the program year (numerator of share calculation);

(g)     detail by product of all qualifying sales/purchases of Company Crop Protection Products by the Customer during the program year, including product name, SKU or other product number or identifier, units, price, and net sales/purchases;

(h)     total sales/purchases of all relevant Crop Protection Products by the Customer during the program year (denominator of share calculation);

(i)     detail by product of all sales/purchases, on a state-by-state basis, of all relevant Crop Protection Products by the Customer during the program year, including product name, SKU or other product number or identifier, units, price, net

51

sales/purchases, and whether such sale/purchase is counted for or against the applicable share threshold, or held neutral or outside the calculation;

(j)     total amount, in dollars, of Benefit earned by the Customer as a result of the Customer meeting the share threshold;

(k)     total amount, in dollars, of payments made (or other Benefit conferred) to the Customer by the Company contingent upon the Customer satisfying the Exclusivity Condition in whole or in part;

(l)     detail of calculations underlying all such contingent payments, including, for all payment-eligible sales/purchases of Company Crop Protection Products by the Customer, product name, SKU or other product number or identifier, units, price, and net sales/purchases, and amount or percentage rate of payment;

(m)    names of any additional programs, incentives, or offers that became available to Customer based on Customer satisfying Exclusivity Condition;

(n)     total amount (in dollars) of payments made (or other Benefit conferred) to the Customer by the Company pursuant to such additional program, incentive, or offer; and

(o)     expanded data corresponding to all fields included in Syngenta's prior, investigation-stage productions in Data Sets SYT-DATA-00000033 through SYT-DATA-00000042 and in any other "RMS" Data Sets submitted in connection with Syngenta's investigation-stage advocacy.

**RESPONSE:**  Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Syngenta further objects to this Request as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including to the extent that it seeks information that Syngenta does not maintain in the ordinary course of business and purports to require Syngenta to create, generate, compile, or develop information not currently in Syngenta's possession, custody, or control.  Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy.  Syngenta further objects to the use of the defined term "Exclusivity Condition" to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen.  Syngenta further objects to this

52

definition as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because Plaintiffs' definition of "Exclusivity Condition" is not limited to the program at issue with respect to Syngenta in the Action, namely Key AI. Syngenta further objects to the use of the defined term "Active Ingredients" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is expressly "not limited to" the active ingredients at issue with respect to Syngenta in the Action, namely azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the use of the defined term "Crop-Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop-protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the scope of this Request ("from 2002 to the present") as overbroad, unduly burdensome, and not limited to the subject matter of the Action. The burden and expense of searching for and producing the granular information requested over a period spanning nearly twenty-two years far outweighs any likely benefit that may be obtained from such information. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

53

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic data responsive to this Request pursuant to the ESI protocol and protective order entered in this Action. Syngenta will not produce any documents other than data in response to this Request.

**REQUEST NO. 32:** For every Data Set submitted by the Company in response to the FTC's May 26, 2020 Subpoena Duces Tecum, the FTC's December 4, 2021 Civil Investigative Demand, or in the course of the FTC's pre-complaint investigation—including any Data Set submitted on a voluntary basis—and not separately referenced in a prior specification, a corresponding Data Set expanded to cover the time period from January 1, 2002 to the present and to cover all Crop Protection Products manufactured, produced, or sold by Company, including:

(a) Early Pay Cash Discount data corresponding to Data Sets SYT-DATA-00000004 and SYT-DATA-00000005;

(b) Production and facility data corresponding to Data Set SYT-DATA-00000022 and SYT-DATA-00000023;

(c) Intellectual property data corresponding to Data Sets SYT-DATA-00000025 through SYT-DATA-00000027; and

(d) Research and development project data corresponding to Data Set SYTDATA-00000006.

**RESPONSE:** Syngenta incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Syngenta further objects to this Request as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including to the extent that it seeks information that Syngenta does not maintain in the ordinary course of business and purports to require Syngenta to create, generate, compile, or develop information not currently in Syngenta's possession, custody, or control. Syngenta further objects to this Request to the extent it would require the production of documents or information as to which Syngenta owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy. Syngenta further objects to the use of the defined term "Company" as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection,

LLC. Syngenta will construe the term to mean Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC. Syngenta further objects to the use of the defined term "Crop-Protection Products" as overbroad, unduly burdensome, and not limited to the subject matter of the Action, including because it is not limited to the crop-protection products at issue with respect to Syngenta in the Action, namely those containing the active ingredients azoxystrobin, mesotrione, and metolachlor. Syngenta further objects to the scope of this Request ("from January 2002 to the present") as overbroad, unduly burdensome, and not limited to the subject matter of the Action. The burden and expense of searching for and producing the granular information requested over a period spanning nearly twenty-two years far outweighs any likely benefit that may be obtained from such information. Syngenta further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or have already obtained from other sources, including from productions made by Syngenta, or other parties or nonparties to the Action, in connection with the FTC Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Syngenta will perform a reasonable search for and produce non-privileged, nonpublic data responsive to this Request pursuant to the ESI protocol and protective order entered in this Action.

