# Exhibit F

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br> v. <br><br> SYNGENTA CROP PROTECTION, AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, <br><br> and <br><br> CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP |

## INITIAL DISCLOSURES OF DEFENDANTS SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, AND SYNGENTA CROP PROTECTION, LLC PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta"), by their undersigned attorneys, make the following initial disclosures ("Initial Disclosures") pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

Syngenta makes the following Initial Disclosures without waiving its right to object, pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority, to the discovery, relevance, authenticity, or admissibility of documents or information obtained from the individuals or other sources listed below (including, as applicable, any documents or other material obtained from these individuals during the pre-Complaint investigation). Furthermore, Syngenta reserves the right to object to the production of any

document or tangible thing disclosed herein on the basis of attorney-client privilege, the work product doctrine, bank regulatory or examination privilege, any other applicable privilege or immunity, applicable data privacy laws, regulations, policies, or rules, relevancy, undue burden, or any other valid objection to production.

The following Initial Disclosures are made based upon the information reasonably available to Syngenta at this time. Syngenta reserves the right to supplement, amend, or otherwise revise these Initial Disclosures as may be deemed appropriate upon further review of information or documents. These Initial Disclosures shall not be deemed an admission as to any fact in dispute or a waiver of any rights or defenses Syngenta has or may assert with respect to any claim.

## RULE 26(a)(1)(A)(i)

**Individuals Likely to Have Discoverable Information**. Based upon the allegations contained in the Amended Complaint, the information now reasonably available to Syngenta, and Syngenta's evaluation of the facts and circumstances of this action and Syngenta's defenses, Syngenta identifies the below individuals likely to have discoverable information that Syngenta may use to support its defenses. It is possible that some of the listed individuals may not possess discoverable information or may only have information that is duplicative of information possessed by others. Syngenta also identifies all individuals identified in the initial disclosures or witness lists served by or that will be served by any other party in this action and all individuals deposed in this action (including during the pre-Complaint investigation). The list below does not include potential experts or consultants.

Syngenta does not authorize communication by Plaintiffs with any of the below individuals or any other current or former employee or agent of Syngenta.

| Name | Subject(s) | Contact Information |
|---|---|---|
| Vern Hawkins, North America Regional Director, Crop Protection | Information relating to Syngenta's sales, pricing, Key AI rebate, transactions or interactions with distributors or retailers, supply and other third-party agreements, product development and product comparisons, competitive positioning, customer and end-user demand, investments in the market, competition with generics and others, go-to-market strategy, and the claims alleged in the Amended Complaint. | c/o Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4000 |
| Jamie Eichorn, Head, US Crop Protection Sales | Information relating to Syngenta's product sales and sales organization, pricing, Key AI rebate, transactions or interactions with retailers, retailer and grower services, product development and product comparisons, customer and end-user demand, investments in the market, competition with generics and others, and the claims alleged in the Amended Complaint. | c/o Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4000 |
| Jeff Cecil, Head, Crop Protection Marketing | Information relating to Syngenta's pricing, Key AI rebate, supply agreements, product development and product comparisons, competitive positioning, customer and end-user demand, investments in the market, competition with generics and others, go-to-market strategy, and the claims alleged in the Amended Complaint. | c/o Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4000 |
| Ross Weikel, Head, National Accounts and Customer Service | Information relating to Syngenta's sales, pricing, Key AI rebate, transactions or interactions with distributors, distributor and channel | c/o Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4000 |

| | services, supply and marketing agreements, product comparisons, customer and end-user demand, investments in the market, competition with generics and others, go-to-market strategy, and the claims alleged in the Amended Complaint. | |

## RULE 26(a)(1)(A)(ii)

**Information relevant to facts alleged in the pleadings**.  Based upon the allegations contained in the Amended Complaint, the information now reasonably available to Syngenta, and Syngenta's evaluation of the facts and circumstances of this action and the preparation of its defenses, the following categories of documents, electronically stored information, and tangible things in Syngenta's possession, custody, or control may be used by Syngenta to support its position:

- Transactional and internal data demonstrating distributor, retailer, and grower purchasing and pricing;

- Documents and communications relating to Syngenta's Key AI rebate;

- Documents and communications concerning Syngenta's transactions or other interactions with distributors or retailers;

- Documents and communications related to competition from generic suppliers and other third parties;

- Documents and communications related to customer and user demand for crop protection products;

- Documents and communications related to Syngenta's product development, product comparisons, and investments in the market;

4

- Documents and communications concerning Syngenta's supply agreements; and
- Documents and communications relating to the allegations of anticompetitive and exclusionary conduct in the Amended Complaint.

It is believed that the above categories of documents, electronically stored information, and tangible things are located within the electronic files of Syngenta. Syngenta may also use the following categories of documents to support its position:

- Documents in Plaintiffs' possession, custody, or control relating to Plaintiffs' claims and purported injuries and damages as alleged in the Amended Complaint;
- Documents in Plaintiffs' possession, custody, or control concerning Syngenta's Key AI rebate or concerning third-party loyalty rebate programs;
- Documents in Plaintiffs' possession, custody, or control concerning demand for Syngenta or third-party crop protection products;
- Documents in Plaintiffs' possession, custody, or control concerning competition in crop protection products.

Syngenta also identifies all documents that have been or will be produced by any other party or nonparty in this action, all documents and other materials that Syngenta has produced or may produce in the future in this action, and relevant publicly available documents or information.

## RULE 26(a)(1)(A)(iii)

**Computation of claimed damages**. Syngenta has not, to date, asserted any claims, cross-claims, counterclaims, or third-party claims for damages, and therefore seeks no damages. Syngenta reserves the right to assert any claims, cross-claims, counterclaims, or third-party

5

claims for damages in this action, as well as the right to seek fees and costs or such other relief as the Court may deem appropriate.

## RULE 26(a)(1)(A)(iv)

**Relevant insurance agreements**.  Syngenta presently believes that there are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

6

Dated: April 19, 2024

        FOX ROTHSCHILD LLP

        By: */s/ Patrick M. Kane*
        Patrick M. Kane
        N.C. Bar No. 36861
        pkane@foxrothschild.com
        FOX ROTHSCHILD LLP
        230 N. Elm Street, Suite 1200
        PO Box 21927 (27420)
        Greensboro, NC 27401
        Telephone: 336.378.5200
        Facsimile: 336.378.5400

        DAVIS POLK & WARDWELL LLP

        Paul S. Mishkin*
        David B. Toscano*
        Daniel J. Thomson*
        450 Lexington Avenue
        New York, New York 10017
        Telephone: (212) 450-4292
        Facsimile: (212) 701-5292
        paul.mishkin@davispolk.com
        david.toscano@davispolk.com
        daniel.thomson@davispolk.com

        *Specially appearing under L.R. 83.1(d)

        *Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.*