# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

FEDERAL TRADE COMMISSION,
STATE OF CALIFORNIA, STATE OF
COLORADO, STATE OF ILLINOIS, STATE
OF INDIANA, STATE OF IOWA, STATE
OF MINNESOTA, STATE OF NEBRASKA,
STATE OF OREGON, STATE OF
TENNESSEE, STATE OF TEXAS, STATE
OF WASHINGTON, and STATE OF
WISCONSIN,

       Plaintiffs,

    v.

SYNGENTA CROP PROTECTION AG,
SYNGENTA CORPORATION, SYNGENTA
CROP PROTECTION, LLC, and CORTEVA,
INC.,

       Defendants.

Case No. 1:22-cv-00828-TDS-JEP

## DEFENDANT CORTEVA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, the Local Rules of the United States District Court for the Middle District of North Carolina, and any other applicable Orders or rules, Defendant Corteva, Inc. ("Corteva") by and through its undersigned attorneys, hereby submit the following responses and objections (the "Responses") to Plaintiffs' First Set of Requests for Production (the "Requests" and each a "Request") to Corteva as follows.

Corteva reserves the right to supplement, amend, correct, clarify, or, modify its Responses to the Requests as additional information is obtained through the investigation or discovery in the above-captioned action, or for any other reason.

## SPECIFIC RESPONSES AND OBJECTIONS

Corteva hereby incorporates its General Objections and Objections to Definitions and Instructions, *infra*, into each of the Specific Responses and Objections below. Unless otherwise stated, any use of a capitalized term in the Specific Responses and Objections refers to Corteva's definition of that term as set forth in the General Objections and Objections to Definitions, including but not limited to "Search Protocol" (*see* General Objection No. 7), "Relevant Active Ingredients" (*see* General Objection No. 9), "Relevant Loyalty Programs" (*id.*), and "Relevant Crop Protection Products" (*see* Objection to Definitions No. 7).

## REQUEST NO. 1

Unless previously produced, for each of the following Specifications contained in the Subpoena *Duces Tecum* issued to the Company on May 26, 2020 and the Civil Investigative Demand issued to the Company on December 4, 2021, provide all Documents responsive to the listed Specifications for the time periods requested by Instruction 1:

(a) For the Subpoena *Duces Tecum* issued on May 26, 2020, Specifications 1, 3, 12, 13, and 21;

(b) For the Civil Investigative Demand issued on December 4, 2021, Specifications 3, 5, 6, and 7.

## Response to Request No. 1

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 1 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "all Documents responsive to the listed Specifications for the time periods requested by Instruction 1" and relating to any or all "Crop Protection Product(s)," regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work

2

product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege.

Corteva further objects to this Request to the extent it seeks documents showing Corteva's "policies and procedures Relating to the retention and destruction of Documents" regardless of relevance to the claims and defenses in this Action. Corteva further objects to this Request as premature insofar as it seeks discovery on Corteva's document retention practices in the absence of any basis to question the adequacy of Corteva's document preservation in the Action.

Corteva further objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks Documents relating to "each litigation, arbitration, or government investigation or review in which the Company was a party or a subject of investigation" without regard to whether those litigations, arbitrations, or investigations concerned the conduct at issue in this Action.

Corteva further objects to this Request to the extent it seeks "each formal or informal study . . . that references, analyzes, or assesses the Company's use of Conditional Pricing terms," regardless of relevance to the programs, products, and active ingredients at issue in this Action.

Corteva further objects to this Request to the extent it seeks "all Kline Market Research or Kline Group reports and surveys" regardless of relevance to the programs, products, and active ingredients at issue in this Action.

Subject to, as limited by, and without waiving the foregoing objections, Corteva is willing to meet and confer with counsel for Plaintiffs regarding this Request.

**REQUEST NO. 2**

Unless previously produced, for each of the following Specifications contained in the Subpoena *Duces Tecum* issued to the Company on May 26, 2020, provide all Documents responsive to the listed Specifications, replacing the phrase "Relevant Product" for "Loyalty Product" (as defined in these Requests) for the time periods requested by Instruction 1: Specifications 5, 6, 7, 8, 11, 16, 19, and 20.

**Response to Request No. 2**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 2 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "all Documents responsive to the listed Specifications" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege.

Corteva further objects to this Request to the extent it seeks "All Documents Relating to any actual or contemplated Conditional Pricing that includes any Relevant Product," regardless of relevance to the programs and products at issue in this Action. Corteva further objects to this Request to the extent it seeks "all offers to and Agreements with any Customer, distributor, retailer, or grower," regardless of relevance to the programs and products at issue in this Action.

Corteva further objects to this Request to the extent it seeks, regardless of date, all Documents "[a]s to any Conditional Pricing that includes any Relevant Product," regardless of relevance to the programs at issue in this Action.

Corteva further objects to this Request to the extent it seeks "all documents Relating to competition in the manufacture or sale of any Relevant Product, including, but not limited to,

4

market studies, forecasts and services" regardless of relevance to the programs, products, and active ingredients at issue in this Action.

Corteva further objects to this Request to the extent it seeks "all Documents Relating to competition from generic versions of Products" regardless of relevance to the programs, products, and active ingredients at issue in this Action.

Corteva further objects to this Request to the extent it seeks "all Documents Relating to any complaint, concern, or negative report about the quality, performance, or availability of any Relevant Product produced, offered, or sold by the Company" regardless of relevance to the products and active ingredients at issue in this Action.

Corteva further objects to this Request to the extent it seeks "all Documents Relating to any actual, threatened, or anticipated stoppage, reduction, or delay in the Company's Supply of any Relevant Product or Related Product, or any actual, threatened, or anticipated refusal to sell or take orders for any Relevant Product or Related Product" regardless of relevance to the programs, products, and active ingredients at issue in this Action.

Subject to, as limited by, and without waiving the foregoing objections, Corteva is willing to meet and confer with counsel for Plaintiffs regarding this Request.

## REQUEST NO. 3

Unless previously produced, for each of the following Specifications contained in the Subpoena *Duces Tecum* issued to the Company on May 26, 2020, provide all Documents responsive to the listed Specifications, replacing the phrase "Relevant Product" for "Covered Crop Protection Product" (as defined in these Requests) for the time periods requested by Instruction 1: Specifications 4, 9, 10, 15, and 17.

## Response to Request No. 3

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 3 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of

5

admissible evidence, including to the extent it seeks "all Documents responsive to the listed Specifications" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege.

Corteva further objects to this Request to the extent it seeks "all Documents Relating to the Company's Plans Relating to any Relevant Product or Related Product" regardless of relevance to the programs, products, or active ingredients at issue in this Action.

Corteva further objects to this Request to the extent it seeks "all marketing materials Relating to each Relevant Product, including all current selling aids and promotional materials" regardless of relevance to the programs, products, or active ingredients at issue in this Action.

Corteva further objects to this Request to the extent it seeks "all documents Relating to competition in the manufacture or sale of any Relevant Product, including, but not limited to, market studies, forecasts and surveys" regardless of relevance to the programs, products, or active ingredients at issue in this Action.

Corteva further objects to this Request to the extent it seeks "all Documents Relating to the Company's or any other Person's price lists, pricing plans, pricing policies, pricing forecasts, pricing strategies, pricing analyses, and pricing decisions Relating to any Relevant Product, including, but not limited to, studies, analyses, or assessments of the pricing or profitability of any Relevant Product produced or sold by the Company" regardless of relevance to the programs, products, or active ingredients at issue in this Action. Corteva further objects to this Request to the extent it seeks Documents not in Corteva's possession, custody, or control.

Corteva further objects to this Request to the extent it seeks, for each Relevant Product, "all Documents Relating to barriers to entry or expansion in the manufacture, distribution, or sale" regardless of relevance to the programs, products, or active ingredients at issue in this Action. Corteva further objects to this Request to the extent it seeks Documents not in Corteva's possession, custody, or control.

