# Exhibit K



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Wesley Carson
Anticompetitive Practices I Division
Federal Trade Commission
202.326.3743
wcarson@ftc.gov

June 21, 2024

**VIA ELECTRONIC MAIL**

Ben Bauer
Maximillian Auerbach
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

Re: *FTC et al. v. Syngenta Crop Protection AG et al.*, No. 1:22-cv-00828-TDS-JEP (M.D.N.C.)

Dear Ben and Max,

    Thank you for your latest proposal regarding custodians, and your letter of June 18. Based on our discussions, we are hopeful that we can reach accord on a number of issues. To that end, Plaintiffs are providing an updated proposal on custodians and time frame that represent a number of compromise positions. Plaintiffs reserve the right to revert to their prior positions if we cannot reach agreement and motion to compel briefing becomes necessary.

**Custodians**

    Exhibit A, attached, contains our new proposal for custodians, with redlines showing the difference between our proposal and what Corteva has already agreed to provide. This updated proposal involves changes to the custodians themselves, as well as the date range for some custodians. Our proposal also drops a number of individuals from our initial request, including John Chism, Timothy Glenn, Robert King, Brian Mack, and Jaime Zambrano.

    As discussed on our June 20 call, the proposal also adds some individuals in National Account and regional roles. Given that Corteva only provided Plaintiffs with an organizational chart covering the regional sales groups yesterday (June 21, 2024), and has not yet provided organizational charts for National Account roles, Plaintiffs request some custodians by name and others by role.

Highly Confidential – Outside Counsel Eyes Only

**Start Date for Collection**

While Plaintiffs continue to believe that the beginning collection dates requested in their RFPs are reasonable, targeted, and proportionate, Plaintiffs will agree to the following parameters for document collection:

- Unless otherwise stated below, Plaintiffs agree to a start date of January 1, 2016.

- As reflected in Exhibit A, for the before individuals and types of documents Corteva will collect, review, and produce documents prior to January 1, 2016. Documents and materials from before 2016 regarding the origins, purpose, and effects of predecessor Dow and DuPont loyalty programs ███████████████████████████████████. *See, e.g,* FTC-CTVA_00456046 ████████████████████████████████. For the below time frames, Corteva may exclude time frames where these individuals' documents have already been collected, reviewed, and produced.

    o **Suzanne Wasson (2012-present).** We believe Ms. Wasson was Marketing Director at Dow from 2012-2014, and Commercial Leader from 2014-2017.

    o **Rajan Gajaria (2002-2004; 2009-2012; 2014-present)**. We believe Mr. Gajaria was US Product Manager Specialty Herbicides and Insecticides at Dow from 2000-2004, Marketing Director from 2009-2012, and VP of the Americas from 2014-2017.

    o **Jim Parker (2002-2011)**. We believe Mr. Parker was Marketing Manager at Dow from 2000-2011.

    o **Lars Swanson (2004-2007, 2012-present)**. We believe Mr. Swanson was Product Manager for Insecticides for DuPont from 2004-2007, and in various marketing roles from 2012-2016.

    o **Mark Lindsey (2007-2017)**. We believe Mr. Lindsey was Post Patent Strategy Manager at DuPont from 2007-2009, US Marketing Manager from 2009-2014, and North America Key Account Team Leader from 2014-2017.

    o **Paul Edsten (2012-2017).** We believe Mr. Edsten was Key Account Manager at DuPont from 2003-2017, as well as Manager of Post Patent Strategy from 2012 through at least 2014.

    o For RFPs 17 and 18, Corteva will conduct a manual search for loyalty agreements and accounting documents back to 2002.

Highly Confidential – Outside Counsel Eyes Only

In your June 18 letter, and on our call yesterday, you represented that you did not think loyalty agreements from DuPont were relevant, because unlike historical Dow loyalty programs, DuPont loyalty programs ███████████████████████████████. That is incorrect. Specifically, the DuPont loyalty program for sulfonylurea products ████████████████████████████████████████████████ *See, e.g.,* FTC-CTVA_00139366 (2017 DuPont ████████ document describing ███████████████████████████████████████████ ████████████████████████████████ and likely earlier.

**Other Issues**

The above proposal applies only to document collection. We await Corteva's updated proposal for data collection and production (RFPs 27 – 33), which you said on our June 20 call was forthcoming.

In addition, you confirmed on our June 20 call that you intend to perform a manual search and collection for certain types of documents called for by Plaintiffs RFPs, but you have yet to identify what categories of documents you believed manual search and collection would be appropriate for. While Plaintiffs believe that Corteva should be required to identify and seek agreement on those instances in which it will manually collect and review documents outside of its TAR protocol, as a compromise Plaintiffs will agree that this issue can be deferred. To that end, please confirm that Corteva will identify, as soon as available, which categories of documents Corteva plans to manually collect and review outside of the TAR protocol, and that Corteva agrees that Plaintiffs retain the right to move to compel with respect to manual collection notwithstanding the motion to compel deadline laid out in the scheduling order.

Finally, your June 18 letter provides some additional information regarding your proposed TAR protocol, but still fails to commit to specific metrics. The letter states that Corteva will later provide metrics concerning recall, consistency, richness, and statistical sampling. As a compromise, Plaintiffs will agree to defer this issue until further information about processes and metrics is available, so long as Corteva agrees that Plaintiffs retain the right to move to compel based on Corteva's use of TAR notwithstanding the motion to compel deadline laid out in the scheduling order.

We look forward to hearing from you, particularly on the open data questions, in short order.

Sincerely,

*/s/ Wesley Carson*
Wesley Carson

Highly Confidential – Outside Counsel Eyes Only