|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| STATE OF CALIFORNIA, | ) | |
| STATE OF COLORADO, | ) | |
| STATE OF ILLINOIS, | ) | |
| STATE OF INDIANA, | ) | |
| STATE OF IOWA, | ) | |
| STATE OF MINNESOTA, | ) | |
| STATE OF NEBRASKA, | ) | |
| STATE OF OREGON, | ) | |
| STATE OF TENNESSEE | ) | |
| STATE OF TEXAS, | ) | |
| STATE OF WASHINGTON, | ) | |
| and | ) | Case No. 1:22-cv-00828-TDS-JEP |
| STATE OF WISCONSIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYNGENTA CROP PROTECTION AG, | ) | |
| SYNGENTA CORPORATION, | ) | |
| SYNGENTA CROP PROTECTION, LLC, | ) | |
| and | ) | |
| CORTEVA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## SYNGENTA'S UNOPPOSED MOTION TO SEAL

Pursuant to the Court's April 25, 2024 Scheduling Order [Dkt. No. 195, p. 4], adopting the Parties' alternative proposal in their Supplemental Joint Local Rule 5.5. Report [Dkt. No. 182], and Local Rule 5.4(b), Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta") respectfully move to keep under seal portions of the briefing submitted in regard to

Plaintiffs' Motion to Compel Discovery of Syngenta Defendants [Dkt. No. 217]. Plaintiffs do not oppose the relief requested herein for the purposes of Plaintiffs' Motion to Compel. In support of this Motion,[1] Syngenta states as follows:

1.     On June 25 and 28, 2024, Plaintiffs filed their Motion to Compel Discovery of Syngenta Defendants [Dkt. No. 217], as supported by a Memorandum in Support and numerous exhibits [Dkt. Nos. 218, 219].

2.     Because that memorandum and several of the exhibits included "information designated as confidential by a party or nonparty" [Dkt. No. 182, p. 7], Plaintiffs filed both sealed versions of each and public, redacted versions of each. [*See* Dkt. Nos. 218, 219].

3.     On July 16 and 19, 2024, Syngenta filed its Response in opposition to Plaintiffs' Motion and a declaration in support of that response, as supported by exhibits. [Dkt. Nos. 228, 229, 231, 232].

4.     Because that response, declaration, and exhibits included "information designated as confidential by a party or nonparty" [Dkt. No. 182, p. 7], Syngenta filed both sealed versions of each and public, redacted versions of each. [*See* Dkt. Nos. 228, 229, 231, 232].

5.     On July 29 and August 1, 2024, Plaintiffs filed their Reply Memorandum in Support of their Motion and declaration in support of that reply, as supported by exhibits. [Dkt. Nos. 239, 240].

---

[1] Pursuant to the Parties' alternative proposal, Syngenta has not filed "a separate brief to support [this] motion to seal." [Dkt No. 182, p. 7].

6.     Because that reply memorandum included "information designated as confidential by a party or nonparty" [Dkt. No. 182, p. 7], Plaintiffs filed both a sealed version and a public, redacted version. [*See* Dkt. Nos. 239, 240].

7.     As required by the court-adopted alternative sealing proposal, counsel for Plaintiffs and Syngenta met on August 6 and 13, 2024 to "meet and confer . . . to discuss the sealing of exhibits and/or portions of the briefing." [Dkt. No. 182, p. 7].

8.     Plaintiffs, through counsel, represent they do not oppose the sealing requested herein for the purposes of Plaintiffs' Motion to Compel.

9.     Because Syngenta "claim[s] confidentiality" as to information included in briefing on Plaintiffs' Motion and the related exhibits, it brings the instant motion for the Court to seal and retain under seal the following "unredacted brief[s] and unredacted exhibits" [Dkt. No. 182, p. 7]:

- Dkt. No. 218: Plaintiffs' Memorandum in Support of Their Motion to Compel Discovery of Syngenta Defendants

- Dkt. No. 218-1: Declaration of Allyson M. Maltas in Support of Plaintiffs' Motion to Compel Discovery of Syngenta Defendants

- Dkt. No. 218-5: The Syngenta Post-patent Strategy: Product Handbook

- Dkt. No. 218-8: Transcript of February 4, 2022 Investigative Hearing Testimony of Vern Hawkins

- Dkt. No. 218-9: November 2017 email correspondence between Syngenta personnel

- Dkt. No. 218-10: December 2017 email correspondence between Syngenta personnel

- Dkt. No. 218-11: July 16, 2017 email correspondence between Syngenta personnel

- Dkt. No. 218-12: Mesotrione Supply and Data Access Agreement between Syngenta Crop Protection AG and Dow AgroSciences LLC and E.I. du Pont de Nemours and Company

