# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | Case No. 1:22-cv-00828-TDS-JEP<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE AS UNTIMELY DECLARATION OF DAVID ROSENTHAL ON SWISS LAW** |

Syngenta has been aware for almost two years—since the September 2022 filing of the initial complaint in this case—that Defendant Syngenta Crop Protection AG ("SCPAG") might be subject to discovery, and Plaintiffs' requests for production to SCPAG have been pending for nearly four months. Plaintiffs met and conferred exhaustively with Syngenta regarding those requests, and then Plaintiffs and Syngenta engaged in weeks of written briefing on Plaintiffs' Motion to Compel. Yet Syngenta waited until just three days before the Court was scheduled to hear the Motion (and

nearly one month after it submitted its opposition brief) to provide any evidence purporting to substantiate its position that SCPAG should not be subject to discovery in this matter. Syngenta's belated introduction of this evidence—in the form of an expert declaration of David Rosenthal regarding Swiss law—is an eleventh-hour attempt to circumvent the Federal and Local Rules that unfairly prejudices Plaintiffs. To be clear, though voluminous, the Rosenthal Declaration and its exhibits do not actually substantiate Syngenta's deficient legal arguments. But they nonetheless should be stricken as untimely.

## I. RELEVANT PROCEDURAL BACKGROUND

On April 19, 2024, Plaintiffs served their First Set of Requests for Production to Syngenta. (Doc. 218, Ex. A). Syngenta served its Responses and Objections to these Requests on May 19, 2024 (Doc. 218, Ex. B), and the parties met and conferred about those requests on multiple occasions. Throughout this month-long process, Plaintiffs and Syngenta repeatedly discussed Syngenta's claim that Swiss law either barred production from SPCAG or would cause any such production to be unduly burdensome. However, Syngenta consistently failed to identify any specific laws that it believed would bar such production or to substantiate any conflict of law or other burden. (*See* Doc. 218, Ex. C and Ex. N (correspondence memorializing meet and confer process)).

Plaintiffs filed their motion to compel discovery of Syngenta on June 25, 2024. (Doc. 217-18). On July 1, 2024, Syngenta requested, and Plaintiffs agreed to, an extension of time to file a response to the Motion. (Doc. 220). Plaintiffs submitted a

related consent motion for an extension of time to submit a reply. (Doc. 221). On July 5, the Court granted both extension requests and scheduled a hearing on the Motion for August 15, 2024, at 9:30 a.m. (Doc. 223). Syngenta filed its opposition to the Motion on July 16, 2024. (Doc. 228), and Plaintiffs submitted a reply in support of their Motion on July 29, 2024. (Doc. 239).

Among the issues addressed in Plaintiffs' Motion is whether Defendant SCPAG, a Swiss company, may claim a blanket exemption from discovery in this action on the basis of Swiss law. SCPAG's role has been evident since the motion to dismiss stage, where the Court found the complaint's allegations sufficient, if proven, to support the Swiss entity's liability for the conduct at the heart of this case. (Doc. 160 at 68, 71–72). And Plaintiffs and Syngenta have fully briefed their dispute as to the effect (if any) that Swiss law should have on SCPAG's discovery obligations. *See* Motion at 11–12, Ex. C, Ex. N; Opposition at 9–13; Reply at 3–6.

After the close of business on August 12, 2024, Syngenta provided notice pursuant to Rule 44.1 of the Federal Rules of Civil Procedure that it intends to raise an issue of Swiss law at the hearing, attaching a declaration from David Rosenthal that includes nine exhibits totaling approximately 170 pages (Doc. 248). Mr. Rosenthal states that he is a Swiss attorney and his declaration purports to "opine on Swiss law provisions that must be observed by Swiss companies, such as SCPAG, when producing own records [*sic*] from Switzerland to a U.S. legal proceeding to which they are a party, including relevant Swiss law provisions on criminal law, data protection law and employment law."

3

Rosenthal Decl. ¶ 7. Mr. Rosenthal's declaration does not address any newly arisen factual or legal developments, and could have been presented to the Court a month ago when Syngenta filed its opposition brief.

**II.     ARGUMENT**

The Court should strike the Rosenthal Declaration as untimely. The Federal Rules of Civil Procedure require that "[a]ny affidavit supporting a motion must be served with the motion" and "any opposing affidavit must be served at least 7 days before the hearing, unless the court permits otherwise." Fed. R. Civ. P. 6(c)(2). Further, the Local Rules contemplate that where "allegations of facts not appearing of record are relied upon to support a motion, affidavits . . . then available shall accompany the motion or related brief" and that when opposing a motion, "the respondent may move for an extension of time" if supporting documents are not then available. LR 7.3(e), (f); *see Bruce Terminix Co. v. Terminix Int'l Co.*, 2022 WL 3028165, at *8 (M.D.N.C. Aug. 1, 2022) (citing Rule 6(c)(3) and LR 7.3(f), (g), and holding that the party had not shown "good cause or excusable neglect to justify their late filing" and the issue giving rise to the filing had been long known to the parties). The "clear purpose" of the rules "is to prevent unfair surprise by eleventh hour filing." *Democracy N.C. v. N.C. State Bd. of Electors*, No. 1:20CV457, 2020 WL 4288103, at *6 (M.D.N.C. July 7, 2020) (noting that "a party may not file a motion unsupported by any evidence only to spring the evidence on the opposing party on a later date") (citation omitted).

