UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP-PROTECTION AG,<br>SYNGENTA CORPORATION,<br>SYNGENTA CROP-PROTECTION, LLC,<br><br>and<br><br>CORTEVA, INC.,<br><br>Defendants. | CASE NO. 1:22-cv-00828-TDS-JEP |

**CORTEVA, INC.'S UNOPPOSED MOTION TO FILE UNDER SEAL
PORTIONS OF THE BRIEFING REGARDING PLAINTIFFS'
MOTION TO COMPEL DISCOVERY**

Pursuant to Local Rule 5.4(c)(2) and Paragraph 4 of the parties' Supplemental Joint Local Rule 5.5 Report (Dkt. No. 182), Defendant Corteva, Inc. ("Corteva") respectfully moves this Court to maintain under seal the confidential portions of the briefing submitted in regard to Plaintiffs' Motion to Compel Discovery of Defendant Corteva, Inc. (the "MTC") (Dkt. 225). Corteva met and conferred with Plaintiffs on August 8 and August 15, 2024 pursuant to the court-adopted alternative sealing proposal under Local Rule 5.5. Plaintiffs do not oppose the relief requested herein.

In support of its motion,[1] Corteva states:

1. Corteva "claim[s] confidentiality" over information included in the MTC briefing and related exhibits, and requests that the Court retain under permanent seal the following "unredacted brief[s] and unredacted exhibits" (Dkt. 182 at 7):

- Dkt. 225-5: excerpts of Confidential Economic White Paper on Corteva's Loyalty Programs, submitted to the FTC, dated April 1, 2022.

- Dkt. 225-6: excerpts of DowAgroSciences' presentation entitled "New Business Development Generic Defense", dated December 8, 2010.

- Dkt. 225-8: excerpts of Dow-DuPont presentation entitled "Crop Protection Discussion", dated August 17, 2017.

- Dkt. 225-9: Loyalty Program Agreement between Dow AgroSciences LLC and Tenkoz, Inc., dated September 1, 2014.

- Dkt. 225-10: excerpts of DuPont presentation entitled "2014 Product Portfolio Strategy", dated January 17, 2014.

- Dkt. 236: excerpts of Confidential Economic White Paper on Corteva's Loyalty Programs, submitted to the FTC, dated April 1, 2022.

- Dkt. 236-1: Letter from Margaret T. Segall, Cravath, Swaine & Moore LLP to Michael Turner, Federal Trade Commission, dated October 2, 2020.

- Dkt. 236-2: Letter from Margaret T. Segall, Cravath, Swaine & Moore LLP to Michael Turner, Federal Trade Commission, dated October 14, 2020.

---

[1] Pursuant to the Parties' alternative proposal, Corteva has not filed "a separate brief to support [this] motion to seal." (Dkt No. 182, p. 7).

- Dkt. 236-3: Letter from Nicole Peles, Cravath, Swaine & Moore LLP to Michael Turner, Federal Trade Commission, dated August 4, 2020.

2. As to Docket Numbers Dkt. 225-5, Dkt. 225-6, Dkt. 225-8, Dkt. 225-9, Dkt. 225-10, Dkt. 236, Dkt. 236-1, Dkt. 236-2, Dkt. 236-3, (the "Proposed Sealed Filings"),[2] Corteva avers that sealing the entire document is necessary and less drastic alternatives, such as partial redaction, would not afford adequate protection and/or provide any benefit to the public. In particular, the public's interest in unsealed versions of the above materials is negligible where the documents at issue involve a discovery dispute rather than a motion determining the substantive rights of litigants. *See In re Pol'y Mgmt. Sys. Corp.*, 67 F.3d 296 (4th Cir. 1995) ("[A] document becomes a judicial document when a court uses it in determining litigants' substantive rights. . . . a document must play a relevant and useful role in the adjudication process in order for the common law right of public access to attach."); *see also Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11 (1st Cir. 1986) ("There is no right of public access to documents considered in civil discovery motions."); *Smithkline Beecham Corp. v. Abbott Lab'ys*, No. 1:15-cv-360, 2017 WL 11552659, at *4 (M.D.N.C. Mar. 7, 2017) ("[G]iven that the parties seek to seal documents related to a discovery motion rather than a dispositive motion adjudicating the parties'

---

[2] Corteva has not "filed again" those documents "as an attachment to [this] motion to seal" because "the entirety of [those] exhibit[s] . . . is sought to be sealed." (Dkt. No. 182, p. 7-8).

substantive rights, this court concludes that no public access right attaches to the documents at issue.").

3. The Proposed Sealed Filings include: (i) terms of Corteva's business agreements with third parties or details of the negotiations of these agreements; (ii) internal Corteva documents that describe or analyze Corteva's strategies for sales and markets; (iii) confidential business and financial information, including analyses of pricing and sales data and customer-specific information; and (iv) information concerning the identities, structure, and scope of Corteva's confidential commercial databases (together, "Confidential Information"). (Decl. of D. Eddis, filed August 16, 2025); *see also* LR.5.4(C)(3)). These categories of confidential information are commercially and competitively sensitive and are maintained as confidential by Corteva in its ordinary course of business. *Id*.

4. The Confidential Information contained in the Proposed Sealed Filings is of the type that courts in this Circuit regularly permit to be filed under seal. *See Smithkline Beecham Corp.*, 2017 WL 11552659, at *5 (protecting under seal documents containing "confidential research, development, or commercial information of [the requesting party], which if publicly disclosed, could result in an unfair competitive disadvantage. . . ."); *ATI Indus. Automation, Inc. v. Applied Robotincs, Inc.*, No. 1:9-cv-471, 2014 WL 2607364, at *5 (M.D.N.C. June 11, 2014) (ordering that documents containing confidential lists of customers, order histories, cost and pricing information be sealed); *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08-cv-00918, 2010 WL1418312, at *10 (M.D.N.C. Apr. 2, 2010) (observing that

4

the "presumption of access may be overcome . . . to prevent court files from becoming sources of business information that might harm a litigant's competitive standing.") (internal quotations omitted).

5. The Confidential Information is pervasive throughout the Proposed Sealed Filings such that redaction of the Confidential Information would be impractical and leave the relevant document of no feasible value to the public. *See, e.g., ATI Indus. Automation, Inc.*, 801 F. Supp. 2d at 428 (M.D.N.C. 2011) ("Alternatives to sealing the entirety of the eight exhibits do not exist, because the secret information pervades each document. Thus, filing redacted copies of these documents would be impracticable, and the documents, in a redacted form, would likewise be incomprehensible. Therefore, the Court finds the parties' filing of the eight exhibits under seal is appropriate."); *Alexander v. City of Greensboro*, 2013 WL 6687248, at *5 (M.D.N.C. Dec. 18, 2013) ("The court has carefully reviewed the documents, which are described in the notes above, and concludes . . . the documents would be essentially unreadable if the confidential information were redacted . . . [and n]o means short of sealing the entire documents would adequately protect the privacy interests asserted.").

6. Thus, Corteva respectfully requests that, given the impracticality of redacting the Proposed Sealed Materials in a manner that adequately protects their Confidential Information, they be maintained under seal by the Court. Plaintiffs do not oppose this request for the purposes of Plaintiffs' Motion to Compel.

7. For Docket Numbers 225, 225-1, 225-7, 225-11, 225-12, 234, and 243 Corteva has contemporaneously with this Motion "filed under seal [the] briefs [and] exhibits sought to be sealed as attachments to [this] motion" and has "highlighted" "the information sought to be sealed." (Dkt. No. 182, p. 7–8).

8. For these items ("Proposed Redacted Filings"), redaction is necessary and is the least drastic alternative to sealing the entirety of the document.

9. The Proposed Redacted Filings include: 1) correspondence expressing, discussing, analyzing, or summarizing the Confidential Information described above; 2) declarations describing exhibits by reference to Confidential Information; and 3) legal briefing summarizing or discussing Confidential Information.

10. The Confidential Information is of the type that courts in this Circuit regularly permit to be filed under seal and is of the type that this Court has already held is appropriately sealed in this matter. *See supra* ¶¶ 3–5.

11. References to the Confidential Information in the Proposed Redacted Filings are limited enough that redaction is practical and will not impair the ability of the public to review and understand those filings.[3]

---

[3] Per the alternative sealing proposal, Corteva has "highlighted" "the information sought to be sealed" in Docket Nos. 225, 225-1, 225-7, 225-11, 225-12, 234, and 243 and filed them with this Motion. These highlights serve as Corteva's proposed redactions, and filed those highlighted documents under seal. (Dkt. No. 182, pp. 7-8). Plaintiffs do not oppose these redactions in connection with the Plaintiffs' Motion to Compel.

6

12. Thus, Corteva respectfully requests that the unredacted versions of the Proposed Redacted Filings be maintained under seal by the Court and that (i) upon the Court's order the Proposed Redacted Filings be placed on the public docket in their proposed redacted form or in any other redacted form ordered by the Court, (Dkt. No. 182, p. 9), or (ii) that the Court allow Corteva to, upon the Court's order, file the Proposed Redacted Filings on the public docket in their proposed redacted form or any other redacted form ordered by the Court. Respectfully submitted, this 16th day of August, 2024.

DATED this 16th day of August, 2024.

/s/ *Mark E. Anderson*

Mark E. Anderson
N.C. State Bar No. 15764
manderson@mcguirewoods.com
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone: 919.755.6600

David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
Jesse Weiss*
jweiss@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Specially appearing (L.R. 83.1(d)).
*Attorneys for Defendant Corteva, Inc.*