UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>    Defendants. | Case No. 1:22-cv-00828-TDS-JEP<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's August 15, 2024 minute order, Plaintiffs Federal Trade Commission and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin, acting by and through their respective Attorneys General ("Plaintiffs"); and Defendants Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC (collectively, "Syngenta") and Corteva, Inc. ("Corteva," with Syngenta, the "Defendants," and together with Plaintiffs and Syngenta, the "Parties") have met and conferred and hereby submit this Joint Status Report in advance of the October 24, 2024 status conference.

1. **Party Discovery Update**

The Court's April 25, 2024 Case Management Order (Doc. 195) sets forth the relevant deadlines for this litigation. The Parties have been proceeding pursuant to this schedule, and discovery is underway.

   a. Discovery Served by Plaintiffs

Plaintiffs served their First Sets of Requests for Production on Defendants on April 19, 2024. Plaintiffs met and conferred extensively with Defendants regarding their First Sets of Requests, and ultimately submitted Motions to Compel against Syngenta (Doc. 217) and Corteva (Doc. 224), respectively, that were fully briefed and addressed at the August 15, 2024 hearing. Pursuant to the Court's instructions, the Parties continued negotiations following the hearing, and have now reached agreement on all issues presented in the Motions to Compel. With these issues resolved, Defendants will produce

data and documents sought by Plaintiffs' First Sets of Requests for Production on a rolling basis, and aim to make initial productions on or before Friday, November 1, 2024—with additional rolling productions to follow as soon as practicable thereafter, as required under the Scheduling Order (Dkt. 195 at 6 n.1.).

Plaintiffs served their Second Sets of Requests of Production on August 22, 2024 (to Syngenta) and August 26, 2024 (to Corteva), respectively, seeking communications between counsel for Defendants and third parties. Defendants responded on September 23 and September 25, 2024, respectively, following which the Parties met and conferred. Following several discussions among the Parties and without the need for motion practice, Plaintiffs have withdrawn these requests in light of Defendants' agreement to limit the scope of post-complaint discovery sought from Plaintiffs.

      b. <u>Discovery Served by Defendants</u>

Each Defendant served a First Set of Requests for Production on Plaintiffs on July 1, 2024. Plaintiffs served responses and objections to the Requests on July 31, 2024. The Parties met and conferred regarding those requests, and agreed on the scope of discovery without motion practice. Plaintiffs will produce the data and documents sought by Defendants' First Set of Requests for Production on a rolling basis, starting no later than November 15, 2024.

    2.    **<u>Third Party Discovery Update</u>**

The Parties have proceeded diligently with third-party discovery, with Plaintiffs

and Defendants having sought discovery from a significant number of third parties. Many of these third parties have begun producing documents or data in response to the subpoenas or voluntarily. Twenty (20) third parties have made at least one production to date. In sum, the Parties have received over 100,000 documents totaling approximately 500,000 pages from third parties and expect to receive tens of thousands of additional documents in the coming weeks. Nonetheless, Plaintiffs have encountered certain obstacles that have contributed to delay in third-party discovery efforts.

      a. <u>Protective Order Concerns</u>

Certain third parties have cited confidentiality concerns in refusing to provide certain documents in response to Plaintiffs' subpoenas. These third parties have objected to providing documents to Plaintiffs on the basis that they are not comfortable with Plaintiffs complying with its obligation to provide any responsive materials to Defendants in light of competitively sensitive contents. Plaintiffs have responded that non-specific confidentiality concerns are not a valid basis for withholding productions altogether, but the relevant third parties have continued to hold back their productions on these grounds. Accordingly, Plaintiffs respectfully request the Court set a deadline for third parties to move to supplement or modify the Protective Order in light of confidentiality concerns, in order to facilitate third party productions.

Further, nine third parties joined Defendants' Opposition to Plaintiffs' Motion for Entry of a Protective Order in *In re Crop Protection Products Loyalty Program Antitrust*

*Litigation*, Civil Action No. 23-md-3062-TDS-JEP (the "MDL Action").[1] Certain of these third parties have voiced an intention to wait until a final Protective Order is entered in the MDL Action before producing documents in the Government Action in the first instance. In response to these concerns, Plaintiffs have pointed third parties to the Discovery Coordination Order (Doc. 222) at Paragraph 3 and footnote 2, which require production in this Action by the third party, and provide that parties in this Action will withhold re-production to Plaintiffs in the MDL Action where the third party objects, but some third parties have indicated that resolution of the pending motion is required for discovery to progress.

### b. Third Parties Receiving Multiple Subpoenas

Certain third parties that have received multiple subpoenas have postponed responding to Plaintiffs' subpoenas until they can be assured that they can address the full scope of all requests from all Parties at once, rather than on a piecemeal basis. Plaintiffs are cognizant of the potential burden on third parties associated with receiving multiple overlapping subpoenas, and have been receptive to these concerns over the past several months.

Now that the fact discovery period is halfway over, however, Plaintiffs note that it

---

[1] Nutrien Ag Solutions, Inc., Simplot AB Retail, Inc., CHS Inc., Tenkoz Inc., Rosen's Inc., Van Diest Supply Company, Growmark, Inc., and Winfield Solutions, LLC) joined Defendants' Opposition to Plaintiffs' Motion for Entry of a Protective Order (MDL Docket No. 144). Wilbur-Ellis joined Defendants' Cross Motion (MDL Docket No. 143).

may be necessary in the coming months to request that the Court set intermediate deadlines for third party discovery, whether formal or informal, similar to those the Parties negotiated in the Scheduling Order for party discovery. These deadlines may include a deadline for the conclusion of subpoena negotiations with third parties and/or a deadline for the substantial completion of third-party discovery. While the Parties did not initially opt to negotiate these deadlines as part of the Scheduling Order, Plaintiffs' position is that all Parties will benefit from concluding negotiations with third parties, to ensure the timely production of documents and allow the orderly and efficient scheduling of third-party depositions within the fact discovery period.

3. **Coordination with Related Cases**

   a. Compliance with Discovery Coordination Order

On June 14, 2024, the Parties submitted a joint consent motion regarding the stipulated coordination of discovery in this action with discovery in the MDL Action (Doc. 216). On July 5, 2025, the Court so ordered the stipulation (Doc. 222). The Parties have met and conferred regarding compliance with their respective ongoing obligations to provide written discovery materials to each other, and to the MDL Plaintiffs in a timely manner, as required by the Coordination Order. On July 22, 2024, the Plaintiffs in the above-captioned action provided to the plaintiffs in the MDL Action (the "MDL Plaintiffs") all subpoenas issued to third parties in this action and documents received up until that point, with certain limited exceptions described in Section 2(a) above, and have

6

reproduced later-in-time, third-party productions on a rolling basis. Defendants have similarly provided MDL Plaintiffs with all subpoenas issued to third parties in this Action and any documents received to date.

      b. Coordination of Expert Discovery

As discussed during the May 24, 2024 status conference, Plaintiffs remain interested in discussing coordination of expert reports and related materials, but understand this Court's guidance that this topics may be better addressed following fact discovery. *See* May 24, 2024 Hearing Tr. at 90:14-21 ("[I]f we need to address what expert reports could or should be shared, I think we are going to be in a lot better position to make that analysis once we're to the other side of discovery and actually know who those experts are going to be and what we're even talking about rather than just purely hypothetical on that.").

**4.** **Deposition Scheduling**

The Parties do not anticipate noticing depositions within the next 30 days. At this time, the Parties expect to begin noticing depositions by the end of 2024, though may do so sooner with respect to third party depositions if it appears any individual third-party document productions are or will be substantially complete. Plaintiffs are currently unable to provide an estimate as to when they will begin noticing Defendant depositions due to the delays described above.

The Parties are mindful of the fact discovery deadline of April 22, 2025, and

7

Case 1:22-cv-00828-TDS-JEP   Document 261   Filed 10/17/24   Page 7 of 12

intend to proceed as efficiently as possible to avoid holding the majority of depositions in the final weeks of the fact discovery period. The Parties are currently negotiating a Stipulated Deposition Protocol.

Dated: October 17, 2024

Respectfully submitted,

/s/ Allyson M. Maltas
ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

KARNA ADAM
JOSEPH R. BAKER
WESLEY G. CARSON
ROBERT Y. CHEN
ELIZABETH A. GILLEN
PHILIP J. KEHL
LAUREN B. PATTERSON
MICHAEL J. TURNER

*Attorneys for Plaintiff Federal Trade Commission*

8

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Conor J. May
JAN M. ZAVISLAN
Senior Counsel
CONOR J. MAY
Assistant Attorney General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Jan.Zavislan@coag.gov
         Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*

/s/ Christi Foust
CHRISTI FOUST
Deputy Attorney General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-1479
Email: christi.foust@atg.in.gov
         scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

9

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
       jason.pleggenkuhle@ag.state.mn.us
       elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Colin P. Snider
COLIN P. SNIDER
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-3840
Email: Colin.Snider@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorney for Plaintiff State of Oregon*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

/s/ William Shieber
JAMES LLOYD
Chief, Antitrust Division
TREVOR YOUNG
Deputy Chief, Antitrust Division
WILLIAM SHIEBER
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

11

/s/ Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: 336.378.5200
Facsimile: 336.378.5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
David B. Toscano*
david.toscano@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)

Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC

/s/ Mark E. Anderson
Mark E. Anderson
N.C. Bar No. 15764
manderson@mcguirewoods.com
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Telephone: 919.755.6600
Facsimile: 919.755.6699

David R. Marriott**
dmarriott@cravath.com
Margaret T. Segall**
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

** Specially appearing under L.R. 83.1(d)

Attorneys for Defendant Corteva, Inc.