# EXHIBIT G



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 3, 2024**

Benjamin M. Miller
David Polk and Wardell LLP
901 15th Street, NW
Washington, D.C. 20005
Benjamin.miller@davispolk.com

Re: Rule 45 Subpoena to Atticus, LLC in *Federal Trade Commission v. Syngenta Crop Protection AG*, No. 1:22-CV-00828 (M.D.N.C.)

Dear Benjamin:

We write on behalf of Atticus, LLC in response to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") served on Atticus on or around August 6, 2024, on behalf of Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta"). Atticus requests a meet and confer to discuss the scope and necessity of the requested documents.

Atticus provides these objections and responses in accordance with Syngenta's agreement that any objections and responses will be due September 3, 2024. Atticus reserves its right to raise additional objections if new information arises or is in the interest of justice.

**<u>Objections to the Definitions</u>**

**DEFINITION 1.** "Action" means *FTC, et al. v. Syngenta Crop Protection AG, et al.*, No. 1:22-cv- 828-TDS-JEP (M.D.N.C.), including any related discovery, pre-trial, trial, post-trial, or appellate proceedings.

**OBJECTION.** Atticus will understand the term Action to refer only to *Federal Trade Commission et al. v. Syngenta et al.*, No. 1 :22-cv-00828-TDS-JEP in the U.S. District Court for the Middle District of North Carolina

**DEFINITION 2.** "Active Ingredient" or "AI" means a chemical substance that aims to kill or control one or more pests that damage crops.

**OBJECTION.** Atticus objects to the definition of "Active Ingredient" or "AI" as it is overly broad. Atticus further objects to the extent the definition strays from the common industry definition of the term.

**DEFINITION 3.** "Amended Complaint" means the amended complaint filed in the Action on December 23, 2022.

**OBJECTION.** Atticus understands "Amended Complaint" to refer to an amended complaint filed in *Federal Trade Commission et al. v. Syngenta et al.*, No. 1 :22-cv-00828-TDS-JEP in the U.S. District Court for the Middle District of North Carolina on December 23, 2022. Atticus is not familiar with the document itself.

**DEFINITION 4.** "Civil Investigative Demand," "Information Request," "Informal Request," "Voluntary Request," "Document Request," or "Subpoena" refers to any formal or informal request for information, Documents, Communications, or other materials from a party in litigation or a federal, state, or foreign governmental entity.

**OBJECTION.** Atticus objects to the definition of "Civil Investigative Demand," "Information Request," "Informal Request," "Voluntary Request," "Document Request," or "Subpoena"" as they are overly broad. Atticus objects to the definitions to the extent the definitions are not limited by relevance, relation to the parties to the litigation, and by relation to the pesticides at issue in this litigation. Atticus objects to this definition to the extent it lacks any temporal limits and seeks to impose an undue burden on Atticus through the production process. Atticus understands the definitions to be limited to the pesticides at issue in this litigation and the parties to the litigation.

**DEFINITION 5.** "Communication" means the transmittal of information or request for information, including, but not limited to, any written contact between two or more people by such means as letters, memoranda, facsimile transmissions, text messages, instant messages, and emails, as well as orally by such means as face-to-face meetings and telephone conversations.

**OBJECTION.** Atticus objects to the definition of "Communication" as it is overly broad. For example, the definition is overly broad to the extent it refers to information sought as to written and oral communications. Atticus objects to the definition of "Communication" to the extent it seeks to impose an undue burden on Atticus through the production process. Atticus objects to the definition of "Communication" to the extent it seeks to impose discovery obligations on its directors, officers, trustees, employees, attorneys, agents, consultants, and representatives.

**DEFINITION 6.** "Complaint" means the original complaint filed in the Action on September 29, 2022.

**OBJECTION.** Atticus understands "Complaint" to refer to a complaint filed in *Federal Trade Commission et al. v. Syngenta et al.*, No. 1 :22-cv-00828-TDS-JEP in the U.S.

District Court for the Middle District of North Carolina on September 29, 2022. Atticus is not familiar with the document itself.

**DEFINITION 7.** "Crop Protection Product" means any formulated product that is applied to or for the benefit of crops to kill or control insects, weeds, diseases, fungi, or other pests and contains one or more Active Ingredients.

**OBJECTION.** Atticus objects to the definition of "Crop Protection Product" as it is overly broad. Atticus objects to the definition of "Crop Protection Product" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 8.** "Defendant(s)" means one or more of Corteva, Inc., Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.

**OBJECTION.** Atticus understands the term "Defendant(s)" to mean only Corteva and/or Syngenta.

**DEFINITION 9.** "Distributor(s)" means any Person(s) that purchases Crop Protection Products and sells such products to other Persons that sell to consumers.

**OBJECTION.** Atticus objects to the definition of "Distributor(s)" as it is overly broad. Atticus objects to the definition of "Distributor(s)" to the extent it seeks to impose an undue burden on Atticus through the production process. Specifically, information sought is not limited to Distributor(s) of pesticides at issue in the present litigation. Atticus objects to this definition to the extent it is used to seek information that is not in the possession, custody, or control of Atticus, including information relating to third parties.

**DEFINITION 10.** "Documents" means all documents or data, whether hard copy or electronically stored information as defined in Federal Rule of Civil Procedure 34(a).

**OBJECTION.** Atticus objects to the definition of "Documents" as it is overly broad. Atticus objects to the definition to the extent it seeks to impose an undue burden on Atticus through the production process, including through its inclusion of data and the term "electronically stored information." Atticus understands "Documents" to be limited to the scope of the term as used in Rule 34(a) of the Federal Rules of Civil Procedure.

**DEFINITION 11.** "Electronically-Stored Information" means all Documents or data that are stored in any electronic medium from which information can be obtained.

**OBJECTION.** Atticus objects to the definition of "Electronically-Stored Information" as it is overly broad. Atticus objects to the definition to the extent it seeks to impose an undue burden on Atticus through the production process, including through its inclusion of "data." Atticus understands "Electronically-Stored Information" to be limited to the scope of the term as used in Rule 34(a) of the Federal Rules of Civil Procedure.

**DEFINITION 12.** "Federal Trade Commission" refers to the United States Federal Trade Commission, including, but not limited to, any bureaus, components, agents, representatives, consultants, contractors, employees, attorneys, experts, economists, and any other Person(s) acting or purporting to act with or on its behalf.

**OBJECTION.** Atticus objects to the definition of "Federal Trade Commission" as it is overly broad. For example, documents sought regarding the Federal Trade Commission "bureaus, components, agents, representatives, consultants, contractors, employees, attorneys, experts, economists, and any other Person(s) acting or purporting to act with or on its behalf" may not be relevant, may be unduly burdensome to identify, and may not be in the possession of Atticus. Atticus further objects as Atticus does not have any practical knowledge about what is understood by the scope of the proposed definition of Federal Trade Commission. Atticus will understand that term "Federal Trade Commission " to mean the United States Federal Trade Commission.

**DEFINITION 13.** "Functional Equivalent to Azoxystrobin" means any AI contained within a Crop Protection Product that is effective against the same or similar pests on a same crop as a Crop Protection Product containing azoxystrobin.

**OBJECTION.** Atticus objects to the definition of "Functional Equivalent to Azoxystrobin" as it is overly broad and potentially encompasses an excessive number of pesticide products, including those having little, if any, relevance to the case. Specifically, information sought is not limited to pesticides at issue in the present litigation. Atticus objects to the definition of "Functional Equivalent to Azoxystrobin" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 14.** "Functional Equivalent to Fomesafen" means any AI contained within a Crop Protection Product that is effective against the same or similar pests on a same crop as a Crop Protection Product containing fomesafen.

**OBJECTION.** Atticus objects to the definition of "Functional Equivalent to Fomesafen" as it is overly broad and potentially encompasses an excessive number of pesticide products, including those having little, if any, relevance to the case. Specifically, information sought is not limited to pesticides at issue in the present litigation. Atticus objects to the definition of "Functional Equivalent to Fomesafen" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 15.** "Functional Equivalent to Lambda-cyhalothrin" means any AI contained within a Crop Protection Product that is effective against the same or similar pests on a same crop as a Crop Protection Product containing lambda-cyhalothrin.

**OBJECTION.** Atticus objects to the definition of "Functional Equivalent to Lambda-cyhalothrin" as it is overly broad and potentially encompasses an excessive number of pesticide products, including those having little, if any, relevance to the case. Specifically, information sought is not limited to pesticides at issue in the present litigation. Atticus objects to the definition of "Functional Equivalent to Lambda-cyhalothrin" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 16.** "Functional Equivalent to Mesotrione" means any AI contained within a Crop Protection Product that is effective against the same or similar pests on a same crop as a Crop Protection Product containing mesotrione.

**OBJECTION.** Atticus objects to the definition of "Functional Equivalent to Mesotrione" as it is overly broad and potentially encompasses an excessive number of pesticide

products, including those having little, if any, relevance to the case. Specifically, information sought is not limited to pesticides at issue in the present litigation. Atticus objects to the definition of "Functional Equivalent to Mesotrione" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 17.** "Functional Equivalent to Paraquat" means any AI contained within a Crop Protection Product that is effective against the same or similar pests on a same crop as a Crop Protection Product containing paraquat.

**OBJECTION.** Atticus objects to the definition of "Functional Equivalent to Paraquat" as it is overly broad and potentially encompasses an excessive number of pesticide products, including those having little, if any, relevance to the case. Specifically, information sought is not limited to pesticides at issue in the present litigation. Atticus objects to the definition of "Functional Equivalent to Paraquat" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 18.** "Functional Equivalent to S-Metolachlor" means any AI contained within a Crop Protection Product that is effective against the same or similar pests on a same crop as a Crop Protection Product containing metolachlor or s-metolachlor.

**OBJECTION.** Atticus objects to the definition of "Functional Equivalent to S-Metolachlor" as it is overly broad and potentially encompasses an excessive number of pesticide products, including those having little, if any, relevance to the case. Specifically, information sought is not limited to pesticides at issue in the present litigation. Atticus objects to the definition of "Functional Equivalent to S-Metolachlor" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 19.** "Generic Product" means any Relevant Crop Protection Product manufactured by a generic Supplier.

**OBJECTION.** Atticus objects to the definition of "Generic Product" as it is overly broad. Atticus objections to the definition of "Generic Product" given that the definition of "Relevant Crop Protection Product" is overly broad and potentially encompasses an excessive number of pesticide products, including those having little, if any, relevance to the present litigation. Atticus objects to the definition of "Generic Product" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 20.** "Grower" means any Person(s) (including applicators) that purchases Crop Protection Products for the purpose of applying to crops.

**OBJECTION.** Atticus objects to the definition of "Grower" as it is overly broad. Atticus objects to the definition of "Grower" to the extent it seeks to impose an undue burden on Atticus through the production process. Specifically, information sought is not limited to Growers that purchase pesticides at issue in the present litigation. Atticus objects to this definition to the extent it is used to seek information that is not in the possession, custody, or control of Atticus, including information relating to third parties.

**DEFINITION 21.** "Other Government Entity or Actor" means all government entities or actors other than Plaintiffs in the Action or a Related Action, including, but not limited to,

governmental agencies, other State Attorneys General, the United States Department of Justice, members of Congress, congressional staffers, or foreign regulators, as well as current or former employees of any such entities or actors.

**OBJECTION.** Atticus objects to the term "Other Government Entity or Actor" as it is overly broad. Atticus objects to the definition to the extent it is not limited to the parties to the present litigation and the pesticides at issue in the present litigation. Atticus objects to the definition of "Other Government Entity or Actor" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 22.** "Person" means any person and includes natural persons, corporations, firms, partnerships, proprietorships, associations, joint ventures, States, Territories, government agencies or entities, and other enterprises or legal entities.

**OBJECTION.** Atticus objects to the definition of "Person" as it is overly broad. For example, information sought regarding any "natural persons, corporations, firms, partnerships, proprietorships, associations, joint ventures, States, Territories, government agencies or entities, and other enterprises or legal entities" is not relevant to the litigation, nor is the information held by them within the possession, custody or control of Atticus. Atticus objects to the definition of "Person" to the extent it seeks to impose an undue burden on Atticus through the production process. Atticus objects to the definition of "Person" to the extent it seeks to impose discovery obligations on its directors, officers, trustees, employees, attorneys, agents, consultants, and representatives, or the directors, officers, trustees, employees, attorneys, agents, consultants, and representatives of any of its partnerships, associations, joint ventures, trusts, or any other related organizations or entities. Atticus objects to this definition to the extent it is used to seek information that is not in the possession, custody, or control of Atticus, including information relating to third parties.

**DEFINITION 23.** "Plaintiff(s)" mean the entities, both individually and collectively, asserting claims against some or all Defendants in the Action or the Related Actions, including, but not limited to, any components, agents, representatives, consultants, contractors, employees, attorneys, experts, economists, and any other Person(s) acting or purporting to act with or on such entity's behalf.

**OBJECTION.** Atticus objects to the definition of "Plaintiff(s)" as it is overly broad. For example, documents sought regarding the Plaintiffs' "components, agents, representatives, consultants, contractors, employees, attorneys, experts, economists, and any other Person(s) acting or purporting to act with or on such entity's behalf" may not be relevant, may be unduly burdensome to identify, and may not be in the possession of Atticus. Atticus further objects as Atticus does not have any practical knowledge about what is understood by the scope of the proposed definition of Plaintiffs. Atticus objects to the definition of "Plaintiff(s)" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 24.** "Pre-Complaint Investigation" means an investigation by the Federal Trade Commission, State Attorney General, or Other Government Entity or Actor into whether Syngenta or others engaged or is engaging in a violation or violations of the FTC Act, federal or state antitrust laws, or other federal or state laws, including, but not limited to, the investigation or file referred to as FTC File No. 191-0031, and any pre-investigative

activity, review, inquiry, information gathering, or collection of Documents any Plaintiff in the Action engaged in prior to filing the Amended Complaint.

**OBJECTION.** Atticus objects to the definition of "Pre-Complaint Investigation" as it is overly broad. Atticus objects to the definition to the extent it is not limited to the parties and the pesticides at issue in the present litigation. Atticus objects to this definition to the extent it lacks any temporal limits and seeks to impose an undue burden on Atticus through the production process. Atticus objects to this definition to the extent it is used to seek information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus further objects as Atticus does not have any practical knowledge about what is understood by the scope of the proposed definition of "Pre-Complaint Investigation," namely Atticus does not have any practical knowledge as to what "pre-investigative activity, review, inquiry, information gathering, or collection of Documents any Plaintiff in the Action engaged in prior to filing the Amended Complaint."

**DEFINITION 25.** "Product Rebate" means any rebate, incentive, discount, pass-through, or other price reduction offered to customers of Person(s) involved in the manufacture, distribution, or sale (including re-sale) of Relevant Crop Protection Products or Technical AI Products.

**OBJECTION.** Atticus objects to the definition of "Product Rebate" as it is overly broad. Atticus objects to the definition to the extent it is not limited to the parties and the pesticides at issue in the present litigation. Atticus objects to this definition as the definitions of "Relevant Crop Protection Products" and "Technical AI Products" are overly broad and potentially encompass an excessive number of pesticide products, including those having little, if any, relevance to the case. Atticus objects to this definition to the extent it is used to seek information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus objects to the definition of "Product Rebate" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 26.** "Related Actions" refers to any of the following actions: (i) the action captioned *In re: Crop Protection Products Loyalty Program Antitrust Litigation*, Case No. 1:23-MD-3062- TDS-JEP (M.D.N.C.), pending in the Middle District of North Carolina, including any related discovery, pre-trial, trial, post-trial, or appellate proceedings; (ii) the action captioned *Griffin v. Syngenta Crop Protection AG et al.*, Case No. 4:22-CV-01287-BSM (E.D. Ark.), pending in the Eastern District of Arkansas, including any related discovery, pre-trial, trial, post-trial, or appellate proceedings; or (iii) any other litigation related to the subject matter of the Action.

**OBJECTION.** Atticus objects to the definition of "Related Actions" as it is overly broad. For example, "any other litigation related to the subject matter of this Action" could refer to any and every litigation by any parties in the crop-protection industry. Atticus objects to the definition to the extent it is not limited to the Relevant Crop-Protection Products and the parties to the present litigation. Atticus understands the term "Related Actions" to refer to *In re: Crop Protection Products Loyalty Program Antitrust Litigation*, Case No. 1:23-MD-3062-TDS-JEP, pending in the Middle District of North Carolina and *Griffin v. Syngenta Crop Protection AG et al.*, Case No. 4:22-CV-01287- BSM, pending in the Eastern District of Arkansas.

**DEFINITION 27.** "Relating to," "relate to," "related to," or "in relation to" mean concerning, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, reflecting, pertaining to, supporting, refuting, responsive to, or with respect to.

**OBJECTION.** Atticus objects to the definitions of "relating to," "relate to," "related to," or "in relation to" to the extent they seek to impose an undue burden on Atticus through the production process.

**DEFINITION 28.** "Relevant Crop Protection Product" means a Crop Protection Product containing azoxystrobin, a Functional Equivalent to Azoxystrobin, fomesafen, a Functional Equivalent to Fomesafen, lambda-cyhalothrin, a Functional Equivalent to Lambda-cyhalothrin, mesotrione, a Functional Equivalent to Mesotrione, metolachlor, s-metolachlor, a Functional Equivalent to S- Metolachlor, paraquat, or a Functional Equivalent to Paraquat.

**OBJECTION.** Atticus objects to the definition of "Relevant Crop Protection Product" as it is overly broad and potentially encompasses every pesticide product, including any fungicide, herbicide, insecticide, nematicide, rodenticide, seed treatment or plant growth regulator. Specifically, the definition is not limited to the pesticides at issue in the present litigation through the use of the "Functional Equivalent" definitions. Atticus objects to the definition of "Relevant Crop Protection Product" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 29.** "Retailer" means any Person(s) that sells Crop Protection Products to consumers, including but not limited to Growers.

**OBJECTION.** Atticus objects to the definition of "Retailer" as it is overly broad. Atticus objects to the definition of "Retailer" to the extent it seeks to impose an undue burden on Atticus through the production process. Specifically, information sought is not limited to retailers that sell the pesticides at issue in the present litigation. Atticus objects to this definition to the extent it is used to seek information that is not in the possession, custody, or control of Atticus, including information relating to third parties.

**DEFINITION 30.** "State Attorney General" refers to any Attorney General or other office of any State or Territory of the United States of America, whether a Plaintiff or otherwise, and including, but not limited to, any components, agents, representatives, consultants, contractors, employees, attorneys, and any other Person(s) acting or purporting to act with or on its behalf.

**OBJECTION.** Atticus objects to the term "State Attorney General" as it is overly broad. For example, documents sought regarding the State Attorney General and their "components, agents, representatives, consultants, contractors, employees, attorneys, and any other Person(s) acting or purporting to act with or on its behalf" may not be relevant, may be unduly burdensome to identify, and may not be in the possession of Atticus. Atticus further objects as Atticus does not have any practical knowledge about what is understood by the scope of the proposed definition of State Attorney General. Atticus objects to the definition to the extent it is not limited to the pesticides and the parties in the present litigation. Atticus objects to the definition of "State Attorney General" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 31.** "Supplier" means any Person(s) that imports, manufactures, or has imported or manufactured Relevant Crop Protection Products, whether branded, generic, or otherwise.

**OBJECTION.** Atticus objects to the definition of "Supplier" as it is overly broad. Atticus objects to the definition of "Supplier" to the extent it seeks to impose an undue burden on Atticus through the production process. Specifically, information sought is not limited to suppliers that import or manufacture the pesticides at issue in the present litigation. Atticus objects to this definition to the extent it is used to seek information that is not in the possession, custody, or control of Atticus, including information relating to third parties.

**DEFINITION 32.** "Support Services" means services provided to support the effective implementation of Crop Protection Products, including but not limited to services relating to pesticide resistance management, relating to methods of application for Crop Protection Products, and relating to problems of any kind experienced by Growers following the application of a Crop Protection Product.

**OBJECTION.** Atticus objects to the definition of "Support Services" as it is overly broad. Atticus objects to the definition of "Support Services" to the extent it seeks information regarding negotiations and deals between Atticus and its customers because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to this definition to the extent it seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus objects to the definition of "Support Services" to the extent it seeks to impose an undue burden on Atticus as a third party through the discovery process.

**DEFINITION 33.** "Syngenta" means Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.

**OBJECTION.** Atticus will understand "Syngenta" to mean only "Syngenta Crop Protection LLC, Syngenta Corporation, and Syngenta Crop Protection AG

**DEFINITION 34.** "Technical AI Product" means any technical grade AI in any form, including but not limited to liquid, powder, solid, or MUP ("manufacturing use product"), sold by any Person for use in creating a Relevant Crop Protection Product.

**OBJECTION.** Atticus objects to the definition of "Technical AI Product" as it is overly broad and potentially encompasses every active ingredient used in a pesticide. Specifically, the definition is not limited to the pesticides at issue in the present litigation through the use of the overly broad "Relevant Crop Protection Product" definition. Atticus objects to the definition of "Technical AI Product" to the extent it seeks to impose an undue burden on Atticus through the production process.

**DEFINITION 35.** "Traditional Channel" means the distribution channel for Crop Protection Products that flows from Supplier to Distributor to Retailer to Grower.

**OBJECTION.** Atticus objects to the definition of "Traditional Channel" as it is overly broad. Atticus objects to the definition of "Traditional Channel" to the extent it seeks

information regarding negotiations and deals between Atticus and its customers because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to this definition to the extent it seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus objects to the definition of "Traditional Channel" to the extent it seeks to impose an undue burden on Atticus as a third party through the discovery process.

**DEFINITION 36.** "Atticus," "You," or "Your" mean Atticus, LLC, its wholly or partially owned subsidiaries, parent companies, unincorporated divisions, joint ventures, partnerships, operations under assumed names, predecessors, affiliates, investment vehicles, and all directors, officers, partners, employees, agents, attorneys, consultants, and any other Person or entity, working for or on behalf of any of the foregoing at any time during the period covered by this Subpoena.

**OBJECTION.** Atticus objects to the definition of "Atticus," "You," or "Your" as it is overly broad. For example, documents sought regarding "wholly or partially owned subsidiaries, parent companies, unincorporated divisions, joint ventures, partnerships, operations under assumed names, predecessors, affiliates, investment vehicles, and all directors, officers, partners, employees, agents, attorneys, consultants, and any other Person or entity, working for or on behalf of any of the foregoing at any time during the period covered by this Subpoena" are not relevant to the litigation, nor is the information held by them within the possession, custody or control of Atticus. Atticus further objects to the definition to the extent it seeks to impose discovery obligations on its subsidiaries, affiliates, divisions, corporate predecessors, whether owned wholly or only partially, and every present and former director, agent, employee, consultant, expert, attorney, and all other Persons acting or purporting to act on behalf of those corporations, subsidiaries, affiliates, divisions, and predecessors. Atticus will understand that the terms "Atticus," "You," or "Your" refer to Atticus, LLC, and all responses will apply that definition.

**Objections to the Instructions**

Atticus generally objects to the Instructions as they are overly broad and require unduly burdensome efforts to compile the required documents. The Instructions generally impose an undue burden on Atticus as a third party, in that they seek to impose obligations and requirements that are not reasonable for a third party not involved in the present litigation.

Atticus objects to Instruction 1 to the extent it seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties.

Atticus objects to Instruction 9 to the extent it purports to impose mandatory requirements beyond those imposed by the Federal Rule of Civil Procedure or the Local Rules of the Middle District of North Carolina. Atticus objects to the instruction to the extent is requires Atticus to produce a response explaining the extent of production for individual document requests. Atticus will produce documents in response to reasonable document requests, to the extent such production is possible.

Atticus objects to Instruction 10 to the extent it purports to impose mandatory requirements beyond those imposed by the Federal Rule of Civil Procedure or the Local Rules

of the Middle District of North Carolina. Atticus objects to the instruction to the extent is requires Atticus to "state, with particularity" why it believes any discovery request is overly broad. Atticus is willing to meet and confer with Syngenta so that Syngenta can narrow any overly broad requests.

Atticus objects to Instruction 13 to the extent it purports to impose mandatory requirements beyond those imposed by the Federal Rule of Civil Procedure or the Local Rules of the Middle District of North Carolina. Atticus will comply with its obligations under the Federal Rules of Civil Procedure.

Atticus objects to instruction 14 to the extent this time limit is excessive and imposes an undue burden on Atticus as a third party. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

**Objections to Protective Order**

Atticus objects to the Protective Order to the extent it does not provide sufficient protection to Atticus's trade secrets and highly confidential information. Atticus reserves its right to object to the Protective Order in accordance with the Court's scheduling order.

**Objections and Responses to Requests for Production**

**General Objections**

Each of the following General Objections applies to each of Syngenta's Requests and is incorporated into each of Atticus's responses as though fully set forth therein. Atticus's General Objections are in addition to any specific objections stated for each Request.

1. Atticus's responses are based upon current information available to Atticus that Atticus has been able to identify after a reasonable search for a third party. Atticus reserves the right to amend, supplement, and/or modify its responses should new or different information become known to Atticus.

2. Atticus objects to the Requests, the Definitions, and Instructions contained therein to the extent they purport to impose discovery obligations beyond those permitted under the Federal Rules of Civil Procedure and any applicable Orders of the Court or agreements between counsel.

3. Atticus objects to the Requests, Definitions, and Instructions contained therein to the extent they purport to define words or phrases in a manner different than their ordinary meaning, or to the extent that they are overbroad, argumentative, prejudicial, improper, incorrect, vague and/or ambiguous. Atticus's response to such Requests shall not be construed as an admission, agreement, or acquiescence to the statements or definitions provided by Syngenta.

4. Atticus objects to the Requests to the extent they seek information not within its possession, custody, or control.

5. Atticus objects to the Requests to the extent they seek information protected from discovery by the attorney-client privilege, work product immunity, and/or any other applicable privileges or immunities.

6. Atticus objects to the Requests to the extent they seek information of third parties protected from disclosure under confidentiality obligations or other restrictions.

7. Atticus objects to the Requests to the extent they are unlimited in time.

8. Atticus objects to the Requests to the extent they seek legal conclusions, and/or would require Atticus to reach a legal conclusion in order to prepare a response.

**Specific Objections**

**REQUEST NO. 1.** All Communications with or Documents obtained from, produced to, or shared with (whether formally or informally) any Plaintiffs from the Action or the Related Actions or any Other Government Entity or Actor regarding the Action, any of the Related Actions, any Pre- Complaint Investigation, or the subject matter of the Action or the Related Actions, or Documents reflecting such Communications, including, but not limited to:

i. all Documents relating to the above topics that You produced in response to any Subpoena, Civil Investigative Demand, Information Request, Informal Request, or Document Request or any other request for information (voluntary or compelled) issued or made in the Action, the Related Actions, the Pre-Complaint Investigation, or any other related action or investigation; and
ii. notes or summaries of any oral communications between You and any Plaintiffs from the Action or the Related Actions or any Other Government Entity or Actor regarding the Action or any of the Related Actions or the subject matter of the Action or the Related Actions.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. Atticus further objects based on the definitions of "Related Actions," "Pre-Complaint" and "Civil Investigative Demand" being overly broad and necessitating additional limitation. Atticus objects to this Request as overbroad with respect to documents "obtained from, produced to, or shared with (whether formally or informally) any Plaintiffs from the Action" regardless of whether any such documents are related to or even relevant to the present action. Atticus objects to this Request as overbroad with respect to documents related to "the subject matter of this Action . . ." regardless of whether those documents are related to or even relevant to the present action. Defendant has not shown how such overly broad requests are relevant. Atticus is willing to meet and confer to discuss the scope of this request. Atticus further objects to this Request as unduly burdensome, as the Request is unlimited in time. Older documents, to the extent

they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 2.** For the period from January 1, 2010 to present, all transcripts of any investigative hearing or deposition or other testimony taken of any Person in connection with the Pre-Complaint Investigation, the Action, a Related Action, or otherwise relating to any Relevant Crop Protection Product or Product Rebate.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request as overbroad with respect to documents related to "any Relevant Crop Protection Product or Product Rebate," as this is not properly limited to the present matter. Atticus further objects based on the definitions of "Related Action" and "Pre-Complaint" being overly broad and necessitating additional limitation. Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, specifically, any "transcripts of any investigative hearing or deposition or other testimony" which should properly obtained from the party that arranged the hearing or deposition. Atticus further objects to this request as unduly burdensome, as the request is temporally overinclusive, requesting documents that would be almost fifteen years old. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus objects to this Request seeking documents related to the term "Relevant Crop Protection Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 3.** For the period from January 1, 2010 to present, all Documents and Communications used in, referenced during, or prepared during, by You, the deponent, or any other Person, or otherwise related to, any investigative hearing or deposition or other testimony taken of any Person in connection with the Pre-Complaint Investigation, the Action, a Related Action, or otherwise relating to any Relevant Crop Protection Product or Product Rebate.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request as overbroad with respect to documents related to "any Relevant Crop Protection Product or Product Rebate," as this is not properly limited to the present matter. Atticus further objects based on the definitions of "Related Action" and "Pre-Complaint" being overly broad and necessitating additional limitation. Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, specifically, documents "otherwise related to, any investigative hearing or deposition or other testimony taken of any Person" which should properly obtained from the party that arranged the hearing or deposition. Atticus further objects to this request as unduly burdensome, as the request is temporally overinclusive, requesting documents that would be almost fifteen years old. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus objects to this Request seeking documents related to the term "Relevant Crop Protection Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 4.** All Documents and Communications reflecting business plans relating to Relevant Crop Protection Products, including, but not limited to, those concerning strategy, marketing, financial forecasts, costs, profitability, return on investment, future sales projections, or market or product entry, expansion, or retrenchment.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request as seeking information that is protected by attorney work

product and attorney-client privilege. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information, including "reflecting business plans . . . concerning strategy, marketing, financial forecasts, costs, profitability, return on investment, future sales projections, or market or product entry, expansion, or retrenchment," because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to this Request as it seeks information that is not relevant to any claim or defense of any party in the case; for example, the Request seeks "business plans relating to Relevant Crop Protection Products," and Defendant has not shown how such materials are relevant. Atticus further objects to this Request as unduly burdensome, as the Request is unlimited in time. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus objects to this Request seeking documents related to the term "Relevant Crop Protection Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 5.** All Documents and Communications relating to the supply or financial performance of Relevant Crop Protection Products that contain an AI for which a Supplier offers or has offered a Product Rebate, including, but not limited to, those concerning sales, profit margins, or market or product entry, expansion, or retrenchment.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information, including "relating to the supply or financial performances of Relevant Crop Protection Products. . . including, but not limited to, those concerning sales, profit margins, or market or product entry, expansion, or retrenchment," because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to this Request as it seeks information that is not relevant to any claim or defense of any party in the case; for example, the

Request seeks detailed financial information such as "sales, profit margins, or market or product entry, expansion, or retrenchment," and Defendant has not shown how such materials are relevant. Atticus further objects to this Request as unduly burdensome, as the Request is unlimited in time. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus objects to this Request seeking documents related to the term "Relevant Crop Protection Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 6.** All Documents and Communications relating to the market and competition for each Relevant Crop Protection Product including, but not limited to, those concerning or relating to:

i. market categorization by Active Ingredient, mode of action, or associated crops;

ii. competition in the research and development, manufacture, and/or sale of any Relevant Crop Protection Product, including, but not limited to, those concerning the sales, market shares, or business performance of any competitor, supply and demand conditions, attempts to win customers from any competitor, or competitive assessments of or between competitors;

iii. substitution or willingness to substitute by Distributors, Retailers, or Growers between a given Relevant Crop Protection Product, on the one hand, and another Relevant Crop Protection Product, on the other hand;

iv. demand for, access to, and availability of Generic Products or other low-cost Relevant Crop Protection Products (including, but not limited to, private label products or fighting brands);

v. competition between Generic Products and branded Relevant Crop Protection Products, including, but not limited to, those relating to the actual or projected effects of branded competition on the sale of Generic Products; and actions You have taken, will take, or have contemplated taking to respond to competition between Generic Products and branded Relevant Crop Protection Products such as related to prices (including Product Rebates), availability, effectiveness, quality, Supplier Support Services, return on investment, value proposition, or any other price or non-price attributes;

vi. comparing any Relevant Crop Protection Product with any Crop Protection Product, including, but not limited to, comparisons concerning price (including Product Rebates), effectiveness, quality, Supplier Support Services, or any other price or non-price attributes;

    vii. barriers, costs, or requirements to entry or expansion in the research and development, manufacture, distribution, and/or sale of Relevant Crop Protection Product, including, but not limited to, those relating to Technical AI Product sourcing, regulatory approvals, manufacturing, distribution, or commercial challenges; and

viii. actual or potential entry or actual or potential exit of any Supplier of any Relevant Crop Protection Product, including, but not limited to, those concerning the rationale for the entry or exit or market dynamics or competition at the time of entry or exit.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. Atticus objects to the Request as being vague and ambiguous with respect to what is meant by "comparing any Relevant Crop Protection Product with any Crop Protection Product," as this phrase is not defined, and a comparison can be made between almost any two things based on a potentially unlimited number of features or qualities. Other vague and ambiguous terms include, "market categorization," "competition," "barriers, costs, or requirements to entry or expansion," or "price or non-price attributes." The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties such as the "business performance of any competitor" or the "rationale" for "actual or potential entry or actual or potential exit of any Supplier." The Request is objected to because it also seeks information that is publicly available, and Defendant is able to obtain that information from other parties or third parties much more easily than by burdening Atticus, for example, any market studies that were published by any third-party provider. Atticus further objects to this Request to the extent it seeks confidential business strategies and market analysis because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus further objects to this Request as unduly burdensome, as the Request is unlimited in time. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus objects to this Request seeking documents related to the term "Relevant Crop Protection Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 7.** All Documents and Communications relating to the Traditional Channel for Crop Protection Products and alternatives to the Traditional Channel, including, but not limited to, those concerning the use of a broker, direct-to-Retailer sales, direct-to-Grower sales, or ecommerce.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to the Request as being vague and ambiguous with respect to the terms "broker" or "e-commerce" as these terms are not defined. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus further objects to this Request as unduly burdensome, as the Request is unlimited in time. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Subject to the foregoing objections, and subject to a reasonable search, Atticus will provide relevant documents sufficient to show Atticus's distribution channels, to the extent such documents exist, and have not already been provided in response to the FTC Subpoena.

**REQUEST NO. 8.** All Documents and Communications relating to complaints, concerns, or disputes (from or with any Persons) about Your or any other Person's Generic Products, including, but not limited to, those concerning product performance or quality, product availability, or Supplier Support Services for such products.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and not proportional to the needs of the case. Without waiving its objections to the definitions, Atticus objects to this Request as overly-broad and burdensome to the extent it seeks information related to all customers of Atticus. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to the Request as being vague and ambiguous with respect to the terms "complaints," "concerns," and "disputes" as these terms are not defined. Atticus objects to this Request to the extent it seeks information that is protected by attorney work product, attorney-client privilege, or any applicable confidentiality agreement. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, such as "complaints, concerns, or disputes (from or with any Persons) about . . . any other Person's Generic Products." Atticus further objects to this Request as unduly burdensome, as the Request is unlimited in time. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of

these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information such as "[a]ll Documents and Communications relating to complaints, concerns, or disputes (from or with any Persons) about [Atticus's] . . . Generic Products," because that information may not be relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Defendant has not shown how communications with customers about "performance or quality, product availability, or Supplier Support Services for such products" are relevant.

Subject to the foregoing objections, and subject to a reasonable search, Atticus will provide documents sufficient to show customer feedback to relevant crop protection products, to the extent such documents exist, and have not already been provided in response to the FTC Subpoena.

**REQUEST NO. 9.** All Documents and Communications relating to Your or any Person's price lists, pricing plans (including Product Rebates), pricing policies, pricing forecasts, pricing strategies, pricing analyses, or pricing decisions for any Relevant Crop Protection Product, including, but not limited to, studies, analyses, or assessments of the pricing or profitability of any such product, or any comparative analyses of generic and branded product performance.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties such as "any Person's price lists, pricing plans (including Product Rebates), pricing policies, pricing forecasts, pricing strategies, pricing analyses, or pricing decisions for any Relevant Crop Protection Product." Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information, including "price lists, pricing plans (including Product Rebates), pricing policies, pricing forecasts, pricing strategies, pricing analyses, or pricing decisions," because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus further objects to this Request as unduly burdensome, as the Request is unlimited in time. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus objects to this Request seeking documents related to the term "Relevant Crop Protection Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's

accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 10.** All Documents and Communications relating to any Product Rebate, including, but not limited to, those:

i. relating to the entry, negotiation, amendment, termination, or non-renewal, of any Product Rebate agreement (including, but not limited to, negotiated agreements or comply by acceptance or performance agreements) entered by You or by any other Person;

ii. identifying or describing the terms or requirements of any actual, contemplated, or terminated Product Rebate relating to any Relevant Crop Protection Product currently or previously offered, available, or contemplated to be offered or available to You;

iii. relating to any relationship, connection, or any other interaction between the terms or requirements of Your Product Rebate(s) and any aspect of the supply of Your Relevant Crop Protection Products (including, but not limited to, price, availability, timing or regularity of supply, product allocations, or preferential treatment between customers);

iv. relating to any actual or contemplated Product Rebate with any Person involving share-based, loyalty, or other conditional pricing;

v. relating to Your strategy or decision-making in offering Product Rebates and the calculation of such rebates;

vi. relating to Your payment of earned Product Rebates, non-payment of earned Product Rebates, or Product Rebate payment exceptions;

vii. relating to any disputes with any Person about Product Rebate terms, eligibility, calculations, or payments, including, but not limited to, payment exceptions, payment timing, unmet thresholds, or threshold adjustments; and

viii. relating to the actual, expected, contemplated, or potential effects of Your or any other Supplier's prices or Product Rebates for Relevant Crop Protection Products on competition, prices (including, but not limited to, prices to Distributors, Retailers, or Growers), sales, performance, output, revenues, or costs for Relevant Crop Protection Products.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. The Request is objected to because

it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties such as "other Supplier's prices or Product Rebates for Relevant Crop Protection Products." Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. Atticus further objects to this Request as unduly burdensome, as the Request is unlimited in time. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost. Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party.

Atticus objects to this Request seeking documents related to the term "Relevant Crop Protection Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 11.** All Documents and Communications relating to the entry, negotiation, amendment, termination, or non-renewal, of any Relevant Crop Protection Product supply agreement entered by You or by any other Person.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to the Request as being vague and ambiguous with respect to the term "supply agreement," as this term is not defined. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties such as "supply agreement entered by . . . any other Person." The Request is objected to because it also seeks information that is publicly available, and Defendant is able to obtain that information from other parties or third parties much more easily than by burdening Atticus. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus objects to this Request seeking documents related to the term "Relevant Crop Protection Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 12.** All Documents and Communications relating to customer or potential customer refusals to purchase, to consider purchasing, or to decrease year-over-year purchases of Your or any Supplier's Generic Products, for any reason.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties such as information related to "any Supplier's Generic Products." Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. The Request is objected to because it also seeks information that is publicly available, and Defendant is able to obtain that information from other parties or third parties much more easily than by burdening Atticus. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Furthermore, Atticus objects to providing all customer communications relating to "refusals to purchase, to consider purchasing, or to decrease year-over-year purchases" as those terms are vague and undefined, and, even if reasonably understood, providing such detailed confidential information would be unduly burdensome on Atticus as a third party.

Subject to the foregoing objections, and subject to a reasonable search, Atticus will provide relevant documents sufficient to show Atticus's loss of customers attributable to Loyalty Programs, to the extent such documents exist, and have not already been provided in response to the FTC Subpoena.

**REQUEST NO. 13.** All Documents and Communications relating to customers' cancellations of orders containing Your or other Supplier's Generic Products.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties such as information related to "other Supplier's Generic Products." Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. The Request is objected to because it also seeks information that is publicly available, and Defendant is able to obtain that information from other parties or third parties much more easily than by burdening Atticus. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Furthermore, Atticus objects to providing all customer communications relating to "cancellations of orders" as that term is vague and undefined, and, even if reasonably understood, providing such detailed confidential information would be unduly burdensome on Atticus as a third party.

Subject to the foregoing objections, and subject to a reasonable search, Atticus will provide relevant documents sufficient to show Atticus's loss of customers attributable to Loyalty Programs, to the extent such documents exist, and have not already been provided in response to the FTC Subpoena.

**REQUEST NO. 14.** All Documents and Communications relating to the sourcing of Technical AI Products, whether from Syngenta or any other Supplier, including, but not limited to, those concerning the decision of where to source the Technical AI Product, negotiations for the purchase of the Technical AI Product, pricing of the Technical AI Product, pricing of Your products where the Technical AI Product is an input to that product, or the treatment of such products under any Product Rebate.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. The Request is objected to because it also seeks information that is not in the possession, custody,

or control of Atticus, including information relating to third parties. Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. The Request is objected to because it also seeks information that is publicly available, and Defendant is able to obtain that information from other parties or third parties much more easily than by burdening Atticus. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. This Request essentially seeks all communications by Atticus with every supplier and potential supplier for every active ingredient on the market and Defendant has not shown how such detailed, confidential trade secret information is relevant. Providing such detailed information would be unduly burdensome on Atticus as a third party.

Atticus also objects to this Request seeking documents related to the term "Technical AI Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 15.** All Documents and Communications relating to the sourcing of tolled, pre-manufactured, or other in-sourced formulated Relevant Crop Protection Product, whether from Syngenta or any other Supplier, including, but not limited to, those concerning Your cost or purchase price of such products, Your pricing of such products for sale, or the treatment of such products under any Product Rebate.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. The Request is objected to because it also seeks information that is publicly available, and Defendant is

able to obtain that information from other parties or third parties much more easily than by burdening Atticus. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. This Request essentially seeks all communications by Atticus with every supplier and potential supplier for every pesticide product on the market and Defendant has not shown how such detailed, confidential trade secret information is relevant. Providing such detailed information would be unduly burdensome on Atticus as a third party.

Atticus also objects to this Request seeking documents related to the term "Relevant Crop Protection Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 16.** All Documents and Communications relating to any actual or potential agreements to purchase Syngenta's Technical AI Product, including, but not limited to, those concerning any negotiations for the purchase of Technical AI Product, pricing analyses related to Syngenta or alternate sources of Technical AI Product, the comparative value of purchasing Syngenta's Technical AI Product versus an alternative, and any other factors considered when purchasing Syngenta's Technical AI Product.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to the Request as being vague and ambiguous with respect to the term "Syngenta's Technical AI Product," as this term is not defined. The Request is objected to because it also seeks information that is already in the possession of Defendant, specifically, any documents by Syngenta's authorized retailers which would already be within the possession of Syngenta. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-

access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. This Request, in seeking both "actual or potential agreements," essentially seeks all documents and communications related to Atticus's decision making for every purchase of technical-grade active ingredient and Defendant has not shown how such detailed, confidential trade secret information is relevant. Providing such detailed information would be unduly burdensome on Atticus as a third party.

Atticus also objects to this Request seeking documents related to the term "Technical AI Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 17.** All Documents and Communications relating to any actual or potential agreements to purchase Technical AI Product from a source other than Syngenta, including, but not limited to, those concerning any negotiations for the purchase of Technical AI Product, pricing analyses related to Syngenta or alternate sources of Technical AI Product, the comparative value of purchasing Syngenta's Technical AI Product versus an alternative, and any other factor(s) considered when comparing or purchasing Technical AI Product.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to the Request as being vague and ambiguous with respect to the term "Syngenta's Technical AI Product," as this term is not defined. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation,

not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. This Request, in seeking both "actual or potential agreements," essentially seeks all documents and communications related to Atticus's decision making for every purchase of technical-grade active ingredient and Defendant has not shown how such detailed, confidential trade secret information is relevant. Providing such detailed information would be unduly burdensome on Atticus as a third party.

Atticus also objects to this Request seeking documents related to the term "Technical AI Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 18.** All Documents and Communications relating to Your supply of Technical AI Products, including but not limited to the terms or conditions of any sale of Technical AI Products to any Person; the availability, any allocation of, or reliability of Your supply; any rebates or other incentives You offer related to Your supply of Technical AI Products or Relevant Crop Protection Products based on your Technical AI Products; and the impact of any rebate or other incentive on Your supply of Technical AI Products.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to the Request as being vague and ambiguous with respect to the term "terms or conditions of any sale," as this term is not defined. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. This Request, in seeking the "terms or conditions of any sale of Technical AI Products to any Person," essentially seeks the terms or conditions for every sale by Atticus of any pesticide product or technical-grade active ingredient and Defendant has not shown how such detailed, confidential trade secret information is relevant. Providing such detailed information would be unduly burdensome on Atticus as a third party.

Atticus also objects to this Request seeking documents related to the terms "Relevant Crop Protection Products" and "Technical AI Products" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of those terms, given that the provided definitions would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 19.** All Documents and Communications relating to complaints, concerns, or disputes (from or with any Persons) about Your Technical AI Products, including, but not limited to, those concerning product performance or quality (of the Technical AI Product or of Relevant Crop Protection Products that include Your Technical AI Product), product availability, or Support Services for such products.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and not proportional to the needs of the case. Without waiving its objections to the definitions, Atticus objects to this Request as overly broad and burdensome to the extent it seeks information related to all customers of Atticus. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request to the extent it seeks information that is protected by attorney work product, attorney-client privilege, or any applicable confidentiality agreement. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus further objects to this Request as unduly burdensome, as the Request is unlimited in time. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus also objects to this Request seeking documents related to the term "Technical AI Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 20.** Stated separately for each of Your Supplier, Distributor, or Retailer affiliates, if applicable, invoice-level purchase data for Relevant Crop Protection Products including, for each invoice line item:

i. transaction order date and order received date;
ii. unique transaction identifier;
iii. Supplier name;
iv. name of the entity that sold You the product, a unique identifier for that entity, the entity type (e.g., Supplier, Distributor, Retailer, broker), and whether the entity is independent or affiliated with You;
v. product name;
vi. product identifiers (e.g., UPC, SKU);
vii. EPA registration number;
viii. package size and type;
ix. all AIs included in the product and the amount of each AI;
x. volume purchased, in units;
xi. unit of measure of product sold (e.g., gallons, pounds);
xii. list price, invoice price, and net price for the product;
xiii. any applicable Product Rebates, or other deductions or allowances (e.g., discounts, returns, other rebates, promotions), stated separately by type;
xiv. total invoice gross dollar amount;
xv. total invoice net dollar amount; and
xvi. the facility and address at which You received the product from the selling entity.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request seeking documents providing highly detailed transaction information as unduly burdensome, particularly for a third party. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. This Request, in seeking "invoice-level purchase data" from "each of [Atticus's] Supplier, Distributor, or Retailer affiliates," essentially seeks sixteen highly detailed data points for every sale or purchase by Atticus of any pesticide product and Defendant has not shown how such detailed, confidential trade secret information is relevant. Providing such detailed information would be unduly burdensome on Atticus as a third party.

Atticus also objects to this Request seeking documents related to the term "Relevant Crop Protection Product" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 21.** Stated separately for each of Your Supplier, Distributor, or Retailer affiliates, if applicable, invoice-level sales data for Relevant Crop Protection Products, including, for each invoice line item:

i. transaction order date and order received date;
ii. unique transaction identifier;
iii. customer name, unique identifier, and entity type (e.g., Distributor, Retailer, Grower, broker), and whether the customer is independent or affiliated with You;
iv. customer ship-to and customer bill-to locations;
v. Supplier name;
vi. product name;
vii. product identifiers (e.g., UPC, SKU);
viii. EPA registration number;
ix. package size and type;
x. all AIs included in the product and the amount of each AI;
xi. for each AI, the manufacturer and the importer, if applicable, of the Technical AI Product;
xii. volume sold, in units;
xiii. unit of measure of product sold (e.g., gallons, pounds);
xiv. list price, invoice price, and net price for the product;
xv. any applicable Product Rebates, or other deductions or allowances (e.g., discounts, returns, other rebates, promotions), stated separately by type;
xvi. total invoice gross dollar amount;
xvii. total invoice net dollar amount;
xviii. the facility and address from which You made the sale; and
xix. cost of goods sold, in dollars.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request seeking documents providing highly detailed transaction information as unduly burdensome, particularly for a third party. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information

relating to third parties. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information, such as "customer ship-to and customer bill-to locations," because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. This Request, in seeking "invoice-level purchase data" from "each of [Atticus's] Supplier, Distributor, or Retailer affiliates," essentially seeks nineteen highly detailed data points for every sale or purchase by Atticus of any pesticide product and Defendant has not shown how such detailed, confidential trade secret information is relevant. Providing such detailed information would be unduly burdensome on Atticus as a third party.

Atticus also objects to this Request seeking documents related to the term "Relevant Crop Protection Products" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of that term, given that the provided definition would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 22.** Stated separately for each of Your Supplier, Distributor, or Retailer affiliates, if applicable, invoice-level purchase data for Technical AI Products and for any tolled, pre- manufactured, or other in-sourced formulated Relevant Crop Protection Product, including, for each invoice line item:

i. transaction order date and order received date;
ii. unique transaction identifier;
iii. manufacturer and importer, if applicable, of the Technical AI Product or tolled, pre-manufactured, or other in-sourced formulated product;
iv. name of the Technical AI Product or tolled, pre-manufactured, or other in-sourced formulated product;
v. product identifiers (e.g., UPC, SKU);
vi. EPA registration number;
vii. location where the Technical AI Product or tolled, pre-manufactured, or other in- sourced formulated product was manufactured;
viii. the Relevant Crop Protection Products being sold by You containing the Technical AI Product or tolled, pre-manufactured, or other in-sourced formulated product, including the brand name, packaging name, or other names under which the Relevant Crop Protection Product is sold;
ix. volume purchased, in units, pounds of AI, or gallons;

x. list price, invoice price, and net price for the Technical AI Product or tolled, pre- manufactured, or other in-sourced formulated product;
xi. any applicable Product Rebates, or other deductions or allowances (e.g., discounts, returns, other rebates, promotions), stated separately by type;
xii. total invoice gross dollar amount;
xiii. total invoice net dollar amount; and
xiv. the facility and address where You received the product from the selling entity.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request seeking documents providing highly detailed transaction information as unduly burdensome, particularly for a third party. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information, because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. This Request, in seeking "invoice-level purchase data" from "each of [Atticus's] Supplier, Distributor, or Retailer affiliates," essentially seeks fourteen highly detailed data points for every sale or purchase by Atticus of any pesticide product or technical-grade active ingredient and Defendant has not shown how such detailed, confidential trade secret information is relevant. Providing such detailed information would be unduly burdensome on Atticus as a third party.

Atticus also objects to this Request seeking documents related to the terms "Relevant Crop Protection Product" and "Technical AI Products" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of those terms, given that the provided definitions would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 23.** Stated separately for each of Your Supplier, Distributor, or Retailer affiliates, if applicable, invoice-level sales data for Technical AI Products and for any tolled, pre- manufactured, or other in-sourced formulated Relevant Crop Protection Product, including, for each invoice line item:

i. transaction order date and order received date;
ii. unique transaction identifier;
iii. customer name, unique identifier, and type (e.g., Supplier, Distributor, Retailer, broker) and whether customer is independent or Affiliated with You;
iv. customer ship-to location and customer bill-to location;
v. name of the Technical AI Product or tolled, pre-manufactured, or other in-sourced formulated product;
vi. product identifiers (e.g., UPC, SKU);
vii. EPA registration number;
viii. volume sold, in units, pounds of AI, or gallons;
ix. location where Technical AI Product or tolled, pre-manufactured, or other in-sourced formulated product was manufactured;
x. the Relevant Crop Protection Product being sold containing the Technical AI Product, including the brand name, packaging name, or other names under which the Relevant Crop Protection Product is sold;
xi. list price, invoice price, and net price for the Technical AI Product or tolled, pre- manufactured, or other in-sourced formulated product;
xii. any applicable Product Rebates, or other deductions or allowances (e.g., discounts, returns, other rebates, promotions), stated separately by type;
xiii. total invoice gross dollar amount;
xiv. total invoice net dollar amount;
xv. the facility and address from which You made the sale; and
xvi. cost of goods sold, in dollars.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus objects to this Request seeking documents providing highly detailed transaction information as unduly burdensome, particularly for a third party. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information, because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. This Request, in seeking "invoice-level purchase data" from "each of [Atticus's] Supplier, Distributor, or Retailer affiliates," essentially seeks sixteen highly detailed data points for every sale or purchase by Atticus of any pesticide product or technical-grade active ingredient and Defendant has not shown how such detailed, confidential trade secret information is relevant. Providing such detailed information would be unduly burdensome on Atticus as a third party.

Atticus also objects to this Request seeking documents related to the terms "Relevant Crop Protection Product" and "Technical AI Products" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of those terms, given that the provided definitions would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 24.** Data sets to show all payments made by You to any Person for any Product Rebate, including, for each payment, at least the following information:

i. identity of the recipient;
ii. whether the recipient is a direct or indirect purchaser from You of the product;
iii. date of the payment;
iv. amount of the payment;
v. the name of the Product Rebate for which the payment is being made and whether such Product Rebate is conditional on any volume or share requirements;
vi. the Relevant Crop Protection Product(s) for which the payment was made, including any product identifiers; and
vii. whether the discount was applied at the time of purchase, time of payment, or some later time.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer-identifying information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to this Request as overbroad with respect to documents related to "all payments" related to "any Product Rebate" and accordingly is not limited to any specific relevant crop protection products, or even limited as to crop protection products. Atticus objects to the Request as being vague and ambiguous with respect to the terms "direct or indirect purchaser," as these terms are not defined. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus objects to this Request due to the use of "Data Sets" as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party.

Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Subject to the foregoing objections, and subject to a reasonable search, Atticus will provide representative documents sufficient to show any rebates for relevant crop protection products offered by Atticus, to the extent such documents exist, and have not already been provided in response to the FTC Subpoena.

**REQUEST NO. 25.** Data sets to show all payments received by You from any Person for any Product Rebate, including for each payment at least the following information:

- i. identity of the payor;
- ii. whether You are a direct or indirect purchaser from the payor of the product;
- iii. date of the payment;
- i. amount of the payment;
- iv. the name of the Product Rebate for which the payment is being made and whether such Product Rebate it is conditional on any volume or share requirements;
- v. the Relevant Crop Protection Product(s) for which the payment was made, including any product identifiers; and
- vi. whether the discount was applied at the time of purchase, time of payment, or some later time.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer-identifying information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to this Request as overbroad with respect to documents related to "all payments" related to "any Product Rebate" and accordingly is not limited to any specific relevant crop protection products, or even limited as to crop protection products. Atticus objects to the Request as being vague and ambiguous with respect to the terms "direct or indirect purchaser," as these terms are not defined. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus objects to this Request due to the use of "Data Sets" as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party.

Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Subject to the foregoing objections, and subject to a reasonable search, Atticus will provide representative documents sufficient to any rebates received by Atticus for its enrollment in any loyalty programs for relevant crop protection products, to the extent such documents exist, and have not already been provided in response to the FTC Subpoena.

**REQUEST NO. 26.** All financial statements (including, but not limited to, profit and loss statements showing sales, costs, gross margins and net margins; budgets; pricing analyses; and sale projections) relating to any Relevant Crop Protection Product or Technical AI Product, business lines or divisions purchasing or selling any Relevant Crop Protection Product or Technical AI Product, and Your company as a whole.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

This Request, in seeking "[a]ll financial statements" for the "company as a whole" effectively seeks every financial statement for every sale or purchase by Atticus of any product, even if the product is unrelated to the crop protection industry. For example, this Request would require Atticus to produce financial statements for things such as snacks and office supplies purchased for Atticus's employees as well as Atticus's operational costs such as financial statements for employee health coverage or fire insurance. This Request is plainly over broad and over-inclusive and providing such detailed irrelevant information would be unduly burdensome on Atticus as a third party.

Subject to the foregoing objections, and subject to a reasonable search, Atticus will provide responsive documents sufficient to show financial data statements related to sales

and purchases of relevant crop protection products, to the extent such documents exist, and have not already been provided in response to the FTC Subpoena.

**REQUEST NO. 27.** Data sets to show, separately by Active Ingredient, Technical AI Product, Relevant Crop Protection Product, business line, and Your company as a whole, on a monthly basis:

    i.     cost of goods sold, broken out by type (e.g., Active Ingredients, other raw materials, labor costs, data compensation costs, manufacturing costs, overhead costs, distribution costs);

    ii.    promotional expenses;

    iii.   marketing and advertising expenses;

    iv.   gross margin in dollars and percent;

    v.    operating margin in dollars and percent; and

    vi.   net margin in dollars and percent.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. Atticus objects to this Request due to the use of "Data Sets" as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. The Request is objected to because it also seeks information that is not in the possession, custody, or control of Atticus, including information relating to third parties. Atticus objects to the Request as overly broad and unduly burdensome to the extent the Request is not limited to the pesticides at issue in the present litigation. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Atticus also objects to this Request seeking documents related to the terms "Relevant Crop Protection Product" and "Technical AI Products" as unduly burdensome, over-inclusive, and inconsistent with Atticus's accepted definition of those terms, given that the provided definitions would encompass an excessive number of active ingredients and pesticide products, including those having little, if any, relevance to the case. Atticus is willing to meet and confer to better understand the scope of this Request.

Subject to the foregoing generic and specific objections, and subject to a reasonable search, Atticus is willing to meet and confer to discuss the scope of this Request and to allow Defendant the opportunity to more clearly identify the documents it seeks and their relevance.

**REQUEST NO. 28.** All Documents and Communications supporting Randall V. Canady's testimony in the January 20, 2022 FTC investigational hearing that [redacted] *See* Canady 1/20/2022 Tr. at CX7035-031.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost. Atticus objects to the extent Syngenta has modified the quoted statement which may have also modified or otherwise had an effect on the intended meaning of the statement.

Subject to the foregoing objections, and subject to a reasonable search, Atticus will provide responsive documents sufficient to support the intended meaning of the identified statement of Randall V. Canady, to the extent such documents exist, and have not already been provided in response to the FTC Subpoena.

**REQUEST NO. 29.** All Documents and Communications supporting Randall V. Canady's testimony in the January 20, 2022 FTC investigational hearing that Atticus [redacted] *See id.* at CX7035-188.

**RESPONSE.** Atticus objects to this Request as overly broad and seeking discovery that is not relevant to the litigation, and as not proportional to the needs of the case. Atticus objects to this Request on the basis that the burden or expense of the proposed discovery outweighs its likely benefit, to the extent Defendant can identify any such likely benefit. Atticus further objects to this Request to the extent it seeks confidential business strategies or customer information because that information is not relevant to the litigation, not proportional to the needs of the case, and an improper attempt to seek highly sensitive competitive business information that is not relevant to the litigation. Atticus objects to this Request as seeking information that is protected by attorney work product and attorney-client privilege. Atticus objects to this Request as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, and Atticus's obligations as a third party. Atticus further objects to this Request as unduly burdensome, as it is seeking documents without any temporal limits. Older documents, to the extent they exist, may reside in difficult-to-access sources. Atticus may not be able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact

exists in the sources, without incurring substantial undue burden or cost. Atticus objects to the extent Syngenta has modified the quoted statement which may have also modified or otherwise had an effect on the intended meaning of the statement.

Subject to the foregoing objections, and subject to a reasonable search, Atticus will provide responsive documents sufficient to support the intended meaning of the identified statement of Randall V. Canady, to the extent such documents exist, and have not already been provided in response to the FTC Subpoena.

Sincerely,

Matthew J. Dowd

*Counsel for Third-Party*
*Atticus, LLC*