# EXHIBIT H

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION | Case No: 1:23-md-3062-TDS-JEP |

**DECLARATION OF BENJAMIN M. MILLER, ESQ. IN SUPPORT OF SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, AND SYNGENTA CROP PROTECTION, LLC'S
MOTION TO COMPEL NON-PARTY ATTICUS LLC'S SUBPOENA RESPONSE**

I, Benjamin M. Miller, of full age, hereby certifies as follows:

1. I am an attorney and represent Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta") in connection with the above-captioned cases pending before this court.

2. I am employed at Davis Polk & Wardwell LLP, and I am a licensed member of the bars of the State of New York and the District of Columbia.

3. On August 6, 2024, in connection with these cases, counsel for Syngenta served on counsel for Atticus LLC ("Atticus") a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") under Rule 45 of the Federal Rules of Civil Procedure, via email communications between counsel for Atticus and counsel for Syngenta.

4. Prior to serving the No. 1:22-CV-828 complaint, the Federal Trade Commission ("FTC") carried out an investigation of the defendants in these cases in which the FTC issued Civil Investigative Demands compelling documents and testimony from Atticus and other companies.

5. On September 3, 2024, Atticus, through counsel, served its "Responses and Objections to Syngenta's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (the "Responses and Objections").

6. In the Responses and Objections, Atticus represented that it would conduct a reasonable search for and produce any documents responsive to certain requests and, for all remaining requests, was "willing to meet and confer" with Syngenta "to discuss the scope of" each request and "to allow [Syngenta] the opportunity to more clearly identify the documents it seeks and their relevance." *E.g.*, Ex. F to Motion to Compel, p. 11.

7. Atticus did not and has not produced any documents pursuant to that Subpoena. Atticus produced nine documents pursuant to a subpoena served by the Federal Trade Commission

in No. 1:22-CV-828. The Federal Trade Commission re-produced those nine documents to Syngenta on September 20, 2024.

8. On September 19, 2024, Syngenta, through counsel, contacted Atticus's counsel via email requesting to meet and confer.

9. Having received no e-mail communication or phone calls from Atticus or its counsel since September 3, 2024, Syngenta's counsel reached out once again via email on September 30, 2024 to Atticus's counsel.

10. Two weeks passed. Having still received no e-mail communication or phone calls from Atticus or its counsel, Syngenta's counsel reached out yet another time via email on October 17, 2024 to Atticus's counsel.

11. Another seven days passed with no response from Atticus.

12. On October 24, 2024, Syngenta's counsel attempted to call Atticus counsel. I am aware of two attorneys that are representing Atticus in this matter, Matthew Dowd and Elliot Gee, both of Dowd Scheffel PLLC. Syngenta's counsel attempted to reach Mr. Dowd via telephone on October 24, 2024, but was unable to connect or to leave a voicemail. Syngenta's counsel subsequently attempted to reach Mr. Gee by phone later the same day but were directed back to Mr. Dowd's phone number by a Dowd Scheffel PLLC receptionist, and were again unable to connect with Mr. Dowd or to leave a voicemail.

13. Syngenta's counsel reached out again via email on October 28, 2024 to Atticus counsel. To date, Atticus has not responded to that email.

14. Syngenta's counsel has received no indication that Atticus's counsel has not received any of the emails Syngenta's counsel has sent.

15. Despite Syngenta's counsel 's best efforts, it has been unable to discuss a possible resolution of the dispute over the Subpoena with Atticus due to Atticus counsel's failure to respond to any communications since serving the Responses and Objections.

16. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 18, 2024  By: */s/ Benjamin M. Miller*
Washington, D.C.  Benjamin M. Miller, Esq.