| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION | Case No: 1:23-md-3062-TDS-JEP |

**SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, AND SYNGENTA CROP PROTECTION, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL NON-PARTY ATTICUS LLC'S SUBPOENA RESPONSE**

Pursuant to Rules 37 and 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure and Local Rule 37.1, Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta") submit this memorandum in support of its Motion to Compel Atticus LLC ("Atticus") to respond and produce documents pursuant to Syngenta's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena").

## NATURE OF THE MATTER

As part of discovery in these cases, the plaintiffs in No. 1:22-CV-828 (the "FTC Plaintiffs") and the Defendants have served non-party subpoenas under Rule 45 of the Federal Rules of Civil Procedure on Atticus, a generic supplier of crop protection products.[1] Since serving its Responses and Objections to the Subpoena on Syngenta that expressly indicated Atticus's willingness to meet and confer with Syngenta regarding its requests, Atticus's counsel has not responded to multiple attempts by Syngenta to meet and confer, both by email and telephone. Because this Court has ordered the parties to conclude negotiations regarding subpoenas with certain non-parties, including Atticus, by December 2, 2024, Syngenta now files this Motion.

## STATEMENT OF FACTS

On August 6, 2024, Syngenta served the Subpoena on Atticus in connection with both cases. Atticus is a supplier of generic crop protection products in the United States and sells a broad portfolio of products.[2] Syngenta seeks documents from Atticus to refute the Plaintiffs'

---

[1] The plaintiffs in No. 1:23-MD-3062 (the "MDL Plaintiffs") gave notice of their intent to serve a subpoena on Atticus on November 16, 2024.

[2] *See* Atticus, Agricultural Products, https://atticusllc.com/agricultural-products/ (accessed November 11, 2024).

allegations that Syngenta's rebate programs have suppressed competition from generic suppliers such as Atticus in alleged markets for certain crop protection products. Ex. B,[3] at ¶ 1. The FTC Plaintiffs have also served a subpoena on Atticus, in response to which Atticus produced a small volume of documents in September 2024. Ex. H, at ¶ 7. Prior to serving the No. 1:22-CV-828 complaint, the FTC carried out an investigation of the Defendants in which the FTC issued Civil Investigative Demands compelling documents and testimony from Atticus. *Id* at ¶ 4. The documents and testimony produced by Atticus in response to the FTC's Civil Investigative Demands have now been produced in discovery to all parties in these cases.

On September 3, 2024, Atticus, through counsel, served its "Responses and Objections to Syngenta's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (the "Responses and Objections"). *See* Ex. G. Atticus's Responses and Objections respond to Syngenta's requests in two general ways. First, for some requests, Atticus stated that, subject to its objections, it would conduct a "reasonable search" to identify and produce any responsive documents that had not previously been produced to the FTC Plaintiffs, but without identifying what that "reasonable search" may entail. *See id*., Responses to Requests 7, 8, 12, 13, 24-26, 28, and 29. Second, for all remaining requests, Atticus stated that, subject to its objections, it "is willing to meet and confer to discuss the scope of [the] Request and to allow [Syngenta] the opportunity to more clearly identify the documents it seeks and their relevance." *See id*., Responses to Requests 1-6, 9-11, 14-23, and 27. For this second category of requests, Atticus has stated that meeting and conferring with Syngenta is a *necessary threshold event* that must occur prior to any production of documents by Atticus.

---

[3] All Exhibits referenced herein refer to the exhibits to Syngenta's accompanying Motion to Compel.

But Atticus has ignored all attempts by Syngenta to meet and confer. Nor has Atticus produced—or shown that it has taken any steps to produce—any documents in response to Syngenta's subpoena. Despite Atticus's own statements that meeting and conferring is a prerequisite to its responses to the majority of Syngenta's subpoena requests, Atticus has ignored multiple attempts by Syngenta over the past two months to meet and confer to discuss the scope of Atticus's responses to the Subpoena. Syngenta's counsel attempted to schedule a meet and confer via email on September 19, 2024, September 30, 2024, October 17, 2024, and October 28, 2024, and attempted to call Atticus's counsel multiple times on October 24, 2024.[4] *See* Ex. H, at ¶¶ 8-13. Atticus did not respond to, or even acknowledge, any of Syngenta's attempts to schedule a meet and confer. *See id.* Syngenta remains willing to meet and confer with Atticus, but it has become clear that Atticus will not voluntarily do so, and Syngenta has no confidence that Atticus in fact intends to produce any documents in response to Syngenta's subpoena.

## **ARGUMENT**

Rule 45 of the Federal Rules of Civil Procedure allows a party to issue a subpoena commanding another person or entity to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A subpoena *duces tecum* may be served on a non-party. *See generally Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226 (M.D.N.C. 2010). "[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Cook v.*

---

[4] Syngenta is aware of two attorneys that are representing Atticus in this matter, Matthew Dowd and Elliot Gee, both of Dowd Scheffel PLLC. Syngenta's counsel attempted to reach Mr. Dowd via telephone on October 24, 2024, but was unable to connect or to leave a voicemail. *See* Ex. H, at ¶ 12. Syngenta's counsel subsequently attempted to reach Mr. Gee by phone later the same day, but were directed back to Mr. Dowd's phone number by a Dowd Scheffel PLLC receptionist, and were again unable to connect with Mr. Dowd or to leave a voicemail. *See id.*

4

*Howard*, No. 11-1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012). The proper scope of discovery is as specified in Rule 26(b), which allows discovery of any materials that are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(l).

A person commanded to produce documents in response to a subpoena may serve written objections to the subpoena. Fed. R. Civ. P. 45(d)(2)(B). This Court has recognized that meeting and conferring is an important vehicle for litigants to resolve discovery disputes without court involvement. *See Crisp v. Allied Interstate Collection Agency*, 1:15-cv-303, 2016 WL 276036, at *3 (M.D.N.C. May 12, 2016) ("This Court takes the parties' good-faith conferral obligations seriously."). If an objection is made to a subpoena, and the parties' good faith efforts to meet and confer have failed to resolve the dispute, the party serving the subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Local Civil Rule 37.1.

Here, Atticus's conduct has denied Syngenta the benefit of fully understanding, much less resolving, Atticus's objections through the meet and confer process. Syngenta has been left with no option but to seek relief from this Court.

Atticus's Responses and Objections do not appear to indicate a refusal by Atticus to produce documents in response to any request in the Subpoena. Indeed, Atticus has not raised objections on grounds of relevance or burden sufficient to support noncompliance because its boilerplate objections lack the particularity and specificity to prevent compliance. *See Kinetic Concepts*, 268 F.R.D. at 247 ("By failing to present valid objections to these discovery requests, Plaintiffs waived any legitimate objection [they] may have had." (cleaned up)); *Walls v. Ford*

*Motor Co.*, 1:20-cv-98, 2021 WL 1723154, at *4 (M.D.N.C. Apr. 30, 2021) ("[G]eneral or boilerplate objections to discovery requests lack validity.").

The Subpoena requests documents regarding, among other things, the competitive positioning and performance of a key generic supplier. Ex. A. This requested discovery is highly relevant to Plaintiffs' allegations (and Defendants' defenses against these allegations) that Defendants' rebate programs have harmed competition via the "foreclosure" of generic suppliers from the alleged relevant markets, Ex. B, at ¶ 164. Atticus's relevance to the subject matter of these cases is presumably why the FTC sought documents and testimony from Atticus in the FTC's pre-complaint investigation and, again, in connection with its litigation, Ex. H, at ¶ 7. Syngenta now reasonably needs additional relevant materials from Atticus to defend itself in these cases, but Atticus's conduct has made clear that Syngenta will be unable to obtain those materials from Atticus absent a Court order.

## **CONCLUSION**

For the reasons outlined above, Syngenta requests that the Court enter an order compelling Atticus to produce all non-privileged documents in its possession, custody, or control responsive to the Subpoena, or, in the alternative, to timely meet and confer to discuss the scope of Atticus's response to the Subpoena. Should the Court order meet and confers to take place between Syngenta and Atticus and Atticus will not agree to produce all relevant and responsive non-privileged documents that are necessary for Syngenta's defense of these cases, Syngenta reserves the right to return to this Court seeking further relief with respect to the Subpoena, including the payment of attorneys' fees and expenses.

6

This, the 18th day of November, 2024.

/s/ Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
Sean T. Placey
N.C. Bar No. 56683
splacey@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: 336.378.5200
Facsimile: 336.378.5400

Charles S. Duggan*
charles.duggan@davispolk.com
James I. McClammy*
james.mcclammy@davispolk.com
Daniel J. Thomson*
daniel.thomson@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: 212.450.4292
Facsimile: 212.701.5292

Benjamin M. Miller*
benjamin.miller@davispolk.com
901 15th Street, NW
Washington, DC 20005
DAVIS POLK & WARDWELL LLP
Telephone: 202.962.7133
Facsimile: 202.962.7196

*Specially appearing under Local Rule 83.1(e)


*Attorneys for Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.*

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing brief complies with Local Rule 7.3(d)(1) excluding those portions exempted by the rule.

This the 18th day of November, 2024.

>/s/ Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861

*Attorney for Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

# CERTIFICATE OF SERVICE

This will certify that on November 18, 2024, I electronically filed the foregoing **Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC's Memorandum in Support of Motion to Compel Non-Party Atticus LLC's Subpoena Response** using the CM/ECF system in the above-captioned cases, causing service upon the parties thereto, and that I am serving a copy of the same via email and via Federal Express, addressed as follows:

Matthew Dowd (mdowd@dowdscheffel.com)
Elliott Gee (egee@dowdscheffel.com)
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
*Attorneys for Atticus LLC*

/s/ Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861

*Attorney for Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*