UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> Syngenta CROP PROTECTION AG, SYNGENTA CORPORATION, Syngenta Crop Protection, LLC, and Corteva, Inc., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP <br><br> **PLAINTIFFS' MOTION TO COMPEL DISCOVERY OF ATTICUS, LLC** |

Pursuant to Federal Rules of Civil Procedure 34(c) and 45(d)(2)(B)(i), Plaintiffs respectfully move this Court for an order compelling non-party Atticus, LLC ("Atticus"), to produce data responsive to Request Nos. 3 and 6 of Plaintiffs' April 29, 2024, Rule 45 subpoena no later than January 22, 2025; to propose a search methodology and production schedule for the remaining subpoena requests within forty-eight (48) hours of entry of the proposed order; and to substantially comply with the subpoena by February 28, 2025. In support of their motion, Plaintiffs state as follows:

1. Plaintiffs' Rule 45 subpoena (Ex. A) issued on April 29, 2024. Plaintiffs served the subpoena on Atticus that same day, by email pursuant to agreement with Atticus. *See* Ex. D (April 29, 2024, Email from M. Turner).[1]

2. In its 2024 Limited Liability Company Annual Report filed with the North Carolina Secretary of State, Atticus listed its principal place of business as 940 NW Cary Parkway, Suite 200, Cary, NC 27413. *See* Ex. H (Atticus Annual Report). Plaintiffs' subpoena thus calls for compliance at "a place within 100 miles of Cary, NC, as agreed upon by counsel," inclusive of places falling within this District. Ex. A. Atticus has not expressed a preference for a particular physical place of compliance and has not indicated to Plaintiffs that it will make any physical productions.

3. Atticus served responses and objections to Plaintiffs' subpoena May 28, 2024, following an extension that Plaintiffs granted at Atticus's request. *See* Ex. B.

4. On June 4, 2024, Plaintiffs and Atticus conferred via videoconference regarding Atticus's response to the subpoena. Atticus stated that it was taking a "belt-and-suspenders" approach to its objections and indicated that it was not then able to propose a search methodology or a production schedule. *See* Declaration of Michael Turner; *see also* Ex. C (June 5, 2024, Letter from M. Turner to M. Dowd). Plaintiffs requested a follow-up discussion on those topics, via videoconference, by emails sent on June 24, 2024; July 1, 2024; July 15, 2024; July 30, 2024; August 16, 2024; August 21,

---

[1] The cited exhibits are attached to the Declaration of Michael Turner filed with Plaintiffs' Memorandum In Support of Their Motion To Compel Discovery of Atticus, LLC.

2024; and August 29, 2024, and by numerous phone calls to Atticus's counsel. Despite those efforts, Atticus did not agree to a follow-up videoconference. *See* Ex. D (Email thread re: "Subpoena to Atticus, LLC"); Certificate of Consultation, *infra*.

5. On August 14, 2024, Atticus informally produced an organizational chart to Plaintiffs via email. *See* Ex. D (August 14, 2024, Email from M. Dowd).

6. On September 12, 2024, Plaintiffs again asked Atticus for details regarding its plan for collecting and producing documents, and notified Atticus that Plaintiffs may need to take action to ensure reasonable compliance with the Subpoena. *See* Ex. D (September 12, 2024, Email from M. Turner).

7. In a September 16, 2024, letter, Atticus declined to provide Plaintiffs with the information they requested on September 12. Ex. F (Letter re: "Rule 45 Subpoena to Atticus, LLC"). Atticus stated only that it "expects to complete its productions long before" the April 22, 2025, close of fact discovery and the January 22, 2025, deadline for the parties to substantially complete document productions. *Id.* at 2. In the same correspondence, Atticus electronically produced to Plaintiffs nine Microsoft Excel files containing data responsive to only limited parts of Plaintiffs' data requests. *Id.*

8. On September 30, 2024, Plaintiffs again asked Atticus for details regarding its plan for collecting and producing documents. Ex. E (September 30, 2024, Email from M. Turner). Plaintiffs also requested a proposed production schedule. *Id.*

9. Atticus did not respond to Plaintiffs' September 30, 2024, request.

3

10. On October 31, 2024, this Court ordered the parties to conclude negotiations with nonparty subpoena recipients by December 2, 2024.

11. On November 22, 2024, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), Plaintiffs served notice on Atticus of their intent to move for an order compelling Atticus's compliance with the subpoena, by email pursuant to agreement with Atticus. Ex. G (November 22, 2024, Email from M. Turner).

12. On November 25, 2024, Plaintiffs and Atticus conferred via videoconference regarding Plaintiffs' motion to compel. *See* Ex. G (Nov. 25, 2024, Emails). During that videoconference, as memorialized in the subsequent emails between Plaintiffs and Atticus, Plaintiffs agreed to "hold off on filing" their "planned motion to compel" in return for Atticus's promises (1) "to provide a reasonable description of its plan to collect and review responsive documents" by December 20, 2024, and (2) to "produce data responsive to [Plaintiffs'] Request Nos. 3 and 6 by January 22, 2025." *Id.*

13. Atticus has not adhered to its commitment.

14. On January 7, 2025, pursuant to Rule 45(d)(2)(B)(i), Plaintiffs served by email notice on Atticus of their intent to move for an order compelling Atticus's compliance with the subpoena. Ex. G (January 7, 2025, Email from M. Turner).

15. The grounds for Plaintiffs' motion are set forth in the contemporaneously filed memorandum of law in support of this motion. Undersigned counsel includes a certificate of good faith conference and attempts to resolve this matter, in compliance with Local Rule 37.1(a).

4

Case 1:22-cv-00828-TDS-JEP    Document 280    Filed 01/07/25    Page 4 of 8

Dated: January 7, 2025            Respectfully submitted,

/s/ Michael J. Turner
MICHAEL J. TURNER
Attorney
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3649
Email: mturner@ftc.gov

KARNA ADAM
JOSEPH R. BAKER
WESLEY G. CARSON
ROBERT Y. CHEN
ELIZABETH A. GILLEN
PHILIP J. KEHL
LAUREN B. PATTERSON
ALLYSON M. MALTAS
KRISTEN VAN TINE

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Conor J. May
JAN M. ZAVISLAN
Senior Counsel
CONOR J. MAY
Assistant Attorney General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Jan.Zavislan@coag.gov
            Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*


/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*


/s/ Justin McCully
JUSTIN MCCULLY
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: Justin.Mccully@nebraska.gov

*Attorney for Plaintiff State of Nebraska*


/s/ Christi Foust
CHRISTI FOUST
Deputy Attorney General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-1479
Email:
    christi.foust@atg.in.gov
    scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*


/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
    jason.pleggenkuhle@ag.state.mn.us
    elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorney for Plaintiff State of Tennessee*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State
of Washington*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
JAMES LLOYD
Chief, Antitrust Division
TREVOR YOUNG
Deputy Chief, Antitrust Division
WILLIAM SHIEBER
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

# CERTIFICATE OF CONSULTATION

I hereby certify pursuant to Local Rule 37.1(a) that after personal consultation and diligent attempts to resolve differences, Plaintiffs and non-party Atticus, LLC, are unable to reach agreement on the issues subject to this motion. Plaintiffs and Atticus conferred via videoconference on June 4, 2024, and on November 25, 2024, regarding the records called for by the subpoena. Atticus refused multiple requests for videoconferences between June 4 and November 25, including requests Plaintiffs made via email on June 24, 2024; July 1, 2024; July 15, 2024; July 30, 2024; August 16, 2024; August 21, 2024; and August 29, 2024, and by numerous phone calls to Atticus's counsel. Attorneys who participated on behalf of Plaintiffs included Michael Turner, Lauren Patterson, and Robert Chen. Attorneys Matthew Dowd and Elliot Gee participated on behalf of Atticus.

Dated: January 7, 2025

/s/ Michael J. Turner
MICHAEL J. TURNER
Attorney
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3649
Email: mturner@ftc.gov