| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>        Plaintiffs,<br><br>    v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>        Defendants. | Case No. 1:22-cv-00828-TDS-JEP<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY OF ATTICUS, LLC** |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................... 1
RELEVANT PROCEDURAL BACKGROUND ................................................................. 2
ARGUMENT ......................................................................................................................... 4
I.    ATTICUS, LLC SHOULD BE HELD TO ITS AGREEMENT
      WITH PLAINTIFFS ................................................................................................. 4
      A.    ATTICUS SHOULD BE COMPELLED TO PROVIDE THE
            PRODUCTION PLAN IT PROMISED ......................................................... 4
      B.    ATTICUS, LLC SHOULD BE COMPELLED TO
            PRODUCE THE DATA IT AGREED TO PRODUCE ................................. 6
II.   ATTICUS, LLC SHOULD BE COMPELLED TO
      SUBSTANTIALLY COMPLY WITH PLAINTIFFS' SUBPOENA
      BY NO LATER THAN FEBRUARY 28, 2025 ....................................................... 7
CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. 12-CV-0630-LHK (PSG), 2013 WL 1942163 (N.D. Cal. May 9, 2013) .......... 5

*BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*,
    326 F.R.D. 171 (N.D. Ill. 2018) ............................................................................. 4, 5

*DeGeer v. Gillis*,
    755 F. Supp. 2d 909 (N.D. Ill. 2010) ......................................................................... 6

*Green v. John Chatillon & Sons*,
    188 F.R.D. 422 (M.D.N.C. 1998) .............................................................................. 5

*Herrera v. Santa Fe Pub. Sch.*,
    No. CIV. 11-0422 JB/KBM, 2014 WL 4347169 (D.N.M. Aug. 29, 2014) .............. 5

*Miller UK Ltd. v. Caterpillar, Inc.*,
    No. 10 C 3770, 2013 WL 474380 (N.D. Ill. Feb. 7, 2013) ....................................... 4

*V5 Techs. v. Switch, Ltd.*,
    332 F.R.D. 356 (D. Nev. 2019) ................................................................................. 5

**Rules**

Fed. R. Civ. P. 34(c) ............................................................................................................ 1

Fed. R. Civ. P. 45(d)(2)(B)(i) ............................................................................................... 1

**Other Authorities**

Atticus, LLC, *Agricultural Products*,
    https://atticusllc.com/agricultural-products ........................................................... 2

# PRELIMINARY STATEMENT

Plaintiffs served a subpoena *duces tecum* in this action on non-party Atticus, LLC ("Atticus") on April 29, 2024. In the intervening eight months, Atticus has produced only a miniscule amount of data (and one single document) in response to that properly served subpoena. Although Atticus claims it will at some point comply, it has ignored Plaintiffs' repeated requests for information about how Atticus plans to do so. Atticus has proposed no search methodology, no document custodians, and no specific document collections or productions whatsoever. On November 25, 2024, Atticus finally agreed to provide such a proposal by December 20, 2024, but only because Plaintiffs informed Atticus that they planned to file a motion to compel—which Plaintiffs held off filing in exchange for that promise. Plaintiffs file this motion because Atticus failed to uphold its commitment.

To bring Atticus's subpoena response back on track with this Court's case schedule, Plaintiffs respectively move this Court pursuant to Federal Rules of Civil Procedure 34(c) and 45(d)(2)(B)(i), for an order compelling Atticus to propose within 48 hours of entry of the order a search methodology and production schedule providing for substantial compliance with the subpoena by February 28, 2025, or another reasonable date specified by the Court, and to produce data responsive to Plaintiffs' Request Nos. 3 and 6 no later than January 22, 2025, or another reasonable date specified by the Court.[1]

---

[1] Plaintiffs take no position on the relief requested by Syngenta Defendants in their motion to compel discovery of Atticus (Doc. 265).

# RELEVANT PROCEDURAL BACKGROUND

Defendants are manufacturers and sellers of brand-name crop protection products containing active ingredients (AIs) formerly protected by patent and Federal Insecticide, Fungicide, and Rodenticide Act exclusivity. This case concerns Defendants' efforts to foreclose and hinder competition from suppliers of generic alternatives to Defendants' AIs. Atticus sells generic crop protection products containing several AIs affected by Defendants' anticompetitive conduct, including azoxystrobin, metolachlor, mesotrione, and rimsulfuron. *See* Atticus, LLC, *Agricultural Products*, https://atticusllc.com/agricultural-products (list of current products); Complaint, *Syngenta Crop Protection, LLC v. Atticus, LLC*, No. 5:19-cv-509, 2022 WL 842938, Doc. 1 (E.D.N.C. 2019) (dispute between Syngenta and Atticus regarding azoxystrobin).

Plaintiffs served Atticus with the subpoena (Ex. A) on April 29, 2024, four days after this Court entered the initial Scheduling Order (Doc. 195).[2] The subpoena comprises 22 requests tailored to discover important data and documents regarding Atticus's participation in the crop protection products industry and the effects of Defendants' conduct on Atticus's ability to compete. Atticus served responses and objections on May 28, 2024, following an extension that Plaintiffs granted at Atticus's request. *See* Ex. B (R&Os). Atticus's objections largely consist of boilerplate assertions of undue burden.

---

[2] The cited exhibits are attached to the Declaration of Michael Turner filed concurrently with this memorandum.

On June 4, 2024, Plaintiffs and Atticus met via teleconference regarding the subpoena and Atticus's objections. Plaintiffs requested that Atticus propose a search methodology, propose document custodians, and provide other basic information about Atticus's plan for responding to the subpoena so that Plaintiffs could assess whether its response would be proportional to the needs of their case. As Atticus was not prepared to make such a proposal at that time, Plaintiffs granted Atticus an extension of the subpoena return date, to July 12, 2024, so that Atticus could have more time to do so. *See* Ex. C (June 5, 2024, Letter from M. Turner to M. Dowd) at 1–2. Plaintiffs asked that Atticus prioritize responding to their data requests, and Atticus did not object. *Id.*[3]

Since then, Plaintiffs have repeatedly asked Atticus for updates regarding its plan for complying with the subpoena: via emails sent on June 24, 2024; July 1, 2024; July 15, 2024; July 30, 2024; August 16, 2024; August 21, 2024; August 29, 2024; September 12, 2024; and September 30, 2024, and via numerous telephone calls made during that period. *See* Ex. D (Email thread re: "Subpoena to Atticus, LLC"); Ex. E (Email thread re: "Atticus, LLC First Production"). Atticus ignored those requests.[4]

---

[3] During this teleconference, Atticus also confirmed that it was taking an overinclusive, "belt-and-suspenders" approach to its objections rather than a particularized one. Atticus was not prepared to explain the bases for its objections at that time; Plaintiffs invited Atticus to do so at a later date. Atticus never did so.

[4] Atticus's productions to date have been limited to a single organizational chart produced informally on August 14, 2024, and a handful of datasets produced on September 16, 2024, that are responsive to only limited parts of Plaintiffs' data requests. *See* Ex. E (M. Dowd Aug. 14, 2024, email); Ex. F (M. Dowd Sept. 16, 2024, letter). Atticus did not explain in any way how it identified those datasets as responsive and whether it identified other responsive datasets.

On November 22, 2024, in light of Atticus's non-responsiveness, Plaintiffs informed Atticus that they intended to move to compel its compliance with the subpoena. *See* Ex. G (Email thread re: "Atticus subpoena"). Plaintiffs and Atticus subsequently met via teleconference regarding Plaintiffs' planned motion to compel. During that teleconference, Plaintiffs agreed to "hold off on filing" their "planned motion to compel" in exchange for two commitments from Atticus. *Id.* (Nov. 25, 2024, Emails). First, counsel for Atticus "agree[d] to provide a reasonable description of its plan to collect and review responsive documents"—inclusive of basic information such as proposed "document custodians" and "search terms applied"—by December 20, 2024. *Id.* Second, counsel for Atticus agreed to "produce data responsive to [Plaintiffs'] Request Nos. 3 and 6 by January 22, 2025, subject to Atticus's reasonable objections." *Id.*

To date, and in keeping with its protracted noncompliance and nonengagement with Plaintiffs' subpoena, Atticus has flouted its commitment. Absent a court order, it is unlikely that Atticus will do what it agreed to do on any reasonable timeline.

## ARGUMENT

I. **ATTICUS, LLC SHOULD BE HELD TO ITS AGREEMENT WITH PLAINTIFFS**

   A. **ATTICUS SHOULD BE COMPELLED TO PROVIDE THE PRODUCTION PLAN IT PROMISED**

Parties are supposed to keep the promises they make in discovery. *See BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, 326 F.R.D. 171, 174 (N.D. Ill. 2018) ("[A] party cannot renege on its discovery agreement.") (citing *Miller UK Ltd. v. Caterpillar,*

4

*Inc.*, No. 10 C 3770, 2013 WL 474380, at *7 (N.D. Ill. Feb. 7, 2013)); *cf. Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) ("bad faith" for party to make "repeated but unfulfilled assurances . . . that [it] would provide discovery responses"). Here, Atticus agreed to propose a plan for complying with Plaintiffs' subpoena—including basic details like a proposed search methodology and proposed document custodians—no later than December 20, 2024. That should have been the end of the matter. *See BankDirect*, 326 F.R.D. at 172 ("Parties have to be able to rely on what others report they will do if civil discovery is going to function without judicial intervention.") (quoting *Herrera v. Santa Fe Pub. Sch.*, No. CIV. 11-0422 JB/KBM, 2014 WL 4347169, at *2 (D.N.M. Aug. 29, 2014)). Atticus's failure to keep its agreement is reason enough for this Court to grant Plaintiffs' motion to compel. *See BankDirect*, 326 F.R.D. at 176 (enforcing discovery agreement "without qualification" because of party's breach).

It is reasonable to require Atticus to describe how it proposes to comply with the subpoena—and how it proposes to search its records—even setting aside Atticus's agreement to do so. Courts routinely order non-parties to propose document custodians and search terms so that the requesting party has the information it needs to evaluate the sufficiency of the non-party's production. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK (PSG), 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013) (compelling "search terms and custodians" from non-party); *see also V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019) (ordering non-party to "identify[] with particularity the details of each of the searches conducted"). Moreover, because they control their own

records, non-parties are "in the best position to take the lead in selecting data custodians and search terms[.]" *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 929 (N.D. Ill. 2010). Plaintiffs are, and have been, prepared to work with Atticus to determine the scope of a reasonable and proportional search. But Atticus needs to provide basic information about the custodians whose records it proposes to search and the search terms it proposes to apply before Plaintiffs can engage in those negotiations.

### B. ATTICUS, LLC SHOULD BE COMPELLED TO PRODUCE THE DATA IT AGREED TO PRODUCE

Atticus is already in breach of one of the conditions of its agreement with Plaintiffs (providing a proposal for responding to the subpoena by December 20, 2024). Given that, and given Atticus's persistent unwillingness to engage with Plaintiffs, it is very likely that absent a court order Atticus will breach the other condition of the agreement and fail to produce data responsive to Plaintiffs' Request Nos. 3 and 6 by January 22, 2025.[5] Further, Plaintiffs' agreement to refrain from filing a motion to compel in November—including, as Atticus is aware, a motion to compel data requested in Plaintiffs' subpoena—was conditioned on Atticus meeting all of Plaintiffs' requests,

---

[5] Plaintiffs' Request No. 3 calls for data concerning Atticus's generic crop protection products, their chemical composition, when they were sold in the United States, the names under which they were sold, and other key product information. *See* Ex. A. Plaintiffs' Request No. 6 calls for data concerning Atticus's transactions with its customers, including the quantity of products sold and the prices at which they were sold. *Id.*

6

including the production plan. Plaintiffs respectfully request that this Court order Atticus to produce those data by the previously agreed-upon deadline.

## II. ATTICUS, LLC SHOULD BE COMPELLED TO SUBSTANTIALLY COMPLY WITH PLAINTIFFS' SUBPOENA BY NO LATER THAN FEBRUARY 28, 2025

Plaintiffs served their subpoena on Atticus eight months ago. Since then, they have given Atticus opportunity after opportunity to propose a reasonable response on a reasonable timeline to Plaintiffs' subpoena. They have compromised with Atticus in an attempt to avoid involving the Court in this discovery dispute. Yet Atticus has made negligible progress toward compliance. Given the rapidly approaching fact discovery deadline, this is untenable.

To bring Atticus's subpoena response back on track with this Court's case schedule, Plaintiffs respectfully request that this Court enter an order compelling Atticus to substantially comply with the subpoena by no later than February 28, 2025, or another reasonable date specified by the Court.

## CONCLUSION

Plaintiffs' motion to compel should be granted.

Dated: January 7, 2025               Respectfully submitted,

      /s/ Michael J. Turner
MICHAEL J. TURNER
Attorney
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3649
Email: mturner@ftc.gov

KARNA ADAM
JOSEPH R. BAKER
WESLEY G. CARSON
ROBERT Y. CHEN
ELIZABETH A. GILLEN
PHILIP J. KEHL
LAUREN B. PATTERSON
ALLYSON M. MALTAS
KRISTEN VAN TINE

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Conor J. May
JAN M. ZAVISLAN
Senior Counsel
CONOR J. MAY
Assistant Attorney General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Jan.Zavislan@coag.gov
       Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*


/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*


/s/ Justin McCully
JUSTIN MCCULLY
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: Justin.Mccully@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

/s/ Christi Foust
CHRISTI FOUST
Deputy Attorney General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-1479
Email:
 christi.foust@atg.in.gov
 scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*


/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
 jason.pleggenkuhle@ag.state.mn.us
 elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
JAMES LLOYD
Chief, Antitrust Division
TREVOR YOUNG
Deputy Chief, Antitrust Division
WILLIAM SHIEBER
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words, excluding the exempted portions, as reported by word processing software.

Dated: January 7, 2025

/s/ Michael J. Turner

MICHAEL J. TURNER
Attorney
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3649
Email: mturner@ftc.gov