# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION | Case No: 1:23-md-3062-TDS-JEP |

**JOINT STATUS REPORT OF SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, AND SYNGENTA CROP PROTECTION, LLC, AND ATTICUS, LLC**

Pursuant to the Court's December 11, 2024 minute order, Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta") and Atticus LLC ("Atticus") have met and conferred and hereby submit this Joint Status Report in advance of the January 23, 2025 hearing on Syngenta's motion to compel. (Dkt. 265.)[1]

The parties are continuing to meet and confer on the motion to compel. Syngenta has provided Atticus with its availability for a meet and confer for the week of January 13, 2025 and has requested that Atticus address certain outstanding items prior to that meet and confer to ensure the meeting is productive. Atticus states below that it "expects to solidify its position on" these points prior to that meet and confer. Defendant Syngenta provides its position on pages 1-6. While Atticus does not believe that such a lengthy discourse is necessary for a routine joint status report, Atticus provides a short response on page 6.

## DEFENDANT SYNGENTA'S SECTION

On November 18, 2024, Syngenta filed a motion to compel Atticus to respond and produce documents pursuant to Syngenta's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"). (Dkt. 265, 266.) Syngenta filed its motion to compel following several months of non-responsiveness from Atticus following Atticus's service of Responses and Objections to the Subpoena. The parties thereafter met and conferred at Syngenta's request on November 22, 2024. (Dkt. 276-1 at 3.) Following that meet and confer, Syngenta sent Atticus an email with various items related to Subpoena compliance, including many foundational questions regarding Atticus's proposed document and data production processes in response to the Subpoena. (*Id*.) Atticus filed an opposition to Syngenta's

---

[1] While Syngenta's Motion to Compel was filed in and applies to both the above-captioned matters, the docket citations in this Report are to the docket in Case No. 1:22-cv-00828-TDS-JEP.

1

motion in which Atticus did not contest that it had not replied to Syngenta's outreach for several months but argued that Syngenta's motion was now "moot" because the parties had met and conferred once. (Dkt. 270.) Syngenta filed a reply contending that its motion remained ripe given Atticus's lack of substantive post-filing communication, dilatory conduct, and multiple remaining unresolved items with respect to Atticus's Subpoena response. (Dkt. 276.) On December 11, 2024, the Court issued an order scheduling a hearing on Syngenta's motion to compel for January 23, 2025, and ordered that the parties meet and confer and file a joint status report by January 10, 2025 setting out the status of the dispute and any remaining areas of disagreement for consideration at the hearing.

Since the Court's December 11, 2024 order, no substantive progress has been made towards resolving the disputes about Atticus's response to the Subpoena because of Atticus's failure to provide Syngenta with foundational information. Syngenta and Atticus have met and conferred once, on December 19, 2024, and exchanged various correspondence. During that meet and confer, Syngenta and Atticus broadly discussed the scope of Atticus's Subpoena response with respect to (1) document productions and (2) structured data productions. These items were the same points that Syngenta had attempted to discuss with Atticus before filing its motion to compel and during the pendency of that motion. Atticus was not able to address many of the items discussed during the December 19, 2024 call, so, on December 20, 2024, Syngenta sent Atticus an email with specific follow-up requests and confirmations related to items discussed on the meet and confer. Syngenta requested a response by December 27, 2024. When no response came, Syngenta made numerous attempts to follow-up with Atticus. On January 7, 2025, Atticus sent Syngenta a letter responding to certain aspects of Syngenta's December 20, 2024 email but not providing any of the information Syngenta had requested. Syngenta and Atticus's email

2

Case 1:22-cv-00828-TDS-JEP    Document 283    Filed 01/10/25    Page 3 of 8

correspondence, including attachments, from November 18, 2024 through January 10, 2025, is attached as Exhibit A.

Document Productions. Syngenta provided Atticus with proposed search terms for its document productions on November 22, 2024.[2] *See* Ex. A. During the December 19, 2024 meet and confer, Atticus recited approximate hit counts for some of those search terms and identified two custodians over whose files Atticus had run Syngenta's proposed terms. Atticus asserted, based upon those hit counts, that collection and production of responsive documents pursuant to Syngenta's proposed search terms would be too burdensome to Atticus. Syngenta requested on the meet and confer that Atticus confirm the date range over which the searches were conducted and whether its initial hit counts reflected de-duplication of documents (e.g., to account for the same document hitting on separate search terms, to account for multiple custodians being associated with the same document, or to account for threaded emails). Atticus was unable to provide this information. Syngenta also requested additional detail on the basis for selecting the two custodians and excluding other potentially relevant Atticus document custodians, in particular members of Atticus's Agriculture Division. Atticus did not explain why it had limited its custodians to the two proposed individuals.

Following the meet and confer, on December 20, 2024, Syngenta provided Atticus with revised search terms via email.[3] *See* Ex. A. In that email, Syngenta requested that Atticus provide

---

[2] As described in Syngenta's motion to compel, Syngenta requested that Atticus provide the search terms it relied upon in producing materials to the Federal Trade Commission during the pre-complaint investigation to allow to work efficiently within a framework already established by Atticus. Atticus did not provide that information but instead requested that Syngenta provide original search terms. (*See* Dkt. 276, at 3 n.1.)

[3] As described in Syngenta's January 10, 2025 letter, Syngenta believes that the volumes resulting from its initial proposed search terms to Atticus are reasonable and in line with document volumes collected and/or produced by other third parties in the litigations. Syngenta proposed revised search terms to Atticus as a compromise solely to expedite Atticus's Subpoena response.

de-duplicated hit counts reflecting application of the revised terms, to the extent that Atticus continues to assert that Syngenta's proposed terms are too burdensome. *Id*. Syngenta also reiterated its requests regarding document-collection date ranges and custodians. *Id*. In its January 7, 2025 letter, Atticus stated that its two proposed custodians "appear to be the most reasonable individuals from which to collect responsive documents" but did not provide information as to why other potentially relevant custodians, such as members of the Agriculture Division, were omitted. *See* Ex. A. Atticus has not yet provided updated hit counts or confirmed the date ranges for its document collections. In Atticus's section of this report below, it states that Atticus "has recently undertaken a company-wide migration of its internal data to a new operating platform/system" which has "added complexity to" its document-collection efforts. Atticus informed Syngenta of this apparent migration for the first time in a draft of this report late in the business day on January 10, 2025. It remains unclear how this migration has affected Atticus's ability to test Syngenta's proposed search terms.

Accordingly, Syngenta and Atticus have not yet agreed upon specific search terms, custodians, or date ranges for Atticus's document productions. Atticus has yet to agree to either set of Syngenta's proposed search terms, to confirm the date ranges for its document collections, or to provide information sufficient for Syngenta to assess the adequacy of Atticus's two proposed document custodians.

Data Productions. In November 22, 2024 email correspondence, Syngenta requested that Atticus produce data in the same form as the data Atticus produced during the Federal Trade Commission's pre-complaint investigation, updated to cover additional products relevant to the litigations and to cover the period from 2015 through present. *See* Ex. A. In the same correspondence, Syngenta provided Atticus with a list of active ingredients relevant to the

plaintiffs' allegations and Syngenta's defenses and requested that Atticus identify which of those active ingredients it has sold since 2015. *Id*. In December 6, 2024 correspondence, Atticus represented that, since 2015, it has sold products containing nineteen of the active ingredients in the list Syngenta provided.[4] *Id*. In December 20, 2024 correspondence, Syngenta requested that Atticus produce data, in the same form as the data Atticus produced in the pre-complaint investigation, for products containing any of those nineteen active ingredients. Atticus has not confirmed whether it will do so.

Based upon its review of crop protection industry data, such as Kynetec AgroTrak, Syngenta believes that Atticus or its predecessor companies may have also sold products since 2015 containing the active ingredient glyphosate. Syngenta identified glyphosate in its November 22, 2024 email but Atticus did not indicate that it had sold products containing glyphosate in its December 6, 2024 correspondence in response. Syngenta has requested that Atticus confirm that it has not sold products containing glyphosate since 2015, or else produce data for any products containing glyphosate, in the same form as the data produced in the pre-complaint investigation. *Id*. Atticus has yet to confirm whether it has sold products containing glyphosate.

Accordingly, Syngenta and Atticus have not yet agreed upon the scope of Atticus's data productions in response to the Subpoena. Syngenta has requested that Atticus produce specific data for products containing any of nineteen specified active ingredients. Atticus has yet to confirm whether it will do so. Further, Atticus has not confirmed (1) whether it has sold any

---

[4] These active ingredients are: azoxystrobin; chlorothalonil; fomesafen; mesotrione; s-metolachlor/metolachlor; paraquat; dicamba; diquat; flumioxazin; glufosinate; metribuzin; sulfentrazone; lambda-cyhalothrin; abamectin; bifenthrin; cyfluthrin; zeta-cypermethrin; deltamethrin; and imidacloprid.

5

products containing glyphosate since 2015 and, if so, will produce such data, and (2) the date range for which Atticus will produce data across all identified products.

At this time, Atticus has yet to advise as to what information it intends to produce in response to the Subpoena or when it expects to begin producing that information.

**NON-PARTY ATTICUS'S SECTION**

Atticus does not agree with Syngenta's preceding arguments and submits that such aggressive arguments against a third party are not particularly productive as the parties and non-party Atticus work to resolve the discovery dispute.

Atticus is diligently working to assess whether Syngenta's proposed search strings and terms will provide a reasonable subset of documents from which Atticus can produce responsive, non-privileged documents. Based on ongoing collection efforts, Syngenta's first set of proposed search strings yielded hit numbers that were entirely unreasonable, with some search strings yielding tens of thousands of initial hits. Atticus is currently working to assess the feasibility and reasonableness of Syngenta's second set of proposed search strings.

Atticus also expects to solidify its position on the other points during the meet and confer scheduled for the week of January 13, 2025.

Atticus further notes that it has recently undertaken a company-wide migration of its internal data to a new operating platform/system. In fact, this internal migration is still ongoing. Undersigned counsel understands that, until recently, much of Atticus's internal data was not amenable to the proposed Boolean-type search strings proposed by Syngenta. That recent and ongoing migration has added complexity to addressing Syngenta's extraordinarily broad discovery demands of non-party Atticus.

This, the 10th day of January, 2025.

Respectfully submitted,

/s/ Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
Sean T. Placey
N.C. Bar No. 56683
splacey@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: 336.378.5200
Facsimile: 336.378.5400

Charles S. Duggan*
charles.duggan@davispolk.com
James I. McClammy*
james.mcclammy@davispolk.com
Daniel J. Thomson*
daniel.thomson@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: 212.450.4292
Facsimile: 212.701.5292

Benjamin M. Miller*
benjamin.miller@davispolk.com
901 15th Street, NW
Washington, DC 20005
DAVIS POLK & WARDWELL LLP
Telephone: 202.962.7133
Facsimile: 202.962.7196

*Specially appearing under Local Rule 83.1(e)

*Attorneys for Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.*

/s/ Robert J. Morris
Robert J. Morris
N.C. State Bar No. 15981
jmorris@smithlaw.com
Smith, Anderson, Blount, Dorsett,
Mitchell & Jernigan, LLP
150 Fayetteville Street, Suite 2300
Raleigh, NC 27601
Telephone: (919) 821-1220

Matthew J. Dowd*
mdowd@dowdscheffel.com
Robert J. Scheffel*
rscheffel@dowdscheffel.com
Elliot A. Gee*
egee@dowdscheffel.com
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 559-9175

*Specially appearing under Local Rule 83.1(e)

*Attorney for Non-Party Atticus LLC*