UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | Case No. 1:22-cv-00828-TDS-JEP<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's October 24, 2024 Order, Plaintiffs Federal Trade Commission and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin, acting by and through their respective Attorneys General ("Plaintiffs"); and Defendants Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC (collectively, "Syngenta") and Corteva, Inc. ("Corteva," with Syngenta, the "Defendants," and together with Plaintiffs and Syngenta, the "Parties") have met and conferred and hereby submit this Joint Status Report in advance of the January 23, 2025 Status Conference.

1. **Written Discovery Update**

The Court's April 25, 2024 Case Management Order (Doc. 195) sets forth the relevant deadlines for this litigation. The Parties have been proceeding pursuant to this schedule, and discovery is underway.

   a. Party Written Discovery

Defendants have been producing data and documents sought by Plaintiffs' Requests for Production on a rolling basis, as required under the Scheduling Order (Doc. 195 at 6 n.1.). Syngenta made its first production on October 22, 2024, and Corteva made its first production on November 1, 2024. Defendants will substantially complete production of documents and data by January 22, 2025. Plaintiffs substantially completed production of documents in response to Defendants' requests on November 15, 2024. The Parties will provide privilege logs by February 21, 2025.

b. <u>Third Party Written Discovery</u>

The Parties have proceeded diligently with third-party discovery and sought discovery from a significant number of third parties, including generic pesticide manufacturers, pesticide distributors and other customers, and other basic pesticide manufacturers. Most of these third parties are in the process of producing or have completed production of documents and/or data.

The Court set a December 2, 2024 deadline for the Parties to conclude negotiations with third parties who had, as of October 24, 2024, been served with a subpoena duces tecum by plaintiffs in the Government Action (Doc. 264). The Parties have substantially completed negotiations and reached agreements with nearly all third parties regarding the scope of compliance with subpoenas duces tecum. There have been two motions to compel filed against third-party Atticus, filed separately by Syngenta (Doc. 265-266) and Plaintiffs. Defendants are evaluating whether to file a motion to compel against several other third parties.

2. **Deposition Scheduling and Coordination**

The Parties have begun noticing depositions and are proceeding diligently in an attempt to comply with the April 22, 2025 fact discovery deadline. The Parties anticipate that they will take more than 50 depositions, some of which will occur over two days in accordance with the Discovery Coordination Order (Doc. 222) ("the Coordination Order").

a. <u>Delay in Scheduling Third-Party Depositions</u>

The Parties have been working diligently to schedule depositions and last week deposed two third parties. However, two issues are leading to problems with scheduling third-party depositions. First, some third-party document productions are taking longer than anticipated, making it potentially inefficient to proceed with near-term depositions for such third parties. While it may be possible to receive these productions in time to depose the third parties within the current schedule, the Parties run a very real risk of having to take the bulk of the third-party depositions in the last weeks of the discovery period.

Second, the later date in the MDL Action for close of discovery has made it difficult to coordinate deposition dates across the actions, such that no deposition need occur twice. The plaintiffs in the MDL Action (the "MDL Plaintiffs") have cross-noticed certain third-party depositions to take place in May and June, closer to the end of the fact discovery period in that case. Having now received multiple deposition notices for different dates, some third parties have indicated a preference to sit for only one deposition at the later noticed dates. While the Parties in the Government Action have noticed depositions on a timeline consistent with the Case Management Order in this case (Doc. 195), all parties seek to minimize any potential burden on third parties and diminish the need for any third party to be required to sit for more than one deposition.

b. <u>Joint Request for Modification of Discovery Schedule</u>

The Parties jointly propose an extension of the fact discovery period in this

Action, to July 22, 2025, to match the close of fact discovery in the MDL Action. This extension is intended to allow for more efficient scheduling of depositions of third parties who will not have completed or substantially completed productions until later in the current fact discovery period, and for enhanced coordination of third-party depositions with the MDL Action. To the extent that a third party has completed or substantially completed document productions sooner in the fact discovery window, deposition of such third parties shall proceed earlier in the fact discovery period at the convenience of the third party. The three-month extension that the parties propose would also require adjustment of a handful of subsequent dates on the current case schedule, but the parties have shortened interim time periods such that the final summary judgment and *Daubert* briefing date is extended by only 30 days. The Parties further agree that all currently noticed depositions of Defendant Witnesses shall be completed by April 22.

| Event | Original Dates | New Dates |
|---|---|---|
| Close of Fact Discovery | 04.22.2025 | 07.22.2025 |
| Expert Reports | 06.06.2025 | 08.22.2025 |
| Rebuttal Expert Reports | 08.05.2025 | 10.03.2025 |
| Reply Expert Reports | 09.04.2025 | 10.31.2025 |
| Close of Expert Discovery | 10.02.2025 | 11.21.2025 |
| SJ and *Daubert* | 11.18.2025 | 12.19.2025 |
| SJ and *Daubert* Oppositions | 01.23.2026 | 02.20.2026 |
| SJ and *Daubert* Replies | 02.20.2026 | 03.20.2026 |

    c.   Coordination Order Time Limits

The Parties jointly ask the Court to clarify coordination issues between 30(b)(1) and 30(b)(6) depositions. The parties also have a dispute as to the allocation of

questioning time for a Party that does not notice a deposition in their pending case.

      i. *Coordination Between Rule 30(b)(1) and 30(b)(6) Depositions*

The Coordination Order entered in this Action sets presumptive time limits for third-party depositions that are noticed or cross-noticed by multiple Related Action Parties. In practice, Defendants and MDL Plaintiffs have typically been noticing Rule 30(b)(6) depositions of Non-Parties, whereas the Government Plaintiffs have noticed Rule 30(b)(1) depositions. This has resulted in confusion as to whether, where the third party has decided to put up the noticed Rule 30(b)(1) witness for all or some topics of the Rule 30(b)(6) deposition, these depositions should proceed as one or two separate events, and what time limits should apply.

The Parties seek an order from this Court clarifying that, where a third party is in receipt of both a Rule 30(b)(1) and Rule 30(b)(6) deposition notice, the same individual will serve as the witness for each, and the third party consents to the noticing parties conducting the two depositions together, the hourly limitations and divisions of time set forth in Paragraphs 15 and 17 of the Coordination Order and any subsequent agreements regarding coordination will apply.

Moreover, the Parties agree that the issuance of a 30(b)(6) notice does not trigger obligations to cross-notice a 30(b)(1) deposition of a witness from the same party within ten (10) calendar days as set out in Paragraph 10 of the Coordination Order and any subsequent agreements regarding coordination. Likewise, the issuance of a 30(b)(1) deposition notice does not trigger the obligation to cross-notice a 30(b)(6) deposition of the relevant non-party. However, if a non-party has identified a 30(b)(6) representative that is the same as a noticed 30(b)(1) deponent, the Parties agree to conduct those depositions together to the extent practicable,[1] and subject to consent of the non-party witnesses (including both the percipient and 30(b)(6)-entity witness).

ii. *Time Allotted for Non-Noticing Parties*

**Plaintiffs' Position**

During the first deposition in this case, Plaintiffs became aware of a disagreement among the Parties regarding the amount of questioning time allocated to non-noticing parties at a deposition. It is Plaintiffs' position that, as the Court clearly instructed and the Coordination Order states, non-noticing parties that are properly present at a deposition receive one hour of the total questioning time provided for that deposition. *See* Doc. 222 n. 5 ("... Corteva and Syngenta shall collectively be entitled to one hour of questioning time for a Non-Party deposition noticed [by] one or more Plaintiffs.") (emphasis added);

---

[1] Where the 30(b)(1) and 30(b)(6) depositions have not both been noticed in the same actions, there may be obstacles to the parties' and third party's ability to effectively combine the two depositions. This scenario is discussed further in the Joint Status Report in the MDL Action being filed contemporaneously with this filing.

7

Case 1:22-cv-00828-TDS-JEP    Document 291    Filed 01/21/25    Page 7 of 14

Doc. 214 at 70:14–17 ("THE COURT: . . . So just to clarify again, so if Defendants notice it, then Plaintiffs can attend and have an hour. *If they want to actually be able to have more than an hour, then they would need to cross-notice it*.") (emphasis added). *See also id*. at 118:10–13.

Defendants' position that a non-noticing party is entitled to an hour of questioning time *and* all remaining deposition time once the noticing parties concludes their questioning misreads Paragraph 16 of the Coordination Order.[2] The language they cite ("no less than one (1) hour") is consistent with Plaintiffs' position; when read with the clarification of footnote 5 and the Court's statements, it is crystal clear. Doc. 222 ¶ 16 & n. 5 ("*For the avoidance of doubt* . . . [the Parties] shall collectively be entitled to one hour of questioning time . . . .") (emphasis added); Doc. 214 at 70:14–17, 118:10–13. Plaintiffs have never agreed to a reversion of all remaining time, and doing so would undermine the ordered deposition limits, greatly increase the burden on third parties, and lead to a perverse incentive for any party that notices a deposition to take more of the third-party's time than necessary so that the opposing party does not receive a bonus deposition. If Defendants want to question a witness for more than one hour, they must notice that deposition and have it count against their total number.

---

[2] Plaintiffs appreciate Defendants' representation that they intend to be reasonable in the use of deposition time when they are not a noticing party, but given the potential for disagreements on what constitutes a "reasonable" amount of questioning time, Plaintiffs request confirmation of the Coordination Order.

8

**Defendants' Position**

In the first deposition in this case, Defendants used a little over one hour to clarify, contextualize, or otherwise address limited portions of testimony elicited from FTC Action Plaintiffs and MDL Plaintiffs over the course of their full-day examination. By the plain terms of the Coordination Order, Defendants were entitled to do so:

> If any of Government Plaintiffs, MDL Plaintiffs, Syngenta, or Corteva is properly present at a Non-Party deposition in that Party's Pending Case ... but any such Party has not noticed the deposition, the non-noticing side shall be entitled to ***no less than one (1) hour*** of questioning time taken from the total allotted time of the deposition.

Doc. 222 ¶ 16.[3] Where plaintiffs are a qualifying non-noticing party, they are entitled to do the same.

Defendants have no intention of using this provision to fill all remaining deposition time once the noticing parties conclude their questioning, as Plaintiffs hypothesize. Rather, Defendants will conduct themselves reasonably and in recognition of the burdens that these depositions impose on non-parties.[4] Defendants trust that plaintiffs will do the same. Depending on the length of the preceding examinations—

---

[3] Instead of focusing on this core paragraph of the Order, Plaintiffs instead focus on a footnote to it – which was intended to clarify that the follow-on time is to be shared *collectively* by either plaintiffs or defendants – and a discussion between plaintiffs and the Court concerning an earlier draft of the coordination framework, which occurred at a hearing more than a month prior to entry of the Order. The as-entered Order reflects agreed modifications following further negotiations amongst the parties.

[4] For instance, in the second deposition in this case, Defendants only used approximately ten minutes, following two full days of Plaintiffs' examination.

which may span several days in situations where Defendants are following examinations by all three related action plaintiffs—somewhat more than strictly one-hour of follow-on questioning may be warranted. This is precisely why Defendants proposed to plaintiffs that the coordination order permit "no less than" one hour, which proposal Plaintiffs accepted and submitted to the Court, and the Court subsequently ordered.

Defendants are prepared to address this issue at the status hearing.

### 3. Expert Discovery

Plaintiffs remain interested in discussing a framework for the coordination and sharing of expert reports and related materials across this Action, the MDL Action, and the Arkansas Action as the case progresses closer toward the conclusion of fact discovery.

### 4. Mediation

On May 17, 2024, the Court granted the Parties' Joint Consent Motion for an Extension of Time to Select a Mediator by Agreement. (Doc. 206). The Parties agree to non-binding mediation by Jimmy D. Cooley.

Dated: January 21, 2025          Respectfully submitted,

  /s/ Allyson M. Maltas
ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

KARNA ADAM
JOSEPH R. BAKER
WESLEY G. CARSON
ROBERT Y. CHEN
ELIZABETH A. GILLEN
PHILIP J. KEHL
LAUREN B. PATTERSON
MICHAEL J. TURNER
KRISTEN VAN TINE

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Aric J. Smith
ARIC J. SMITH
CONOR J. MAY
Assistant Attorneys General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Aric.Smith@coag.gov
        Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*


/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*


/s/ Justin McCully
JUSTIN MCCULLY
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: Justin.McCully@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

/s/ Christi Foust
CHRISTI FOUST
JESSE MOORE
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 233-9923
Email: christi.foust@atg.in.gov
         jesse.moore@atg.in.gov
         scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*


/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
         jason.pleggenkuhle@ag.state.mn.us
         elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

12

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Attorney-in-Charge
Antitrust, False Claims, & Privacy Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 798-3297
Email: tim.smith@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
JAMES LLOYD
Chief, Antitrust Division
WILLIAM SHIEBER
LUKE WOODWARD
PAIGE ETHERINGTON
Assistant Attorneys General
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Laura E. McFarlane
LAURA E. MCFARLANE
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

/s/ James I. McClammy
James I. McClammy
James.mcclammy@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

/s/ Patrick M. Kane
Patrick M. Kane
pkane@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC  27401
Telephone: (336) 378-5200
Facsimile: (336) 378-540

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

/s/ David R. Marriott
David R. Marriott*
dmarriott@cravath.com
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
*Specially appearing (L.R. 83.1(d)).

/s/ Mark E. Anderson
Mark E. Anderson
N.C. State Bar No. 15764
manderson@mcguirewoods.com
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone: 919.755.6600

*Attorneys for Defendant Corteva, Inc.*