# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>            Plaintiffs,<br><br>    v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>            Defendants. | No. 1:22-cv-828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION | No. 1:23-md-3062-TDS-JEP |

**STIPULATED ORDER MEMORIALIZING THE COURT'S RULINGS AND THE PARTIES' AGREEMENTS MADE AS TO THE JOINT REPORTS**

WHEREAS the Parties submitted Joint Status Reports in advance of the January 23, 2025 Status Conference setting forth disputes and agreements regarding the coordination of discovery amongst the above-captioned cases; and

WHEREAS this proposed Order is intended to supplement the Joint Status Reports;

THE COURT THEREFORE ORDERS AS FOLLOWS:

1. For purposes of this Order:

   a. "Contact Attorneys" refers to the email distribution lists identified on Schedule A.

   b. "Defendants" refers collectively to Corteva, Inc. and its subsidiary Corteva Agriscience LLC ("Corteva"); and Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC ("Syngenta").

   c. "Defendant Witnesses" means any witness currently or formerly employed by any Defendant.

   d. "FTC" refers to the Federal Trade Commission.

   e. "Government Action" refers to *FTC, et al. v. Syngenta Crop Protection AG, et al.*, No. 1:22-cv-00828-TDS-JEP (M.D.N.C.).

   f. "Government Plaintiffs" refers to the FTC and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin, acting by and through their respective Attorneys General.

   g. "MDL Action" refers to *In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP, including all consolidated member cases (both current and any that may be transferred and consolidated in the future).

h. "MDL Plaintiffs" refers collectively to the plaintiffs named in any consolidated or member case in the MDL Action, including in any consolidated complaint that is filed in the MDL Action.

i. "Non-Party" refers to a person or entity not a Party to any Pending Case.

j. "Parties" refers collectively to the Government Plaintiffs, MDL Plaintiffs, and Defendants.

k. "Plaintiffs" refers collectively to plaintiffs in any Related Action.

l. "Party" refers to any Government Plaintiff, MDL Plaintiff, or Defendant.

m. "Pending Cases" refers collectively to the Government Action and MDL Action, with each action a "Pending Case."

n. "Plaintiffs" refers to the Government Plaintiffs and the MDL Plaintiffs.

o. "Noticing Party" means a Party issuing a deposition notice, cross-notice, or subpoena or seeking a request for international judicial assistance in obtaining testimony.

2. Counsel for all Parties shall be bound by this Order.

## JURISDICTION

3. The Parties agree that the Middle District of North Carolina will have sole jurisdiction over any dispute under this stipulated Order.

3

## MODIFICATION OF DISCOVERY SCHEDULE

4. Certain deadlines previously established in the Government Action by the Scheduling Order (Dkt. 195) are modified as follows:

| Event | Original Deadline | New Deadline |
|---|---|---|
| Notice Fact Depositions for non-Defendant Witnesses[1] | February 21, 2025 | June 13, 2025[2] |
| Close of Fact Discovery | April 22, 2025 | July 22, 2025 |
| Expert Reports | June 6, 2025 | August 22, 2025 |
| Rebuttal Expert Reports | August 5, 2025 | October 3, 3025 |
| Reply Expert Reports | September 4, 2025 | October 31, 2025 |
| Close of Expert Discovery | October 2, 2025 | November 21, 2025 |
| SJ and *Daubert* | November 18, 2025 | December 19, 2025 |
| SJ and *Daubert* Oppositions | January 23, 2026 | February 20, 2026 |
| SJ and *Daubert* Replies | February 20, 2026 | March 20, 2026 |

5. All currently noticed depositions of Defendant Witnesses shall be completed by April 22, 2025, absent agreement by the Parties.

6. Any deadline to notice fact depositions for non-Defendant or Defendant witnesses shall apply to the initial notice only, and not to subsequent cross-notices, which must be issued within the time previously ordered.

## COORDINATION BETWEEN RULE 30(b)(1) and 30(b)(6) DEPOSITIONS

7. The issuance of a 30(b)(6) notice does not trigger obligations to cross-notice a 30(b)(1) deposition of a witness from the same Non-Party within ten (10) calendar days as set out in Paragraph 10 of the Discovery Coordination Order

---

[1] The deadline for all Parties to notice fact depositions of Defendant Witnesses will remain the same in each of the Pending Cases, February 21, 2025. A Party may, upon a showing of good cause, notice the deposition of a Defendant Witness after this date.

[2] This deadline was not discussed in the Government Action Joint Status Report or during the January 23 conference. However, based on subsequent conversations between all Parties, the Parties believe this extension will advance efficiency and coordination across the Pending Actions and minimize burdens on non-parties.

(Government Action Doc. 222; MDL Action Doc. 136) (the "Coordination Order") and any subsequent agreements regarding coordination. Likewise, the issuance of a 30(b)(1) deposition notice does not trigger the obligation to cross-notice a 30(b)(6) deposition of the relevant Non-Party.

8. If a Non-Party has identified a 30(b)(6) representative that is the same as a noticed 30(b)(1) deponent, the Parties shall conduct those depositions together to the extent practicable, and subject to the consent of the Non-Party witnesses.

9. Where a Non-Party is in receipt of both a Rule 30(b)(1) and Rule 30(b)(6) deposition notice, the same individual will serve as the witness for each, and the Non-Party consents to the Noticing Parties conducting the 30(b)(1) and the 30(b)(6) depositions together, the hourly limitations and divisions of time set forth in Paragraphs 15 and 17 of the Court's July 5, 2024 Coordination Order (Government Action Doc. 222, MDL Action Doc. 136) and any subsequent agreements regarding coordination will apply.

**ATTENDANCE AT DEPOSITIONS BY NON-NOTICING PARTIES**

10. Counsel for a Party may only attend depositions noticed in that Party's Pending Case, unless otherwise described in Paragraph 11 of this Order.

11. Counsel for a Party in one of the Pending Cases shall be entitled to attend a deposition noticed only in the other Pending Case only so long as that Party has either (i) cross-noticed that deposition or (ii) noticed a 30(b)(1) or 30(b)(6) deposition for which the individual 30(b)(1) deponent is the same person as the 30(b)(6) company witness. If the witnesses for the 30(b)(1) and 30(b)(6) depositions are not the same individual,

Counsel for a Party shall be entitled to attend both depositions only so long as either (i) both depositions have been noticed in that Party's Pending Case or (ii) that Party has cross-noticed both depositions.

## DEPOSITION TIME ALLOTTED FOR NON-NOTICING PARTIES

12. If any of Government Plaintiffs, MDL Plaintiffs, or Defendants is properly present at a Non-Party deposition in that Party's Pending case, consistent with the limitations set forth in Paragraph 12 of the Coordination Order, Paragraphs 10 and 11 of this Order, and any subsequent agreements regarding coordination, but any such Party has not noticed the deposition, the non-noticing side shall be entitled to one (1) hour of questioning time taken from the total allotted time of the deposition. In the event that there is additional record time remaining after the non-noticing Party's one (1) hour of questioning time or the Non-Party witness consents, the non-noticing side shall be entitled to up to an additional one (1) hour of questioning time, for a total of up to two (2) hours of questioning time.

**IT IS SO ORDERED.**

This, the 13th day of March, 2025.

_____
Joi Elizabeth Peake
United States Magistrate Judge