# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>    Defendants. | Case No. 1:22-cv-00828-TDS-JEP<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL WRITTEN DISCOVERY RESPONSES FROM SYNGENTA DEFENDANTS**<br><br>**[TEMPORARY PUBLIC REDACTED VERSION]** |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................................... ii
PRELIMINARY STATEMENT .................................................................................................. 1
RELEVANT PROCEDURAL HISTORY .................................................................................... 1
LEGAL STANDARD ................................................................................................................... 4
ARGUMENT ................................................................................................................................. 4
CONCLUSION ............................................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Branch Banking & Trust Co. v. Deutz-Allis Corp.*,
    120 F.R.D. 655 (E.D.N.C. 1988) ................................................................................ 4

*FTC v. Syngenta Crop Protection AG*,
    711 F. Supp. 3d 545 (M.D.N.C. 2024) ........................................................................ 5

*FTC v. Sysco Corp.*,
    113 F. Supp. 3d 1 (D.D.C. 2015) ................................................................................ 6

*FTC v. Tapestry, Inc.*,
    755 F. Supp. 3d 386 (S.D.N.Y. 2024) ........................................................................ 6

*Marchand v. Mercy Med. Ctr.*,
    22 F.3d 933 (9th Cir. 1994) ..................................................................................... 4, 7

*Sequa Corp. v. Gelmin*,
    No. 91-cv-8675, 1993 WL 350029 (S.D.N.Y. 1993) ................................................. 4

*United States v. Dentsply Int'l, Inc.*,
    399 F.3d 181 (3d Cir. 2005) ....................................................................................... 5

*United States v. Google LLC*,
    747 F. Supp. 3d 1 (D.D.C. 2024) ................................................................................ 6

*United States v. H & R Block, Inc.*,
    833 F. Supp. 2d 36 (D.D.C. 2011) .............................................................................. 6

*United States v. Microsoft Corp.*,
    253 F.3d 34 (D.C. Cir. 2001) ..................................................................................... 5

**Rules**

Fed. R. Civ. P. 36(a)(1)(A) ................................................................................................ 4, 5

Fed. R. Civ. P. 36(a)(4) ......................................................................................................... 4

Fed. R. Civ. P. 36, advisory committee's note (1970) ..................................................... 4, 5

## PRELIMINARY STATEMENT

The requests for admission at issue in this motion concern important facts that should be undisputed. Syngenta documents show and multiple witnesses have confirmed that Syngenta regularly calculates its U.S. molecule (i.e., active ingredient) market shares and that year after year those shares exceed ▮ for each of azoxystrobin, mesotrione, and metolachlor—the active ingredients at the core of Plaintiffs' case. Syngenta's calculations of those market shares are important circumstantial evidence of Syngenta's power to exclude competing manufacturers of azoxystrobin, mesotrione, and metolachlor products from the market. Yet even though it is not truly controversial whether Syngenta has in fact performed those calculations, Syngenta makes various improper objections to admitting that it has performed a single one.

Syngenta's evasiveness is improper. This Court should grant Plaintiffs' motion to compel and order Syngenta to answer Plaintiffs' requests for admission.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs served written discovery requests on January 21, 2025. As is relevant here, those requests include the following requests for admission:

- **Request for Admission No. 15**: "Admit that for each fiscal year from 2017-2024 Syngenta calculated that it possessed a molecule market share that exceeded ▮ for azoxystrobin."

- **Request for Admission No. 16**: "Admit that for each fiscal year from 2017-2024 Syngenta calculated that it possessed a molecule market share that exceeded ▮ for mesotrione."

- **Request for Admission No. 17**: "Admit that for each fiscal year from 2017-2024 Syngenta calculated that it possessed a molecule market share that exceeded ▮ for metolachlor."

Ex. A (Plaintiffs' First Set of Requests for Admission).

At Syngenta's request, Plaintiffs extended the deadline to serve substantive responses from February 20 to March 24. In the meantime, the parties discussed the requests during a March 3 teleconference and by letter correspondence. Plaintiffs explained that Request Nos. 15–17 concern Syngenta's calculations in the ordinary course of business of its market shares in the three active ingredients at issue. At Syngenta's request, Plaintiffs also referred Syngenta to an example of a Syngenta document that references molecule shares. *See* Ex. B (March 11 Letter to Syngenta) at 4.

On March 24, Syngenta served substantive responses to some requests but objected to responding to many others, including the three requests at issue in this motion:

- **Response to Request for Admission No. 15:** "Syngenta objects to this Request as vague and ambiguous, particularly as to the term 'molecule market share,' which is susceptible to multiple meanings and not a term ordinarily used on a regular basis by Syngenta. Syngenta further objects to this Request to the extent it implies that the term 'molecule market share' has any bearing on the relevant market in this Action. Syngenta further objects to this Request to the extent it calls for information that may be the subject of expert opinion and testimony. Syngenta further objects to this Request to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen.

    On the basis of the foregoing General and Specific Objections, Syngenta denies this Request."

- **Response to Request for Admission No. 16:** "Syngenta objects to this Request as vague and ambiguous, particularly as to the term 'molecule market share,' which is susceptible to multiple meanings. Syngenta further objects to this Request to the extent it calls for information that may be the subject of expert opinion and testimony. Syngenta further objects to this Request to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen.

  On the basis of the foregoing General and Specific Objections, Syngenta denies this Request."

- **Response to Request for Admission No. 17:** "Syngenta objects to this Request as vague and ambiguous as to the term 'molecule market share,' which is susceptible to multiple meanings. Syngenta further objects to this Request to the extent it is argumentative, contains inaccurate descriptions, lacks foundation, or assumes the existence of facts not in evidence or that are incorrect or the occurrence of events that did not happen.

  On the basis of the foregoing General and Specific Objections, Syngenta denies this Request."

Ex. C (March 24 Responses & Objections); *see also* Ex. D (Plaintiffs' April 4 Response).

Syngenta later clarified that it is refusing to respond to Request Nos. 15–17 on the bases of "vagueness and lack of relevance[.]" *See* Ex. E (May 2 Letter to Plaintiffs) at 4 (identifying those objections as "the grounds" for Syngenta's "assert[ion] that the RFAs, as drafted, are inappropriate").

The parties negotiated Request Nos. 15–17 via letter correspondence and during a May 9, 2025 teleconference. *See* Ex. D; Ex. E; Doc. 322, Certificate of Personal Consultation. The parties subsequently reached impasse with respect to the three requests at issue in this motion. *See* Ex. F (Emails re: "Government Plaintiffs' First Set of RFAs & ROGs to Syngenta").

3

## LEGAL STANDARD

Requests for admission "serve[ ] two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36, advisory committee's note (1970); *see Sequa Corp. v. Gelmin*, No. 91-cv-8675, 1993 WL 350029, at *1 (S.D.N.Y. 1993) (similar). To those ends, Rule 36 permits a party to seek admissions from another party about the truth of anything within the scope of discovery "relating to . . . facts, the application of law to facts, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1)(A); *see Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 658 (E.D.N.C. 1988) (similar).

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4); *see Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994) (similar).

## ARGUMENT

Syngenta concedes that its molecule market shares in azoxystrobin, mesotrione, and metolachlor are important evidence in this case. *See* Ex. E at 4 (contending that this is "a case squarely about market share"). Those market shares are important circumstantial evidence of Syngenta's market power over products containing those

4

active ingredients. *See FTC v. Syngenta Crop Protection AG*, 711 F. Supp. 3d 545, 563 (M.D.N.C. 2024) ("[C]ourts turn to circumstantial evidence — such as a company's share of the market — to determine whether monopoly power exists." (citing *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181, 187 (3d Cir. 2005); *United States v. Microsoft Corp.*, 253 F.3d 34, 51 (D.C. Cir. 2001))).

Although Syngenta's calculations in the ordinary course of business of its molecule market shares are significant and highly relevant, there need not be a dispute over whether Syngenta performed those calculations. Syngenta cannot in good faith dispute the fact that, in the ordinary course of business, it calculated molecule market shares. Whether Syngenta has calculated its molecule market shares as exceeding ▮ is purely a question of fact—and one that can be and has been answered by Syngenta's own documents and executives. *See, e.g.*, Ex. G at CX2134-006 (Syngenta ▮ ▮ in azoxystrobin); Ex. H at CX2732-002 (Syngenta ▮ mesotrione ▮ in 2023); Ex. I at 95 (executive's estimate of "Syngenta's molecular share of s-metolachlor at present" at ▮). Syngenta can and should admit to those calculations, and it can do so without prejudice to its ability to challenge the evidentiary weight of those calculations. *See* Fed. R. Civ. P. 36(a)(1)(A) (request for admission may probe the truth of "facts"); Fed. R. Civ. P. 36, advisory committee's note (1970) (responses to request for admission should "narrow the issues by eliminating those that can be").

5

Syngenta objects to admitting having performed the calculations at issue on the grounds of relevance and vagueness. *See* Ex. E at 4. Both objections fail. As noted above, Syngenta cannot rely on relevance objections because it in fact concedes the calculations' relevance in its objections. While insisting that it "see[s] no basis to admit [Plaintiffs'] requests" about molecule market share, Syngenta emphasizes that this is "a case squarely about market share." *Id.*

Moreover, case after case confirms that a defendant's calculations in the ordinary course of business of its own market shares are relevant in an antitrust case. In *United States v. Google LLC*, 747 F. Supp. 3d 1 (D.D.C. 2024), the court relied on the defendant's "internal . . . documents" that "tracked its 'market share'" in defining the relevant product market. *Id.* at 113. In *United States v. H & R Block, Inc.*, 833 F. Supp. 2d 36 (D.D.C. 2011), the court likewise defined the relevant product market by relying on the defendant's "ordinary course of business" calculations of its and its competitor's "market share[.]" *Id.* at 52–54. Still more courts have used ordinary course market share calculations for similar purposes. *See, e.g.*, *FTC v. Tapestry, Inc.*, 755 F. Supp. 3d 386, 433–35 & n.18 (S.D.N.Y. 2024) ("ordinary-course documents" regarding defendant-competitors' "sales trends"); *FTC v. Sysco Corp.*, 113 F. Supp. 3d 1, 41 (D.D.C. 2015) ("ordinary course documents" regarding defendant's "market size").

Syngenta objects to the requests' reference to molecule "market share" as vague based on its claim that it does not "regularly" refer to that concept as a "market share" in the ordinary course of business. Ex. E at 4. Syngenta documents suggest the opposite.

6

*See, e.g.*, Ex. G at CX2134-006 (Syngenta ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in azoxystrobin); Ex. J at CX2797-003 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). In light of that, Syngenta cannot justifiably claim confusion over the kinds of share calculations referred to by the requests. Indeed, Syngenta's senior business executives have had no trouble understanding questions about molecule market shares and have described Syngenta's shares of sales of specific molecules as market shares. *See, e.g.*, Ex. K at 87–89 (testimony regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); Ex. L at 46 (describing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

To be sure, Syngenta sometimes refers to the concept of a molecule market share using various synonyms (like "molecule share" or "molecular share"). But Plaintiffs need not laden their requests with each and every permutation of terms that refer to the same concept. Syngenta should not be allowed to evade Plaintiffs' requests by nitpicking over their wording. *See Marchand*, 22 F.3d at 938 ("[P]arties should not seek to evade disclosure by quibbling and objection.").

## CONCLUSION

Plaintiffs' motion to compel should be granted.

Dated: June 10, 2025                    Respectfully submitted,

                                          /s/ Allyson M. Maltas
                                          ALLYSON M. MALTAS
                                          Senior Trial Counsel
                                          Federal Trade Commission
                                          Bureau of Competition
                                          600 Pennsylvania Avenue, NW
                                          Washington, DC 20580
                                          Telephone: (202) 326-3646
                                          Email: amaltas@ftc.gov

                                          KARNA ADAM
                                          JOSEPH R. BAKER
                                          ROBERT Y. CHEN
                                          MICHAEL J. TURNER

                                          *Attorneys for Plaintiff Federal Trade Commission*

| /s/ Nicole S. Gordon | /s/ Aric J. Smith |
|---|---|
| NICOLE S. GORDON | ARIC J. SMITH |
| Deputy Attorney General | CONOR J. MAY |
| Office of the California Attorney General | Assistant Attorneys General |
| 455 Golden Gate Avenue, Suite 11000 | Colorado Department of Law |
| San Francisco, CA 94610 | Office of the Attorney General |
| Telephone: (415) 510-4400 | Ralph L. Carr Judicial Center |
| Email: nicole.gordon@doj.ca.gov | 1300 Broadway, 9th Floor |
|  | Denver, CO 80203 |
| *Attorney for Plaintiff State of California* | Telephone: (720) 508-6000 |
|  | Email: Aric.Smith@coag.gov |
|  |         Conor.May@coag.gov |
|  | *Attorneys for Plaintiff State of Colorado* |

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Justin McCully
JUSTIN MCCULLY
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: Justin.McCully@nebraska.gov

*Attorney for Plaintiff State of Nebraska*

/s/ Christi Foust
CHRISTI FOUST
JESSE MOORE
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 233-9923
Email: christi.foust@atg.in.gov
         jesse.moore@atg.in.gov
         scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
         jason.pleggenkuhle@ag.state.mn.us
         elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorney for Plaintiff State of Tennessee*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General, Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

/s/ Caitlin M. Madden
CAITLIN M. MADDEN
LAURA E. MCFARLANE
Assistant Attorneys General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: maddencm@doj.state.wi.us

*Attorneys for Plaintiff State of Wisconsin*

/s/ Rachel K. Sowray
RACHEL K. SOWRAY
Senior Assistant Attorney General
Antitrust, False Claims, & Privacy Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 689-0249
Email: Rachel.Sowray@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
Austin Kinghorn
Deputy Attorney General for Civil Litigation
WILLIAM SHIEBER
Senior Staff Attorney, Antitrust Division
PAIGE ETHERINGTON
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street, 7th Floor
Austin, TX 78701
Telephone: (512) 463-1710
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words, excluding the exempted portions, as reported by word processing software.

Dated:  June 10, 2025                                  /s/ Allyson M. Maltas

ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov