# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, AND CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO STAY PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS** |

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (together, "Syngenta"), and Corteva, Inc. ("Corteva") (collectively "Defendants") by and through their undersigned attorneys, submit this response to Plaintiff Federal Trade Commission's Motion to Stay Proceedings in Light of Lapse of Appropriations.

On October 1, 2025, the FTC filed a motion seeking to stay this matter on the ground that at the end of the day on September 30, 2025, the continuing resolution that had been funding the FTC expired, and appropriations to the FTC lapsed. The FTC does not, however, seek a full and immediate stay. Instead, the FTC asks that the case be stayed in

its entirety *except for* the Court's deadline of October 3, 2025 for rebuttal expert reports. Defendants do not oppose the FTC's motion for a stay, except that it asks the Court to stay the case *in full* (if a stay of any kind is going to be granted), including as to the October 3 expert rebuttal report deadline. The basis for this request is simple and straightforward: a one-sided stay that would permit the Plaintiffs' experts additional time to prepare their reply reports (currently due on October 31) is unfairly prejudicial to Defendants. That is true notwithstanding that the FTC will be unable to work on the case, since neither the Plaintiff States nor their experts are barred from reviewing the reports and planning responses. Notably, Plaintiff States (who are not impacted by the lapse in appropriations) have their own expert opining on alleged monetary remedies. The requested stay that exempts only the October 3 deadline would enable Plaintiffs to gain an advantage from the case disruption that the FTC's lack of funding would be causing.

Plaintiffs will argue that staying the October 3 deadline will allow Defendants' experts additional time to work on their rebuttal reports, thus prejudicing Plaintiffs. But the present situation has been caused by a party on the Plaintiffs' side; any prejudice that results from the situation created by the FTC must be borne by Plaintiffs, not Defendants.

To Defendants' knowledge, Courts facing this same situation have either granted stays in full or denied them; Defendants are not aware of any instances of courts staying cases except as to an upcoming deadline that principally impacts the defendants. *See, e.g.*, General Order 25-04 (S.D.Ohio October 1, 2025) (holding in abeyance all civil matters involving the United States as a party); Order in re: Government Shutdown (E.D.Pa

2

October 1, 2025) (stating expectation "all civil litigation in which the United States, its agencies and/or employees are parties to proceed without delay.").

For these reasons, Defendants request that if the Court grants the FTC's request for a stay that it grant a stay in full, including staying the October 3 deadline for rebuttal expert reports.

Respectfully submitted this 1st day of October

| /s/ *Mark A. Anderson* | /s/ *Patrick M. Kane* |
|---|---|
| **MCGUIREWOODS LLP** | **FOX ROTHSCHILD LLP** |
| Mark E. Anderson (NC Bar No. 15764) | Patrick M. Kane (NC Bar No. 36861) |
| Armina A. Manning (NC Bar No. 60436) | pkane@foxrothschild.com |
| manderson@mcguirewoods.com | 230 N. Elm Street, Suite 1200 |
| aamanning@mcguirewoods.com | PO Box 21927 (27420) |
| 501 Fayetteville Street, Suite 500 | Greensboro, North Carolina 27401 |
| Raleigh, North Carolina 27601 | Telephone: (336) 378-5200 |
| Telephone: (919) 755-6600 | Facsimile: (336) 378-5400 |
| Fax: (919) 755-6699 | |
| | |
| **CRAVATH, SWAINE & MOORE LLP** | **DAVIS POLK & WARDWELL LLP** |
| Wes Earnhardt * | Charles S. Duggan * |
| Jesse Weiss * | charles.duggan@davispolk.com |
| Margaret T. Segall * | James I. McClammy * |
| Two Manhattan West | james.mcclammy@davispolk.com |
| 375 Ninth Ave | Alison B. Miller * |
| New York, New York 10001 | alison.miller@davispolk.com |
| Telephone: (212) 474-1000 | Daniel J. Thomson * |
| wearnhardt@cravath.com | daniel.thomson@davispolk.com |
| jweiss@cravath.com | 450 Lexington Avenue |
| msegall@cravath.com | New York, New York 10017 |
| | Telephone: (212) 450-4292 |
| | Facsimile: (212) 701-5292 |

3

| | |
|---|---|
| **BALLARD SPAHR LLP**<br>Jason A. Leckerman *<br>Emilia McKee Vassallo *<br>Thomas W. Hazlett *<br>Elizabeth P. Weissert *<br>1735 Market Street, 51st Floor<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 665-8500<br>LeckermanJ@ballardspahr.com<br>McKeeVassalloE@ballardspahr.com<br>HazlettT@ballardspahr.com<br>WeissertE@ballardspahr.com<br><br>*Attorneys for Defendant Corteva, Inc.* | **DAVIS POLK & WARDWELL LLP**<br>Benjamin M. Miller *<br>benjamin.miller@davispolk.com<br>1050 17th Street, NW<br>Washington, District of Columbia 20036<br>Telephone: (202) 962-7133<br>Facsimile: (202) 962-7196<br><br>*Attorneys for Defendants*<br>*Syngenta Crop Protection AG,*<br>*Syngenta Corporation, and*<br>*Syngenta Crop Protection, LLC*<br><br>* *Specially appearing under L.R. 83.1(d)* |

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words, excluding the exempted portions, as reported by word processing software.

Dated: October 1, 2025

Respectfully submitted,

*/s/ Patrick M. Kane*
Patrick M. Kane

5

Case 1:22-cv-00828-TDS-JEP   Document 346   Filed 10/01/25   Page 5 of 5