UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, AND CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP <br><br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS** |

Plaintiff Federal Trade Commission ("FTC") submits this reply in support of its motion to stay proceedings and deadlines in this action during the present United States government lapse of appropriations (Doc. 345) (the "Motion") and to correct certain fundamental misstatements in Defendants' Response to the Motion (Doc. 346).

Defendants' claim that granting the Motion would result in a "one-sided stay" that would unfairly prejudice Defendants is factually incorrect. The FTC proposes that *all parties* serve all rebuttal expert reports due on October 3 and that the Court stay all other deadlines applicable to *all parties*. Both the stay requested by the FTC and the single

proposed exception to that stay apply to all parties equally—nothing applies only to Defendants as they claim.

Nor does the FTC's proposal unduly prejudice Defendants. Defendants claim that the stay described in the Motion would provide "Plaintiffs' experts additional time to prepare their reply reports" and "Plaintiffs to gain an advantage from the case disruption that the FTC's lack of funding would be causing." But that is wrong. The FTC cannot take advantage of the extra time because neither FTC attorneys, nor outside experts and consultants retained or funded by the FTC, would be permitted to work on this case so as to not obligate federal funds.[1] In fact, Defendants would benefit under Plaintiffs proposal because they could potentially receive more time to work on reply reports. Indeed, Plaintiffs' proposal was made in an effort to find the most equitable solution under the circumstances and does not prejudice Defendants in any way.

Conversely, under Defendants' proposal, the FTC would be unduly prejudiced. Defendants and their attorneys and consultants could continue to work on their rebuttal reports, which would otherwise be due in two days, for an indefinite period of time. At the same time, FTC attorneys and their consultants would be prohibited by law from working further on the FTC's rebuttal report(s). Defendants' proposal—receiving additional time to respond to Plaintiffs' experts on key liability and damages issues— would thus result in a substantial (and unfair) windfall.

---

[1] Defendants' assertion that any prejudice to Plaintiffs is justified because the expiration of the continuing resolution was "caused" by the FTC is clearly misguided. The FTC is required by law to file the motion to stay, and to cease activity on the case if and when the motion is granted.

Plaintiffs' proposal is also the most efficient. The October 3, 2025, deadline for Plaintiffs' and Defendants' rebuttal expert reports is imminent, with reports due in just over 48 hours. All parties should be nearly finished with their submissions, and the FTC has undertaken to meet that deadline even if required to stop work by entry of a stay—in other words, the FTC has completed its report(s) early. Serving the reports as scheduled will allow the Court and the Parties to preserve case progress to date as of the time of interruption without unduly advantaging or prejudicing any party.

Finally, Defendants assert that courts facing this situation have either "granted stays in full or denied them." But at least one court has entered a stay that extends only the Government's deadlines. *See, e.g.* Standing Order No. 25-55 (JEB) (D.D.C. Oct. 1, 2025) (providing that "all filing and discovery deadlines imposed on the United States, any of its federal agencies, and any of its officers or employees, shall be extended by the number of days equal to the length (in days) of the lapse of appropriations" plus additional days, as required, but not staying non-government party deadlines), *available at* https://www.dcd.uscourts.gov/sites/dcd/files/Executive%20Order%2025-55.pdf. This Court is also not constrained to an "all or nothing" stay as Defendants claim and can enter an appropriately tailored order.

A stay of all proceedings and deadlines in this action, with the exception of the October 3 expert rebuttal report deadline, is the most equitable for all the parties in light of the current upcoming case deadlines. The FTC respectfully requests that the Court grant its motion.

Dated: October 1, 2025             Respectfully submitted,

   */s/ Allyson M. Maltas*
ALLYSON M. MALTAS
Attorney
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

JOSEPH R. BAKER
WESLEY G. CARSON
ELIZABETH A. GILLEN
MICHAEL J. TURNER

*Attorneys for Plaintiff Federal Trade Commission*