# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, | |
| Plaintiffs, | |
| v. | |
| SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., | |
| Defendants. | |

Case No. 1:22-cv-00828-TDS-JEP

**SYNGENTA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Under Rule 56 of the Federal Rules of Civil Procedure and this Court's Local Rule 56,1, Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively the "Syngenta Defendants") move for summary judgment in this matter. In support of this Motion, the Syngenta Defendants state the following:

1. On September 29, 2022, the Federal Trade Commission and ten states filed a complaint in this action (the "Complaint"). (D.E. 1).

2. The Complaint asserted fourteen counts against the Syngenta Defendants: violations of Section 5 of the FTC Act (Count I), Section 3 of the Clayton Act (Count II), Sections 1 and 2 of the Sherman Act (Counts III and IV), and state antitrust and/or consumer protection laws of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Texas, and Wisconsin (Counts V-XIV).

3. On December 12, 2022, the Syngenta Defendants moved to dismiss the Complaint under Rule 12(b)(6). (D.E. 64).

4. On December 23, 2022, the Federal Trade Commission and twelve states (collectively, "Plaintiffs") filed an amended complaint in this action (the "Amended Complaint"). (D.E. 79; D.E. 81). The Amended Complaint reasserted the fourteen counts of the Complaint (as amended, Counts I-XII, XIV, and XVI) and added two counts under the state antitrust laws of Tennessee and Washington (Counts XIII and XV, respectively).

5. On January 12, 2024, the Court denied the Syngenta Defendants' motion to dismiss and allowed Plaintiffs to seek discovery in support of their Amended Complaint allegations. (D.E. 160).

6. Fact discovery and expert discovery proceeded. In discovery coordinated with two other actions, the Syngenta Defendants produced 1.5 million

2

documents and the parties collectively deposed 82 party, third-party, and expert witnesses, along with additional discovery including document productions from Plaintiffs and third-parties.

7. Discovery is now closed, and Plaintiffs do not have evidence that can support any of their claims against the Syngenta Defendants. There are no genuine issues of material fact and the Syngenta Defendants are entitled to summary judgment as a matter of law.

8. Summary judgment in favor of the Syngenta Defendants is appropriate on several grounds.

9. Plaintiffs' federal antitrust claims attacking Syngenta Crop Protection LLC's Key AI loyalty rebate program must be analyzed under the price-cost test, because discovery has conclusively shown that price is the predominant, if not only, mechanism of exclusion. And under the price-cost test, Plaintiffs' federal antitrust claims fail because there is no allegation, much less evidence, that Syngenta Crop Protection, LLC prices "below cost." The Syngenta Defendants are thus entitled to summary judgment on Plaintiffs' federal antitrust claims.

10. The Court need not go any further than the price-cost test to grant summary judgment to the Syngenta Defendants on Plaintiffs' federal antitrust claims. But regardless, those claims also fail against the Syngenta Defendants under a full rule of reason analysis. Plaintiffs

3

Single-AI relevant product markets are too narrow as a matter of law, and Plaintiffs cannot, as a matter of law, show harm to competition.

11. The Syngenta Defendants are also entitled to summary judgment on Plaintiffs' state law claims.

12. The State Plaintiffs' state antitrust claims fail for the same reasons that Plaintiffs' federal antitrust claims fail.

13. The consumer protection claims brought by California, Indiana, and Iowa fail because Plaintiffs cannot show any evidence that would create a genuine issue of material fact with respect to those claims.

14. Finally, the Court should dismiss all of Plaintiffs' claims against Syngenta Crop Protection AG and Syngenta Corporation as a matter of law because there is no evidence that either entity has any involvement in, much less control over, the Key AI program that is administered solely by Syngenta Crop Protection, LLC.

For these reasons and those in the Syngenta Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, the Syngenta Defendants request that the Court grant their Motion for Summary Judgment and dismiss Plaintiffs' claims against them with prejudice.

4

This the 19th day of December 2025.

*s/Patrick M. Kane*

Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
Sean T. Placey
N.C. Bar No. 56683
splacey@foxrothschild.com

FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC  27401
Telephone:  336.378.5200
Facsimile:  336.378.5400

Charles S. Duggan*
charles.duggan@davispolk.com
James I. McClammy*
james.mcclammy@davispolk.com
Michael Scheinkman*
michael.scheinkman@davispolk.com
David B. Toscano*
david.toscano@davispolk.com
Alison B. Miller*
alison.miller@davispolk.com
Daniel J. Thomson*
daniel.thomson@davispolk.com

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue New York, NY
10017 Telephone: (212) 450-4292
Facsimile: (212) 701-5292

5

Jesse Solomon*
jesse.solomon@davispolk.com
Benjamin M. Miller*
benjamin.miller@davispolk.com

DAVIS POLK & WARDWELL LLP
1050 17th Street, NW
Washington, DC 20036
Telephone: (202) 962-7133

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop
Protection AG, Syngenta Corporation, and
Syngenta Crop Protection, LLC*

6

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, I caused to be served upon counsel of record for Plaintiffs via email the Syngenta Defendants' Motion for Summary Judgment.

*s/ Patrick M. Kane*
Patrick M. Kane (NC Bar No. 36861)

7