| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>  v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>    Defendants. | Case No. 1:22-cv-00828-TDS-JEP<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO SET A TRIAL DATE** |

In accordance with the guidance provided by the Court at the parties' October 3, 2025 status conference, and pursuant to Local Rule 40.1, Plaintiffs Federal Trade Commission and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin, acting by and through their respective Attorneys General, respectfully move this Court for an order setting a trial with a limit of 80 hours in October 2026 or at another time convenient to the Court on Judge Thomas D. Schroeder's trial calendar.

This case was filed on September 29, 2022. Since then, the parties have diligently moved this case toward resolution. Following the submission of an Amended Complaint and the Court's denial of Defendants' Motions to Dismiss, the parties proceeded into discovery. Discovery closed on December 5, 2025. Doc. 356. Rule 56 summary judgment and *Daubert* motions will be fully briefed by March 20, 2026. Doc. 312-1 at 4. And the parties' dispute will be mediated by April 30, 2026. Oct. 3, 2025 Minute Entry & Order.

No trial date has been set in this case. When Plaintiffs broached the issue of a trial date with Defendants Syngenta and Corteva in September 2025, Defendants informed Plaintiffs of their position that a trial date should not be set until the Court issues decisions on motions for summary judgment. *See* Doc. 344 (October 1, 2025 Joint Status Report) at 2–4 (describing parties' positions).

This Court (Judge Peake presiding) addressed the parties' disagreement at the status conference of October 3, 2025, and suggested that Plaintiffs file a motion for a trial

date. *See* Doc. 354 (Hearing Tr.) at 25–27. Plaintiffs are filing this motion in accordance with that guidance.

## ARGUMENT

A trial with a limit of 80 hours (16 five-hour days) is reasonable in light of the complexity of this case and the likely number of party, third-party, and expert witnesses.[1] This case implicates multiple levels of the sale and distribution of crop protection products, and consistent with its complexity, the parties have taken depositions of 52 fact witnesses. Plaintiffs expect that the parties will call at trial multiple current and former employee witnesses from each Defendant, as well as witnesses representing other manufacturers and the Defendants' distributor customers. The parties have also retained between them nine expert witnesses who have authored expert reports.

There is substantial overlap in evidence applicable to both Defendants—for example, testimony of distributors that participate in both Defendants' loyalty programs, and of generic manufacturers that are excluded by both Defendants' loyalty programs. And, witnesses from both Syngenta and Corteva will be called to testify about the Defendants' unlawful agreements with each other. But the efficiencies created by the evidence applicable to both Defendants does not change the fact that Plaintiffs have alleged and will seek to prove violations on the part of both Syngenta and Corteva. A trial

---

[1] Plaintiffs sought Defendants' position with respect to the trial start date and time limit. Syngenta Defendants stated that "Syngenta will provide the Court with its position in response to [Plaintiffs'] motion." As of the time of this filing, Corteva has not provided its position.

2

of 80 hours would permit both Plaintiffs and Defendants to take testimony from a reasonable number of witnesses relevant to the issues in this case.

A trial of 80 hours (16 five-hour days) is also within the range of trial time allotted by courts in similar cases, taking into account the presence of two Defendants along with the overlapping third party witnesses. One recent monopolization case (the liability phase of the Google Search case) lasted 42 days while other cases have ranged from 15 to 24 days.

| *Case(s)* | *Type* | *Trial Time* |
|---|---|---|
| *Epic Games, Inc. v. Google LLC*, No. 20-cv-5671 (N.D. Cal.) | Jury trial of private action for monetary relief | 15 days |
| *Epic Games, Inc. v. Apple Inc.*, No. 20-cv-5640 (N.D. Cal.) | Bench trial of private action for injunctive and monetary relief | 16 days |
| *United States v. Google LLC*, No. 23-cv-108 (E.D. Va.) ("Google Ad Tech") | Bench trial of government action for injunctive relief | 16 days |
| *FTC v. AbbVie Inc.*, No. 14-cv-5151 (E.D. Pa.) | Bench trial of government action for injunctive and monetary relief | 16 days |
| *FTC v. Meta Platforms, Inc.*, No. 20-cv-3590 (D.D.C.) | Bench trial of government action for injunctive relief | 25 days |
| *United States v. Google LLC*, No. 20-cv-3010 (D.D.C.) & *Colorado v. Google LLC*, No. 20-cv-3715 (D.D.C.) ("Google Search") | Bench trial of government action for injunctive relief | 42 days (liability only) |

This is an appropriate time to set the trial date for this case. As this Court recently noted, "this case has been pending for over three years." Oct. 17, 2025 Minute Order. It

3

will have been pending for four years by the time of Plaintiffs' requested October 2026 trial date. There is a significant public interest in the timely resolution of government actions. *See United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) ("[C]lear public policy" favors the "prompt resolution of Government antitrust claims to provide expeditious relief to the public[.]"); *FTC v. Vyera Pharms., LLC*, No. 20-cv-00706 (DLC), 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021) ("The parties and the public have a significant interest in resolving the issues raised by the [government] plaintiffs' claims with due expedition."). Setting a trial date now will serve the public interest by promoting the continued progress of this case toward resolution.

## CONCLUSION

Plaintiffs' motion to set a trial date should be granted.

Dated: December 23, 2025            Respectfully submitted,

   /s/ Allyson M. Maltas
ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

JOSEPH R. BAKER
WESLEY G. CARSON
ELIZABETH A. GILLEN
MICHAEL J. TURNER

*Attorneys for Plaintiff Federal Trade Commission*


/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Aric J. Smith
ARIC J. SMITH
CONOR J. MAY
Assistant Attorneys General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 9th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Aric.Smith@coag.gov
       Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

ALEX KAPLAN
RYAN CAUGHEY
ADAM CARLIS
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Email: akaplan@susmangodfrey.com
          rcaughey@susmangodfrey.com
          acarlis@susmangodfrey.com

BETSY ARONSON
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
Email: baronson@susmangodfrey.com

*Attorney for Plaintiff State of Illinois*

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Jennifer Linsey
JENNIFER LINSEY
CHRISTI FOUST
JESSE MOORE
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (463) 261-7401
Email: Jennifer.linsey@atg.in.gov
          christi.foust@atg.in.gov
          jesse.moore@atg.in.gov
          scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
          jason.pleggenkuhle@ag.state.mn.us
          elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Justin McCully
JUSTIN MCCULLY
Office of the Attorney General of Nebraska
1445 K St. Room 2115
Lincoln, NE 68508
Telephone: (402) 471-9305
Email: Justin.McCully@nebraska.gov

ALEX KAPLAN
RYAN CAUGHEY
ADAM CARLIS
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Email: akaplan@susmangodfrey.com
       rcaughey@susmangodfrey.com
       acarlis@susmangodfrey.com

BETSY ARONSON
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
Email: baronson@susmangodfrey.com

*Attorneys for Plaintiff State of Nebraska*

/s/ Rachel K. Sowray
RACHEL K. SOWRAY
Senior Assistant Attorney General
Antitrust, False Claims, & Privacy Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 689-0249
Email: Rachel.Sowray@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
Austin Kinghorn
Deputy Attorney General for Civil Litigation
WILLIAM SHIEBER
Senior Staff Attorney, Antitrust Division
PAIGE ETHERINGTON
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street, 7th Floor
Austin, TX 78701
Telephone: (512) 463-1710
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of
Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State
of Washington*

/s/ Caitlin M. Madden
CAITLIN M. MADDEN
LAURA E. MCFARLANE
Assistant Attorneys General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

# CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words, excluding the exempted portions, as reported by word processing software.

Dated: December 23, 2025  /s/ Allyson M. Maltas

ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov