# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | Case No. 1:22-cv-00828-TDS-JEP<br><br>**DEFENDANT CORTEVA INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO SET A TRIAL DATE** |

Corteva respectfully requests that the Court deny Plaintiffs' motion to set a trial date. Setting a trial date now would be premature. Corteva has moved for summary judgment on all of Plaintiffs' claims, and also has moved to exclude both of Plaintiffs' experts under Rule 702. Corteva believes those motions will resolve all claims against it. At a minimum, how the Court decides those motions will inform what issues, if any, are left to be tried. Thus, Corteva respectfully suggests that the Court determine whether, when, and how this action will be tried only after deciding Corteva's summary judgment and Rule 702 motions.

In addition, the trial date proposed by Plaintiffs would be highly prejudicial to Corteva. In the related MDL Action, expert depositions are scheduled to occur in

September 2026, and summary judgment and Rule 702 motions are due on October 15, 2026. (See In re: Crop Protection Products Loyalty Program Antitrust Litigation, No. 23-MD-3062-TDS-JEP ("MDL Action"), (ECF No. 260).) Thus, setting an October 2026 trial date would require Corteva simultaneously to conduct expert discovery and brief dispositive motions in the MDL Action, while also preparing for and conducting a complicated trial of this action, severely prejudicing Corteva's defense of both actions. Plaintiffs here and in the MDL Action would face no such competing demands, giving both sets of plaintiffs an unfair advantage over Corteva. Plaintiffs point to no exigencies justifying such a one-sided and prejudicial schedule. Rather, the parties should meet and confer in good faith promptly after resolution of Corteva's pending summary judgment and Rule 702 motions to discuss a trial date.

Finally, Plaintiffs' claims against Corteva must be tried separately from Plaintiffs' claims against Syngenta. Corteva and Syngenta are two entirely separate companies, with different loyalty programs, different products, different customers, different documents, different fact and expert witnesses, and, ultimately, different defenses. Having a single trial against both companies would severely prejudice Corteva.

**ARGUMENT**

Plaintiffs' motion to set a single trial of 80 hours during October 2026 should be denied for at least the following reasons:

First, setting a trial date now would be premature. Corteva has moved for summary judgment on all of Plaintiffs' claims (ECF No. 378), and has moved to exclude both Plaintiffs' merits and damages experts (ECF Nos. 374, 376). Those motions will be fully

2

Case 1:22-cv-00828-TDS-JEP    Document 403    Filed 01/13/26    Page 2 of 10

briefed on March 20, 2026. (ECF No. 315.) The Court should resolve those pending motions before setting the date, length, and parameters of any trial.

Corteva's summary judgment motion, we submit, should obviate the need ever to set a trial schedule—because all claims should be dismissed. At a minimum, the Court's forthcoming rulings on Corteva's summary judgment and Rule 702 motions could narrow issues, claims, parties, or witnesses—and almost certainly will bring clarity to each of those subjects—all of which will materially impact the structure, duration, and presentation of any trial.

Judicial economy favors determining an appropriate trial date and trial structure only after first determining what it is that will be tried. On the one hand, it would be wasteful for the parties to prepare for a full trial on each of Plaintiffs' claims—which the parties would be forced to do were the Court to set a trial date of October 2026 before deciding Corteva's motions—only to learn, after undertaking that work and expense, that some or all of those claims have been dismissed. On the other hand, Plaintiffs do not identify any prejudice to them or their claims that would result from waiting to set a trial date until the parties and the Court have clarity as to what it is that will be tried. For those reasons, the Court should determine the timing and length of a trial, if one is needed, after deciding the pending motions. See, e.g., In re Copaxone Antitrust Litig., No. 2:21-cv-13087, 2024 WL 5203037, at *2 (D.N.J. Nov. 25, 2024), report and recommendation adopted sub nom. Mylan Pharms. Inc. v. Teva Pharms. Indus. Ltd., No. 22-1232, 2024 WL 5202484 (D.N.J. Dec. 19, 2024) (declining to set a trial date while dispositive and Daubert motions were pending); Shurtape Techs., LLC v. 3M Co., No. 5:11-cv-17, 2013 WL

3

789984, at *2 n.4 (W.D.N.C. Mar. 4, 2013) (waiting to set trial date for "trial-ready" action until resolution of dispositive and Daubert motions); McCornack v. Actavis Totowa, LLC., No. 2:09-cv-00671, 2011 WL 3047735, at *4 (S.D.W. Va. July 25, 2011) (same); cf. Evans v. Deacon, No. 3:11-cv-00272, 2021 WL 1204132, at *3 (D.Or. Mar. 30, 2021) (waiting to determine trial date until dispositive motions in related cases had been decided).

Second, Plaintiffs' proposed trial date of October 2026 is unreasonable and unfair. Corteva is defending the parallel MDL Action in this Court. Final expert reports are due in that action on August 31, 2026, and expert discovery closes there on October 1, 2026 (MDL Action (ECF No. 260)), meaning that expert depositions in the MDL Action will occur during September 2026. Summary judgment and Rule 702 motions are due shortly thereafter, on October 15, 2026. (Id.) So, under Plaintiffs' proposed schedule, in the month before the trial of this highly complicated and critically important action, Corteva would be forced to (i) take and defend numerous expert depositions in the MDL Action; while simultaneously (ii) drafting both summary judgment and Rule 702 motions for the MDL Action; while simultaneously (iii) complying with pretrial deadlines in this action (for motions in limine, disclosure of and objections to deposition designations, disclosure of and objections to intended exhibit and witness lists, etc.); while simultaneously (iv) preparing for and conducting the trial of this action. Plaintiffs, on the other hand, would be free to focus on preparing for and conducting the trial of this action, and plaintiffs in the MDL Action would be free to focus on experts and motion practice in the MDL Action. Only Corteva would be forced to litigate on two fronts simultaneously. That would be fundamentally unfair and prejudicial to Corteva. See Smith-Weik Mach. Corp. v.

Murdock Mach. & Eng'g Co., 423 F.2d 842, 844 (5th Cir. 1970) ("[T]he interests in favor of a fair trial heavily outweighed the interests in favor of an immediate trial.").

Plaintiffs' argument that the public interest requires a trial date in October 2026 rings hollow. As Plaintiffs concede, the parties have litigated this case vigorously and expeditiously. There have not been dilatory tactics by either side and both sides diligently have complied with the deadlines set by the Court. Corteva sees no reason why the parties cannot discuss a viable trial date in good faith promptly after resolution of its pending summary judgment and Rule 702 motions. Taking a few more months to conduct an orderly and fair trial (if one is necessary) would prejudice no one. The only interest served by Plaintiffs' proposed schedule is their own interest in gaining an unfair tactical advantage in this litigation. That should not be permitted. Accordingly, if the Court is inclined to set a trial date at this time, trial should commence no sooner than the first quarter of 2027.

Third, Corteva and Syngenta should have separate trials. Plaintiffs chose to sue both Corteva and Syngenta in the same action. That was their choice and the parties have cooperated in conducting discovery in the combined action so as to promote judicial efficiency and to conserve resources.

But there simply is no basis to have a single trial to resolve both the claims against Corteva and the claims against Syngenta. There are no efficiencies to be gained. Rather, both judicial economy and prejudice considerations counsel in favor of separate trials. As demonstrated by Corteva and Syngenta's summary judgment briefs, the claims (and defenses) are not the same. Corteva and Syngenta are entirely separate companies. Their loyalty programs are different in numerous material respects. (Compare ECF No. 379 at

25–31 (describing the nature of Corteva's loyalty offerings), with ECF No. 381 at 20–26 (describing the nature of Syngenta's "Key AI" rebate program).) Corteva's fact and expert witnesses will be different from Syngenta's fact and expert witnesses. Corteva's ordinary course business documents will be different from Syngenta's ordinary course business documents.

This is not a case in which Corteva and Syngenta are alleged to be co-conspirators of an allegedly anticompetitive enterprise; rather, Plaintiffs allege that Corteva and Syngenta separately violated the antitrust laws in superficially similar (but materially different) ways. The only true connection between Corteva and Syngenta is that Plaintiffs chose to sue them (but not other basic manufacturers with similar loyalty programs) together in the same action. But trying Plaintiffs' claims together in the same trial would hopelessly confuse the issues, would prejudice both Corteva and Syngenta, and would waste judicial resources in sorting out a number of complicated evidentiary and logistical issues. For example, a document might be a party admission against Syngenta but hearsay as to Corteva—how would such a document be treated in a joint trial? Put simply, Corteva and Syngenta are each entitled to their own separate defenses, which require separate trials. For all of those reasons, if Plaintiffs will not agree to separate trials, Corteva intends to file a motion to sever the case for purposes of trial.

Plaintiffs' present motion simply assumes that there will be a single trial, and then suggests that it should be scheduled for October 2026. To the contrary, Corteva submits that the claims against it will be resolved on summary judgment and that it will face no trial at all. But even if Plaintiffs' claims against Corteva and Syngenta survive summary

judgment, there should be two trials (not one) and neither trial should be scheduled now. If the Court is inclined to set a trial date now, the trial against Corteva should be set for no earlier than the first quarter of 2027.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to set a trial date and to fix an 80-hour trial length at this time, and should instead address trial timing, structure, and duration after the Court resolves the pending summary judgment and Rule 702 motions.

Respectfully submitted this 13th day of January, 2026,

/s/ Mark E. Anderson
**MCGUIREWOODS LLP**
Mark E. Anderson (NC Bar No. 15764)
Armina A. Manning (NC Bar No. 60436)
manderson@mcguirewoods.com
aamanning@mcguirewoods.com
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Telephone: (919) 755-6600
Fax: (919) 755-6699

**CRAVATH, SWAINE & MOORE LLP**
Wes Earnhardt*
Jesse Weiss*
Margaret T. Segall*
Two Manhattan West
375 Ninth Ave
New York, New York 10001
Telephone: (212) 474-1000
Fax: (212) 474-3700
wearnhardt@cravath.com
jweiss@cravath.com
msegall@cravath.com

**BALLARD SPAHR LLP**
Jason A. Leckerman*
Emilia McKee Vassallo*
Thomas W. Hazlett*
Elizabeth P. Weissert*
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-8500
Fax: (215) 864-8999
LeckermanJ@ballardspahr.com
McKeeVassalloE@ballardspahr.com
HazlettT@ballardspahr.com
WeissertE@ballardspahr.com

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendant Corteva, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2026, I caused to be served upon counsel of record for Plaintiffs via CM/ECR and email Corteva's Memorandum in Opposition to Plaintiffs' Motion to Set a Trial Date.

Dated: January 13, 2026

                                              */s/ Armina A. Manning*
                                              Armina A. Manning

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words, excluding the exempted portions, as reported by word processing software.

Dated: January 13, 2026

                                              */s/ Mark E. Anderson*
                                              Mark E. Anderson