| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF CALIFORNIA,<br>STATE OF COLORADO,<br>STATE OF ILLINOIS,<br>STATE OF INDIANA,<br>STATE OF IOWA,<br>STATE OF MINNESOTA,<br>STATE OF NEBRASKA,<br>STATE OF OREGON,<br>STATE OF TENNESSEE<br>STATE OF TEXAS,<br>STATE OF WASHINGTON,<br>    and<br>STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>SYNGENTA CROP PROTECTION AG,<br>SYNGENTA CORPORATION,<br>SYNGENTA CROP PROTECTION, LLC,<br>    and<br>CORTEVA, INC.,<br><br>    Defendants. | Case No. 1:22-cv-00828-TDS-JEP |

# SYNGENTA DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO SET A TRIAL DATE

## INTRODUCTION

Plaintiffs' Motion to Set a Trial Date (the "Motion") seeks to set an 80-hour trial in this action for October 2026, an impractical date that Plaintiffs have unilaterally chosen without good-faith discussion with Syngenta.[1] Moreover, Plaintiffs' Motion presumes, incorrectly (or at a minimum prematurely), a combined trial against both Syngenta and co-Defendant Corteva. Plaintiffs' Motion should be denied because setting a trial date now is premature, and in any event, Plaintiffs' suggested trial date and structure is unworkable in practice and prejudicial to Syngenta.

First, it is premature to set a trial date and length before resolution of Syngenta's (and Corteva's) pending case-dispositive motion for summary judgment and Syngenta's several motions to exclude each of Plaintiffs' experts. The disposition of Syngenta's summary judgment motion (D.E. 380, 381), *Daubert* motions (D.E. 374, 376), and motion to strike Plaintiffs' expert report (D.E. 358) bear directly on whether a trial is ultimately required and, if so, its scope and length. Further, Syngenta is entitled to a trial separate from Corteva. If Plaintiffs' motion to strike Corteva's jury demand (D.E. 179) is denied and Corteva elects to proceed with a jury trial, there will necessarily be separate trials. But even if both Syngenta and Corteva will have bench trials,

---

[1] The Syngenta Defendants are Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.

Syngenta expects to move for separate trials under Rule 42(b) of the Federal Rules of Civil Procedure. As suggested by the Court at the hearing on February 28, 2025, these issues—which will impact scheduling and length of trial—are most appropriately determined *after* rulings on summary judgment motions so that the scope of any trial may be better understood. *See* Feb. 28, 2025 Hearing Transcript at 20-25, attached hereto as Exhibit A.

Second, Plaintiffs unilaterally selected a trial date that would fall within the most active part (for Syngenta) of the coordinated schedule ordered by this Court in the related MDL Action,[2] as well as the schedule set by the Court in the Arkansas Action.[3] If this action proceeds past summary judgment, an October 2026 trial and the necessary preparations would clash directly with this Court's schedule for expert discovery and briefing on summary judgment and *Daubert* motions in the MDL Action (*see* MDL Action, D.E. 260 (July 18, 2025 Order), attached hereto as Exhibit B), and potentially with Syngenta's deadline to file a motion for summary judgment and *Daubert* motions in the Arkansas Action (*see* Arkansas Action, D.E. 244 (October 15, 2025 Order), attached hereto as Exhibit C). Such a schedule is prejudicial to Syngenta and

---

[2] *In re Crop Protection Products Loyalty Program Antitrust Litigation*, No. 1:23-md-3062-TDS-JEP (M.D.N.C.) ("MDL Action").

[3] *State of Arkansas v. Syngenta Crop Protection AG, et al.*, No. 4:22-cv-1287-BSM (E.D. Ark.) ("Arkansas Action").

2

would impair Syngenta's ability to mount a full defense simultaneously in all three actions.[4] Plaintiffs' Motion provides no compelling reason to impose this substantial burden on Syngenta and unfairly advantage Plaintiffs by setting an October 2026 trial date. Moreover, Plaintiffs' suggestion to set an 80-hour limit on trial in this matter reflects no consideration of whether there will be a single or separate trials for Syngenta and its co-Defendant Corteva, nor do Plaintiffs offer any explanation of how their proposed number of hours would be allocated between the Parties at trial.[5]

Syngenta is willing to meet and confer with Plaintiffs in good faith promptly as needed after resolution of its pending summary judgment motion and expert exclusion motions to discuss a viable trial date. If the Court determines that a trial date should be set prior to resolution of Syngenta's motions, Syngenta respectfully requests a trial date for Plaintiffs' claims against Syngenta in the second quarter of 2027—a trial date in this time period would not be prejudicial to Plaintiffs and will allow Syngenta the necessary time to coordinate and prepare for trial in this highly complex matter with a voluminous record that will involve testimony from a large number of

---

[4] Plaintiffs have no comparable time-intensive obligations in these actions during this time period under the case schedules.

[5] Plaintiffs suggested prior to filing that the Motion would propose 50% of the time for Plaintiffs and 50% of the time for Defendants, but it is silent on that point.

3

witnesses. For the same reason, Syngenta requests, at a minimum, 35 hours of trial time to be able to effectively present its defense.[6]

## ARGUMENT

### I. It Is Premature to Set a Trial Date Before a Decision on Multiple Key Motions

Plaintiffs' proposed trial schedule disregards that the Parties are currently briefing case-dispositive summary judgment motions and *Daubert* motions challenging Plaintiffs' liability and damages experts, which will not be fully briefed until March 20, 2026. Syngenta has also moved to strike Plaintiffs' attempt to inappropriately introduce another expert. Resolution of those motions has the potential to significantly narrow the issues that would be presented at trial, or fully dispose of Plaintiffs' claims against Syngenta and eliminate the need for trial altogether.

Syngenta recognizes that this District sometimes sets trial dates prior to adjudication of summary judgment motions. However, it would be particularly inefficient to do so here when Syngenta's summary judgment motion (D.E. 380, 381) is likely to be successful in full, obviating the need for any trial at all. Waiting to set a trial date until it is known whether a trial is even necessary avoids the risk that the Parties will proceed with extensive and potentially

---

[6] For the purposes of this estimate, Syngenta assumes a trial of every issue currently implicated by Plaintiffs' Amended Complaint. Plaintiffs would have a reciprocal number of hours to present their case against Syngenta.

4

unnecessary pretrial preparation and practice before this Court's decisions on the pending motions. And even if the Court allows some portion of Plaintiffs' claims to go forward against Syngenta, the pending motion for summary judgment, *Daubert* motions, and motion to strike require resolution for the Parties to better understand the scope of any trial. Setting a trial date before there is a ruling on these motions places both Plaintiffs and Syngenta at risk of devoting significant resources to preparing and filing pretrial briefs and proposed findings of fact that could be dramatically altered by this Court's subsequent rulings on the motions.[7] If the Court grants Syngenta's *Daubert* motions and motion to strike (which Syngenta respectfully asserts to be the appropriate decision), Plaintiffs would have no expert to present at trial. And even if the Court does not grant Syngenta's summary judgment motion in full, the ruling on the motion may eliminate entire claims from this action, or clarify the legal standards that would govern any trial. Thus, the pending motions have a significant impact on the scope of trial, the time required for trial, and

---

[7] Given the size of the record that the Court will need to review in connection with Syngenta's summary judgment and *Daubert* motions (while simultaneously addressing Corteva's motion for summary judgment on the same massive record), Plaintiffs' proposed October 2026 trial date virtually guarantees this result.

pretrial practice (such as the pretrial briefing required under Local Rule 40.1, witness and exhibit lists, motions in limine, and other matters).[8]

Setting a trial date mere months away, as Plaintiffs request, would be impractical in this complex, sprawling action, in which discovery has involved the exchange of *millions* of documents, extensive export reports from multiple experts per Party, and the depositions of *over 80 witnesses*, many of whom may be called to testify at trial (in the case of Plaintiffs' expert witnesses, only if they are not excluded pursuant to Syngenta's *Daubert* motions and motion to strike). Under these circumstances, it would be a provident exercise of this Court's discretion to defer the setting of a trial date until Syngenta's motion for summary judgment, *Daubert* motions, and motion to strike are adjudicated, particularly because adjudication of these motions may streamline (or, in Syngenta's view, alleviate the need for) any trial and pretrial proceedings. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (it has been "long recognized that a district court possesses inherent powers . . . to manage their own affairs so as

---

[8] The Court allowed Plaintiffs' claims to proceed past Syngenta's motion to dismiss to allow Plaintiffs to seek to prove through discovery their allegations that Syngenta's Key AI program was predominated by coercive non-price features. D.E. 160 at 56. That extensive discovery process, which came at great expense to Syngenta, showed that price is the predominant—if not exclusive—method of exclusion and Syngenta is entitled to judgment as a matter of law. Plaintiffs should not be allowed to continue forcing Syngenta to expend resources to defend against their meritless claims by pushing for a trial date that will almost certainly require extensive pretrial work before the Court can rule on Syngenta's well-supported summary judgment motion.

6

to achieve the orderly and expeditious disposition of cases"). That is why, in another recent antitrust action brought by the FTC, a federal court declined the FTC's invitation to set a trial date before issuing a ruling on a motion for summary judgment. Joint Status Report at 2-3, *FTC v. Meta Platforms*, No. 1:20-cv-03590-JEB (D.D.C. Feb. 21, 2024), D.E. 322; Minute Order, *FTC v. Meta Platforms*, No. 1:20-cv-03590-JEB (D.D.C. Nov. 13, 2024), D.E. 383 (setting conference to discuss trial scheduling after issuing a ruling on motions for summary judgment).

Moreover, it is uncertain at this stage whether any trial would involve both Syngenta and co-Defendant Corteva, or if such trials will occur separately. Determination of this question will have a significant impact on the scope of trial, in particular as to the appropriate trial date and how much trial time is needed. This Court has stated that it will likely not decide this question until after ruling on summary judgment. *See* Ex. A at 20-25, 39. The same logic articulated by the Court in explaining that approach applies similarly to the setting of a trial date.

In sum, Syngenta respectfully suggests that it is premature to set a trial date for Plaintiffs' claims against Syngenta in this action, and no trial date should be set until after the Court has adjudicated Syngenta's pending dispositive and expert exclusion motions.

7

Case 1:22-cv-00828-TDS-JEP    Document 404    Filed 01/13/26    Page 8 of 17

## II. Plaintiffs' Proposed Trial Date Is Impractical and Prejudicial to Syngenta

### a. Plaintiffs' Proposed October 2026 Trial Date Conflicts with Key Deadlines in the Related Actions

Plaintiffs' proposed October 2026 trial date would unfairly advantage Plaintiffs and prejudice Syngenta by disregarding critical deadlines in the schedules set in the related MDL and Arkansas Actions, which were carefully coordinated to avoid the type of conflict across the three actions that Plaintiffs' October 2026 trial proposal creates.

In the MDL Action before this Court, Syngenta is currently in the midst of class certification briefing, which is expected to be complete by March 6, 2026, following which expert opening, rebuttal, and reply reports and expert depositions will occur between May 1, 2026 and October 1, 2026. *See* Ex. B. Immediately following that, Syngenta will begin briefing summary judgment and *Daubert* motions in the MDL Action, with deadlines beginning in October 2026 and running through December 2026. *See id.* Concurrently, in the Arkansas Action, expert opening, rebuttal, and reply reports and expert depositions will occur between March 6, 2026 and June 30, 2026, and summary judgment briefing could begin as early as October 2026. *See* Ex. C.

A trial in this action in October 2026 would add significant burdens on Syngenta and its counsel that would prejudice Syngenta's ability to effectively and fairly defend itself. An October 2026 trial date would require Syngenta to

8

Case 1:22-cv-00828-TDS-JEP    Document 404    Filed 01/13/26    Page 9 of 17

be attending to pretrial issues (including applicable motion practice, trial designations, and other pretrial preparations) and participating in trial in this action while *simultaneously* completing expert reports, taking and defending expert depositions in the MDL Action, and drafting and responding to motions for summary judgment and *Daubert* motions in the MDL Action and Arkansas Action. While Syngenta appreciates that each case needs to progress individually, there are practical constraints on the ability of counsel, potential witnesses, and Syngenta's experts to prepare for and attend trial while simultaneously conducting extensive discovery and summary judgment briefing in the related actions. This scheduling conflict is unneeded and the prejudice to Syngenta can be avoided.

In contrast, Plaintiffs would not face those same burdens with an October 2026 or any later trial date. And Plaintiffs have provided no reason why they would be unduly prejudiced or burdened by a later trial date. Syngenta fully shares Plaintiffs' interest in achieving a prompt resolution to this matter, but that efficiency cannot be achieved at the expense of sacrificing Syngenta's right to effectively defend itself against Plaintiffs' meritless claims.

### b. The Uncertainty in Trial Scope Limits the Ability to Accurately Estimate Trial Length at This Time

Plaintiffs' suggestion to set an 80-hour limit on trial in this matter, representing 16 five-hour days, is impossible to evaluate without knowing the

9

scope of the case to be tried. Plaintiffs' proposed 80-hour limit apparently reflects no consideration of whether there will be a single or separate trials for Syngenta and its co-Defendant Corteva, nor do Plaintiffs explain how these 80 hours would be distributed among the Parties.[9]

Plaintiffs appear to assume a single trial involving both Syngenta and Corteva, with each of Syngenta and Corteva afforded 20 hours to present its case—but Plaintiffs have provided no structure or guidance on how they envision the 80 hours would be split. In a case where Plaintiffs have alleged 16 counts against Syngenta, putting on a full defense to all of Plaintiffs' claims will require Syngenta to present testimony from numerous witnesses and highlight multiple aspects of the extensive documentary record generated as a result of years of discovery; under those circumstances, 20 hours to present a defense at trial is insufficient.[10] Moreover, in the event Plaintiffs have no experts to put on at trial, that will also impact total trial time and time allocations.

---

[9] Syngenta is prepared to discuss these issues further with Plaintiffs and Corteva to achieve a consensual resolution that will be acceptable to all Parties. In the event the Parties cannot agree, Syngenta may elect to file a motion to sever in order to present its case at trial separately from Corteva.

[10] As noted, the pending motions should, at a minimum, narrow the scope of the trial. It may be that 20 hours is ultimately sufficient for Syngenta, but that cannot be known until after rulings on the pending motions, highlighting the prematurity of setting a trial date and length now.

While further developments in this case may affect this number, Syngenta presently estimates it will require at least 35 hours of trial time.[11]

## III. Plaintiffs' Delay in Making This Motion Suggests They Are Using This Issue to Gain a Strategic Advantage Over Syngenta

During a conference held on October 3, 2025 in this action, the Court suggested that if Plaintiffs wanted the Court to consider setting a trial date, Plaintiffs could file a motion before the end of the year requesting a trial date. Plaintiffs then waited two and a half months until December 17—which, as Plaintiffs were well-aware, was two days before Syngenta's deadline to file its motion for summary judgment and *Daubert* motions—to inform Syngenta that they would be filing a motion to set a trial date for October 2026 for 80 hours, and demanded a response from Syngenta within 48 hours. *See* Dec. 17, 2025 Email Exchange, attached hereto as Exhibit D. Plaintiffs' self-imposed constrained timeline left no room for Syngenta to appropriately consider this issue, nor did Plaintiffs allow any meaningful time for the parties to discuss the various complicating factors described herein that will influence the setting of a trial in this action.[12] By waiting until the eleventh hour to file this Motion,

---

[11] *See supra* n.5.

[12] On this issue, Plaintiffs' Motion also misrepresents Syngenta's position. Syngenta explained to Plaintiffs that it could not "provide a substantive response to this request *by Plaintiffs' arbitrary deadline.*" *See* Ex. D (emphasis added). As discussed, had Plaintiffs sought to meaningfully engage with
(….continued)

11

it is clear that Plaintiffs are not motivated by any pressing need for an expeditious trial, but rather by using the trial date to gain a strategic advantage over Syngenta.[13]

### IV. Syngenta Will Work With Plaintiffs to Promptly Propose a Trial Date Following Resolution of its Motion for Summary Judgment and Expert Exclusion Motions

For the reasons above—including various pending summary judgment and expert exclusion motions that will impact the scope of trial—Syngenta maintains that it is premature to set a trial date or discuss trial length at this time. Indeed, Syngenta is entitled to a trial separate from Corteva, and if necessary, intends to move for such under Rule 42(b) of the Federal Rules of Civil Procedure; without resolution of these issues, it is impossible to accurately determine an appropriate date and length of a trial in this action. Syngenta is willing to work in good faith with Plaintiffs to propose a trial date, if needed, promptly upon receiving a ruling on Syngenta's motion for summary judgment, various expert exclusion motions, and this Court's determination on any Rule 42(b) motion filed by Syngenta.

---

Syngenta (and co-Defendant Corteva), the Parties could have provided the Court with more reasoned and thoughtful proposals.

[13] Plaintiffs cannot claim the government shutdown—which ended on November 12, 2025—prevented them from filing this Motion until December 23, particularly as this Court declined to stay this action during the shutdown.

In the event this Court determines that it is appropriate to set a trial date prior to the resolution of these motions, Syngenta respectfully submits that a trial in the second quarter of 2027 would minimize conflicts with related case schedules and most effectively allow counsel for Syngenta to prepare for trial in this complex matter with the benefit of a ruling on Syngenta's motion for summary judgment and expert exclusion motions, as well as an anticipated Rule 42(b) motion.

Syngenta also reiterates that it is not possible at this time to generate an accurate estimate of the number of trial hours that may be needed because of various open questions that impact the scope of issues to be presented at trial. However, as explained above, Syngenta believes it will require, at a minimum, 35 hours to present its case at trial if all of Plaintiffs' claims against Syngenta are allowed to proceed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

Date: January 13, 2026

/s/ Patrick M. Kane
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

Charles S. Duggan*
charles.duggan@davispolk.com
James I. McClammy*
james.mcclammy@davispolk.com
Michael Scheinkman*
michael.scheinkman@davispolk.com
David B. Toscano*
david.toscano@davispolk.com
Alison B. Miller*
alison.miller@davispolk.com
Daniel J. Thomson*
daniel.thomson@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

Jesse Solomon*
jesse.solomon@davispolk.com
Benjamin M. Miller*
benjamin.miller@davispolk.com
1050 17th Street, NW
Washington, DC 20036
DAVIS POLK & WARDWELL LLP
Telephone: (202) 962-7133

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

## **CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it does not exceed 6,250 words, excluding the exempted portions, as reported by word processing software.

/s/ *Patrick M. Kane*
Patrick M. Kane
