# Exhibit A

```
 1                   IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3   FEDERAL TRADE COMMISSION, et al.,) CASE NO. 1:22CV828
                                      )
 4          Plaintiffs,               )
                                      )
 5          vs.                       )
                                      )
 6   SYNGENTA CROP PROTECTION AG,     )
     SYNGENTA CORPORATION, SYNGENTA   )
 7   CROP PROTECTION, LLC, and        )
     CORTEVA, INC.                    )  Winston-Salem, NC
 8                                    )  February 28, 2025
            Defendants.              )  11:00 a.m.
 9   _____

10

11              TRANSCRIPT OF THE **MOTIONS HEARING**
              BEFORE THE HONORABLE THOMAS D. SCHROEDER
12                 UNITED STATES DISTRICT JUDGE

13

14   APPEARANCES:

15   For the FTC Plaintiffs:    ALLYSON M. MALTAS, ESQ.
                                MICHAEL J. TURNER, ESQ.
16                              FEDERAL TRADE COMMISSION
                                400 7th Street SW
17                              Washington, DC 20024

18

     For the State Plaintiffs:  PAUL HARPER, ESQ.
19                              ILLINOIS ATTORNEY GENERAL'S OFFICE
                                100 W. Randolph Street
20                              Chicago, Illinois 60601

21                              NOAH GOERLITZ, ESQ.
                                IOWA ATTORNEY GENERAL'S OFFICE
22                              1350 E. Walnut Street
                                Des Moines, IA 50319

23

24

25
```

For the Defendants:
Syngenta:                    SEAN PLACEY, ESQ.
                             FOX ROTHSCHILD LLP
                             230 N. Elm Street, Suite 1200
                             Greensboro, North Carolina 27401

Corteva:                     DAVID MARRIOTT, ESQ.
                             CLAIRE GIANOTTI, ESQ.
                             CRAVATH, SWAINE & MOORE, LLP
                             825 Eighth Avenue
                             New York, NY 10019

                             MARK E. ANDERSON, ESQ.
                             MCGUIREWOODS LLP
                             501 Fayetteville Street, Suite 500
                             Raleigh, North Carolina 27601


Court Reporter:              BRIANA L. CHESNUT, RPR
                             Official U.S. Court Reporter
                             P.O. Box 20991
                             Winston-Salem, North Carolina 27120

P R O C E E D I N G S

1    **THE COURT:**  All right.  Good morning.  We're here on

2    the FTC versus Syngenta, et al., 22CV828.

3

4            Let me ask you to introduce yourselves so I know

5    who's here today.

6            **MS. MALTAS:**  Good morning, Your Honor.

7    Allyson Maltas from the Federal Trade Commission on behalf of

8    Plaintiffs.

9            **MR. TURNER:**  Good morning, Your Honor.  Mike Turner,

10   Federal Trade Commission, on behalf of Plaintiffs.

11           **THE COURT:**  All right.  Good morning.

12           **MR. HARPER:**  Good morning, Your Honor.  Paul Harper

13   for the State of Illinois.

14           **MR. GOERLITZ:**  Good morning.  Noah Goerlitz for the

15   State of Iowa.

16           **THE COURT:**  It's cold out there.  I understand why

17   you're here today.

18           **MR. MARRIOTT:**  Good morning, Your Honor.

19   David Marriott for Corteva.

20           **THE COURT:**  All right.

21           **MS. GIANOTTI:**  Claire Gianotti for Corteva.

22           **MR. ANDERSON:**  And Mark Anderson, McGuireWoods, for

23   Corteva, Your Honor.  Good to see you.

24           **MR. PLACEY:**  Your Honor, Sean Placey from Fox

25   Rothschild for the Syngenta Defendants.

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1          **THE COURT:**  All right.

2          Thank you for coming in.  I know this motion -- or

3  these motions have been sitting here for a little while.

4  What's before the Court right now are Corteva's jury demand,

5  Docket Entry 176.  The motions are 179, Plaintiffs' motion to

6  strike the demand, and then 189, Corteva's motion for jury

7  demand under Rule 39 of the Federal Rules of Civil Procedure.

8          I've read all the materials.  I do have a few

9  questions.  I'll be happy to hear any argument the parties want

10  to make, but, ultimately, I do have a few questions.

11          My primary questions are, generally, where is the

12  case right now?  I know you're in discovery.  Where is the case

13  and what bearing would that have, if at all, on the resolution

14  of this motion or motions, that is, whether or not there will

15  be a jury trial on any issue might depend on what's going on in

16  the case?  The Defendants have asked for separate trials -- or

17  they intend to ask for separate trials.

18          The primary claim, at least the claim of the Federal

19  Government, I think is fully an equitable claim for the Court

20  to decide.  The States' claims are not clear to me whether they

21  are equitable or legal.  That really wasn't briefed before me.

22  So I don't really know whether there are any legal claims that

23  are going to be brought forth or not.

24          And at the end of the day, my question is going to

25  be, I think, do I need to resolve this now?  You're in

1  discovery.  There's been notice that the motions have been

2  filed so the parties know that this is a disputed issue.  I

3  presume you're conducting discovery, at least with this in the

4  back of your mind.  Is there any need for me to resolve this

5  right now with any certainty?  In other words, is it going to

6  affect anything you're doing in discovery?

7         Some of the cases I have seen have this issue raised

8  in the posture of a summary judgment motion when the record is

9  clearer and it's apparent whether there's going to be a "tail

10 wagging the dog" on the issue of any legal claim, which is one

11 of the factors I consider as to complexity and number of

12 exhibits and have a jury sit through a six-week trial to decide

13 one issue, et cetera.

14         So those are the things that are in my mind.  I don't

15 know who wants to go first.

16         I will say, also, I think my going-in impression is

17 that under Rule 38 I'm having a hard time understanding why the

18 amendment is timely, except as to the statute of limitations

19 defense, which was raised in the ninth defense.  Otherwise, the

20 case law, at least from other circuits, seems to be pretty

21 clear that the time period under Rule 38, 14-day period, runs,

22 unless it is a new claim or issue.  And here the limitations

23 defense seems to be new.  And if the Government seems to argue

24 that that one is not preserved, I need to get some more

25 reasoning on that, because my impression is that looks like

1   that one at least is preserved.

2          So that's the Rule 38 issue, but then it goes to Rule

3   39 where I have discretion.  And the Fourth Circuit seems to

4   take a view that's different from a split in the other

5   circuits, and I think maybe the leading case is *Macsherry*,

6   Judge Diaz's decision, which relies on, I think, *Malbon* and the

7   factors of *Malbon*.

8          So that's what's on my mind.  I don't know who wants

9   to address that first.

10         Government, you want to go first?  And what's your

11  position on Rule 38?  Do you concede that at least they've

12  preserved it as to the statute of limitations defense or not?

13         **MS. MALTAS:**  So I think the maximum that they could

14  have preserved it is on the statute of limitations defense.  We

15  would argue still no as to statute of limitations because

16  there's nothing in that affirmative defense that's new that's

17  raised in their amended answer.  Their affirmative defense of

18  statute of limitations would be based on our allegations about

19  when the conduct occurred, when these AIs came off of patent,

20  for example.  And all of that's in our complaint, and they

21  addressed it and admitted a lot of those facts in their answer.

22         So just under sort of the weight of the precedent in

23  terms of whether or not the issue needs to be a new factual

24  issue, we would say it was already addressed.  But I think Your

25  Honor is exactly right; the absolute maximum that would have

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1  been preserved would be statute of limitations under the case

2  law query if they would want to have a jury just for the

3  statute of limitations, which would go into Rule 39, of course.

4  But we would say that all of that was sufficiently addressed in

5  the complaint and their answer, and there would be no need to

6  call that a new factual issue raised in the amended answer.

7          **THE COURT:**  All right.  Do you want to address that

8  issue?  We're going to kind of, I guess, go back and forth,

9  whatever is easier.

10         **MR. MARRIOTT:**  I'm happy to proceed, Your Honor, in

11  whatever way works for the Court.

12         As you know, we have a different view about Rule 38.

13  So I think our view, Your Honor, pretty much is that the plain

14  language of the rule is what ought to control here.  And when

15  you look at the rule, the rule says simply that you preserve by

16  serving a written demand no later than 14 days after the last

17  pleading directed at the issue.

18         And I don't think there is any question here that we

19  served a written demand, and there's not any question that the

20  written demand was within 14 days of the amended answer.  And

21  the only question is whether the amended answer is the last

22  pleading on the subject.  And we submit to you that, by the

23  plain language of the rule, it is the last pleading we

24  submitted.

25         It wasn't a pleading even that we submitted with

permission.  It was a pleading that was submitted as of right.
And the Government's view, as we see it, is basically reading
out the concept of the last pleading and basically saying that
it is our first pleading from which the rule begins to kind
of -- the clock begins to tick.

So I think, for us, it's just simply that, Your
Honor.  The rule says last pleading.  We served the notice as
it relates to a jury demand from our last pleading and, again,
a pleading that we would submit as of right because it was done
within the time period permitted for amendments as of right of
our answer.

So if you don't accept that, Your Honor, and you,
instead, find that the approach is that it has to somehow be
something new, I mean, it is -- I think it's just a simple fact
that not an enormous amount changed between our initial answer
and our amended answer.

**THE COURT:**  So there are a number of cases that say
that that language of the rule addresses new issues and facts
and that when you don't seek a jury trial as to the original
complaint, then any amendment to the pleadings that don't alter
those issues doesn't revive your right at that point.  I mean,
there's district court cases and at least the Second Circuit
case to say that.

Why is -- why is that not the appropriate analysis?
Otherwise, it seems like you could always ask for a jury trial

1    at any time you move to amend your answer as a matter of right.

2            **MR. MARRIOTT:**  Sure.  It's a fair question, Your

3    Honor.

4            I think there are some cases that can be read to

5    stand for the proposition Your Honor just mentioned.  One of

6    them is, in fact, this *Westchester Day School* case, which is

7    the Second Circuit case.  And the other one is the *Vegas -- Las*

8    *Vegas* case from the Ninth Circuit.

9            Those decisions, at least as I read them, Your Honor,

10   are really principally focused on whether the amendment is

11   being used to kind of re-establish a right that had lapsed.

12   And so, I guess, as a preliminary matter, our view is that a

13   right here hadn't lapsed.

14           To the extent those cases are inconsistent with the

15   language of the rule, at least as we see the rule, I think

16   they're just that; they're inconsistent with the language of

17   the rule.  They're not, as a result, binding on this Court, and

18   we don't think they're -- they aren't dealing with our precise

19   situation, Your Honor.  They aren't dealing with an amendment

20   to an answer.  In concept, they are making the point, a couple

21   of them, seemingly -- and some of them are a little sketchy on

22   exactly what the facts were, but they are seemingly, some of

23   them, making the point that the question is whether the

24   later-filed amendment does something new and different.

25           In our view, well, we do do something new and

1  different here.  We do something new and different with respect

2  to the affirmative defense.  It doesn't say, at least as I read

3  them -- and I don't read the rule to suggest, that, therefore,

4  we'd only get a jury trial as to that thing that is new, as

5  opposed to the other issues that are in the case.

6        And when you think about the way the equitable/legal

7  remedy piece typically works in any case -- and this is

8  admittedly a little bit peripheral, but the way it typically

9  works is where there is an issue that is both legal and

10 equitable, the facts often underlying legal determinations, the

11 equitable question may be for the court.  Often the facts

12 underlying that are for a jury.  And where you have an issue

13 that's for the court and for the jury, you have a jury that

14 decides those underlying factual issues first, and then a court

15 makes an equitable judgment based upon the facts as are found.

16        So this idea that you can have issues that are legal

17 and equitable that are triable by a jury and not doesn't

18 necessarily mean that just because the question for the jury is

19 a narrow one, that it doesn't have fact-finding obligations

20 that extend beyond that.  But there are some cases that appear

21 to be in tension, Your Honor.  We just don't think those are

22 the most persuasive cases in --

23        **THE COURT:**  Is there any Fourth Circuit case that

24 interprets the rule the way you interpret the rule?

25        **MR. MARRIOTT:**  The case that I would point Your Honor

1  to, which, admittedly, is not cited in our papers but is

2  decided in one of the secondary authorities, which is not

3  exactly on point, but I think is nonetheless suggestive of the

4  idea that we espoused, is this case called *Tights, Inc.*,

5  T-I-G-H-T-S, and it's from the Fourth Circuit, April 12, 1971.

6  And it involves patent issues, and there is a --

7          **THE COURT:**  What's the citation for that?

8          **MR. MARRIOTT:**  Yeah, I'm sorry, Your Honor.  It is

9  441 F.2d 336, 1971.

10          And it's a patent case.  It involves issues of

11  validity.  It involves issues of infringement.  And the Court

12  basically says here in what's -- what I'm looking at, page 8,

13  Footnote 31:

14      "The issues of validity and infringement raised by the

15      respective counterclaims are, in each case, identical to

16      the issues of validity and infringement raised by the

17      original complaints.  Thus, the last pleadings directed to

18      those issues are the replies to the counterclaims.  Since

19      Tights joined its demand for jury trial with its reply in

20      each case, the demands were clearly filed within the

21      requisite ten-day period."

22          Then it was a ten-day period.  So it's now,

23  obviously, some 50 years later, so the rule is a little bit

24  different.

25          **THE COURT:**  I haven't read that case.  I was trying

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1  to pull it up.  But is that a case where they amended and added

2  counterclaims?

3          **MR. MARRIOTT:**  It is.  It is a case in which, Your

4  Honor --

5          **THE COURT:**  In other words, were the --

6          **MR. MARRIOTT:**  It is not -- there are counterclaims,

7  but I acknowledge it isn't exactly factually on point here

8  because I don't believe there's an amended counterclaim, but

9  there are counterclaims.  There's a complaint, there's

10  counterclaims, and then there's a reply to the counterclaims.

11  And I think it's apposite here because what it's saying is that

12  even though the issues are identical as between the complaint

13  and the counterclaims, time would run from the reply, right,

14  not from the initial response to the original complaint.  So,

15  again, not an amended answer, so not exactly on point, but I

16  think, in principle, the idea basically is that it isn't just

17  this newness question which controls.

18          **THE COURT:**  That's a case where the plaintiff asked

19  for the jury demand in the reply?  Is that what you're saying?

20          **MR. MARRIOTT:**  It's a case in which -- correct.  It's

21  a case in which it was said that the demand -- the time began

22  to ran -- to run as to whether you got a jury trial from the

23  reply to the counterclaim.

24          **THE COURT:**  As to the claims in the counterclaim?

25          **MR. MARRIOTT:**  Correct, Your Honor --

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

 1          **THE COURT:**  Okay.

 2          **MR. MARRIOTT:**  -- as I understand it.  Again, it's

 3  not the most fulsome description of the related facts.

 4          **THE COURT:**  Right.

 5          **MR. MARRIOTT:**  But I think independent of that, Your

 6  Honor, the concept that some of these cases -- and this case

 7  out of the Second Circuit, *Westchester Day School* case, is one

 8  of them -- doesn't -- don't really seem to be reconciling this

 9  idea of it has to be something new with the simple plain

10  language of the rule.  And it is the simple plain language of

11  the rule principally on which we rely, Your Honor.

12          Now, a number of the other cases cited by the

13  Government here I think are really quite readily distinguished.

14  They cite this *General Tire & Rubber* case.  That involved a

15  statutory notice relating to patent issues, and the court there

16  basically -- in this Fourth Circuit, the court there just said

17  that statute of notice is not the same thing as a pleading.

18  And I think that's exactly right.

19          They cite this *Macsherry* case, which Your Honor

20  referred to a minute ago.  In that case, the Fourth Circuit

21  found that the complaint that was at issue didn't even include

22  a demand for a jury trial.  They were evaluating not a separate

23  demand, like we have here, but whether the complaint itself

24  included a demand.  And the Fourth Circuit says that it didn't.

25          And then the other big case they rely upon --

Case 1:22-cv-00828-TDS-JEP    Document 404-1    Filed 01/13/26    Page 14 of 41

1    **THE COURT:**  And so I thought the circuit said that

2    the trial judge erred on the Rule 38 issue but, nevertheless,

3    had the discretion under Rule 39 in that case.  Did he not

4    throw it out under Rule 38?

5    **MR. MARRIOTT:**  Well, he found that there was -- he

6    did, but because he found -- well, because he found that there

7    was -- and I'm talking about the Fourth Circuit decision, by

8    the way.

9    **THE COURT:**  Right.

10    **MR. MARRIOTT:**  Let's make sure we're talking about

11    the same case, Your Honor.  It's the *Macsherry*, Fourth Circuit,

12    from 2020?

13    **THE COURT:**  Correct.

14    **MR. MARRIOTT:**  And in that case, as I read it, the

15    court there finds that the complaint itself didn't actually

16    include a demand.  It's looking at the addendum clause and

17    saying, Well, that isn't even a jury demand.  There's, like, an

18    alternative request there, and the court finds that that's not

19    enough under Rule 38.

20    **THE COURT:**  So the trial judge, actually, Judge

21    Stamp, had concluded that it was timely under 38, and the

22    circuit said, no, he was wrong about that.

23    **MR. MARRIOTT:**  Correct.

24    **THE COURT:**  Okay.

25    **MR. MARRIOTT:**  Correct.  That's exactly right.

1          But the reason why it said it's wrong is easily

2    distinguished from this case because, here, we actually have a

3    separate, unequivocal demand for a jury right.  In that case,

4    the court -- the plaintiff was just leaving it, kind of read

5    the complaint, and figure out whether there was a demand there.

6    And the Fourth Circuit says, I don't think so; there's not.

7    But then, importantly, the Fourth Circuit goes on to say that

8    it was fine for the judge to give permission to allow the

9    amendment under 39.

10          **THE COURT:**  So there's this series of cases from at

11   least one district court here and other circuits that say

12   that -- that tend to support the Government's argument, apart

13   from the statute of limitations defense.

14          What is your best case supporting your -- what you

15   say is the plain reading of Rule 38, that is, that you're

16   timely under 38(b)?  Is there any court on facts like this that

17   says that would be timely?

18          **MR. MARRIOTT:**  I don't have a case that is on facts

19   just like this, Your Honor.

20          **THE COURT:**  Okay.

21          **MR. MARRIOTT:**  I mean, I've got -- we cited the ones

22   that we think come close.  There is no case that does exactly

23   what we're asking the Court to do here.

24          **THE COURT:**  Okay.  All right.  What about -- unless

25   you want to have more on that, what about the Rule 39?  You've

              22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1  got a motion under Rule 39.  There are a number of issues,

2  factors to consider, but is a ruling necessary right now?  Is

3  it going to affect discovery in any way?  Can it wait until

4  summary judgment, if you're going to be moving for it or not,

5  on any claims?

6          MR. MARRIOTT:  So I don't think a ruling is required

7  now.  I don't believe it affects discovery in any meaningful

8  way at all, and, as a result, I think the Court could wait to

9  do that.

10          The discovery -- as you know better than anybody,

11  perhaps, Your Honor, the discovery is being conducted in this

12  case in parallel with the discovery in the private case, both

13  one that's before, Your Honor, and the one that's in Arkansas.

14  In those cases, the plaintiffs have all asked for juries.  I

15  think it has actually no meaningful effect.

16          THE COURT:  What's happening in Arkansas?

17          MR. MARRIOTT:  Well, the Arkansas attorney general,

18  Your Honor, has filed a case -- maybe I misspoke as to whether

19  the Arkansas folks are seeking a jury.  So I may need to

20  backtrack on that.  But the private plaintiffs are

21  unquestionably seeking a jury.  One of the attorneys general

22  elected not to proceed before this Court and, instead, filed in

23  Arkansas.  So we have an attorney general action in Arkansas in

24  which they seek damages.

25          THE COURT:  In state court?

1          **MR. MARRIOTT:**  In federal court.

2          **THE COURT:**  Okay.

3          **MR. MARRIOTT:**  And we sought to have that transferred

4   here, and the court in Arkansas denied the motion.

5          **THE COURT:**  Okay.

6          **MR. MARRIOTT:**  So we have requested a jury in that

7   case, to the extent it's available.  Whether the Arkansas

8   plaintiffs did, Your Honor, that I'm a little bit less sure

9   about.

10          But, in any case, the cases are being presently

11  litigated through discovery where there are parties thinking

12  there are juries involved and those who are wishing juries were

13  not involved.  So I don't think it has any meaningful impact

14  one way or the other, Your Honor.  We're preparing for whatever

15  outcome the Court reaches on this issue.

16          **THE COURT:**  Hold on just a minute.

17          **MR. MARRIOTT:**  Just for the record, I've now

18  confirmed that the Arkansas plaintiffs also do seek a jury.

19          **THE COURT:**  Okay.  Hold on just a second.  I'm

20  looking for one page.  Somehow I'm missing one page.  Hold on

21  just a second.  Give me just a minute.

22      (Pause in the proceedings.)

23          **THE COURT:**  I made some notes this morning, and I

24  thought I had them all in my stack here, and somehow they're

25  not sitting right here.

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1      When is your discovery period set to close?

2          **MR. MARRIOTT:**  July 22, Your Honor.

3          **THE COURT:**  Okay.  So one of the questions I had was:

4    Are there going to be legal issues to resolve?  Statute of

5    limitations may be one of them.  I don't know if that's going

6    to be raised on summary judgment or some other motion, but the

7    Plaintiffs cited -- some of the Plaintiffs cited a few cases,

8    as I recall, that suggest that these are equitable claims even

9    under the state statutes.  I think Minnesota might have been

10   one of them, if I remember right.

11         Are there going to be legal claims, or is this going

12   to be -- which is another reason I'm wondering whether we need

13   to resolve it at this point, because I, frankly, don't know.

14   I'm not going to do the independent research, but I did look at

15   what you had, and there is some suggestion that at least some

16   of these are not for a jury to decide.

17         **MR. MARRIOTT:**  What I would say, Your Honor, is this:

18   I think there are definitely legal questions to be decided.

19   This is not perhaps exactly what you're asking, but I'm

20   confident that the Corteva folks, and I expect the Syngenta

21   folks, too, will move for summary judgment, and the basic

22   argument will be there are legal questions and the Court can

23   resolve, as a matter of law, these claims, and there need be no

24   trial.

25         So that's one legal set of questions we think the

1  Court will need to deal with.  That's not, I think, exactly

2  what you're asking.  Assuming they're -- assuming we survive --

3  Plaintiffs survive summary judgment and the case proceeds to

4  trial, I think there are legal questions.  And at least as I

5  read the Government's papers, they acknowledge as much.

6         There is no question, Your Honor, that there are

7  equitable questions here, and I think the FTC, at least as I

8  understand their position and their complaint, they seek purely

9  equitable remedies.  That is not true with respect to some of

10  the States.  Some of the States seek treble damages -- two of

11  the States seek treble damages, and a number of the States seek

12  civil penalties.  And I don't think there is any question that

13  those requests for relief present jury triable issues.  And the

14  Supreme Court's recent decision in *Jarkesy* I think makes that

15  pretty clear.  That was briefed before -- that was decided

16  after the briefing here was done.

17         But as I say, I read the Government's papers to

18  concede that there are legal questions here.  And they can

19  obviously speak for themselves.  But, in any event, I think the

20  law on this point is clear that these questions of certain

21  remedies are legal questions.

22         **THE COURT:**  What about the issue of complexity of the

23  case?  I have a dozen states, I think, in this one; is that

24  right?  Am I close?

25         **MR. MARRIOTT:**  That's about right.

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1          **MS. MALTAS:**  Yes, Your Honor.

2          **THE COURT:**  I think I have 38 in the other one -- I'm

3     trying to keep my numbers straight -- in the MDL.

4          So I have about a dozen states.  Does anybody have

5     any idea, for example, how long a time a jury trial would be?

6     Is there any sense of that?  And so what's this going to be

7     like for a jury to try to resolve?

8          **MR. MARRIOTT:**  So I think it's fair to say it's a

9     complex case.  I think it's also fair to say that juries

10    routinely try complex cases.  While we have 12 states here, I

11    have another case, Your Honor, pending at the moment in the

12    Southern District of New York against the Department of Justice

13    and 30 some states, and they're the ones in the case insisting

14    upon a jury trial.

15         There's just no question that juries routinely,

16    including cases brought by the Government, deal with cases that

17    are at least as complex, if not much more complex, than this

18    case.

19         **THE COURT:**  I don't doubt that.  I guess my question

20    is on this record how do I determine the complexity of the case

21    in view of the scope of the issue for which a jury trial is

22    demanded if it's viewed under Rule 39?

23         It seems to me that's one of the factors.  And my

24    impression is I can't really make that determination quite yet

25    because I don't really know how many states may be left for

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1  trial and what claims -- what issues will be necessary to

2  resolve, how many exhibits there are going to be.  I mean, for

3  example, if this case goes to trial and you say it's a six-week

4  trial, and, you know, there's going to be hundred of exhibits

5  and lots of experts, and there's basically one fact issue for a

6  jury to resolve, isn't that a factor I can consider at that

7  point, whether under Rule 39, given the complexity of the case,

8  to allow it or not?

9         **MR. MARRIOTT:**  I do think complexity is a factor that

10 plays into the Court's analysis.  I think complexity is more

11 easily evaluated at a later point in time.  As I said, our hope

12 is we persuade the Court to throw the case out at summary

13 judgment.  At a minimum, we hope to persuade Your Honor to

14 significantly narrow the case.  That obviously factors into

15 what really permissibly will be and could be tried here.  So

16 the complexity is a part of the calculus, Your Honor.

17        **THE COURT:**  So under Rule 39, I think the language is

18 that, absent exceptional circumstances, it's within my

19 discretion.

20        Are there any exceptional circumstances that you

21 contend apply here?

22        **MR. MARRIOTT:**  Well, I think the whole set of

23 circumstances, Your Honor, are pretty exceptional.  If you

24 think about it, what has effectively happened here is that the

25 Corteva folks have made a demand for a jury trial that we

believe to be timely and consistent with the rule.  The

Government took the position to the contrary.  We immediately,

you know, made a motion taking a different view about whether

or not it was untimely.  So as to preserve the position and

timely raise the issue, we immediately made the motion.  The

motion was made long before, Your Honor -- it was made before

discovery began in the case.  It was made -- it was made well

before any trial will ever take place, because we don't even

have a trial date at the moment.  So what will turn out as a

practical matter probably, Your Honor, to be years before a

jury trial actually takes place in this case.

There is complexity here, but there is no more

complexity than exists in cases that get tried all of the time.

The cases are pretty clear, and there's a number of cases out

of both this circuit and out of the Supreme Court, talking

about how constitutional rights, and this right, in particular,

are rights that should not be easily forfeited, not easily

waived.

And if you just think about the way the rules are --

or at least Rule 1, which we rarely cite and probably even less

frequently invoke, is all about fair constructions of the

rules.  And on the plain language of that rule, I would submit

to you, there's no reason -- or there was no reason for us to

think that we needed to make the demand in connection with the

answer as opposed to the amended answer.

1          The other cases that are being tried here in
2    conjunction with -- or not tried, but litigated in conjunction
3    with this case are cases in which there are jury questions
4    presented.  The issues are admittedly on the narrower side
5    because the FTC doesn't -- has not presented anything except
6    claims for equitable relief.  But the Government Plaintiffs --
7    the State Government Plaintiffs seek treble damages, and they
8    seek civil penalties that invoke a lot of the same issues.  If
9    they want to simplify the issues and drop those issues from the
10   case, there's not going to be much left to be -- for us to
11   argue about as to why it is this ought to be a case that ought
12   to be tried to a jury.

13        We think the cases ought to be -- for some of this
14   and complexity reasons, Your Honor, entirely unrelated to this
15   jury question, we think these cases ought to be separated.
16   There ought to be a Corteva trial, and there ought to be a
17   Syngenta trial.  They've got their AIs.  We've got our AIs.
18   We've got our loyalty programs.  They've got theirs.  And so
19   one way to simplify this case for the trier of fact, whether it
20   be Your Honor or a jury, is at an appropriate time to ask the
21   Court to have these cases tried separately.

22        And we flagged for Your Honor in our early
23   submissions we intend to do that, and you alluded to that
24   today.  It just strikes us that it's premature to do that now
25   without knowing exactly what is to be tried.  So that, Your

1  Honor, I think goes a long way in simplifying the case in any

2  case.

3          So, you know, the fact is they raised the issue.  We

4  promptly, Your Honor, have made the motion, and there's no

5  prejudice whatever, I would submit, that could arise from them

6  learning now -- or not now, because now it's been several

7  months, but learning at this stage in the litigation that there

8  was a request for a jury demand.

9          And so those are among the exceptional circumstances,

10  Your Honor, which I think weigh heavily in favor of the jury

11  right being preserved, and that's -- to be clear, we're seeking

12  simply to preserve the right to then have the ability,

13  depending on the way the case shakes out, to proceed in that

14  fashion.  And that's all we're trying to do is to preserve it.

15          **THE COURT:**  And that's why it suggests to me then,

16  unless there's prejudice either side complains about, wait and

17  see whether that's what you want.

18          **MR. MARRIOTT:**  We have no objection to that, Your

19  Honor.

20          **THE COURT:**  Okay.  All right.  Thank you.

21          Does Syngenta want to be heard at all on this?

22          **MR. PLACEY:**  Mr. Marriott, I think, has represented

23  accurately anything you would need to hear from Syngenta,

24  including, as you already noted, in our Rule 26(f) report, we

25  noted our intent that there be a Corteva trial and Syngenta

1  trial separately.  The Court obviously already knows that

2  Syngenta itself did not make a jury demand, so we don't take a

3  position as to either pending motion.

4          **THE COURT:**  Okay.  All right.

5          **MR. MARRIOTT:**  I failed to react to one thing Your

6  Honor said.  You asked a question about the length of the

7  trial, and I apologize I didn't answer that.

8          I don't think this is a trial that ought to go on for

9  six weeks.  I think if you split these up between Corteva and

10 Syngenta, this -- I mean, we haven't finished the depositions.

11 We don't have the expert reports.  But, to my mind, this is a

12 trial -- a case that ought to be triable in three weeks or

13 less.  This ought to not be a six-week trial.

14         **THE COURT:**  You'll be given hours, not weeks.

15         **MR. MARRIOTT:**  That's fine.  I think the clock is a

16 great idea, and I'm in favor of that.  Whatever the hours are,

17 I think it's not, in my mind, a massively long trial.

18         **THE COURT:**  How many depositions have taken place so

19 far roughly?

20         **MR. MARRIOTT:**  Roughly, five-ish or so depositions.

21 Actually, maybe -- maybe it's actually only three, Your Honor.

22         **THE COURT:**  Has expert discovery been conducted?

23         **MR. MARRIOTT:**  It's three depositions so far.

24         No experts have been identified, no reports have been

25 submitted, and no expert discovery has been done.  The deadline

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

 1  for completion of expert discovery is, I believe, November of

 2  this year, November 21st.

 3          **THE COURT:**  All right.

 4          **MR. MARRIOTT:**  Thank you.

 5          **MS. MALTAS:**  All right.  There's a lot in there to

 6  unpack.

 7          **THE COURT:**  Let me start with the prejudice question.

 8          **MS. MALTAS:**  Yes.

 9          **THE COURT:**  Does the Government need to know now, or

10  why can't I wait until summary judgment?  Is there any

11  prejudice that you claim or not?

12          **MS. MALTAS:**  Around waiting as opposed to prejudice

13  for a jury?

14          **THE COURT:**  Yes.

15          **MS. MALTAS:**  Okay.

16          **THE COURT:**  I mean, Corteva has said it may be

17  that -- they just want to preserve the right.  It may be that

18  when they get there, they decide they don't want it anymore,

19  which does suggest that maybe I should wait and make this

20  decision on a fuller record when I can see -- unless there's

21  prejudice.  If there's prejudice I'll consider it, but it's

22  hard for me to imagine what it is with three depositions.

23  Usually, that's where the prejudice is alleged.

24          **MS. MALTAS:**  And to be clear, we're moving very

25  quickly through depositions.  We have multiple depositions

1  scheduled next week and multiple depositions scheduled every

2  week until we get into May, and then we'll be scheduling more

3  depositions.  So we anticipate taking about -- 60, I think,

4  would be the all-in number.

5           I mean, no.  As Mr. Marriott said, we're proceeding

6  with discovery as if it would be a bench trial or a jury trial.

7  So I can't say that we would necessarily change course in some

8  major way if Your Honor would prefer to wait to rule on the

9  Rule 39 motion later in the case.

10          I would say that probably the time where it's going

11 to start to really matter is going to be with *Daubert*.

12 Typically, in my experience, courts will sort of take a *Daubert*

13 under advisement as opposed to ruling on it if it's going to be

14 a bench trial; whereas, it has to be decided if it's going to

15 be a jury trial.  So that would be the point where we would

16 start to see that there would start to be evidentiary rulings

17 that would matter.

18          **THE COURT:**  I'm unlikely to do that.  That's not a

19 ruling.  But I know there are some courts, under Rule 702, will

20 say, Well, I'll let the jury resolve that.  I don't think

21 that's a proper application of Rule 104(a).  So I think, even

22 in a bench trial, the judge has a duty to make a determination

23 of whether the evidence meets the Rule 104(a) standard.  Now, I

24 guess the judge can reserve ruling on it, if that's what you

25 mean; but, eventually, the judge has to make that

Case 1:22-cv-00828-TDS-JEP    Document 404-1    Filed 01/13/26    Page 28 of 41

1    determination.

2              **MS. MALTAS:**  Yes.

3              **THE COURT:**  If that's what you meant, then I agree.

4    But if you meant otherwise, some courts send credibility

5    issues -- or they deem issues to be matters of credibility and

6    weight and go to the jury, when, in fact, they are preliminary

7    Rule 104(a) questions of whether the proponent has met the

8    preponderance standard in order to meet the gatekeeping

9    function.

10             **MS. MALTAS:**  Yes.  I think I was referring to the

11   idea that in a bench trial you can review the *Daubert* motions,

12   listen to the experts, and then in the decision rule on the

13   *Daubert* motions, as opposed to in a jury trial a decision has

14   to be made on whether or not the expert can even testify.

15             **THE COURT:**  All right.  Just so I'm clear, if I wait,

16   at least you're saying you can't identify any prejudice.  This

17   motion to strike was by all Plaintiffs, and I only have two

18   States here today.  But I presume that's a position on behalf

19   of all the Plaintiffs?

20             **MS. MALTAS:**  Yes.

21             **THE COURT:**  Okay.

22             **MS. MALTAS:**  Though we would ask, Your Honor -- I

23   think it would make sense to go ahead and rule, if you were

24   inclined to, on the Rule 38 motion.  I think it's very

25   straightforward.  The case law is very clear that Corteva was

1 late and, therefore, had waived their right to a jury trial.

2        **THE COURT:** Mr. Marriott makes the argument that a

3 plain reading of the rule says they can do it at the last

4 pleading directed to an issue, and that means their last

5 pleading was their amended answer, and so they're timely.

6        What's your best authority that says that's not a

7 proper reading of the rule?

8        **MS. MALTAS:** I mean, frankly, all of the authority.

9 Corteva didn't cite a single case where an amended complaint or

10 an amended answer revived a waived right to a jury trial. They

11 cited multiple cases, including the *Lawrence* case from the

12 Western District of Virginia, that held exactly the opposite.

13 It is the weight of the authority in the Fourth Circuit, the

14 Second Circuit, and the Ninth Circuit.

15        And, as Your Honor pointed out, it is the only

16 application that makes sense because if that were not the rule,

17 then you could file an amended complaint and change one word or

18 file an amended answer and add one affirmative defense a week

19 before the trial and, all of a sudden, have a revived right to

20 a jury trial.

21        **THE COURT:** But you would have to have court

22 permission to do that, though; right?

23        **MS. MALTAS:** At that point you would have to have

24 court permission to file the --

25        **THE COURT:** I guess the argument one would make is

Case 1:22-cv-00828-TDS-JEP    Document 404-1    Filed 01/13/26    Page 30 of 41

1   that the judge has to consider the new claim for a jury trial

2   whether it allows the amendment or not.

3           **MS. MALTAS:**  Uh-huh.

4           I think, regardless, there's no case law that

5   supports Corteva's position; whereas, there is a lot of case

6   law that supports the clearer reading that the right cannot be

7   revived through an amended complaint and amended answer.  And

8   so at that point, the question becomes Your Honor's

9   discretionary ability to order -- to allow a jury trial under

10  Rule 39.  And I don't see anything extraordinary in this case

11  that would take away your discretion to do that.

12          **THE COURT:**  All right.  Anything else you want to

13  add?

14          **MS. MALTAS:**  I guess I just wanted to just respond to

15  a few things that Mr. Marriott raised.

16          So in response to Your Honor's questions about

17  equitable versus legal claims, that's actually something that

18  is not fully resolved at this point.  There definitely are two

19  damages claims that would be legal claims here.  Whether or not

20  any particular States' request for civil penalties is equitable

21  versus legal is a decision by that State.  So, for example,

22  Minnesota and California, I think that their civil penalties

23  are equitable.  There may be States where the civil penalties

24  are legal.

25          That's actually another complexity to this case.

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1 It's a matter of first impression in many States whether or not

2 civil penalties are equitable or legal under their own

3 statutes, their own case law, and the application of the *Tull*

4 case from the Supreme Court.  So that's something that would

5 have to be decided if a jury were to be in the mix here.

6         I would also just say that the fact that the cases --

7 that all our claims are mixed law and equity or fully equity

8 under the case law points towards not having a jury here.

9         If you were to sort of level set about what Corteva

10 is asking for, Corteva is essentially asking to have a jury

11 come in and just decide a small portion of a generally

12 equitable case.  And they make the point that the jury has to

13 decide a number of factual issues, which is just an additional

14 complexity here.  We're looking at special interrogatories.

15 We're looking at a very complex verdict form.

16         And Under Rule 39, Your Honor has the discretion to

17 say, I don't think that this will be in the orderly

18 administration of justice.  I don't think it makes sense to

19 bring in a jury to do a small part of this case, add a lot of

20 complexity to the verdict form, add a lot of complexity to

21 special interrogatories and the jury instructions.  It's just

22 not additive here.

23         And that's something that the court -- the Fourth

24 Circuit endorsed in *General Tire*, where it said that the

25 district court had exercised its discretion properly to say, It

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1 makes more sense for me to handle this case because I can

2 review the documents; I can review the depositions; I can have

3 time with the evidence; I can issue a decision and make it

4 thorough in that way. And that's what we would think is the

5 same principle here.

6       So completely understand if Your Honor wants to defer

7 the decision here, but we would ask for eventually Corteva's

8 motion to be denied.

9       **THE COURT:** All right. Anybody have anything else

10 you want to add?

11       Mr. Marriott?

12       **MR. MARRIOTT:** Your Honor, just briefly, please.

13       So I think it's not accurate to say that we could --

14 under our reading of Rule 38, we could simply -- anybody could

15 simply amend whenever and late in the day. And Your Honor, I

16 think, alluded to it in part, which is to say you could only

17 act with leave of permission of the court; at which point, of

18 course, the rule contemplates, as a general matter, that you're

19 going to attach the pleading, and you're going to identify

20 exactly what it is you're trying to do so that judgment gets

21 made with that in mind.

22       And, here, we're talking about the situation where we

23 didn't seek leave to amend because we had a right to amend the

24 answer, and we didn't seek leave to amend certainly way late in

25 the day, as that hypothetical suggests. So I think that

1  concern is misplaced.

2        **THE COURT:**  How do you read -- so Rule 38(b) says you

3  have a right to a jury trial as a matter of right.

4        **MR. MARRIOTT:**  It does.

5        **THE COURT:**  How can you have it as a matter of right

6  on a motion to amend a pleading two weeks before trial?  You

7  wouldn't have it as of right.  You would have it as of

8  discretion.  So if you amend you're pleading outside the time

9  frame of amendments, then you wouldn't have it as of right.  Is

10  that not --

11        **MR. MARRIOTT:**  I'm not sure that's right, Your Honor.

12  So the rule, as I read it -- well, I'm reading what I think is

13  verbatim from the rule:

14      "On any issue triable of right by a jury, a party may

15        demand a trial by" doing certain things.

16          I think the question there in that preamble about

17  whether the issue is triable of right by a jury is asking the

18  question of whether or not it is a legal versus an equitable

19  remedy.  I don't think it's asking the kind of timeliness

20  question.  I think it's the back end that's asking the

21  timeliness question.  And for timeliness, it's saying that

22  whether or not you have the right depends on whether you make

23  the demand within 14 days of, and then it's the last pleading

24  served.

25          So to my mind --

Case 1:22-cv-00828-TDS-JEP    Document 404-1    Filed 01/13/26    Page 34 of 41

1    **THE COURT:** So -- but if -- I guess it's academic

2    here, but if somebody amends a pleading a month before trial

3    without a request for a jury trial, and the Court grants the

4    amendment, and then within 14 days of that, the party says, We

5    demand jury trial on those issues under Rule 38(b), that would

6    be within 14 days of the last pleading directed to the issues;

7    right?

8        **MR. MARRIOTT:** It would. And I'm not -- it's not

9    clear to me why under that circumstance they wouldn't have the

10   right. Certainly, if the Plaintiff made the amendment and the

11   Defendant hadn't previously asked for a jury trial, I don't see

12   why the Defendant would be able to say, Well, now, in view of

13   what you've now asserted, I wish to have a trial by jury.

14       Now, I don't know that -- to me, that's going to

15   factor heavily in the Court's decision about whether it allows

16   the amendment in the first place, which is why --

17       **THE COURT:** Under my proposal, the amendment doesn't

18   ask for a jury trial. The amended pleading just amends the

19   pleading, and then within 14 days of that, the party then says,

20   Oh, Rule 38(b), I'm now demanding a jury trial as of right.

21       **MR. MARRIOTT:** That's a harder problem, Your Honor.

22   I acknowledge that. That's a harder problem. I'm less sure

23   about that. Happily, that's not our circumstance, but that's a

24   harder problem.

25       **THE COURT:** It tends to suggest that you've got to do

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1    it within the time frame of -- it doesn't rule out what you

2    argued.  I understand that.

3           **MR. MARRIOTT:**  So I would say that -- and then I

4    think the argument was made that all of the cases support the

5    Government and basically nothing supports our side.  I don't

6    think that's fair, Your Honor.  I think, as we point out in the

7    papers, virtually every case they cite is easily distinguished.

8    They do have those cases -- the two cases I've alluded to, the

9    *Westchester* case and the *Vegas* case, which seem to have

10   language that -- I understand how they read it, but I think

11   those are the cases that are the harder call.  I think the idea

12   that virtually all of them support the Government I think is

13   not right.

14          With respect to the legal versus equitable question,

15   Your Honor --

16          **THE COURT:**  Let me before you move on -- so there is

17   a District of Maryland case, *Harris v. Thrift Stores of*

18   *Washington*.  The court says:

19       "When a party has waived the right to a jury trial with

20       respect to the original complaint and answer by failing to

21       make a timely demand, amendments of the pleadings that do

22       not change the issues do not revive this right."

23          And then it's collecting a bunch of cases.  That's a

24   1995 case.  And it also quotes from the Second Circuit's case,

25   Judge Friendly.

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1        **MR. MARRIOTT:**  And all I can say to that, Your Honor,

2    that I haven't already said is that that's -- that the

3    presumption there is that there is a failure to do something

4    timely.  And our point is that we're not seeking to revive

5    anything, because we didn't fail to do anything; we acted

6    within the confines of Rule 38 by doing it within 14 days of

7    our last pleading.

8        **THE COURT:**  Well, I think the presumption is it is

9    untimely if it's not made in the first pleading, and if you

10   come up later with an amended pleading and don't change any of

11   the issues, you don't revive what you otherwise waived earlier.

12   That's the way I read that case.

13       **MR. MARRIOTT:**  Yeah, and I understand that's the

14   Government's argument.  To the extent that's what the case

15   says, I think that's not -- that can't be squared with the text

16   of the rule itself.

17       **THE COURT:**  Okay.

18       **MR. MARRIOTT:**  Lastly, Your Honor, with respect to

19   this question of whether there, in fact, is a jury right and

20   the States might make a decision later on to not pursue it, I

21   think it's very hard to square that argument with the language

22   of the complaint.  This is from the Supreme Court and with the

23   Supreme Court's recent pronouncements in *Jarkesy*, 603 U.S. 109,

24   decided in 2024.  And the court says:

25        "What determines whether a monetary remedy is legal is if

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1          it is designed to punish or deter the wrongdoer, or, on

2          the other hand, solely to restore the status quo."

3          And in this case I think the complaint makes clear

4    that the Government -- some of the States are seeking treble

5    damages, two of them, and the others are seeking civil

6    penalties.  And if you go to complaint itself -- and I would

7    point Your Honor to a variety of paragraphs of the amended

8    complaint, 18, 19, 20, 21, 23, 24, and others, where,

9    essentially, these States alleged expressly in this complaint

10   in connection with the remedies they seek, quote, for example,

11   as to Indiana, the State also has authority to seek civil

12   penalties under state law to punish and deter those engaged in

13   unlawful conduct.

14          And I think the reference to punishing and deterring

15   is exactly within the language the Supreme Court defines as the

16   kind of remedy that triggers the right to a jury trial.

17          **THE COURT:**  All right.

18          **MR. MARRIOTT:**  Thank you, Your Honor.

19          **THE COURT:**  All right.  So your discovery will run

20   through the fall, I guess.  You'll have to remind me.  Do we

21   have a trial date in this case yet?

22          **MR. MARRIOTT:**  We do not.

23          **MS. MALTAS:**  We do not.

24          **THE COURT:**  And what's the status of -- when will you

25   have any appearance or dealings with any arbitrator -- not

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1  arbitrator, but mediator in the case?

2          **MS. MALTAS:**  We've agreed on a mediator pursuant to

3  the order by Judge Peake.  I believe that he has been notified

4  that he is the mediator, and we're just waiting to hear from

5  him.

6          **THE COURT:**  Do you know when -- are you going to wait

7  for all of your expert discovery to be done to do that, or do

8  you know when in the process you've determined that's

9  appropriate?

10         **MS. MALTAS:**  I believe it's supposed to occur during

11  the discovery period.  So before July 22.

12         **THE COURT:**  Okay.

13         **MR. MARRIOTT:**  If you're asking whether the parties

14  have agreed on some specific timing, the answer is no.

15         **THE COURT:**  Okay.  I'm just trying to get a feel for

16  the case.

17         **MR. MARRIOTT:**  A couple other dates that might be

18  helpful, Your Honor:  So, as I said, fact discovery closes on

19  July 22; expert discovery on November 21st; and then summary

20  judgment is supposed to be fully briefed on March 20, 2026.

21         **THE COURT:**  You know I'm eligible for senior status.

22  I may keep those dates in mind.

23         And how does that parallel, if at all, with the MDL?

24  You said you're -- are you conducting -- I know they're not

25  coordinated cases directly, but I think the discovery is being

22cv828 FTC v Syngenta  -- Motions Hearing  -- 2/28/25

1  coordinated in some fashion.

2          **MS. MALTAS:**  We're coordinating discovery with the

3  MDLs and also with the State of Arkansas.  So their discovery

4  cuff-off for the MDL also ends on July 22.  They're, of course,

5  going to have to brief class certification issues, which we

6  won't have in this case.  So at some point our schedules will

7  diverge, but we are endeavoring to coordinate discovery as much

8  as possible.

9          **THE COURT:**  Okay.  All right.  That's helpful.  Thank

10 you.

11         **MR. MARRIOTT:**  Thank you, Your Honor.

12         **THE COURT:**  All right.  Well, there's a decent chance

13 I'm going to wait at least on part of this, if not all of it,

14 because I don't see that anybody's argued any prejudice from my

15 doing that.  And if I decide any of it, I will issue an order

16 to that effect.  Otherwise, I'll put something in the record as

17 to what -- if I decide just to hold on it and reserve on it, I

18 may wait, subject to it being renewed.  We'll see.  All right.

19         Thank you all for coming in.  I appreciate it.

20         **MR. MARRIOTT:**  Thank you, Your Honor.

21         **MS. MALTAS:**  Thank you, Your Honor.

22      (END OF PROCEEDINGS AT 11:51 A.M.)

23

24                        ******

25

1   UNITED STATES DISTRICT COURT

2   MIDDLE DISTRICT OF NORTH CAROLINA

3   CERTIFICATE OF REPORTER

4

5

6          I,  Briana L. Chesnut, Official United States Court

7   Reporter, certify that the foregoing transcript is a true and

8   correct transcript of the proceedings in the above-entitled

9   matter prepared to the best of my ability.

10

11         Dated this 26th day of September 2025.

12

13                    _Briana L. Chesnut_

14         _____

15         Briana L. Chesnut, RPR
           Official United States Court Reporter

16

17

18

19

20

21

22

23

24

25