# Exhibit B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | Case No. 1:23-md-3062-TDS-JEP |

## ORDER

These matters came before the Court for Status Conferences and Motion Hearings on July 16, 2025. The Court now memorializes its rulings below.

I.  <u>Fact Discovery Scheduling</u>

In both matters, the Court granted the Parties' Joint Consent Motion for Leave to conduct Two Third-Party Depositions After the Close of Fact Discovery [MDL Doc. #256,

FTC Doc. #334], as well as Syngenta's oral request to take the deposition of Farmers Business Network ("FBN") after the close of fact discovery. In addition, in the MDL Matter, the Court granted Syngenta's Consent Motion for Leave to Take Third-Party Deposition After the Close of Discovery [Doc. #257]. As a result:

- The Parties have until July 23, 2025 to conduct the 30(b)(6) deposition of Bayer CropScience.
- The Parties have until August 1, 2025 to conduct the 30(b)(1) deposition of Dean Hendrickson.
- Syngenta has until July 23, 2025 to conduct the deposition of FBN.
- Syngenta has until August 29, 2025 to take the deposition of third-party Atticus LLC.

In addition, if the Rule 30(b)(6) deposition of Corteva is re-opened in the parallel Arkansas Matter (State of Arkansas v. Syngenta Crop Protection AG, et al., No. 4:22-cv-1287-BSM (E.D. Ark.)) to allow questioning of Brian Bishop, the Parties may attend as provided in the Discovery Coordination Order. Fact discovery otherwise closes on July 22, 2025 in the FTC action and on July 25, 2025 in the MDL action, except as specifically provided herein.

The Court also granted the Parties' oral requests for additional time to meet and confer and file motion(s) to compel as necessary following the close of fact discovery with respect to discovery which remains outstanding or for which discussions are ongoing, as discussed during the hearing. The deadlines for the Parties to file any such motions are set out in the table below.

| Event | Deadline |
|---|---|
| Motions to Compel | August 29, 2025 |
| Responses to Motions to Compel | September 12, 2025 |
| Replies to Motions to Compel | September 19, 2025 |
| Joint Status Reports | October 1, 2025, 2:00 p.m. EST |
| Hearing on Motions to Compel | October 3, 2025, 10:30 a.m. EST |

Finally, the Court also granted MDL Plaintiffs' request to extend the mediation deadline to October 2, 2025.

II. Motion to Compel in the FTC Matter

With respect to matters before the Court in just the FTC Matter, the Court orally denied Plaintiffs' Motion to Compel Written Discovery Responses from Syngenta Defendants [Doc. #322] for the reasons stated in open court. As discussed at the hearing, Syngenta has denied each of the Requests for Admission at issue in the Motion.

III. Motions to Seal in the MDL

The Court also granted two Motions to Seal by Syngenta [Doc. #216, #251]. The documents subject to the motions to seal [Doc. #197, #217, #246] will remain sealed on the docket for the reasons set out during the hearing, but the remaining sealed documents for which no motion to seal was filed [Doc. #178, #184, #189, #194, #195, #196] will be unsealed.

IV. Motion to Amend in the MDL

In addition, in the MDL, the Court heard argument on Plaintiffs' Motion for Leave to File Amended Consolidated Complaint [Doc. #230]. Plaintiffs' proposed amended complaint makes ministerial corrections to the names of certain plaintiffs, adds three named plaintiffs, removes three other named plaintiffs, removes the claim involving the Syngenta AI paraquat, and adds a claim with respect to the Corteva AI methoxyfenozide. Syngenta did not oppose the proposed amendment, and Corteva objected only to Plaintiffs' proposal to add a claim involving the AI methoxyfenozide.

After hearing argument, the Court ultimately allowed the Motion to Amend. In reaching that conclusion, the Court first found that the Motion to Amend was timely under the Scheduling Order in this case. Specifically, the Scheduling Order, as agreed upon, originally allowed Plaintiffs until December 6, 2024 to amend the pleadings. The Parties later submitted a consent motion to extend that deadline to March 15, 2025, which the Court allowed. The Order allowing that extension did not limit amendments to only those in response to a ruling on the Motion to Dismiss, and did not otherwise bifurcate the ability to amend. Therefore, the deadline in the Scheduling Order for seeking leave to amend was March 15, 2025. As it turned out, March 15 was a Saturday, and Plaintiffs reasonably filed the Motion to Amend on the next business day. In the circumstances, the Motion to Amend is timely under the Scheduling Order.

Therefore, the standard that applies is the standard set out in Federal Rule of Civil Procedure 15. Under Rule 15, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "leave to amend a pleading should be denied only where the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006).

In this case, the Court found no evidence of bad faith or deliberate delay. Plaintiffs reasonably established that they did not have complete information and documents to evaluate and support the new claim until receiving the document production on January 22, 2025, as well as the third-party productions in the weeks thereafter. Moreover, the trial is still over a year and a half away, so allowing the amendment will not delay the trial. Plaintiffs assured the

4

Court that they were not seeking any additional discovery, and that they would not oppose any additional time that Corteva might request to take discovery to address the new claim. In addition, and notably, the court in the parallel proceeding in the Eastern District of Arkansas recently granted a similar motion to amend and allowed the plaintiff in that case to add a claim against Corteva based on the AI methoxyfenozide, so that claim will be proceeding in that case in any event.

At the hearing, the Court acknowledged the burden on Corteva. To some extent, that burden is inherent in the addition of the claim and would have existed even if the claim had been included from the outset. Corteva did note the potential duplication of some discovery, particularly the need to seek additional third-party discovery, much of which has already been acquired with respect to the other AIs at issue. The Court acknowledged that concern, but noted that some of that burden would have existed if the claim had been added by the original agreed deadline of December 6, 2024, which was after the third-party discovery deadlines in October and November. In addition, the Court noted that it appears that at least some of the additional third-party discovery will already be necessary due to the addition of methoxyfenozide (as well as four additional AIs) in the parallel suit in the Eastern District of Arkansas. Ultimately, given all of these circumstances, the Court concluded that the potential prejudice to Corteva could be addressed by precluding Plaintiff from conducting any additional discovery, and allowing Corteva additional time to undertake whatever discovery it believes is necessary and appropriate to address the new claim. Corteva requested that this additional time for fact discovery extend through and until April 24, 2026, and the Court allowed that request.

5

Therefore, the Court granted Plaintiffs' Motion for Leave to File Amended Consolidated Complaint, with the understanding and agreement that Plaintiff would not seek any additional fact discovery, and with leave for Corteva to undertake whatever discovery it believes is necessary and appropriate to address the new claim, from now through April 24, 2026.

V.      Schedule for Remaining Proceedings

Finally, in the MDL case, the Court also considered the Parties' proposed schedules for class certification and merits expert discovery [Doc. #234, #239], and the Court adopted the schedule set out below, for the reasons discussed during the hearing:

| Event | Deadline |
|---|---|
| Mediation Deadline | October 2, 2025 |
| Plaintiffs' Motion for Class Certification and Supporting Expert Report(s) | November 21, 2025 |
| Defendants' Opposition to Motion for Class Certification and Supporting Expert Report(s) | January 23, 2026 |
| Plaintiffs' Reply in Support of Motion for Class Certification and Rebuttal Expert Report(s) | March 6, 2026 |
| Opening Merits Expert Report(s) | May 1, 2026 |
| Rebuttal Merits Expert Report(s) | July 31, 2026 |
| Reply Merits Expert Report(s) | August 31, 2026 |
| Merits Expert Depositions Completion Deadline | October 1, 2026 |
| Opening Summary Judgment Motion(s) | October 15, 2026 |
| Opposition to Motion(s) for Summary Judgment | November 16, 2026 |
| Reply to Motion(s) for Summary Judgment | December 18, 2026 |

As noted at the hearing, the deadlines in the FTC case remain as previously set:

| Event | Deadline |
|---|---|
| Expert Report on Plaintiffs' Claims and on Counterclaims and Affirmative Defenses as to which Defendants Bear the Burden of Proof | August 22, 2025 |
| Mediation Deadline | October 2, 2025 |
| Plaintiffs' and Defendants' Rebuttal Expert Report(s) | October 3, 2025 |
| Plaintiffs' and Defendants' Reply Expert Report(s) | October 31, 2025 |
| Close of Expert Discovery | November 21, 2025 |
| Opening Summary Judgment Motion(s) and Daubert Motions | December 19, 2025 |
| Opposition to Motion(s) for Summary Judgment/Daubert Responses | February 20, 2026 |
| Reply to Motion(s) for Summary Judgment/Daubert Replies | March 20, 2026 |

SO ORDERED.

This, the 18th day of July, 2025.

Joi Elizabeth Peake
United States Magistrate Judge