# Exhibit D

| | |
|---|---|
| **From:** | syngenta.rebatelit <syngenta.rebatelit-bounces@davispolk.com> on behalf of Kane, Patrick M. via syngenta.rebatelit <syngenta.rebatelit@davispolk.com> |
| **Sent:** | Wednesday, December 17, 2025 3:49 PM |
| **To:** | Gillen, Elizabeth A.; JesseM.Weiss-contact; syngenta.rebatelit; 'CropProtectionLitigation@lists.cravath.com'; Corteva Antitrust Litigation |
| **Cc:** | CP-ExclusionPayments_FTC-DL; 'pesticidesmultistate@ag.iowa.gov' |
| **Subject:** | RE: FTC v. Syngenta et al., 22-cv-00828 (M.D.N.C.) |

Elizabeth,

Syngenta is not in a position to provide a substantive response to this request by Plaintiffs' arbitrary deadline. Syngenta will provide the Court with its position in response to your motion. Thanks.

Pat

**Patrick M. Kane**
**Partner**

**Fox Rothschild LLP**

📍 Greensboro | Charlotte
📞 (336) 378-5352
📱 (336) 671-4600
✉ pkane@foxrothschild.com

Board Certified Specialist, Appellate Practice
North Carolina State Bar Board of Legal Specialization

---

**From:** syngenta.rebatelit <syngenta.rebatelit-bounces@davispolk.com> **On Behalf Of** Gillen, Elizabeth A. via syngenta.rebatelit
**Sent:** Wednesday, December 17, 2025 12:26 PM
**To:** JesseM.Weiss-contact <jweiss@cravath.com>; syngenta.rebatelit <syngenta.rebatelit@davispolk.com>; 'CropProtectionLitigation@lists.cravath.com' <cropprotectionlitigation@lists.cravath.com>; Corteva Antitrust Litigation <cortevaantitrustlitigation@ballardspahr.com>
**Cc:** CP-ExclusionPayments_FTC-DL <CP-ExclusionPayments_FTC-DL@ftc.gov>; 'pesticidesmultistate@ag.iowa.gov' <pesticidesmultistate@ag.iowa.gov>
**Subject:** [EXT] RE: FTC v. Syngenta et al., 22-cv-00828 (M.D.N.C.)

Counsel,

Following up on the guidance provided by Judge Peake at the October 3, 2025 status conference, Plaintiffs intend to move the Court for an order setting a trial in October 2026, with a limit of 80 hours of trial time.

Please let us know by noon on Friday, December 19 whether Defendants agree with our proposal. If Defendants propose a different time frame or trial length, please let us know the start date and/or number of hours Defendants will request.

Plaintiffs' motion will also propose that the total number of trial hours be split evenly between the sides, with Plaintiffs collectively receiving 50% of the trial time, and Defendants collectively receiving 50% of the trial time. We are available to discuss as needed.

Best regards,
Elizabeth

Elizabeth A. Gillen
Anticompetitive Practices Division
Bureau of Competition
Federal Trade Commission
egillen@ftc.gov
202-660-8516 (mobile)

---

**From:** Gillen, Elizabeth A.
**Sent:** Monday, September 29, 2025 6:17 PM
**To:** Jesse Weiss <jweiss@cravath.com>; syngenta.rebatelit <syngenta.rebatelit@davispolk.com>; 'CropProtectionLitigation@lists.cravath.com' <cropprotectionlitigation@lists.cravath.com>; Corteva Antitrust Litigation <cortevaantitrustlitigation@ballardspahr.com>
**Cc:** CP-ExclusionPayments_FTC-DL <CP-ExclusionPayments_FTC-DL@ftc.gov>; 'pesticidesmultistate@ag.iowa.gov' <pesticidesmultistate@ag.iowa.gov>
**Subject:** RE: FTC v. Syngenta et al., 22-cv-00828 (M.D.N.C.)

Jesse,

Thank you for your email. We respond to the points raised as follows:

1. **Trial Date.** The Government Plaintiffs disagree that it is premature to discuss a trial date. Requesting that a future trial date be set at this juncture will help guide further pretrial practice. As Defendants note, there are intermediate deadlines that may be keyed off a future trial date. Please provide the basis for Defendants' position that they "do not expect to have summary judgment decisions by September 2026." The Court may exercise its discretion to set the trial date, which will likely incorporate the Court's anticipated timelines for ruling on the summary judgment and jury trial motions. We strongly disagree that the existence of other actions with different schedules should affect the trial date in the Government Action, which was the first case filed in September 2022, three years ago. Public policy interests favor resolving government antitrust cases promptly and in advance of private litigation, as courts have repeatedly recognized. *See United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) ("[C]lear public policy" favors the "prompt resolution of Government antitrust claims to provide expeditious relief to the public[.]"); *FTC v. Vyera Pharms., LLC*, No. 20-cv-00706 (DLC), 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021) ("The parties and the public have a significant interest in resolving the issues raised by the [government] plaintiffs' claims with due expedition."). If Defendants would like to propose a different, reasonable trial date, the Government Plaintiffs will consider it. We do not, however, agree that the parties should wait until summary judgment rulings have been issued before raising the issue with the Court.

2. **Daubert Motions.** Relatedly, the Government Plaintiffs do not agree that the schedule for Daubert motions should be moved following summary judgment decisions. First, Defendants have never before raised the Daubert motion schedule—which has been set for some time now—during the discussion of deadlines that might be impacted by resolution of Corteva's jury trial demand. There have been many opportunities to do so, including in the various motions and cross-motions addressing the jury demand beginning in March 2024, at the February 2025 hearing when Corteva's jury demand was addressed and the parties were asked which other deadlines would be impacted, and at various other times that modifications to the schedule were discussed with the Court this year. Second, it would be impractical and unduly

burdensome for the Court and the parties to push the Daubert motions deadlines beyond summary judgment decisions. Because the outcome of Daubert briefing could narrow the scope of admissible evidence, there is a possibility that summary judgment motions would need to be re-submitted or addressed again by the Court following the resolution of any Daubert challenges.

3. **Expert Depositions**. The Government Plaintiffs do not agree that each individual party may be entitled to 7 hours of record time to depose each opposing expert. There will likely be considerable overlap in the deposition topics Defendants seek to cover with each expert, and as was emphasized during the fact discovery period, all parties must endeavor to work together to coordinate on related deposition topics and minimize duplicative questioning. Indeed, there are thirteen separate plaintiffs that make up the Government Plaintiffs, and we do not anticipate requesting 7 hours of record time for each Plaintiff to depose each Defendant expert (91 hours total). That said, we are willing to discuss a framework in which both Plaintiffs and Defendants would have an appropriate amount of additional questioning time beyond 7 hours for each expert, split among all opposing parties. We are unable to make a proposal at this time without knowing how many experts Defendants plan to disclose, and which topics they will address. Please let us know if you are willing to disclose this information in advance of Friday's rebuttal report deadline. We are otherwise willing to discuss the time limits of expert depositions next week, circumstances permitting.

4. **Summary Judgment Word Count.** The Government Plaintiffs do not consent to an expansion of the word count limit that would result in Defendants collectively receiving nearly *ten times* the normal word court. Local Rule 7.3(d) sets a word count limit of 6,250, which expressly applies to summary judgment briefing. *See* LR 56.1(c) ); *see also Guessford v. Pa. Nat'l Mutual Casualty Ins. Co.*, No. 1:12CV260, 2013 WL 12136501, at *1–2 (M.D.N.C. May 24, 2013) ("[T]he page limitations imposed within the Local Rules facilitate the equitable and efficient adjudication of motions by the Court."). Generally, the limits set in Local Rule 7.3 are strictly enforced. *See, e.g.*, *Volvo Group N.A. v. Forja De Monterrey S.A. de C.V.*, No. 1:16-cv-114, 2019 WL 13181380, at *1 (M.D.N.C. May 5, 2019) (recounting that the court previously denied the parties' motion to increase word count for summary judgment briefing, and then ordering Defendant to consolidate its multiple briefs to under 6,250 words). In the spirit of compromise, however, the Government Plaintiffs would not oppose a motion to expand the word limits for summary judgment as follows: submissions (including legal briefing and statements of material facts) may be up to 12,500 words each, and replies up to 6,250 words each. If Plaintiffs opt to submit a joint opposition to Defendants' respective motions, that submission may be up 25,000 words.

Please let us know if you are available to meet and confer on these points tomorrow, September 30. We also plan to memorialize these positions in a draft joint status report, which we will send you tomorrow.

Best regards,
Elizabeth

Elizabeth A. Gillen
Anticompetitive Practices Division
Bureau of Competition
Federal Trade Commission
egillen@ftc.gov
202-660-8516 (mobile)

---

**From:** Jesse Weiss <jweiss@cravath.com>
**Sent:** Friday, September 26, 2025 3:32 PM
**To:** Gillen, Elizabeth A. <egillen@ftc.gov>; syngenta.rebatelit <syngenta.rebatelit@davispolk.com>; 'CropProtectionLitigation@lists.cravath.com' <cropprotectionlitigation@lists.cravath.com>; Corteva Antitrust Litigation <cortevaantitrustlitigation@ballardspahr.com>

**Cc:** CP-ExclusionPayments_FTC-DL <CP-ExclusionPayments_FTC-DL@ftc.gov>; 'pesticidesmultistate@ag.iowa.gov' <pesticidesmultistate@ag.iowa.gov>
**Subject:** RE: FTC v. Syngenta et al., 22-cv-00828 (M.D.N.C.)

Elizabeth:

We write to follow up your note below regarding trial dates as well as other issues. We can be available to meet and confer.

1. Trial Date: We do not agree that a September 2026 trial date for the FTC Action makes sense. In particular, we think it is premature to discuss setting a trial date until we know whether any (and if so, which) claims will survive summary judgment; and as it relates to Corteva, the Court has stated that it will not decide Corteva's cross-motion for a jury trial until after the court rules on summary judgment, which will also impact the scope of trial proceedings. Based on our experience litigating in MDNC, we do not expect to have summary judgment decisions by September 2026, let alone far enough in advance for that to be a sensible trial date. It would be inefficient to proceed with extensive pretrial practice prior to having those decisions to inform the scope of any necessary trial. We also point out that the timelines you cite below are aspirational in MDNC, but rarely adhered to in a case with a record of the size and complexity that will be presented to the Court in this case. The text order that you cite is from a unique case with three federal judges assigned that has particular time pressure because the result will impact federal elections. Moreover, as you know, the FTC Action is only one of three lawsuits, and these other cases have expert report, summary judgment, and class certification briefing through at least the end of 2026. We are sensitive to the fact that each case needs to progress individually, but there are practical constraints on the ability of counsel, our clients, and our experts to head to trial (particularly where the ultimate scope of trial is not likely to be determined yet) in the midst of significant undertakings in the other lawsuits. In sum, we think it is premature to discuss trial dates.

2. Daubert Motions: For similar reasons, Defendants propose that Daubert motions be moved to a timeline following a summary judgment decision and keyed off of a future trial date (if one is needed). Corteva, in particular, needs to know whether the trial will be before a jury or the Judge in order to determine the appropriate scope and substance of any Daubert motions

3. Expert Depositions: Defendants' position is that each Defendant be entitled to 7 hours of record time to depose each Plaintiff expert, and that the Plaintiffs be entitled to 7 hours of record time to depose each Defendant expert. Please let us know if you agree.

4. Summary Judgment Word Count: We propose that Plaintiffs and each Defendant receive 30,000 words for opening summary judgment briefs, and 15,000 words for reply briefs. Please let us know if you agree.

Best regards,
Jesse

---

**From:** Gillen, Elizabeth A. (via CropProtectionLitigation list) <CropProtectionLitigation@lists.cravath.com>
**Sent:** Monday, September 22, 2025 5:34 PM
**To:** syngenta.rebatelit <syngenta.rebatelit@davispolk.com>; 'CropProtectionLitigation@lists.cravath.com' <cropprotectionlitigation@lists.cravath.com>; Corteva Antitrust Litigation <cortevaantitrustlitigation@ballardspahr.com>
**Cc:** CP-ExclusionPayments_FTC-DL <CP-ExclusionPayments_FTC-DL@ftc.gov>; 'pesticidesmultistate@ag.iowa.gov' <pesticidesmultistate@ag.iowa.gov>
**Subject:** FTC v. Syngenta et al., 22-cv-00828 (M.D.N.C.)

Counsel,

Looking ahead, we would like to start building out a case schedule for the post-summary judgment period to enable all parties to plan ahead and allow this case to proceed efficiently. Specifically, we would like to propose to the Court that a trial date be set for September 2026. This is approximately six months after summary judgment briefing is complete, which we understand is consistent with Judge Schroder's scheduling preferences. *See* Text Order issued by Judge Allison Jones Rushing, Judge Richard E. Myers II, and Judge Thomas D. Schroeder, *Williams et al. v. Hall et al.*, 1:23-cv-01057-TDS-JLW (M.D.N. C. May 1, 2024) ("Trials are ordinarily set 6 to 8 months after the close of discovery, which is usually 4 to 6 months after Rule 56 motions are fully briefed."). The Government Plaintiffs believe this would allow for ample time to exchange pre-trial disclosures, brief motions *in limine*, and complete other pre-trial activities.

Please let us know by next Monday, September 29, whether Defendants will join our request for a September 2026 trial date. We are available to discuss this week as needed. We plan to raise this request in next week's joint status report and at the upcoming conference.

Best regards,
Elizabeth

Elizabeth A. Gillen
Anticompetitive Practices Division
Bureau of Competition
Federal Trade Commission
egillen@ftc.gov
202-660-8516 (mobile)

To unsubscribe from this list please go to
https://lists.cravath.com/confirm/?u=ZHFvbNSWNpxwispLSyH7AlVjehNeLNTQ

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.