# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>    Defendants. | Case No. 1:22-cv-00828-TDS-JEP<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO SET A TRIAL DATE** |

Plaintiffs filed the present motion to avoid unnecessary delay and provide an efficient path to trial. This is in keeping with Magistrate Judge Peake's suggestion, local practice, and the Court's expressed intention to progress this litigation. Plaintiffs first sought in good faith to reach a common understanding among the parties rather than burden the Court with motions practice. But Defendants opposed even discussing a trial date with Plaintiffs, giving no substantive response to Plaintiffs' inquiries—quite simply, preferring to delay. Defendants claim that unresolved, and in some cases unraised, procedural questions justify deviating from this Court's ordinary practice of setting a trial

date at the summary judgment stage. They further claim to be prejudiced by a trial date in October 2026 (a full four years after the initial complaint was filed), accusing Plaintiffs of gamesmanship for seeking to advance the litigation.

Neither of these are reasons to delay. Setting a trial date will help move the litigation along, waiting will not. All the problems identified by Defendants can be addressed by the Court if and when they arise. For these reasons, and for the further reasons that follow, Plaintiffs respectfully request that the Court grant the motion.

## ARGUMENT

### I. IT IS NOT PREMATURE TO SET A TRIAL DATE

Defendants assert that it is premature to set a trial date. This is incorrect as a matter of policy and local practice, and setting a trial date will advance the public's interests in judicial economy and in addressing ongoing harm to consumers.

Defendants admit, but have no answer to, the fact that setting a trial date prior to deciding summary judgment is consistent with this Court's regular practice. *See* Doc. 354 (Hearing Tr.) at 25–26 ("[B]y practice in this district cases are often set for trial even if you don't know what the results of summary judgment are going to be, and the obligation is to go ahead and prepare for trial . . . ."); *see also* Syngenta Opp. at 4 (Doc. 404) (acknowledging the district practice). And it is even more appropriate in a government antitrust enforcement action, where the public interest in prompt relief from ongoing anticompetitive conduct is particularly strong. *See* Mem. at 4 (Doc. 401).

Instead, Defendants claim that it would be "wasteful" or "particularly inefficient" to set a trial date prior to deciding summary judgment and *Daubert* motions in this case. Corteva Opp. at 3 (Doc. 403); Syngenta Opp. at 4 (Doc. 404). But there are no reasons specific to this case that would counsel in favor of waiting to set a trial date until after a decision on summary judgment and *Daubert* motions. Plaintiffs, of course, strongly dispute that Defendants' summary judgment motions are "likely to be successful in full." Syngenta Opp. at 4 (Doc. 404). To the contrary, the motions do not reveal any legal or factual basis to dismiss Plaintiffs' case at this stage, and Plaintiffs look forward to presenting their claims at trial. It would be much more efficient to set a trial date and allow the parties to make use of the time following completion of summary judgment and Rule 702 briefing to prepare for that trial. And in the unlikely event that the Court grants summary judgment for some or even all issues raised by Defendants, a trial plan can and will be modified.

The cases cited by Defendants present very different situations from this one. For example, the plaintiffs in *In re Copaxone Antitrust Litigation* moved for a trial date before the district court had even ruled on the defendants' motion to dismiss and their proposed trial date was only four months after the scheduled close of summary judgment briefing, as opposed to the six-month gap in Plaintiffs' proposal. *See* No. 2:21-cv-13087, 2024 WL 5203037, at *2 (D.N.J. Nov. 25, 2024). Defendants' other cited cases involve similarly premature requests for a trial date, in contrast to the present case where the parties have completed discovery and initial summary judgment briefing. *See*

*McCormack v. Actavis Totowa, LLC*, No. 2:09-cv-00671, 2011 WL 3047735, at *4 (S.D. W. Va. July 25, 2011) (denying plaintiffs moving to set a trial date prior to the close of discovery while also moving for an extension of the discovery period); *Shurtape Techs., LLC v. 3M Co.*, No. 5:11-cv-17, 2013 WL 789984, at *2 n.4, *3 (W.D.N.C. Mar. 4, 2013) (setting a 3-month window for trial before the close of expert discovery and denying defendant's request for a stay pending resolution of related patent disputes to prevent delay prejudicial to plaintiff); Joint Status Report at 2–3, *FTC v. Meta Platforms*, No. 1:20-cv-03590-JEB (D.D.C. Feb. 21, 2024), Doc. 322 (refraining from requesting concrete trial date due to court's regular practice of awaiting resolution of summary judgment); Ex. A,[1] Minute Order, *FTC v. Meta Platforms*, No. 1:20-cv-03590-JEB (D.D.C. Nov. 13, 2024), Doc. 383 (scheduling trial date discussions after resolution of summary judgment).[2]

Defendants' attempts to invoke Corteva's still-pending, untimely jury trial demand and Defendants' threatened (but not filed) motions for separate trials also do not justify delay. Setting a trial to begin in October 2026 ensures that a trial will begin in October 2026—whether it is a trial against two Defendants or one Defendant, and whether before

---

[1] The cited exhibits are attached to the Declaration of Elizabeth A. Gillen filed concurrently with this memorandum.

[2] Corteva also cites a case in which the district court had already ruled on summary judgment but delayed setting a trial date to permit a joint trial with two other consolidated cases (brought by the same plaintiff) "once dispositive motions in those cases are resolved." *Evans v. Deacon*, No. 3:11-cv-00272, 2021 WL 1204132, at *3 (D. Or. Mar. 30, 2021). Unlike in *Evans*, this action is not consolidated with the ongoing MDL and Arkansas actions and there is no reason to delay this action's trial date.

a jury or a judge can all be determined when those issues are ripe. The Court can always modify the trial plan in light of the resolution of these matters. What it should not do is forgo a trial plan altogether because of the possibility that it may need to be changed.

Deferring a trial date based on a still to be filed motion for separate trials is particularly inappropriate. Defendants have been threatening to move for separate trials since at least April 2024 and have still not filed their motion. Defendants' 26(f) report at 14 (Doc. 181). If Defendants were serious about asking for this relief, they should have filed their motion and allowed the Court to rule, not use the threat to prevent the advancement of this litigation.

And to be clear, Plaintiffs intend to oppose any motion for separate trials. As Corteva concedes, the coordination of discovery with both defendants in this case has served "to promote judicial efficiency and to conserve resources." *See* Corteva Opp. at 5 (Doc. 403). A single trial would do the same. The claims against Syngenta and Corteva involve common issues of law, common facts, common documentary and testimonial evidence. Moreover, the conduct challenged by the Complaint includes agreements to which Corteva and Syngenta are both parties. Separate trials would needlessly delay resolution, multiply demands on the court's resources, risk inconsistent outcomes, and inconvenience numerous third-party witnesses, to say nothing of any potential prejudice to Plaintiffs.[3]

---

[3] Both Rule 20 and Rule 42 require some showing of delay, expense, or prejudice to justify bifurcating a matter. *See* Fed. R. Civ. P. 20, 42. And "Supreme Court precedent

Finally, the complexity of this case does not require a delay in setting a trial date. *See* Syngenta Opp. at 6 (Doc. 404). On the contrary, having an established trial date during the pendency of summary judgment motions would place this case squarely within the norm for major antitrust actions. *See, e.g.*, Ex. B, *Epic Games, Inc. v. Google LLC*, No. 20-cv-5671 (N.D. Cal. Jan. 30, 2023), Doc. 379 (setting trial 4 months, 9 days before close of summary judgment briefing); Ex. C, *Epic Games, Inc. v. Apple, Inc.*, No. 20-cv-5640 (N.D. Cal. Oct. 6, 2020), Doc. 116 (5 months, 25 days before close of expert discovery, no summary judgment briefing); Ex. D, *FTC v. Qualcomm Inc.*, No. 5:17-cv-220 (N.D. Cal. Dec. 13, 2017), Doc. 389 (9 months, 22 days before close of summary judgment); Ex. E, *United States v. Google LLC*, No. 23-cv-108 (E.D. Va. Feb. 5, 2024), Doc. 525 (3 months, 26 days before close of summary judgment briefing); Ex. F, *United States v. Google LLC*, No. 1:20-cv-3010 (D.D.C. Feb. 3, 2021), Doc. 108 (24 months, 24 days before close of summary judgment briefing); Ex. G, *FTC v. Vyera Pharms., LLC et al.*, No. 1:20-cv-706 (S.D.N.Y. Apr. 1, 2021), Doc. 409 (5 months, 2 days before close of summary judgment briefing).

---

and pertinent cases within the Fourth Circuit establish that courts should favor joinder of parties within a single case." *White v. City of Greensboro*, No. 1:18-cv-00969, 2022 WL 3139952, at *5 (M.D.N.C. Aug. 5, 2022) (citations omitted).

## II.  IT IS NOT UNDULY PREJUDICIAL TO SET A TRIAL BEGINNING IN OCTOBER 2026

Defendants claim that setting an October 2026 trial date would cause them undue prejudice because of deadlines in other litigations—the MDL action before this Court and the Arkansas action in the District of Arkansas.[4] But Corteva and Syngenta do not point to any concrete reasons why they would be unable to mount a full and fair defense in an October 2026 trial. Fact discovery in this matter has been closed since July 2025, expert discovery since November 2025, and dispositive motions will be fully briefed in March 2026. *See* Doc. 315 (Stipulated Order) at 4; Doc. 335 (Order) at 7. The mere fact that Defendants have concurrent obligations in other litigations is not determinative. Defendants cite no authority to the contrary. Nor could they. We assume that Corteva and Syngenta have many other pending litigations, as do Plaintiffs.

Further, it is not appropriate to set trial in this case based on the schedule in Arkansas because the court in the Arkansas Action allowed amendment of the complaint to add active ingredients, significantly extended discovery, and could extend deadlines again. *See* Ex. H, Text Order, *Arkansas v. Syngenta Crop Protection AG, et al.*, No. 4:22-cv-1287-BSM (E.D. Ark. Jul. 2, 2025, and Oct. 15, 2025), Doc. 163 (granting leave to file amended complaint); Ex. I, Order, *Arkansas v. Syngenta Crop Protection AG, et al.*,

---

[4] *See In re: Crop Protection Prods. Loyalty Program Antitrust Litig.*, No. 23-MD-3062-TDS-JEP (M.D.N.C.); *State of Arkansas v. Syngenta Crop Protection AG, et al.*, No. 4:22-cv-1287- BSM (E.D. Ark.).

No. 4:22-cv-1287-BSM (E.D. Ark. Oct. 15, 2025), Doc.244 (extending close of expert discovery to June 30, 2026, and close of summary judgment briefing to the later of Oct. 30, 2026, or 45 days after summary judgment ruling in this action). It is clearly inappropriate to indefinitely delay resolution of *this* action based on scheduling conflicts with the Arkansas Action. And Defendants' suggestion that this action should be slowed to accommodate proceedings in the MDL action gets the prioritization exactly backwards. Advancing this action not only will hasten "relief to the public for conduct adjudged illegal," but also will promote judicial efficiency by hastening resolution of the MDL action. *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) (government actions should be prioritized in part because their resolution has the effect of "fostering settlement" in related private actions).

It also does not follow that the prejudice to Defendants, if any, of an October 2026 trial setting justifies waiting until after Rule 56 and 702 motions are decided to set a trial date, or to even discuss pre-trial procedures. At most it means identifying a different date consistent with fairness and expediency. This has been Plaintiffs' goal all along. Plaintiffs repeatedly asked Defendants to suggest trial dates that would be acceptable to them. Defendants did not offer any dates until their opposition brief, and only in the vaguest terms, proposing the "first quarter of 2027" (Corteva Opp. at 7) and "second quarter of 2027" (Syngenta Opp. at 2–3). Although there is no call to delay this matter into 2027, much less to June 2027 (*21 months* after the close of fact discovery) as Syngenta

8

suggests, setting any appropriate trial date would allow the parties to coordinate on pre-trial procedures and enable this long running matter to proceed more efficiently.

Finally, Syngenta's claim that Plaintiffs selected the October 2026 date and "delayed" in bringing this motion to "gain a strategic advantage" is belied by the record of the parties' communications on this issue. Plaintiffs have been trying to meet and confer and discuss the specifics of trial date and length with Defendants since September. *See* Ex. J (party correspondence from Sep. 22–30, 2025), at 4 (Sep. 22, 2025, email from FTC to Syngenta and Corteva counsel). Counsel for Corteva declined to join the request and objected to the 2026 dates without proposing any alternative dates. *See* Ex. J at 3–4 (Sep. 26, 2025, email from Corteva counsel to FTC counsel). Syngenta counsel did not engage in discussion and did not respond to any proposed dates. *See* Ex. J.

Plaintiffs then raised the trial date issue in an October 1, 2025, joint status report to Magistrate Judge Peake, to which Defendants responded and opposed the request. *See* Doc. 344 (Joint Status Report) at 1–2. Judge Peake suggested that Plaintiffs submit a motion requesting a trial date in November or December 2025. *See* Doc. 354 (Hearing Tr.) at 25–26.

Plaintiffs prepared the instant motion as Judge Peake instructed and gave Defendants yet another opportunity to meet and confer on the requested trial date and duration. *See* Ex. K (party correspondence from Sep. 22–Dec. 17, 2025) at 1–2 (Dec. 17, 2025, email from FTC counsel to Syngenta and Corteva counsel). The same day, Syngenta counsel responded and refused to take a position on trial date or duration. *See*

9

Ex. K at 1. Indeed, Plaintiffs waited until December 23 to actually file the motion, thus giving Syngenta four additional days after it filed its summary judgment and *Daubert* motions to weigh in on the proposal. It did not. Over the past 4 months, Syngenta has had "meaningful time . . . to discuss the various complicating factors described herein that will influence the setting of a trial in this action" (Syngenta Opp. at 11 (Doc. 404)) and has chosen not to do so. It has not been prejudiced by Plaintiffs' timely bringing of this dispute to the Court.

## **CONCLUSION**

Plaintiffs' motion to set a trial date should be granted.

Dated:  January 27, 2026                           Respectfully submitted,

   /s/ Allyson M. Maltas
ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

JOSEPH R. BAKER
WESLEY G. CARSON
ELIZABETH A. GILLEN
PATRICIA C. JERJIAN
MICHAEL J. TURNER

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Conor J. May
CONOR J. MAY
ARIC J. SMITH
Assistant Attorneys General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 9th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Aric.Smith@coag.gov
Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

ALEX KAPLAN
RYAN CAUGHEY
ADAM CARLIS
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Email: akaplan@susmangodfrey.com
rcaughey@susmangodfrey.com
acarlis@susmangodfrey.com

BETSY ARONSON
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
Email: baronson@susmangodfrey.com

*Attorney for Plaintiff State of Illinois*

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Jennifer Linsey
JENNIFER LINSEY
CHRISTI FOUST
JESSE MOORE
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (463) 261-7401
Email: Jennifer.linsey@atg.in.gov
christi.foust@atg.in.gov
jesse.moore@atg.in.gov
scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
jason.pleggenkuhle@ag.state.mn.us
elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Justin McCully
JUSTIN MCCULLY
Office of the Attorney General of Nebraska
1445 K St. Room 2115
Lincoln, NE 68508
Telephone: (402) 471-9305
Email: Justin.McCully@nebraska.gov

ALEX KAPLAN
RYAN CAUGHEY
ADAM CARLIS
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Email: akaplan@susmangodfrey.com
rcaughey@susmangodfrey.com
acarlis@susmangodfrey.com

BETSY ARONSON
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
Email: baronson@susmangodfrey.com

*Attorneys for Plaintiff State of Nebraska*

/s/ Rachel K. Sowray
RACHEL K. SOWRAY
Senior Assistant Attorney General
Antitrust, False Claims, & Privacy Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 689-0249
Email: Rachel.Sowray@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
Austin Kinghorn
Deputy Attorney General for Civil Litigation
WILLIAM SHIEBER
Senior Staff Attorney, Antitrust Division
PAIGE ETHERINGTON
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street, 7th Floor
Austin, TX 78701
Telephone: (512) 463-1710
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of
Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State*
*of Washington*

/s/ Caitlin M. Madden
CAITLIN M. MADDEN
LAURA E. MCFARLANE
Assistant Attorneys General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 3,125 words, excluding the exempted portions, as reported by word processing software.

Dated: January 27, 2026

/s/ Allyson M. Maltas

ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov