IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:22-cv-828

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, et al., <br><br> Defendants. | **BRIEF IN SUPPORT OF SYNGENTA'S MOTION TO STRIKE THE EXPERT REPLY REPORT OF NANCY A. MATHIOWETZ** |

Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC (collectively, "Syngenta") submit this brief in support of their Motion to Strike the Expert Reply Report of Dr. Nancy A. Mathiowetz.

## NATURE OF THE MATTER AND RELEVANT FACTS

This Court issued a series of scheduling orders that, among other things, established and modified deadlines for the Parties to disclose expert reports. (Doc. Nos. 195 at 3, 7; 260 at 7; 315 ¶ 4). These deadlines were sequenced in three stages: first for opening expert reports, then for rebuttal reports to the opening reports, and finally for reply reports to those rebuttals. (*Id.*) Under the operative order, expert reply reports were due

1

October 31, 2025.  (Doc. No. 315 ¶ 4).

On August 22, 2025, Plaintiffs disclosed two experts relevant to this Motion: C. Scott Hemphill and Loren K. Smith.  At the same time, Plaintiffs served opening expert reports from both Hemphill and Smith.

Then, on October 3, 2025, Syngenta disclosed Jonathan Orszag as a rebuttal expert to Hemphill and Smith, contemporaneously serving a rebuttal expert report.  (*See* Orszag Rebuttal Report, Ex. A).  In that rebuttal report, Mr. Orszag examined the Hemphill and Smith opening reports and offered his expert economic opinion on the accuracy and utility of those reports as related to Plaintiffs' claims in this lawsuit.

After disclosure of the opening and rebuttal expert reports, the Parties commenced efforts to schedule depositions of the eight experts that had been disclosed by the Parties as primary and/or rebuttal experts. Despite the best efforts of counsel, it became apparent that scheduling depositions of all eight experts prior to the November 21 expert discovery deadline was not viable.  So, on October 30, 2025, the Parties filed a joint motion to extend that deadline.  (Doc. No. 355).

The Parties' joint motion sought an extension of the expert discovery deadline by two weeks, with one of those weeks being the week of the Thanksgiving holiday.  (*Id*. ¶ 4).  The Parties' motion represented to this

Court (out of an agreement reached based, in part, on Defendants' understanding that Plaintiffs would have only two experts, Hemphill and Smith) that the requested extension was necessary to take the depositions of the "total of eight (8) testifying experts." (*Id.*).

On October 31, the day after the Parties filed their joint motion, Plaintiffs unexpectedly attempted to designate a new expert, serving an expert "reply" report by Dr. Nancy A. Mathiowetz to Syngenta's expert Mr. Orszag's rebuttal report. (*See* Mathiowetz Reply Report, Ex. B). Dr. Mathiowetz had not authored either of the opening reports disclosed by Plaintiffs in August, which Mr. Orszag rebuts in his rebuttal report. Instead, Dr. Mathiowetz' reply report represented her first appearance in this case—now the ninth disclosed expert. The Mathiowetz reply report purports to address the opinions set forth in Mr. Orzag's rebuttal report regarding the Hemphill and Smith reports that are based on survey data. (*Id.* ¶ 5).

On November 3, this Court granted the Parties the two-week extension of the expert discovery deadline, which the Parties had requested on October 30 in order to depose eight experts. (Doc. No. 356).

On November 5, Plaintiffs offered Defendants a single date on which Dr. Mathiowetz would be available for deposition in Chicago, Illinois:

November 19. (*See* Ex. C). Given the existing schedule previously agreed to by the Parties, the addition of Dr. Mathiowetz' deposition on that date would result in five depositions across four dates (three of which being Defendants' depositions of Plaintiffs' experts) across multiple cities. Indeed, conflicts during that week were a primary driver of the Parties' need to extend expert discovery through the Thanksgiving week and the following week in order to schedule the depositions of the eight previously disclosed experts.

## QUESTION PRESENTED

Should the Mathiowetz reply report be stricken as untimely and procedurally improper?

## ARGUMENT

A district court has inherent authority to control discovery. *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003). That authority includes the power to set discovery deadlines that are binding on the parties. *See Smithkline Beecham Corp. v. Abbott Lab'ys*, 2017 WL 11552660, at *4 (M.D.N.C. June 29, 2017) (explaining the latitude given the district court on discovery matters extends to the "manner in which it orders the course" of discovery (quoting *Ardrey v. UPS*, 798 F.2d 679, 682 (4th Cir. 1986))); *see also Kinetic Concepts, Inc. v. Convatec*, 2010 WL 1418312, at *2 (explaining that a

4

scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (quoting *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987))). And when a party fails to comply with discovery and expert disclosure deadlines, the district court has power to take corrective action, including striking an expert witness report. *See Scott v. Clarke*, 2014 WL 5386882, at \*1 (W.D. Va. Oct. 22, 2014); *see also Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005) (reiterating that a district court has "particularly wide latitude" to issue corrective sanctions because a party's failure to make timely disclosures "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case").

Plaintiffs' disclosure of Dr. Mathiowetz as an expert and service of her "reply" report were untimely and procedurally improper. Plaintiffs' attempt to inject a new expert offering a new opinion under the guise of a reply expert, months after the initial expert disclosure deadline had passed, violates Federal Rule of Civil Procedure 26(a)(2)(D), Local Civil Rule 16.1(e), and this Court's March 13 Stipulated Order (Doc. No. 315). Allowing the Mathiowetz reply report would be prejudicial to Syngenta, and any effort to cure that prejudice would upend the carefully crafted expert discovery schedule set by this Court and would require changes to other deadlines (such as those set for motions to

5

exclude experts and potentially for summary judgment motions).[1] Indeed, during the Parties' discussions about extension of the expert discovery period, had Plaintiffs been forthcoming that they were the very next day going to attempt to disclose a brand new expert, Syngenta at that time would have raised the impropriety of such disclosure and reconsidered the scope of the requested extension and the potential need to seek extensions of other deadlines. The Mathiowetz reply report should therefore be stricken.

Nor was it proper to inject new opinions in the guise of a "reply." There are two categories of expert witnesses: initial experts and rebuttal experts. *Boles v. U.S.*, 2015 WL 1508857, at *1 (M.D.N.C. Apr. 1, 2015). Initial experts offer opinions to establish a party's case-in-chief. *Id.* By contrast, a rebuttal expert may only "contradict or rebut evidence" offered by the opposing party's opening expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). A reply expert report, not explicitly contemplated by Rule 26, is an opportunity to defend the opening report's opinions from the rebuttal's attacks. *Charleston Med. Therapeutics, Inc. v. AstraZeneca Pharms. LP*, 2015 WL 12805687, at *2 (D.S.C. July 8, 2015)

---

[1] Allowing a new expert to be disclosed at the reply report stage would also establish precedent for the related MDL Action and encourage the Parties in that Action to continually disclose new experts, thereby placing the schedule for that litigation in peril as well. Changes to deadlines in this action could also lead to necessitating changes to the schedule in the MDL Action.

("A reply report is not a chance for a 'do over.'" (quoting *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004))). Thus, a reply expert report may not introduce new theories, *Boles*, 2015 WL 1508857, at *2, or opinions that differ from the expert's opening report, *Charleston Med. Therapeutics*, 2015 WL 12805687, at *2 (citing *Haskins v. First Am. Title Ins. Co.*, 2013 WL 5410531, at *2 (D.N.J. Sept. 26, 2013)). *Cf. Tyndall v. Maynor*, 288 F.R.D. 103, 108 (M.D.N.C. 2013) ("[R]eply briefs may not inject new grounds and . . . an argument that was not contained in the main brief is not before the Court." (cleaned up)); *Jarvis v. Stewart*, 2005 WL 3088589, at *1 (M.D.N.C. Nov. 17, 2005) ("[I]t is not appropriate to present such new argument in a reply.").

This system of disclosure ensures that a party has an opportunity to meet an opposing party's evidence. The rules governing expert disclosure "are designed to allow an opponent to examine an expert opinion for flaws and to develop counter testimony through that party's own experts." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 598 (4th Cir. 2003). Thus, when a party untimely discloses an expert or expert report in violation of a scheduling order, the court may sanction that party by excluding the expert's testimony. Fed. R. Civ. P. 16(f)(1)(C); *Akeva L.L.C. v. Mizuno Corp.* 212 F.R.D 306, 309 (M.D.N.C. 2002); *see also Boles*, 2015 WL 1508857, at *5 (explaining a "rebuttal" expert report that offers new opinion in the manner of

7

an opening expert report should be stricken).

That is what Plaintiffs did here. In her reply report, Dr. Mathiowetz ostensibly reviews portions of Mr. Orszag's rebuttal report and comments on his statistical analysis of the Stratus Focus Brands360 survey data. (Ex. B ¶ 18). In doing so, she offers her *own* opinion on the survey data considered by Mr. Orszag, the proper methods that might be applied to that data, and the appropriate conclusions to draw therefrom. Her opinion and theories do not appear in the opening expert reports she seeks to rehabilitate. Nor could they—she did not author those reports, and neither Hemphill nor Smith possess the qualifications to conduct such statistical analysis of survey data.[2] A reply report is meant to be an opportunity for the opening expert to defend his original report against the rebuttal, not a vehicle to introduce a new opinion from a separate expert.

Plaintiffs' late introduction of a new expert and a new expert opinion— long after the dates by which the parties were required to disclose their opening experts and rebuttal experts—unfairly prejudices Syngenta. While that prejudice could potentially be cured by allowing Mr. Orszag to prepare

---

[2] The survey data in question was produced in discovery and available to Hemphill and Smith at the time of their opening expert reports. (*See* Ex. A, Figures 10 & 11 and accompanying backup (including Bates-stamped Stratus surveys at "…Data\Raw\Stratus Survey" produced in discovery)).

8

and serve another rebuttal report, this time rebutting the newly disclosed Dr. Mathiowetz. Presumably Plaintiffs would then seek to serve a reply report from Dr. Mathiowetz, and only after that could Syngenta take her deposition. This process would necessarily extend well beyond the December 19, 2025 date (barely a month away) currently set for summary judgment and expert exclusion motions in this matter, (Doc. No. 355 ¶ 4), and would require extension of at least one, if not both, of those deadlines.

This result could have been avoided had Plaintiffs simply done what the law requires and what Defendants did: have the opening experts defend their own reports from rebuttal. If Plaintiffs believed Dr. Mathiowetz's particular opinion might be necessary to their case because neither Hemphill nor Smith have the requisite expertise to understand survey data, Plaintiffs could have disclosed her existence, qualifications, and anticipated opinion when they disclosed Hemphill and Smith. But they did not. And they should not now enjoy the benefit of a late-disclosed opinion to the prejudice of Syngenta and the destruction of the current case schedule.

Because the Mathiowetz reply report was untimely and procedurally improper, it should be stricken.

## **CONCLUSION**

For these reasons, the expert reply report of Dr. Nancy A. Mathiowetz

9

should be stricken, and Dr. Mathiowetz should be precluded from participating in any proceeding in this lawsuit, including trial. Alternatively, should the Court be inclined to allow Plaintiffs to seek to present Dr. Mathiowetz to provide expert witness opinions and testimony in this matter, Syngenta requests that it be allowed to serve a rebuttal report from Mr. Orszag to address Dr. Mathiowetz's new opinion and then take the deposition of Dr. Mathiowetz before trial.

Dated: November 10, 2025

Respectfully submitted,

*s/Patrick M. Kane*
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
Sean T. Placey
N.C. Bar No. 56683
splacey@foxrothschild.com

FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: 336.378.5200
Facsimile: 336.378.5400

Charles S. Duggan*
charles.duggan@davispolk.com
James I. McClammy*
james.mcclammy@davispolk.com
Mike Scheinkman*
michael.scheinkman@davispolk.com
Alison B. Miller*
alison.miller@davispolk.com
Daniel J. Thomson*
daniel.thomson@davispolk.com
David B. Toscano*
david.toscano@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

Benjamin M. Miller*
benjamin.miller@davispolk.com
Jesse Solomon*
jesse.solomon@davispolk.com
1050 17th Street, NW Washington, DC 20036
DAVIS POLK & WARDWELL LLP
Telephone: (202) 962-7133

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

11

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 6,250 words as reported by word processing software.

This the 10th day of November 2025.

*/s/Patrick M. Kane*
Patrick M. Kane