# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

FEDERAL TRADE COMMISSION,
STATE OF CALIFORNIA, STATE OF
COLORADO, STATE OF ILLINOIS,
STATE OF INDIANA, STATE OF IOWA,
STATE OF MINNESOTA, STATE OF
NEBRASKA, STATE OF OREGON,
STATE OF TENNESSEE, STATE OF
TEXAS, STATE OF WASHINGTON, and
STATE OF WISCONSIN,

        Plaintiffs,

    v.

SYNGENTA CROP PROTECTION AG,
SYNGENTA CORPORATION,
SYNGENTA CROP PROTECTION, LLC,
and CORTEVA, INC.,

        Defendants.

Case No. 1:22-cv-00828-TDS-JEP

**PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO SYNGENTA'S
MOTION TO STRIKE THE
EXPERT REPLY REPORT OF
DR. NANCY A. MATHIOWETZ**

Plaintiffs[1] submit this Brief in opposition to Syngenta's[2] Motion to Strike the Expert Report of Nancy A. Mathiowetz. That motion should be denied for three independent reasons. First, Dr. Mathiowetz's reply report was timely filed under the Scheduling Order and directly responds to rebuttal report of Syngenta's rebuttal expert Jonathan Orszag. Second, Syngenta cannot show any prejudice as a result of the filing of Dr. Mathiowetz's reply report. Third, Syngenta's counsel failed to comply with the meet and confer requirements under Local Rule 37.1(a).

## BACKGROUND

The Scheduling Order in this case was entered on April 18, 2024. Docket No. 195. It provides, in pertinent part, that "Expert Reports on Plaintiffs' Claims and on Counterclaims and Affirmative Defenses as to which Defendants Bear the Burden or Proof" were due on June 6, 2025. Docket No. 195 at p. 7. By Court order dated March 13, 2025, the deadline for submitting the initial expert reports was extended to August 22, 2025 (Docket No. 315), but that did not change the requirement that the reports due on that date were, in pertinent part, the "Expert reports on Plaintiff Claims." This point was confirmed by Judge Peake in an Order dated July 18, 2025. Docket No. 335, at p. 7.

---

[1] Plaintiffs are the Federal Trade Commission and the States of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin.

[2] For purposes of this Brief, Syngenta means defendants and movants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.

On August 22, consistent with the Scheduling Order, Plaintiffs served expert reports of Dr. C. Scott Hemphill and Dr. Loren K. Smith. Dr. Hemphill and Dr. Smith are the only experts Plaintiffs plan on calling in their case-in-chief.

On October 3, 2025, as called for in the Scheduling Order, Syngenta served the rebuttal expert report of Jonathan Orszag.[3] In that rebuttal report, Mr. Orszag relies on surveys conducted by Stratus, "a survey firm that routinely conducts surveys for Syngenta and other agricultural firms." Orszag Rebuttal Report ¶ 92. Mr. Orszag then uses information from the Stratus surveys to prepare a series of estimates about corn and soybean herbicides.[4] Neither Dr. Hemphill nor Dr. Smith rely upon, or even cite, the Stratus surveys in their August 22 reports.

On October 31, 2025, the date established for filing reply reports (Docket No. 315), Plaintiffs filed the expert reply report of Dr. Nancy Mathiowetz, a recognized expert in survey methodology.[5] In her reply report, Dr. Mathiowetz reviews the opinions Mr. Orszag derives from the Stratus reports and data in his rebuttal report and eviscerates them.

---

[3] Given the length of Mr. Orszag's report, for the Court's convenience, the at issue portions of the report are attached to this Brief as Exhibit 1.

[4] In his initial report, in a footnote, Mr. Orszag cites a Stratus Survey for the proposition that generic competition exists for a Syngenta product but does not in the initial report analyze that Stratus Survey or its data. August 22, 2025, Expert Report of Jonathan Orszag at 23 n.79.

[5] Dr. Mathiowetz's report without its exhibits is attached to this Brief as Exhibit 2.

For example, Mr. Orszag uses the Stratus reports and data to opine on "switching rates" for corn and soybean herbicides. Orszag Rebuttal Report ¶¶ 93 & 94.[6] Relying on her expertise in surveys, Dr. Mathiowetz shows that the Stratus data cannot be used to determine "switching rates" because the questions asked by Stratus and the resulting data provide <u>no</u> information about actual substitution. Specifically, Dr. Mathiowetz demonstrates that it "is inappropriate to use data from a survey that asked growers about products they considered to infer that the products 'considered' is indicative of product substitution." Mathiowetz Reply Report ¶ 19. Simply put, Orszag misuses the Stratus surveys.

Another example: Mr. Orszag states that he "look[ed] at growers that chose a Syngenta product (e.g., Acuron) and [saw] what other options they considered" and asserts that that this data shows that growers are not more likely to switch to herbicides with the same active ingredient (mesotrione). Orszag Rebuttal Report ¶ 92 & Figure 10. But as Dr. Mathiowetz points out, Mr. Orszag <u>excludes</u> from his report Syngenta products containing mesotrione that "were reported by growers as other products they actually considered." Mathiowetz Reply Report ¶ 35. As Dr. Mathiowetz then shows, when those products are not excluded, the Stratus data <u>supports</u> Plaintiffs' position that growers are more likely to switch among herbicides that contain the same active ingredient

---

[6] "Switching rate" is a term used by Mr. Orszag in the context of market definition to refer to the rate at which a grower would be likely to switch from a given first product to a given second product. Orszag Rebuttal Report ¶ 93.

(mesotrione) than to switch to an herbicide containing a different active ingredient. *Id.* ¶ 35 & Figure 4.

One final example: Mr. Orszag pools data from across various years of collection in his calculation of "switching rates" for corn herbicides, thus assuming that each year of data collection is an independent source of data. Dr. Mathiowetz shows that Mr. Orszag had no basis for this assumption and that, because of this false assumption, "individual grower[s] <u>may be double- or triple-counted</u> in the results," thus making Mr. Orszag's results derived from the Stratus data unreliable. Mathiowetz Reply Report ¶ 38 (emphasis added). In layperson's terms, Mr. Orszag stacked the deck.

On November 5, 2025, Plaintiffs informed Syngenta that Dr. Mathiowetz was available for deposition on November 19. Exhibit 3. That date fell within the court-ordered schedule for expert discovery and was a date on which no other expert deposition was scheduled.

On November 10, 2025, ten days after Plaintiffs served Dr. Mathiowetz's reply report, Syngenta filed the current motion to strike. Syngenta filed its motion without ever requesting a meet and confer conference, as required by Local Rule 37.1(a). No meet and confer conference was ever held by the parties.

Also on November 10, Syngenta purported to reserve its right to take the deposition of Dr. Mathiowetz, including after the December 5 close of expert discovery, should the court not grant its motion to strike. Exhibit 3. That same day, Plaintiffs responded that they were reserving their rights to object to Syngenta taking Dr.

4

Mathiowetz's deposition in an untimely manner, because "filing a motion does not generally toll a case management schedule." *Id.*

On November 14, after Syngenta's motion was filed, Plaintiffs offered Syngenta three additional dates that fall within the expert discovery period for Dr. Mathiowetz's deposition, but Syngenta rejected all three deposition dates. Exhibit 4.

## ARGUMENT

## I.   DR. MATHIOWETZ'S REPLY REPORT IS TIMELY AND APPROPRIATE

Plaintiffs agree with Syngenta on one point: the Court has inherent authority to control discovery in setting discovery deadlines. But Dr. Mathiowetz's reply report was served in compliance with the discovery deadlines set by the Court. Specifically, the Court's Scheduling Order required that reply reports be served on October 31, and Dr. Mathiowetz's reply report was served on October 31.[7]

Syngenta's argument appears to be that Dr. Mathiowetz's name should have been disclosed, and her report should have been served, on August 22, the date on which initial expert reports were due. Syngenta Brief at pp. 5-6 and 9 (Docket No. 359). This argument is simply wrong. Dr. Mathiowetz is not being called to testify in support of Plaintiffs' Claims in their case-in-chief, because Plaintiffs are not relying on the Stratus surveys in their case-in-chief.

---

[7] And even if the Court had been silent on the timing of reply reports, Dr. Mathiowetz's report was timely under the Federal Rules because it "is intended solely to contradict or rebut evidence on the same subject matter identified by another [expert witness]" and was disclosed "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii).

5

In fact, Plaintiffs could not have possibly disclosed Dr. Mathiowetz's opinions prior to receiving Mr. Orszag's rebuttal report for Syngenta, because Dr. Mathiowetz's reply opinions became relevant only after Mr. Orszag, in his rebuttal report, offered opinions based on the Stratus surveys. At that point, once Mr. Orszag had presented his analysis of the Stratus Surveys, Plaintiffs were well within their rights to have an expert on survey methodology explain how Mr. Orszag's misinterpreted the Stratus reports and data. Indeed, the Scheduling Order specifically allows "Reply Reports" — opinions that reply to positions set forth in rebuttal reports. And every part of Dr. Mathiowetz's 20 page report evaluates and replies to Mr. Orszag's rebuttal report. Syngenta's brief does not and cannot identify a single specific opinion of Dr. Mathiowetz that is not directly responsive to Mr. Orszag's opinions in his rebuttal report.

Because Syngenta fails to seriously contest that Dr. Mathiowetz's report is a reply, its motion to strike should be denied. Syngenta has cited <u>no</u> case in which a timely-filed reply report has been struck solely because the reply expert had not been previously identified.

Instead, many cases hold that a plaintiff can introduce a new expert in a reply report, so long as that new expert is being used solely to refute the position set forth by a defendant's expert in their rebuttal report — the exact situation here. *See Wyeth Holdings Corp. v. Sandoz, Inc.*, 2012 WL 13341004 (D. Del. Mar. 14, 2012) (denying a motion to strike an expert disclosed for the first time in a reply report because the reply report was focused on responding to discrete issues raised for the first time in the rebuttal report);

6

*Masimo Corp. v. Phillips Elec. North America Corp.,* 2016 WL 4394359 (D. Del. Aug. 15 2016) (same); *see also Probatter Sports, LLC v. Sports Tutor, Inc.*, 2020 WL 10433595, at *2 (D. Conn. Aug. 8, 2020) (finding that the majority of a newly disclosed reply expert's testimony was proper rebuttal and therefore admissible, but excluding the new expert from testifying on those portions of his report which did not contain proper rebuttal evidence); *Ford Motor Co. v. Versata Software, Inc*., Case No. 2:15-cv-10628, ECF No. 441 (E.D. Mich. Mar. 9, 2018) (Exhibit 5) (allowing newly disclosed reply expert to testify at trial, but not allowing new expert to address the same public disclosure references already addressed by party's initial expert), *rejecting recommendation of magistrate judge to exclude new expert*, 2018 WL 5306637 (E.D. Mich., Feb. 8, 2018)); *cf. In re Cathode Ray Tube (CRT) Antitrust Litig.,* 2015 WL 4451579 (N.D. Cal., Jul. 20, 2015) (denying a motion to strike an expert disclosed for the first time in a rebuttal report).

The Court's decision in *Wyeth Holdings Corp. v. Sandoz, Inc.*, 2012 WL 13341004 (D. Del., Mar. 14, 2012), is directly on point. In that case, Wyeth moved to strike a reply report filed by a previously undisclosed expert named Dr. Margaret Riley in response to a rebuttal report filed by Dr. Andrew Meyers. Wyeth first argued that Dr. Riley's name should have been disclosed prior to the filing of the reply report. The court rejected this argument, finding that "while it may have been somewhat unusual, I find that it was not improper for Dr. Riley's first expert report to have been served at the reply stage. The Scheduling Order did not specifically preclude such a filing, and the Court is not aware of

7

(nor have the parties identified) any other local rule or practice that would have prohibited it." *Id.* at *4. Similarly here, neither the Scheduling Order nor the Local Rules for this District specifically preclude the addition of a new expert at the reply report stage.

Wyeth also argued that Dr. Riley's report was "not akin to that of a true reply report, and that it therefore should have been served by no later than the deadline for opening expert reports." *Wyeth*, 2012 WL 13341004, at *2. The Court rejected Wyeth's argument on this point as well. "After reviewing the content of the expert reports submitted by the parties in connection with their motions, the Court concludes that the Riley Report was a proper reply to the Myers Report. The Riley Report is seven pages long and consists primarily of a two-pronged critique of a specific line of arguments from the Myers Report." *Id.* at *5. The same analysis applies here. Mr. Orszag filed an expert rebuttal report totaling <u>228</u> pages. In contrast, Dr. Mathiowetz's reply report totals 20 pages and focuses solely on Mr. Orszag's rebuttal report opinions relating to the Stratus surveys. *See* Exhibit 2.[8]

---

[8] Syngenta does not cite *Oracle America, Inc v. Google, Inc.*, 2011 WL 5572835 (N.D. Cal. Nov. 15, 2011), in support of its motion. But that decision does not contradict Plaintiffs' position. As explained by the *Wyeth Holdings* court, the *Oracle* court rejected the submission of a reply report by a new expert because it believed that the plaintiff had "sandbagg[ed] the defendant by intentionally sav[ing] its best points for reply." 2012 WL 13341004, at *4 (*quoting* 2011 WL 5572835, at *3). As the *Wyeth Holdings* court went on to observe, "here there is no similar indication that Sandoz's decision to serve the Riley Report was motivated by such gamesmanship." *Id.* The same reasoning applies to Plaintiffs' conduct here.

8

The authorities cited by Syngenta, to the extent they are at all relevant, are not to the contrary and, in fact, often support the position that Dr. Mathiowetz's report should be permitted. For example, in Syngenta's lead case, *Akeva L.L.C. v. Mizuno Corp.* 212 F.R.D. 306, 312 (M.D.N.C. 2002), the Court <u>allowed</u> an unanticipated reply expert report by a new expert where the plaintiff "did submit the report prior to the end of discovery and within the thirty-day time period for rebuttal discovery that would have applied had this case been operating without a discovery plan." For the same reasons, Dr. Mathiowetz's report should be allowed — all the more so because the discovery plan here expressly allows reply reports. In *Rowland v. American General Finance, Inc.,* 340 F.3d 187, 196 (4th Cir. 2003), the Fourth Circuit affirmed the district court's order <u>allowing</u> the defendant to offer its witnesses and exhibits, even though they were submitted after the discovery deadline and even though the defendant did not disclose one of the witnesses who testified. In *Kinetic Concepts, Inc. v. Convatec*, 2010 WL 1418312 (M.D.N.C. Apr. 2, 2010), the Court <u>granted</u>, in part, the motion to modify the scheduling order to allow post-deadline discovery. And in *Charleston Medical Therapeutics, Inc. v. AstraZeneca Pharmaceuticals LP*, 2015 WL 12805687, at *2 (D.S.C. Jul. 8, 2015), the district court denied the motion to strike, reasoning that a "reply is not automatically improper because it contains information that an expert could have included in his or her original report." (internal citation omitted).

In sum, Dr. Mathiowetz's reply report was timely filed and should not be struck.

## II. SYNGENTA HAS FAILED TO ESTABLISH PREJUDICE

Even if this Court were to find that Dr. Mathiowetz's report was late, any delay was harmless and so Dr. Mathiowetz's report should be allowed.

When evaluating motions to strike based on delay, this Court looks at Federal Rules of Civil Procedure 37(c)(1) and 16(f). *See Barnhill v. Accordius Health at Greensboro, LLC*, 2023 WL 7634449, at *14 (M.D.N.C. Nov. 14, 2023), *R. & R. adopted*, 2023 WL 8281570 (M.D.N.C. Nov. 30, 2023).

Both Rules consider prejudice from the alleged delay. Rule 37(c)(1) provides for sanctions "<u>unless</u> the failure was . . . <u>harmless</u>." Fed. R. Civ. P. 37(c)(1) (emphases added). And a majority of the Court's seven Rule 16(f) factors focus on prejudice: (1) "the prejudice to the opposing party by allowing the disclosures"; (2) "the availability of alternative or lesser sanctions"; (3) "the importance of the expert opinion"; and (4) "the interest in expeditious resolution of litigation." *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 311 (M.D.N.C. 2002).[9]

But Syngenta has identified no prejudice here. Dr. Mathiowetz's report is limited to replying to Mr. Orszag's survey analysis, which was not made known to Plaintiffs until October 3. This Court's scheduling order gives Plaintiffs the right to reply in expert discovery. That Syngenta does not like Dr. Mathiowetz's reply report is no reason to

---

[9] The other three *Akeva* factors either are not in play here or support allowing Dr. Mathiowetz's report: (1) "the explanation for the failure to obey the order"; (2) "a court's need to manage its docket"; and (3) "public policy favoring disposition of cases on the merits." 212 F.R.D. at 311.

Case 1:22-cv-00828-TDS-JEP    Document 413    Filed 02/17/26    Page 11 of 19

strike it. Indeed, Syngenta could have deposed Dr. Mathiowetz during the expert

discovery period.[10] In that deposition, Syngenta would have been able to explore and test

Dr. Mathiowetz's reply. That Syngenta made the strategic decision not to depose

Dr. Mathiowetz during the expert discovery period is not a basis for striking her reply

report. Dr. Mathiowetz's report does not prejudice Syngenta and should not be struck.

## III.   SYNGENTA FAILED TO MEET AND CONFER

Local Rule 37.1(a) is captioned "Conferences of Attorneys with Respect to

Motions and Objections Relating to Discovery." The Rule states that the "Court will not

consider motions and objections relating to discovery unless moving counsel files a

certificate that after personal consultation and diligent attempts to resolve differences the

parties are unable to reach an accord." Consistent with this Rule, judges in the Middle

District have repeatedly dismissed discovery motions when the certification and

consultation requirements have not been met. *See, e.g., Glaston Corp. v. Salem*

*Fabrication Techs. Grp., Inc.,* 2024 WL 3161621, at *4 (M.D.N.C. Jun. 25, 2024);

*Williams v. Williams,* 2021 WL 1341820, at *4 (M.D.N.C. Apr. 9, 2021); *Liberty Ins.*

*Underwriters, Inc. v. Beaufurn*, *LLC*, 2021 WL 185580, at *6–7 (M.D.N.C. Jan. 19,

---

[10] Syngenta requests that it be "allowed to serve a rebuttal report from Mr. Orszag to address Dr. Mathiowetz's" report and then "take the deposition of Dr. Mathiowetz before trial." Syngenta Brief at 10. Plaintiffs oppose these requests because they have no basis in law or fact. The Scheduling Order does not provide for sur-rebuttal reports and Syngenta had (and continues to have) the ability to depose Dr. Mathiowetz within the deadlines set by that Order.

2021), *R. & R. adopted*, 2021 WL 681101 (M.D.N.C. Feb. 22, 2021); *Nickles v. State Farm Mut. Auto. Ins. Co.*, 2019 WL 11658759, at *1 (M.D.N.C. Apr. 16, 2019).

Syngenta's counsel chose not to comply with this Rule. Counsel for Syngenta did not file a certificate indicating that they had consulted with Plaintiffs' counsel or otherwise attempted to resolve the pending dispute. Syngenta's counsel could not file such a certificate because they never attempted to consult with Plaintiff's counsel before filing the motion. Rather, ten days after Dr. Mathiowetz's report was served, Syngenta's counsel announced its intention to file the current Motion and then promptly filed it. *See* Exhibit 3.

This failure has real world consequences. For example, in its motion papers, Syngenta makes much of the fact that Plaintiffs offered only one date for Dr. Mathiowetz's deposition. If Syngenta's counsel had consulted with Plaintiffs' counsel, they would have learned that Dr. Mathiowetz had other back-up dates available for her deposition before the expert discovery deadline of December 5. Plaintiffs have since offered three additional dates for Dr. Mathiowetz's deposition, but Syngenta has chosen not to schedule it. *See* Exhibit 4.

In sum, Syngenta's counsel did not meet and confer with Plaintiffs' counsel as required by the local rules, so Syngenta's motion should not be considered.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny Syngenta's motion to strike Dr. Mathiowetz's reply report.

Dated:  November 20, 2025

Respectfully submitted,

  /s/ Allyson M. Maltas
ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

JOSEPH R. BAKER
WESLEY G. CARSON
ELIZABETH A. GILLEN
MICHAEL J. TURNER

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Aric J. Smith
ARIC J. SMITH
CONOR J. MAY
Assistant Attorneys General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 9th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Aric.Smith@coag.gov
        Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

ALEX KAPLAN
RYAN CAUGHEY
ADAM CARLIS
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Email: akaplan@susmangodfrey.com
        rcaughey@susmangodfrey.com
        acarlis@susmangodfrey.com

BETSY ARONSON
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
Email: baronson@susmangodfrey.com

*Attorney for Plaintiff State of Illinois*

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Jennifer Linsey
JENNIFER LINSEY
CHRISTI FOUST
JESSE MOORE
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (463) 261-7401
Email: Jennifer.linsey@atg.in.gov
        christi.foust@atg.in.gov
        jesse.moore@atg.in.gov
        scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
        jason.pleggenkuhle@ag.state.mn.us
        elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Justin McCully
JUSTIN MCCULLY
Office of the Attorney General of
Nebraska
1445 K St. Room 2115
Lincoln, NE 68508
Telephone: (402) 471-9305
Email: Justin.McCully@nebraska.gov

ALEX KAPLAN
RYAN CAUGHEY
ADAM CARLIS
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Email: akaplan@susmangodfrey.com
       rcaughey@susmangodfrey.com
       acarlis@susmangodfrey.com

BETSY ARONSON
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
Email: baronson@susmangodfrey.com

*Attorneys for Plaintiff State of Nebraska*

/s/ Rachel K. Sowray
RACHEL K. SOWRAY
Senior Assistant Attorney General
Antitrust, False Claims, & Privacy Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 689-0249
Email: Rachel.Sowray@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
Austin Kinghorn
Deputy Attorney General for Civil Litigation
WILLIAM SHIEBER
Senior Staff Attorney, Antitrust Division
PAIGE ETHERINGTON
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street, 7th Floor
Austin, TX 78701
Telephone: (512) 463-1710
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of
Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State*
*of Washington*

/s/ Caitlin M. Madden
CAITLIN M. MADDEN
LAURA E. MCFARLANE
Assistant Attorneys General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing brief complies with Local Rule

7.3(d) in that it contains fewer than 6,250 words as reported by word processing software.

This the 20th day of November 2025.

/s/ *William Shieber*

_____

William Shieber

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, the foregoing brief and attached

exhibits were filed by CMECF and, by agreement of the parties, will be served by email

on all counsel of record.


Dated:  November 20, 2025          /s/ Allyson M. Maltas

ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov