IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FEDERAL TRADE COMMISSION, et al.,

    Plaintiffs,

v.

SYNGENTA CROP PROTECTION AG, et al.,

    Defendants.

1:22CV828

## ORDER

This matter is before the Court on the Joint Motion of All Parties to Establish Sealing Procedures for Certain Motions and to Adopt Updated LR 5.5 Alternative Procedure. The Court finds good cause to adopt the Parties' proposal, and appreciates the effort and attention of the Parties in attempting to address these issues so that sealed filings are kept to a minimum, and so that a sufficient showing is made to support any requests for sealing, and so that both the underlying materials and the requests for sealing are presented to the Court in an organized and efficient way.

The Court will allow the Parties the requested 14 days after briefing is complete to file the briefing on the docket, as set out in Paragraph 3(c) of the Updated LR 5.5 Alternative Procedure. However, the Parties must meet and confer after the service of each brief to narrow sealing requests and remove confidentiality designations of the Parties where possible, so that the 14-day period can focus on confidentiality claims of third parties.

The Court will make one amendment to the Updated LR 5.5 Alternative Procedure [Doc. #410-2]: <u>if a motion is filed under seal under Paragraph 3(a) of the Updated LR 5.5 Alternative Procedure, a Motion to Seal must be filed contemporaneously therewith, and will follow the default procedure of LR5.5(c).</u> Therefore, the Parties should endeavor to file only public motions, with any sealed information included only in briefs and exhibits following the Updated LR 5.5 Alternative Procedure [Doc. #410-2] adopted here.

In addition, the Court requests that Judge's Copies under Paragraph 3(c)(v), which will be provided 3 days after the filing of the Joint Motion to Seal, include the ECF footer with the generated document and page numbering, if possible.

Finally, the Court adopts the following process as agreed and requested by the parties:

1. Defendant Corteva Inc. and Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC's Joint Motions to Exclude Experts [Doc. #374, #376] are unsealed.

2. The Parties' withdrawal of docket entries 375, 377, 379, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399 and their subparts is acknowledged and those docket entries will be removed.

3. The Parties shall promptly file certificates of service of docket entries 375, 377, 379, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399 and their subparts so as to memorialize the timely service of those filings.

4. The Parties' Updated LR 5.5 Alternative Sealing Procedures (attached as <u>Attachment B</u> to the Parties' Joint Motion) are approved.

5.  On or by February 20, 2026, Plaintiffs will serve by electronic means their responses in opposition to Defendants' respective motions for summary judgment and *Daubert* motions and any supporting documents on all parties entitled to service. Plaintiffs shall, instead of filing those documents under seal, file a certificate of service on February 20, 2026 reflecting the timely service of those documents. Plaintiffs' filing of the certificate of service on or by February 20, 2026, shall constitute timely compliance with deadlines set forth in the applicable scheduling order [Doc. #315 at 4].

6.  On or by March 20, 2026, Defendants will serve by electronic means their replies in support of their respective motions for summary judgment and joint *Daubert* motions and any supporting documents on all parties entitled to service. Defendants shall, instead of filing those documents under seal, file a certificate of service on March 20, 2026, reflecting the timely service of those documents. Defendants' filing of the certificate of service on or by March 20, 2026, shall constitute timely compliance with deadlines set forth in the applicable scheduling order [Doc. #315 at 4].

7.  To the extent a document served pursuant to paragraph (5) or (6) above contains the confidential information of a non-party, the Party serving that information shall promptly inform the non-party who produced the confidential information that such confidential information has been used and will be filed in the case consistent with the Court's orders. That notice shall follow the form outlined in Paragraph 4 of the Alternative Sealing Procedure adopted herein.

8.  No later than April 13, 2026, the Parties shall begin the process of filing or re-filing as appropriate their respective briefing and supporting documents related to the Pending

3

Motions (with the exception of the Motion to Strike [Doc. #358] filings as is controlled by the Court's February 6, 2026 oral order). The Parties shall ensure, and coordinate so, that these filings are completed in the proper chronologically consecutive order (e.g., opening brief/support for the motion, then response to the motion, then support for that response, then reply, etc.) and that a complete set of the public redacted version of the briefing is filed <u>and then</u> the complete set of the sealed version of the briefing is filed. The sealed set of materials shall have all confidential information that was redacted in the version filed on the public docket highlighted. In the event that certain materials cannot be redacted in a manner that allows them to be of use to the public, the Parties may file such material entirely under seal and (1) include a slipsheet in the public version and (2) place a notation on each page of the sealed version indicating that the document is filed entirely under seal.

9. Promptly after completion of the filing required by the above sub-paragraph, the Parties shall file a joint motion to seal all of the claimed confidential information filed under seal pursuant to the above sub-paragraph and the remaining sealed documents relating to the Syngenta Defendants' Motion to Strike [Doc. #358]. That motion to seal shall follow the form outlined in Paragraph 5 of the Alternative Sealing Procedure adopted herein. As soon as practicable after the filing of the joint motion to seal, the Parties shall notify each non-party whose Confidential Information is included in the motion of the date by which the non-party must file a response to the joint motion to seal, as set forth in Paragraph 11, below.

10. The Parties shall also then promptly submit to the Clerk of Court's Office, directed to the Court's chambers, printed working copies of their respective sealed filing and public redacted filings, pursuant to the Court's published Judicial Preferences.

4

Case 1:22-cv-00828-TDS-JEP    Document 415    Filed 02/18/26    Page 4 of 5

11. Within 7 days of the filing of the joint motion to seal, each Party and non-party claiming confidentiality as to the sealed filed materials or portion thereof and seeking to have those materials or portions thereof retained under seal shall file a response to the joint motion to seal that includes or is supported by the materials required by LR 5.4(c)(3). Those responses shall be filed publicly. However, should it be necessary to utilize the confidential information in the supporting materials, the responding party may also file a sealed supplement as allowed by LR 5.4(c)(3).

12. Any party opposing sealing of the aforementioned materials shall file such objection within 7 days of the filing of the response seeking to keep those materials under seal.

IT IS THEREFORE ORDERED that the Joint Motion to Establish Sealing Procedures [Doc. #410] is GRANTED, and the Court adopts the Updated LR 5.5 Alternative Procedure [Doc. #410-2], and adopts the process set out above.

IT IS FURTHER ORDERED that pursuant to the joint agreement of the Parties, Documents 375, 377, 379, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399 and their subparts are deemed withdrawn, and will be refiled at the conclusion of the briefing with a Motion to Seal under the procedures adopted here.

IT IS FURTHER ORDERED that the Joint Motions to Exclude Experts [Doc. #374, #376] are unsealed by agreement of the Parties.

This, the 18th day of February, 2026.

Joi Elizabeth Peake<br>
United States Magistrate Judge