# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF CALIFORNIA,<br>STATE OF COLORADO,<br>STATE OF ILLINOIS,<br>STATE OF INDIANA,<br>STATE OF IOWA,<br>STATE OF MINNESOTA,<br>STATE OF NEBRASKA,<br>STATE OF OREGON,<br>STATE OF TENNESSEE<br>STATE OF TEXAS,<br>STATE OF WASHINGTON,<br>    and<br>STATE OF WISCONSIN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:22-cv-00828-TDS-JEP |
|     Plaintiffs, | )<br>) |  |
|     v. | )<br>) |  |
| SYNGENTA CROP PROTECTION AG,<br>SYNGENTA CORPORATION,<br>SYNGENTA CROP PROTECTION,<br>LLC,<br>    and<br>CORTEVA, INC., | )<br>)<br>)<br>)<br>)<br>)<br>) |  |
|     Defendants. | )<br>) |  |

## SYNGENTA DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO SET A TRIAL DATE

## INTRODUCTION

Plaintiffs' Renewed Motion to Set a Trial Date (the "Renewed Motion") again asks the Court to set a trial in October 2026 and to impose an 80-hour total limit, this time with 40 hours allocated to Plaintiffs and 20 hours to each Defendant. This is virtually the same request that Plaintiffs made in December 2025. The motion should be denied.

Plaintiffs' proposal remains premature because the Court has not yet resolved the dispositive summary judgment motions or the *Daubert* motions, which will determine what claims, if any, should be tried, which expert testimony may be presented, how many witnesses are necessary, and how many hours will be needed for trial. And regardless of whether the Court determines it is appropriate to wait until after those motions are resolved to set a trial date, there is no reason to cut short the Court's time for considering the motions—as Plaintiffs' proposal for an October 2026 trial would have it do. Plaintiffs' proposal is also practically unworkable because it seeks to force an 80-hour trial into an already deadline-laden October 2026: there are not only the case-dispositive deadlines this Court carefully coordinated in the related MDL Action,[1] but also Syngenta's parallel obligations in the related Arkansas

---

[1] *In re Crop Protection Products Loyalty Program Antitrust Litigation*, No. 1:23-md-3062-TDS-JEP (M.D.N.C.) ("MDL Action").

Action.[2]  A 2026 trial date would prejudice Syngenta by requiring it to prepare for and try the above-captioned case while simultaneously meeting significant deadlines in two other related cases, a burden Plaintiffs do not share.

The Court's own sequencing underscores this point.  At the February 6, 2026 status conference, the Court directed that any renewed trial-date motion be filed only after the dispositive briefs, sealing motions, and exhibits were placed on the public docket.[3]  That sequencing is difficult to reconcile with Plaintiffs' insistence on an October 2026 trial.  Consideration of the trial-date question was deliberately deferred by approximately five months and tethered to completion of the dispositive-motion record.  Had an October 2026 trial been a practical objective, there would have been little reason to defer the trial-date motion itself to summer, leaving only a few months between the point at which the motion is ripe for decision and Plaintiffs' proposed trial date, and placing the trial preparation and trial period squarely within the most active phase of Syngenta's obligations in the related actions.

---

[2] *State of Arkansas v. Syngenta Crop Protection AG, et al.*, No. 4:22-cv-1287-BSM (E.D. Ark.) ("Arkansas Action").

[3] D.E. 409 (Hearing Tr.) at 87:18–21 ("I would say at least wait until the summary judgment briefing has been exchanged so you know what's there and what that's going to look like when it gets filed with the court.").

For these reasons, and those set out below, Syngenta respectfully requests that the Court defer setting any trial date or time limits until after it resolves the pending motions.

If, however, the Court is inclined to set a trial date now, Syngenta respectfully requests that the Court set a trial date no earlier than April 2027. A trial in April 2027 will allow the Court time to address the pending motions to determine the scope of trial, or if trial is even necessary, and will allow Syngenta adequate time to prepare for any trial without simultaneously prejudicing this case and the MDL and Arkansas cases. Syngenta also respectfully proposes that the Court schedule a status conference for December 2026, during which the parties could discuss with the Court potential alternative dates for trial if the summary judgment and *Daubert* motions are still pending.

### ARGUMENT

**I.** **It Is Premature to Set a Trial Date Before a Decision on Multiple Key, Dispositive Motions**

Plaintiffs' proposed trial schedule disregards the reality that the Court recently received several fully-briefed motions that each have the potential to narrow the triable issues dramatically, or to eliminate the need for trial altogether. On December 19, 2025, Syngenta filed a case-dispositive summary judgment motion (D.E. 380, 463) and *Daubert* challenges to Plaintiffs' liability

3

and damages experts (D.E. 374, 376). Syngenta respectfully submits that resolution of these motions is likely to eliminate the need for a trial or, at the very least, materially alter the scope of any trial that is necessary. It would therefore be most practical and efficient to issue a trial schedule after these motions are resolved. Doing so would obviate the expenditure of substantial time, resources, and expense preparing for trial based on speculation about which claims and expert testimony may or may not survive.

Syngenta recognizes that this District often sets trial dates prior to adjudication of summary judgment motions. Nevertheless, Syngenta respectfully submits that it would be inefficient to do so here given the unique circumstances and uncertainties present in this case.

This is a case particularly well-suited for disposition at summary judgment. In this Court's opinion on Defendants' motion to dismiss (D.E. 160), it recognized that Plaintiffs' pleadings offered Plaintiffs a very narrow path to proceed to trial that rests on the Court's determination of a single legal question at the summary judgment stage—namely, whether the price-cost test is properly applied to Plaintiffs' claims. *See* D.E. 160 at 55–56 ("Depending on the facts adduced a later stage, it remains to be seen whether the price-cost test … will ultimately be the proper test for Plaintiffs' claims."). Plaintiffs concede that their claims fail under the price-cost test, because they have no evidence that Syngenta priced its products below any appropriate measure of

4

cost.  Accordingly, Syngenta's summary judgment motion rests on a pure question of law which, if decided in Syngenta's favor, would dispose entirely of Plaintiffs' claims.[4]

And if Syngenta's summary judgment motion (D.E. 380, 463) succeeds in full, no trial is necessary.  But even a partial ruling on summary judgment would eliminate entire claims or clarify the governing legal standards, fundamentally reshaping what remains for trial.  For example, each of the state law claims would be dismissed were the Court to determine that because the Key AI rebate program is offered to Syngenta's distributors and retailers, not the growers who are the ultimate end users of Syngenta's products, Syngenta could not have possibly misled consumers about Key AI.  In addition, if the Court were to grant the *Daubert* challenges Syngenta has made against Plaintiffs' experts on independent grounds, Plaintiffs would have no admissible expert testimony with which to present their case.  Under any of these scenarios, the pretrial obligations imposed by Local Rule 40.1—including pretrial briefs, proposed findings of fact, witness and exhibit lists, and motions in limine—would need to be prepared against an entirely different backdrop

---

[4] Moreover, as set forth in Syngenta's summary judgment filing, even if the Court were ultimately to decide that the price-cost test is not the relevant legal standard, Syngenta would still be entitled to summary judgment under the Rule of Reason on independent grounds.

than the one that exists today, if they even need to be prepared at all.[5] Requiring the parties to undertake that extensive work before the Court has ruled on these motions risks a substantial waste of resources by both sides (and of nonparties who would be called to appear) and of the Court's own time reviewing filings that may prove unnecessary.[6]

In analogous postures, courts have exercised their discretion to defer trial scheduling until dispositive and *Daubert* motions were resolved. For example, in a recent antitrust action highlighted by Plaintiffs themselves, the court declined the FTC's request to set a trial date before ruling on summary judgment. *See* Ex. A, Joint Status Report at 2–3, *FTC v. Meta Platforms*, No. 1:20-cv-03590-JEB (D.D.C. Feb. 21, 2024), D.E. 322; Ex. B, Minute Order, *FTC*

---

[5] Given the size of the record that the Court will need to review on Syngenta's summary judgment and *Daubert* motions (while simultaneously addressing Corteva's motion for summary judgment on the same massive record), Plaintiffs' proposed October 2026 trial date makes it highly likely that the parties will complete a significant percentage of their pretrial obligations before receiving the scope-defining rulings.

[6] Plaintiffs should not be permitted to force Syngenta to continue expending resources defending claims that discovery has shown to be without merit. The Court allowed Plaintiffs' claims to proceed past the motion to dismiss so that Plaintiffs could seek to prove through discovery that Syngenta's Key AI program was predominated by coercive non-price features. D.E. 160 at 55–56. That extensive discovery, conducted at already great expense to Syngenta, showed the opposite: price is the predominant—if not exclusive—method of exclusion, and Syngenta is entitled to judgment as a matter of law. Plaintiffs' request for a trial date that will require extensive pretrial work before the Court can rule on Syngenta's well-supported summary judgment motion only compounds that burden.

*v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C. Nov. 13, 2024), D.E. 383 (setting conference to discuss trial scheduling after issuing a ruling on motions for summary judgment); *see also* Ex. C, *McCornack v. Actavis Totowa, LLC*, 2011 WL 3047735, at \*4 (S.D. W. Va. July 25, 2011) (waiting to set trial date until dispositive and *Daubert* motions decided); Ex. D. *Koch v. Koch Indus., Inc.*, 1997 WL 447822, at \*2 (D. Kan. May 2, 1997) ("The court, however, will defer setting the case down for trial until its order on the summary judgment motion has been filed."). Another case involving the FTC that Plaintiffs identified as comparable, Mot. 6, followed the same approach. *See* Exs. E and F, *FTC v. AbbVie Inc.*, No. 2:14-cv-5151-HB (E.D. Pa.), D.E. 300, 305 (setting trial date only after resolving summary judgment motions).

This Court should likewise exercise its discretion to defer the setting of a trial date until after Syngenta's motion for summary judgment and *Daubert* motions are adjudicated. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (it has been "long recognized that a district court possesses inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (citation modified)).

Plaintiffs' other proffered cases are inapposite and do not counsel in favor of granting their request; each case falls within one of four categories that is materially distinguishable from this action. ***First***, in three of the cases, trial dates were not in dispute—the parties each filed joint proposed case schedules

7

stipulating to the dates. *See e.g.*, D.E. 405-3, *Epic Games v. Google LLC*, No. 20-cv-5671-JD (N.D. Cal. Jan. 30, 2023); D.E. 405-7, *United States v. Google LLC*, No. 1:20-cv-3010-APM (D.D.C. Dec. 21, 2020); D.E. 405-5, *FTC v. Qualcomm*, No. 5:17-cv-00220-LHK (N.D. Cal. Dec. 13, 2017). **Second**, in one case, as Plaintiffs concede, there was no summary judgment briefing. *See* D.E. 405-4, *Epic Games, Inc. v. Apple, Inc.*, No. 20-cv-5640-YGR (N.D. Cal. Oct. 6, 2020); *see also* Mot. at 3 ("no summary judgment briefing [in *Epic Games v. Apple, Inc.*]"). **Third**, in another case, at the time of the trial scheduling order, which followed and cited a stipulation, the summary judgment briefing schedule had been adjourned without a date. D.E. 405-8, *FTC v. Vyera Pharm., LLC*, No. 1:20-cv-00706-DLC (S.D.N.Y. Apr. 1, 2021). **Fourth**, the remaining case comes from a self-professed outlier district that "is known as the 'rocket docket' because civil actions quickly move to trial or are otherwise resolved." *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 996 (E.D. Va. 2011); D.E. 405-6, *United States v. Google LLC*, No. 23-cv-108 (E.D. Va.).

Moreover, it is uncertain at this stage whether any trial would involve both Syngenta and co-Defendant Corteva, Inc., or if such trials will occur separately, including because Corteva's motion for a jury trial remains pending. Determination of this question will have a significant impact on the scope of trial, in particular as to the appropriate trial date (or dates, if there are separate trials) and how much trial time is needed. And while Plaintiffs

8

complain Syngenta has not filed its Rule 42(b) motion for a separate trial from Corteva, they ignore that this Court has stated it likely will not decide Corteva's jury demand until after ruling on summary judgment, and the jury demand decision will necessarily inform Syngenta's Rule 42(b) motion.[7] *See* D.E. 404-1 at 20–25, 39.

In sum, it is premature to set a trial date for Plaintiffs' claims against Syngenta in this action, and no trial date should be set until after the Court has adjudicated Syngenta's pending dispositive and *Daubert* motions.

## II. Plaintiffs' Proposed October 2026 Trial Date Remains Impractical and Prejudicial to Syngenta

Plaintiffs' proposed trial schedule is akin to a large square peg being forced into a small star-shaped hole, with no meaningful consideration of the fact that the proposed October 2026 trial will require Syngenta to prepare for trial (a) while simultaneously adhering to the case-dispositive deadlines this Court carefully coordinated in the MDL Action and Syngenta's parallel obligations in the Arkansas Action and (b) without knowing the scope of trial and therefore being unable to engage in discussions as about necessary trial length with any modicum of certainty.

---

[7] Syngenta is entitled to a trial separate from Corteva, and if necessary, intends to move for such under Rule 42(b) of the Federal Rules of Civil Procedure.

### a. Plaintiffs' Proposed October 2026 Trial Date Conflicts with Key Deadlines in the Related Actions

Plaintiffs' proposed October 19, 2026 trial date would prejudice Syngenta by disregarding critical deadlines in the related MDL and Arkansas Actions, which were carefully coordinated to avoid the very type of conflict Plaintiffs' proposal creates.

Plaintiffs seek to have Syngenta commence an 80-hour trial in this Court in the same weeks it must close expert discovery and file case-dispositive motions in two other actions on the same record. In the MDL Action before this Court, expert discovery does not close until October 1, 2026, and Syngenta's summary judgment and *Daubert* motions are due October 15, 2026, just days before Plaintiffs would have trial begin, with briefing on those motions running through December 2026. *See* D.E. 404-2. In the Arkansas Action, Syngenta's summary judgment motions are due as early as October 30, 2026. D.E. 404-3.

A trial in this action in October 2026 would add significant burdens on Syngenta and its counsel that would prejudice Syngenta's ability to effectively and fairly defend itself. Plaintiffs' proposed timing would require Syngenta to attend to pretrial issues (including applicable motion practice, trial designations, and other pretrial preparations) and advocate in trial proceedings in this action while *simultaneously* completing expert reports,

10

taking and defending expert depositions in the MDL Action, and drafting and responding to motions for summary judgment and *Daubert* motions in the MDL Action and Arkansas Action. While Syngenta understands that each case needs to progress individually, there nevertheless are practical constraints on the ability of counsel, potential witnesses, and Syngenta's experts to prepare for and attend trial while at the same time conducting extensive discovery and summary judgment briefing in the related actions. This scheduling conflict is unnecessary, and any trial date set in 2026 would substantially prejudice Syngenta.[8]

In contrast, Plaintiffs would not be burdened if this Court set any later trial date, and they have provided no reason why a later date would prejudice them. Syngenta shares Plaintiffs' interest in a prompt resolution, but that interest cannot be achieved at the expense of Syngenta's right to effectively defend itself against Plaintiffs' meritless claims. *See Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.*, 423 F.2d 842, 844 (5th Cir. 1970) ("[T]he interests in favor of a fair trial heavily outweigh[] the interests in favor of an immediate trial.").

---

[8] Further, Syngenta's lead trial counsel is currently scheduled for a September 2026 jury trial in the Northern District of Illinois. That trial is scheduled to begin September 14, 2026 and may continue through October 2026. Minute Entry, *Grubhub Holdings Inc. v. Visa Inc.*, No. 1:19-cv-07273 (N.D. Ill. Jan. 13, 2026), D.E. 141.

### b. The Uncertainty in Trial Scope Limits the Ability to Accurately Estimate Trial Length at This Time

Plaintiffs propose a total trial time of 80 hours, with 40 hours for Plaintiffs and 20 hours to each Defendant, but that allocation has been set without regard for whether there will be a single or separate trials for Syngenta and Corteva, and how much time will be required for Syngenta to present its case given the breadth of issues.

The proposal rests on several assumptions that, if incorrect, will materially affect the timing and length of trial. The proposal assumes a single joint trial of both Defendants, when neither the number of trials nor the type of trial is settled. The Court has already indicated the need to wait until the summary judgment motions are resolved to decide Corteva's jury demand, and that determination will largely inform Syngenta's motion for a separate trial (discussed *supra*). The proposed allocation of time also assumes that 20 hours to present a defense at the trial(s) is sufficient, no matter how the Court rules on the pending motions.[9] In a case where Plaintiffs have alleged 16 counts against Syngenta, if Syngenta must defend against all of Plaintiffs' claims,

---

[9] Plaintiff's proposed allocation further assumes that Plaintiffs will apportion their 40 hours evenly among Defendants. If, however, Plaintiffs were to allocate their trial time disproportionately among Defendants, one of the Defendants would be prejudiced at trial. For instance, if Plaintiffs allocated 30 hours towards Syngenta and only 10 hours towards Corteva, Plaintiffs' allocation would allow Syngenta only 20 hours to respond to a 30-hour trial presentation by Plaintiffs.

12

Syngenta will be required to present testimony from numerous witnesses and highlight multiple aspects of an extensive record generated through years of discovery; under those circumstances, 20 hours to present a defense at trial is patently insufficient.[10] Setting a fixed number of hours and allocated time now would rest on assumptions and speculation rather than the needs of the case.

## III. In the Alternative, Syngenta Requests a Trial Date No Earlier than April 2027.

If the Court desires to set a trial date prior to the resolution of the pending summary judgment and *Daubert* motions, Syngenta respectfully submits that a trial in April 2027[11] would minimize conflicts with related case schedules and most effectively allow the parties to prepare for trial in this complex matter with the benefit of a ruling on Syngenta's motion for summary judgment and *Daubert* motions. Further, Syngenta proposes that the Court schedule a status conference in December 2026 so that, in the event the Court

---

[10] As noted, the pending motions should, at a minimum, narrow the scope of the trial. It may be that 20 hours is ultimately sufficient for Syngenta, but that cannot be known until after rulings on the pending motions, highlighting the prematurity of setting a trial date and length now.

[11] *See supra* n.5. While Syngenta would also be amenable to a trial later in 2027, the undersigned notes that trial counsel is currently scheduled for a four-week jury trial in the Northern District of California in September and October 2027. Minute Entry, *In Re: Da Vinci Surgical Robot Antitrust Litigation*, No. 4:21-cv-03825-AMO (N.D. Cal. May 14, 2026), D.E. 366. ("Parties to meet and confer regarding dates for a four-week jury trial in September or October 2027").

13

has not yet issued its ruling on summary judgment or the *Daubert* motions by that time, the parties could confer and jointly submit alternate trial dates for the Court to consider.

Syngenta also submits that while it is not possible at this time to generate an accurate estimate of the number of trial hours that may be needed (because of various open questions that impact the scope of issues to be presented at trial), it currently estimates that it will need at least 35 hours to present its case at trial if all of Plaintiffs' claims against Syngenta are allowed to proceed. And should Syngenta proceed to trial separately from Corteva, Syngenta will require the same amount of time that is afforded to Plaintiffs to present their case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Renewed Motion should be denied.

Date: June 12, 2026

*s/Patrick M. Kane*
Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone:  (336) 378-5200
Facsimile:  (336) 378-5400

Jesse Solomon*
jsolomon@paulweiss.com
William B. Michael*
wmichael@paulweiss.com
Paul Brachman*
pbrachman@paulweiss.com
Benjamin M. Miller*
bmiller@paulweiss.com
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone:  (202) 223-7300

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

15

<u>**CERTIFICATE OF WORD COUNT**</u>

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it does not exceed 6,250 words, excluding the exempted portions, as reported by word processing software.

s/Patrick M. Kane
Patrick M. Kane
