| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF THEIR RENEWED MOTION TO SET A TRIAL DATE** |

Plaintiffs have requested that the Court set a trial date to avoid unnecessary delay and provide an efficient path to trial. This is in keeping with Magistrate Judge Peake's suggestions, local practice, and the Court's expressed intention to progress this litigation. Defendants claim that unresolved summary judgment motions and unraised procedural questions regarding the trial structure justify deviating from the Court's ordinary practice of setting a trial date at this stage. They further claim that an October 2026 trial date (ten months after the close of discovery and a full four years after the initial complaint was filed) will somehow prejudice them. Neither of these are reasons to delay.

Setting a trial date will help move the litigation along, waiting will not. Every problem identified by Defendants can be addressed by the Court if and when it arises. For these reasons, and for the further reasons that follow, Plaintiffs respectfully request that the Court grant the motion.

## ARGUMENT

### I.  IT IS NOT PREMATURE TO SET A TRIAL DATE

Defendants assert that it is premature to set a trial date at this time. This is incorrect as a matter of policy and local practice, and setting a trial date will advance the public's interests in judicial economy and in addressing ongoing harm to consumers. As Defendants concede, setting a trial date prior to deciding summary judgment is consistent with this Court's regular practice.[1] *See* Doc. 354 (Hearing Tr.) at 25–26 ("[B]y practice in

---

[1] Corteva takes issue with Plaintiffs' citation to *Williams v Hall*, arguing that it is not representative of the Court's normal practice in setting a trial date. Corteva Opp. at 3 (Doc. 527). But Plaintiffs do not rely on it for that purpose. Plaintiffs cite *Williams* to show that their requested trial date—set six months out from when Rule 56 motions were

this district cases are often set for trial even if you don't know what the results of summary judgment are going to be, and the obligation is to go ahead and prepare for trial . . . ."); *see also* Syngenta Opp. at 4 (Doc. 528) (acknowledging the district practice); Corteva Opp. at 3 (Doc. 527) (noting that this Court suggested a trial date could be set once Judge Schroeder "looked at all of the summary judgment briefing" once public and sealed versions of the briefing were "filed in April") (citing Corteva Opp. Ex. 1 (Status Conf. Tr. at 80:10–15)). Following the ordinary practice is especially appropriate in a government antitrust enforcement action, where the public interest in prompt relief from ongoing anticompetitive conduct is particularly strong. *See* Mem. at 2 (Doc. 524). By contrast, there are no reasons specific to this case that favor waiting any longer to set a trial date, and Defendants' arguments to the contrary are not persuasive.

Defendants claim that it would be "wasteful" or "inefficient" to set a trial date prior to deciding Rule 56 and Rule 702 motions. Corteva Opp. at 3 (Doc. 527); Syngenta Opp. at 4 (Doc. 528). Plaintiffs, of course, strongly dispute that Defendants' motions are likely to be successful. To the contrary, there is no legal or factual basis to dismiss Plaintiffs' case or exclude Plaintiffs' experts at this stage, and Plaintiffs look forward to presenting their claims at trial. But putting that to one side, Defendants' reasoning that the scope of trial must be set before a trial date can be calendared is fundamentally flawed. Establishing a trial date for the parties and the Court to work toward would encourage the

---

fully briefed—is in line with the Court's normal practice (as laid out in *Williams*) to set trial for "4 to 6 months after Rule 56 motions are fully briefed." Mem. at 4 (Doc. 525). In any event, the court in *Williams* set a trial date for that case at the outset of discovery.

2

parties to steward the time before trial efficiently and would provide greater incentives to narrow the issues for trial. In the same way that having a trial date can provide incentive for parties to discuss settlement, it also enables the parties to coordinate and narrow the scope of pretrial issues on an appropriate timetable. And in the unlikely event that the Court makes new procedural rulings or grants summary judgment on some or even all issues raised by Defendants, the trial plan can be modified.

The cases cited by Defendants in support of delaying a trial date determination are unlike the present situation. For example, the plaintiffs in *In re Copaxone Antitrust Litigation* moved for a trial date before the district court had even ruled on the defendants' motion to dismiss and proposed a date four months after the scheduled close of Rule 56 briefing, as opposed to the six-month interval in Plaintiffs' proposal. *See* No. 2:21-cv-13087, 2024 WL 5203037, at \*1 (D.N.J. Nov. 25, 2024). Defendants' other cited cases involve similarly early requests for a trial date, in contrast to the present case where the parties have completed discovery and summary judgment briefing. *See McCornack v. Actavis Totowa, LLC*, No. 2:09-cv-00671, 2011 WL 3047735, at \*4 (S.D.W. Va. July 25, 2011) (denying plaintiffs' trial date motion filed prior to the close of discovery where plaintiffs were also moving for an extension of the discovery period); *Shurtape Techs., LLC v. 3M Co.*, No. 5:11-cv-17, 2013 WL 789984, at \*2 n.4, \*3 (W.D.N.C. Mar. 4, 2013) (setting a 3-month window for trial before the close of expert discovery and denying

defendant's request for a stay pending resolution of related patent disputes to prevent delay prejudicial to plaintiff).[2]

Defendants also cite examples of district courts following their own distinct scheduling practices as reason for this Court to deviate from its norms. Corteva Opp. at 4–5 (Doc. 527); Syngenta Opp. at 6–7 (Doc. 528). These cited authorities are not persuasive. They are examples of courts adhering to—not deviating from—established scheduling practices. *See, e.g.*, Ex. 2, Joint Status Report at 2, *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C. Feb. 21, 2024), Doc. 322 (refraining from requesting trial date due to D.C. district court's regular practice of awaiting resolution of summary judgment); Ex. 3, Joint Status Report at 6–8, *FTC v. AbbVie Inc.*, No. 1:14-cv-5151-HB (E.D. Pa. Mar. 18, 2015), Doc. 68-3 (neither party requesting a trial date prior to the resolution of summary judgment motions).

Defendants invoke Corteva's still-pending, untimely, jury-trial demand and Defendants' threatened (but not filed) motions for separate trials. These also do not justify delay. Setting a trial for a date certain establishes that a trial will begin on that date; whether it is a trial against two Defendants or one Defendant, and whether before a

---

[2] Corteva also cites a case in which the district court had already ruled on summary judgment but delayed setting a trial date to permit a joint trial with two other consolidated cases (brought by the same plaintiff) "once dispositive motions in those cases [were] resolved." *Evans v. Deacon*, No. 3:11-cv-00272, 2021 WL 1204132, at *3 (D. Or. Mar. 30, 2021); Corteva Opp. at 5 (Doc. 527). Unlike in *Evans*, this action is not consolidated with the ongoing MDL and Arkansas actions. For its part, Syngenta relies on a case where the plaintiffs requested a trial date while also asking to open new discovery. Syngenta Opp. at 7 (Doc. 528) (citing *Koch v. Koch Indus., Inc.*, 1997 WL 447822, at *1 (D. Kan. May 2, 1997). Plaintiffs make no such request here.

4

jury or a judge can all be determined down the road when those issues are ripe. And as noted, the Court can always modify the trial plan in light of the resolution of these matters. What it should not do is forgo a trial plan altogether because of the possibility that it may need to be changed.

It is particularly inappropriate to defer setting a trial date based on a still-to-be-filed motion for separate trials. Defendants have been threatening to move for separate trials since at least April 2024 and have still not filed their motion. Defendants' 26(f) Report at 14 (Doc. 181). If Defendants are serious about seeking this relief, they should file their motion and allow the Court to rule rather than wield this threat to hinder the advancement of this litigation.

To be clear, Plaintiffs intend to oppose any motion for separate trials. As Corteva concedes, the coordination of discovery with both defendants in this case has served "to promote judicial efficiency, to conserve resources, and to alleviate the burden imposed on third parties." *See* Corteva Opp. at 6 (Doc. 527). A single trial would do the same. Plaintiffs' claims against Syngenta and Corteva involve common issues of law, common facts, and common documentary and testimonial evidence. Separate trials would needlessly delay resolution, multiply demands on the court's resources, risk inconsistent outcomes, and inconvenience numerous third-party witnesses, to say nothing of the potential prejudice to Plaintiffs.[3] Moreover, the conduct challenged by the Complaint

---

[3] Both Rule 20 and Rule 42 require some showing of delay, expense, or prejudice to justify bifurcating a matter. *See* Fed. R. Civ. P. 20, 42. And "Supreme Court precedent and pertinent cases within the Fourth Circuit establish that courts should favor joinder of

5

includes agreements between Corteva and Syngenta for which executives from both will be called to testify. *See* Am. Compl. ¶¶ 204, 208, 211 (Doc. 81).

Finally, the complexity of this case does not require a delay in setting a trial date. *See* Syngenta Opp. at 6 (Doc. 404). On the contrary, having an established trial date during the pendency of summary judgment motions would place this case squarely within the norm for major antitrust actions. *See* Mem. at 3 (Doc. 525) (listing timelines for exemplar cases).

## II. AN OCTOBER 2026 TRIAL IS APPROPRIATE AND NOT UNDULY PREJUDICIAL

Contrary to their claims, an October 2026 trial is not prejudicial to Defendants. Syngenta asserts that an October 2026 trial date would cause it undue prejudice because of deadlines in other litigations—the MDL action before this Court and the Arkansas action in the District of Arkansas. *See* Syngenta Opp. at 9–11 (Doc. 528). But Syngenta does not identify any concrete reasons why it would be unable to mount a full and fair defense in an October 2026 trial. Fact discovery in this matter has been closed since July 2025, expert discovery since November 2025, and dispositive motions fully briefed since March 2026. *See* Doc. 315 (Stipulated Order) at 4; Doc. 335 (Order) at 7. The mere fact that one or more of the parties have concurrent obligations in other litigations is not determinative. Syngenta cites no authority to the contrary. Nor could they. We assume that both Defendants have many other pending litigations, as do Plaintiffs.

---

parties within a single case." *White v. City of Greensboro*, No. 1:18-cv-00969, 2022 WL 3139952, at *5 (M.D.N.C. Aug. 5, 2022) (citations omitted).

Further, it is not appropriate to indefinitely delay resolution of this action based on scheduling conflicts with the Arkansas Action because the court in that case may extend its deadlines and perpetuate the supposed scheduling conflicts—it has already significantly extended discovery by allowing amendment of the complaint to add active ingredients. *See* Ex. 4, Text Order, *State of Arkansas v. Syngenta Crop Protection AG, et al.*, No. 4:22-cv-01287-BSM (E.D. Ark. Jul. 2, 2025), Doc. 163 (granting leave to file amended complaint); Ex. 5, Order, *State of Arkansas v. Syngenta Crop Protection AG, et al.*, No. 4:22-cv-01287-BSM (E.D. Ark. Oct. 15, 2025), Doc.244 (extending close of expert discovery to June 30, 2026, and close of summary judgment briefing to the later of Oct. 30, 2026, or 45 days after summary judgment ruling in this action). Syngenta's similar suggestion that this action should be slowed to accommodate proceedings in the MDL action gets the prioritization exactly backwards. Advancing this action will not only hasten "relief to the public for conduct adjudged illegal," it could promote judicial efficiency by hastening resolution of the MDL action. *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) (government actions should be prioritized in part because their resolution has the effect of "fostering settlement" in related private actions).

Defendants make much ado about antitrust cases in other districts where normal practice calls for setting trial dates after resolving Rule 56 motions. *See* Corteva Opp. at 4–5 (Doc. 527); Syngenta Opp. at 6–7 (Doc. 528). But even among Defendants' cited authorities, cases that went to trial did so approximately six months after Rule 56 motions were fully briefed, consistent with Plaintiffs' request. *See* Ex. 6, Minute Entry, *FTC v*

7

*Meta Platforms, Inc.,* No. 1:20-cv-3590 (D.D.C. Nov. 25, 2024) (initial trial date set for April 2025 after summary judgment public filings completed September 2024); Ex. 7, Order, *FTC v AbbVie Inc.*, No. 14-cv-5151 (E.D. Pa. Oct. 2, 2017), Doc. 305 (initial trial date set for January 2018 after summary judgment filings completed in July 2017).

And even if an October date is too soon, this does not justify waiting until after Rule 56 and 702 motions are decided before setting a trial date or discussing pre-trial procedures. At a minimum, the Court should identify a different date consistent with fairness and expediency. This has been Plaintiffs' goal all along. Although Plaintiffs believe there is no call to delay this matter into 2027, much less to April 2027 (19 months after the close of fact discovery) as Syngenta suggests, setting any appropriate trial date at a time certain is better than setting no date at all. It would allow the parties to coordinate on pretrial procedures and enable this long-running matter to proceed more efficiently. A calendared trial date also would mitigate the burden on non-party witnesses by providing greater clarity as to when they may be expected to be called to testify.

## III. AN 80-HOUR TRIAL IS APPROPRIATE

A trial with a limit of 80 hours (16 five-hour days)—with 40 hours allocated to all Plaintiffs and 20 hours allocated to each Defendant—is reasonable given the complexity of this case and the likely number of party, non-party, and expert witnesses. *See* Mem. at 6 (Doc. 525). Plaintiffs have shown that a trial of 80 hours is well within the range of time allotted by courts in similar cases. *See* Mem. at 6 (Doc. 525).

Defendants do not dispute that this two-defendant trial will involve the presentation of testimony and documents from substantially overlapping non-party

8

distributor and generic manufacturer witnesses Yet, they insist that *each* defendant will need substantially close to 40 hours (the same time as all Plaintiffs) without justifying why doubling the allocated time is necessary.[4] To the contrary, in cases involving overlapping facts relating to multiple plaintiffs and defendants, generally courts split trial time evenly between each side, not between each and every individual party. *See e.g.* Ex. 8, Joint Pretrial Statement at 14, *In re Capacitors Antitrust Litigation*, No. 3:14-cv-03264-JD (N.D. Cal. Jan. 21, 2020), Doc. 2525 (time was split evenly between sides during five-week antitrust trial involving multiple direct purchasers and multiple defendant capacitor manufacturers); Ex. 9, Revised Joint Stipulation and Proposed Order Regarding Trial Logistics at 8, *In re HIV Antitrust Litigation* No. 3:19-cv-02573-EMC (N.D. Cal. May 24, 2023), Doc. 1900 (allocating 38 hours to plaintiffs and 32 hours to defendants in 70 hour trial in consolidated class action antitrust case). Splitting time between Plaintiffs and Defendants in this way is fair and equitable given that Plaintiffs are comprised of the FTC and *twelve* individual State plaintiffs alleging violations of different federal and state laws.

## **CONCLUSION**

Plaintiffs' motion to set a trial date should be granted.

---

[4] Syngenta ultimately acknowledges "[i]t may be that 20 hours is ultimately sufficient for Syngenta[.]" Doc. 528 at 13 n.10.

Dated: June 26, 2026                Respectfully submitted,


  /s/ Elizabeth A. Gillen
ELIZABETH A. GILLEN
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3364
Email: egillen@ftc.gov


KARNA ADAM
JOSEPH R. BAKER
ROBERT Y. CHEN
MICHAEL J. TURNER


*Attorneys for Plaintiff Federal Trade Commission*


*/s/ Nicole S. Gordon*                    */s/ Conor J. May*
NICOLE S. GORDON                    ARIC J. SMITH
Deputy Attorney General            CONOR J. MAY
Office of the California Attorney General    Assistant Attorneys General
455 Golden Gate Avenue, Suite 11000    Colorado Department of Law
San Francisco, CA 94610            Office of the Attorney General
Telephone: (415) 510-4400          Ralph L. Carr Judicial Center
Email: nicole.gordon@doj.ca.gov    1300 Broadway, 9th Floor
                                   Denver, CO 80203
*Attorney for Plaintiff State of California*    Telephone: (720) 508-6000
                                   Email: Aric.Smith@coag.gov
                                   Conor.May@coag.gov

                                   *Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

ALEX KAPLAN
RYAN CAUGHEY
ADAM CARLIS
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Email: akaplan@susmangodfrey.com
rcaughey@susmangodfrey.com
acarlis@susmangodfrey.com

BETSY ARONSON
REBEKAH G.S. GREENE
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
Email: baronson@susmangodfrey.com
rgreene@susmangodfrey.com

*Attorneys for Plaintiff State of Illinois*

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Jennifer Linsey
JENNIFER LINSEY
CHRISTI FOUST
JESSE MOORE
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer
Protection
Office of the Indiana Attorney General
Indiana Government Center South 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (463) 261-7401
Email: jennifer.linsey@atg.in.gov
christi.foust@atg.in.gov
jesse.moore@atg.in.gov
scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

/s/ Katherine Moerke
KATHERINE MOERKE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

*/s/ Justin McCully*
JUSTIN MCCULLY
Assistant Attorney General
Office of the Attorney General of
Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: Justin.McCully@nebraska.gov

ALEX KAPLAN
RYAN CAUGHEY
ADAM CARLIS
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Email: akaplan@susmangodfrey.com
rcaughey@susmangodfrey.com
acarlis@susmangodfrey.com

BETSY ARONSON
REBEKAH G.S. GREENE
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, New York 10001
Telephone: (212) 336-8330
Email: baronson@susmangodfrey.com
rgreene@susmangodfrey.com

*Attorneys for Plaintiff State of Nebraska*

*/s/ Rachel K. Sowray*
RACHEL K. SOWRAY
Senior Assistant Attorney General
Economic Justice Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 689-0249
Email: Rachel.Sowray@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*

*/s/ William Shieber*
Austin Kinghorn
Deputy Attorney General for Civil
Litigation
WILLIAM SHIEBER
Senior Staff Attorney, Antitrust Division
PAIGE ETHERINGTON
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street, 7th Floor
Austin, TX 78701
Telephone: (512) 463-1710
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

*/s/ Hamilton Millwee*
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of
Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

*/s/ Luminita Nodit*
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

*/s/ Caitlin M. Madden*
CAITLIN M. MADDEN
LAURA E. MCFARLANE
Assistant Attorneys General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

# CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with Local Rule 7.3(d) in that it contains fewer than 3,125 words, excluding the exempted portions, as reported by word processing software.

Dated: June 26, 2026

/s/ *Elizabeth A. Gillen*

ELIZABETH A. GILLEN
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3364
Email: egillen@ftc.gov