Dated: May 20, 2024                                 /s/ Patrick M. Kane
                                                    Patrick M. Kane
                                                    N.C. Bar No. 36861
                                                    pkane@foxrothschild.com
                                                    FOX ROTHSCHILD LLP
                                                    230 N. Elm Street, Suite 1200
                                                    PO Box 21927 (27420)
                                                    Greensboro, NC 27401
                                                    Telephone: 336.378.5200
                                                    Facsimile: 336.378.5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
James I. McClammy*
james.mcclammy@davispolk.com
Charles S. Duggan*
charles.duggan@davispolk.com
David Brendan Toscano*
david.toscano@davispolk.com
Daniel J. Thomson*
daniel.thomson@davispolk.com
Chui-Lai Cheung*
chui-lai.cheung@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

# Appendix A



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

| ████████ | ████████ |
|---|---|
| ████████ | ████ |
| ████████ | ██ |
| ████████ | ████ |
| ████████ | ████ |
| ████████ | ███ |
| ██████ | █████ |
| ██████ | ███ |
| ██████ | ███ |
| ████████ | ███ |
| ██████ | ███ |
| ██████ | ███ |

---

█ ████████████████████████████████████████

CONFIDENTIAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FEDERAL TRADE COMMISSION,
STATE OF CALIFORNIA, STATE OF
COLORADO, STATE OF ILLINOIS,
STATE OF INDIANA, STATE OF IOWA,
STATE OF MINNESOTA, STATE OF
NEBRASKA, STATE OF OREGON,
STATE OF TENNESSEE, STATE OF
TEXAS, STATE OF WASHINGTON, and
STATE OF WISCONSIN,

        Plaintiffs,

    v.

SYNGENTA CROP PROTECTION AG,
SYNGENTA CORPORATION,
SYNGENTA CROP PROTECTION, LLC,
and
CORTEVA, INC.,

        Defendants.

Civil Action No.: 1:22-cv-828

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 20, 2024, pursuant to Federal Rule of Civil Procedure 34, I served or caused to be served upon counsel of record for Plaintiffs via email at the addresses listed below the Responses and Objections of Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC to Plaintiffs' First Set of Requests for Production of Documents.

Plaintiffs
Michael J. Turner
mturner@ftc.gov
Nicole Gordon,
Nicole.Gordon@doj.ca.gov
Conor May, Conor.May@coag.gov
Aric Smith, Aric.Smith@coag.gov
Paul Harper, Paul.Harper@ilag.gov
Matthew Michaloski,
Matthew.Michaloski@atg.in.gov
Christi Foust,
Christi.Foust@atg.in.gov
Noah Goerlitz,
Noah.Goerlitz@ag.iowa.gov
Katherine Moerke,
Katherine.Moerke@ag.state.mn.us
Colin Snider,
colin.snider@nebraska.gov
Timothy Smith,
tim.smith@doj.state.or.us
William Shieber,
William.Shieber@oag.texas.gov
Luke Woodward,
Luke.Woodward@oag.texas.gov
Hamilton Millwee,
Hamilton.Millwee@ag.tn.gov
Lumi Nodit, lumi.nodit@atg.wa.gov
Laura McFarlane,
mcfarlanele@doj.state.wi.us

Defendants
David R. Marriott,
dmarriott@cravath.com
Margaret T. Segall,
msegall@cravath.com
Benjamin J. Bauer,
bbauer@cravath.com
Maximilian J. Auerbach,
mauerbac@cravath.com
Mark E. Anderson,
manderson@mcguirewoods.com
Armina A. Manning,
aamanning@mcguirewoods.com

2

s/Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
Sean Thomas Placey
N.C. Bar No. 56683
splacey@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC  27401
Telephone:  336.378.5200
Facsimile:  336.378.5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
James I. McClammy*
james.mcclammy@davispolk.com
Charles S. Duggan*
charles.duggan@davispolk.com
David Brendan Toscano*
david.toscano@davispolk.com
Daniel J. Thomson*
daniel.thomson@davispolk.com
Chui-Lai Cheung*
chui-lai.cheung@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop
Protection AG, Syngenta Corporation,
and Syngenta Crop Protection, LLC*

3