Subject to, as limited by, and without waiving the foregoing objections, Corteva is willing to meet and confer with counsel for Plaintiffs regarding this Request.

**REQUEST NO. 4**

All Documents and Communications received by or exchanged between the Company and any non-party (whether informally or pursuant to a subpoena duces tecum or other formal process), in, regarding, or pursuant to this litigation or in any other litigation relating to any Exclusivity Condition, including *In re: Crop Protection Products Loyalty Program Antitrust Litigation*, Case No. 1:23-md-3062-TDS-JEP (W.D.N.C.) and *State of Arkansas v. Syngenta Crop Protection AG*, Case No. 4:22-cv- 01287-BSM (E.D. Ark.).

**Response to Request No. 4**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 4 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents . . . relating to any Exclusivity Condition" and "All Documents and Communications received by or exchanged between the Company and any non-party" in the Related Actions regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege. Corteva further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and

7

information that Plaintiffs can obtain, will obtain, or has already obtained from other sources, including from productions made by Corteva, or other parties or nonparties to the Action, in connection with the Investigation. Corteva further objects to this Request on the grounds that it is cumulative or duplicative of at least Request Nos. 1-3 and 5.

Subject to, as limited by, and without waiving the foregoing objections, Corteva is willing to meet and confer with counsel for Plaintiffs regarding this Request.

## REQUEST NO. 5

All Documents produced by the Company, transcripts of depositions and hearings, discovery requests and responses served and documents filed in any other litigation relating to any Exclusivity Condition, including: *In re: Crop Protection Products Loyalty Program Antitrust Litigation*, Case No. 1:23-md-3062-TDS-JEP (W.D.N.C.) and *State of Arkansas v. Syngenta Crop Protection AG*, Case No. 4:22-cv-01287-BSM (E.D. Ark.).

## Response to Request No. 5

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 5 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents produced . . . in any other litigation relating to any Exclusivity Condition" and all "Documents produced" in the Related Actions regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege. Corteva further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or has already obtained from other sources, including from productions made by Corteva, or other parties or nonparties to the Action, in connection with the Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will produce Documents produced by Corteva in the Related Actions to the extent called for by any other Requests herein and subject to Corteva's Responses to those Requests.

**REQUEST NO. 6**

All Documents concerning and/or discussing the Federal Trade Commission's investigation of the Company, FTC File No. 191-0031, and/or this Litigation, including the Company's compliance with any civil investigative demand or subpoena issued to the Company in the course of that investigation or this Litigation.

**Response to Request No. 6**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 6 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents concerning and/or discussing the Federal Trade Commission's investigation of the Company . . . and/or this Litigation" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege. Corteva further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or has already obtained from other sources, including from productions made by Corteva, or other parties or nonparties to the Action, in connection with the Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Corteva is willing to meet and confer with counsel for Plaintiffs regarding this Request to determine whether any responsive documents exist that would not be protected from disclosure by the attorney-client

privilege, attorney work product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege, and have not already been produced in the context of the Investigation.

**REQUEST NO. 7**

All Documents that the Company intends to rely upon or use at trial and/or relies upon to answer interrogatories.

**Response to Request No. 7**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 7 on the grounds that it is disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence, including because the request is, by its nature, premature given that discovery has just begun and the trial, which will occur no sooner than February 20, 2026, is over a year and a half in the future following discovery. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege. Corteva further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or has already obtained from other sources, including from productions made by Corteva, or other parties or nonparties to the Action, in connection with the Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Corteva is willing to meet and confer with counsel for Plaintiffs regarding this Request.

**REQUEST NO. 8**

Documents sufficient to show, for each Loyalty Product or Crop Protection Product that the Company considered adding to a Loyalty Program developed, manufactured, offered for sale, or sold by the Company, such product's (a) identity and description, (b) chemical composition, (c) market segment (as defined by the Company), and (d) closest substitutes (as identified by the Company).

10

**Response to Request No. 8**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 8 on the grounds that it is vague and ambiguous as to the phrase "considered adding to a Loyalty Program." Corteva further objects that the Request is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents "for each Loyalty Product or Crop Protection Product that the Company considered adding to a Loyalty Program" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or has already obtained from other sources, including from productions made by Corteva, or other parties or nonparties to the Action, in connection with the Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Corteva is willing to meet and confer with counsel for Plaintiffs regarding this Request.

**REQUEST NO. 9**

All Documents relating to the services, capabilities, and other benefits provided by Persons (other than basic or generic manufacturers) involved in the distribution or sale of Crop-Protection Products, including assessments, analyses, or comparisons of the benefits provided by such Persons compared with any other method of distribution or sale of Crop-Protection Products.

**Response to Request No. 9**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 9 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents relating to the services, capabilities, and other benefits provided by Persons . . . involved in the distribution or sale of Crop-

Protection Products" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request to the extent it seeks information or documents that are not in Corteva's possession, custody, or control. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege. Corteva further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or has already obtained from other sources, including from productions made by Corteva, or other parties or nonparties to the Action, in connection with the Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents pursuant to the Search Protocol concerning the services, capabilities, and other benefits provided by Persons (other than basic or generic manufacturers) involved in the distribution or sale of the Relevant Active Ingredients and Relevant Crop Protection Products.

**REQUEST NO. 10**

All Documents relating to assessments or analyses of the pricing or profits of any Persons (other than basic or generic manufacturers) involved in the distribution or sale of Crop-Protection Products, and the effect of any Benefits received from Loyalty Programs on the pricing or profits of any such Persons, including analyses, calculations, or estimates of the actual or intended pass-through of loyalty Benefits by any such Person.

**Response to Request No. 10**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 10 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents relating to assessments or

12

analyses of the pricing or profits of any Persons. . . involved in the distribution or sale of Crop-Protection Products" and "the effect of any benefit received from Loyalty Programs on the pricing or profits of any such Persons," regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request to the extent it seeks information or documents that are not in Corteva's possession, custody, or control. Corteva further objects to this Request because it seeks documents or information that are cumulative or duplicative, in whole or in part, of documents and information that Plaintiffs can obtain, will obtain, or has already obtained from other sources, including from productions made by Corteva, or other parties or nonparties to the Action, in connection with the Investigation.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents pursuant to the Search Protocol concerning assessments or analyses of the pricing or profits of any Persons (other than basic or generic manufacturers) involved in the distribution or sale of the Relevant Crop Protection Products.

**REQUEST NO. 11**

All Communications between the Company and Persons (other than basic or generic manufacturers) involved in the distribution or sale of Crop-Protection Products relating to: (1) the price or terms on which Crop-Protection Products are distributed or sold; (2) the distribution or sale of Crop-Protection Products by any other Person; and (3) Loyalty Programs.

**Response to Request No. 11**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 11 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Communications between the Company and Persons involved in the distribution or sale of Crop-Protection Products" regardless of

relevance to the programs, products, and active ingredients at issue in this Action. Moreover, even with respect to the Relevant Active Ingredients and Relevant Crop Protection Products, the Request seeks all communications "between the Company and Persons" without regard to whether those communications concern the alleged conduct at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, and/or any other applicable privilege, including to the extent that this Request seeks communications between Defendants and others relating to the Action, the Related Actions, or other actions.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents responsive to this Request pursuant to the Search Protocol concerning the Relevant Loyalty Programs.

**REQUEST NO. 12**

All Documents relating to the allocation of Crop-Protection Products to any Person (other than basic or generic manufacturers) involved in the distribution or sale of Crop-Protection Products.

**Response to Request No. 12**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 12 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents relating to the allocation of Crop-Protection Products to any Person (other than basic or generic manufacturers) involved in the distribution or sale of Crop-Protection Products" regardless of relevance to the programs,

14

products, and active ingredients at issue in this Action. Corteva further objects to this Request to the extent it seeks documents not in Corteva's possession, custody, or control.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents pursuant to the Search Protocol concerning allocation of the Relevant Crop Protection Products.

**REQUEST NO. 13**

All Documents, including assessments, analyses and strategic plans, related to any consideration of terminating any Loyalty Program, including any analysis of any possible effect such termination may have on the Company's business, competition, sales, pricing and/or profitability.

**Response to Request No. 13**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 13 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents, including assessments, analyses and strategic plans, related to any consideration of terminating any Loyalty Program" regardless of relevance to the programs, products, and active ingredients at issue in this Action.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents pursuant to the Search Protocol concerning the consideration of terminating any Relevant Loyalty Program(s).

**REQUEST NO. 14**

All Documents relating to any scientific data required to be submitted when registering a Crop-Protection Product or compensation owed to the original registration of a Crop-Protection Product under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 et seq. (1996).

15

**Response to Request No. 14**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 14 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents relating to any scientific data required to be submitted when registering a Crop-Protection Product or compensation owed to the original registration" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of confidential business information, proprietary information, and commercially or competitively sensitive information relating to registering a Crop-Protection Product and that the production of such documents is unduly burdensome and disproportionate to the needs of the case. Corteva further objects to this Request to the extent it seeks documents not in Corteva's possession, custody, or control.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents non-privileged, non-public documents pursuant to the Search Protocol relating to the registration or compensation owed to the original registration covering the Relevant Active Ingredients.

**REQUEST NO. 15**

All Documents relating to data compensation owed to the Company for any Loyalty Product under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 et seq. (1996).

**Response to Request No. 15**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 15 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of

16

admissible evidence, including to the extent it seeks "All Documents relating to data compensation owed to the company for any Loyalty Product" under 7 U.S.C. § 136 et seq. (1996), regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of confidential business information, proprietary information, and commercially or competitively sensitive information relating to any Loyalty Product and that the production of such documents is unduly burdensome and disproportionate to the needs of the case. Corteva further objects to this Request to the extent it seeks documents not in Corteva's possession, custody, or control.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for non-privileged, non-public documents relating to data compensation owed to the Company concerning the Relevant Active Ingredients.

**REQUEST NO. 16**

All Documents relating to the effects of any Loyalty Program on the Company's research and development of any Crop-Protection Product.

**Response to Request No. 16**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 16 on the grounds that it is vague and ambiguous, overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents relating to the effects of any Loyalty Program on the Company's research and development of any Crop-Protection Product" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of confidential business information, proprietary information, and commercially or

17

competitively sensitive information relating to any Crop-Protection Product and that the production of such documents is unduly burdensome and disproportionate to the needs of the case.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for non-privileged, non-public documents related to the effects of any Relevant Loyalty Program(s) on the Company's research and development covering the Relevant Active Ingredients.

## REQUEST NO. 17

For January 1, 2002 to the present, copies of all Loyalty Programs and all actual or contemplated Exclusivity Conditions for any Crop-Protection Product, and all Documents relating to:

(a) the terms of any Loyalty Program or Exclusivity Condition;

(b) Plans and the implementation of any Plans relating to the Company's use of any Loyalty Program or Exclusivity Condition, including: (1) the Company's decision to initiate, maintain, or discontinue Exclusivity for any Crop-Protection Product or Active Ingredient, (2) the Company's decision to set or change the terms of an Exclusivity Condition, and (3) the Company's decision to make the terms of Loyalty Programs public or nonpublic;

(c) the actual, expected, contemplated, or potential effects of any such Loyalty Program or Exclusivity Condition, whether implemented by the Company or any other Basic Manufacturer, on competition for, prices of (including prices to distributors, retailers, and growers), performance of, output of, revenues for, and costs of any Crop-Protection Product;

(d) assessments of the sales or profitability of Crop-Protection Products in geographies or time periods with Loyalty Programs or Exclusivity Conditions, including Loyalty Programs or Exclusivity Conditions implemented by the Company or any other Basic Manufacturer, in comparison to the sales or profitability of Crop-Protection Products in geographies or time periods without Loyalty Programs or Exclusivity Conditions;

(e) the origin or purpose of any Loyalty Program;

(f) the actual or expected value of any Loyalty Programs or Exclusivity Condition to the Basic Manufacturer implementing such Loyalty Program or Exclusivity Condition or to any other Person sourcing an Active Ingredient from such Basic Manufacturer; or

(g) assessments of the sales or profitability of Crop-Protection Products that are subject to Loyalty Programs or Exclusivity Conditions, whether implemented by the Company or any other Basic Manufacturer, in comparison to the sales or profitability of Crop-Protection Products that are not subject to Loyalty Programs or Exclusivity Conditions.

**Response to Request No. 17**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 17 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "all Loyalty Programs and all actual or contemplated Exclusivity Conditions for any Crop-Protection Product," and various categories of documents relating thereto, regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request because it is expressly not limited to the Relevant Loyalty Programs or the Relevant Time Period. Corteva further objects to this Request to the extent it seeks documents not in Corteva's possession, custody, or control, including documents concerning "any other Basic Manufacturer." Corteva further objects to this Request on the grounds that it assumes disputed facts or legal conclusions, or purports to characterize facts in describing the information requested, and on the grounds that it assumes facts that are not accurate or the occurrence of events that did not take place, including to the extent that it seeks documents relating to "Exclusivity Condition(s)." Corteva further objects to the time period for which this request seeks documents—namely, the period from January 1, 2002 to the present—as overly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents

19

responsive to this Request pursuant to the Search Protocol concerning the Relevant Loyalty Programs during the Relevant Time Period.

**REQUEST NO. 18**

From January 1, 2002 to the present, all documents relating to determining eligibility for or financial accounting of, any Benefit accrued or paid under any Loyalty Program, including all documents relating to any strategies, methods, or tools used to determine or track any Person's eligibility for any Loyalty Program or for Benefits under a Loyalty Program, including audits of purchases.

**Response to Request No. 18**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 18 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "all documents relating to determining eligibility for or financial accounting of, any Benefit accrued or paid under any Loyalty Program" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request because it is expressly not limited to the Relevant Time Period. Corteva further objects to the time period for which this request seeks documents— namely, the period from January 1, 2002 to the present—as overly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents pursuant to the Search Protocol concerning eligibility for or financial accounting of, any Benefit accrued or paid under the Relevant Loyalty Program(s) during the Relevant Time Period.

## REQUEST NO. 19

All Communications with Persons relating to Exclusivity Provisions and/or Loyalty Programs, including but not limited to, negotiations or discussions of the terms of those Exclusivity Provisions and/or Loyalty Programs, requirements to achieve any Benefit, determining eligibility for any Benefit, audits of purchases to determine eligibility to achieve any Benefit, and complaints about Exclusivity Provisions and/or Loyalty Programs.

## Response to Request No. 19

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 19 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Communications with Persons relating to Exclusivity Provisions and/or Loyalty Programs" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it assumes disputed facts or legal conclusions, or purports to characterize facts in describing the information requested, and on the grounds that it assumes facts that are not accurate or the occurrence of events that did not take place, including to the extent that it seeks communications relating to "Exclusivity Provisions." Corteva hereby denies these disputed facts, legal conclusions or characterizations to the extent assumed by this Request. Corteva further objects to this Request on the grounds that it is cumulative or duplicative of at least Request Nos. 12, 17, and 18. Corteva further objects to this Request to the extent it seeks Documents not in Corteva's possession, custody, or control.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will produce Documents responsive to Request Nos. 12, 17, 18, and 19 herein subject to Corteva's Responses to those Requests.

**REQUEST NO. 20**

All Documents relating to allegations that the Company has engaged in anticompetitive or unfair conduct in the manufacture or sale of Crop-Protection Products, including complaints from actual or potential Customers or other Persons; threatened, pending, or completed lawsuits; and federal and state investigations.

**Response to Request No. 20**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 20 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents relating to allegations that the Company has engaged in anticompetitive or unfair conduct in the manufacture or sale of Crop-Protection Products" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it assumes disputed facts or legal conclusions, or purports to characterize facts in describing the information requested, and on the grounds that it assumes facts that are not accurate or the occurrence of events that did not take place, including to the extent that it references anticompetitive or unfair conduct. Corteva further objects to this Request on the grounds that it is cumulative or duplicative of at least Request Nos. 4 and 5.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will produce Documents responsive to Request Nos. 4, 5, and 20 herein subject to Corteva's Responses to those Requests.

**REQUEST NO. 21**

All Documents relating to any actual, threatened, or anticipated instance of the Company failing or refusing to meet a current or former Customer's request or order for any Crop-Protection Product (whether any existing Product or a new Product, without limitation), including any allocation of Crop-Protection Products or termination of any supply, distributor, or retailer agreement related in any way to an actual or perceived failure by the Customer to agree to or meet

22

the requirements of any Exclusivity Provision, whether or not related to that Crop-Protection Product.

**Response to Request No. 21**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 21 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents relating to any actual, threatened, or anticipated instance of the Company failing or refusing to meet a current or former Customer's request or order for any Crop-Protection Product" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to this Request on the grounds that it assumes disputed facts or legal conclusions, or purports to characterize facts in describing the information requested, and on the grounds that it assumes facts that are not accurate or the occurrence of events that did not take place, including to the extent that it seeks documents related to "threatened" acts on the part of Corteva. Corteva hereby denies these disputed facts, legal conclusions, or characterizations to the extent assumed by this Request.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents pursuant to the Search Protocol concerning any actual or anticipated instance of the Company failing or refusing to meet a current or former Customer's request or order relating to the Relevant Active AIs.

**REQUEST NO. 22**

All actual or potential Agreements or proposals between the Company and any Person relating to the sale of Crop Protection Products, including Documents relating to any actual or potential Agreement or proposal for:

23

(a) the Company's supply or purchase of any Crop-Protection Product, including sales by the Company of Crop-Protection Products for use as (or to be formulated into) a Customer's private label products, or

(b) the inbound or outbound "third-party" or "industrial" sale or purchase of a Crop-Protection Product to or from a Competitor.

**Response to Request No. 22**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 22 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All actual or potential Agreements or proposals between the Company and any Person relating to the sale of Crop Protection Products" regardless of relevance to the programs, products, active ingredients, and supply agreements at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege, including to the extent that this Request seeks "potential Agreements or proposals." Corteva further objects to this Request as vague and ambiguous as to the phrases "actual or potential Agreements or proposals" and "the inbound or outbound 'third-party' or 'industrial' sale or purchase of a Crop-Protection Product[.]" Corteva will construe "actual or potential Agreements or proposals" as agreements for the supply of the Relevant AIs. Corteva will construe "market or supply agreement[s]" as the Relevant Loyalty Programs and as the mesotrione and s-metolachlor supply agreements with Syngenta referenced in Plaintiffs' Complaint (the "Relevant Supply Agreements").

Subject to, as limited by, and without waiving the foregoing objections, Corteva is willing to meet and confer with counsel for Plaintiffs regarding this Request.

24

**REQUEST NO. 23**

All Documents relating to actual or potential Agreements or proposals between the Company and any Basic Manufacturer relating to the sale of Crop Protection Products, including the April 27, 2015 mesotrione supply agreement between Syngenta Crop Protection LLC and Dow Agrosciences and any predecessor or successor agreements.

**Response to Request No. 23**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 23 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents relating to actual or potential Agreements or proposals between the Company and any Basic Manufacturer relating to the sale of Crop Protection Products" regardless of relevance to the programs, products, active ingredients, and supply agreements at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege, including to the extent that this Request seeks "potential agreements or proposals." Corteva further objects to this Request as vague and ambiguous as to the phrases "actual or potential Agreements or proposals." Corteva will construe "actual or potential Agreements or proposals" as the mesotrione supply agreement with Syngenta referenced in Plaintiffs' Complaint (the "Relevant Supply Agreements").

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents responsive to this Request pursuant to the Search Protocol concerning the Relevant Supply Agreements.

**REQUEST NO. 24**

All Documents negotiating, discussing, or constituting any Agreement between the Company and any other third party regarding the joint production or supply of acetochlor, including all Document negotiating, discussing, or constituting the terms of Acetochlor Registration Partnership.

**Response to Request No. 24**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 24 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents negotiating, discussing, or constituting any Agreement between the Company and any other third party regarding the joint production or supply of acetochlor" regardless of relevance to the programs and supply agreements at issue in this Action. Corteva further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest, or joint defense privilege, and/or any other applicable privilege, including to the extent that this Request seeks "All Documents negotiating . . . the joint production or supply of acetochlor." Corteva further objects to this Request as vague and ambiguous as to the phrases "Acetochlor Registration Partnership."

Subject to, as limited by, and without waiving the foregoing objections, Corteva is willing to meet and confer with counsel for Plaintiffs regarding this Request.

**REQUEST NO. 25**

All Documents related to FTC-CTVA_00788143 (entitled "Black Friday Project Final Report") including all drafts, prior versions, or subsequent versions of; Communications about; analyses of; and data or other materials referenced to create FTC-CTVA_00788143 or any of its drafts, prior versions, or subsequent versions.

26

**Response to Request No. 25**

          In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 25 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents related to FTC-CTVA_00788143" regardless of relevance to the programs and supply agreements at issue in this Action. Corteva further objects to this Request as vague and ambiguous as to the phrases "Communications about," and "data or other materials referenced to create."

          Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public documents responsive to this Request pursuant to the Search Protocol concerning documents related to FTC-CTVA_00788143, to the extent not already produced as part of the Investigation.

**REQUEST NO. 26**

          A current copy of the Company's Information Systems Diagram, or if the Company does not maintain an Information Systems Diagram, documents sufficient to show the information contained in an Information Systems Diagram, including:

    (a) documents sufficient to show the location, identity, and folder structure of any internal or third-party data storage systems or databases that may contain documents or data relating to Crop-Protection Products; and

    (b) documents sufficient to show all methods of communication used by any Company employee in the conduct of business involving Crop-Protection Products, including Messaging Applications, electronic email, internal or third-party chat programs, and text messages.

**Response to Request No. 26**

          In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 26 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of

admissible evidence, including to the extent it seeks "documents sufficient to show the location, identity, and folder structure of any internal or third-party data storage systems or databases that may contain documents or data relating to Crop-Protection Products" and "documents sufficient to show all methods of communication used by any Company employee in the conduct of business involving Crop-Protection Products," regardless of relevance to the programs and supply agreements at issue in this Action. Corteva further objects to this Request as vague and ambiguous as to the phrases "Information Systems Diagram." Corteva will construe "Information Systems Diagram" as Corteva's data map for documents and information relating to the Relevant Loyalty Programs and the Relevant Active Ingredients.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will produce its data map(s) for documents and information relating to the Relevant Loyalty Programs and the Relevant Active Ingredients, to the extent not already produced as part of the Investigation.

**REQUEST NO. 27**

All Documents Relating to Crop Protection Product sales data, import data, manufacturing data, market surveys, or other market data, research, or reports compiled, generated, prepared, created, sent, or distributed by any person other than the Company during the period from January 1, 2002 to the present, including any data or reports generated by the Company based on such materials, and including:

(a) Kynetec AgroTrak data and reports, including FIPS county-level data;

(b) Kynetec EZTrak data and reports, separately on a national and regional basis;

(c) Kynetec RetailTrak data and reports;

(d) Kynetec FarmTrak data and reports;

(e) Panjiva, Fanwood, or other import data and reports;

(f) Cal Agriscience data and reports;

(g) AgData data and reports;

(h) Electronic Data Interchange data and reports;

(i) Stratus data and reports;

(j) Kline and CropLife data and reports; and

(k) Third-party indirect sales data, including expanded data corresponding to all fields included in Corteva's prior, investigation-stage productions of third-party data from the HUB database contained in Appendix A.2 to Corteva's Second Data Production Letter (Oct. 26, 2020) and Appendix A.3 to Corteva's Second Data Production Letter (Oct. 26, 2020).

**Response to Request No. 27**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 27 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "All Documents Relating to Crop Protection Product sales data, import data, manufacturing data, market surveys, or other market data, research, or reports compiled, generated, prepared, created, sent, or distributed by any person other than the Company" regardless of relevance to the programs and supply agreements at issue in this Action. Corteva further objects to this Request to the extent it seeks Documents not in Corteva's possession, custody, or control, including to the extent it requests documents "compiled, generated, prepared, created, sent, or distributed by any person other than the Company." Corteva further objects to the time period for which this request seeks documents—namely, the period from January 1, 2002 to the present—as overly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public data responsive to this Request pursuant to the Search Protocol concerning sales data, import data, manufacturing

29

data, market surveys, or other market data, research, or reports related to the Relevant Active Ingredients, to the extent not already produced as part of the Investigation.

**REQUEST NO. 28**

Data Sets sufficient to show, from January 2002 to present, transactional sales data for each of the Company's Crop Protection Products sold in, or for use in, the United States, broken down by State in which Crop Protection Products were sold, including:

(a) expanded data corresponding to all fields included in Corteva's prior, investigation-stage productions in Appendix A.1 to Corteva's Second Data Production Letter (Oct. 26, 2020), including but not limited to the product name, material number, price, net sales, and units;

(b) the EPA registration number;

(c) product classification indicating whether the product is a Manufacturing-Use Crop Protection Product or End-Use Crop Protection Product;

(d) product identification and classification variables used by the Company for the relevant Crop Protection Product, such as category, subcategory, segment, fighting brand, private label, or value-added product;

(e) the identity, Customer number(s), and classifications of the Customer to which the product was sold (e.g., manufacturer, distributor, independent retailer, cooperative, farmer, broker, size, location, and/or other (specify));

(f) the product name on packaging and any other names of the relevant End-Use Crop Protection Product sold by the Customer that incorporates such Crop Protection Product; and

(g) conversion factor to determine approximate acres treated per unit of the Crop Protection Product.

**Response to Request No. 28**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 28 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "Data Sets sufficient to show, from January 2002 to present, transactional sales data for each of the Company's Crop Protection Products sold in, or for use in, the United States" regardless of relevance to the programs and supply agreements

at issue in this Action. Corteva further objects to the time period for which this request seeks data sets—namely, the period from January 2002 to the present—as overly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable, good faith search for and produce non-privileged, non-public data responsive to this Request concerning sales data for Relevant Active Ingredients sold in, or for use in, the United States, to the extent not already produced as part of the Investigation.

**REQUEST NO. 29**

Data Sets sufficient to show, from January 2002 to present, monthly quantity, use, transfer, and pricing data for each of the Company's Manufacturing-Use Crop Protection Products, broken down by State if kept by State, including:

(a) name of the Active Ingredient contained within the Manufacturing-Use Crop Protection Product;

(b) pounds of the Manufacturing-Use Crop Protection Product manufactured by the Company;

(c) for Manufacturing-Use Crop Protection Products acquired from a manufacturer other than the Company, pounds and costs in dollars of the Manufacturing-Use Crop Protection Product acquired (listing imports and US production separately);

(d) units and costs in dollars of End-Use Crop Protection Products acquired from a manufacturer other than the Company (listing imports and US production separately), and a conversion factor to determine pounds of Manufacturing-Use Crop Protection Product per unit of the End-Use Crop Protection Product;

(e) pounds of Manufacturing-Use Crop Protection Product used to make End-Use Crop Protection Products internally, including:

    i. the internal transfer price;

    ii. the list of End-Use Crop Protection Products created with the Manufacturing-Use Crop Protection Product;

    iii. conversion factor to determine pounds of Manufacturing-Use Crop Protection Product per unit of the End-Use Crop Protection Product;

31

(f) volume of each End-Use Crop Protection Product created with the Manufacturing-Use Crop Protection Product (listing U.S. market and international market volumes separately);

(g) the net revenue and pounds of the Manufacturing-Use Crop Protection Product sold externally, broken down by State in which Crop Protection Products were sold, including

    i.   the net price;

    ii.  the list of End-Use Crop Protection Products created with the Manufacturing-Use Crop Protection Product;

    iii. conversion factor to determine pounds of Manufacturing-Use Crop Protection Product per unit of the End-Use Crop Protection Product;

    iv. volume of each End-Use Crop Protection Product created with the Manufacturing-Use Crop Protection Product (listing U.S. market and international market volumes separately).

## Response to Request No. 29

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 29 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "Data Sets sufficient to show, from January 2002 to present, monthly quantity, use, transfer, and pricing data for each of the Company's Manufacturing-Use Crop Protection Products" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to the time period for which this request seeks data sets—namely, the period from January 2002 to the present—as overly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable, good faith search for and produce non-privileged, non-public data responsive to this Request concerning sales data for each of the Company's Crop Protection

Products sold in, or for use in, the United States and related to the Company's Manufacturing-Use Crop Protection Products, to the extent related to the Relevant Active Ingredients and not already produced as part of the Investigation.

**REQUEST NO. 30**

Data Sets sufficient to show, from January 2002 to present, on an annual basis and by product, the Company's costs and margins with respect to the manufacture, transportation, promotion, and sale of Crop Protection Products, broken down by State in which Crop Protection Products were sold, including:

(a) expanded data corresponding to all fields included in Corteva's prior, investigation-stage productions in Appendix A to Corteva's Fifth Data Production Letter (Dec. 4, 2020), including identification of Active Ingredient; components of cost of good sold such as (i) freight or shipping charges, (ii) storage, and (iii) plant overhead; and categories of expenses such as (i) promotional expenses, and (ii) advertising expenses;

(b) additional components of cost of goods sold, including: (i) ingredients other than the Active Ingredient; (ii) direct labor; (iii) depreciation; and (iv) any other component of cost of goods sold tracked in the ordinary course of business, stated separately in dollars and indicating method of allocation, if any;

(c) gross margins in dollars, indicating method of calculation;

(d) other categories of expenses, including: (i) marketing expenses; (ii) detailing expenses; (iii) research and development expenses, and (iv) any other significant expenses related to or allocated to each Crop Protection Product tracked in the ordinary course of business, stated separately in dollars;

(e) net margins in dollars; and

(f) expanded data sets corresponding to all fields included in Corteva's prior, investigation-stage productions in Appendix A to Corteva's Fourth Data Production Letter (Nov. 16, 2020) and Appendix B to Corteva's Fifth Data Production Letter (Dec. 4, 2020).

**Response to Request No. 30**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 30 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "Data Sets sufficient to show, from January

33

2002 to present, on an annual basis and by product, the Company's costs and margins with respect to the manufacture, transportation, promotion, and sale of Crop Protection Products" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to the time period for which this request seeks data sets—namely, the period from January 2002 to the present—as overly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable, good faith search for and produce non-privileged, non-public data responsive to this Request concerning Corteva's costs and margins with respect to the manufacture, transportation, promotion, and sale of the Relevant Active Ingredients, to the extent not already produced as part of the Investigation.

## REQUEST NO. 31

Data Sets sufficient to show, from January 2002 to present, annual sales, pricing, cost, and margin data for each Covered Crop Protection Product sold by the Company worldwide from January 2002 to present, including:

(a) country and region;

(b) product name on packaging;

(c) any other product names used for marketing or other purposes;

(d) all product identification and classification variables used by the Company, such as category, subcategory, segment, fighting brand, private label, or value-added product;

(e) the SKU or other product number or identifier used by the Company;

(f) the formulation, including the concentration of each Active Ingredient(s);

(g) any applicable regulatory registration number;

(h) gross sales in US dollars;

34

(i) each component of any difference between gross sales and net sales, including any discounts, rebates, or other associated payments or credits to the Customer with respect to the sales, stated separately in dollars;

(j) net sales in US dollars;

(k) currency conversion used to transform local currency into dollars;

(l) units sold;

(m) average per-unit price net of discounts, rebates, and other associated payments and credits;

(n) each component of cost of goods sold, including: (i) Active Ingredient; (ii) other ingredients; (iii) freight or shipping charges; (iv) storage; (v) direct labor; (vi) plant overhead; (vii) depreciation; and (viii) any other component of cost of goods sold tracked in the ordinary course of business, stated separately in dollars and indicating method of allocation, if any;

(o) gross margins in dollars, indicating method of calculation;

(p) each category of other expenses, including: (i) promotional expenses; (ii) marketing expenses; (iii) detailing expenses; (iv) advertising expenses; (v) research and development expenses, and (vi) any other significant expenses related to or allocated to each Covered Crop Protection Product tracked in the ordinary course of business, stated separately in dollars; and

(q) net margins in dollars.

(r) conversion factor to determine pounds of each Active Ingredient per unit;

(s) pounds of Active Ingredient sold;

(t) conversion factor to determine approximate acres treated per unit; and

(u) estimated acres treated.

## Response to Request No. 31

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 31 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "Data Sets sufficient to show, from January 2002 to present, annual sales, pricing, cost, and margin data for each Covered Crop Protection

35

Product sold by the Company worldwide" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to the time period for which this request seeks data sets—namely, the period from January 2002 to the present—as overly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Corteva further objects to the Request to the extent it seeks data for products sold by Corteva worldwide and not in the United States.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable, good faith search for and produce non-privileged, non-public data responsive to this Request concerning sales, pricing, cost, and margin data for Relevant Active Ingredients sold in the United States, to the extent not already produced as part of the Investigation.

**REQUEST NO. 32**

From 2002 to the present, all data, documents, and calculations related to Customer qualification with respect to Active-Ingredient-based Exclusivity Conditions offered by the Company, including:

(a) Customer name

(b) names of the program, Agreement, and offer containing the Exclusivity Condition;

(c) Active Ingredient subject to the Exclusivity Condition;

(d) share threshold(s) required to satisfy the Exclusivity Condition in whole or in part;

(e) whether each share threshold was satisfied;

(f) total qualifying sales/purchases of Company Crop Protection Products by the Customer, allocated on a state-by-state basis, during the program year (numerator of share calculation);

(g) detail by product of all qualifying sales/purchases of Company Crop Protection Products by the Customer during the program year, including product name, SKU or other product number or identifier, units, price, and net sales/purchases;

(h) total sales/purchases of all relevant Crop Protection Products by the Customer during the program year (denominator of share calculation);

36

(i) detail by product of all sales/purchases, on a state-by-state basis, of all relevant Crop Protection Products by the Customer during the program year, including product name, SKU or other product number or identifier, units, price, net sales/purchases, and whether such sale/purchase is counted for or against the applicable share threshold, or held neutral or outside the calculation;

(j) total amount, in dollars, of Benefit earned by the Customer as a result of the Customer meeting the share threshold;

(k) total amount, in dollars, of payments made (or other Benefit conferred) to the Customer by the Company contingent upon the Customer satisfying the Exclusivity Condition in whole or in part;

(l) detail of calculations underlying all such contingent payments, including, for all payment-eligible sales/purchases of Company Crop Protection Products by the Customer, product name, SKU or other product number or identifier, units, price, and net sales/purchases, and amount or percentage rate of payment;

(m) names of any additional programs, incentives, or offers that became available to Customer based on Customer satisfying Exclusivity Condition;

(n) total amount (in dollars) of payments made (or other Benefit conferred) to the Customer by the Company pursuant to such additional program, incentive, or offer; and

(o) expanded data corresponding to all fields included in Corteva's prior, investigation-stage productions in Appendix C to Corteva's First Data Production Letter (Oct. 13, 2020) and Appendix B to Corteva's Second Data Production Letter (Oct. 26, 2020).

**Response to Request No. 32**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 32 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "From 2002 to the present, all data, documents, and calculations related to Customer qualification with respect to Active-Ingredient-based Exclusivity Conditions" regardless of relevance to the programs, products, and active ingredients at issue in this Action. Corteva further objects to the time period for which this request seeks documents and data—namely, the period from 2002 to the present—as overly burdensome,

disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Corteva further objects to this Request on the grounds that it assumes disputed facts or legal conclusions, or purports to characterize facts in describing the information requested, and on the grounds that it assumes facts that are not accurate or the occurrence of events that did not take place, including to the extent that it seeks communications relating to "Exclusivity Conditions." Corteva further objects to this Request on the grounds that it is cumulative or duplicative of at least Request Nos. 4, 12, 13, 17, 18, and 19.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable search for and produce non-privileged, non-public data and documents responsive to this Request pursuant to the Search Protocol concerning customer qualification under the Relevant Loyalty Programs and for the Relevant Active Ingredients, to the extent not already produced as part of the Investigation.

## REQUEST NO. 33

For every Data Set submitted by the Company in response to the FTC's May 26, 2020 Subpoena Duces Tecum, the FTC's December 4, 2021 Civil Investigative Demand, or in the course of the FTC's pre-complaint investigation—including any Data Set submitted on a voluntary basis—and not separately referenced in a prior specification, a corresponding Data Set expanded to cover the time period from January 1, 2002 to the present and to cover all Crop Protection Products manufactured, produced, or sold by Company, including:

(a) Pricing and program data corresponding to Appendices A.1, A.2, A.3, B.1, B.2, B.3, B.4, B.5, and B.6 to Corteva's First Data Production Letter (Oct. 13, 2020);

(b) Capacity data corresponding to Appendix A to Corteva's Third Data Production Letter (Nov. 13, 2020);

(c) Production, facility, and cost data corresponding to Appendices B and C to Corteva's Third Data Production Letter (Nov. 13, 2020);

(d) Intellectual property data corresponding to Appendices D.1 through D.8 to Corteva's First Data Production Letter (Oct. 13, 2020);

(e) Projected sales and expense data corresponding to Appendix C to Corteva's Third Data Production Letter (Nov. 13, 2020).

**Response to Request No. 33**

In addition to the General Objections and Objections to Definitions and Instructions, Corteva objects to Request No. 33 on the grounds that it is overly broad, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "For every Data Set submitted by the Company in response to the FTC's May 26, 2020 Subpoena Duces Tecum, the FTC's December 4, 2021 Civil Investigative Demand, or in the course of the FTC's pre-complaint investigation, a corresponding Data Set expanded to cover the time period from January 1, 2002 to the present and to cover all Crop Protection Products manufactured, produced, or sold by Company" regardless of relevance to the programs and supply agreements at issue in this Action. Corteva further objects to the time period for which this request seeks data sets—namely, the period from January 1, 2002 to the present—as overly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Corteva further objects to this Request on the grounds that it is cumulative or duplicative of at least Request Nos. 27, 28, 29, 30, and 31.

Subject to, as limited by, and without waiving the foregoing objections, Corteva will perform a reasonable, good faith search for data responsive to Request Nos. 27, 28, 29, 30, 31, and 33 herein subject to Corteva's Responses to those Requests.

**GENERAL OBJECTIONS**

1.      Corteva objects to the Requests, including the Definitions and Instructions therein, to the extent that they purport to impose duties and obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Middle District of North Carolina, and/or any applicable rule or law (the "Applicable Rules"). Subject to and without waiving any General or Specific Objections, in responding to the Requests, Defendants will construe the Requests in accordance with the Applicable Rules.

39

2.      Corteva objects to the Requests, including the Definitions and Instructions set forth therein, to the extent they seek information or documents that are: (i) not in Corteva's possession, custody, or control; (ii) public, already in Plaintiffs' possession, custody, or control, or otherwise available from other sources to which Plaintiffs have access, including from productions made by Corteva, or other parties or nonparties to the Action, in connection with the Federal Trade Commission's ("FTC") pre-complaint investigation of Corteva (FTC File No. 191-0031) or any other government authority's pre-complaint investigation (the "Investigation"); (iii) otherwise available through more convenient, more efficient, less burdensome, or less expensive means; and/or (iv) cumulative or duplicative of other information or documents sought in these or any other Requests.  Subject to, and consistent with, this objection, Corteva will search only for non-cumulative or duplicative information in its possession, custody or control as of the date of the Requests.

3.      Corteva objects to the Requests, including the Definitions and Instructions set forth therein, to the extent they seek discovery of documents protected from disclosure by the attorney-client privilege; the attorney work product doctrine; the common interest privilege; privilege from disclosure of communications with litigation consultants and insurers to the extent recognized by applicable law; or any other applicable privilege, protection, or immunity.  Corteva hereby claims such privilege(s) to the extent implicated by each Request and will exclude privileged material from its production in response to the Requests.  Corteva's agreement to produce non-privileged documents responsive to any Request should not be construed as an acknowledgement by Corteva that the Request is proper or calls for anything other than privileged documents and information.  Further, any inadvertent disclosure of information or production of documents protected by any privilege shall not be deemed a waiver of that privilege.

40

4. Corteva objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents that are subject to the terms of confidentiality or non-disclosure agreements with third parties and/or would violate the privacy interests of others. To the extent that Corteva agrees to produce any documents in response to the Requests, such production shall be subject to and contingent upon appropriate notice to and/or consent from such third parties.

5. Corteva objects to the Requests, including the Definitions and Instructions set forth therein, as overly broad and unduly burdensome to the extent they seek or inquire as to "any," "all," "each," or "every" fact, communication, document. or thing. To the extent Corteva agrees to produce any documents, Corteva will do so only to the extent such documents can be located after a reasonably diligent search.

6. Corteva objects to the Requests, including the Definitions and Instructions set forth therein, to the extent they would require the production of documents or information as to which Corteva owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by the laws of any nation, state, or subdivision thereof, including, without limitation, laws relating to personal data and privacy.

7. Corteva will make a reasonable, good faith effort to produce responsive, non-privileged documents in accordance with a protocol ("Search Protocol") to be negotiated and agreed upon by the parties in this action captioned *Federal Trade Commission et al. v. Syngenta et al.*, No. 1:22-cv-00828-TDS-JEP (M.D.N.C.) (the "FTC Action") and *In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP (M.D.N.C.) (the "MDL Action" and, together with the FTC Action, the "Related Actions"). Corteva's proposed Search Protocol, submitted herewith, sets forth Corteva's intended use of and

methodology for technology-assisted review ("TAR"), custodians, and date ranges. The Search Protocol will exclude documents previously collected, reviewed, and produced during the Investigation, which Plaintiffs have already received.

8. Corteva will make a reasonable, good faith effort to identify, collect, and produce targeted collections of available data following a reasonable search in response to Requests that seek available Data Sets, to the extent such Requests are not otherwise objectionable. To the extent the Requests seek Data Sets "broken down" into certain criteria, Corteva will only provide "broken down" data to the extent it is maintained in the ordinary course of business and reasonably accessible.

9. Corteva objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they call for the production of information or documents that are not relevant to this Action, including, but not limited to, documents relating to active ingredients and crop protection products not pleaded in Plaintiffs' Amended Complaint (the "Complaint"). Corteva will not search for or produce any documents relating to any active ingredients other than acetochlor, oxamyl, and rimsulfuron (the "Relevant Active Ingredients"), nor will Corteva search for or produce any documents relating to finished crop-protection products comprised of active ingredients other than the Relevant Active Ingredients. Corteva further objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they call for the production of information or documents concerning loyalty programs not pleaded in Plaintiffs' Complaint. In particular, Corteva will not search for or produce any documents relating to loyalty programs other than the Crops, Range & Pasture and Industrial Vegetation Management (IVM) Loyalty Program (the "CRPIVM") and the Corporate Distributor Offer (the "CDO" and, together with the "CRPIVM," the "Relevant Loyalty Programs"). Production of any information

or documents in response to these Requests should not be construed as, and does not constitute, an admission as to the relevance of any material provided therein. Corteva reserves the right to object to the admissibility at trial of any document produced in response to the Requests.

10. Corteva objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they are vague, ambiguous, or otherwise fail to describe the documents or categories of documents sought in the Requests with reasonable particularity, which would allow Corteva to identify responsive documents, if any, without speculation or undue burden.

11. Corteva reserves the right further to object to these Requests insofar as Corteva determines the Requests sweep more broadly than they appear at present. Moreover, any purported failure on Corteva's part to produce a particular document, or to set forth a particular legal argument, in response to any of these Requests shall not constitute any waiver or forfeiture of Corteva's right to identify or rely upon additional relevant facts, documents, and/or witnesses, or to make specific legal arguments, as this litigation progresses.

12. Any agreement by Corteva to produce documents in response to a specific Request does not constitute an admission that any responsive, non-privileged documents exist or that Corteva will search all files maintained by any person. Rather, any such agreement means only that responsive documents will be produced if they exist, can be located based on the Search Protocol and are not otherwise protected from disclosure.

13. None of the General Objections or Specific Objections or Responses are admissions as to the relevance, materiality, authenticity, or admissibility of any information provided herein. Nor is anything in this document an admission of any disputed fact, legal conclusion, or characterization contained within any Request.

# OBJECTIONS TO DEFINITIONS

1.      Corteva objects to the definition of the term "Company" and "Corteva" and any Definition, Instruction, or Request that incorporates that definition, to the extent that definition encompasses predecessor legal entities and seeks information or documents that are not in Corteva's possession, custody, or control.

2.      Corteva objects to the definition of the term "Active Ingredient" and "AI," and any Definition, Instruction, or Request that incorporates that definition, as overbroad, unduly burdensome, and not limited to the subject matter of the Action with respect to Corteva, including because the definition is not limited to the Relevant Active Ingredients.  Corteva will interpret the term "Active Ingredient" to mean the Relevant Active Ingredients.

3.      Corteva objects to the definition of the term "Agreement" or "Contract," and any Definition, Instruction, or Request that incorporates that definition, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including to the extent that it seeks to impose an obligation on Corteva beyond those required by the Applicable Rules.

4.      Corteva objects to the definition of the term "Benefit," and any Definition, Instruction, or Request that incorporates that definition, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including to the extent that it seeks to impose an obligation on Corteva beyond those required by the Applicable Rules.

5.      Corteva objects to the definition of the term "Communication" or "Communicate," and any Definition, Instruction, or Request that incorporates that definition, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including to the extent that it seeks to impose an obligation on Corteva beyond those required by the Applicable Rules, including insofar as it imposes the obligation to produce "any transmittal, exchange,

transfer, or dissemination of information" without regard to whether there is a record of such "transmittal" of information or whether such "transmittal" of information is within Corteva's possession, custody or control.

6. Corteva objects to the definition of the term "Covered Crop Protection Product," and any Definition, Instruction, or Request that incorporates that definition, as vague, overbroad, unduly burdensome, and not limited to the subject matter of the Action with respect to Corteva, including because the definition purports to include Active Ingredients not pleaded in the Complaint. *See* Objection to Definitions No. 2. Corteva will interpret the term "Covered Crop Protection Product" to mean Corteva's Crops, Range & Pasture and Industrial Vegetation Management (CRPIVM) loyalty program to the extent to and for the period in which the CRPIVM has applied to each Relevant Active Ingredient.

7. Corteva objects to the definition of the term "Crop-Protection Product," and any Definition, Instruction, or Request that incorporates that definition, as vague, overbroad, unduly burdensome, and not limited to the subject matter of the Action with respect to Corteva, including because the definition is not limited to crop-protection products containing the Relevant Active Ingredients. Corteva will interpret the term "Crop-Protection Product" to mean finished crop protection products containing the Relevant Active Ingredients acetochlor, oxamyl, and rimsulfuron (the "Relevant Crop Protection Products").

8. Corteva objects to the definition of the term "Data Set" and any Definition, Instruction, or Request that incorporates that definition, as overbroad, and unduly burdensome to the extent it seeks information or documents that are not in Corteva's possession, custody, or control.

9.     Corteva objects to the definition of the term "Documents," and any Definition, Instruction, or Request that incorporates that definition, to the extent it defines the term differently than does Federal Rule of Civil Procedure 34. Corteva further objects to the definition of the term "Documents" to the extent it incorporates the definition of "Communication." *See* Objection to Definitions No. 5.

10.    Corteva objects to the definition of the term "Employee-Owned Device," and any Definition, Instruction, or Request that incorporates that definition, as vague, overbroad, and unduly burdensome to the extent unduly it seeks information or documents that are not in Corteva's possession, custody, or control.

11.    Corteva objects to the definition of the term "End-Use Crop-Protection Product," and any Definition, Instruction, or Request that incorporates that definition, as vague, overbroad, unduly burdensome, and not limited to the subject matter of the Action with respect to Corteva, including because the definition is not limited to crop-protection products containing the Relevant Active Ingredients. Corteva further objects to the definition of the term "End-Use Crop-Protection Product" to the extent it incorporates the definition of "Crop-Protection Product." *See* Objection to Definitions No. 7. Corteva will interpret the term "End-Use Crop-Protection Product" to mean finished crop protection products containing the Relevant Active Ingredients acetochlor, oxamyl, and rimsulfuron (the "Relevant Crop Protection Products").

12.    Corteva objects to the definition of the term "Exclusivity Condition," and any Definition, Instruction, or Request that incorporates that definition, as vague and calling for a legal conclusion. Corteva further objects to the definition of the term "Exclusivity Condition" to the extent it incorporates the definitions of "Agreement," "Benefit," "Crop-Protection Product," and "Active Ingredient." *See* Objection to Definitions Nos. 2, 3, 4, 7.

13.     Corteva objects to the definition of the term "Information Systems Diagram," and any Definition, Instruction, or Request that incorporates that definition, as vague, overbroad, and unduly burdensome to the extent unduly it seeks information or documents that are not in Corteva's possession, custody, or control.  Corteva further objects to the definition of the term "Information Systems Diagram" to the extent it incorporates the definitions of "Company" and "Employee-Owned Device."  *See* Objection to Definitions Nos. 1, 10.

14.     Corteva objects to the definition of the term "Loyalty Programs," and any Definition, Instruction, or Request that incorporates that definition, as overbroad, unduly burdensome, and not limited to the subject matter of the Action with respect to Corteva, including because it is "not limited to" the CRPIVM and CDO loyalty programs as defined above.  *See* General Objection No. 9.  Corteva will interpret the term "Loyalty Programs" to mean the Relevant Loyalty Programs—*i.e.*, the CRPIVM and CDO loyalty programs, collectively, as those programs are defined herein.  *See id.*

15.     Corteva objects to the definition of the term "Loyalty Product" and any Definition, Instruction, or Request that incorporates that definition, as overbroad, unduly burdensome.  Corteva further objects to the definition of the term "Loyalty Product" to the extent it incorporates the definitions of "Crop-Protection Product," "Active Ingredient," "Exclusivity Condition," and "Company."  *See* Objection to Definitions Nos. 1, 2, 7, 12.

16.     Corteva objects to the definition of the term "Manufacturing-Use Crop-Protection Product" and any Definition, Instruction, or Request that incorporates that definition, as overbroad, unduly burdensome.  Corteva further objects to the definition of the term "Manufacturing-Use Crop-Protection Product" to the extent it incorporates the definitions of

"Crop-Protection Product" and "End-Use Crop-Protection Product." *See* Objection to Definitions Nos. 7, 11.

17.     Corteva objects to the definition of the term "Messaging Application" and any Definition, Instruction, or Request that incorporates that definition, as overbroad, and unduly burdensome to the extent unduly it seeks information or documents that are not in Corteva's possession, custody, or control. Corteva further objects to the definition of the term "Messaging Application" to the extent it incorporates the definition of "Company." *See* Objection to Definitions No. 1.

18.     Corteva objects to the definition of the term "Plan" and any Definition, Instruction, or Request that incorporates that definition, as vague and overbroad.

19.     Corteva objects to the term "You" and any Definition, Instruction, or Request that incorporates that term, as overbroad and unduly burdensome to the extent it attempts to extend the scope of these Requests beyond Corteva, Inc., and Corteva Agriscience LLC. Corteva will interpret the term "You" to refer to Corteva, Inc., and Corteva Agriscience LLC, as well as any persons or entities whose documents and/or information are within Corteva's possession, custody, or control.

## OBJECTIONS TO INSTRUCTIONS, PRODUCTION FORMAT AND RELEVANT TIME PERIOD

1.     Corteva objects to the Instructions to the extent they purport to require Corteva to compile information or documents in a manner that is not consistent with the Stipulated ESI Order (Dkt. 201), not maintained in the ordinary course of business, or not within Corteva's possession, custody, or control.

2.     Corteva objects to Instruction No. 1 on the grounds that it is overly broad and unduly burdensome to the extent it seeks production of Documents generated from January 1,

2015 to the present. Corteva further objects to the extent, for the Relevant AIs, the Instruction seeks documents generated during the period from twenty-four (24) months prior to the AI first being included in a Loyalty Program to the present. Corteva further objects on the grounds that it is vague and ambiguous to the extent that it seeks documents "to the present." Subject to, and consistent with, this objection, Corteva will conduct a reasonable search for and produce documents over a relevant time period set forth in the Search Protocol. For the purposes of responding to these Requests, Corteva has construed the relevant time period as January 1, 2016 (the earliest year in which any Relevant Active Ingredient is alleged to have been placed in a Relevant Loyalty Program), through December 30, 2022 (the filing of the initial complaint in this Action) (the "Relevant Time Period").

3. Corteva objects to Instruction No. 2 on the grounds that it is overly broad and unduly burdensome. Corteva further objects to the extent it seeks Documents without limitation, including those in the "actual or constructive possession, custody, or control of Corteva's representatives, attorneys, or other agents, including without limitation consultants, accountants, lawyers, or any other persons retained, consulted by, or working on behalf or under the direction of the Company, wherever they may be located" to the extent such documents are not maintained in the ordinary course of business, or are not within Corteva's possession, custody, or control.

4. Corteva objects to Instruction No. 4 to the extent it is overbroad and requests documents that are duplicative.

5. Corteva objects to Instruction Nos. 7, 8, and 9 to the extent that they require Corteva to create, generate, or compile privilege logs in a manner inconsistent with that set forth in Stipulated ESI Order (Dkt. 201) or any protective order entered in this Action. Corteva further

49

objects to Instruction Nos. 7, 8, and 9 to the extent they seek information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, regulatory privilege, and any other applicable immunity, privilege or protection. Corteva will prepare a privilege log in a manner consistent with the Applicable Rules and any applicable orders.

DATED this 20th day of May, 2024.

/s/ *Mark E. Anderson*
Mark E. Anderson
N.C. State Bar No. 15764
manderson@mcguirewoods.com
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone: 919.755.6600

David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Specially appearing (L.R. 83.1(d)).
*Attorneys for Defendant Corteva, Inc*

51

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of May, 2024, I caused the foregoing document to be served on all counsel of record in a manner provided for by Rule 5 of the Federal Rules of Civil Procedure by sending a copy to all counsel of record via email.

/s/ *David R. Marriott*
David R. Marriott