- Dkt. No. 218-13: January 5, 2017 email correspondence between Syngenta personnel

- Dkt. No. 218-15: June 4, 2024 Letter from Philip Kehl to Benjamin M. Miller

- Dkt. No. 218-16: June 13, 2024 Plaintiffs' Redline of Syngenta's proposed search terms

- Dkt. No. 218-18: December 17, 2020 Letter from Syngenta to the FTC

- Dkt. No. 218-19: June 24, 2024, "Request Terms" Agreed-Upon By Parties

- Dkt. No. 218-20: July 24, 2024 email correspondence between Syngenta personnel

- Dkt. No. 218-21: March 3, 2015 email correspondence between Syngenta personnel

- Dkt. No. 218-23: October 1, 2007 Marketing Agreement between Syngenta Crop Protection, Inc., and another company

- Dkt. No. 218-24: April 28, 2016 email correspondence between Syngenta personnel

- Dkt. No. 218-25: April 13, 2015 Syngenta Presentation

- Dkt. No. 218-27: August 12, 2019 email correspondence between Syngenta personnel

- Dkt. No. 228: Syngenta Defendants' Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery of Syngenta Defendants

- Dkt. No. 229-1: July 1, 2006 Supply Agreement S-Metolachlor Products between Syngenta Crop Protection, Inc. and E.I. du Pont de Nemours and Company, Inc. and the October 1, 2020 Tenth Amendment to the Supply Agreement S-Metolachlor Products between Syngenta Crop Protection, LLC and Corteva AgriScience

- Dkt. No. 229-2: Transcript of February 4, 2022 Investigative Hearing Testimony of Vern Hawkins

4

- Dkt. No. 229-3: Transcript of October 29, 2021 Investigative Hearing Testimony of Charles Flippin

- Dkt. No. 229-4: Transcript of December 9, 2021 Investigative Hearing Testimony of Rex Wichert

- Dkt. No. 229-8: June 3, 2015 email correspondence between Syngenta personnel

- Dkt. No. 229-9: Listing of other entities' products

- Dkt. No. 229-15: Syngenta's Organizational Chart

- Dkt. No. 239: Plaintiffs' Reply Memorandum in Support of their Motion Compel Discovery of Syngenta Defendants

10.     For Docket Numbers 218-5, 218-8, 218-9, 218-10, 218-11, 218-12, 218-13, 218-16, 218-18, 218-19, 218-20, 218-21, 218-23, 218-24, 218-25, 218-27, 229-1, 229-2, 229-3, 229-4, 229-8, 229-9, 229-15, Syngenta has not "filed again" those documents "as an attachment to [this] motion to seal" because "the entirety of [those] exhibit[s] . . . is sought to be sealed." [Dkt. No. 182, p. 7-8].

11.     For these items ("Proposed Sealed Filings"), sealing is necessary and less drastic alternatives like redaction will not afford adequate protection and/or provide any benefit to the public. This is especially true where the public's interest in potentially unsealed versions of these documents is significantly lessened given that they relate to a discovery dispute rather than a dispositive motion determining substantive rights of litigants. *See, e.g.*, *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, No. 1:05CV955, 2011 WL 2413404, at *5 (M.D.N.C. June 10, 2011).

12.     The Proposed Sealed Filings include (i) terms of Syngenta's business agreements with third parties or details of the negotiations of these agreements; (ii) internal

5

Syngenta documents that describe or analyze Syngenta's competitive strategies for sales and marketing; and (iii) confidential business and financial information, including analyses of pricing and sales data and customer-specific information ("Confidential Information"). (*See*, *generally*, Declaration of Marc Trigilio, filed contemporaneously herewith; *see also* LR 5.4(c)(3)). All of this Confidential Information is commercially and competitively sensitive and is maintained as confidential by Syngenta in its course of business.[2]  (*See*, *generally*, Trigilio Declaration).

13.     The Confidential Information is of the type that courts in this Circuit regularly permit to be filed under seal. See, e.g., *Mr. Dee's Inc. v. Inmar, Inc.*, 2021 WL 294775, at *6 (M.D.N.C. Jan. 28, 2021) ("[T]his Court . . . previously has granted motions to seal confidential marketing and sales information, the disclosure of which would have harmed the competitive and financial interests of the parties." (cleaned up)); *Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 291-92 (W.D.N.C. 2019) (maintaining confidentiality of portions of deposition testimony that discussed corporate business strategies and financial data); *Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 117 F. Supp. 3d 732, 746 (M.D.N.C. 2015) (granting motion to seal documents containing proprietary financial figures where the public release would negatively impact the party's business); *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining under seal "confidential financial and business information which, if made

---

[2] The Confidential Information that Syngenta seeks to seal from documents originating with Syngenta resides with Syngenta Crop Protection, LLC. However, Defendants Syngenta Crop Protection AG and Syngenta Corporation also have an interest in this information being kept confidential and under seal by virtue of their corporate relationship with Syngenta Crop Protection, LLC and therefore join in this Motion.

public, could harm the parties' business interests"); *Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (holding that "certain marketing [and] sales" information should be sealed because it was "not ordinarily public" and would cause "harm[ ] by public disclosure").

14.     Indeed, this Court has already ruled in this matter that similar such information is appropriately filed under seal.  [Dkt. No. 86].

15.     The Confidential Information is so pervasive throughout the Proposed Sealed Filings that redaction of the Confidential Information would be impractical and leave the relevant document of no feasible value to the public. *See, e.g.*, *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 428 (M.D.N.C., 2011) ("Alternatives to sealing the entirety of the eight exhibits do not exist, because the secret information pervades each document. Thus, filing redacted copies of these documents would be impracticable, and the documents, in a redacted form, would likewise be incomprehensible. Therefore, the Court finds the parties' filing of the eight exhibits under seal is appropriate."); *Alexander v. City of Greensboro*, 2013 WL 6687248, at *5 (M.D.N.C. Dec. 18, 2013) ("The court has carefully reviewed the documents, which are described in the notes above, and concludes . . . the documents would be essentially unreadable if the confidential information were redacted. Because the documents consist almost entirely of confidential personnel records or records of criminal investigations, a compelling governmental interest in nondisclosure exists. No means short of sealing the entire documents would adequately protect the privacy interests asserted.").

16.     Thus, Syngenta respectfully requests that, given the impracticality of redaction of the Proposed Sealed Materials, they be maintained under seal by the Court. Plaintiffs do not oppose this request for the purposes of Plaintiffs' Motion to Compel.

17.     For Docket Numbers 218, 218-1, 218-15, 228, 239, Syngenta has contemporaneously with this Motion "filed under seal [the] briefs [and] exhibits sought to be sealed as attachments to [this] motion" and has "highlighted" "the information sought to be sealed." [Dkt. No. 182, p. 7-8].

18.     For these items ("Proposed Redacted Filings"), redaction is necessary and is the least drastic alternative to sealing the entirety of the document.

19.     The Proposed Redacted Filings include the 1) exhibits expressing, discussing, analyzing, or summarizing the Confidential Information describe above; 2) declarations describing exhibits by reference to Confidential Information; and 3) legal briefing summarizing or discussing Confidential Information.

20.     That confidential information is of the type that courts in this Circuit regularly permit to be filed under seal, and is of the type that this Court has already held are appropriately sealed in this matter. *See, supra*., ¶¶ 13-14.

21.     References to the Confidential Information in the Proposed Redacted Filings are limited such that redaction is practical and will not impair the feasibility of the public reviewing and understanding those filings.[3]

---

[3] Per the alternative sealing proposal, Syngenta has "highlighted" "the information sought to be sealed" in Docket Nos. 218, 218-1, 218-15, 228, 239 and filed them with this Motion. These highlights serve as Syngenta's proposed redactions, and filed those highlighted documents under seal. [Dkt. No. 182, pp. 7-8]. Plaintiffs do not oppose these redactions in connection with the Plaintiffs' Motion to Compel.

8

22.    Thus, Syngenta respectfully requests that the unredacted versions of Proposed Redacted Filings be maintained under seal by the Court and that i) upon the Court's order the Proposed Redacted Filings be placed on the public docket in their proposed redacted form or in any other redacted form ordered by the Court, (Dkt. No. 182, p. 9), or ii) that the Court allow Syngenta to, upon the Court's order, file the Proposed Redacted Filings on the public docket in their proposed redacted form or any other redacted form ordered by the Court.

Respectfully submitted, this 13th day of August, 2024.

/s/ Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
Sean T. Placey
N.C. Bar No. 56683
splacey@foxrothschild.com

FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC  27401
Telephone:  336.378.5200
Facsimile:  336.378.5400

James I. McClammy*
james.mcclammy@davispolk.com
Benjamin Miller *
benjamin.miller@davispolk.com
Daniel J. Thomson*
daniel.thomson@davispolk.com

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

\* Specially appearing under L.R. 83.1(d)
*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

10