4

Here, Syngenta submitted the Rosenthal Declaration just three days before the Court's hearing on the Motion—clearly improper under both the Federal and Local Rules. Syngenta neither attached the Rosenthal Declaration to its opposition brief nor asked for an extension of time to do so. Nor did Syngenta seek leave to file a sur-reply in response to Plaintiffs' reply brief, if it believes there are new arguments in the reply warranting a response.

Although the court has discretion to consider untimely affidavits under some exceptions provided by Rule 6, such exceptions "should generally be used only if cause or excusable neglect has been shown by the party failing to comply with the time provided." *Orsi v. Kirkwood*, 999 F.2d 86, 91–92 (4th Cir. 1993) (rejecting documents offered the day of summary judgment hearing because submitting party "offered no excuse for their delay"). Syngenta has offered no excuse for its delay in providing the Rosenthal Declaration in support of its opposition.

In fact, Syngenta's eleventh-hour submission of the Rosenthal Declaration is the culmination of a pattern of unfair delay in preparing and disclosing its Swiss law arguments. Despite having litigated SCPAG's status as a Defendant at the motion to dismiss stage, Syngenta failed in its Responses and Objections to Plaintiffs' requests even to mention Swiss law. (Doc. 218 at 11; Doc. 218-3). Syngenta waited until filing its opposition to Plaintiffs' Motion to identify the particular Swiss statutes it claims are at issue. *See* Doc. 228 at 12 (justifying its failure to identify any particular statutes by observing that it had pointed to generalized "blocking statute issues"). And, having

5

failed to substantiate its arguments during the period contemplated by the Court's motion to compel briefing schedule, it now submits this additional procedurally improper declaration. If Syngenta desired to include an expert declaration to support its arguments, it should have done so with its opposition.

This needless delay prejudices Plaintiffs. Syngenta was fully aware of Plaintiffs' position and arguments regarding SCPAG when it submitted its opposition, but nevertheless withheld the Rosenthal Declaration until a time at which Plaintiffs could no longer respond. Moreover, the Rosenthal Declaration itself confirms that Plaintiffs will be unable to test Mr. Rosenthal's opinions or ask questions regarding his conclusions, because "a foreign court may not hear live testimony from [an] expert in Switzerland" (Rosenthal Decl. ¶ 6 n.1); *see Bruce Terminix Co.*, 2022 WL 3028165, at *8 (holding that the late filing prejudiced the opposing party because it "could not respond to the declaration in reply briefing or at the hearing or depose [the declarant] before the pending motion was submitted"). While Plaintiffs continue to maintain that Syngenta's position regarding the impact of Swiss law is without merit, Syngenta's delay in articulating and substantiating its position has deprived Plaintiffs of a fair opportunity to present a full response.

### III. CONCLUSION

Plaintiffs respectfully request that the Court strike the Rosenthal Declaration as untimely and prejudicial.

Dated: August 14, 2024					Respectfully submitted,

                                        /s/ Allyson M. Maltas
ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

KARNA ADAM
JOSEPH R. BAKER
WESLEY G. CARSON
ROBERT Y. CHEN
ELIZABETH A. GILLEN
PHILIP J. KEHL
LAUREN B. PATTERSON
MICHAEL J. TURNER

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Conor J. May
JAN M. ZAVISLAN
Senior Counsel
CONOR J. MAY
Assistant Attorney General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Jan.Zavislan@coag.gov
           Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*


/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*


/s/ Colin P. Snider
COLIN P. SNIDER
JUSTIN C. MCCULLY
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-3840
Email: Colin.Snider@nebraska.gov
       Justin.Mccully@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*


/s/ Matthew Michaloski
MATTHEW MICHALOSKI
CHRISTI FOUST
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-1479
Email: matthew.michaloski@atg.in.gov
       christi.foust@atg.in.gov
       scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*


/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
       jason.pleggenkuhle@ag.state.mn.us
       elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
TATE BALL
Assistant Attorney General
Office of the Attorney General of Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
       Tate.Ball@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*


/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
JAMES LLOYD
Chief, Antitrust Division
TREVOR YOUNG
Deputy Chief, Antitrust Division
WILLIAM SHIEBER
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

# CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words, excluding the exempted portions, as reported by word processing software.

Dated: August 14, 2024                               /s/ Allyson M. Maltas

ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov